# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Debra Bouricius ("Ms. Bouricius" or "Plaintiff") by and through her attorneys, Paula Greisen and Hunter A. Swain of KING & GREISEN, LLP, submits this Complaint and Jury Demand against Defendant Mesa County, Colorado ("Mesa County" or "Defendant"), as follows:

### I. INTRODUCTION

1. In October 2016, after twenty-six years of dedicated service and excellent work performance, Debra Bouricius was abruptly fired from her job as Senior Business Systems Analyst at Mesa County's Information Technology Department ("IT Department").

2. At the time of Ms. Bouricius's termination, she was fifty-seven years old and was the longest-serving employee in the IT Department.

3. Mesa County fired Ms. Bouricius because of her age as part of an IT Department layoff that exclusively targeted employees over the age of forty. Though workers under the age

of forty comprised approximately 30% of the IT Department, not a single employee chosen to be fired was younger than forty.

4. Furthermore, Mesa County chose to terminate the oldest person with each job title affected by the IT Department layoff. As a result of Mesa County's choice to target older workers for termination, the percentage of employees over age 40 in the IT Department decreased by approximately 10%.

5. Though Mesa County's written policies required it to base layoff termination decisions upon the job performance and special skills of individual employees, Mesa County failed to consider any objective performance criteria in selecting employees to be laid off from the IT Department. Mesa County has not articulated any objective performance criteria that it used to select employees to be fired.

6. In fact, Ms. Bouricius was a high-performing employee throughout her employment. During her twenty-six years serving Mesa County, she consistently received strong performance evaluations, including the most recent evaluations before she was fired. Rather than reward Ms. Bouricius's loyalty and hard work, Mesa County instead fired her because of her age.

7. Ms. Bouricius brings claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA").

## II.  JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States.

9. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to 29 U.S.C. § 626(c)(1).

10.     Venue lies in this judicial district under 28 U.S.C. § 1391(b) as all of the unlawful employment practices alleged herein occurred in the State of Colorado.

11.     All procedural prerequisites for filing this suit have been met. Plaintiff timely filed a Charge of Discrimination alleging age discrimination against Mesa County with the CCRD. Pursuant to the work-sharing agreement between the CCRD and the United States Equal Employment Opportunity Commission ("EEOC"), the charge of discrimination was deemed dual-filed with the EEOC.

12.     The CCRD issued a "Probable Cause" determination on December 18, 2017, finding that "there is sufficient evidence to support [Plaintiff's] claim of a discriminatory reduction in workforce because of age."

13.     More than sixty (60) days have elapsed since Ms. Bouricius filed her charge of discrimination with the EEOC. Thus, under 29 U.S.C. § 626(d), she has satisfied all procedural prerequisites for filing suit under the Age Discrimination in Employment Act.

### III.  PARTIES

14.     Debra Bouricius is a natural person who is and has been a Colorado resident at all relevant times, including during the time of the events described in this Complaint.

15.     Between April 1990 and her termination on October 7, 2016, Ms. Bouricius was an "employee" of Mesa County as defined by the ADEA.

16.     Mesa County is a county located in the State of Colorado and is a political subdivision of the State of Colorado.

17.     At all relevant times, Mesa County has been an "employer" as defined by the ADEA.

18. At all relevant times, Mesa County acted through County Commissioners John Justman, Scott McInnis, and Rose Pugliese in their official capacities; and its County Administrator Frank Whidden in his official capacity.

19. At all relevant times, Mesa County has employed more than twenty (20) employees.

## IV.  FACTUAL ALLEGATIONS

20. Debra Bouricius began working for Mesa County's Information Technology Department ("IT Department") as an Applications Analyst in April 1990. Ms. Bouricius remained employed in Mesa County's IT Department until her termination on October 7, 2016.

21. Over her almost twenty-seven years of employment at Mesa County, Ms. Bouricius earned successive raises and was promoted multiple times. At the time of her termination, Ms. Bouricius held the job title of Senior Business Systems Analyst ("Sr. BSA").

22. Ms. Bouricius was a consistently high-performing employee whose job performance was always satisfactory throughout her employment at Mesa County.

23. In 2014, Ms. Bouricius received a performance evaluation which rated her performance overall between "Exceeds" and "Far Exceeds." On that 2014 evaluation, Mesa County rated Ms. Bouricius .95 out of 1.0 for Customer Service, 1.0 out of 1.0 for Inner Department Relations, 1.0 out of 1.0 for Professionalism and Availability, and 1.75 out of 2.0 for Technical Knowledge.

24. The next year, in 2015, Ms. Bouricius again received a positive performance review, which stated: "Throughout the year Deb has lead (sic) and been involved in a wide variety of projects. . . . She has supported countywide and core department specific applications

for many years and has an extensive knowledge of their business processes and needs. Deb strives to meet customer expectations in a very challenging environment at times."

25. Ms. Bouricius did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began.

26. In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year. In response to the expected budget shortfall, the Mesa County Board of County Commissioners decided to lay off employees.

27. The individual who selected IT Department employees to be laid off was Mesa County Administrator Frank Whidden, who also served as Mesa County's IT Department Director and Human Resources Director.

28. Because Whidden served as both IT Department Director and County Administrator, Mesa County's written human resources policies provided that Whidden would recommend individuals to the Board of County Commissioners.

29. Upon information and belief, the Mesa County Board of Commissioners accepted all of Whidden's recommendations for IT Department employees who would be laid off in or about October 2016.

30. Out of the IT Department's twenty-four employees, Whidden selected the following six employees to be laid off in or about October 2016:

   a. Plaintiff Debra Bouricius (then 57 years old);

   b. Janine Corsi (then 59 years old);

   c. Rick Corsi (then 59 years old);

   d. David Barnett (then 47 years old);

5

    e. Carey Stieb (then 49 years old); and

    f. Crislynn Howerton (then 59 years old).

  31. Janine Corsi and Rick Corsi each filed charges of age discrimination with the Colorado Civil Rights Division alleging that Mesa County had unlawfully selected them for termination because of age.

  32. The Colorado Civil Rights Division issued determinations of "probable cause" with respect to the charges of discrimination filed by Janine Corsi and Rick Corsi, concluding that Mesa County had violated the Colorado Anti-Discrimination Act by selecting Janine Corsi and Rick Corsi for termination because of ages.

  33. Upon information and belief, Mesa County entered into settlement agreements with Janine Corsi and Rick Corsi as a result of the CCRD's "probable cause" findings that Mesa County had engaged in unlawful age discrimination.

  34. Upon information and belief, as part of its settlement with Janine Corsi, Rick Corsi, and the CCRD, Mesa County admitted liability for age discrimination with respect to the October 2016 layoffs and agreed to undertake ameliorative measures to prevent future age discrimination.

  35. Before the October 2016 layoff, individuals younger than forty years old comprised approximately 30% of the IT Department. Nonetheless, none of the individuals chosen to be laid off were younger than forty years old.

  36. At the time of the 2016 layoffs, Mesa County did not require Whidden to consider objective criteria in selecting which employees to recommend for layoff. Instead, Mesa County's

written policies directed individuals making layoff recommendations to consider only the "[p]erformance of the employee" and "[s]pecial abilities the employee may possess."

37. Whidden did not consider objective performance metrics in selecting IT Department workers to be laid off. Instead, Whidden exclusively selected the high-performing older workers to be fired, while retaining every employee younger than forty who worked in the department.

38. Ms. Bouricius was one of the most skilled and knowledgeable employees in the IT Department. Unlike most other IT Department employees, Ms. Bouricius was able to support all of Mesa County's various departments. Furthermore, other IT Departments frequently asked Ms. Bouricius for assistance when completing their own work.

39. Rather than provide Ms. Bouricius with thirty days' advance notice of the layoff, as is required by Mesa County's written policies, Mesa County instead fired Ms. Bouricius with no notice.

40. As a result of Mesa County's decision to fire Ms. Bouricius because of her age, she has incurred substantial economic and emotional hardship.

## V. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### Age Discrimination in Violation of the ADEA

41. Plaintiff incorporates by reference all allegations in each and every preceding and subsequent paragraph as if fully set forth herein.

42. As a fifty-seven-year-old woman at the time of her termination, Plaintiff is and was a member of the class of persons protected from unlawful discrimination under the ADEA during the relevant time periods.

43. At all relevant times, Plaintiff was qualified for her position with Defendant and performed her position satisfactorily.

44. Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty.

45. Defendant's actions toward Plaintiff were engaged in intentionally and willfully, and in reckless disregard for Plaintiff's federally protected rights.

46. Defendant's unlawful acts toward Plaintiff caused her significant damages, injuries, and losses.

## VI.   RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award the following relief as allowed by law:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in lieu of reinstatement;

c. Compensatory and consequential damages, as allowed;

d. Liquidated damages, as allowed;

d. Injunctive and/or declaratory relief;

e. Punitive damages, as allowed;

f. Pre-judgment and post-judgment interest at the highest lawful rate; and

g. Attorneys' fees and costs of this action, including expert witness fees, as appropriate, and a gross up of any award as an allowance for taxing consequences; and

h. Any such further relief as the law or justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 11th day of May, 2018.

                Respectfully submitted,

                KING & GREISEN, LLP

                *s/Paula Greisen*
                Paula Greisen
                1670 York Street
                Denver, Colorado 80206
                (303) 298-9878 telephone
                (303) 298-9879 facsimile
                greisen@kinggreisen.com

                */s/Hunter A. Swain*
                Hunter A. Swain
                1670 York Street
                Denver, Colorado 80206
                (303) 298-9878 telephone
                (303) 298-9879 facsimile
                swain@kinggreisen.com

                *Attorneys for Plaintiff*

**Plaintiff's Address:**

Debra Bouricius
50152 Highway 72
Lyons, CO 80540