# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 18-cv-01144-WYD-STV**

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

## [PROPOSED] SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference was held on August 6, 2018, at 9:00 a.m. Those in attendance were the following:

Counsel for Plaintiff Debra Bouricius:

    Paula Greisen and Hunter A. Swain
    KING & GREISEN, LLP
    1670 York Street
    Denver, Colorado 80206
    (303) 298-9878

Counsel for Defendant Mesa County:

    Michael Santo and Alicia Severn
    BECHTEL SANTO & SEVERN
    205 N. 4th Street, Suite 300
    Grand Junction, CO 81501
    (970) 683-5888

## 2. STATEMENT OF JURISDICTION

a. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1334.

b. Venue is proper herein because Mesa County is located in the District of Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

This is an age discrimination suit brought by Plaintiff Debra Bouricius, who worked for Mesa County in its Information Technology ("IT") Department for twenty-six years, from 1990 until 2016. Ms. Bouricius earned successive raises over her decades-long career and had attained the position of Senior Business Analyst before her unlawful termination on October 7, 2016. At the time Ms. Bouricius was fired, she was fifty-six years old and was the longest-serving employee in the Information Technology ("IT") Department.

Ms. Bouricius was terminated as part of a layoff in 2016 that exclusively targeted IT Department employees over the age of forty because of age, in violation of the Age Discrimination in Employment Act. Though employees younger than forty comprised approximately 30% of the IT Department, not a single employee younger than forty was chosen to be included in the layoff; as a result of the layoff which exclusively targeted older workers, the proportion of workers younger than forty in the IT Department increased by approximately 10%.

Mesa County's written policies required it to base its layoff termination decisions upon the job performance and special skills of individual employees. Mesa County has claimed that it decided to terminate Ms. Bouricius after conducting an individualized assessment of her

skills consistent with its written policy, which allegedly determined that Ms. Bouricius's skills were lacking in comparison with her peers who were not selected for layoff. However, Mesa County did not actually analyze Ms. Bouricius's skills or job performance in deciding to terminate her, but rather based the decision on the ages of the employees while retaining younger, less-qualified employees.

Ms. Bouricius was a high-performing employee throughout her employment. During her twenty-six years serving Mesa County, she consistently received strong performance evaluations, including the most recent evaluations before she was fired. In comparison, many of the younger workers who were retained had not received recent performance evaluations before the layoff.

At least two of the other employees over the age of forty who were terminated also filed charges of discrimination at the Colorado Civil Rights Division ("CCRD"). After conducting an investigation, the CCRD found probable cause that age discrimination had occurred. Mesa County then entered a settlement agreement with the State of Colorado through the CCRD and the other terminated employees. Upon information and belief, that agreement with the State of Colorado includes an admission of discriminatory conduct by Mesa County.

Ms. Bouricius brings claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA").

    b.    **Defendant:**

Mesa County denies that it engaged in any unlawful employment practice based on the Plaintiff's age. Furthermore, Mesa County denies that it engaged in any misconduct that

would give rise to any claim under the statutes, acts, titles, and/or claims as referenced in the Plaintiff's Complaint. Therefore, Mesa County denies that it caused the Plaintiff to suffer any adverse action(s) based on her age under the applicable federal law as set forth in the Plaintiff's Complaint.

Finally, in its Answer to the Plaintiff's Complaint, Mesa County identified numerous affirmative defenses, which it incorporates by reference herein.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. At the time Ms. Bouricius's employment ended, she had worked for Mesa County for approximately 25 years.

b. Ms. Bouricius's job title was a Senior Business Systems Analyst in the Information Technology Department at the time Ms. Bouricius's employment ended.

c. Ms. Bouricius was the longest-serving employee in Mesa County's IT Department at the time of her separation from employment.

d. Ms. Bouricius dual-filed a Charge of Discrimination against Mesa County, in which Ms. Bouricius alleged age discrimination, with the CCRD and EEOC.

e. More than 60 days have passed since Ms. Bouricius filed her Charge of Discrimination with the CCRD.

f. Ms. Bouricius is a natural person.

    g.    Ms. Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016.

    h.    Mesa County is a county; Mesa County is located in the State of Colorado; and Mesa County is a political subdivision of the State of Colorado.

    i.    Mesa County was an employer.

    j.    Mesa County has employed more than 20 employees.

    k.    Ms. Bouricius began working for Mesa County as an applications analyst in April 1990.

    l.    Ms. Bouricius received raises and promotions during her employment.

    o.    In October 2016, Mesa County laid off Debra Bouricius, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, and Crislynn Howerton.

    p.    Mesa County admits, upon information and belief, that Ms. Bouricius was over the age of 40 at the time of her separation from employment.

## 5. COMPUTATION OF DAMAGES

**Plaintiff's claims:**

*The following is a good faith estimate of Plaintiff's economic damages. Plaintiff reserves the right to update and amend her damages calculations as discovery progresses and an expert economist has opined.*

Plaintiff seeks the maximum amount of available legal and equitable relief for Defendant's violations of her rights under the ADEA. Certain categories of Plaintiff's damages are not subject to precise calculation and must be determined by a jury in its sound discretion at

5

trial in this case. Further, Plaintiff's actual economic damages continue to accrue, cannot be determined precisely prior to discovery, and may require the assistance of an expert economist. Nevertheless, Plaintiff submits the following good faith estimate of her economic damages, with the understanding that this estimate is preliminary only and will be updated in the time and manner contemplated by the Federal Rules of Civil Procedure and this Court's orders regarding expert discovery deadlines.

Plaintiff was unemployed for approximately two months before she became re-employed in another position. However, Plaintiff was forced to relocate to Lyons, Colorado where there is a larger job market in order to find a comparable position. This has significantly increased Plaintiff's cost of living. In addition, Plaintiff was forced to ~~sell~~remove approximately one-thousand six-hundred apple trees from her family ~~farm~~apple orchard in Mesa County~~,~~ and cease operations of her apple farming business, resulting in significant loss of income. Plaintiff has been unable to afford to purchase or lease a comparable house in Boulder County. Thus, Plaintiff has suffered significant financial losses. As to her economic loss, Plaintiff seeks lost wages for her period of unemployment; the differential in her earnings from those that she would have earned by continuing to work for Defendant, adjusted for the increased taxes and cost of living between Mesa County, Colorado, and Boulder County, Colorado; plaintiff's lost benefits; moving costs; and the lost value of Plaintiff's family farm incurred as a direct result of her unlawful termination. Ms. Bouricius also seeks compensatory, consequential, and liquidated damages and other non-economic losses, including taxation gross-ups, to the extent allowed by applicable law, in an amount to be determined at trial.

Plaintiff also requests judgment in her favor for pre-judgment and post-judgment interest as provided by law, for costs, attorney's fees, expert witness expenses, adjustment for taxing consequences, all other relief allowed by law, and for such other and further relief as the Court deems proper.

**Defendant:**

Mesa County denies that the Plaintiff is entitled to any legal, equitable, or any other type of relief in any amount or manner whatsoever from Mesa County. Further, Mesa County also requests the Court award Mesa County its costs and reasonable attorney fees incurred in defending against such claims.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Rule 26(f) meeting was held on July 16, 2018, and a second meeting was held on July 24, 2018.

b. Names of each participant and party represented.

Paula Greisen and Hunter A. Swain on behalf of the Plaintiff. Michael Santo and Alicia Severn on behalf of the Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Initial Disclosures were made on July 30, 2018.

Defendant's Initial Disclosures were made on July 30, 2018.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

The parties do not propose any changes to the timing or requirements of

disclosures under Fed. R. Civ. P. 26(a)(1).

  e. Statement concerning any agreements to conduct informal discovery:

  No agreements for information discovery have been reached at this time, but the parties will continue to explore opportunities to reduce discovery and other litigation costs.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  The parties agree to take reasonable steps to reduce discovery and other litigation costs, including the use of a unified numbering system.

  The parties will confer in good faith for purposes of attempting to stipulate to the foundation and authenticity of emails documents, where possible.

  The parties agree that emails and other electronically-stored documents shall be produced in searchable .pdf format with bates labels, to the extent possible or practical. Further, if native format with metadata is relevant, the party requesting that metadata be produced shall specify for what particular document metadata is necessary and its relevance.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

  The parties anticipate routine ESI discovery, but do not anticipate the scope of the ESI discovery will be extensive in this case. Plaintiff intends to seek electronically-stored

communications (including emails and text messages) and other documents (including memoranda and data compilations), such as those related to the selection of Ms. Bouricius and other employees to be terminated in 2016, the hiring of new employees, employee job titles, employee job categories, employee job duties, employee dates of employment, employee dates of birth, employee lengths of tenure, and the evaluation of individual employees' job performance and skills, which requests Mesa County may dispute in whole or in part. Mesa County reserves all rights to dispute any and all discovery or other type of request(s).

      h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution. The parties have been unable to reach settlement or an agreement regarding alternative dispute resolution at this time, but the parties will continue to discuss settlement and alternative dispute resolution.  The parties will report to the Court regarding the results of any future such discussions, should they be successful, within a reasonable time of such discussions.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

      a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Depositions:**  The parties propose a limit of 10 depositions per side (excluding specially-retained experts).

**Interrogatories:**  The parties propose a limit of 25 interrogatories per side.

b.  Limitations which any party proposes on the length of depositions.

The parties agree to the limitations as provided by the Federal Rules of Civil Procedure.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Requests for Production:**  The parties agree that each side may serve a total of 25 requests for production.

**Requests for Admission:**  The parties agree that each side may serve a total of 25 requests for admission.

d.  Other Planning or Discovery Orders:

The parties will propose a joint protective order within a reasonable time after the scheduling conference.

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR.7.1(a) and the Court's practice standards. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with the Court regarding the issue consistent with the Court's practice standards. Both of these steps must be completed before any contested discovery motions are filed with the Court.

Before serving a subpoena upon a third party, the serving party shall provide advance notice to the non-serving party such that the non-serving party has a sufficient opportunity to file an objection to the service of the subpoena on the third party.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: *September 20, 2018.*

b. Discovery Cut-off: *April 1, 2019*

c. Dispositive Motion Deadline: *May 22, 2019*

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

The Plaintiff anticipates designating experts in the areas of vocational assessment and economics/labor economics. Plaintiff may designate rebuttal experts in any other fields of expertise identified by Defendant.

The Defendant may disclose experts in the following fields: (1) economic expert(s); (2) vocational expert(s); and (3) any other expert(s) as deemed necessary. The Defendant may also designate rebuttal experts in any other field(s) of expertise identified by the Plaintiff.

2. Limitations which the parties propose on the use or number of expert witnesses.

The parties may designate no more than one specially retained expert in each field of expertise.

      3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *November 16, 2018*.

      4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before *January 15, 2019*.

e.    Identification of Persons to Be Deposed:

Plaintiff's List of Deponents under Rule 30[1]:

| *Name of Deponent* | *Date of Depo.* | *Time of Depo.* | *Expected Length of Depo.* |
|---|---|---|---|
| Frank Whidden | TBD | TBD | 7 hours or less |
| Rick Corsi | TBD | TBD | 7 hours or less |
| Janine Corsi | TBD | TBD | 7 hours or less |
| John Justman, Mesa County Commissioner | TBD | TBD | 7 hours or less |
| Scott McInnis, Mesa County Commissioner | TBD | TBD | 7 hours or less |
| Rose Pugliese, Mesa County Commissioner | TBD | TBD | 7 hours or less |
| Lynn Subek, former payroll administrator for Mesa County | TBD | TBD | 7 hours or less |
| Deposition pursuant to Fed. R. Civ. P. 30(b)(6) | TBD | TBD | 7 hours or less |
| Any witness identified by Defendant in Fed. R. Civ. P. 26(a) disclosures | TBD | TBD | 7 hours or less |
| Defendant's Experts | TBD | TBD | 7 hours or less |

---

[1] As formal discovery has not yet begun in this case, this is not an exhaustive list of all potential deponents. As discovery continues, additional witnesses may be added to the parties lists

Mesa County states it will depose Debra Bouricius. Mesa County expects to identify additional deponents during the course of the discovery process.

    f.    Deadline for Interrogatories:

*All written discovery must be served on or before 45 days before the discovery cut-off.*

    g.    Deadline for Requests for Production of Documents and/or Admissions:

*All written discovery must be served on or before 45 days before the discovery cut-off.*

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

    b.    A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    None.

    b.    Anticipated length of trial and whether trial is to the court or jury.

    The parties anticipate a jury trial of 5 days.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon the showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2018.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| KING & GREISEN, LLP | BECHTEL SANTO & SEVERN |
| *s/ Paula Greisen* | *s/ Alicia W. Severn* |
| Paula Greisen | Michael Santo |
| Hunter A. Swain | Alicia W. Severn |
| 1670 York St. | 205 N. 4th Street, Suite 300 |
| Denver, Colorado 80206 | Grand Junction, CO  81501 |
| (303) 298-9878 telephone | (970) 683-5888 telephone |
| (303) 298-9879 facsimile | (970) 683-5887 facsimile |
| greisen@kinggreisen.com | santo@bechtelsanto.com |
| swain@kinggreisen.com | severn@bechtelsanto.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |