**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PROTECTIVE ORDER**

---

    Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, Rule 26(a)(1) disclosures, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is exempt from public disclosure under a Colorado Open Records Act request, as set forth in C.R.S. § 24-72-

200.1, *et seq*. If information is required to be disclosed to the public by the Defendant under a Colorado Open Records Act request, Defendant reserves the right to redact information contained in such record(s) as permitted, required, or necessary to comply with the Defendant's obligations set forth under the Colorado Open Records Act and/or as permitted, required, or necessary to comply with the Defendant's obligations set forth under Colorado Consumer Protection Act and Governmental Security Breaches and Personal Information statutes, specifically C.R.S. §§ 6-1-713, 6-1-713.5, 6-1-716, and 24-73-101—103. In addition, information that is confidential under any other statute such as, but not limited to, HIPAA, as amended, the Colorado Consumer Protection Act, and/or the Governmental Security Breaches and Personal Information statutes shall be considered CONFIDENTIAL under the terms of this Protective Order.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is deemed required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for the entity party;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is deemed necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

      (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses; and

      (h)    other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order. Counsel shall maintain a record of the individuals to whom they provided documents marked CONFIDENTIAL. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case, including any appeals.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fifteen (15) business days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information

by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) calendar days after the expiration of the ten (10) business day period described above. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Notwithstanding that CONFIDENTIAL documents may be used in this case, this Protective Order does not waive any right of any party to file a motion to seal all or a portion of papers and documents filed with the Court, nor does this Protective Order waive any right of any party to oppose such a motion.

10. The provisions of this Order shall, absent written permission of a designating party or further Order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation. Counsel for each party may retain CONFIDENTIAL documents

as such documents are retained in the normal course of business, copies of the court papers, deposition, and trial transcripts, and attorney work product that contain CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. The termination of this action shall not relieve counsel or other person(s) obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information and documents pursuant to this Protective Order and the terms and requirements of this Protective Order shall survive the termination of this action.

      11.    Neither this Order, the production or receipt of CONFIDENTIAL material hereunder, nor otherwise complying with the terms of this Order, shall:

      a.    Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents (or any portion thereof) or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL information;

      b.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

      c.    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should be subject to other or further protection;

    d.    Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

    e.    Prejudice in any way the rights of a party to contest the designation of any information as "Confidential."

12.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this __4th__ day of __October__, 2018.

BY THE COURT:

__s/Scott T. Varholak__
Scott T. Varholak,
United States Magistrate Judge

STIPULATED AND APPROVED BY:

KING & GREISEN, LLP

*s/ Paula Greisen*
Paula Greisen
Hunter A. Swain
1670 York St.
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
swain@kinggreisen.com

*Attorneys for Plaintiff*

BECHTEL SANTO & SEVERN

*s/ Alicia W. Severn*
Alicia W. Severn
Michael Santo
205 N. 4th Street, Suite 300
Grand Junction, CO  81501
(970) 683-5888 telephone
(970) 683-5887 facsimile
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant*