IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-STV

**DEBRA BOURICIUS,**

    Plaintiff,

**v.**

**MESA COUNTY by and through the MESA COUNTY BOARD OF COUNTY COMMISSIONERS,**

    Defendant.

## AMENDED ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County"), by and through its attorneys, submits its Amended Answer to Plaintiff's Complaint as follows. Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff has provided written consent to Defendant to file this Amended Answer.

### I. INTRODUCTION

1.    In response to paragraph 1 of the Complaint, Mesa County admits that at the time Ms. Bouricius's employment ended, she had worked for Mesa County for approximately 26 years. Mesa County also admits that Ms. Bouricius's job title was a Senior Business Systems Analyst in the Information Technology Department at the time Ms. Bouricius's employment ended. Mesa County denies all remaining allegations set forth in paragraph 1 that are not expressly admitted herein.

1

2. In response to paragraph 2 of the Complaint, upon information and belief, Mesa County believes that Ms. Bouricius was 57 years old at the time her employment with Mesa County ended. Mesa County admits that Ms. Bouricius was the longest-serving employee in Mesa County's IT Department at the time of her separation from employment. Mesa County denies all other allegations set forth in paragraph 2 of the Complaint.

3. Mesa County denies the allegations set forth in paragraph 3 of the Complaint.

4. Mesa County denies the allegations set forth in paragraph 4 of the Complaint.

5. Mesa County denies the allegations set forth in paragraph 5 of the Complaint.

6. Mesa County denies the allegations set forth in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Mesa County admits that Ms. Bouricius purports to bring claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 626(c)(1) as part of her Complaint. Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within Paragraph 7 of the Complaint.

## II. **JURISDICTION AND VENUE**

8. Mesa County states that the allegations set forth in paragraph 8 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County admits that Ms. Bouricious purports to invoke the Court's jurisdiction over Ms. Bouricius's claims pursuant to the Constitution and laws of the United States. Mesa County denies that Ms. Bouricius has brought any cause of action based on the Constitution of the United

States and therefore denies jurisdiction on such ground. Further, Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within paragraph 8 of the Complaint.

9. Mesa County states that the allegations set forth in paragraph 9 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County admits that Ms. Bouricius purports to invoke the Court's jurisdiction over Ms. Bouricius's claims pursuant to 28 U.S.C. § 1331, § 1343 and 29 U.S.C. § 626(c)(1). Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Mesa County admits that venue is proper in the District of Colorado because Mesa County is located in the District of Colorado. Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Mesa County admits that Ms. Bouricius dual-filed a Charge of Discrimination against Mesa County, in which Ms. Bouricius alleged age discrimination, with the CCRD and EEOC. Mesa County denies all other allegations set forth within paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Mesa County states that the CCRD's document speaks for itself. Mesa County denies Ms. Bouricius's characterization of the document. Mesa County denies all remaining allegations set forth in Paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Mesa County admits that more than 60 days have passed since Ms. Bouricius filed her Charge of Discrimination with the CCRD. Mesa County states that the remaining allegations set forth in paragraph 13 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County denies that Ms. Bouricius has satisfied all procedural prerequisites for filing suit under the Age Discrimination in Employment Act. Mesa County denies all remaining allegations set forth in Paragraph 13 of the Complaint.

## III. PARTIES

14. In response to paragraph 14 of the Complaint, Mesa County admits that Ms. Bouricius is a natural person. Mesa County is without sufficient knowledge or information to form a belief as to the truth or falsity regarding Ms. Bouricius's past and/or current residence(s), and Mesa County therefore denies the same. Mesa County denies all other allegations set forth in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Mesa County admits that Ms. Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016. Mesa County denies all other allegations set forth in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Mesa County admits that it is a county; that it is located in the State of Colorado; and that it is a political subdivision of the State of Colorado. Mesa County denies all other allegations set forth in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Mesa County states that the allegations set forth in paragraph 17 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County admits it was an employer. Mesa County denies all other allegations set forth in paragraph 17 of the Complaint.

18. Mesa County denies the allegations set forth in paragraph 18 of the Complaint.

19. Mesa County states that the allegations set forth in paragraph 19 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County admits it has employed more than 20 employees. Mesa County denies all other allegations set forth in paragraph 19 of the Complaint.

## IV. FACTUAL ALLEGATIONS

20. In response to paragraph 20 of the Complaint, Mesa County admits that Ms. Bouricius began working for Mesa County as an applications analyst in April 1990. Mesa County is without sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the complaint that Ms. Bouricius "began working for Mesa County's Information Technology Department ('IT Department')" or that Ms. Bouricius "remained employed in Mesa County's IT Department until her termination on October 7, 2016," and Mesa County therefore denies these allegations. Mesa County denies all other allegations set forth in paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Mesa County admits that Ms. Bouricius received raises and promotions during her employment. Mesa County also admits that Ms. Bouricius's job title was Senior Business Systems Analyst at the time of her separation from employment. Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within paragraph 21 of the Complaint.

22. Mesa County denies the allegations set forth in paragraph 22 of the Complaint.

23. Mesa County states that the document referenced in paragraph 23 of the Complaint speaks for itself. Mesa County denies Ms. Bouricius's characterization of the document. Mesa County denies all remaining allegations set forth in paragraph 23 of the Complaint.

24. Mesa County states that the document referenced in paragraph 24 of the Complaint speaks for itself. Mesa County denies Ms. Bouricius's characterization of the document. Mesa County denies all remaining allegations set forth in paragraph 24 of the Complaint.

25. Mesa County denies the allegations set forth in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented. Mesa County denies all remaining allegations set forth in paragraph 26 of the Complaint.

27. Mesa County denies the allegations set forth in paragraph 27 of the Complaint.

28. Mesa County denies the allegations set forth in paragraph 28 of the Complaint.

29. Mesa County denies the allegations set forth in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Mesa County admits that in October 2016, it laid off Debra Bouricius, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, and Crislynn Howerton. Mesa County denies that Ms. Howerton was 59 years old in October 2016. Mesa County denies all remaining allegations set forth in paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Mesa County states that the documents referenced in paragraph 31 of the Complaint speak for themselves. Mesa County denies Ms. Bouricius's characterization of the documents. Mesa County denies all remaining allegations set forth in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Mesa County states that the documents referenced in paragraph 32 of the Complaint speak for themselves. Mesa County denies Ms. Bouricius's characterization of the documents. Mesa County denies all remaining allegations set forth in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Mesa County states that the documents referenced in paragraph 33 of the Complaint speak for themselves. Mesa County also states that the "settlement agreements" referenced in this paragraph 33 are improperly referenced and included in this Complaint pursuant to 42 U.S.C. § 2000e-5(b) because Mesa County has not agreed to make any proceeding regarding any individual named Rick Corsi and/or Janine Corsi public matters. Mesa County denies Ms. Bouricius's characterization of the documents. Mesa County denies all remaining allegations set forth in paragraph 33 of the Complaint.

34. Mesa County denies all allegations set forth in paragraph 34 of the Complaint. Further, Mesa County also states that any reference to "settlement" referenced in this paragraph

34 are improperly referenced and included in this Complaint pursuant to 42 U.S.C. § 2000e-5(b) because Mesa County has not agreed to make any proceeding regarding any individual named Rick Corsi and/or Janine Corsi public matters.

35. Mesa County denies all allegations set forth in paragraph 35 of the Complaint.

36. Mesa County states that the documents referenced in paragraph 36 of the Complaint speak for themselves. Mesa County denies Ms. Bouricius's characterization of the documents. Mesa County denies all remaining allegations set forth in paragraph 36 of the Complaint.

37. Mesa County denies all allegations set forth in paragraph 37 of the Complaint.

38. Mesa County denies all allegations set forth in paragraph 38 of the Complaint.

39. Mesa County denies all allegations set forth in paragraph 39 of the Complaint.

40. Mesa County denies all allegations set forth in paragraph 40 of the Complaint.

## V. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

41. Mesa County incorporates herein by reference its answers to each and every allegation in Paragraphs 1-40 of the Complaint above, as if said answers were set forth more fully herein as its answer to the allegations contained in paragraph 41 of the Complaint.

42. Mesa County states that the allegations set forth in paragraph 42 of the Complaint are legal conclusions that need not be admitted or denied. But to the extent that a response is required, Mesa County admits, upon information and belief, that Ms. Bouricius was over the age of 40 at the time of her separation from employment. Mesa County denies any wrongdoing and

specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Mesa County denies all other allegations set forth within paragraph 42 of the Complaint.

43. Mesa County denies all allegations set forth in paragraph 43 of the Complaint.

44. Mesa County denies all allegations set forth in paragraph 44 of the Complaint.

45. Mesa County denies all allegations set forth in paragraph 45 of the Complaint.

46. Mesa County denies all allegations set forth in paragraph 46 of the Complaint.

## VI. RELIEF REQUESTED

Mesa County responds to Ms. Bouricius's Relief Requested in the Complaint as follows:

a. Mesa County denies any wrongdoing and specifically denies that Ms. Bouricius has any cause of action against Mesa County or is entitled to any relief whatsoever from Mesa County. Therefore, Mesa County denies that judgment should enter in favor of Ms. Bouricius and against Mesa County.

b. Mesa County denies that Ms. Bouricius is entitled to back pay in any amount.

c. Mesa County denies that Ms. Bouricius is entitled to front pay, in lieu of or not in lieu of reinstatement.

d. Mesa County denies that Ms. Bouricius is entitled to compensatory and consequential damages.

e. Mesa County denies that Ms. Bouricius is entitled to liquidated damages.

f. Mesa County denies that Ms. Bouricius is entitled to injunctive and/or declaratory relief.

      g.      Mesa County denies that Ms. Bouricius is entitled to punitive damages.

      h.      Mesa County denies that Ms. Bouricius is entitled to prejudgment and postjudgment interest at any rate.

      i.      Mesa County denies that Ms. Bouricius is entitled to fees and costs of this action, including expert witness fees, as appropriate, and a gross up of any award as an allowance for taxing consequences.

      j.      Mesa County denies that Ms. Bouricius is entitled to any further relief.

Mesa County acknowledges that Ms. Bouricius purports to invoke a demand for a jury trial on all issues so triable.

Finally, except as expressly admitted above, each and every allegation contained in Ms. Bouricius's Complaint, whether in numbered or unnumbered paragraphs, is denied.

## AFFIRMATIVE DEFENSES

      A.      Ms. Bouricius's allegations fail to state a claim upon which relief can be granted and must be dismissed.

      B.      The claims set forth in the Complaint are frivolous, vexatious, and without substantial justification.

      C.      Any reference to the conciliation of Ms. Bouricius's, or others', Charges must be stricken due to the confidentiality of conciliation and due to F.R.E. 403, 404 and/or 408.

      C.      The Complaint and the claims set forth therein are barred because of the intentional acts of Ms. Bouricius and by the doctrines of wavier, estoppel, and unclean hands.

  D. The claims for damages asserted in the Complaint are barred, in whole or part, by Ms. Bouricius's failure to mitigate her damages.

  E. Any damages requested in the Complaint are capped or barred by federal law.

  F. Any damages for Ms. Bouricius are barred or reduced by income received from collateral sources, and Mesa County is entitled to a set-off to the extent that Ms. Bouricius recover(ed) any money from collateral sources, including but not limited to unemployment benefits.

  G. Ms. Bouricius's claims under the Age Discrimination in Employment Act must be dismissed because Ms. Bouricius failed to exhaust her administrative remedies. Thus, this Court lacks jurisdiction over all or a portion of any claims that Ms. Bouricius did not specifically and timely raise before the Equal Employment Opportunity Commission (EEOC) and/or the Colorado Civil Rights Division (CCRD) with respect to which no investigation or conciliation efforts have been made by the agency, or that were not included in any determination by the EEOC/CCRD.

  H. To the extent that Ms. Bouricius bases any claim(s) on conduct or events occurring before the applicable filing period or statute of limitation, such claim(s) or conduct are barred by law.

  I. Mesa County undertook actions in good faith that were based on legitimate, lawful, justified, and nondiscriminatory reasons and were based on reasonable factors other than Ms. Bouricius's age.

  J. Ms. Bouricius's claims must be dismissed because Mesa County's conduct was nondiscriminatory, Ms. Bouricius was not subjected to disparate treatment on the basis of age, and

the treatment of Ms. Bouricius was consistent with Mesa County's treatment of other, similarly-situated employees.

K.      If it is determined that Mesa County applied any different standards, or different terms or conditions of employment to Ms. Bouricius, which Mesa County denies, such differences were not the result of any intent to discriminate against Ms. Bouricius, so that any such act was not an unlawful employment practice.

L.      Mesa County did not discriminate based on any protected classification with malice, willful disregard, or reckless indifference to Ms. Bouricius's federally-protected rights. Thus, Ms. Bouricius has no legally cognizable claim for punitive or liquidated damages.

M.      Ms. Bouricius may not recover punitive damages because at all times relevant to Ms. Bouricius's Complaint, Mesa County had in place a policy to prevent discrimination, harassment, and retaliation in the workplace, and Mesa County made good-faith efforts to implement and enforce its policy.

N.      Plaintiff's claims for compensatory and punitive damages under the Age Discrimination in Employment Act must be denied or limited pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a and 42 U.S.C. § 12117.

O.      Any damages are barred or reduced by the actions of Ms. Bouricius.

P.      Mesa County's actions and/or conduct was based upon and in furtherance of business necessity, and pursuant to Defendant's constitutional and statutory authority.

Q. All relevant conduct of Mesa County, its agents or employees was a just and proper exercise of Mesa County's management discretion, statutory and constitutional authority, and undertaken in good faith.

R. Ms. Bouricius's claims must be dismissed for any conduct Ms. Bouricius failed to notify Mesa County of or for which Ms. Bouricius failed to use the internal remedies of Mesa County, thus denying Mesa County the opportunity to investigate her claims and take remedial action, if necessary.

S. Ms. Bouricius's claims of discrimination based on a protected classification must be dismissed because no reasonable person could interpret the conduct alleged as based on a protected classification or otherwise unlawful.

T. The business judgment rule protects Mesa County and bars recovery for some or all of its conduct and decisions; all standards and criteria used by Mesa County are job related and consistent with business necessity; and Mesa County based its decisions concerning Ms. Bouricius's employment on reasonable and sufficient grounds.

U. Ms. Bouricius's claims for damages must be dismissed or reduced because of after-acquired evidence.

V. Ms. Bouricius's claims are barred by official or governmental immunity applicable to Mesa County.

W. Mesa County reserves the right to amend this Answer to allege any additional defenses as may later become available or apparent.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint and having raised defenses thereto, Defendant prays that judgment be entered against Plaintiff on all claims and that Defendant be awarded its reasonable costs, including attorneys' fees, incurred in defending this action and such other relief as the Court deems appropriate.

Respectfully submitted this 14th day of March 2019.

          BECHTEL SANTO & SEVERN

          *s/ Alicia W. Severn*
          Alicia W. Severn, #42432
          Michael C. Santo, #24083
          205 N. 4th Street, Suite 300
          Grand Junction, CO   81501
          Telephone: (970) 683-5888
          Facsimile: (970) 683-5887
          Email: severn@bechtelsanto.com
             santo@bechtelsanto.com
          Attorneys for Defendant Mesa County

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **AMENDED ANSWER TO COMPLAINT AND JURY DEMAND** was served this 14th day of March 2019, via CM/ECF to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

                              *s/ Alicia W. Severn*
                              Alicia W. Severn, attorney