**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

       Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

---

### DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICE AND FOR PROTECTIVE ORDER

---

Certificate of Compliance with D.C,COLO.LCivR 7.1(a). On March 29, 2019, Defendant's counsel conferred with Plaintiff's counsel regarding the relief requested in this Motion. As of the time of this filing, Plaintiff's counsel has not responded to this conferral attempt. But due to the issues of timeliness presented in this Motion, the Defendant presents this Motion as if the Plaintiff's counsel objects to the relief requested herein.

Pursuant to F.R.C.P. 26(c), the Defendant moves to quash the Notice of Deposition to Frank Whidden, served by email on March 27, 2019. *See* Exhibit 1. Because the Notice purports to schedule this deposition to occur on April 4, 2019, which is six days after the date of this Motion, the urgency of the time constraints at issue necessitated the Defendant file this Motion rather than contacting the Court pursuant to Magistrate Judge Varholak's Practice Standards regarding Discovery Disputes. The Defendant notes that the parties in this case are scheduled to participate

1

in a Discovery Hearing with the Court on April 1, 2019, at 2:30 p.m. This issue regarding the Notice of Deposition to Frank Whidden arose after the parties called the Court's Clerk on March 14, 2019, and scheduled the Discovery Hearing for April 1. Due to the press of time and the intention by the Defendant not to lose or waive its rights, the Defendant files this Motion. The Defendant is agreeable to addressing this Motion at the Discovery Hearing on April 1, 2019, should the Court desire to consolidate all of the parties' outstanding discovery matters.

## LEGAL ARGUMENT.

The Notice of Deposition to Frank Whidden (Exhibit 1), a witness for the Defendant, which purports to schedule a deposition of Mr. Whidden in his individual capacity on April 4, 2019, is deficient and unreasonable in several respects, which require the Court to quash the Notice and enter a protective order in favor of the Defendant.

Initially, the Notice of Deposition to Frank Whidden, in his individual capacity, purports to commence the deposition on April 4, 2019, at 9:00 a.m. *See* Exhibit 1. Yet, in the Plaintiff's Second Revised Notice of 30(b)(6) Deposition, the Plaintiff purports to begin a 30(b)(6) deposition also on April 4, 2019, and also at 9:00 a.m. *See* Exhibit 2. In essence, Plaintiff's Notices appear to intend to conduct both depositions simultaneously. Due to this concern, as well as three others, Defendant moves to Quash the Deposition served with respect to Plaintiff's intent to depose Mr. Whidden in his individual capacity, and to issue a protective order as set forth herein.

    A.    <u>Plaintiff's Notice may subject Mr. Whidden to being deposed for 14 hours in one day.</u>

The Federal Rules of Civil Procedure provide that a deposition (both depositions conducted of an individual and one conducted under F.R.C.P. 30(b)(6)) must be conducted within one day, consisting of no more than seven hours. F.R.C.P. 30(d)(1); *Carlson, Inc. v. Int'l Bus. Mach. Corp.*, 10-340 (JNE/TNL), 2011 WL 13135645, *3 (D.Minn., Nov. 7, 2011). In this matter, Defendant's counsel provided Plaintiff's counsel notice that Mr. Whidden was Defendant's designated witness for most of the topics identified in Plaintiff's Second Revised Notice of 30(b)(6) Deposition. So, by noticing Mr. Whidden's individual deposition on the same date (and currently at the same time) that Plaintiff intends to depose Mr. Whidden in the 30(b)(6) Deposition, such notices could subject Mr. Whidden to being deposed for 14 hours in one day.[1] That is, if the first deposition (either the individual deposition or the 30(b)(6) deposition) commences at 9 a.m., and assuming no breaks are taken, the second deposition could conclude as late as 11:00 p.m. Such an arrangement is unreasonable and inconvenient. D.C.COLO.LCivR 30.1. Because of the unreasonable and inconvenient nature of the Plaintiff's request to depose Mr. Whidden in his individual and representative capacities on the same day, and at the same time, this Court should quash the Notice of Deposition to Frank Whidden (Exhibit 1) and enter a protective order pursuant to F.R.C.P. 26(c)

---

1 The Defendant does not waive its right to assert that a deposition taken pursuant to F.R.C.P. 30(b)(6) must be completed in one day of not more than seven hours, as set forth in the Defendant's portion of the parties' Joint Statement of Issues In Preparation For Discovery Hearing on April 1, 2019.

preventing the Plaintiff from taking the depositions of Mr. Whidden in this manner and thereby creating an oppressive, burdensome situation for the witness.

    B.    <u>Conducting two depositions at the same time (i.e., Mr. Whidden's individual deposition and the F.R.C.P. 30(b)(6) Deposition for the topics Mr. Whidden on which is designated as the relevant witness) poses unworkable logistical problems.</u>

Pursuant to the Federal Rules of Civil Procedure, the parties must have a way to track how much time has been spent deposing a witness in his individual capacity and how much time has been spent deposing a witness in his representative capacity, even if the witness is the same person. After all, Plaintiff is not entitled to more than seven hours in either Mr. Whidden's individual deposition or the Plaintiff's noticed F.R.C.P. 30(b)(6) deposition. F.R.C.P. 30(d)(1); *Carlson, Inc.*, 10-340 (JNE/TNL), 2011 WL 13135645, *3 (D.Minn., Nov. 7, 2011). And tracking the time attributed to each deposition would be impossible if the depositions were conducted concurrently.

    C.    <u>Plaintiff failed to make a good-faith effort to schedule Mr. Whidden's individual deposition.</u>

The U.S. District Court for the District of Colorado's Local Rules of Practice require that parties "make a good faith effort to schedule [depositions] in a convenient…manner." *See* D.C.COLO.LCivR 30.1. That did not occur in the setting of Mr. Whidden's individual deposition,

That is, counsel for the Plaintiff and counsel for the Defendant spoke by telephone on March 19, 2019. *See* Exhibit 3, ¶ 1. During that conversation, Ms. Greisen discussed that she deposed the same individual in their individual capacity and in a representative capacity at the same time in other cases. *Id.* at ¶ 2. Neither Ms. Greisen nor Ms. Bisbee affirmatively proposed conducting any similar deposition in this case; rather, the conversation was about Ms. Greisen's

4

previous experiences. *Id.* at ¶ 3. During this call, Ms. Severn, counsel for the Defendant, informed Ms. Greisen and Ms. Bisbee that the Defendant did not agree to holding the 30(b)(6) deposition on multiple days, and this issue was one that the Defendant intended to address with the Court. *Id.* at ¶ 4.

On March 26, 2019, at 4:34 p.m., Ms. Bisbee sent an email communication to counsel for the Defendant, stating, "We made clear last week that we will be deposing Mr. Whidden as a fact witness and for the purposes of 30(b)(6)." *See* Exhibit 4, p. 2. This was the first time the Plaintiff affirmatively stated an express intention to depose Mr. Whidden in his individual and representative capacities on the same day. Ms. Bisbee also referenced the 2000 Advisory Committee Notes to Rule 30, which state, "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

Further, on March 27, 2019, Ms. Severn and Ms. Bisbee spoke by telephone, at which time Ms. Bisbee expressed her intention to depose and notice Mr. Whidden both in his individual capacity and as a County representative on April 4, which the Defendant opposed. *See* Exhibit 3, ¶¶ 5-7, 9. The Defendant received on March 27, 2019 a Notice of Deposition to Frank Whidden, to be deposed in his individual capacity, on April 4, 2019, beginning at 9:00 a.m., the same date and time on which the F.R.C.P. 30(b)(6) deposition is scheduled to commence. *See* Exhibits 1, 2, and 6.

The Plaintiff noticed the deposition of Mr. Whidden in his individual capacity with the knowledge that the Defendant did not agree to conduct this deposition on the same day the Plaintiff intended to conduct a 30(b)(6) deposition that also involved Mr. Whidden. Thus, the Plaintiff did

5

not make a good faith effort to schedule this deposition with the Defendant at a time convenient to both parties, as required by D.C.COLO.LCivR 30.1. As a result, the Court should quash the Notice of Deposition to Frank Whidden and enter a protective order instructing the Plaintiff that she cannot depose Mr. Whidden in his individual capacity on April 4.

In addition, the Defendant received notice of the Plaintiff's intention to depose Mr. Whidden in his individual capacity on March 27, 2019 at 4:17 p.m., less than eight full days prior to the noticed deposition date of April 4, 2019. *See* Exhibit 1, p. 3. Noticing a deposition less than 14 days prior to the date on which the deposition is scheduled to occur is unreasonable, particularly when the Defendant has not agreed to the taking of the deposition. D.C.COLO.LCivR 30.1.

## CONCLUSION.

For these reasons, the Defendant respectfully requests the Court quash the Plaintiff's Notice of Deposition to Frank Whidden (Exhibit 1) and issue a protective order forbidding the Plaintiff from deposing Mr. Whidden in his individual capacity on April 4, 2019, pursuant to F.R.C.P. 26(c) for purposes of protecting the Defendant and Frank Whidden from enduring the oppression and undue burden of being subject to a maximum of 14 hours of deposition on one day, particularly when the Plaintiff has not complied with the applicable rules relating to deposition notices and when the Defendant did not agree to the deposition of the witness in his individual capacity on April 4. Further, the Defendant respectfully requests the Court award against the Plaintiff the Defendant's reasonable expenses in preparing this Motion. F.R.C.P. 26(c)(3) and 37(a)(5).

Respectfully submitted this 29th day of March 2018.

        BECHTEL SANTO & SEVERN

       By: *s/Alicia W. Severn*
        Alicia W. Severn, #42432
        Michael C. Santo, #24083
        205 N. 4th Street, Suite 300
        Grand Junction, Colorado   81501
        Telephone: (970) 683-5888
        Facsimile: (970) 683-5887
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICE AND FOR PROTECTIVE ORDER** was served this 29th day of March 2019, via CM/ECF, which will send notification to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

                                        *s/ Alicia W. Severn*
                                        Alicia W. Severn, attorney