IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

    Plaintiff,

**v.**

**MESA COUNTY by and through the MESA COUNTY BOARD OF COUNTY COMMISSIONERS,**

    Defendant.

## DEFENDANT'S MEMORANDUM IN SUPPORT OF DISCOVERY DISPUTE

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County"), by and through its attorneys, submits this Memorandum In Support of Discovery Dispute, pursuant to Doc 46.

**I.   Introduction.**

On April 1, 2019, the parties participated in a Discovery Hearing with the Court. During that Hearing, the parties addressed two discovery issues:

Issue 1. Whether Mesa County's assertion of Affirmative Defenses K, M, and R in its Amended Answer waived its attorney-client privilege with respect to an investigation Mesa County conducted after it received Ms. Bouricius's Charge of Discrimination ("Charge"), which was filed with the Colorado Civil Rights Division. With respect to Mesa County's investigation and preparation of a response to Ms. Bouricius's Charge, both of which were completed after Ms.

1

Bouricius filed her Charge, Mesa County specifically identified/identifies that it is not basing any of its good-faith defenses in its Affirmative Defenses on its investigation conducted after it received notice of Ms. Bouricius's Charge. Further, Mesa County's investigation was not conducted while Ms. Bouricius was employed with Mesa County. And finally, the investigation of Ms. Bouricius's Charge was only conducted in response to Mesa County's receipt of Ms. Bouricius's Charge and for the purpose of preparing a response to Ms. Bouricius's Charge.

Issue 2. Whether Mesa County, in response to Ms. Bouricius's discovery request, must produce documents not relied upon by Mesa County in making the employment decision(s) at issue in Ms. Bouricius's Complaint.

Pursuant to the Court's Order during the Discovery Hearing on April 1, 2019, and as reflected in the Minute Order (Doc 46), Mesa County submits this Memorandum regarding the two issues identified in the parties' March 27, 2019, Joint Statement of Issues in Preparation for Discovery Hearing on April 1, 2019.

**II.     Issue 1: Whether Mesa County must provide testimony regarding Ms. Bouricius's F.R.C.P. 30(b)(6) Notice of Deposition Matter 6 ("Matter 6"), which requests that Mesa County testify about the information it collected in preparation of its response to Ms. Bouricius's Charge.**

In her Revised Notice of [F.R.C.P.] 30(b)(6) Deposition, Ms. Bouricius identified in Matter 6 that she wanted to depose Mesa County regarding the investigation Mesa County conducted, and information it collected, after it received Ms. Bouricius's Charge filed with the Colorado Civil Rights Division and as it prepared its response to the Charge, which was received by Mesa County

more than three months after Ms. Bouricius's employment with Mesa County terminated. Specifically, Ms. Bouricius requested testimony regarding:

> A complete and detailed description of the steps that Mesa County took to investigate the allegations in Plaintiff's January 26, 2017 charge of discrimination that she was selected for layoff from Mesa County because of her age, including the identity of all persons who gathered information or documents, provided information or documents, reviewed information or documents, interviewed witnesses, made credibility determinations, discussed the allegations in connection with the investigation, made recommendations, made decisions, and/or reviewed or approved decisions; and a detailed description of each such person's involvement in the investigation.

Exhibit 1.

When Mesa County, through its attorneys, identified to Ms. Bouricius's counsel that the requested testimony in Matter 6 was protected by the attorney-client privilege, Ms. Bouricius's counsel asserted that once a defendant raises a good-faith defense (also commonly referred to in employment matters as the "*Farragher/Ellerth* defense") as Mesa County had in its Amended Answer (*see* Affirmative Defenses K, M, and R), the attorney-client privilege is completely waived. Ms. Bouricius's counsel repeated this assertion in the Joint Statement of Issues in Preparation for Discovery Hearing on April 1, 2019 (*see* page 2), submitted to this Court, and during the Discovery Hearing held on April 1, 2019. Ms. Bouricius's assertion that Mesa County waived its attorney-client privilege by asserting the identified Affirmative Defenses is without merit for two reasons.

First, Mesa County has not waived its attorney-client privilege because at no time has Mesa County identified that the investigation it conducted nor information it collected after Mesa County received Ms. Bouricius's Charge was part of its Affirmative Defenses. *See* Mesa County's

Amended Answer (Doc 39), Affirmative Defenses K, M, and R. Such identification is a condition precedent to the waiver of the attorney-client privilege. *See* Memorandum, page 4.

Further, so as to avoid any confusion regarding Mesa County's position regarding its investigation into Ms. Bouricius's Charge, Mesa County identifies in this Memorandum that it has not, nor will it during this litigation, rely on any post-termination investigation or collection of information that it relied on in preparing its response to Ms. Bouricius's Charge as part of its good-faith affirmative defense. *See* Mesa County's Amended Answer (Doc39), Affirmative Defenses K, M, and R. Mesa County further states that it has no intention of using its investigation into Ms. Bouricius's Charge filed with the Colorado Civil Rights Division to avoid liability in this litigation. Accordingly, as neither the investigation into Ms. Bouricius's Charge filed with the Colorado Civil Rights Division, nor the steps it took in the preparation of the response Mesa County submitted to the Colorado Civil Rights Division regarding that Charge, form the basis of Mesa County's Affirmative Defenses, Mesa County has not waived its attorney-client privilege.

Second, while Ms. Bouricius's counsel argued during the Discovery Hearing that courts hold that once a defendant asserts a good-faith defense, the attorney-client privilege is waived, Ms. Bouricius's counsel is, in fact, incorrect.

Instead, as explained in *Robinson v. Vineyard Vines, LLC*, 15 Civ. 4972 (VB)(JCM), 2016 WL 845283 (S.D.N.Y., March 4, 2016), Mesa County's identification of its Affirmative Defenses K, M, and R do not waive its attorney-client privilege. In *Robinson*, the court addressed a discovery dispute in which the plaintiff alleged that the defendant waived claims of privilege when it claimed that it "reasonably investigated Plaintiff's claims." *Id*. at *1. In that case, the plaintiff made

4

complaints related to her employment but the defendant did not engage counsel to undertake an investigation until after it learned that a Charge of Discrimination was forthcoming and after the defendant received a letter from the plaintiff's attorney that stated, "for Settlement Purposes Only." *Id*. at *1-*2. Then, after the plaintiff in the *Robinson* case filed a lawsuit, the defendant set forth an affirmative defense that stated:

> Plaintiff's Complaint is barred, in whole or in part, because at the time of the alleged events set forth in Plaintiff's Complaint, Defendant [Vineyard Vines] *[sic]* had in place policies against the conduct alleged and Plaintiff unreasonably failed to avail herself of those remedial measures and/or to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

*Id*. at *5. The defendant also stated that it was "not asserting that they conducted any investigation into Plaintiff's claims during Plaintiff's term of employment." *Id*.

The court held that privileges were not waived and, in fact, the work-product privilege protected the defendant's investigation from discovery because the "Defendants have clarified that they never meant to assert a *Faragher/Ellerth* defense, or are at the very least 'dropping the asserted defense,' as to any investigation conducted into Plaintiff's claims on behalf of Vineyard Vines." *Id*. at *5-*6. *See also Crutcher-Sanchez v. County of Dakota, Neb.*, 09CV288, 2011 WL 612061 (D.Neb., Feb. 10, 2011) (the attorney-client privilege and work product privilege applied to investigation documents where "the defendants [do not] rely on the adequacy of the investigation as an affirmative defense."). *See also Geller v. North Shore Long Island Jewish Health Sys.,* 2011 WL 5507572, at *3 (E.D.N.Y. Nov. 9, 2011) (defendants did not waive privilege where counsel affirmatively represented to the court that defendants had no intention of using the investigation to avoid liability). *See also* Miriam F. Clark et al., *Timing Is Everything: Recent Case*

*Law on the Waiver of Attorney Client/Work-Product Privilege When an Employer Asserts the Faragher Ellerth Defense*, Current Developments in Employment Law (American Law Institute Continuing Legal Education), July 2017, available at SZ002 ALI-CLE 2939.

Similarly in this case, Ms. Bouricius filed a Charge after her employment with Mesa County ended. Exhibit 3. Mesa County's in-house attorney, Nina Atencio, conducted an investigation for purposes of responding to Ms. Bouricius's Charge after Ms. Bouricius's employment ended and after Mesa County received a copy of Ms. Bouricius's Charge. Exhibit 4. Further, as Mesa County represented to the Court during the April 1, 2019, Discovery Hearing, and as it reiterates herein, Mesa County does not rely on any investigation it undertook after Ms. Bouricius filed a Charge for purposes of establishing a *Faragher/Ellerth* or good faith defense. As a result, Mesa County has not waived its attorney-client privilege with respect to the investigation undertaken by County Attorney Atencio after receiving Ms. Bouricius's Charge.

Moreover, the work-product doctrine shields the investigation that County Attorney Atencio conducted after receiving Ms. Bouricius's Charge from disclosure. That is, F.R.C.P. 26(b)(3) precludes discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Preparing a response to a charge of discrimination is performed "in anticipation of litigation." *See*, *e.g.*, *Martin v. Monfort, Inc.*, 150 F.R.D. 172, 173 (D.Colo. 1993). *See also Robinson*, 2016 WL 845283, *3 (holding that investigation-related documents were protected from disclosure where the documents were

prepared after the defendant received notice that the plaintiff made a police report and intended or already had filed a charge of discrimination with New York's fair employment practices agency).

Consequently, Mesa County requests the Court deny Ms. Bouricius's attempt to depose Mesa County regarding Matter 6 and enter an order to this effect.

### III. Whether Mesa County must respond to Requests for the Production of Documents 8 and 9, which relate to whether Mesa County actually experienced budget limitations, leading to the layoff that involved Ms. Bouricius.

In her Request for Production 8 (misnumbered as 1), Ms. Bouricius asked Mesa County to produce:

> Any and all documents related to the 2015 wage study commissioned by Mesa County including, but not limited to: the 2015 wage study and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including documents related to County Board meetings and executive sessions, County Commissioner correspondence, notes, calendar entries, and any and all presentation materials, source materials and/or contracts related to same.

Exhibit 5, p. 3. Further, Ms. Bouricius's Request for Production 9 (misnumbered as 2) asked Mesa County to produce:

> Any and all documents related to Mesa County Clerk and Recorder Sheila Reiner's panel formed to compare county wages to other county governments including, but not limited to any and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including County Board meetings and executive sessions, notes, calendar entries, presentation materials, source materials and contracts.

*Id.* at p. 5. Thus, both Requests for Production 8 and 9 relate to a "wage study" undertaken by Mesa County. The Court should deny Ms. Bouricius the opportunity to obtain such documents because the documents are irrelevant to this litigation.

> Initially, F.R.C.P. 26(b)(1) permits:
>
> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Relevant information is "broadly construed, and a request for discovery should be considered if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Bonanno v. Quizno's Franchise Co., LLC*, 255 F.R.D. 550, 552 (D.Colo. 2009) (citations omitted).

In this case, any request for information about or related to a wage study, including the requests made in Requests for Production 8 and 9, are not relevant to any claims or defenses at issue in this case because Frank Whidden, the individual who made the decision to lay off Ms. Bouricius, did not rely on any wage study as part of his decision to lay off Ms. Bouricius. Exhibit 6. Thus, if the wage study and related information played no part in the employment decision at issue in this case—Ms. Bouricius's lay off—it cannot be relevant to Ms. Bouricius's claims or to Mesa County's defenses.

Further, Ms. Bouricius's insistence that Mesa County must provide more information regarding its stated deliberative process privilege is misplaced. Joint Statement of Issues In Preparation for Discovery Hearing on April 1, 2019, pp. 3-4. That is, C.R.S. § 24-72-204(3)(a)(XIII) explains that in response to a request filed pursuant to the Colorado Open Records Act ("CORA"), the custodian of the requested records must provide certain information if the

custodian asserts a governmental or deliberative process privilege. In this case, Ms. Bouricius did not file a CORA request; rather, she filed Requests for the Production of Documents pursuant to F.R.C.P. 34. As a result, Mesa County is not under the same obligation in responding to Requests for the Production of Documents as it is in responding to CORA requests, meaning that the obligations related to responding to CORA requests is not before this Court.

For these reasons, Mesa County requests the Court deny Ms. Bouricius's attempts to gain information about an irrelevant wage study and to require Mesa County to provide any further information in response to Requests for Production 8 and 9 since a CORA request is not before this Court, and enter an order to this effect.

## IV.     Conclusion.

The discovery documents and information that Ms. Bouricius seeks via F.R.C.P. 30(b)(6) Notice, Matter 6 and via Requests for Production 8 and 9 should be denied. First, Ms. Bouricius's Matter 6 improperly fringes upon Mesa County's attorney-client privilege and work product doctrine rights, both privileges Mesa County has not waived in this case. Further, Requests for Production 8 and 9 request information that formed no part of Ms. Bouricius's allegations or Mesa County's defenses and, in addition, CORA matters are not properly before this Court. As a result, Mesa County respectfully requests the Court to strike Ms. Bouricius's F.R.C.P. 30(b)(6) Notice, Matter 6 and to prevent Ms. Bouricius from seeking any additional information about or related to Requests for Production 8 and 9.

Respectfully submitted this 8th day of April 2019.

BECHTEL SANTO & SEVERN

*s/ Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, CO   81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Email: severn@bechtelsanto.com
           santo@bechtelsanto.com
Attorneys for Defendant Mesa County

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF DISCOVERY DISPUTE** was served this 8th day of April 2019, via CM/ECF to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney