IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 18-cv-01144-WYD-STV**

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the MESA COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendant.

---

**SECOND REVISED NOTICE OF 30(b)(6) DEPOSITION**

---

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 26 & 30(b)(6), Plaintiff Bouricius will take the deposition upon oral examination of Frank Whidden (Matters 1-5, 8-11, 15-20, 24, 25, and 27-29) on April 4, 2019, and all other deponents identified by Defendant Mesa County for Matter 6, on April 3, 2019, beginning at the hour of 9:00 a.m. and continuing from day to day until completed, at the Hampton Inn Grand Junction Downtown, 205 Main Street, Grand Junction, CO 81501, before a certified shorthand reporter, and with respect to the following subjects:

**Definitions Applicable to Notice**

"**Mesa County**" or "**Defendant**" means the Defendant in this action, Mesa County, by and through the Mesa County Board of County Commissioners, as well as anyone acting for or on behalf of Mesa County, including without limitation past and present agents, employees, county commissioners, elected officials, insurance companies, attorneys, consultants and

1

**EXHIBIT 1**

investigators, and their respective agents and employees.

"**Defendant's Answer**" means Defendant's **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** filed by Defendant on July 10, 2018.

### Plaintiff's Termination

**Matter 1.** A complete and detailed description of the process by which Plaintiff was selected for termination, including:

a. the identity of each person who was involved in, had input into, or voted on the decision to terminate Plaintiff's employment;

b. a description of each such person's role in the decision to terminate Plaintiff's employment;

c. the date of each meeting and/or communication during which Plaintiff's termination was discussed and the participants in each such communication and/or meeting; and

d. a description of the documents and/or information reviewed or relied upon by each such individual in participating in the decision to terminate Plaintiff's employment.

e. The factual basis for the following assertion in Defendant's Answer: "Defendants deny the allegations contained in paragraph 4 of the Complaint."

**Matter 2.** A complete and detailed description of each and every material reason why Plaintiff was selected for termination, including a description of all skills which Plaintiff was deemed to be lacking in comparison with individuals not selected for termination.

**EXHIBIT 1**

**Matter 3.**   For each skill Plaintiff was deemed to be lacking in comparison with individuals not selected for termination, the identity of each person who were identified as being more skilled the Plaintiff.

**Matter 4.**   Identification of all persons with personal knowledge which supports Mesa County's defense that Ms. Bouricius was selected to be laid off for legitimate nondiscriminatory reasons.

**Matter 5.**   A complete and detailed description of the documents which Defendant's designee(s) reviewed to prepare to testify about Matters 1 through 5, including a description of the names, locations, and contents of such documents.

### Defendant's Investigation Into Allegations of Discrimination

**Matter 6.**   A complete and detailed description of the steps that Mesa County took to investigate the allegations in Plaintiff's January 26, 2017 charge of discrimination that she was selected for layoff from Mesa County because of her age, including the identity of all persons who gathered information or documents, provided information or documents, reviewed information or documents, interviewed witnesses, made credibility determinations, discussed the allegations in connection with the investigation, made recommendations, made decisions, and/or reviewed or approved decisions; and a detailed description of each such person's involvement in the investigation.

### Denials in Defendant's Answer

**Matter 8.**   The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 3 of the Complaint."

3

**EXHIBIT 1**

**Matter 9.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 4 of the Complaint."

**Matter 10.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 5 of the Complaint."

**Matter 11.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 6 of the Complaint."

**Matter 15.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 22 of the Complaint."

**Matter 16.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 25 of the Complaint."

**Matter 17.** The factual basis for Defendant's denial of any allegation set forth in Paragraph 26 of the Complaint.

**Matter 18.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 27 of the Complaint."

**Matter 19.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 28 of the Complaint."

**Matter 20.** The factual basis for the following assertion in Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 29 of the Complaint."

<u>**Defenses**</u>

**Matter 24.** The factual basis for the following defense asserted in Defendant's Answer: "Mesa County undertook actions in good faith that were based on legitimate, lawful,

justified, and nondiscriminatory reasons and were based on reasonable factors other than Ms. Bouricius's age."

**Matter 25.** The factual basis for the assertion that Defendants made good faith efforts to implement is non-discrimination policies in the workplace.

**Matter 27.** The factual basis for the assertion that the conduct of Defendants was "a just and proper exercise of Defendants management discretion, statutory, and constitutional authority, and undertaken in good faith."

**Matter 28.** The factual basis for all assertions made by Defendant in its Answer that Ms. Bouricius' claims must be dismissed because of any alleged conduct by Plaintiff, or alleged failure on her part.

**Matter 29.** The factual basis for the following defense asserted in Defendant's Answer: "Any unlawful acts or omissions that Ms. Bouricius alleges, which Mesa County denies, occurred, if at all, outside the scope or course of the alleged actor's employment and were not authorized, ratified, or sanctioned by Mesa County."

Dated: March 11, 2019

King & Greisen, LLP

*s/ Paula Greisen*
Paula Greisen
Julie K. Bisbee
1670 York Street
Denver, Colorado 80206
(303) 298-9878
(303) 298-9879 (fax)
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

5

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of March 2019, the foregoing **SECOND REVISED NOTICE OF 30(b)(6) DEPOSITION** was served via electronic mail to the following addresses:

Alicia W. Severn
Michael C. Santo
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant*

                                            *s/ Laurie A. Mool*

**EXHIBIT 1**