THE LAW FIRM OF
# BECHTEL SANTO & SEVERN

December 8, 2018

Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, Colorado 80206
*Sent via email: greisen@kinggreisen.com*

    Re:    *Bouricius v. Mesa County*: Plaintiff's Notice of F.R.C.P. 30(b)(6) deposition.

Dear Paula,

    Thank you for providing us with the notice of the F.R.C.P. 30(b)(6) deposition for Mesa County. We are writing today pursuant to D.C.COLO.LCivR 7.1 in an attempt to clarify a few matters so that Mesa County can ensure that appropriate person(s) are available for the deposition and to avoid the need to file a motion to quash or a motion for a protective order with the court with respect to Ms. Bouricius's F.R.C.P. 30(b)(6) notice of deposition.

    That is, we believe some topics identified in the deposition notice are inappropriate for a F.R.C.P. 30(b)(6) deposition, and we ask that these topics be stricken from, or clarified in, the notice. Those topics are:

    1.    **Topics that necessarily implicate the attorney-client privilege and/or the work product doctrine.**

    Inherent in many topics identified in the notice of F.R.C.P. 30(b)(6) deposition are requests for counsel's mental impressions, knowledge, and legal conclusions. These are not proper topics for a corporate deposition.

    That is, the 10th Circuit recognizes both the attorney-client privilege and the work-product doctrine. The attorney-client privilege protects information when five elements are present: "(i) the asserted holder of the privilege is or sought to become a client, (ii) the person to whom the communication was made is an attorney, or his subordinate, (iii) the communication is made in connection with the person's role as a lawyer, (iv) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing legal advice, services or assistance, and not for the purpose of committing a crime or tort, and (v) no waiver has occurred." *In re Grand Jury 90-1*, 758 F.Supp. 1411, 1413 (D.Colo. 1991) (*citing In re Inv. Bankers, Inc.*, 30 B.R. 883, 888 (Bankr.D.Colo. 1983)). In addition, the work-product doctrine is set forth in F.R.C.P. 26(b)(3). Tenth Circuit courts recognize that "'[a]t its core,

**EXHIBIT 2**

205 N. 4th Street, Suite 300    Grand Junction, CO 81501    Phone 970-683-5888    Fax 970-683-5887

the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *In re Qwest Communications Intern. Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) (*citing United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160 (1975)). Courts explain that proposed depositions that purport to glean protected communications through the avenue of a deposition are improper.

For example, in *In re Linerboard Antitrust Litigation*, 237 F.R.D. 373 (E.D.Pa. 2006), the court considered whether it was proper for the plaintiff to inquire into knowledge that in-house counsel obtained during his investigation. Relying on the work-product doctrine, the court explained that internal investigation materials were prepared "in anticipation of litigation" so as to fall within the protection of the work-product doctrine. *Id.* at 381 (*citing Upjohn Co. v. United States*, 101 S.Ct. 677 (1981)). In prohibiting the corporate deposition to include questions regarding counsel's investigation, the court relied on *SEC v. Buntrock*, 2004 WL 1470278 (N.D.Ill., June 29, 2004) and held that the "plaintiffs' request for a Rule 30(b)(6) witness requires the conveying of [the attorney's] recollection and, therefore, is the functional equivalent of deposing him." *Id.* at 385. Generally, deposing opposing counsel is not permitted, absent unusual circumstances. *Id.* Indeed, "the information [about the attorney's internal investigation] requested by plaintiffs, even to the extent it contains factual content, is so intertwined with [the attorney's] mental impressions that it constitutes opinion work product." *Id.* at 386 (citing support for this assertion).

Another court reached a similar conclusion in *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809 (D.Md., June 22, 2010). In that case, the defendant sought to depose the E.E.O.C. regarding a number of topics relating to the handling of the case at issue. *Id.* at *1. The court held that the proposed topics asked "for how EEOC's counsel has marshalled the facts learned during its investigation in support of its case." *Id.* at *6. Since other discovery was available, and since the deposition topics encroached on the work-product doctrine's protections, the E.E.O.C. was not required to provide testimony on these topics. *Id.*

In this case, topic Matter 6 implicates both Mesa County's attorney-client privilege and work-product doctrine protections. Mesa County states that its in-house attorney, Andrea Nina Atencio, conducted an investigation into the allegations asserted in Ms. Bouricius's Charge of Discrimination. Ms. Atencio is an attorney for Mesa County. Therefore, providing "complete and detailed description[s]" of Ms. Atencio's conduct is wholly intertwined with her discussions with her client, Mesa County, and with her opinions and legal advice. As a result, Matter 6 improperly intrudes upon information that is protected under the attorney-client privilege and the work-product doctrine. Consequently, Mesa County requests that you strike Matter 6 from the notice of F.R.C.P. 30(b)(6) deposition topics.

      2.     **Topics that require a legal assessment.**

In addition to Matter 6, which requests Mesa County to disclose information protected by the attorney-client privilege and the work-product doctrine, other topics also bear on these privileges because they request a witness to parse out Mesa County's legal analyses and legal conclusions. These topics are not properly part of a F.R.C.P. 30(b)(6) deposition.

In *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D.Kan. 1996), a plaintiff's F.R.C.P. 30(b)(6) deposition notice requested that a corporation "testify about facts supporting numerous paragraphs of [the corporation's] denials and affirmative defenses in its Answer and Counterclaims." The court held that while the plaintiff "has a right to discover the facts upon which [the corporation] will rely for its defense and counterclaims, [the plaintiff's] attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege concerns…" *Id*. The court expressly stated that the corporation "is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim." *Id*.

Although Mesa County did not assert any counterclaims against Ms. Bouricius in this case, many topics identified in Ms. Bouricius's F.R.C.P. 30(b)(6) deposition notice require Mesa County to "marshal all of its factual proof" regarding its denials and/or defenses. Thus, these topics require Mesa County to testify regarding its legal analyses, legal opinions, legal conclusions, legal advice, and protected communications and/or information, which are protected by attorney-client privilege and work-product doctrine protections, and these topics are overbroad, inefficient, and unreasonable. These topics are:

      a.     Matter 12, which purports to require Mesa County to provide "factual basis" for its denial to paragraph 11 in Ms. Bouricius's Complaint. Paragraph 11 in Ms. Bouricius's Complaint asserted that "[a]ll procedural prerequisites for filing this suit have been met." While Mesa County admitted part of the statements asserted in paragraph 11, it did not admit all of them. So, the topic set out in Matter 12 purports to require Mesa County to provide its legal analyses, legal opinions, legal conclusions, and provide its legal advice as to the way(s) in which Ms. Bouricius may not have satisfied all procedural prerequisites for filing her lawsuit. Procedural prerequisites are legal requirements. *Aronson v. Gressly*, 961 F.2d 907, 911 (10th Cir. 1992). So, this topic Matter 12 seeks Mesa County's legal analysis, opinion, conclusions, and advice of a legal matter and demands that Mesa County discuss this matter despite the protections of the attorney-client privilege and work-product doctrine. This topic Matter 12 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

      b.     Matter 13, which purports to require Mesa County to provide "factual basis" for its denial to paragraph 13 in Ms. Bouricius's Complaint. As with paragraph 11 in Ms. Bouricius's Complaint, paragraph 13 also relates to procedural prerequisites. For the reasons set forth above with respect to topic Matter 12, this topic Matter 13 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

      c.     Matter 14, which purports to require Mesa County to provide "factual basis" for its denial to paragraph 18 in Ms. Bouricius's Complaint. Paragraph 18 in Ms. Bouricius's Complaint relates to Mesa County's legal representatives and actors. Mesa County denied Ms. Bouricius's statement in paragraph 18 of her Complaint. This topic Matter 14 now purports to require Mesa County to identify its legal analyses, legal opinions, legal conclusions, and advice provided to Mesa County regarding its agents. Thus, this topic Matter 14 intrudes upon matters that are protected by law and is not appropriate for a F.R.C.P. 30(b)(6) deposition.

d. Matter 21, which purports to require Mesa County to provide "factual basis" for its defense, "The claims set forth in the Complaint are frivolous, vexatious, and without substantial justification." Thus, this topic purports to require Mesa County to provide the legal analyses, legal opinions, legal conclusions, and advice made and/or given by its attorneys with respect to this defense. Because of the protected nature of these discussions, this topic Matter 21 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

e. Matter 22, which purports to require Mesa County to provide "factual basis" for its defense, "The Complaint and the claims set forth therein are barred because of the intentional acts of Ms. Bouricius and by the doctrines of wavier [sic], estoppel, and unclean hands." Initially, Mesa County's deposition of Ms. Bouricius will address this defense. Further, this topic also purports to require Mesa County to provide the legal analyses, legal opinions, legal conclusions, and advice made and/or given by its attorneys with the way in which waiver, estoppel, and unclean hands are at issue. Because of the protected nature of these discussions, this topic Matter 222 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

f. Matter 23, which purports to require Mesa County to provide "factual basis" for its defense, "The claims for damages asserted in the Complaint are barred, in whole or in part, by Ms. Bouricius's failure to mitigate her damages." Initially, Mesa County's deposition of Ms. Bouricius will address this defense. Further, this topic also purports to require Mesa County to provide the legal analyses, legal opinions, legal conclusions, and advice made and/or given by its attorneys with the way in which Ms. Bouricius's mitigation of her damages are at issue in this case. Because of the protected nature of these discussions, this topic Matter 23 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

g. Matter 26, which purports to require Mesa County to provide "factual basis" for its defense, "Any damages are barred or reduced by the actions of Ms. Bouricius," and Mesa County's after-acquired evidence defense. Initially, Mesa County's deposition of Ms. Bouricius will address these defenses. Further, this topic also purports to require Mesa County to provide the legal analyses, legal opinions, legal conclusions, and advice made and/or given by its attorneys with the way in which after-acquired evidence and/or Ms. Bouricius's conduct is at issue, even though discovery is ongoing in this case. Because of the protected nature of these discussions, this topic Matter 26 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

h. Matter 30, which purports to require Mesa County to provide "factual basis" for its defense "under the business judgment rule." This topic purports to require Mesa County to provide the legal analyses, legal opinions, legal conclusions, and advice made and/or given by its attorneys with the way in which the business judgment rule is applicable to the facts of this case. Because of the protected nature of these discussions, this topic Matter 30 is not appropriate for a F.R.C.P. 30(b)(6) deposition.

3. **Topics that require clarification.**

In Matter 7, you requested "[a] complete and detailed description of all anti-discrimination trainings…" It is not clear what is meant by the words "all anti-discrimination trainings." That is, is the intention to depose Mesa County regarding anti-discrimination trainings under any statute,

including Title III, Title VII, and/or other anti-discrimination statutes or regulations? Or is the intention to limit this topic to anti-discrimination trainings that involved an age-related component since Ms. Bouricius's sole claim is brought pursuant to the Age Discrimination in Employment Act? Please clarify this Matter 7.

### 4. Waiver of an affirmative defense.

In Matter 29, you requested to depose Mesa County regarding its defense, "Any unlawful acts or omissions that Ms. Bouricius alleges, which Mesa County denies, occurred, if at all, outside the scope or course of the alleged actor's employment and were not authorized, ratified, or sanctioned by Mesa County." Upon further review, Mesa County is willing to strike its Defense S from its Answer. With your consent, Mesa County will file an Amended Answer so striking Defense S.

Please let us know if you would like to schedule a conference call to discuss these topics in more detail. We look forward to resolving these matters with you without the need to seek the court's intervention.

Sincerely,

Alicia Severn
Michael Santo

**EXHIBIT 2**