IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

   Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

   Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's Second Request for the Production of Documents ("Discovery Requests").

### General Objections

Mesa County objects to Plaintiff's Discovery Requests to the extent that she asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 1-5 of Plaintiff's Discovery Requests.

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 4, numbered paragraph 8, Plaintiff explains that Mesa

**EXHIBIT 5**

County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis *[sic]* for the privilege invoked" if "any evidentiary privilege is asserted." However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent she seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent she seeks such information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that she seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

**EXHIBIT 5**

## REQUESTS FOR PRODUCTION

8 (formerly numbered 1).[1] Any and all documents related to the 2015 wage study commissioned by Mesa County including, but not limited to: the 2015 wage study and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including documents related to County Board meetings and executive sessions, County Commissioner correspondence, notes, calendar entries, and any and all presentation materials, source materials and/or contracts related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 8:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 8 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, the amount of employees' wages, other than Ms. Bouricius's own wages, and the way in which Mesa County decided on amounts of pay are not at issue and are irrelevant. Consequently, this Request for Production 8 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 8 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 8 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to

---

[1] Mesa County renumbered the Plaintiff's Requests for the Production of Documents based on the seven (7) Requests for Production previously submitted by the Plaintiff to Mesa County on July 16, 2018.

**EXHIBIT 5**

paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 8 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 8 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "wage

**EXHIBIT 5**

study." That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

       9 (formerly numbered 2). Any and all documents related to Mesa County Clerk and Recorder Sheila Reiner's panel formed to compare county wages to other county governments including, but not limited to any and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including County Board meetings and executive sessions, notes, calendar entries, presentation materials, source materials and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION 9:** *See* Mesa County's General Objections, set forth above.

       Mesa County objects to this Request for Production 9 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, any comparison of wages that Mesa County may or may not have undertaken with respect to other governmental entities is irrelevant. Consequently, this Request for Production 9 is overbroad, irrelevant, and not proportional to the needs of this case.

       Further, to the extent that this Request for Production 9 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 9 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told

**EXHIBIT 5**

the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination, nor any wage-related comparison that Mesa County may or may not have taken with respect to other government entities. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 9 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 9 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "comparison" of county wages. That said, and without waiving these objections, Mesa County identifies and

**EXHIBIT 5**

produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

10 (formerly numbered 3). Any and all documents related to 2018 wages increases for County Administrator Frank Whidden, Patrick Coleman and Pete Baier, including, but not limited to: County Board meeting minutes, agendas, transcripts of hearings, public comment, budget materials and analysis; any and all correspondence, including emails and text messages; any and all personnel records, reviews and/or performance evaluations related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 10:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 10 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, wage increases that occurred in 2018, which occurred after an election in 2017 in which the local sales tax was raised, are not at issue and have no bearing on Ms. Bouricius's sole claim related to her separation from employment in 2016. Consequently, this Request for Production 10 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 10 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 10 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told

**EXHIBIT 5**

the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 10 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5695-5699.

11 (formerly numbered 4). Any and all documents related to County Administrator Frank Whidden's submissions for reimbursement from Mesa County, or any other expenditures or leave requests approved for or signed by Frank Whidden for his personal benefit or his County-related expenses since January 1, 2016.

**EXHIBIT 5**

**RESPONSE TO REQUEST FOR PRODUCTION 11:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 11 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Any reimbursement that Mesa County made to Mr. Whidden since January 1, 2016, is unrelated to Ms. Bouricius's separation from employment. Thus, Mr. Whidden's reimbursements from Mesa County are not at issue and are irrelevant. Consequently, this Request for Production 11 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 11 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 11 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms.

**EXHIBIT 5**

Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 11 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with respect to the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5700-5732.

Respectfully submitted this 12th day of March 2019.

               BECHTEL SANTO & SEVERN

              By: *s/Alicia W. Severn*
                 Alicia W. Severn, #42432
                 Michael C. Santo, #24083
                 205 N. 4th Street, Suite 300
                 Grand Junction, Colorado 81501
                 Telephone: (970) 683-5888
                 Facsimile: (970) 683-5887
                 Attorneys for Defendant

**EXHIBIT 5**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served this 12th day of March 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

                                         *s/ Alicia W. Severn*
                                         Alicia W. Severn, attorney

**EXHIBIT 5**