# EXHIBIT B



# MESA COUNTY ATTORNEY'S OFFICE

Mailing Address:  P.O. Box 20,000, Dept. 5004, Grand Junction, Colorado 81502
Physical Address: 544 Rood Ave., 2nd Floor Annex, Grand Junction, Colorado 81501
Telephone: (970) 244-1612    Facsimile: (970) 255-7196

March 29, 2017

Colorado Department of Regulatory Agencies
Colorado Division of Civil Rights
Attn: Teri Devlin
1560 Broadway Street, Suite 1050
Denver, CO 80202

via email: teresa.devlin@state.co.us

      Re:    Complaint #FE481263
               Claimant:  Debra Bouricius
               Response to Request for Information (RFI)

Dear Ms. Devlin:

      We submit this response on behalf of Mesa County, a political subdivision of the State of Colorado ("Mesa County") in response to the Charge of Discrimination submitted by Ms. Debra Bouricius. As an initial matter, Mesa County denies Ms. Bouricius' Charge that Mesa County discriminated against her based on her age. Mesa County has been and continues to deal with significant revenue shortage as a result of a decreased tax base stemming from economic issues facing Mesa County. Ms. Bouricius' layoff was a result of the significant budgetary issues facing Mesa County. Ms. Bouricius was one of five Sr. Business Systems Analysts (Sr. SBA) of the IT Department, and one of two Sr. SBAs who were laid off. When weighing the skill sets of the Sr. SBAs, Ms. Bouricius' skills were not as strong as the other Sr. SBAs. Ms Bouricius' layoff was the unfortunate result of the difficult budgetary shortfalls Mesa County has been and continues to face. Thus, Mesa County requests the Colorado Civil Rights Division determine that Ms. Bouricius' Charge lacks probable cause.

## RESPONSE TO CHARGE

Mesa County responds to the information requested by the CCRD as follows:

1. The full and correct name of the company if it is incorrect on the administrative complaint. Please specify your form of organization (e g. LLC, PC, Ltd). Identify any person who should be copied on the correspondence and provide their contact information (e.g. e-mail address, telephone number). In addition, if there is another company or entity who you believe may be jointly responsible for the alleged adverse action (e.g. a parent corporation, staffing agency, etc.) please provide identifying information.

**DEF 105**

**RESPONSE:** The correct name is: Mesa County, a political subdivision of the State of Colorado. Mesa County requests that the CCRD direct all future correspondence and requests for information to the Mesa County Attorney's Office, attention Nina Atencio, P.O. Box 20,000-5004, Grand Junction, Colorado, 81501.

2. Describe the nature of the business (type of goods or services it provides).

**RESPONSE:** Mesa County is a statutorily created political subdivision of the State of Colorado. By statute, Mesa County provides a variety of services to the citizens of Mesa County. As it relates to Ms. Bouricius' Charge, Ms. Bouricius was employed in the IT Department which is responsible for providing IT related services to the employees, departments and offices of elected officials of Mesa County.

3. Indicate if there are currently more or less than fifteen (15) employees. If there are less than fifteen (15), provide a list of all persons employed within the past two-year period. For each cited person, indicate his or her dates of employment. (For cases in which age is involved, indicate if there are more or less than twenty (20) employees.)

**RESPONSE:** Mesa County currently employs more than 15 employees, and at no time during Ms Bouricius' employment did Mesa County employ less than 15 employees.

4. A "position statement" which responds fully and specifically to all allegations of discrimination presented in the Charge of Discrimination. If possible, please provide the statement in chronological order. Include the following:

### Response to Information in Ms. Bouricius' Charge

Mesa County is a political subdivision of the State of Colorado, which provides a variety of services to the citizens of Mesa County. Mesa County has 10 elected officials, 3 of whom serve as the Board of County Commissioners (BOCC). Mesa County provides many services to its citizens by being stewards of the tax revenue it receives. The functions the BOCC is statutorily charged with adopting an annual budget which includes anticipated revenues for the budget year, corresponding actual figures for the prior fiscal year and estimated figures projected through the end of the current fiscal year, which budget shall not allow for expenditures in excess of available revenues and beginning fund balances. C.R.S. §29-1-103. The BOCC has "exclusive power to adopt the annual budget for the operation of the county government, including all offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations." C.R.S. §30-11-107(2).

Due to significant decreases in projected revenues, Mesa County was projecting a $1.7 million budget deficit for 2017. *See Attachment 1.* It is important to note that these budgetary issues were not unique to Mesa County. The City of Grand Junction, too, was addressing a significant budgetary deficit. *See Attachment 2.* Further, the County faced a significant hurdle with the increase need for funding for public safety. Mesa County is experiencing significant increases in crime incidents and prosecutions related to those incidents, yet it lacks the staffing levels to address their increased needs. *See Attachment 3.* To address this need, coupled with the projected significant revenue loss, the BOCC determined that cuts were needed. To this end, Frank Whidden, the Mesa County Administrator, looked at departments within his control to find greater efficiencies to address these restrictive budgetary times. It should be noted that these budgetary issues remain today, with the most recent report being that all departments and elected official offices are to cut five percent (5%) from their current budgetary allotment due to continued decline in anticipated revenue. *See Attachment 4.*

DEF 106

Mr. Whidden was hired in 2011 as Mesa County's IT Director. Mr. Whidden continued to oversee the IT Department when he was promoted to Deputy Administrator for Resource Management, and later, when he was appointed Mesa County Administrator in December of 2014. In his role as County Administrator, Mr. Whidden also acts as the Human Resources Director.

Ms. Bouricius began her career with Mesa County in approximately 1990 as an Applications Analyst. She held the position of Sr. SBA when she was laid off. As a Sr. SBA, her essential job functions, in part, were to provide support to applications, act as liaison between the various user departments, performing project management duties, and ensure adherence to security policies. *See Attachment 5.*

At the time of the reduction in workforce, the IT Department had five Sr. SBAs. Three were women, two were men. The average age of the Sr. SBAs is 53. Two Sr. SBAs were laid off; Ms. Bouricius and Mr. David Barnett. Six employees were laid off from the IT Department. Also around this time, four employees from the Clerk and Recorder's Office were laid off, plus two employees from the Operations Division of Mesa County were reduced to .5 FTE. *See Attachment 6.*

Of the six employees laid off in the IT Department, 3 were male, 3 were female. The average age of the six is 54. When looking at this data through the lens of the IT Department as a whole, at the time of the layoffs, the IT Department had 25 employees with an average age of 47 years old. Eight of the 25 employees were female. Of the 25 employees, 72% are in a protected category for age. The resulting reduction in workforce within the IT Department netted approximately $500,000 savings for the County.

Ms. Bouricius alleges that her lay-off was due to discrimination based on her age. Mesa County denies these allegations and responds more specifically as follows:

When a reduction in workforce is necessary in a department, it is reasonable for the employer to look at the skill sets of its employees, and where their strengths and weaknesses lie. It is also reasonable for an employer to consider, based upon these strengths and weakness, which employee could absorb additional functions which would result in a reduction in workforce. Ms. Bouricius' primary function as one of five Sr. BSAs was to provide support for the IT systems and applications, provide customer service through acting as a liaison, and project management. While able to perform the other essential functions of a Sr. BSA, her performance was not as strong in these other functions as were the remaining three Sr. BSAs. Thus, the determination to lay off Ms. Bouricius was based on the strengths and weaknesses of her skills.

Ms. Bouricius, however, alleges that she was discriminated against due to her age. She contends that she was the oldest and most senior Sr. BSA. Ms. Bouricius, however, is incorrect in this statement. Of the five Sr. BSAs, one other is 57 years old, the same age as Ms. Bouricius. Two of the Sr. BSAs are 52 years old, while the youngest, Mr. Barnett, is 47 years old. He, too, was laid off.

Ms. Bouricius further claims that because she had more seniority than the others, her lay off demonstrates age discrimination and is in violation of Mesa County's Personnel Policy and Procedure Manual. Section 8.03 of Mesa County's Human Resources Policies and Procedures Manual (Manual), as provided herein as Attachment 7, states, in relevant part:

> In determining the individual employees to be laid off, the following will apply:
>
> Among regular employees, the director will have the option to lay off employees as deemed necessary and appropriate. The following items must be considered,

3

in light of the needs of the department. These factors shall be taken into account in the order indicated:

A. Performance of the employee;

B. *Special abilities the employee may possess*

In the event that the selection cannot be made on the above basis, the determining factor will be time employed by the County in a given position and the demand for that position within the proposed division reorganization. (Emphasis added).

Mesa County looked at the skill sets between the Sr. BSAs and determined that Ms. Bouricius lacked the strength of those Sr. BSAs who were not laid off. Specifically, she was not as proficient regarding systems Sr. BSAs support, customer service, or documentation skills. A review of her personnel file supports this. In her December of 2015 performance evaluation, a goal for 2016 was "to develop technical and organizational skills; develop positive working relationships with co-workers and customers." *See Attachment 8.* In her 2014 performance evaluation, it was noted that "[a]n area to continue to develop in would be technical and system knowledge." *See Attachment 9.* Age was not a factor in the decision that she be one of two Sr. SBAs to be laid off. Rather, an evaluation of her skills and proficiencies therein was the basis for the determination to lay her off. Lastly, while Ms. Bouricius was not given 30 days advance notice of the layoff, as she correctly states, she was given 30 days' pay.

To prevail on a discriminatory reduction in workforce claim, Ms. Bouricius bears the burden of establishing that she was a member of a protected class, that she was laid off, that she was qualified for the position from which she had been laid off, and that she was treated less favorably than employees outside her protected class during the reduction in workforce. Ms. Bouricius has failed to meet her burden to support her allegations. And, while it is very unfortunate that Ms. Bouricius was one of the six individuals subject to the reduction in workforce in the IT Department, and one of two Sr. SBAs, her lay off was based on weaknesses in her skill sets and not for any discriminatory reason. Therefore, Mesa County respectfully requests that the Colorado Civil Rights Division determine that Ms. Bouricius' Charge lacks probable cause.

5. The job description for the position to which the Charging Party was employed, or for which the Charging Party applied and was allegedly not hired, promoted, etc.

**RESPONSE:** Attached as Attachment 5 is a copy of Ms Bouricius' job description.

6. A copy of the Charging Party's complete personnel records, including accolades, warnings, reprimands, and evaluations.

**RESPONSE:** Attached as Attachment 10 is a copy of Ms. Bouricius' personnel records

7. A copy of the Employee Handbook applicable during the Charging Party's employment. Please note if an Employee Handbook does not exist.

**RESPOSNE:** Attached as Attachment 7 is a copy of Mesa County's Personnel Manual and Procedures Handbook

    a. Provide copies of all relevant policies. For example, if harassment is involved, provide a copy of the harassment policy. If discipline is involved, provide a copy

4

DEF 108

of the progressive discipline policy. Please note if the requested policies are not in existence.

**RESPONSE:** Mesa County's policy regarding reductions in workforce can be found at section 8.03 in Attachment 7.

8. Provide copies of applications and/or resumes for either the person or person(s) who replaced the Charging Party or, if applicable, those who were promoted, hired or rehired instead of the Charging Party.

**RESPONSE:** Not applicable.

**For the following items, provide information for one (1) year preceding the date that the Charge of Discrimination was filed.**

9. Provide a list of all current employees, with relative protected class information, name, employment dates and job or position title.

**RESPONSE:** In response to this request, Mesa County produces a current list of employees within the IT Department as Attachment 11. This Attachment lists the employee, their title, the date of layoff, their gender, identified race, age, and position. Due to privacy concerns, Mesa County redacts the first and last name of each employee. Mesa County would be willing to provide each individual's full name upon the entry of an acceptable protective order with respect to this information.

10. If applicable, provide a list of all employees who were hired or rehired for the position sought by the Charging Party. Specify each employee's relative protected classes (for example, if the Charging Party has alleged discrimination based on age and race, provide age and race information for each person listed.). Also provide that person's name, dates of employment, and the job or position title.

**RESPONSE:** This request is not applicable.

11. If applicable, provide a list of all employees who were subject to similar disciplinary action or adverse employment action. Specify their relative protected classes, names, dates of employment, job or position titles and the type of adverse action taken.

**RESPONSE:** In response to this request, Mesa County produces a list of employees who have been laid off within the IT Department at the same time as Ms. Bouricius was laid off as Attachment 12. This Attachment lists the employee, their title, the date of layoff, their gender, identified race, age, and position within the IT Department. Due to privacy concerns, Mesa County redacts the first and last name of each employee. Mesa County would be willing to provide each individual's full name upon the entry of an acceptable protective order with respect to this information.

12. If applicable, provide a list of all employees who were subjected to similar adverse employment actions[s] as alleged by the Charging Party (suspension, demotion, discharge, etc.), whether or not such action was implemented for the same reason it was taken against the Charging Party. For each individual identified, specify, their relative protected class[s], names, dates of employment, job or position title, and reason for which the adverse action was taken. For example, if the

DEF 109

Charging Party alleges suspension leading to discharge, provide a list of individuals who were also suspended and discharged during the relevant time period.

**RESPONSE:** See Attachment 10, which has also been provided in response to Question 11.

13. [If harassment or a complaint of discrimination to management or a supervisor is involved:] Provide a list of all employees who complained of discrimination or harassment, the date of the complaint, the individuals involved, and the relative protected class information for the complaining employee and the persons of which he or she complained. Also, provide details regarding the resolution of the complaint.

**RESPONSE:** This request is not applicable.

## CONCLUSION

Ms. Bouricius bears the burden of establishing her Charge against Mesa County. Ms. Bouricius has failed to meet her burden. Due to the significant budgetary deficiencies facing Mesa County, the unfortunate result was a reduction in workforce and the layoff of Ms. Bouricius. Mesa County did not discriminate against Ms. Bouricius based on her age or for any reason other than the weaknesses of her skills as a Sr. BSA.

Accordingly, for these reasons, Mesa County requests that the Colorado Civil Rights Division determine that Ms. Bouricius' Charge lacks probable cause.

Should you have any questions or concerns, please feel free to contact me at (970-255-7145) or at nina.atencio@mesacounty.us.

Sincerely,

Andrea Nina Atencio
Chief Deputy Mesa County Attorney

Attachments

cc: Frank Whidden, Mesa County Administrator