# EXHIBIT D



**COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 1050
Denver, CO 80202

Charge No. FE2017481263

Debra Bouricius
50152 Highway 72
Lyons, CO 80540                     Complainant


Mesa County
544 Rood Avenue
Grand Junction, CO 81501            Respondent


## DETERMINATION

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is sufficient evidence to support the Complainant's claim of a discriminatory reduction in workforce based on age. As such, a **Probable Cause** determination is hereby issued.

The Respondent is an employer within the meaning of C.R.S. 24-34-401 (3), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 4 have been met.

The Complainant alleges that on or about October 7, 2016, she was unlawfully discharged based on her age (57, DOB 4/22/1959). The Respondent denies the allegations of discrimination and avers that it discharged the Complainant due to budgetary issues.

The legal framework under which civil rights matters are examined is as follows: The Complainant bears the burden of proving that discrimination has occurred. Each key or essential element ("prima facie") of the particular claim must be proven, through a majority ("preponderance") of the evidence. If the Complainant meets this initial burden of proof, then the Respondent has the burden of explaining, with sufficient clarity, a non-discriminatory justification for the action taken. This is in response to

1560 Broadway Street, Suite 1050, Denver, CO 80202   P 303.894.2997   F 303.894 7830
www.colorado.gov/pacific/dora/civil-rights



the specifically alleged action named in the charge.  In addition, the Respondent has the burden to produce documents and other information requested by the administrative agency during the civil rights investigation.  If the Respondent offers a non-discriminatory reason, then the burden once again shifts back to the Complainant to prove that this proffered legitimate reason is merely a pretext for discrimination. At this stage, the Complainant must prove, again through sufficient evidence, that the true and primary motive for the Respondent's actions is unlawful discrimination.

"Unlawful discrimination" means treatment that is primarily based on the Complainant's asserted protected group or status.  The Respondent's stated reasons for its actions are presumed to be true, unless and until the Complainant, again through a preponderance of the evidence in the record, adequately shows that the Respondent's reason is pretext (i.e., is not to be believed), and that the Complainant's protected status was the main reason for the adverse action taken. The Complainant does not need to submit additional evidence, in response to the Respondent's position, but the available evidence must be legally sufficient so that a reasonable person would find that the Respondent intended to discriminate against the Complainant because of his/her protected civil rights status.  See Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997); Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

The Respondent is political subdivision of the State of Colorado. It employs more than 15 persons.

The Complainant began her employment with the Respondent in or about 1990 as an Applications Analyst. At the time of her layoff, the Complainant was employed as a Senior Business Systems Analyst in the IT Department. The Job Summary for a Senior Business Systems Analyst is as follows:

> Position supports department and county-wide vertical applications. Functions as the liaison between various user departments; Information Technology (IT) staff and management; contractors, and vendors. Investigates, analyzes, evaluates, and manages business processes and user requirements; administers and maintains assigned system applications; conducts or oversees programming, design and development activities and prospective solutions. Responsible for applications security; train users; administers documentation activities; conduct project management of contractor work and projects in area of assignment. Provides support for office applications, analyses, and evaluation for business processes.

The Respondent maintains that the reduction in workforce was based on budgetary issues and insists that the layoffs within the IT Department resulted in approximately

2

Bouricius 000002

$500,000 savings for the Respondent. The Respondent provided copies of several newspaper articles highlighting the budget concerns. It is undisputed that the Respondent was facing budget deficits. The Respondent explained that Frank Whidden ("Whidden")(Over age 40), Mesa County Administrator, evaluated departments within his control "to find greater efficiencies to address these restrictive budgetary times."

The Complainant argues that the layoffs were based on age discrimination because "the 2016 layoff . . . . exclusively targeted the Information Technology Department ("IT Department") workers over age forty. Not a single one of those laid off was younger than forty, despite the fact that this group of younger workers comprised almost 30 percent of the department." The Complainant acknowledges that "there is no doubt that [the Respondent] was facing budget deficits and that it was entitled to lay off workers to free up funds . . . ."

The Respondent provided a copy of its Human Resources Policies and Procedures Manual ("Manual"). Section 8.03 of the Manual details the Respondent's layoff policy as follows:

> If it becomes necessary to lay off employees due to lack of funds, reorganization, reduction in quantity of programs, or for any other reason, directors will first conduct or have conducted an analysis of personnel needs. From the analysis, each director will recommend quantity and types of proposed reductions. The County Administrator will review and comment on the proposals, recommending any changes felt necessary to the Board of County Commissioners, who will make the final decisions (Health Department addendum and Human Services Department addendum).

> In determining the individual employees to be laid off, the following will apply:

> Among regular employees, the director will have the option to lay off employees as deemed necessary and appropriate. The following items must be considered, in light of the needs of the department. These factors shall be taken into account in the order indicated:

> A. Performance of the employee;
> B. Special abilities the employee may possess

> In the event that the selection cannot be made on the above basis, the determining factor will be time employed by the County in a given position and the demand for that position within the proposed division reorganization.

Bouricius 000003

such as the Sheriff's Department or the Department of Human Services, whereas she had the experience to support all of the Respondent's various departments.

The Respondent provided a copy of the Complainant December 2015 performance evaluation in support of its decision to layoff the Complainant. The Complainant's December 2015 performance evaluation has the following 2016 goals:

> Continue to: learn about ever changing business processes and requirements; develop technical and organization skills; develop position working relationships with co-workers and customers; strive to be a leader in the organization; and cross train and seek cross training in all areas working toward providing the strongest and seamless support possible for our IT team.

The Complainant argues that this is taken out of context. The Complainant's overall appraisal reads as follows:

> Throughout the year [the Complainant] has led and been involved in a wide variety of projects including electronic signature, Traffic, Recording, Assessor, Treasurer, Administration, HR and Finance applications and has shown development in expanded support and overall technical support. She has supported countywide and core department specific applications for many years and has an extensive knowledge of their business processes and needs. [The Complainant] strives to meet customer expectations in a very challenging environment at times.

The Complainant's 2014 performance evaluation gives her an overall rating of "Exceeds" and "Far Exceeds." The Complainant's 2013 performance evaluation gives her an overall rating of "Above."

At the request of the Colorado Civil Rights Division, the Respondent provided copies of 2015 performance evaluations for those individuals in the IT Department that received evaluations. Of the 24 individuals in the IT Department, 15 (62.5%) received performance evaluations. Of the six employees that were discharged as part of the IT Department's reduction in workforce, three (50%) received 2015 performance evaluations. Of those employees that received performance evaluations, nine individuals (60%), including the Complainant, were given identical goals for 2016. Only five employees (20.8%), are under age 40. Of those, three (60%) received performance evaluations. All three employees under the age of 40 that received performance evaluations received positive appraisals. One employee, "J.D.'s" evaluation noted that he "took on a busy site and has done a great job taking over." The evaluator explained that he "receive[d] much praise from both the Sheriff's office and the District Attorney's office" regarding this employee. A second employee, "E.M." was

5

Bouricius 000004

praised for "emerging as the 'go to, getter [sic] done leader' on many projects." The final employee, "A.W." was described as "thinking outside of the box" and it was noted that the evaluator received "several kudos from users regarding [A.W.'s] response times." In reviewing all of the performance evaluation, the Investigator determined that all of the evaluations, including those evaluations of the individuals that were laid off, were largely positive, and notes that no evaluations expressed the need for significant improvement.

The Complainant asserts that she was not given 30 days advance notice of the layoff, contrary to the Respondent's policies. The Complainant argues that this demonstrates that the Respondent did not follow its policies during the reduction in workforce.

In a witness interview, Lynn Zubek ("Zubek")(age 40 or older), former Payroll Administrator, theorized that the Respondent did not follow its policy, particularly because the Complainant was one of the longest employees with the Respondent. Zubek reported that when she needed assistance, she would ask the Complainant for assistance because "she seemed more knowledgeable over [the] issue that I had."

The Respondent asserts that, although the Complainant was not given 30 days advance notice of the layoff, he was provided with 30 days compensation. The Respondent alleges that the advance days' notice was not provided as a security measure due to the highly sensitive nature of the IT Department. The Respondent insists that the Complainant was laid off based on weakness in her skill sets and not for any discriminatory reason.

The Complainant insists that she was laid off based on age discrimination. The Complainant argues that the Respondent manipulated the data and failed to accurately report how many Senior Business Systems Analysts it employed. The Complainant alleges that Elizabeth McDowell ("McDowell")(Under age 40), Business Systems Analyst/GIS Administrator, is a Senior Business Systems Analyst, under the age of 40, that was not laid off, and that the Respondent failed to label her as such.

The Respondent insists that McDowell is a Business Systems Analyst and GIS Administrator and is not a Senior Business Systems Analyst. The Respondent provided a list of all individuals working in the IT Department and their respective positions. The Colorado Civil Rights Division confirmed McDowell's title as a Business Systems Analyst and GIS Administrator.

The Colorado Civil Rights Division requested an interview with Whidden; however, Whidden declined to participate in an interview. The Respondent elaborated and stated that "he declines to do an interview and believes his position/statements are represented within Mesa County's Response to the Request for Information." The Respondent confirmed that Whidden was responsible for the decision to layoff the Complainant.

6

Bouricius 000005

The Respondent denies that anyone was hired or promoted for the Complainant's position.

Comparative data shows that the IT Department consisted of 24 employees. Comparative data demonstrates that of the entire IT Department, 18 (75%) of the employees were of the same protected class as the Complainant based on age (age 40 or older).  Of the six employees that were laid off, 100% were age 40 or older. Comparative data demonstrates that all five (100%) Senior Business Systems Analysts employed by the Respondent are members of the same protected class as the Complainant. Of those five, two (40%), including the Complainant, were laid off. Both individuals that were laid off were members of a protected class based on age.

Comparative data shows that the Complainant was the longest serving individual in the entire IT Department (26.5 years), including those individuals that were laid off and those individuals that remain employed by the Respondent.  The next longest serving employee remains employed by the Respondent.

Comparative data demonstrates that the Complainant's salary ($72,894.96) was tied as the fourth highest in the entire IT Department and tied as the second highest of those that were laid off. The evidence shows that Troy Flick ("Flick")(Age 40 or older; male; not married to a coworker), IT Manager and Lhana Jordan ("Jordan")(Age 40 or older; female; Not Married to a Coworker), Customer Service Manager, are paid more than five of the six individuals that were laid off, including the Complainant.  Flick and Jordan are members of the Complainant's protected class based on age.

Reduction in Workforce/Age:

To prevail on a claim of discriminatory layoff, the evidence must show that: (1) the Complainant is a member of a protected class; (2) the Complainant was laid off; (3) the Complainant was qualified for the position from which she had been laid off; and (4) the Complainant was treated less favorably than employees outside of her class during the reduction in force.

While the Complainant may hold a personal belief that the Respondent should have utilized other criteria in its reduction-in-workforce plan, Respondent is legally entitled to establish whatever non-discriminatory criteria it desires for its employment decisions.  Civil rights statutes do not constitute a vehicle for administrative/judicial review of an employer's bona fide business decisions, however unreasonable they might appear to the Complainant. Furthermore, evidence of satisfactory work performance is not probative, because in a reduction in force case, "someone has to be let go." *Rea v. Martin Marietta Corp., 29 F.3d 1450, 1456 (10th Cir. 1994).*

7

Bouricius 000006

The Complainant is a member of a protected class based on her age (57, DOB 4/22/1959). The Complainant was laid off. The Complainant was qualified for the position from which she was laid off; however, the Respondent asserts that in assessing the Complainant's skill set, it determined that the Complainant's skill were not as strong as others in the IT Department. The Respondent asserts that its reduction in workforce was not based on discriminatory criteria. The Respondent asserts that it considered the special skills of the Complainant in making its decision regarding the reduction in workforce. However, the Respondent was unable to provide any documentation that demonstrates how the special skills of the various employees were evaluated. Furthermore, all evidence demonstrates that the Complainant's performance was satisfactory. The Respondent's policy requires the Respondent to consider length of service if the other criteria are not decisive. The Complainant was employed with the Respondent for approximately 26 years. While the evidence shows that a reduction in workforce was necessary, the Respondent was unable to provide any documentation or evidence supporting their assertion that it followed its policies and made its layoff decision based on the special skills and abilities of its employees. There is probable cause to find that the reason offered by the Respondent, namely that the Complainant lacked certain skills that other employees possessed, is pretext. Additionally, the evidence shows that the Respondent's layoff disproportionately affected employees age 40 or older. Therefore, the evidence demonstrates that the Complainant was treated less favorably than employees outside of her class (age) during the reduction in workforce.

Based on the evidence contained above, I determine that the Respondent has violated C.R.S. 24-34-402, as re-enacted in relation to the Complainant's claim of discriminatory reduction in workforce based on age. As such, the Parties hereby are ordered by the Director to proceed to attempt amicable resolution of these charges by conciliation. The Parties will be contacted by the agency to schedule this process.

On Behalf of the Colorado Civil Rights Division

*Sarah R. Lyons*                    12·14·17

**Aubrey Elenis, Director**          Date
**Or Authorized Designee**

8

Bouricius 000007

## CERTIFICATE OF MAILING

This is to certify that on   **December 18, 2017**   a true and exact copy of the Closing Action of the above-referenced charge was deposited in the United States mail, postage prepaid, addressed to the parties and/or representatives listed below.

CCRD Case Number:
**FE2017481263**
EEOC Case Number:
**32A-2017-00175**

Debra Bouricius
50152 Highway 72
Lyons, CO 80540

Hunter Swain
King & Greisen, LLP
1670 York Street
Denver, CO 80206

Mesa County
Human Resources Department
544 Rood Avenue
Grand Junction, CO 81501

Nina Atencio
Chief Deputy County Attorney – Civil Division
PO Box 20,000-5004
Grand Junction, CO 81501

Carol Fernandes
Colorado Department of Regulatory Agencies
Division of Civil Rights
1560 Broadway, Suite 825
Denver, CO 80202