**Alicia Severn**

**From:** Alicia Severn
**Sent:** Wednesday, May 01, 2019 10:52 AM
**To:** 'Julie Bisbee'
**Cc:** Paula Greisen; Michael Santo (santo@bechtelsanto.com)
**Subject:** Conferral regarding Ms. Bouricius's April 30, 2019 discovery responses and letter

Julie,

I am writing today to confer further regarding the issues raised in Mesa County's March 26, 2019 letter and the responses thereto that we received yesterday, April 30, 2019. Several matters remain outstanding. Those are:

1. **Interrogatory responses submitted under oath.** We have not received copies of all Interrogatories signed under oath by Ms. Bouricius. (*See* Mesa County's March 26, 2019 letter, p. 1.) That is, in Plaintiff's Amended Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, submitted on April 30, 2019, responses to Interrogatories 1-12 are included. But Ms. Bouricius's responses to Interrogatories 11 and 12 contain information that did not appear in her initial responses to Defendant's First Set of Combined Discovery Requests, submitted on September 19, 2018.

In addition, Ms. Bouricius supplemented her response to Interrogatory 1 on February 20, 2019, and no signature verifying this response under oath has been provided. Further, Ms. Bouricius supplemented her responses to Interrogatories 5 and 8 on March 11, 2019, and no signature verifying these responses under oath have been provided. The supplemental information provided in response to Interrogatories 1, 5, and 8 is not contained in either of the discovery responses produced on April 30, 2019.

Consequently, we renew our request that Ms. Bouricius sign under oath all of her interrogatory responses, including supplemental responses to the interrogatories.

2. **PERA and Health Insurance information.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about her PERA account and health insurance coverage. March 26, 2019 letter, p. 2. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no PERA documents or health plan documents to produce. These responses are insufficient.

That is, Ms. Bouricius claims in her April 30, 2019 letter, which is not a sufficient discovery response on any of the issues addressed therein, that she contributes 8% of her income to PERA. This contribution rate matches the information identified on page Bouricius 000509. But Ms. Bouricius also claims in the April 30, 2019 letter that her employer contributes 21.15% of Ms. Bouricius's salary to PERA. This amount does not match any rate identified in Bouricius 000509. Thus, in order to determine her employer's rate of contribution, some information must be available to Ms. Bouricius for her to make this calculation.

In addition, the general PERA information provided at Bouricius 000508 states, "Each year, PERA will mail you an *Annual Member Statement* that includes the balance of your PERA DB Plan account, accumulated service credit, and other information about your benefits." (Italics in original.) Thus, Ms. Bouricius should have received PERA information specific to her, showing her specific balances and other information. We again request that Ms. Bouricius produce this responsive information immediately.

Similarly, Ms. Bouricius states in her April 30, 2019 letter that she participated in two health plans during her employment with Boulder County, which employment started in 2017. Bouricius Dep., 57:8-10. To date, Ms.

1

**EXHIBIT 7**

Bouricius has produced only general health insurance information related to the plan year 2019. Bouricius 000500-000503. Boulder County must have plan documents, which Ms. Bouricius should have access to upon request. Thus, we make a renewed request for the production of responsive information.

3. **Utility and Laundry costs.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about utility and laundry costs, which are part of her expert witness's damages calculations. March 26, 2019 letter, pp. 2-3. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no documentation regarding utility costs, but she is somehow able to calculate that utility costs averaged $200 per month for two separate houses. This calculation must be based on numbers, which Ms. Bouricius has failed to produce. Moreover, it is likely that Ms. Bouricius's utility companies have past charges available online or by requesting such information by telephone or email. Ms. Bouricius makes no mention of any steps she has taken to obtain utility cost information. Moreover, Ms. Bouricius provided no support for her conclusion that utility costs increased to $216 per month, which is a very specific amount, nor that she purchased firewood for $1,980. Similarly, Ms. Bouricius produced no information, nor described any steps she took to obtain information, supporting her assertion that it costs $27-$33 every ten days to do laundry. If anything, receipts, withdrawals, bank statements, or other documents must exist showing these expenditures or costs. As a result, we renew our request for documents supporting these assertions made in Ms. Bouricius's April 30, 2019 letter.

4. **Text messages between Ms. Bouricius and Janine Corsi.** In our March 26, 2019 letter, we requested Ms. Bouricius produce text messages between Ms. Bouricius and Ms. Corsi that Ms. Bouricius testified might exist. March 26, 2019 letter, p. 3. No information about any such text messages was contained in the information Ms. Bouricius submitted on April 30, 2019. That is, Ms. Bouricius did not produce any responsive documents nor indicate that no such documents existed. Consequently, we renew our request for this information and ask that Ms. Bouricius review her correspondence with Ms. Corsi to determine if any responsive documents have not been produced.

5. **Family orchard.** In response to Mesa County's request for additional information about Hummingbird Orchards (*see* March 26, 2019 letter, pp. 3-4), Ms. Bouricius produced information only for the year 2016 without explanation for why only one year of information was provided. Bouricius 000561. If information exists for years 2015, 2017, 2018, and/or 2019, we request its/their production.

6. **Rental income.** In response to Mesa County's request for documentation relating to Ms. Bouricius's rental property located at 50153 Highway 72, Lyons, Colorado (see March 26, 2019 letter, p. 4), Ms. Bouricius produced on April 30, 2019, pages Bouricius 000562-000563, which are tax records related to a cabin located in Grand Junction, 81501. No responsive information, including rental receipts, invoices, contracts, or any other documentation has been provided regarding the rental property at 50153 Highway 72, Lyons, Colorado. Therefore, we renew our request for responsive information relating to this request.

7. **Search for employment.** In our March 26, 2019 letter, we requested documentation regarding job advertisements and Ms. Bouricius's job search, which she explained during her deposition may exist. March 26, 2019 letter, pp. 4-5. No responsive documents or other response of any kind was provided to this request in the information and documents produced by Ms. Bouricius on April 30, 2019. Thus, we renew our request for responsive information on this topic.

It has been more than five weeks since we sent our conferral letter on March 26, 2019, which is sufficient time to collect responsive information. We have been very cooperative with you in terms of providing more time for Ms. Bouricius to produce responsive information. Therefore, we must insist that responsive information and documents related to the issues identified herein be produced by the end of this week. If such information and documents are not produced by that time, Mesa County intends to file a Motion to Compel with the court and/or a CORA request with Ms. Bouricius's employer to obtain appropriate documents.

**EXHIBIT 7**

Thank you for your attention to these matters.

-Alicia

Alicia Williams Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

CONFIDENTIALITY NOTICE:  This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please call collect at 970-683-5888 and delete this transmission.  Thank you.

SECURITY NOTICE:
Bechtel Santo & Severn cannot assure that email messages are secure or will be delivered via the Internet. If you are transmitting information to Bechtel Santo & Severn that you consider urgent and are uncertain whether it has been received, or if you are expecting an email response that you have not received, please call 970.683.5888 to confirm the status. If you are uncomfortable using email to communicate with Bechtel Santo & Severn, please call and specify another method of communication.

**EXHIBIT 7**