IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

## DEFENDANT'S MOTION TO COMPEL

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, hereby move the Court for an Order compelling the Plaintiff, Debra Bouricius ("Bouricius"), to submit complete responses to Defendant's discovery requests, pursuant to F.R.C.P. 37(a)(3), and state the following in support of this Motion.

**Certification.**

Pursuant to D.C.COLO.LCivR 7.1(a), Mesa County states that it conferred in good faith with Bouricius's counsel several times between March 26, 2019 and May 8, 2019, regarding Bouricius's inadequate discovery responses to Mesa County's discovery requests, in an effort to secure the requested information or material without court action. Those conferrals included:

- On March 26, 2019, Mesa County sent its conferral letter to Bouricius (Exhibit 6);
- On April 5, 2019, counsel for Mesa County and counsel for Bouricius spoke by phone about Mesa County's conferral letter (Exhibit 13);

1

- On April 25, 2019, Mesa County's counsel inquired about Bouricius's responses to its conferral letter and requested that responsive information be produced by April 26, 2019, which was 31 days after Mesa County sent its conferral letter (Exhibit 15; Exhibit 6);

- In response to Mesa County's April 25, 2019 inquiry, Bouricius's counsel responded that documents would be produced on April 29, 2019 (Exhibit 15);

- On April 29, 2019, Bouricius's counsel stated that counsel "just got back the info you requested from our client." Exhibit 16. As a result, counsel stated that information and documents responsive to Mesa County's conferral letter would be produced "early tomorrow [April 30, 2019]" (Exhibit 16);

- Despite this promise, and despite producing other information, Bouricius did not produce information responsive to Mesa County's conferral letter until 5:46 p.m. on April 30, 2019 (Exhibit 17; Exhibit 8; Exhibit 12);

- On May 1, 2019 at 11:00 a.m., Mesa County's counsel identified to Bouricius's counsel the ways in which Bouricius's responses to Mesa County's conferral letter were incomplete or otherwise insufficient (Exhibit 9, pp. 6-8);

- In response to Mesa County's May 1, 2019 conferral, Bouricius's counsel indicated that Bouricius's "power bills, etc." would be produced to Mesa County "at least within a week" (*i.e.*, by May 8, 2019), even though Mesa County requested the production of documents in addition to utility records (Exhibit 14; Exhibit 9);

- On May 8, 2019, one week after Bouricius's counsel promised to submit responsive documents to Mesa County's May 1, 2019 conferral email, which followed up on its March 26, 2019 conferral letter, Mesa County inquired about whether Bouricius would produce documents on May 8, 2016 as promised (Exhibit 18);

2

- In response to Mesa County's May 8, 2019 inquiry, Bouricius's counsel again indicated that responsive information would not be forthcoming until days later (Exhibit 18).

Consequently, after promising to produce responsive information at specific times, none of which were deadlines that Bouricius satisfied, and after having 44 days in which to produce responsive information but failing to do so, Mesa County files this Motion. Mesa County conferred with Bouricius specifically regarding the filing of this Motion on May 8, 2019, and Bouricius did not state whether she opposed it. (Exhibit 18).

**Argument.**

1. **Legal Standard.**

    a. In filing a motion to compel, the filing party initially "bear[s] the burden of proof on their motion…[meaning [t]he party moving to compel discovery must prove that the opposing party's answers are incomplete. '[A]n *[sic]* evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.'" *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D.Colo. 2009) (citations omitted). The moving party must also demonstrate that the requested discovery is relevant pursuant to F.R.C.P. 26. *Johnson v. Kraft Foods of North Am., Inc.*, 238 F.R.D. 648, 653-654 (D.Kan. 2006). *See also* F.R.C.P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

    b. Once the movant makes these showings, "the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request," which, in this case, is the Plaintiffs. *Fox v. Morreale Hotels, LLC*, 10-cv-03135-RPM-MJW, 2011 WL 2894066, *2 (D.Colo., July 20, 2011) (*citing McCloud v. Bd. of Geary Cty. Comm'rs*, 2008 WL 173444, at *2 (D.Kan., Apr. 11, 2008) (additional citations omitted)). *See also*

*Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 624 (D.Kan. 2014) (holding, "…[the moving party] need only file her motion to compel and draw the Court's attention to the relief she seeks. …[Then [t]he burden is on [nonmoving party] to reassert and support any objections initially asserted in response to [the moving party's] [discovery requests].")

2. **Introduction.**

   a. In this case, Mesa County propounded numerous written discovery requests to Bouricius based on the claims and defenses at issue in this case, as set forth in this Motion.

   b. In this Motion, Mesa County requests the Court grant its Motion and compel Bouricius to produce complete, responsive information and documents on five topics:

   i. That Bouricius be required to sign all of her interrogatory responses under oath, as required by the Federal Rules of Civil Procedure;

   ii. That Bouricius be required to produce complete responsive information and documents regarding her retirement account and health insurance benefits plan, which form parts of Bouricius's alleged damages that she seeks in this case;

   iii. That Bouricius be required to produce complete responsive information and documents regarding her utility bills and laundromat costs, which form parts of Bouricius's alleged damages that she seeks in this case;

   iv. That Bouricius be required to look for and produce any correspondence she sent or received from a third-party witness, based on Bouricius's allegations set forth in her Complaint;

   v. That Bouricius be required to produce complete responsive information and documents regarding income received from her orchard, which forms part of Bouricius's alleged damages that she seeks in this case; and

4

      vi.    That Bouricius be required to look for and produce any documentation related to job advertisements for positions for which she applied, which relates to Mesa County's affirmative defenses set forth in its Answer.

    c.    Further, because Bouricius has failed to produce responsive information and documents, Mesa County requests the Court order Bouricius to pay Mesa County's reasonable expenses and attorneys' fees associated with bringing this Motion, as set forth more fully herein.

3.    **Bouricius failed to sign all of her interrogatory responses under oath.**

    a.    Pursuant to F.R.C.P. 33(b)(3) and (5), responses to interrogatories must "be answered separately and fully in writing under oath" by "[t]he person who makes the answers…"

    b.    In this case, Mesa County served its First Set of Combined Discovery Requests to Plaintiff ("Discovery Requests"), pursuant to F.R.C.P. 33, 34, and 36, upon Plaintiff on August 6, 2018. Exhibit 1. These Discovery Requests contained 12 interrogatories. *Id.*

    c.    Bouricius submitted her responses to Mesa County's Discovery Requests on September 19, 2018, but Bouricius did not sign her interrogatory responses under oath as required by F.R.C.P. 33(b)(3). Exhibit 2.

    d.    Thereafter, Bouricius submitted Supplemental Responses to Defendant's Discovery Requests on February 20, 2019 (supplementing her response to Interrogatory No. 1), and on March 11, 2019 (supplementing her responses to Interrogatories No. 5 and 8), again without submitting her supplemental interrogatory responses under oath as required by F.R.C.P. 33(b)(2) and (3). Exhibit 3; Exhibit 4.

5

e.  During Bouricius's deposition on February 22, 2019, Bouricius verified, but did not provide copies of, her responses to Defendant's interrogatories. Exhibit 5, Bouricius Dep., 23:11-24; Exhibit 13.

f.  After Bouricius's deposition, Mesa County's counsel sent a letter of conferral to Bouricius's counsel on March 26, 2019. Exhibit 6. In this letter, Mesa County asked Bouricius to sign her interrogatory responses under oath, as required by F.R.C.P. 33, and to send copies of such verified responses to Mesa County. *Id*. at p. 1.

g.  More than one month later on April 30, 2019, Bouricius provided verified interrogatory responses as part of her "Amended Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." Exhibit 7. These responses contained information in response to Interrogatories No. 11 and 12 that did not appear in the discovery responses Bouricius filed on September 19, 2018. *Id.* at p. 8 *compared to* Exhibit 2 at p. 8.

h.  Also on April 30, 2019, Bouricius produced her "Third Supplemental Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." Exhibit 8. No interrogatory responses were supplemented in this production. *Id*.

i.  On May 1, 2019, Mesa County's counsel notified Bouricius's counsel that Bouricius's interrogatory responses set forth in her September 9, 2018 responses and her supplemental responses to Interrogatory Nos. 1, 5, and 8, submitted on February 20, 2019 and on March 11, 2019, remained unverified. Exhibit 9.

j.  As of the date of this filing, and despite the passage of more than 40 days since the date on which Mesa County sent its conferral letter to Bouricius, Bouricius has not submitted verifications with respect to her September 19, 2018 interrogatory responses or to her supplemental responses to Interrogatory Nos. 1, 5, and 8 that she submitted on February 20, 2019 and on March 11, 2019.

6

      k.      Consequently, Mesa County requests this Court issue an order directing Bouricius to provide verified responses to the interrogatories identified in paragraph 1.j above, in conformity with F.R.C.P. 33(b)(3) and (5).

4.      **Bouricius failed to produce all relevant retirement and health insurance benefits documents in response to Mesa County's Requests for the Production of Documents.**

      a.      During Mesa County's deposition of Bouricius, Mesa County asked Bouricius about Mesa County's Request for the Production of Documents No. 5, which asked:

> Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands. Please execute the attached employment records release to allow Mesa County to independently obtain responsive documents.

Exhibit 1, p. 5.

      b.      In addition to Request for the Production of Documents No. 5, Mesa County's Interrogatory 7 requested that Bouricius "Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County" while in Request for Production 1, Mesa County requested Ms. Bouricius to "Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." Exhibit 1, pp. 4, 5.

      c.      Where, as in this case, the plaintiff seeks back pay and front pay (*see* Compl., part VI.a-b) and the defendant raises a failure to mitigate damages defense (*see* Answer, Aff. Defs. D), discovery requests that ask the plaintiff to produce information regarding benefits are proper. *Zeller v. S. Cent. Emergency Med. Servs., Inc.*, 13-CV-2584, 2014 WL 2094340, *3-*9 (M.D.Pa., May 20, 2014).

7

        d.      Further, damages issues in general are a relevant and proper topic for discovery. *See*, *e.g.*, *Whatcott v. City of Provo*, 171 Fed.Appx. 733, 735 (10th Cir. 2006) (explaining that, it one case, it was proper to bifurcate discovery into two phases: one phase that addressed liability issues and one phase that addressed damages issues).

        e.      In this case, Bouricius testified during her deposition that she actually had a retirement (PERA) account. Exhibit 5, Bouricius Dep., 62:12-14. Bouricius provided general information about a retirement account (Exhibit 11), but she did not provide information specific to Bouricius's retirement account.

        f.      Bouricius also testified during her deposition that she actually received health insurance, but she did not provide details about the specific plan(s) she has had. Exhibit 5, Bouricius Dep., 62:19-21; Exhibit 11.

        g.      Further, Plaintiff's expert witness even identified that retirement benefits and health insurance benefits were part of Bouricius's alleged damages, thus making Mesa County's Interrogatory 7 and Requests for the Production of Documents Nos. 1 and 5 relevant to the damages at issue in this case. Exhibit 10, pp. 7-8.

        h.      Thus, in Mesa County's March 26, 2019 conferral letter, Mesa County asked Bouricius to produce specific information about her retirement account and health insurance benefits plans. Exhibit 6, p. 2.

        i.      In response, Bouricius's counsel provided a letter that stated Bouricius had "no documents" regarding her retirement account or health insurance benefits. Exhibit 12, p. 1.

        j.      In response to Bouricius's letter, Mesa County's counsel sent email correspondence dated May 1, 2019 to Bouricius's counsel, identifying the fact that information Bouricius previously submitted states that details about her retirement account

are provided annually to her and, further, that Bouricius provided no information about her health insurance benefits plan since her employment began with her current employer in 2017. Exhibit 9, pp. 2-3. Further, Bouricius must have provided such information about her retirement account and health insurance benefits plan to her expert witness. Exhibit 10, pp. 7-8.

    k.    Yet, as of the time of the filing of this Motion, Bouricius has not produced any information specific to Bouricius's retirement account or health insurance benefits plan that specifically applies to Bouricius.

    l.    Consequently, because Mesa County's Interrogatory 7 and Requests for the Production of Documents Nos. 1 and 5 are relevant to the issues in this litigation, and because Bouricius has either failed to respond to these discovery requests or has responded in an incomplete and evasive manner, Mesa County requests this Court issue an order compelling Bouricius to provide specific information about her particular retirement account and health insurance benefits plan.

5.    **Bouricius failed to produce all relevant utility and laundromat documents in response to Mesa County's Requests for the Production of Documents.**

    a.    Mesa County's Interrogatory 7 requested that Bouricius "Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County." Exhibit 1, p. 4. Further, in Request for Production 1, Mesa County requested Ms. Bouricius to "Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." Exhibit 1, p. 5.

    b.    Here, Plaintiff's expert witness identified that utility costs and laundry costs were part of Bouricius's alleged damages, thus making these items relevant pursuant to Mesa

9

County's Interrogatory 7 and Request for Production 1. Exhibit 10, p. 4. *See also* paragraphs 4.c. and 4.d, *supra*, incorporated herein.

      c.      During her deposition, Bouricius testified that she did not recall which pieces of information she provided to her expert witness about utilities and that her "husband pays [the utilities] bills." Exhibit 5, Bouricius Dep., 83:12-14, 84:4-6.

      d.      Bouricius also testified during her deposition that she had receipts related to doing laundry at a laundromat in Longmont, which costs were part of her damages calculations. Exhibit 5, Bouricius Dep., 86:24-87:8; Exhibit 10, p. 4.

      e.      So, in Mesa County's March 26, 2019 conferral letter, Mesa County asked Bouricius to produce information and documents related to her utility and laundromat costs. Exhibit 6, pp. 2-3.

      f.      In response, Bouricius's counsel provided a letter on April 30, 2019, stating that Bouricius had "no documents" regarding utility or laundry costs. Exhibit 12, pp. 1-2.

      g.      Interestingly, in Bouricius's April 30, 2019 letter, counsel provided Bouricius's average utility and laundry costs without producing any supporting documentation used to calculate these average costs. *Id*.

      h.      On May 1, 2019, Mesa County's counsel requested information and documentation that substantiated the average costs set forth in Bouricius's April 30, 2019 letter. Exhibit 9, p. 7.

      i.      When pressed for substantiating information, Bouricius's counsel responded that Bouricius would produce utility bills but requested Mesa County to submit a new interrogatory for purposes of obtaining documents related to Bouricius's laundry costs. Exhibit 9, p. 3. Bouricius's counsel provided no explanation about why utility documents were not provided in response to Mesa County's March 26, 2019 conferral letter nor why

10

Bouricius believed that her laundromat costs were not encompassed within the discovery requests that Mesa County already sent to Bouricius regarding her damages and substantiating documents. Indeed, Bouricius's utility and laundromat costs must be related to her damages calculations because she provided such information to her expert witness. Exhibit 10, p. 4.

j.  As of the time of the filing of this Motion, and despite assurances in Bouricius's counsel's May 1, 2019 communications that utility bills, at least, would be produced by May 8, 2019, Bouricius has not produced any information or documents related to Bouricius's utility or laundromat costs. Exhibit 14.

k.  Consequently, because Mesa County's Interrogatory 7 and Request for the Production of Documents No. 1 are relevant to the issues in this litigation, and because Bouricius has failed to produce information and documents about her utility and laundromat costs, which form, according to Bouricius, part of her damages, Mesa County requests this Court issue an order compelling Bouricius to provide information and documentation regarding her utility and laundromat costs.

6.  **Bouricius failed to take any steps to determine if she produced all relevant text messages in response to Mesa County's Requests for the Production of Documents, and she failed to produce any additional relevant correspondence, if it exists.**

a.  In her Complaint, Bouricius alleges that third-party individuals Janine Corsi and Rick Corsi "filed charges of age discrimination with the Colorado Civil Rights Division [against] Mesa County"; that Ms. Corsi and Mr. Corsi received "determinations of 'probable cause'" from the Colorado Civil Rights Division; that Ms. Corsi and Mr. Corsi are believed to have "entered into settlement agreements" with Mesa County related to those charges; that "as part of its settlement with [Ms.] Corsi and [Mr.] Corsi, and the CCRD, Mesa County

11

admitted liability for age discrimination"; and that these allegations support Bouricius's allegations of age discrimination. Compl., ¶¶ 31-34, 41.

  b. So, in Mesa County's Request for the Production of Documents No. 6, Mesa County requested that Bouricius "Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else." Exhibit 1, p. 5.

  c. During her deposition, when asked if Bouricius produced all text messages she had with Janine Corsi, Bouricius testified that she did not recall if she looked for all such text messages but that she thought she "downloaded some to give in discovery, [although she could not] remember." Exhibit 5, Bouricius Dep., 248:23-249:8.

  d. As a result, in Mesa County's March 26, 2019 conferral letter, Mesa County asked Bouricius to "[p]lease review all correspondence with Ms. Corsi and produce within 14 days from the date of this letter any communications responsive to this Request for Production No. 6 that have not already been produced." Exhibit 6, p. 3.

  e. Bouricius provided no information or documentation related to correspondence with Ms. Corsi in her April 30, 2019 discovery responses. Exhibits 3 and 4.

  f. On May 1, 2019, when Mesa County's counsel inquired about whether Bouricius looked for responsive communications with Ms. Corsi that had not been produced, Bouricius's counsel responded, "Are these documents different than the messages marked SMS already produced? That is the conversation I recall." Exhibit 9, p. 4.

12

      g.      But Mesa County's counsel was clear in its March 26, 2019 letter and again in its May 1, 2019 email correspondence that it asked Bouricius to review her correspondence to determine if all responsive documents had not been produced during discovery because Bouricius testified during her deposition that she could not remember if she downloaded all responsive text messages. Exhibit 9, p. 4.

      h.      As of the time of the filing of this Motion, Bouricius has not produced any information related to her search for additional responsive communications nor produced any responsive documents to this request.

      i.      Consequently, because Mesa County's Interrogatory 6 is relevant to the issues in this litigation, and because Bouricius has either failed to respond completely, Mesa County requests this Court issue an order compelling Bouricius to search for additional communications between Bouricius and Ms. Corsi and, if any such communications have not already been produced, compelling Bouricius to produce such communications.

7.    **Bouricius failed to produce complete responses to Mesa County's Request for Production of Documents No. 9.**

      a.      Mesa County's Request for the Production of Documents No. 9 requested that Bouricius "Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding the removal of apple trees from your family apple orchard in Mesa County (see Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C)." Exhibit 1, p. 6.

      b.      Further, Mesa County's Request for the Production of Documents No. 10 asked Bouricius to "Please produce all documents relating to the payment of and the amount of all income, including periods of self-employment, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits,

13

disability benefits (long-and/or short-term) and any other monies received by you since October 1, 2016." Exhibit 1, p. 6.

    c.    Indeed, Bouricius's expert witness opined that Bouricius experienced "a significant loss in net earnings" when comparing her current home in Boulder County to her previous home in Mesa County. Exhibit 10, p. 8.

    d.    Further, during her deposition, Bouricius testified that her "orchard in Palisade [Mesa County]" was a source of income. Exhibit 5, Bouricius Dep., 37:24-38:7.

    e.    So, in Mesa County's March 26, 2019 conferral letter, Mesa County asked Bouricius to produce records substantiating income she received from the orchard. Exhibit 6, pp. 3-4.

    e.    In response, Bouricius produced one page of tax information for the year 2016. Exhibit 9, p. 4; Exhibit 8, p. 4.

    f.    When Mesa County asked Bouricius to produce full and complete responses regarding income she received from her orchard, Bouricius's counsel responded by stating, "Please issue an interrogatory so we can properly answer." Exhibit 9, p. 4.

    g.    But such a request overlooks the fact that Mesa County already issued relevant discovery requests (Requests for the Production of Documents Nos. 9 and 10), to which Bouricius has failed to respond sufficiently and completely.

    h.    Consequently, Mesa County requests this Court issue an order compelling Bouricius to fully and completely respond to its Requests for the Production of Documents Nos. 9 and 10 by producing records showing income from Bouricius's Mesa County orchard from 2016 through the present.

8.    **Bouricius failed to produce complete responses to Mesa County's Request for Production of Documents No. 12.**

a. In this case, Mesa County pled a failure to mitigate damages defense in its Answer. Answer, Aff. Defs. D.

b. To support this affirmative defense, evidence of job advertisements and the plaintiff's review of job advertisements are relevant. *See*, *e.g.*, *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1253 (10th Cir. 2005) (holding, "The evidence of Ms. Praseuth's efforts by way of mitigation of damages (evidence that she applied for several jobs, searched classified job advertisements, and made monthly visits to the Kansas Job Services Offices) was sufficient" for purposes of legal issues presented on appeal); *Tatar v. Elite Gold, Inc.*, 01 Civ.2433 RLC, 2002 WL 31682391, *3 (S.D.N.Y., Nov. 26, 2002) (discussing evidence related to job advertisements as part of the court's discussion regarding the defendant's mitigation of damages defense).

c. Thus, in Mesa County's Request for the Production of Documents No. 12, Mesa County requested that Bouricius "Please produce any documents relating to your search for employment from October 1, 2016, to the present, including but not limited to, any application for employment or employment contract filed, submitted, or executed by you, and any offer(s) of employment received to date." Exhibit 1, p. 6.

d. During her deposition, in response to questioning about whether Bouricius applied for jobs after her employment with Mesa County ended, Bouricius testified that she might have some of the job advertisements for the positions for which she applied. Exhibit 5, Bouricius Dep., 259:22-261:7.

e. So, in Mesa County's March 26, 2019 conferral letter, Mesa County asked Bouricius to produce copies of the job advertisements that Bouricius testified she may have. Exhibit 6, pp. 4-5.

      f.      On May 1, 2019, having received no responsive information, Mesa County renewed its request for this information. Exhibit 9, pp. 4-5.

      g.      In response to Mesa County's May 1, 2019 email, Bouricius's counsel stated, "Having received no such documents, I do not believe they exist. However, I will inquire again despite our objections." *Id*. at p. 5.

      h.      It is not clear why Bouricius did not use the time between March 26, 2019 and May 1, 2019 to review documents and determine whether any job advertisement documents responsive to Request for the Production of Documents No. 12 existed.

      i.      Consequently, because Mesa County's Request for the Production of Documents No. 12 is relevant to the issues in this litigation, and because Bouricius has either failed to respond to this discovery request or has responded in an incomplete and evasive manner, Mesa County requests this Court issue an order compelling Bouricius to produce copies of job advertisements, as she referred to during her deposition.

9.      **Mesa County requests the Court order Bouricius to pay Mesa County's reasonable expenses and attorneys' fees associated with making and filing this motion.**

      a.      Pursuant to F.R.C.P. 37(a)(5)(A), Mesa County requests this Court require Bouricius to pay Mesa County's reasonable expenses and attorneys' fees incurred in making and filing this Motion.

      b.      Courts in this jurisdiction hold that F.R.C.P. 37 "presumes that costs and fees for bringing a successful motion to compel will be granted by the Court, unless the Court finds that the party to be compelled's position was 'substantially justified.'" *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 663 (D.Colo. 2005) (referring to an earlier version of the sanctions provision set forth in F.R.C.P. 37).

      c.      Here, Bouricius offers no explanation regarding why verified interrogatory responses and other information that Bouricius has testified or counsel has admitted exists have not been produced in the 44 days since Mesa County sent it conferral letter on March 26, 2019.

      d.      Thus, Bouricius's refusals to produce this information after Mesa County made repeated requests for it is not substantially justified.

      e.      Accordingly, Mesa County requests this Court impose sanctions on Bouricius as stated herein.

Respectfully submitted this 9th day of May 2019.

                    BECHTEL SANTO & SEVERN

                    By: *s/Alicia W. Severn*
                        Alicia W. Severn, #42432
                        Michael C. Santo, #24083
                        205 N. 4th Street, Suite 300
                        Grand Junction, Colorado 81501
                        Telephone: (970) 683-5888
                        Facsimile: (970) 683-5887
                        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO COMPEL** was served this 9th day of May 2019, via the CM/ECF electronic filing system, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

                *s/ Alicia W. Severn*
                Alicia W. Severn, attorney