**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.   18-CV-01144-WYD-STV**

DEBRA BOURICIUS,

       Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

       Defendant.

---

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST**
**SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF**

---

Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Hunter A. Swain, of the law firm KING & GREISEN, LLP, hereby submit the following Supplemental Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS**
**APPLICABLE TO ALL DISCOVERY REQUESTS**

A.      In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

**EXHIBIT 3**

B.      To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

C.      Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

D.      To the extent the discovery requests can be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney/client privilege and the work product doctrine, Plaintiff hereby claims such protections and object to the requests on that basis. Plaintiff objects to producing all documents prepared by counsel and their agents. To the extent any privileged or work product material is inadvertently produced in this case, Plaintiff maintains that such production does not constitute a waiver of any privilege or protection from disclosure.

E.      To the continuing answers and responses, Plaintiff objects to the extent that they go beyond the requirements of applicable law and thus impose an undue burden on Plaintiff. Plaintiff does not object to providing continuing answers and responses in those categories specifically defined in the federal Rules of Civil Procedure.

F.      To the extent that discovery requests require Plaintiff to produce duplicative documents maintained in separate locations, Plaintiff will produce only one copy of the requested document.

**EXHIBIT 3**

G.      Plaintiff objects to Defendants' definitions and introduction to the extent they seek to impose greater discovery obligations on Plaintiff than permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name; present residence address; present occupation including employer's name, address, and telephone number; and, if you have ever been known by any other names, please state all the names by which you have been known, the dates of use of each such name, and the reason for the change of names.

### RESPONSE TO INTERROGATORY NO. 1:

Debra Ann Bouricius



Sr. Business Analyst
Boulder County District Attorney
2025 Fourteenth Street
Boulder, CO  80301

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Plaintiff has not been known by any other names.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff.

**OBJECTION:**  Request No. 1 is objectionable because it impermissibly seeks documents that were that are protected from disclosure by the attorney client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 1: Bouricius 000001-000492.

3

**EXHIBIT 3**

REDACTED

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails which were previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents, including but not limited to notes, diaries, journals, logs, memos, emails or other correspondence, created by you relating to the allegations in your Complaint.

**OBJECTION:**  Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

Request for Production No. 4 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the spousal privilege, and/or the work product doctrine.

Request for Production No. 4 is objectionably overbroad because it does not comply with Fed. R. Civ. P. 34's requirement that parties state Requests for Production of Documents with "reasonable particularity." Request for Production No. 4 requests documents "relating to" all of the allegations in Ms. Bouricius's complaint, which contains general allegations about Ms. Bouricius's employment and work performance over a period of twenty-six years. Request for Production No. 4 is precisely the sort of "blockbuster" or "kitchen sink" request that courts have branded an abuse of the discovery process. See Regan-Touhy v. Walgreen Co., 526 F.3d 641, 650 (10th Cir. 2008) ("In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands . . . such as those for all documents relating to or referring to a . . . claim.); Trustees of the Springs Transit Company Employees' Retirement and Disability Plan v. City of Colorado Springs, 2010 U.S. Dist. LEXIS 55182 at * 16-17 (D. Colo. May 11, 2010) and the cases cited therein; Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006) rev'd on other grounds 581 F.3d 1248 (10th Cir. 2009) (discovery requests that contain omnibus terms such as "relating to" applied to a broad range of information or documents are overly broad on their face); Aikens v. Deluxe Fin. Svcs., Inc., 217 F.R.D. 533, 535 (D. Kan. 2003) (discovery requests using words like "regarding" or "relating to" with respect to a category or group of documents are facially overbroad and unduly burdensome). Request for Production No. 4 violates the principles set forth in these cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 4: Bouricius 000009, 000409-000442.

**EXHIBIT 3**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**OBJECTION:** Request for Production No. 6 is objectionable to the extent that it seeks documents that are not in Plaintiff's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 6: Bouricius 000409-000442.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents you and/or your counsel received in response from any employee and/or former employee of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, in response to any and all documents and/or communications you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**OBJECTION:** Request for Production No. 7 is objectionable to the extent that it seeks documents that are not in Plaintiff's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 7: Bouricius 000385-000405, 000409-000442.

**EXHIBIT 3**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**  Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

DATED this 20th day of February 2019.

AS TO OBJECTIONS:

*s/ Paula Greisen*
Paula Greisen
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
swain@kinggreisen.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2019, I electronically mailed the foregoing **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

*s/ Laurie A. Mool*
Paralegal

6

**EXHIBIT 3**