## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

---

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF

---

Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Julie K. Bisbee, of the law firm KING & GREISEN, LLP, hereby submit the following Supplemental Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

### PRELIMINARY STATEMENTS AND OBJECTIONS
### APPLICABLE TO ALL DISCOVERY REQUESTS

A.    In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

**EXHIBIT 4**

  B. To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

  C. Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

  D. To the extent the discovery requests can be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney/client privilege and the work product doctrine, Plaintiff hereby claims such protections and object to the requests on that basis. Plaintiff objects to producing all documents prepared by counsel and their agents. To the extent any privileged or work product material is inadvertently produced in this case, Plaintiff maintains that such production does not constitute a waiver of any privilege or protection from disclosure.

  E. To the continuing answers and responses, Plaintiff objects to the extent that they go beyond the requirements of applicable law and thus impose an undue burden on Plaintiff. Plaintiff does not object to providing continuing answers and responses in those categories specifically defined in the federal Rules of Civil Procedure.

  F. To the extent that discovery requests require Plaintiff to produce duplicative documents maintained in separate locations, Plaintiff will produce only one copy of the requested document.

**EXHIBIT 4**

G. Plaintiff objects to Defendants' definitions and introduction to the extent they seek to impose greater discovery obligations on Plaintiff than permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 5:** Have you, your agent(s), and/or your attorney(s) discussed the incidents that you describe in your Complaint with any individual? If yes, please identify:

(a) the name of the individual;

(b) the date(s) of the discussion;

(c) who was involved in the discussion; and

(d) whether any written notes, statements, memorandum, or such were prepared.

**OBJECTION:** Interrogatory No. 5 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the spousal privilege, and/or the work product doctrine.

Interrogatory No. 5 is objectionable on the grounds that it purports to seek a response from Plaintiff's attorneys and/or other individuals who are not parties to this litigation.

Interrogatory No. 5 is objectionable on the grounds that it is vague and overbroad, and impermissibly seeks information that is irrelevant. Ms. Bouricius's Complaint discusses her decades-long employment at Mesa County in general terms, and she is unable to identify each individual with whom she discussed general aspects of her employment, work performance, and other work-related matters between 1990 and the present that were unrelated to her termination.

**RESPONSE TO INTERROGATORY NO. 5:** Subject to and without waiving her objections, and limiting her answer to discussions that she personally participated in, Plaintiff states that she has discussed her unlawful termination with her husband and her attorneys, the contents of which discussions are protected by the spousal and attorney-client privileges. In addition, Ms. Bouricius has discussed her unlawful termination with the following individuals:

- Courtney Longtin
  Last Known Telephone:
  Last Known Address:

3

**EXHIBIT 4**

**REDACTED**

- Rick Corsi
  Last Known Telephone: ▮▮▮▮▮
  Last Known Address: ▮▮▮▮▮

- Janine Corsi
  Last Known Telephone: ▮▮▮▮▮
  Last Known Address: ▮▮▮▮▮

- Lynn Zubek
  Last Known Telephone: ▮▮▮▮▮
  Last Known Address: ▮▮▮▮▮

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:** Subject to and without waiving her objections, Plaintiff states that her attorneys have interviewed Lori Marak, the contents of which discussions are protected by attorney work-product.

**INTERROGATORY NO. 8:** Please identify and describe all information, documents, or other matters that the witnesses identified in Section A in your Initial Disclosures have that is/are related to your Complaint and/or to this litigation.

**OBJECTION TO INTERROGATORY NO. 8:** Interrogatory No. 8 is objectionable because it purports to seek a response from individuals who are not parties to this litigation, which is not permitted by Fed. R. Civ. P. 33.

**RESPONSE TO INTERROGATORY NO. 8:** Notwithstanding and without waiving the foregoing objections, upon information and belief, Rick Corsi and Janine Corsi have documents related to their respective charges of discrimination against Mesa County, the investigation thereof, and the settlements they each entered into with Mesa County. *See* Bouricius 000385-000405. Presumably, the Defendant and its employees and elected officials also have information in their possession regarding Ms. Bouricius's Complaint and/or this litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:** *See* Supplemental Response to Interrogatory No. 5.

<u>**REQUESTS FOR PRODUCTION**</u>

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff.

**EXHIBIT 4**

**REDACTED**

**OBJECTION:** Request No. 1 is objectionable because it impermissibly seeks documents that were that are protected from disclosure by the attorney client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 1: Bouricius 000001-000492.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails which were previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents which are responsive to Request for Production No. 1: Bouricius 000500-000545. *See* Plaintiff's Privilege Log.

**REQUEST FOR PRODUCTION NO. 5:** Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands. Please execute the attached employment records release to allow Mesa County to independently obtain responsive documents.

**OBJECTION:** Request for Production No. 5 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are not relevant and/or that are not in the possession, custody, or control of Ms. Bouricius. Documents which relate to Ms. Bouricius's employment since her termination by Mesa County are not relevant to either party's claims or defenses, with the exception of information regarding Ms. Bouricius's compensation and benefits, which is produced in response to Request for Production No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 5: Bouricius 000443-000453, 000456-000465, and 000466*(all of which have been designated as confidential pursuant to the Protective Order in this matter)*.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 5: Bouricius 000500-000542.

**EXHIBIT 4**

**REQUEST FOR PRODUCTION NO. 8:** Please produce all records regarding or relating to your relocation from Western Colorado to Lyons, Colorado, including but not limited to any sale(s) and/or purchase(s) of personal and/or real property in Palisade, Colorado and/or in Lyons, Colorado; any lease agreement(s) for personal and/or real property; any moving expenses; and/or other related records.

>**OBJECTION:**  Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.
>
>**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 8.
>
>**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**  Following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 8:  Bouricius 000543.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents relating to the payment of and the amount of all income, including periods of self-employment, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term) and any other monies received by you since October 1, 2016.

>**OBJECTION:**  Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.
>
>Request for Production No. 10 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are irrelevant. Documents which relate to collateral sources of income that cannot be permissibly used to offset an award of damages, such as income from Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term), and any other non-wage income to Ms. Bouricius, are not relevant to either party's claims or defenses.
>
>**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 10: Bouricius 000456-000466 *(which have been designated as confidential pursuant to the Protective Order in this matter)*.
>
>**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**  Notwithstanding and without waiving the foregoing objections, following a reasonable

**EXHIBIT 4**

search, Ms. Bouricius has identified the following additional document responsive to Request for Production No. 10: Bouricius 000544-000545 *(which have been designated as confidential pursuant to the Protective Order in this matter)*

**REQUEST FOR PRODUCTION NO. 11:** Please produce all federal, state, and local income tax returns, attached schedules, and W-2's filed by you, jointly or severally, from 2015 through the present.

> **OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.
>
> Request for Production No. 11 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are irrelevant. Documents which relate to collateral sources of income that cannot be permissibly used to offset an award of damages (*i.e.*, sources of income other than Ms. Bouricius's earned wages and benefits) are not relevant to either party's claims or defenses.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Notwithstanding and without waiving the foregoing objections, see Response to Request for Production No. 10 and the documents produced therewith.

DATED this 11th day of March 2019.

AS TO OBJECTIONS:

*s/ Paula Greisen*
Paula Greisen
Julie K. Bisbee
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

**EXHIBIT 4**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of March 2019, I electronically mailed the foregoing **PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                                                *s/ Laurie A. Mool*
                                                Paralegal

**EXHIBIT 4**