# THE LAW FIRM OF
# BECHTEL SANTO & SEVERN

March 26, 2019

Julie Bisbee
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, Colorado 80206
Sent via email: bisbee@kinggreisen.com
greisen@kinggreisen.com

Re:   *Bouricius v. Mesa County*: Conferral regarding Ms. Bouricius's discovery responses.

Dear Julie and Paula,

Pursuant to D.C.COLO.LCivR 7.1(a), we are writing today to confer with your regarding your clients' inadequate and incomplete discovery responses. We look forward to discussing these issues with you in more detail. To that end, please let me know when you are available for a telephone conference during the week of April 1 or April 8.

1. **Production of Ms. Bouricius's verified responses to Interrogatories 1-12, including supplemental responses, have not been received.**

As you know, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." F.R.C.P. 33(b)(5). Unsigned interrogatory responses are incomplete. *Digital Advertising Displays, Inc. v. Sherwood Partners, LLC*, 12-CV-00682-WJM-MEH, 2013 WL 3465789, *3 (D.Colo., July 10, 2013). Prior to the start of Ms. Bouricius's deposition on February 22, 2019, Ms. Bouricius verified her responses to Interrogatories 1-12 that she submitted on September 19, 2018. A copy of Ms. Bouricius's verified responses to Interrogatories 1-12 was not made at the time Ms. Bouricius's deposition was taken. Please send to us a copy of Ms. Bouricius's verified interrogatory responses with respect to her September 19, 2018 submission.

In addition, we have not received verified responses with respect to supplemental information that Ms. Bouricius provided with respect to Interrogatories 1, 5, or 8, which was submitted on February 20, 2019 and on March 11, 2019. Please send to us Ms. Bouricius's verified interrogatory responses with respect to these supplemental responses.

**EXHIBIT 6**

Julie Bisbee and Paula Greisen
March 26, 2019
Page 2 of 5

Re: *Bouricius v. Mesa County*: Conferral regarding Ms. Bouricius's discovery responses.

2. **Ms. Bouricius's Responses to Request for Production No. 5.**

Mesa County's Request for Production No. 5 asked:

Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands. Please execute the attached employment records release to allow Mesa County to independently obtain responsive documents.

During her deposition, Ms. Bouricius testified that the following documents or records exist that are responsive to this Request for Production No. 5:

- Information about her retirement (PERA) account (Bouricius Dep., 62:12-14). While Ms. Bouricius supplemented her response to Request for Production No. 5 and produced general information about the PERA program, Ms. Bouricius has not produced any information specific to her retirement account.

- Information about health insurance (Bouricius Dep., 62:19-12). While Ms. Bouricius supplemented her response to Request for Production No. 5 and produced general information about the health insurance programs offered by Boulder County, no documentation was produced regarding in which of multiple health insurance options Ms. Bouricius participates (Consumer Driven Health Plan with HSA, Low Option Copay Plan, or High Option Copay Plan). Amounts withheld on Ms. Bouricius's pay records (documents Bouricius 000458-000463) do not match any of the numbers identified on document Bouricius 000502.

- Information about Ms. Bouricius's current rate of pay of $94,000 annually (Bouricius Dep., 79:18-123). Ms. Bouricius testified that she received a pay raise at the first of the year in 2019 that brought her current annual compensation to $94,000. The most recent pay record we have for Ms. Bouricius is dated June 29, 2018 (Bouricius 000463). No pay information has been produced that substantiates Ms. Bouricius's testimony regarding her current rate of pay.

- Information about utility costs (Bouricius Dep., 83:16—84:6). No information about utility costs or invoice has been produced. Defendant notes that utility costs are referenced in Ms. Bouricius's expert witness's report on page 4 of the Preliminary Evaluation of Economic Loss Due to Age Discrimination report.

- Information about doing laundry at a laundromat (Bouricius Dep., 86:16—87:8). No information about utility costs or invoice has been produced.

**EXHIBIT 6**

Julie Bisbee and Paula Greisen
March 26, 2019
Page 3 of 5

Re: *Bouricius v. Mesa County*: Conferral regarding Ms. Bouricius's discovery responses.

Defendant notes that laundry-related costs are referenced in Ms. Bouricius's expert witness's report on page 4 of the Preliminary Evaluation of Economic Loss Due to Age Discrimination report.

Please produce responsive documents regarding these items within 14 days from the date of this letter.

### 3. Ms. Bouricius's Response to Request for Production No. 6.

Mesa County's Request for Production No. 6 asked:

Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

During her deposition, Ms. Bouricius testified that the following documents or records may exist, which are responsive to this Request for Production No. 6:

- An email communication between Ms. Bouricius and Elizabeth McDowell (Bouricius Dep., 150:22-24). No email correspondence between Ms. Bouricius and Ms. McDowell has been produced. If any such correspondence exists, please produce it within 14 days from the date of this letter.

- Text messages between Ms. Bouricius and Janine Corsi (Bouricius Dep., 249:6-8). Ms. Bouricius testified that she thought she "downloaded some to give in discovery, but I can't remember." Please review all correspondence with Ms. Corsi and produce within 14 days from the date of this letter any communications responsive to this Request for Production No. 6 that have not already been produced.

### 4. Ms. Bouricius's Response to Request for Production No. 9.

Mesa County's Request for Production No. 9 asked:

Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding the removal of apple trees from your family apple orchard in Mesa County (see Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C).

**EXHIBIT 6**

Julie Bisbee and Paula Greisen
March 26, 2019
Page 4 of 5

    Re: *Bouricius v. Mesa County*: Conferral regarding Ms. Bouricius's discovery responses.

During her deposition, Ms. Bouricius indicated that she received income from Hummingbird Orchards, which is Ms. Bouricius's apple orchard. Bouricius Dep., 37: 24—28:7, 39:12-17. Ms. Bouricius testified that income attributable to Hummingbird Orchards is recorded in tax records. *Id.* at 39:25—40:18. Accordingly, this information is related to Request for Production No. 9's request for records regarding the operation of Ms. Bouricius's apple orchard. Yet, no tax records regarding income from Hummingbird Orchards has been produced in response to this Request for Production No. 9. Please supplement Ms. Bouricius's response to Request for Production No. 9 within 14 days from the day of this letter with all documentation related to income received from Hummingbird Orchards.

    **5.    Ms. Bouricius's Response to Request for Production No. 10.**

Mesa County's Request for Production No. 10 asked:

Please produce all documents relating to the payment of and the amount of all income, including periods of self-employment, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term) and any other monies received by you since October 1, 2016.

During her deposition, Ms. Bouricius testified that she and her husband rent the property they jointly own, which is located at ▮▮▮▮▮▮▮▮▮▮▮▮ Bouricius Dep., 10:16-18, 15:14-16, 32:23-25, 49:11-16; Deposition Exhibits 4 and 5. While Ms. Bouricius produced evidence of rental income related to property she jointly owns at ▮▮▮▮▮▮▮▮▮▮ (Bouricius 000543), no records have been produced regarding rental income related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ even though such rental amounts are "income" as contemplated under Request for Production No. 10. As a result, Mesa County requests that Ms. Bouricius produce all information regarding rental income related to ▮▮▮▮▮▮▮▮ within 14 days of the date of this letter.

    **6.    Ms. Bouricius's Response to Request for Production No. 12.**

Mesa County's Request for Production No. 12 asked:

Please produce any documents relating to your search for employment from October 1, 2016, to the present, including but not limited to, any application for employment or employment contract filed, submitted, or executed by you, and any offer(s) of employment received to date.

**REDACTED**        **EXHIBIT 6**

Julie Bisbee and Paula Greisen
March 26, 2019
Page 5 of 5
    Re: *Bouricius v. Mesa County*: Conferral regarding Ms. Bouricius's discovery responses.

    During her deposition, Ms. Bouricius testified that she might have some job advertisements related to the jobs to which she applied after her employment with Mesa County ended. Bouricius Dep., 261:5-11. Accordingly, these records would be "related to" Ms. Bouricius's job search, as requested in Request for Production No. 12. Please review all relevant records and produce within 14 days from the date of this letter any job advertisements responsive to this Request for Production No. 12.

                      Sincerely,

                        Alicia Severn
                        Michael Santo

**EXHIBIT 6**