## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.   18-CV-01144-WYD-STV**

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

---

## PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF

---

Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Hunter A. Swain, of the law firm KING & GREISEN, LLP, hereby submit the following Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

## PRELIMINARY STATEMENTS AND OBJECTIONS
## APPLICABLE TO ALL DISCOVERY REQUESTS

A.     In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

B.     To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

**EXHIBIT 7**

C.      Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

D.      To the extent the discovery requests can be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney/client privilege and the work product doctrine, Plaintiff hereby claims such protections and object to the requests on that basis. Plaintiff objects to producing all documents prepared by counsel and their agents. To the extent any privileged or work product material is inadvertently produced in this case, Plaintiff maintains that such production does not constitute a waiver of any privilege or protection from disclosure.

E.      To the continuing answers and responses, Plaintiff objects to the extent that they go beyond the requirements of applicable law and thus impose an undue burden on Plaintiff. Plaintiff does not object to providing continuing answers and responses in those categories specifically defined in the federal Rules of Civil Procedure.

F.      To the extent that discovery requests require Plaintiff to produce duplicative documents maintained in separate locations, Plaintiff will produce only one copy of the requested document.

G.      Plaintiff objects to Defendants' definitions and introduction to the extent they seek to impose greater discovery obligations on Plaintiff than permitted by the Federal Rules of Civil Procedure.

2

**EXHIBIT 7**

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state your full name; present residence address; present occupation including employer's name, address, and telephone number; and, if you have ever been known by any other names, please state all the names by which you have been known, the dates of use of each such name, and the reason for the change of names.

      **RESPONSE TO INTERROGATORY NO. 1:**

Debra Ann Bouricius



Sr. Business Analyst
Boulder County District Attorney
1777 Sixth Street
Boulder, CO  80301

**INTERROGATORY NO. 2:** Identify each person who assisted you in responding to these Interrogatories, and with respect to each such individual, identify the interrogatory or interrogatories for which they provided assistance.

      **RESPONSE TO INTERROGATORY NO. 2:**  Ms. Bouricius's counsel assisted her in the preparation of each of these Interrogatory responses.

**INTERROGATORY NO. 3:** Identify and fully describe all efforts you have made to seek employment opportunities with any organization(s) or company(ies) since January 1, 2015. In so doing, identify all positions for which you have applied, inquired, or sought employment from, the applicable date(s) of application, inquiry or submission, the organization(s) or company(ies) to which you applied, and the outcome of such employment positions sought.

      **OBJECTION:** Interrogatory No. 3 is objectionable under Fed. R. Civ. P. 26(b) and 33(a)(2) because it impermissibly seeks information that is irrelevant. Information regarding efforts Ms. Bouricius made to seek employment opportunities between January 1, 2015 and her termination on October 7, 2016 is not relevant to either parties' claims or defenses.

      **RESPONSE TO INTERROGATORY NO. 3:**  Notwithstanding and without waiving the foregoing objection, Ms. Bouricius states that right away after being unlawfully terminated by Mesa County, she began seeking to mitigate her economic damages by

**EXHIBIT 7**

REDACTED

searching for an employment position that was both suitable and substantially comparable to the position she held at Mesa County at the time she was fired. Generally speaking, Ms. Bouricius's primary method of seeking employment was performing regular searches for job postings on websites including indeed.com, linkedin.com, and governmentjobs.com, and the Mesa County workforce website. In addition, Ms. Bouricius networked with acquaintances and former colleagues to inquire about job openings. Between October 7, 2016 and the present, Ms. Bouricius applied for the following employment positions:

- Analyst at Community Hospital in Grand Junction, Colorado (applied October 10, 2016);
- Senior IT Analyst - Applications at Colorado Mountain Express (applied October 14, 2016);
- Business Systems Analyst at City of Aurora (applied October 25, 2016);
- Senior Business Analyst at Boulder County District Attorney (applied October 26, 2016; employment offered November 23, 2016; employment began January 3, 2017);
- Business Systems Analyst at City of Fort Collins (applied October 26, 2016);
- Business Systems Analyst at Great-West Financial (applied October 30, 2016);
- Business Systems Analyst at Aurora Water (applied November 4, 2016);
- Business Systems Analyst at Janus Capital Group in Denver, CO (applied November 4, 2016);
- Business Systems Analyst at City & County of Denver (applied November 7, 2016);
- Business Systems Analyst at Jefferson County (applied November 7, 2016);
- Sr. Business Systems Analyst at Progressive's Enterprise Resource Organization (applied November 11, 2016);
- Sr. Business Systems Analyst at Clayton Services, Inc., Denver, CO (applied November 20, 2016);
- Director of Enterprise Applications at Mental Health Partners (applied November 20, 2016); and
- Project Manager at Boulder County (applied November 22, 2016).

With the exception of Ms. Bouricius's application to work as a Senior Business Systems Analyst at the Boulder County District Attorney, none of the job applications submitted by Ms. Bouricius between October 7, 2016 and the present resulted in an offer of employment. Ms. Bouricius started working as a Senior Business Analyst for the Boulder County District Attorney on January 3, 2017. *See also* Response to Request for Production No. 12.

**INTERROGATORY NO. 4:** Identify whether you have rejected any offer of employment since your separation of employment with Mesa County. If so, for each such offer of employment, identify the individual or entity offering said employment, the position offered, the specific terms thereof, and describe in full detail the reasons for rejecting said employment.

4

**EXHIBIT 7**

**RESPONSE TO INTERROGATORY NO. 4:**  Ms. Bouricius has not rejected any offers of employment since her unlawful termination by Mesa County on October 7, 2016.

**INTERROGATORY NO. 5:** Have you, your agent(s), and/or your attorney(s) discussed the incidents that you describe in your Complaint with any individual? If yes, please identify:

    (a)    the name of the individual;

    (b)    the date(s) of the discussion;

    (c)    who was involved in the discussion; and

    (d)    whether any written notes, statements, memorandum, or such were prepared.

**OBJECTION:**  Interrogatory No. 4 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the spousal privilege, and/or the work product doctrine.

Interrogatory No. 4 is objectionable on the grounds that it purports to seek a response from Plaintiff's attorneys and/or other individuals who are not parties to this litigation.

Interrogatory No. 4 is objectionable on the grounds that it is vague and overbroad, and impermissibly seeks information that is irrelevant. Ms. Bouricius's Complaint discusses her decades-long employment at Mesa County in general terms, and she is unable to identify each individual with whom she discussed general aspects of her employment, work performance, and other work-related matters between 1990 and the present that were unrelated to her termination.

**RESPONSE TO INTERROGATORY NO. 5:**  Subject to and without waiving her objections, and limiting her answer to discussions that she personally participated in, Plaintiff states that she has discussed her unlawful termination with her husband and her attorneys, the contents of which discussions are protected by the spousal and attorney-client privileges. In addition, Ms. Bouricius has discussed her unlawful termination with the following individuals:

- Courtney Longtin
  Last Known Telephone: ███████████
  Last Known Address: ████████████████████████████

- Rick Corsi
  Last Known Telephone: ██████████████

**EXHIBIT 7**

**REDACTED**

Last Known Address: ████████████████████████████████████

- Janine Corsi
  Last Known Telephone: ███████████████
  Last Known Address: ████████████████████████████████████

- Lynn Zubek
  Last Known Telephone: ███████████████
  Last Known Address: ██████████████████████████████

**INTERROGATORY NO. 6:** Identify each statement in your possession, custody, or control concerning this lawsuit.

**OBJECTION:** Interrogatory No. 6 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**RESPONSE TO INTERROGATORY NO. 6:** Subject to and without waiving the foregoing objection, Ms. Bouricius states that there are no written "statements" concerning this lawsuit in her possession, custody, or control which have not already been disclosed to Defendant.

**INTERROGATORY NO. 7:** Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County.

**OBJECTION:** Interrogatory No. 7 is objectionable because it seeks to impose expert disclosure deadlines which conflict with those in Fed. R. Civ. P. 26 and the Scheduling Order.

Interrogatory No. 7 is objectionable as duplicative of Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 7:** Subject to and without waiving the foregoing objections, Ms. Bouricius states the following:

See the Complaint and the Scheduling Order for all damages sought. As to the economic damages sought by Ms. Bouricius, Ms. Bouricius states that she will retain an expert to quantify her economic damages and will disclose such expert in accordance with the expert disclosure timeline set forth in the Scheduling Order.

Generally, Ms. Bouricius first incurred economic damages as a result of Defendant's unlawful conduct in October 2016, and she continues to incur economic damages. Ms. Bouricius's economic damages include (a) back pay, which consists of lost wages from the period of time Ms. Bouricius was unemployed, plus the differential between her

6

**EXHIBIT 7**

**REDACTED**

compensation at Mesa County and her compensation at her subsequent employment, adjusted for the significant cost of living differential between Mesa County and Boulder County; (b) front pay; (c) lost employee benefits; (d) pre-judgment interest; (e) expenses and lost economic value incurred by Ms. Bouricius and her family in connection with their relocation from ████████████████████████, as described in the Complaint and Scheduling Order; (g) tax liability on any award of damages; and (h) all other economic damages which Ms. Bouricius is entitled to recover.

Ms. Bouricius has also suffered and continues to suffer mental damages, loss of enjoyment of life, and emotional distress as a result of Defendant's unlawful conduct. As to attorneys' fees and costs to be sought at trial, these damages cannot be calculated at this time given that this matter is in the early stages of litigation.

**INTERROGATORY NO. 8:** Please identify and describe all information, documents, or other matters that the witnesses identified in Section A in your Initial Disclosures have that is/are related to your Complaint and/or to this litigation.

    **OBJECTION TO INTERROGATORY NO. 8:** Interrogatory No. 8 is objectionable because it purports to seek a response from individuals who are not parties to this litigation, which is not permitted by Fed. R. Civ. P. 33.

    **RESPONSE TO INTERROGATORY NO. 9:** Notwithstanding and without waiving the foregoing objections, upon information and belief, Rick Corsi and Janine Corsi have documents related to their respective charges of discrimination against Mesa County, the investigation thereof, and the settlements they each entered into with Mesa County. *See* Bouricius 000385-000405. Presumably, the Defendant and its employees and elected officials also have information in their possession regarding Ms. Bouricius's Complaint and/or this litigation.

**INTERROGATORY NO. 9:** Please identify and describe all legal bases and mathematical calculations regarding your alleged damages.

    **RESPONSE TO INTERROGATORY NO. 9:** *See* Response to Interrogatory No. 7.

**INTERROGATORY NO. 10:** Please identify and describe all previous legal claims and/or actions, including but not limited to administrative claims/actions and litigations in small claims, county, and/or district court(s), in which you have participated in the last three years, including a description of your involvement in each legal claim and/or action.

    **RESPONSE TO INTERROGATORY NO. 10:** Ms. Bouricius states that within the last three years, she has been the plaintiff in the instant action and the charging party with respect to the charge of discrimination she filed against Mesa County in January 2017.

**EXHIBIT 7**

**REDACTED**

Additionally, Ms. Bouricius served as a witness with respect to the charges of discrimination filed by Rick Corsi and Janine Corsi against Mesa County.

**INTERROGATORY NO. 11:** Please identify the date on which you purchased the property located at ████████████████████████. If the owner is a business entity, please identify all owners, members, partners, etc. as applicable to that business entity.

**RESPONSE TO INTERROGATORY NO. 11:** Ms. Bouricius states that she did not purchase the property located at ████████████████████████.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:** After reviewing the Warranty Deed dated October 15, 2003 regarding the property located at ████████████████████████ (Deposition Exhibit 2), Ms. Bouricius now recalls that she did purchase her brother's (Jeffrey Guy Bouricius) interest in the property.

**INTERRGATORY NO. 12:** Please identify the owner(s) of the property located at ████████████████████████. If the owner is a business entity, please identify all owners, members, partners, etc. as applicable to that business entity.

**RESPONSE TO INTERROGATORY NO. 12:** The property located at ████████████████████████ is jointly owned by Ms. Bouricius and her husband, Steve Bouricius.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:** The property located at ████████████████████████ is jointly owned by Ms. Bouricius and her husband, Steve Bouricius.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff.

**OBJECTION:** Request No. 1 is objectionable because it impermissibly seeks documents that were that are protected from disclosure by the attorney client privilege and/or the work product doctrine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 1: Bouricius 000001-000492.

**EXHIBIT 7**

**REDACTED**

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents regarding any alleged complaint that you claim that you made to any employee of Mesa County regarding the factual allegations addressed in your Complaint.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 2: Bouricius 000009.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents relating to your employment with Mesa County, including but not limited to, all personnel manuals, handbooks, personnel policies, and/or pamphlets you received from Mesa County; all documents concerning your work schedule, schedule changes, training, salary history, requests for absences, requests for leave, employment benefits, and time off work; and any disciplinary actions, warnings, counseling, or reprimands you received.

> **OBJECTION:**  Request No. 3 is objectionable because it seeks damage that are already in the possession of Mesa County.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 3: Bouricius 000010-000011, 000015, 000019-000020, 000022, 000038, 000053-000055, 000057-000384, 000406-000408.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents, including but not limited to notes, diaries, journals, logs, memos, emails or other correspondence, created by you relating to the allegations in your Complaint.

> **OBJECTION:**  Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

> Request for Production No. 4 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege, the spousal privilege, and/or the work product doctrine.

> Request for Production No. 4 is objectionably overbroad because it does not comply with Fed. R. Civ. P. 34's requirement that parties state Requests for Production of Documents with "reasonable particularity." Request for Production No. 4 requests documents "relating to" <u>all</u> of the allegations in Ms. Bouricius's complaint, which contains general allegations about Ms. Bouricius's employment and work performance over a period of twenty-six years. Request for Production No. 4 is precisely the sort of "blockbuster" or "kitchen sink" request that courts have branded an abuse of the discovery process. See Regan-Touhy v.

9

**EXHIBIT 7**

Walgreen Co., 526 F.3d 641, 650 (10th Cir. 2008) ("In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands . . . such as those for all documents relating to or referring to a . . . claim.); Trustees of the Springs Transit Company Employees' Retirement and Disability Plan v. City of Colorado Springs, 2010 U.S. Dist. LEXIS 55182 at * 16-17 (D. Colo. May 11, 2010) and the cases cited therein; Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006) rev'd on other grounds 581 F.3d 1248 (10th Cir. 2009) (discovery requests that contain omnibus terms such as "relating to" applied to a broad range of information or documents are overly broad on their face); Aikens v. Deluxe Fin. Svcs., Inc., 217 F.R.D. 533, 535 (D. Kan. 2003) (discovery requests using words like "regarding" or "relating to" with respect to a category or group of documents are facially overbroad and unduly burdensome). Request for Production No. 4 violates the principles set forth in these cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 4: Bouricius 000009, 000409-000442.

**REQUEST FOR PRODUCTION NO. 5:** Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands. Please execute the attached employment records release to allow Mesa County to independently obtain responsive documents.

**OBJECTION:**  Request for Production No. 5 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are not relevant and/or that are not in the possession, custody, or control of Ms. Bouricius. Documents which relate to Ms. Bouricius's employment since her termination by Mesa County are not relevant to either party's claims or defenses, with the exception of information regarding Ms. Bouricius's compensation and benefits, which is produced in response to Request for Production No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 5: Bouricius 000443-000453, 000456-000465, and 000466*(all of which have been designated as confidential pursuant to the Protective Order in this matter)*.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all

**EXHIBIT 7**

communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**OBJECTION:** Request for Production No. 6 is objectionable to the extent that it seeks documents that are not in Plaintiff's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 6: Bouricius 000409-000442.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents you and/or your counsel received in response from any employee and/or former employee of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, in response to any and all documents and/or communications you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**OBJECTION:** Request for Production No. 7 is objectionable to the extent that it seeks documents that are not in Plaintiff's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 7: Bouricius 000385-000405, 000409-000442.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all records regarding or relating to your relocation from ████████████████████████, including but not limited to any sale(s) and/or purchase(s) of personal and/or real property in ████████████████ and/or in ████████ ████████; any lease agreement(s) for personal and/or real property; any moving expenses; and/or other related records.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 8.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding

**EXHIBIT 7**

**REDACTED**

the removal of apple trees from your family apple orchard in Mesa County (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C).

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 9: Bouricius 000454-000455.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents relating to the payment of and the amount of all income, including periods of self-employment, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term) and any other monies received by you since October 1, 2016.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

Request for Production No. 10 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are irrelevant. Documents which relate to collateral sources of income that cannot be permissibly used to offset an award of damages, such as income from Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term), and any other non-wage income to Ms. Bouricius, are not relevant to either party's claims or defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 10: Bouricius 000456-000466 *(which have been designated as confidential pursuant to the Protective Order in this matter).*

**REQUEST FOR PRODUCTION NO. 11:** Please produce all federal, state, and local income tax returns, attached schedules, and W-2's filed by you, jointly or severally, from 2015 through the present.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

Request for Production No. 11 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are irrelevant. Documents which relate to

**EXHIBIT 7**

collateral sources of income that cannot be permissibly used to offset an award of damages (*i.e.*, sources of income other than Ms. Bouricius's earned wages and benefits) are not relevant to either party's claims or defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Notwithstanding and without waiving the foregoing objections, see Response to Request for Production No. 10 and the documents produced therewith.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any documents relating to your search for employment from October 1, 2016, to the present, including but not limited to, any application for employment or employment contract filed, submitted, or executed by you, and any offer(s) of employment received to date.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 12: Bouricius 000467-000492.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents, including but not limited to medical records related to your allegations of emotional and/or psychological distress (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶A.2), relating to your alleged damages and damage calculations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 13, nor is she aware of any such documents.

DATED this 30th day of April 2019.

AS TO OBJECTIONS:

*s/ Paula Greisen*
Paula Greisen
Julie K. Bisbee
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile

**EXHIBIT 7**

greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of April 2019, I electronically mailed the foregoing **PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

*s/ Laurie A. Mool*
Paralegal

14

**EXHIBIT 7**

# VERIFICATION

I, Debra Bouricius, declare under oath that I have read the amended responses to Defendant's First Set of Combined Discovery Requests to Plaintiff and that the statements contained therein are true and correct to the best of my knowledge and belief.

Dated: _April 30, 2019_          _Debra Bouricius_
                                 _____
                                 Debra Bouricius

STATE OF COLORADO        )
                         ) ss:
COUNTY OF _Boulder_      )

The foregoing Verification was acknowledged before me this _30th_ day of April 2019 by Debra Bouricius.

Witness my hand and seal.

                                 _____
                                 Notary Public

[SEAL]

```
ASLINN KISOR
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID# 20114050069
MY COMMISSION EXPIRES 08/10/2019
```

**EXHIBIT 7**