**Alicia Severn**

| | |
|---|---|
| **From:** | Julie Bisbee <bisbee@kinggreisen.com> |
| **Sent:** | Wednesday, May 01, 2019 4:04 PM |
| **To:** | Alicia Severn |
| **Cc:** | Paula Greisen; Michael Santo; Laurie Mool |
| **Subject:** | RE: Conferral regarding Ms. Bouricius's April 30, 2019 discovery responses and letter |

Alicia:

Thank you for clarifying. We have communicated your request and are working on obtaining the information.

As an aside, can you please make sure to copy Laurie on your correspondence?

Thanks,

*Julie K. Bisbee*
*Attorney*
*Pronouns: she, her, hers*



1670 York St. | Denver | Colorado | 80206 | 303.298.9878 p | 303.298.9879 f
www.kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

Please consider the environment before printing this email.

**From:** Alicia Severn <Severn@bechtelsanto.com>
**Sent:** Wednesday, May 1, 2019 3:46 PM
**To:** Julie Bisbee <bisbee@kinggreisen.com>
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Michael Santo <santo@bechtelsanto.com>
**Subject:** RE: Conferral regarding Ms. Bouricius's April 30, 2019 discovery responses and letter

Julie,
My replies to your responses are contained below in red text.

Thank you,
Alicia

1

**EXHIBIT 9**

Julie,

I am writing today to confer further regarding the issues raised in Mesa County's March 26, 2019 letter and the responses thereto that we received yesterday, April 30, 2019. Several matters remain outstanding. Those are:

1. **Interrogatory responses submitted under oath.** We have not received copies of all Interrogatories signed under oath by Ms. Bouricius. (*See* Mesa County's March 26, 2019 letter, p. 1.) That is, in Plaintiff's Amended Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, submitted on April 30, 2019, responses to Interrogatories 1-12 are included. But Ms. Bouricius's responses to Interrogatories 11 and 12 contain information that did not appear in her initial responses to Defendant's First Set of Combined Discovery Requests, submitted on September 19, 2018.

In addition, Ms. Bouricius supplemented her response to Interrogatory 1 on February 20, 2019, and no signature verifying this response under oath has been provided. Further, Ms. Bouricius supplemented her responses to Interrogatories 5 and 8 on March 11, 2019, and no signature verifying these responses under oath have been provided. The supplemental information provided in response to Interrogatories 1, 5, and 8 is not contained in either of the discovery responses produced on April 30, 2019.

Consequently, we renew our request that Ms. Bouricius sign under oath all of her interrogatory responses, including supplemental responses to the interrogatories.

*As all of the discovery is in a single document, it is difficult to tell what you are asking. As of the date of the deposition, we believe she has verified all responses. Please clarify which interrogatories have not been verified. The additional responses we made yesterday, as we understand, were document requests which do not require verification. If we are missing something here, can you please state plainly what you are looking for.*

1. Ms. Bouricius's 9/19/2018 Interrogatories (without the "Amended Responses" to Interrogatories 11 and 12, which were produced on April 30, 2019) have not been verified.
2. Ms. Bouricius's 2/20/19 supplemental response to Interrogatory 1 has not been verified.
3. Ms. Bouricius's 3/11/10 supplemental responses to Interrogatories 5 and 8 have not been verified.

2. **PERA and Health Insurance information.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about her PERA account and health insurance coverage. March 26, 2019 letter, p. 2. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no PERA documents or health plan documents to produce. These responses are insufficient.

That is, Ms. Bouricius claims in her April 30, 2019 letter, which is not a sufficient discovery response on any of the issues addressed therein, that she contributes 8% of her income to PERA. This contribution rate matches the information identified on page Bouricius 000509. But Ms. Bouricius also claims in the April 30, 2019 letter that her employer contributes 21.15% of Ms. Bouricius's salary to PERA. This amount does not match any rate identified in Bouricius 000509. Thus, in order to determine her employer's rate of contribution, some information must be available to Ms. Bouricius for her to make this calculation.

In addition, the general PERA information provided at Bouricius 000508 states, "Each year, PERA will mail you an *Annual Member Statement* that includes the balance of your PERA DB Plan account, accumulated service credit, and other information about your benefits." (Italics in original.) Thus, Ms. Bouricius should have received PERA information specific to her, showing her specific balances and other information. We again request that Ms. Bouricius produce this responsive information immediately.

2

**EXHIBIT 9**

Similarly, Ms. Bouricius states in her April 30, 2019 letter that she participated in two health plans during her employment with Boulder County, which employment started in 2017. Bouricius Dep., 57:8-10. To date, Ms. Bouricius has produced only general health insurance information related to the plan year 2019. Bouricius 000500-000503. Boulder County must have plan documents, which Ms. Bouricius should have access to upon request. Thus, we make a renewed request for the production of responsive information.

*We will object to any balance information in Ms. Bouricius's retirement accounts as it is irrelevant, and harassing in nature.  If you are insisting on Ms. Bouricius providing you with form documents from an outside company that she may have access to, we will work on it.*

In Interrogatory 7, we requested Ms. Bouricius to "Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County." Then in Request for Production 1, we requested Ms. Bouricius to "Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." In Ms. Bouricius's expert witness's report (see pages 3-4 of the report), Dr. Kaempfer indicated that insurance and retirement income are part of Ms. Bouricius's damages. Thus, these requests are relevant to Ms. Bouricius's damages and bases for those damages, which information she provided to Dr. Kaempfer. As such, we expect to receive full and complete responsive information from Ms. Bouricius by the end of the week.

3. **Utility and Laundry costs.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about utility and laundry costs, which are part of her expert witness's damages calculations. March 26, 2019 letter, pp. 2-3. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no documentation regarding utility costs, but she is somehow able to calculate that utility costs averaged $200 per month for two separate houses. This calculation must be based on numbers, which Ms. Bouricius has failed to produce. Moreover, it is likely that Ms. Bouricius's utility companies have past charges available online or by requesting such information by telephone or email. Ms. Bouric:ius makes no mention of any steps she has taken to obtain utility cost information. Moreover, Ms. Bouricius provided no support for her conclusion that utility costs increased to $216 per month, which is a very specific amount, nor that she purchased firewood for $1,980. Similarly, Ms. Bouricius produced no information, nor described any steps she took to obtain information, supporting her assertion that it costs $27-$33 every ten days to do laundry. If anything, receipts, withdrawals, bank statements, or other documents must exist showing these expenditures or costs. As a result, we renew our request for documents supporting these assertions made in Ms. Bouricius's April 30, 2019 letter.

*We will seek copies of utility bills.*  Thank you. *As for the laundry, please issue an interrogatory.*

In Interrogatory 7, we requested Ms. Bouricius to "Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County." Then in Request for Production 1, we requested Ms. Bouricius to "Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." In Ms. Bouricius's expert witness's report (see page 4 of the report), Dr. Kaempfer indicated that laundry costs are part of Ms. Bouricius's damages. Thus, this request for information and documentation relating to laundry costs are relevant to Ms. Bouricius's damages and bases for those damages, which information she provided to Dr. Kaempfer. As such, we expect to receive full and complete responsive information from Ms. Bouricius by the end of the week since we have already produced an Interrogatory and a Request for the Production of Documents that cover this issue.

4. **Text messages between Ms. Bouricius and Janine Corsi.** In our March 26, 2019 letter, we requested Ms. Bouricius produce text messages between Ms. Bouricius and Ms. Corsi that Ms. Bouricius testified might exist. March 26, 2019 letter, p. 3. No information about any such text messages was contained in the information Ms. Bouricius submitted on April 30, 2019. That is, Ms. Bouricius did not produce any responsive documents nor indicate that no such documents existed. Consequently, we renew our request for this information and ask that Ms. Bouricius review her correspondence with Ms. Corsi to determine if any responsive documents have not been produced.

**EXHIBIT 9**

*Are these documents different than the messages marked SMS already produced? That is the conversation I recall.*

Mesa County's Request for Production No. 6 asked Ms. Bouricius to "Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else." During her deposition, Ms. Bouricius testified that she thought she "downloaded some [text messages between Ms. Bouricius and Ms. Corsi] to give in discovery, but [she] can't remember." Bouricius Dep., 249:6-8.

I do not know if Ms. Bouricius has any responsive documents in addition to the SMS documents already produced in which Ms. Corsi was a party to the conversation. That information rests solely with Ms. Bouricius. That is why we requested Ms. Bouricius to please review her correspondence with Ms. Corsi and produce any communications that have not been produced, if there are any. We renew this request here.

5. **Family orchard.** In response to Mesa County's request for additional information about Hummingbird Orchards (*see* March 26, 2019 letter, pp. 3-4), Ms. Bouricius produced information only for the year 2016 without explanation for why only one year of information was provided. Bouricius 000561. If information exists for years 2015, 2017, 2018, and/or 2019, we request its/their production.

*Please issue an interrogatory so we can properly answer. If there are more documents, we will produce them despite the fact they are irrelevant.*

We have already issued a Request for the Production of Documents on this issue relating to the production of records. (*See* Request for Production No. 9, requesting Ms. Bouricius to "Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding the removal of apple trees from your family apple orchard in Mesa County (see Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C).") Therefore, we expect to receive full, responsive information by the end of the week.

6. **Rental income.** In response to Mesa County's request for documentation relating to Ms. Bouricius's rental property located at ▮▮▮▮▮▮▮▮▮▮▮ (see March 26, 2019 letter, p. 4), Ms. Bouricius produced on April 30, 2019, pages Bouricius 000562-000563, which are tax records related to a cabin located in ▮▮▮▮▮▮▮▮. No responsive information, including rental receipts, invoices, contracts, or any other documentation has been provided regarding the rental property at ▮▮▮▮▮▮▮▮▮▮▮. Therefore, we renew our request for responsive information relating to this request.

*Again, these records are irrelevant as their rental property that they have held for decades, and its income, are not part of the damages calculation. Defendant's request is clearly designed to harass plaintiff. However, these are the records. I am unaware as to why they say "▮▮▮▮▮▮▮" but I previously confirmed that they are for the ▮▮▮ cabin. As she stated in her deposition, they do not rent the property in ▮▮▮▮▮▮.*

I do not have any document showing a confirmation that Ms. Bouricius's tax records (Bouricius 000562-000563), which indicate they relate to "Cabin ▮▮▮▮▮▮▮▮▮▮," actually relate to Ms. Bouricius's cabin in ▮▮▮▮▮. If you sent along that confirmation, I respectfully request that you send it again, as I did not receive it.

7. **Search for employment.** In our March 26, 2019 letter, we requested documentation regarding job advertisements and Ms. Bouricius's job search, which she explained during her deposition may exist. March 26, 2019 letter, pp. 4-5. No responsive documents or other response of any kind was provided to this request in the information and documents produced by Ms. Bouricius on April 30, 2019. Thus, we renew our request for responsive information on this topic.

**EXHIBIT 9**

**REDACTED**

*Job postings for which Plaintiff applied are irrelevant.  Plaintiff produced several documents regarding jobs for which she did apply and her mitigation efforts.  Seeking the job postings is simply harassing.  Having received no such documents, I do not believe they exist.  However, I will inquire again despite our objections.*

Thank you for inquiring again.

We are concerned that additional responsive documentation exists, as confirmed in your responses, that was not produced in response to our conferral letter, which we sent more than one month ago. We reiterate that must have responsive information by the end of the day on Friday.


Alicia Williams Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

CONFIDENTIALITY NOTICE:  This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please call collect at 970-683-5888 and delete this transmission.  Thank you.

SECURITY NOTICE:
Bechtel Santo & Severn cannot assure that email messages are secure or will be delivered via the Internet. If you are transmitting information to Bechtel Santo & Severn that you consider urgent and are uncertain whether it has been received, or if you are expecting an email response that you have not received, please call 970.683.5888 to confirm the status. If you are uncomfortable using email to communicate with Bechtel Santo & Severn, please call and specify another method of communication.

---

**From:** Julie Bisbee [mailto:bisbee@kinggreisen.com]
**Sent:** Wednesday, May 01, 2019 12:26 PM
**To:** Alicia Severn <Severn@bechtelsanto.com>; Paula Greisen <greisen@kinggreisen.com>; Laurie Mool <mool@kinggreisen.com>; Michael Santo <santo@bechtelsanto.com>
**Subject:** FW: Conferral regarding Ms. Bouricius's April 30, 2019 discovery responses and letter

Please see below

*Julie K. Bisbee*
Attorney
Pronouns: she, her, hers



1670 York St. | Denver | Colorado | 80206 | 303.298.9878 p | 303.298.9879 f
www.kinggreisen.com

**EXHIBIT 9**

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

**Please consider the environment before printing this email.**

---

**From:** Alicia Severn <Severn@bechtelsanto.com>
**Sent:** Wednesday, May 1, 2019 11:00 AM
**To:** Julie Bisbee <bisbee@kinggreisen.com>
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Michael Santo <santo@bechtelsanto.com>
**Subject:** Conferral regarding Ms. Bouricius's April 30, 2019 discovery responses and letter

Julie,

I am writing today to confer further regarding the issues raised in Mesa County's March 26, 2019 letter and the responses thereto that we received yesterday, April 30, 2019. Several matters remain outstanding. Those are:

1. **Interrogatory responses submitted under oath.** We have not received copies of all Interrogatories signed under oath by Ms. Bouricius. (*See* Mesa County's March 26, 2019 letter, p. 1.) That is, in Plaintiff's Amended Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, submitted on April 30, 2019, responses to Interrogatories 1-12 are included. But Ms. Bouricius's responses to Interrogatories 11 and 12 contain information that did not appear in her initial responses to Defendant's First Set of Combined Discovery Requests, submitted on September 19, 2018.

In addition, Ms. Bouricius supplemented her response to Interrogatory 1 on February 20, 2019, and no signature verifying this response under oath has been provided. Further, Ms. Bouricius supplemented her responses to Interrogatories 5 and 8 on March 11, 2019, and no signature verifying these responses under oath have been provided. The supplemental information provided in response to Interrogatories 1, 5, and 8 is not contained in either of the discovery responses produced on April 30, 2019.

Consequently, we renew our request that Ms. Bouricius sign under oath all of her interrogatory responses, including supplemental responses to the interrogatories.

*As all of the discovery is in a single document, it is difficult to tell what you are asking.  As of the date of the deposition, we believe she has verified all responses.  Please clarify which interrogatories have not been verified.  The additional responses we made yesterday, as we understand, were document requests which do not require verification.  If we are missing something here, can you please state plainly what you are looking for.*

2. **PERA and Health Insurance information.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about her PERA account and health insurance coverage. March 26, 2019 letter, p. 2. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no PERA documents or health plan documents to produce. These responses are insufficient.

That is, Ms. Bouricius claims in her April 30, 2019 letter, which is not a sufficient discovery response on any of the issues addressed therein, that she contributes 8% of her income to PERA. This contribution rate matches the information identified on page Bouricius 000509. But Ms. Bouricius also claims in the April 30, 2019 letter that her employer contributes 21.15% of Ms. Bouricius's salary to PERA. This amount does not match any rate identified in Bouricius 000509. Thus, in order to determine her employer's rate of contribution, some information must be available to Ms. Bouricius for her to make this calculation.

**EXHIBIT 9**

In addition, the general PERA information provided at Bouricius 000508 states, "Each year, PERA will mail you an *Annual Member Statement* that includes the balance of your PERA DB Plan account, accumulated service credit, and other information about your benefits." (Italics in original.) Thus, Ms. Bouricius should have received PERA information specific to her, showing her specific balances and other information. We again request that Ms. Bouricius produce this responsive information immediately.

Similarly, Ms. Bouricius states in her April 30, 2019 letter that she participated in two health plans during her employment with Boulder County, which employment started in 2017. Bouricius Dep., 57:8-10. To date, Ms. Bouricius has produced only general health insurance information related to the plan year 2019. Bouricius 000500-000503. Boulder County must have plan documents, which Ms. Bouricius should have access to upon request. Thus, we make a renewed request for the production of responsive information.

*We will object to any balance information in Ms. Bouricius's retirement accounts as it is irrelevant, and harassing in nature.  If you are insisting on Ms. Bouricius providing you with form documents from an outside company that she may have access to, we will work on it.*

3. **Utility and Laundry costs.** In Mesa County's March 26, 2019 letter, we requested Ms. Bouricius produce information about utility and laundry costs, which are part of her expert witness's damages calculations. March 26, 2019 letter, pp. 2-3. By letter dated April 30, 2019, you communicated that Ms. Bouricius has no documentation regarding utility costs, but she is somehow able to calculate that utility costs averaged $200 per month for two separate houses. This calculation must be based on numbers, which Ms. Bouricius has failed to produce. Moreover, it is likely that Ms. Bouricius's utility companies have past charges available online or by requesting such information by telephone or email. Ms. Bouricius makes no mention of any steps she has taken to obtain utility cost information. Moreover, Ms. Bouricius provided no support for her conclusion that utility costs increased to $216 per month, which is a very specific amount, nor that she purchased firewood for $1,980. Similarly, Ms. Bouricius produced no information, nor described any steps she took to obtain information, supporting her assertion that it costs $27-$33 every ten days to do laundry. If anything, receipts, withdrawals, bank statements, or other documents must exist showing these expenditures or costs. As a result, we renew our request for documents supporting these assertions made in Ms. Bouricius's April 30, 2019 letter.

*We will seek copies of utility bills.  As for the laundry, please issue an interrogatory.*

4. **Text messages between Ms. Bouricius and Janine Corsi.** In our March 26, 2019 letter, we requested Ms. Bouricius produce text messages between Ms. Bouricius and Ms. Corsi that Ms. Bouricius testified might exist. March 26, 2019 letter, p. 3. No information about any such text messages was contained in the information Ms. Bouricius submitted on April 30, 2019. That is, Ms. Bouricius did not produce any responsive documents nor indicate that no such documents existed. Consequently, we renew our request for this information and ask that Ms. Bouricius review her correspondence with Ms. Corsi to determine if any responsive documents have not been produced.

*Are these documents different than the messages marked SMS already produced?  That is the conversation I recall.*

5. **Family orchard.** In response to Mesa County's request for additional information about Hummingbird Orchards (*see* March 26, 2019 letter, pp. 3-4), Ms. Bouricius produced information only for the year 2016 without explanation for why only one year of information was provided. Bouricius 000561. If information exists for years 2015, 2017, 2018, and/or 2019, we request its/their production.

*Please issue an interrogatory so we can properly answer.  If there are more documents, we will produce them despite the fact they are irrelevant.*

7

**EXHIBIT 9**

6. **Rental income.** In response to Mesa County's request for documentation relating to Ms. Bouricius's rental property located at ▓▓▓▓▓▓▓▓▓▓ (see March 26, 2019 letter, p. 4), Ms. Bouricius produced on April 30, 2019, pages Bouricius 000562-000563, which are tax records related to a cabin located in ▓▓▓▓▓▓▓▓▓▓. No responsive information, including rental receipts, invoices, contracts, or any other documentation has been provided regarding the rental property at ▓▓▓▓▓▓▓▓▓▓. Therefore, we renew our request for responsive information relating to this request.

*Again, these records are irrelevant as their rental property that they have held for decades, and its income, are not part of the damages calculation. Defenant's request is clearly designed to harass plaintiff. However, these are the records. I am unaware as to why they say "▓▓▓▓▓▓" but I previously confirmed that they are for the ▓▓▓ cabin. As she stated in her deposition, they do not rent the property in grand junction.*

7. **Search for employment.** In our March 26, 2019 letter, we requested documentation regarding job advertisements and Ms. Bouricius's job search, which she explained during her deposition may exist. March 26, 2019 letter, pp. 4-5. No responsive documents or other response of any kind was provided to this request in the information and documents produced by Ms. Bouricius on April 30, 2019. Thus, we renew our request for responsive information on this topic.

*Job postings for which Plaintiff applied are irrelevant. Plaintiff produced several documents regarding jobs for which she did apply and her mitigation efforts. Seeking the job postings is simply harassing. Having received no such documents, I do not believe they exist. However, I will inquire again despite our objections.*

It has been more than five weeks since we sent our conferral letter on March 26, 2019, which is sufficient time to collect responsive information. We have been very cooperative with you in terms of providing more time for Ms. Bouricius to produce responsive information. Therefore, we must insist that responsive information and documents related to the issues identified herein be produced by the end of this week. If such information and documents are not produced by that time, Mesa County intends to file a Motion to Compel with the court and/or a CORA request with Ms. Bouricius's employer to obtain appropriate documents.

Thank you for your attention to these matters.

-Alicia

Alicia Williams Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

CONFIDENTIALITY NOTICE:  This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please call collect at 970-683-5888 and delete this transmission.  Thank you.

SECURITY NOTICE:
Bechtel Santo & Severn cannot assure that email messages are secure or will be delivered via the Internet. If you are transmitting information to Bechtel Santo & Severn that you consider urgent and are uncertain whether it has been received, or if you are expecting an email response that you have not received, please call

970.683.5888 to confirm the status. If you are uncomfortable using email to communicate with Bechtel Santo & Severn, please call and specify another method of communication.

9

**EXHIBIT 9**