IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 18-cv-01144-WYD-STV**

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**
_____

Plaintiff, Debra Bouricius, by and through counsel, in response to Defendant's Motion to Modify the Scheduling Order [Doc. 54], pursuant to the Court's Minute Order at Doc. 56, states as follows:

### INTRODUCTION

Defendant currently seeks a two-month discovery extension in this matter based, purportedly, on Plaintiff's failure to fully respond to Defendant's various discovery requests. (*See generally*, Doc. 54.) To justify a modification to the scheduling order, Defendant must establish good cause. Fed. R. Civ. P. 16(b)(4). To date, all depositions have been completed except for one scheduled June 14, 2019; all written discovery has been answered, and, aside from the small matters discussed below, all discovery is complete. Thus, Defendant cannot show

good cause to extend discovery an additional two months past the current June 15, 2019 cut-off. The following relevant facts further support Plaintiff's objection:

1. On January 30, 2019, Plaintiff produced her expert report to Defendant. Part of this report included cursory notes that Ms. Bouricius' damages included costs associated with having to move in order to take on new employment. The expert noted that Plaintiff had to do her laundry at a laundromat, had increased utilities based on heating two properties, and other incidental costs. Defendant has never sought to depose Plaintiff's expert.

2. Instead, on February 22, 2019, Defendant deposed the Plaintiff. Plaintiff was asked numerous questions related to the damages noted in the expert report, including her laundry and utility bills. Defendant's counsel also questioned Plaintiff at length about her purchase of an interest in her family cabin, which, having occurred decades earlier, has no bearing on damages—Plaintiff's expert did not opine that the purchase of the family cabin was part of her damages.

3. Not satisfied with Plaintiff's testimony regarding her cost of living, and her knowledge of irrelevant rental income as noted in its motion, Defendant sought further documents related to the expert report and Plaintiff's finances generally. Again, Defendant has not sought an expert deposition. On March 1 and March 11, 2019, Plaintiff's counsel provided all documents Plaintiff's expert reviewed to Defense counsel.

4. Since that time, Defendant has continued to seek information from Plaintiff, including laundry receipts; documents showing how much Plaintiff's husband's labor is worth now that he has to chop firewood to heat their home; and documents related to different

insurance or retirement plans Plaintiff *may* have access to; as well as rental income for a property Plaintiff rented out both before and after her termination that are not relevant to damages.

5. Indeed, instead of deposing Plaintiff's expert to determine what weight, if any, he gave to, *inter alia*, Plaintiff's laundry and utility costs in his damage estimate, Defendant simply demands more and more documents.

6. Additionally, it is undisputed that Plaintiff mitigated her damages by obtaining new employment which she started on January 3, 2017. Plaintiff testified to this in her deposition, and has provided paystubs showing all income she has made since. Plaintiff has testified and provided documents showing *every* job to which she applied. Nonetheless, until May 9, 2019, Defendant continued to seek information regarding Plaintiff's start date, as well as other job advertisements that Plaintiff may have in her possession, whether or not she applied for them. These requests are do not establish good cause to delay the litigation.

7. Further, Defendants have refused to take possession of documents Plaintiff received pursuant to a subpoena *duces tecum*. The subpoenaed witness inadvertently produced a single document on a thumb drive that cannot be easily removed. The witness would have been satisfied by an agreement with counsel that counsel not review said document. Defendant refused, requiring that production be delayed.

8. Moreover, on May 1, 2019, the last day to do so, Defendant served supplemental discovery. Defendant requested all documents used by Plaintiff's expert (which, as stated above, had been produced by March 11), and documents related to Defendant's budget, which had already been produced by Defendant or in Defendant's possession. Again, despite the

3

objectionable nature of the requests, Plaintiff fully responded to Defendant's second set of discovery by the filing of this Response, almost an entire month before discovery is set to close.

9. Additionally, after receipt of Plaintiff's Xcel Energy bills and other documents related to Plaintiff's heating bills on May 10, 2019, on May 14, 2019 Defendant's counsel requested copies of checks used to pay for propane *to prove it was actually paid for*. Defendant was not satisfied by the spreadsheet showing the payment from Plaintiff's "Quicken" program. Further, despite Plaintiff's testimony that her husband had to chop firewood, Defendant continues to demand how much Plaintiff pays for firewood -- a claim that has never been made.

10. Now, as part of Defendant's request to modify the scheduling order, Defendant takes the position that Plaintiff's failure to provide the above-listed documents, most of which were included in Defendant's stricken motion to compel (and disclosed on May 10, 2019), requires an additional *eight weeks* of discovery.

11. As previously disclosed to the Court during an April 25, 2019 hearing, Plaintiff's counsel was not opposed to a short extension of discovery to complete depositions. However, given the nature of Defendant's discovery requests Plaintiff is unable to discern why an extra eight weeks of discovery is necessary. As such, Plaintiff objects to Defendant's motion. That said, when Plaintiff's counsel inquired as to why such a lengthy extension was necessary, Defendant's counsel indicated she may want to move to reopen the Plaintiff's deposition to continue asking questions about her damages based outstanding document production, *i.e.*, laundry and firewood costs. Plaintiff's counsel indicated that Defendant's counsel could have filed such a motion at any time, obviating the need for such a lengthy extension. Defendant could also have deposed Plaintiff's expert.

4

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court find there is no good cause to modify the scheduling order and deny Defendant's motion. Plaintiff further requests that this Honorable Court find there is no need to reopen Plaintiff's deposition based on her alleged discovery shortcomings, and any and all other relief this Court deems appropriate. Defendant's motion for an extension, and its previous demands for disproportionate and irrelevant documents, designed for the purpose of harassing plaintiff, are part and parcel of Defendant's unreasonable delay of the litigation.

DATED this 15th day of May 2019.

Respectfully submitted,

KING & GREISEN, LLP

*s/ Julie K. Bisbee*
Paula Greisen
Julie K. Bisbee
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of May 2019, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                                      *s/ Laurie A. Mool*
                                      Laurie A. Mool, Paralegal