IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  18-cv-01144-DDD-STV

**DEBRA BOURICIUS,**

Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

Defendant.

---

## REPLY TO MOTION TO MODIFY THE SCHEDULING ORDER

---

Defendant Mesa County ("Mesa County"), by and through its attorneys, Bechtel Santo & Severn, submits this Reply to its Motion to Modify the Scheduling Order in this matter. In its Reply, Mesa County states as follows.

### INTRODUCTION

1.      In her Response to Mesa County's Motion to Modify the Scheduling Order ("Plaintiff's Response"), Plaintiff Debra Bouricius ("Bouricius") makes three main points: (1) good cause allegedly does not exist to modify the Scheduling Order; (2) Mesa County requested discovery that is allegedly irrelevant to the issues presented in this case or that Mesa County could have obtained from Bouricius's expert witness; and (3) that Bouricius produced, or made efforts to produce, all information that Mesa County requested.

2.      Without exception, all these arguments fail because: (1) good cause exists to modify the Scheduling Order in this case; (2) after Mesa County requested Bouricius's expert witness to produce certain information and documents, it became clear that Bouricius was the only person

who has access to and the ability to produce relevant information regarding many topics, which she delayed in producing; (3) despite Bouricius's statement in her Response that she previously produced all relevant documents (*e.g.*, Response, p. 2: "On March 1 and March 11, 2019, Plaintiff's counsel provided all documents Plaintiff's expert reviewed"), Bouricius has continued to produce documents after that date; (4) even though Bouricius exclusively had control of relevant information and documents that Mesa County requested, and despite promises to produce such information before the deadline to submit written discovery, Bouricius failed to produce more than 300 additional pages of relevant discovery until more than one week <u>after</u> the deadline to submit written discovery passed, thus denying Mesa County the opportunity to seek permissible discovery; and (5) finally, while Bouricius claims in her Responses that she has produced all relevant discovery that Mesa County requested, that is simply not the case as Bouricius continues to produce documents, even after the submission of her Response on May 15, 2019.

3.      For these reasons, the Court should modify the discovery deadlines in the Scheduling Order entered in this case.

## ARGUMENT

1.      ***Good cause exists to modify the Scheduling Order in this case.***

a.      In Plaintiff's Response, Bouricius alleges that good cause does not exist to modify the Scheduling Order with respect to extending discovery deadlines because she alleges that "all discovery is complete" except for "small matters" identified in the Response. *See* Plaintiff's Response, Introduction, p. 1. But discovery in this case is not complete, regardless of

whether Bouricius believes a piece of discovery is a "small matter" or not. Order Regarding Joint Mot. to Modify the Scheduling Order (Doc 31).

b.      Several factors are important when determining whether good cause exists to modify a Scheduling Order. Indeed, "court[s] must consider: '(1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the nonmoving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.'" *Dillon v. Auto-Owners Ins. Co.*, 14-cv-00246-LTB-MJW, 2014 WL 4976315, *2 (D.Colo., Oct. 6, 2014) (*citing Benton v. Avendon Eng'g, Inc.*, 10-cv-01899-RBJ-KLM, 2013 WL 1751886, *1 (D.Colo., Apr. 23, 2013) (additional citations omitted).

c.      With respect to factor one, in this case, trial has not yet been set, so trial is not imminent. In addition, an extension of the discovery deadlines will not impact a trial setting. Further, with respect to factor two, Bouricius opposes this Motion.

d.      Moreover, as set forth below, Bouricius will not be prejudiced by an extension of the discovery deadlines in this case. In fact, Bouricius delayed producing numerous documents, despite promises to produce such information, until after the deadline to submit written discovery passed; additional discovery is necessary based on the information and documents Bouricius submitted after the deadline to submit written discovery passed; and Bouricius still has not produced all relevant, requested documents, as set forth in more detail herein, which support a

finding of good cause to modify the Scheduling Order. *See* Mot. to Modify the Scheduling Order, ¶¶ 5-16 (Doc 54).

e.      Similarly, Mesa County has been diligent in conducting discovery, and an extension of the discovery deadlines will provide the parties with time to obtain additional, foreseeable discovery, which is relevant to the issues pending in this case.

2.      ***Mesa County has been diligent in requesting discovery from Bouricius related to the claims and defenses at issue in this case, some discovery of which remains outstanding.***

a.      On August 6, 2018, Mesa County sent its First Set of Combined Discovery Requests to Plaintiff ("Mesa County's First Set"). Exhibit 10.

b.      As set forth in Mesa County's Motion at ¶¶ 5-13, after learning during Bouricius's deposition that Bouricius did not produce certain relevant documents requested in Mesa County's First Set, Mesa County's counsel sent a conferral letter to Bouricius's counsel on March 26, 2019, after Mesa County was unable to obtain these relevant documents in another way, as set forth *infra*. From there, Mesa County's counsel had several additional communications with Bouricius's counsel related to those outstanding documents, in which documents were promised to be produced but were repeatedly delayed. *See* Mesa County's Motion, ¶¶ 6-13.

c.      In fact, as of May 1, 2019, which was the deadline by which the parties were required to propound written discovery, the parties continued to confer regarding documents Bouricius had not produced. *See* Motion, ¶¶ 4, 12; Exhibit 7; Exhibit 9.

d.      Then, on May 10, 2019, nine days <u>after</u> the deadline to propound written discovery passed on May 1, 2019, Bouricius submitted her Amended and Fourth Supplemental Responses to Defendant's First Set plus 349 pages of documents. Exhibit 11.

e.      Then, on May 16, 2019, 15 days <u>after</u> the deadline to propound written discovery passed on May 1, 2019, Bouricius submitted her Fifth Supplemental Responses to Defendant's First Set plus 20 pages of documents. Exhibit 20.

f.      All of Mesa County's discovery requests set out in its First Set are related to matters that are at issue in this case. That is:

i.      In Mesa County's First Set of Combined Discovery Requests to Plaintiff, Mesa County requested Bouricius to "[p]lease identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County" as well as to "[p]lease produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff." Exhibit 10, Interrog. 7 and Req. for Prod. 1, pp. 4, 5.

(a).      As Plaintiff's Response recognizes at ¶ 1, Bouricius's expert witness described parts of her damages as involving laundry costs, utility costs, and "other incidental costs." Bouricius's expert witness did not address any issue relating to heating Bouricius's home with firewood. *See* Exhibit 12, pp. 10-12.

(b).      On February 25, 2019, Mesa County's counsel requested that Bouricius's counsel produce information supporting Bouricius's expert witness's conclusions and calculations relating to laundry and utilities. Exhibit 12, pp. 1, 3.

(c).     After receiving no substantive information or documentation from Bouricius's expert witness related to damages calculations or supporting evidence with respect to these alleged damages (*see* Exhibit 12, pp. 24-25), Mesa County requested supporting information and documentation from Bouricius.

(d).     After all, during her deposition, Bouricius testified that she had laundromat receipts. Exhibit 14, Bouricius Dep., 87:5-8.

(e).     Further, during Bouricius's deposition, she testified that her claim for higher utilities involved the cutting of wood, which was information that did not appear in Bouricius's expert witness's report. Exhibit 14, Bouricius Dep., 86:1-11; Exhibit 12, pp. 10-12.

(f).     Consequently, since Bouricius testified to these alleged damages, and identified with respect to some of them that she was in possession of documents regarding these alleged damages, it was reasonable for Mesa County to conclude that laundromat, utility, and wood costs documentation and information must be in Bouricius's possession based on her deposition testimony. So, Mesa County requested Bouricius to produce such relevant information and documents as Mesa County requested in its earlier discovery requests.

(g).     These relevant pieces of information were addressed in Mesa County's March 26, 2019 conferral letter to Bouricius (Exhibit 1, pp. 2-3) and in Mesa County's May 1, 2019 conferral email (Exhibit 7, p. 2).

(h).     Yet, it was not until five weeks after that first conferral, which was nine days <u>after</u> the deadline of May 1, 2019, to propound written discovery, that Bouricius provided some laundromat, utility, and wood-related records for the first time. Such a

delay denied Mesa County the opportunity to seek additional written discovery regarding these topics. Exhibit 11, Resp. to Req. for Prod. 8, p. 13.

(i).     Further, as part of Bouricius's production on May 10, 2019, related to utility costs, Bouricius produced a spreadsheet related to propane payments that Bouricius alleges in her Response is from a Quicken program. Exhibit 13; Exhibit 11, Resp. to Req. for Prod. 8, p. 13; Plaintiff's Response, ¶ 9. Although there is no such affirmative evidence in this case, other courts have noted that the alteration of information in spreadsheets is a valid concern. *Williams v. Sprint/United Mgmt Co.*, 230 F.R.D. 640, 655 (D.Kan. 2005).

(j).     Thus, Mesa County requested documentation showing that Bouricius actually made payments related to propane. Exhibit 13.

(k).     Bouricius finally produced these documents on May 16, 2019, 15 days after the deadline by which the parties were required to submit written discovery requests. Exhibit 20, Resp. to Req. for Prod. 8, pp. 4, 6.

ii.     In addition, as Bouricius notes in her Response, Mesa County requested Bouricius produce documents related to her current retirement benefits and other insurance-related benefits and information related to income that Bouricius receives from property rentals. Plaintiff's Response, ¶ 4; Exhibit 1, p. 2; Exhibit 7, pp. 1-2.

(a).     Mesa County propounded these requests because Bouricius's expert witness's report stated that retirement and insurance benefits were part of her damages calculations, and that the expert witness made "assumptions" with respect to those issues. Exhibit 12, pp. 10, 11. As identified in ¶ 5.f.1.(f) *supra*, Mesa County's First Set included

discovery requests related to information and supporting documents regarding Bouricius's damages. Further, Mesa County's Request for Production No. 5 asked Bouricius to "produce records from any person or entity who has employed you since October 1, 2016, including but not limited to…benefits information…" Exhibit 10, p. 5.

(b).     On February 25, 2019, Mesa County requested that Bouricius's expert witness produce information and documentation supporting his assumed conclusions made with respect to Bouricius's retirement and insurance benefits, Exhibit 12, pp. 1, 2.

(c).     Yet, nearly three months later, Bouricius's expert witness still has not produced any substantive information related to Bouricius's specific benefits. Exhibit 12, pp. 24-25.

(d).     During Bouricius's February 22, 2019, deposition, when asked if she had information about her retirement account, she testified that she "ha[s] [her] own login to the PERA [retirement] account" that is not public and that only she can access. Exhibit 14, Bouricius Dep., 61:16-62:11.

(e).     Bouricius also testified that information about her benefits was accessible to her via her current employer's human resources department. Exhibit 14, Bouricius Dep., 62:19-63:9.

(f).     Thus, since Bouricius's expert witness identified these benefits in the damages calculation, but refused to produce any supporting documentation or information about Bouricius's retirement account or benefits, Mesa County, on March 26, 2019,

requested Bouricius to produce the information she testified she had access to and had the ability to obtain. Exhibit 1, p. 2; Exhibit 7, pp. 1-2.

(g).     Bouricius finally produced information related to her personal retirement account on May 16, 2019, which was 15 days after the deadline by which the parties were required to propound written discovery requests. Exhibit 20. But Bouricius still has not produced complete information about her health-related benefits from the start of her employment in January 2017 to the present. Exhibit 17, Resp. to Interrog 13, p. 1 and Resp. to Req. for Prod. 13, p. 2.

(h).     Similarly, Bouricius stated in response to Mesa County's Interrogatory 7 that her damages included amounts related to "the significant cost of living differential between Mesa County and Boulder County." Exhibit 11, pp. 6-7.

(i).     As part of an evaluation of Bouricius's differences in costs of living, Mesa County requested Bouricius to produce information about housing costs, including rental income, since housing costs relate to the cost of living. Exhibit 1, p. 4; *Golian v. C.I.R.*, T.C.Summ.Op. 2017-129 (Tax Ct., 2007) (explaining, "Also upon termination of his employment with the railroad, petitioner sold his Kansas City residence and relocated to the Denver area, where the cost-of-living, and specifically the cost of housing, was greater.").

(j).     While Bouricius produced tax records related to property rental income on April 30, 2019, and May 10, 2019, no other supporting documentation has been produced. Exhibit 11, pp. 14-15; Exhibit 7, p. 2.

(k).    Thus, after Bouricius's expert witness produced no relevant information or documentation, Bouricius delayed in producing information and documents related to Mesa County's discovery requests, despite promises to produce such information, until after the deadline passed for the parties to submit written discovery. Yet again, Bouricius's delay denied Mesa County the opportunity to follow up on the information Bouricius eventually produced.

iii.    Bouricius also alleges in her Response that Mesa County requested information from Bouricius regarding jobs for which she applied after her employment with Mesa County ended even though Bouricius alleges "it is undisputed that Plaintiff mitigated her damages." Plaintiff's Response, ¶ 6. Bouricius's conclusory statement that she has mitigated her damages is inaccurate.

(a).    That is, in Def.'s Answer, Aff. Def. D, Mesa County clearly set forth a defense based on the allegation that Bouricius failed to mitigate her damages. Mesa County has not waived or otherwise stricken this defense.

(b).    So, in Mesa County's Request for Production 12, Mesa County asked Bouricius to "produce any documents relating to your search for employment from October 1, 2016, to the present…" Exhibit 10, p. 6.

(c).    Evidence of job advertisements and Bouricius's review of job advertisements are relevant to Mesa County's defense. *See*, *e.g.*, *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1253 (10th Cir. 2005) (holding, "The evidence of Ms. Praseuth's efforts by way of mitigation of damages (evidence that she applied for several jobs, searched classified job advertisements, and made monthly visits to the Kansas Job Services Offices) was sufficient" for

10

purposes of legal issues presented on appeal); *Tatar v. Elite Gold, Inc.*, 01 Civ.2433 RLC, 2002 WL 31682391, *3 (S.D.N.Y., Nov. 26, 2002) (discussing evidence related to job advertisements as part of the court's discussion regarding the defendant's mitigation of damages defense).

      (d).    Yet, despite the clear relevance of these documents, Bouricius did not produce responsive documentation to the mitigation issue until May 10, 2019, which was after the deadline for Mesa County to propound follow-up written discovery. Exhibit 11, p. 16.

      (e).    Further, on May 1, 2019, Mesa County propounded its Second Set of Combined Discovery Requests based on the information Bouricius produced as of May 1, which included a request for Bouricius to clarify her starting employment date in her current position because a difference existed between her testimony and her expert witness's report. Exhibit 16, Interrog. 13, p. 3.[1] Thus, this Interrogatory 13 was relevant to the clarification of information relating to the claims, defenses, and damages at issue in this case.

      g.    Thus, Mesa County's discovery requests are all relevant to the claims, defenses, and damage issue in this case.

---

[1] Mesa County notes that it did not submit discovery requests to Bouricius regarding Mesa County's budget, as Bouricius alleges in her Response, ¶ 8. Rather, in Mesa County's Request for Production 15, Mesa County requested Bouricius produce information "underlying, substantiating, or supporting the statement made by counsel at the parties' discovery hearing on April 1, 2019, at 3:05 p.m., that the County Administrator stated to the effect that 'he has already made cuts in his department and he didn't submit a proposed budget. The following day, the other stakeholders in the County moved forward with their…budget proposals.'" Exhibit 16, p. 4. Mesa County was unaware of any documentation supporting counsel's statements. After receiving Bouricius's response to Mesa County's Request for Production 15 (*see* Exhibit 17), Mesa County has no clarity on this issue.

h.      Further, Mesa County requested relevant information and documents from Bouricius when her expert witness failed to produce responsive information, and when Bouricius testified, in February 2019, that she was in possession of the relevant information.

i.      It is neither productive nor required for Mesa County to depose Bouricius's expert witness, as Bouricius suggests Mesa County should have done (*see* Plaintiff's Response, ¶¶ 1, 3, 5), when Bouricius's expert witness provided information showing that he did not have the responsive information and documentation that Mesa County properly sought, as set forth herein. In addition, it would be a waste of time to depose an expert witness until Mesa County received all information it requested about the topics the expert witness addressed in his report.

j.      Instead, since only Bouricius had these relevant, responsive documents and information, Mesa County was required to obtain this information from Bouricius and made diligent efforts to do so.

3.      ***Based on information disclosed to Mesa County after the deadline to submit written discovery requests passed, Mesa County foresees the need to submit additional written discovery requests to Bouricius and, possibly, to ask the Court to permit Mesa County to reopen Bouricius's deposition.***

a.      In Plaintiff's Response, Bouricius requests the Court deny Mesa County's Motion and "find there is no need to reopen Plaintiff's deposition." Plaintiff's Response, p. 5.

b.      Initially, a motion to reopen Plaintiff's deposition has not been filed with this Court, nor has the issue been addressed during a discovery hearing. Thus, whether Bouricius's deposition should be reopened is not ripe for adjudication. Civil Practice Standards of Magistrate

Judge Varholak, Part IV; *West-Fir Studs, Inc. v. Anlauf Lumber Co.*, 190 Colo. 298 (1976) (stating the Court's agreement with the lower court's holding, "There being no motion for new trial, there is nothing to be considered by this court on review.").

        c.      Further, based on information and documentation Bouricius produced on May 10, 2019, Mesa County foresees the need to propound additional written discovery.

        d.      That is, Mesa County may seek to inquire further about whether Bouricius received income from her orchard in certain years, which, as explained *supra*, relates to Bouricius's alleged changes in her cost of living and, thus, her alleged damages in this case. Indeed, based on Bouricius's May 10, 2019, response to Request for Production 9, Bouricius may not have received income from her orchard, which necessarily impacts whether her costs-of-living increased, decreased, or stayed the same, which she alleges is part of her damages. Exhibit 11, pp. 6, 13-14.

        e.      In addition, on May 10, 2019, Bouricius produced email correspondence she had with a third party relating to a spreadsheet titled "Ages of IT Staff." Exhibit 18; Exhibit 11, p. 20. Mesa County had not previously seen this correspondence and would like to inquire further about who created this information; when it was created; how its creation occurred; its purpose; how this information has been used and/or distributed; and potentially other relevant inquiries. Presumably, this document has been in Bouricius's possession for a lengthy period of time, yet she has not produced and addressed it in May 2019.

f.      Mesa County does not yet have a sense as to whether it may need to reopen Bouricius's deposition, although the possibility exists. Mesa County will plan to follow Magistrate Judge Varholak's Practice Standards and, if appropriate, file a motion at an appropriate time.

4.      ***Bouricius and Mesa County are negotiating the best way for Bouricius to produce relevant documents obtained from a third party.***

a.      In Plaintiff's Response, Bouricius alleges that Mesa County has not accepted relevant documents produced by a third party witness and that Mesa County has not agreed to enter into an agreement not to review certain document(s). Plaintiff's Response, ¶ 7. Bouricius's explanation of this ongoing issue is incomplete.

b.      In short, as Bouricius explained in her Response, a third-party witness submitted documents to Bouricius's counsel pursuant to a *subpoena duces tecum*. Based on representations from Bouricius's counsel, apparently in that disclosure, the third-party witness inadvertently included personal financial information that the third-party witness did not want disclosed. Plaintiff's Response, ¶ 7; Exhibit 19, pp. 7-8. Mesa County has not seen any of the documents produced from the third-party witness.

c.      Bouricius offered to produce to Mesa County all the documents that the third-party witness provided, including those that the third-party witness did not want produced or viewed.  Mesa County did not accept this offer as it was concerned that it may be possible to inadvertently open the personal financial information, which could create concerns from the third-party witness.  So, Mesa County suggested that Bouricius's counsel create PDF files of "the information that was not inadvertently sent and produce that information." Exhibit 19, p. 2.

14

d.      Mesa County has not received a response from Bouricius about whether this approach will resolve the production of these documents.

e.      Mesa County's other concern, of course, is that by having in its possession a third party's personal financial information, it will be subject to the requirements of C.R.S. § 6-1-716, *et seq.*, with respect to protecting "personal information" and, if such information is accidentally accessed, Mesa County will be required to provide notice of the breach.

f.      If Bouricius's counsel cannot create PDF files of the relevant documents that were not inadvertently disclosed, it may be possible for Bouricius's counsel to simply copy only the properly-disclosed documents onto a CD or other storage device to produce to Mesa County. Bouricius's counsel could also simply request that the third-party witness amend their production so as not to include that information/documents, which Mesa County's counsel believes Bouricius's counsel has done, although Mesa County's counsel does not know whether Bouricius's counsel received a response.

g.      Thus, Mesa County believes a relatively simple solution will resolve the matter of transferring only relevant materials from Bouricius to Mesa County.

## CONCLUSION

1.      Bouricius has not timely produced all requested documents. That is, despite promises to the contrary, Bouricius delayed producing relevant documents until May 10, 2019, which was after the discovery deadline. This delay denied Mesa County the opportunity to submit all necessary written discovery by May 1, 2019.

15

2.      Bouricius's delay prejudices Mesa County's development of the facts and evidence relevant to the claims, defenses, and damages at issue in this case.

3.      As set forth herein, Mesa County was diligent in conducting discovery, including by seeking information from Bouricius's expert witness and, when Bouricius's expert witness had no responsive information and/or when Bouricius testified she was in possession of the information, asking for the same from Bouricius.

4.      Based on the information Bouricius produced after the deadline passed to propound written discovery, Mesa County foresees the need to conduct additional discovery, as described in ¶ 6, *supra*.

5.      Based on the additional discovery requested, Mesa County anticipates it will discover additional relevant evidence.

6.      Trial has not been set in this case and, further, Bouricius will not be prejudiced by an extension of time related to conducting discovery in this case, and, in fact, Bouricius should not be given an advantage in discovery because she delayed producing relevant information until the deadline for the parties to submit written discovery passed.

7.      Thus, good cause exists to extend the discovery deadlines in this case. *Dillon v. Auto-Owners Ins. Co.*, 14-cv-00246-LTB-MJW, 2014 WL 4976315, *2 (D.Colo., Oct. 6, 2014).

WHEREFORE, Mesa County requests that the Court enter an order modifying the Scheduling Order such that discovery cutoff is extended from June 15, 2019 until August 15, 2019, with the deadline to propound written discovery being July 1, 2019, and the dispositive motion deadline is extended from August 5, 2019 until October 7, 2019.

16

RESPECTFULLY SUBMITTED this 22nd day of May, 2019.

_s/Alicia W. Severn_____
Bechtel Santo & Severn
Alicia W. Severn
Michael C. Santo
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Fax: (970) 683-5887
Email: severn@bechtelsanto.com
Email: santo@bechtelsanto.com
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **REPLY TO MOTION TO MODIFY THE SCHEDULING ORDER** was electronically filed with the Clerk of the Court using the CM/ECF system this 22nd day of May 2019, which will send notification of such filing to the following:

  King & Greisen, LLP
  Paula Greisen
  Julie Bisbee
  1670 York Street
  Denver, CO 80206
  Telephone: (303) 298-9878
  Fax: (303) 298-9879
  Email: greisen@kinggreisen.com
  Email: bisbee@kinggreisen.com
  *Attorneys for Plaintiff*


                                        *s/ Alicia W. Severn*
                                        Alicia W. Severn, attorney