## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

Defendant.

---

## DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF

---

Defendant, by and through its attorneys, and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, propound the following First Set of Combined Discovery Requests to Plaintiff (collectively "Discovery Requests") to Plaintiff Debra Bouricius. The Interrogatories are to be answered and/or supplied by Plaintiff separately and fully, in writing, and under oath, and served on Defendant's undersigned attorneys thirty (30) days from the date of service. Documents and tangible things responsive to Defendant's Discovery Requests to Plaintiffs should be made available for copying and inspection at the offices of Defendant's undersigned counsel thirty (30) days from the date of service. Alternatively, Plaintiff may produce copies of such documents at the offices of Defendant's undersigned counsel at or before 5:00 p.m. thirty (30) days from the date of service.

## <u>DEFINITIONS</u>

1.      "Document" or "documents" means any written, typed, or printed material of any kind, including, but not limited to, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, telexes, statements, books, reports, studies, minutes, records, accounting books, maps, plans, drawings, diagrams, photographs, analysis, surveys, transcriptions, diaries, journals, calendars, logs, bulletins, circulars, manuals, business records, tape recordings and video recordings, in your possession or under your control or in the possession of your agents, representatives, attorneys, or other persons acting on your behalf. It includes originals and all drafts and copies of the document. It includes originals and all drafts and copies of the document. The

**EXHIBIT 10**

terms "document" and "documents" shall also include any electronically stored information, emails, embedded data, metadata, deleted information, back-up and archival data stored on your home or work computers that is in your possession or under your control or in the possession of your agents, representatives, attorneys, or other persons acting on your behalf.

2.      "Communication" or "communications" means any transmission of thoughts, opinions, or information by speech, writing, or signs.

3.      "Identify," identity" or "identity of" when used with regard to a person or entity means to state the name, type of entity, last known address, last known telephone number, job title, and job description. When used in reference to a document, "identify," "identity," or "identity of" means to state the date of the document, the location of the document, and the identity of the person who is in possession or control of the document. When applied to a communication, "identify," "identity," or "identity of" means to state the date and place of the communication, the identity of each person present, the type of communication, and the subject matter of the communication.

4.      The term "you" or "your" as used herein shall mean the party and/or entity to whom these discovery requests are directed. Specifically, these discovery requests are directed to Debra Bouricius.

5.      As used herein, "relate" or "relating to" when used with respect to a document, agreement, subject, or fact means reflecting, showing, embodying, containing, evidencing, concerning, pertaining to, regarding, reciting, recording, supporting, refuting, or referring to such matter.

6.      The term "person" includes natural persons, partnerships, limited partnerships, associations, leagues, corporations, governments (including all instrumentalities, offices, agents, and/or subdivisions thereof), trusts, funds, and all other business, legal, or artificial entities.

7.      In responding to any requests for production of documents, you shall provide complete and legible copies of all requested documents and/or provide a description and access for inspection and copying or photographing of any item for which a copy is not produced. For any request to which the response involves a large number or volume of documents, please identify the types and classes of documents which are responsive to the request and make the same available at the offices of Bechtel Santo & Severn, 205 N. 4th Street, Suite 300, Grand Junction, CO 81501.

8.      Whenever any interrogatory or document request calls for the identity of a document or communication to which you claim privilege, include a privilege log setting forth (1) the identification of such document or communication; (2) the date(s) of the communication or

**EXHIBIT 10**

document; (3) the identity of the persons who were parties to the communication(s) or document(s); and (4) the fact that you claim privilege and the basis asserted for such claim.

9.      In answering these interrogatories and requests for the production of documents, you are requested to furnish all information which is available to you, including that which has been obtained by and that which is now in the possession of your attorneys, employees, agents, and/or other representatives, and not merely the information known by the individuals preparing the response(s). If you are unable to answer any of these interrogatories or requests fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and in addition, answer each such interrogatory or request to the fullest extent possible, specifying your knowledge, and the reason for your inability to answer the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

10.     Each of the following interrogatories and requests is a continuing one. If you later obtain, or become aware of, any further information pertaining to these interrogatories or requests, you are requested to serve upon Defendant amended answers setting forth such information.

11.     If any document referred to or requested in your answers to these interrogatories and requests was, but no longer is, in your possession, custody, or control, or the control of your agents or representatives, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred to others, identifying the recipient; and, describe (4) the circumstances surrounding any disposition of the document.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:** Please state your full name; present residence address; present occupation including employer's name, address, and telephone number; and, if you have ever been known by any other names, please state all the names by which you have been known, the dates of use of each such name, and the reason for the change of names.

**INTERROGATORY NO. 2:** Identify each person who assisted you in responding to these Interrogatories, and with respect to each such individual, identify the interrogatory or interrogatories for which they provided assistance.

**INTERROGATORY NO. 3:** Identify and fully describe all efforts you have made to seek employment opportunities with any organization(s) or company(ies) since January 1, 2015. In so doing, identify all positions for which you have applied, inquired, or sought employment from, the applicable date(s) of application, inquiry or submission, the organization(s) or company(ies) to which you applied, and the outcome of such employment positions sought.

**EXHIBIT 10**

**INTERROGATORY NO. 4:** Identify whether you have rejected any offer of employment since your separation of employment with Mesa County. If so, for each such offer of employment, identify the individual or entity offering said employment, the position offered, the specific terms thereof, and describe in full detail the reasons for rejecting said employment.

**INTERROGATORY NO. 5:** Have you, your agent(s), and/or your attorney(s) discussed the incidents that you describe in your Complaint with any individual? If yes, please identify:

> (a) the name of the individual;

> (b) the date(s) of the discussion;

> (c) who was involved in the discussion; and

> (d) whether any written notes, statements, memorandum, or such were prepared.

**INTERROGATORY NO. 6:** Identify each statement in your possession, custody, or control concerning this lawsuit.

**INTERROGATORY NO. 7:** Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County.

**INTERROGATORY NO. 8:** Please identify and describe all information, documents, or other matters that the witnesses identified in Section A in your Initial Disclosures have that is/are related to your Complaint and/or to this litigation.

**INTERROGATORY NO. 9:** Please identify and describe all legal bases and mathematical calculations regarding your alleged damages.

**INTERROGATORY NO. 10:** Please identify and describe all previous legal claims and/or actions, including but not limited to administrative claims/actions and litigations in small claims, county, and/or district court(s), in which you have participated in the last three years, including a description of your involvement in each legal claim and/or action.

**INTERROGATORY NO. 11:** Please identify the date on which you purchased the property located at ██████████████████████████. If the owner is a business entity, please identify all owners, members, partners, etc. as applicable to that business entity.

**INTERRGATORY NO. 12:** Please identify the owner(s) of the property located at ████████████ ██████████████. If the owner is a business entity, please identify all owners, members, partners, etc. as applicable to that business entity.

**EXHIBIT 10**

**REDACTED**

## <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents regarding any alleged complaint that you claim that you made to any employee of Mesa County regarding the factual allegations addressed in your Complaint.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents relating to your employment with Mesa County, including but not limited to, all personnel manuals, handbooks, personnel policies, and/or pamphlets you received from Mesa County; all documents concerning your work schedule, schedule changes, training, salary history, requests for absences, requests for leave, employment benefits, and time off work; and any disciplinary actions, warnings, counseling, or reprimands you received.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents, including but not limited to notes, diaries, journals, logs, memos, emails or other correspondence, created by you relating to the allegations in your Complaint.

**REQUEST FOR PRODUCTION NO. 5:** Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands. Please execute the attached employment records release to allow Mesa County to independently obtain responsive documents.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents you and/or your counsel received in response from any employee and/or former employee of Mesa County, including but not limited to Rick Corsi and/or Janine Corsi, in response to any and all documents and/or communications you and/or your counsel, acting on your behalf, emailed, mailed, or otherwise sent or communicated to employees and/or former employees of Mesa County relating in any way to this lawsuit. This Request for Production excludes any and all communications and/or

**EXHIBIT 10**

documents that you sent only to your attorneys or communications and/or documents sent by your attorney to you and no one else.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all records regarding or relating to your relocation from ██████████████ to ██████████████, including but not limited to any sale(s) and/or purchase(s) of personal and/or real property in ██████████████ and/or in ██████ ██████; any lease agreement(s) for personal and/or real property; any moving expenses; and/or other related records.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding the removal of apple trees from your family apple orchard in Mesa County (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents relating to the payment of and the amount of all income, including periods of self-employment, Social Security benefits, public assistance benefits, unemployment compensation benefits, workers' compensation benefits, disability benefits (long-and/or short-term) and any other monies received by you since October 1, 2016.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all federal, state, and local income tax returns, attached schedules, and W-2's filed by you, jointly or severally, from 2015 through the present.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any documents relating to your search for employment from October 1, 2016, to the present, including but not limited to, any application for employment or employment contract filed, submitted, or executed by you, and any offer(s) of employment received to date.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents, including but not limited to medical records related to your allegations of emotional and/or psychological distress (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶A.2), relating to your alleged damages and damage calculations.

Respectfully submitted this 6th day of August 2018.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
    Alicia W. Severn, #42432
    Michael C. Santo, #24083

**EXHIBIT 10**

**REDACTED**

205 N. 4th Street, Suite 300
Grand Junction, Colorado   81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 10**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** was served this 6th day of August 2018, via electronic mail, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 10**