IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

---

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF
COMBINED DISCOVERY REQUESTS TO PLAINTIFF**

---

      Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Julie K. Bisbee, of the law firm KING & GREISEN, LLP, hereby submit the following Responses to Defendant's Second Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS
APPLICABLE TO ALL DISCOVERY REQUESTS**

      A.    In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

      B.    To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

      C.    Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

**EXHIBIT 17**

D.	To the extent the discovery requests can be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney/client privilege and the work product doctrine, Plaintiff hereby claims such protections and object to the requests on that basis. Plaintiff objects to producing all documents prepared by counsel and their agents. To the extent any privileged or work product material is inadvertently produced in this case, Plaintiff maintains that such production does not constitute a waiver of any privilege or protection from disclosure.

E.	To the continuing answers and responses, Plaintiff objects to the extent that they go beyond the requirements of applicable law and thus impose an undue burden on Plaintiff. Plaintiff does not object to providing continuing answers and responses in those categories specifically defined in the federal Rules of Civil Procedure.

F.	To the extent that discovery requests require Plaintiff to produce duplicative documents maintained in separate locations, Plaintiff will produce only one copy of the requested document.

G.	Plaintiff objects to Defendants' definitions and introduction to the extent they seek to impose greater discovery obligations on Plaintiff than permitted by the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 13:** In your deposition, you testified that your first day of employment at the Boulder County District Attorney's Office was January 3, 2017. Bouricius Dep., 53:11-12, 56:8-10. In Dr. William Kaempfer's Preliminary Evaluation of Economic Loss Due to Age Discrimination, it is reported, "Ms. Bouricius was re-employed by the Office of the District Attorney in Boulder County in December [2016]…" Please identify the date of the start of your employment with the Boulder County District Attorney's Office.

> **RESPONSE TO INTERROGATORY NO. 13:** Ms. Bouricius states that she was offered employment by the Boulder County District Attorney's Office on November 21, 2016, and started on January 3, 2017 at their request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 14:** Please identify and produce all documents, correspondence, letters, notes, and/or any and all other form(s) of communications you have had with, provided to, and/or received from William H. Kaempfer, Ph.D., as such documents, correspondence, letters, notes, and/or any and all other form(s) of communications relate to Dr. Kaempfer's rendition of services as part of this litigation. This Request includes, but is not limited to, all documents uploaded into a Dropbox area or folder. If you allege that any documents, correspondence, letters, notes, and/or any and all other form(s) of communications are privileged, please provide a privilege log as required by the Federal Rules of Civil Procedure.

**EXHIBIT 17**

**OBJECTION:**  Request for Production No. 14 is objectionable to the extent it seeks work product.  It is further objectionable based on the fact that it has been previously produced and Defendant's current request is made for purpose of harassment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**  Notwithstanding and without waiving the foregoing objections, Counsel for Ms. Bouricius has already provided the requested documentation, which included additional information provided by Dr. Kaempfer in response to questions posed by Defendant's counsel (*see* Bouricius 000913-000938); *see also* Bouricius 000939-000940.

**REQUEST FOR PRODUCTION NO. 15:**  Please identify and produce all documents, records correspondence, letters, notes, and/or any and all other form(s) of communications underlying, substantiating, or supporting the statement made by counsel at the parties' discovery hearing on April 1, 2019, at 3:05 p.m., that the County Administrator stated to the effect that "he has already made cuts in his department and he didn't submit a proposed budget. The following day, the other stakeholders in the County moved forward with their…budget proposals."

**OBJECTION:**  Request for Production No. 15 is objectionable based on the fact it seeks attorney's mental impressions.  It is further objectionable to the extent it seeks documents that are already in the possession of Mesa County.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**  Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents that are responsive to Request for Production No. 15: Bouricius 000941-000958.  *See also* DEF 2085-2089; DEF 2093-2101; DEF 5975-6000.

DATED this 15th day of May 2019.

AS TO OBJECTIONS:

*s/ Julie K. Bisbee*
Paula Greisen
Julie K. Bisbee
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of May 2019, I electronically mailed the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                                          *s/ Laurie A. Mool*
                                          Paralegal

**EXHIBIT 17**

## VERIFICATION

I, Debra Bouricius, declare under oath that I have read the responses to Defendant's Second Set of Combined Discovery Requests and that the statements contained therein are true and correct to the best of my knowledge and belief.

Dated: May 14, 2019

_____
Debra Bouricius


STATE OF COLORADO      )
                       ) ss:
COUNTY OF Boulder      )

The foregoing Verification was acknowledged before me this 14th day of May 2019 by Debra Bouricius.

Witness my hand and seal.

_____
Notary Public

[SEAL]

```
OLGA BARRON
NOTARY PUBLIC - STATE OF COLORADO
My Identification # 20154030474
Expires August 3, 2019
```

**EXHIBIT 17**