# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.   18-CV-01144-WYD-STV**

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

---

## PLAINTIFF'S FIFTH SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF

---

      Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Julie K. Bisbee, of the law firm KING & GREISEN, LLP, hereby submit the following Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

### PRELIMINARY STATEMENTS AND OBJECTIONS
### APPLICABLE TO ALL DISCOVERY REQUESTS

      A.    In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

      B.    To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

      C.    Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

      D.    To the extent the discovery requests can be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney/client privilege and the

**EXHIBIT 20**

work product doctrine, Plaintiff hereby claims such protections and object to the requests on that basis. Plaintiff objects to producing all documents prepared by counsel and their agents. To the extent any privileged or work product material is inadvertently produced in this case, Plaintiff maintains that such production does not constitute a waiver of any privilege or protection from disclosure.

  E. To the continuing answers and responses, Plaintiff objects to the extent that they go beyond the requirements of applicable law and thus impose an undue burden on Plaintiff. Plaintiff does not object to providing continuing answers and responses in those categories specifically defined in the federal Rules of Civil Procedure.

  F. To the extent that discovery requests require Plaintiff to produce duplicative documents maintained in separate locations, Plaintiff will produce only one copy of the requested document.

  G. Plaintiff objects to Defendants' definitions and introduction to the extent they seek to impose greater discovery obligations on Plaintiff than permitted by the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents you referred to, identified, or relied on, in preparing your responses to Defendant's First Set of Combined Discovery Requests to Plaintiff.

  **OBJECTION:** Request No. 1 is objectionable because it impermissibly seeks documents that were that are protected from disclosure by the attorney client privilege and/or the work product doctrine.

  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents which are responsive to Request for Production No. 1: Bouricius 000001-000492.

  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails which were previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents which are responsive to Request for Production No. 1: Bouricius 000500-000545. *See also* Plaintiff's Privilege Log.

**EXHIBIT 20**

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents which are responsive to Request for Production No. 1: Bouricius 000564-000912. *See also* Plaintiff's Privilege Log dated 5/10/2019.

**FOURTH SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents which are responsive to Request for Production No. 1: Bouricius 000959-000978.

**REQUEST FOR PRODUCTION NO. 5:** Please produce records from any person or entity who has employed you since October 1, 2016, including but not limited to salary information, benefits information, performance reviews, and any disciplinary actions, warnings, counseling, or reprimands.

**OBJECTION:** Request for Production No. 5 is objectionable under Fed. R. Civ. P. 26(b) and 34(a) because it impermissibly seeks documents that are not relevant and/or that are not in the possession, custody, or control of Ms. Bouricius. Documents which relate to Ms. Bouricius's employment since her termination by Mesa County are not relevant to either party's claims or defenses, with the exception of information regarding Ms. Bouricius's compensation and benefits, which is produced in response to Request for Production No. 10.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 5: Bouricius 000443-000453, 000456-000465, and 000466*(all of which have been designated as confidential pursuant to the Protective Order in this matter)*.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 5: Bouricius 000500-000542.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 5: Bouricius 000546-000554 *(which have been designated as confidential pursuant to the Protective Order in this matter)*.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 5: Bouricius 000750-000782.

**EXHIBIT 20**

**FOURTH SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 5: Bouricius 000959-000963.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all records regarding or relating to your relocation from ▓▓▓▓ to ▓▓▓▓, including but not limited to any sale(s) and/or purchase(s) of personal and/or real property in ▓▓▓▓ and/or in ▓▓▓▓; any lease agreement(s) for personal and/or real property; any moving expenses; and/or other related records.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 8.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 8: Bouricius 000543.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 8: Bouricius 000783-000867. In regard to the firewood and the value of Mr. Bouricius' labor to produce, see Bouricius 000868-000873. In regard to the laundry expenses, see Bouricius 000874-000888, *see also* Supplemental Response to Interrogatory No. 7.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 8: Bouricius 000964-000978.

DATED this 16th day of May 2019.

               AS TO OBJECTIONS:

               *s/ Julie K. Bisbee*
               Paula Greisen
               Julie K. Bisbee
               KING & GREISEN, LLP
               1670 York Street
               Denver, Colorado 80206

**EXHIBIT 20**

**REDACTED**

          (303) 298-9878 telephone
          (303) 298-9879 facsimile
          greisen@kinggreisen.com
          bisbee@kinggreisen.com

          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of May 2019, I electronically mailed the foregoing **PLAINTIFF'S FIFTH SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

          s/ Laurie A. Mool
          Paralegal

5

**EXHIBIT 20**

**Alicia Severn**

| | |
|---|---|
| **From:** | Laurie Mool <mool@kinggreisen.com> |
| **Sent:** | Thursday, May 16, 2019 3:50 PM |
| **To:** | Alicia Severn; Michael Santo |
| **Cc:** | Paula Greisen; Julie Bisbee |
| **Subject:** | Bouricius v. Mesa County |
| **Attachments:** | 2019-05-16 Plaintiff's Fifth Supplemental Responses to Defendant's First Set of Combined Discovery Requests.pdf; Bouricius 000959-000978 - Confidential.pdf |

Counsel:

Attached please find Plaintiff's Fifth Supplemental Responses to your 1st set, along with Bouricius 000959-000978.

Thanks,

*Laurie Mool*
Paralegal
KING & GREISEN, LLP
1670 York Street
Denver, Co 80206
Telephone: (303) 298-9878
Facsimile: (303) 298-9879
mool@kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

1

**EXHIBIT 20**