# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 18-CV-01144-WYD-STV**

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

---

## PLAINTIFF'S AMENDED AND FOURTH SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF

---

Plaintiff Debra Bouricius, by and through her attorneys Paula Greisen and Hunter A. Swain, of the law firm KING & GREISEN, LLP, hereby submit the following Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff, pursuant to Fed. R. Civ. P. 33 and 34, as follows:

### PRELIMINARY STATEMENTS AND OBJECTIONS APPLICABLE TO ALL DISCOVERY REQUESTS

A.    In responding to any discovery request, Plaintiff does not concede the relevancy or materiality of the request nor of the subject matter to which any request refers. Rather, Plaintiff's answer or response to any discovery request is made expressly subject to, and without in any way waiving or intending to waive, any question or objection as to the competency, relevancy, privilege or admissibility as evidence of any of the answers and responses given herein.

B.    To the extent that any of the discovery requests seek personal, confidential information about Plaintiff or others, the information provided will be subject to an appropriately tailored protective order to be entered by the court.

C.    Plaintiff, through her attorneys of record, has not completed preparation for trial. The answers and responses to the following discovery requests are based on information currently known to Plaintiff and are given without waiving her right to use evidence of any subsequently discovered or identified facts, documents or communications.

**EXHIBIT 7**
**18-CV-01144-DDD-STV**

counsel has talked to Elizabeth McDowell and Janine and Rick Corsi. All documents regarding these communications that do not include attorney work product have been produced at Bouricius 000650-000652. Moreover, Plaintiff's counsel's office had to contact Rick and Janine Corsi to set their depositions (*see* Bouricius 000653-000669; 000720-000739) and with Rick Corsi regarding documents he produced (*see* Bouricius 000670-000719). Counsel for the parties have both been in touch with Mr. Corsi regarding the inadvertent production of a document in response to a subpoena. Those documents, being equally available to both parties, have not been produced.

**INTERROGATORY NO. 6:** Identify each statement in your possession, custody, or control concerning this lawsuit.

>**OBJECTION:** Interrogatory No. 6 is objectionable on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.
>
>**RESPONSE TO INTERROGATORY NO. 6:** Subject to and without waiving the foregoing objection, Ms. Bouricius states that there are no written "statements" concerning this lawsuit in her possession, custody, or control which have not already been disclosed to Defendant.

**INTERROGATORY NO. 7:** Please identify and describe all damages and bases for those damages that you believe you incurred as a result of any alleged conduct by Mesa County.

>**OBJECTION:** Interrogatory No. 7 is objectionable because it seeks to impose expert disclosure deadlines which conflict with those in Fed. R. Civ. P. 26 and the Scheduling Order.
>
>Interrogatory No. 7 is objectionable as duplicative of Interrogatory No. 9.
>
>**RESPONSE TO INTERROGATORY NO. 7:** Subject to and without waiving the foregoing objections, Ms. Bouricius states the following:

See the Complaint and the Scheduling Order for all damages sought. As to the economic damages sought by Ms. Bouricius, Ms. Bouricius states that she will retain an expert to quantify her economic damages and will disclose such expert in accordance with the expert disclosure timeline set forth in the Scheduling Order.

Generally, Ms. Bouricius first incurred economic damages as a result of Defendant's unlawful conduct in October 2016, and she continues to incur economic damages. Ms. Bouricius's economic damages include (a) back pay, which consists of lost wages from the period of time Ms. Bouricius was unemployed, plus the differential between her compensation at Mesa County and her compensation at her subsequent employment, adjusted for the significant cost of living differential between Mesa County and Boulder

**EXHIBIT 7**
**18-CV-01144-DDD-STV**

County; (b) front pay; (c) lost employee benefits; (d) pre-judgment interest; (e) expenses and lost economic value incurred by Ms. Bouricius and her family in connection with their relocation from Western Colorado to Lyons, Colorado, as described in the Complaint and Scheduling Order; (g) tax liability on any award of damages; and (h) all other economic damages which Ms. Bouricius is entitled to recover.

Ms. Bouricius has also suffered and continues to suffer mental damages, loss of enjoyment of life, and emotional distress as a result of Defendant's unlawful conduct. As to attorneys' fees and costs to be sought at trial, these damages cannot be calculated at this time given that this matter is in the early stages of litigation.

**SUPPLEMENTAL OBJECTION:** Plaintiff objects to Defendant's repeated request for rental income on the Lyons cabin based on relevance.  The Lyons cabin was not part of damages.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:** Subject to and without waiving the foregoing supplemental objection, *see* Bouricius 000889, Plaintiff states that although the document says "Cabin Grand Junction," this is for the Lyons cabin (*see also* Third Supplemental Response to Request for Production No. 10). Further, in regard to the laundry expenses, to the best of Ms. Bouricius' recollection, they may initially have used either Soapy Jane's in Longmont, or Village Laundry in Estes Park and paid in cash.  Later, Soapy Jane's Laundry implemented the ability to use a credit card for payment (*see* Second Supplemental Response to Request for Production 8).  See also http://soapyjanes.com/longmont-laundromat/, http://villagelaundryinestespark.com/.  In regard to health insurance, *see* Second Supplemental Response to Request for Production 8.

**INTERROGATORY NO. 8:** Please identify and describe all information, documents, or other matters that the witnesses identified in Section A in your Initial Disclosures have that is/are related to your Complaint and/or to this litigation.

**OBJECTION TO INTERROGATORY NO. 8:**  Interrogatory No. 8 is objectionable because it purports to seek a response from individuals who are not parties to this litigation, which is not permitted by Fed. R. Civ. P. 33.

**RESPONSE TO INTERROGATORY NO. 9:** Notwithstanding and without waiving the foregoing objections, upon information and belief, Rick Corsi and Janine Corsi have documents related to their respective charges of discrimination against Mesa County, the investigation thereof, and the settlements they each entered into with Mesa County. *See* Bouricius 000385-000405. Presumably, the Defendant and its employees and elected officials also have information in their possession regarding Ms. Bouricius's Complaint and/or this litigation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**  *See* Supplemental Response to Interrogatory No. 5.

**EXHIBIT 7**
**18-CV-01144-DDD-STV**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 7: Bouricius 000385-000405, 000409-000442.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Subject to and without waiving the foregoing objections, Ms. Bouricius is producing the complete copies of emails previously produced as Bouricius 000423, 000427, 000438-000441, which are reproduced as Bouricius 000493-000499.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** *See* Third Supplemental Response to Request for Production 6. *See also* Bouricius 000740-000749.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all records regarding or relating to your relocation from Western Colorado to Lyons, Colorado, including but not limited to any sale(s) and/or purchase(s) of personal and/or real property in Palisade, Colorado and/or in Lyons, Colorado; any lease agreement(s) for personal and/or real property; any moving expenses; and/or other related records.

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 8.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 8: Bouricius 000543.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following additional documents responsive to Request for Production No. 8: Bouricius 000783-000867.  In regard to the firewood and the value of Mr. Bouricius' labor to produce, see Bouricius 000868-000873.  In regard to the laundry expenses, see Bouricius 000874-000888, *see also* Supplemental Response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all records regarding the operation of your family apple orchard in Mesa County, including but not limited to documentation regarding the removal of apple trees from your family apple orchard in Mesa County (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶C).

**OBJECTION:** Fed. R. Civ. P. 34 does not require Ms. Bouricius to produce materials that are not in her possession, custody, or control.

**EXHIBIT 7**
**18-CV-01144-DDD-STV**

**SUPPLEMENTAL OBJECTION:** Plaintiff objects on the basis of relevance; job postings for jobs which Ms. Bouricius did not receive are irrelevant as there is no question she mitigated her damages within two months.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Notwithstanding and without waiving the foregoing objections, following a reasonable search, Ms. Bouricius has identified the following documents responsive to Request for Production No. 12: Bouricius 000890-000912.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents, including but not limited to medical records related to your allegations of emotional and/or psychological distress (*see* Plaintiff's Revised Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), ¶A.2), relating to your alleged damages and damage calculations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Following a reasonable search, Ms. Bouricius has not identified any documents in her possession, custody, or control which are responsive to Request for Production No. 13, nor is she aware of any such documents.

DATED this 10th day of May 2019.

AS TO OBJECTIONS:

*s/ Julie K. Bisbee*
Paula Greisen
Julie K. Bisbee
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

**EXHIBIT 7**
**18-CV-01144-DDD-STV**

## VERIFICATION

I, Debra Bouricius, declare under oath that I have read the Amended and Fourth Supplemental Responses to Defendant's First Set of Combined Discovery Requests to Plaintiff and that the statements contained therein are true and correct to the best of my knowledge and belief.

Dated: May 10, 2019

_____
Debra Bouricius

STATE OF COLORADO  )
                   ) ss:
COUNTY OF Boulder  )

The foregoing Verification was acknowledged before me this 10th day of May 2019 by Debra Bouricius.

Witness my hand and seal.

_____
Notary Public

[SEAL]

OLGA BARRON
NOTARY PUBLIC - STATE OF COLORADO
My Identification # 20154030474
Expires August 3, 2019

**EXHIBIT 7**
**18-CV-01144-DDD-STV**