# Alicia Severn

| | |
|---|---|
| **From:** | Jennifer Bezoza <bezoza@kinggreisen.com> |
| **Sent:** | Tuesday, September 03, 2019 3:56 PM |
| **To:** | Michael Santo; Laurie Mool |
| **Cc:** | Paula Greisen; Alicia Severn |
| **Subject:** | Bouricius v. Mesa County -- Rule 7.1 Conferral on Daubert motion |

Mike,

As you know, we plan to file tomorrow a Daubert motion to strike Frank Whidden's expert designation and expert witness opinions. We assume from prior correspondence on this topic that Defendant opposes the motion. However, for purposes of Rule 7.1, can you please let me know Defendant's position on the motion.

Thank you,
Jennifer


Jennifer Weiser Bezoza
Pronouns: she, her



1670 York Street | Denver | CO | 80206 | 303.298.9878 p | 303.298.9879 f
www.kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

**From:** Michael Santo <santo@bechtelsanto.com>
**Sent:** Monday, August 5, 2019 7:34 PM
**To:** Jennifer Bezoza <bezoza@kinggreisen.com>; Laurie Mool <mool@kinggreisen.com>
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Alicia Severn <Severn@bechtelsanto.com>
**Subject:** RE: Bouricius v. Mesa County, 18-cv-01144

Evening,

In the Motion filed today, it was represented that "Plaintiff's counsel certifies that they have conferred by email with Defendant's counsel regarding this Motion.  Defendant opposes the Motion."  In fact, no such email conferral with me took place.  And Alicia Severn is out of the country.  So, I doubt she responded to your conferral; though please correct me if that's inaccurate.  Further, if the claim is that my email yesterday was that conferral, such a claim is inaccurate because my email yesterday discussed the procedural issues related to your email filing, not the substantive request.  So, in short, your statement to the Court was inaccurate.

I request that you correct the filing with the Court to identify that no such conferral took place.

1

**EXHIBIT F**
**18-CV-01144-DDD-STV**

Michael

Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

---

**From:** Jennifer Bezoza [mailto:bezoza@kinggreisen.com]
**Sent:** Monday, August 05, 2019 5:12 AM
**To:** Michael Santo <santo@bechtelsanto.com>; Laurie Mool <mool@kinggreisen.com>; domenico_chambers@cod.uscourts.gov
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Alicia Severn <Severn@bechtelsanto.com>
**Subject:** RE: Bouricius v. Mesa County, 18-cv-01144

Your Honor,

I was not sure of the correct manner to go about addressing the below issue. I called your chambers on Friday and was told by your clerk to send an email to chambers regarding the issue, which is what I did. I inadvertently left opposing counsel off of my email. As soon as I realized it was not copied to opposing counsel, we corrected the mistake and sent another email including opposing counsel. I apologize if this was not the correct procedure.

Thank you,
Jennifer Weiser Bezoza


Jennifer Weiser Bezoza
Pronouns: she, her



1670 York Street │ Denver │ CO │ 80206 │ 303.298.9878 p │ 303.298.9879 f
www.kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

---

**From:** Michael Santo <santo@bechtelsanto.com>
**Sent:** Sunday, August 4, 2019 1:42 PM
**To:** Laurie Mool <mool@kinggreisen.com>; domenico_chambers@cod.uscourts.gov
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Jennifer Bezoza <bezoza@kinggreisen.com>; Alicia Severn <Severn@bechtelsanto.com>
**Subject:** RE: Bouricius v. Mesa County, 18-cv-01144

**EXHIBIT F**
**18-CV-01144-DDD-STV**

To the Honorable Judge Domenico:

This firm represents the Defendant, Mesa County, in the above-captioned matter.  Mesa County requests that the Court deny Plaintiff's Motion/email because it failed to comply with United States District Court for the District of Colorado Local Rules of Practice (hereinafter, "Local Rules of Practice").  Mesa County further requests that the Court award Mesa County its attorney fees for the preparation of this email/response to Plaintiff's noncompliant Motion/email.

Mesa County objects to the, initially, *ex parte* "filing" submitted by Plaintiff on August 2, 2019, because it failed to comply with the requirements under D.C.COLO.LCivR 7.1 MOTIONS -- Duty to Confer.  That is, Rule 7.1 requires that "before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty."  Yet, Plaintiff's Motion/email submitted to this Court on August 2, 2019, makes no reference to any such discussion with Defendant's counsel.  In fact, initially, Plaintiff didn't even include Defendant's counsel in the email to the Court; a problem that was subsequently corrected by Plaintiff's counsel.

Plaintiff's counsel may assert that Plaintiff's counsel was simply seeking clarification in the email regarding this Court's procedures in compliance with this Court's Practice Standards.  *See e.g.,* Judge Daniel D. Domenico's Practice Standards, page 1 ("If after reviewing these Practice Standards and the Local Rules of Practice, you still have a question about procedure, email Chambers at Domenico_Chambers@cod.uscourts.gov.").  Yet, the actual language in Plaintiff's August 2, 2019 email clearly evidences the filing of a motion, a request for relief, and an Order from this Court and not simply a question about procedures.  See Plaintiff's August 2, 2019 email:  "Given [Plaintiff] could not have complied with a deadline [Plaintiff] did not know about, [Plaintiff] respectfully ask[s] for permission to file a *Daubert* motion by August 30, 2019." (Emphasis added.)).

Accordingly, Plaintiff's counsel was not simply asking a question about procedures in the August 2, 2019 email, Plaintiff was requesting relief and an Order from this Court to permit a filing on, or by, August 30, 2019.  After all, in an April 15, 2019 joint filing with this Court for an extension of a deadline, the parties used nearly identical language to that in Plaintiff's August 2, 2019 email.  *Compare* Joint Motion for Extension of Time to File a Response and Reply to Defendant's Memorandum in Support of Discovery Dispute by Plaintiff Debra Bouricius filed on April 15, 2019 (Doc. 47):  "… Plaintiff and Defendant respectfully request this Court grant Plaintiff's Motion for Extension of Time to Respond to Defendant's Memorandum in Support of Discovery Dispute [Doc. 47], up to and including April 17, 2019" and Plaintiff's August 2, 2019 email:  ""Given [Plaintiff] could not have complied with a deadline [Plaintiff] did not know about, [Plaintiff] respectfully ask[s] for permission to file a *Daubert* motion by August 30, 2019."  In sum, Plaintiff's initially *ex parte* Motion/email must be stricken for failure to comply with D.C.COLO.LCivR Rule 7.1.

Plaintiff's Motion/email also failed to D.C.COLO.LCivR 7.1 because, while it requested an Order to file a *Daubert* motion by the end of the month, the Motion/email failed to submit a proposed order with the request.  *See* D.C.COLO.LCivR 7.1(g):  "A moving party may submit a proposed order with an unopposed motion or nondispositive motion. A general order attached to a motion (such as "it is ordered" or "so ordered") is not permitted. A proposed order shall be a separate document, bear a separate caption, and set out clearly the order's basis and terms."  Yet, no such Order was submitted by the moving party (*i.e.,* Plaintiff's counsel) with the Motion/email on August 2, 2019.

Similarly, Plaintiff's Motion/email also failed to comply with D.C.COLO.LCivR 5.1 FORMATTING, SIGNATURES, FILING, AND SERVING PLEADINGS AND DOCUMENTS.  That Rule requires that each "pleading and document filed in a civil action shall be formatted, signed, and filed electronically in CM/ECF as prescribed by the Electronic Case Filing Procedures, incorporated in these rules…"  D.C.COLO.LCivR 5.1(a)(Emphasis added.).  *See also* D.C.COLO.LCivR 5.1(d).  Yet, Plaintiff's Motion/email requesting the Court to grant Plaintiff a continuance was not filed by Plaintiff in compliance with these procedures.  Such failure also then required Mesa County to submit this response to Plaintiff's Motion/email out of compliance because there was no actual Motion filed by Plaintiff with CM/ECF for Mesa County to respond to.

**EXHIBIT F**
**18-CV-01144-DDD-STV**

Plaintiff's Motion also failed to D.C.COLO.LCivR 6.1 EXTENSION OF TIME OR CONTINUANCE.  After all, that Rule requires that any request for an extension of time or continuance must be approved by court order on motion.  Yet, as explained in this email, Plaintiff never filed a motion as required by D.C.COLO.LCivR 5.1.  Furthermore, Plaintiff's Motion/email also failed to comply with D.C.COLO.LCivR 6.1 because it failed to identify whether there had been any previous extensions granted with respect to this issue (*see* D.C.COLO.LCivR 6.1(b)) and the Motion/email failed to identify that it was contemporaneously served by counsel on his or her client.  *See* D.C.COLO.LCivR 6.1(c).

For these reasons, Mesa County requests that this Court deny Plaintiff's Motion/email and that the Court award Mesa County its fees for Plaintiff's failure to comply with these requirements, which necessitated counsel submitting this email response.  Attached to this email is counsel's Affidavit for fees.  *See* D.C.COLO.LCivR 54.3.  As explained previously, as Plaintiff failed to comply with the Local Rules of Practice requirements to file a Motion with respect to the extension of a deadline, there was no filing for Defendant's counsel to respond to in requesting attorney fees.  Upon request from this Court, Defendant's counsel would be willing to file a separate Motion with respect to this request for attorney fees.

Respectfully,

Michael C. Santo


Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

---

**From:** Laurie Mool [mailto:mool@kinggreisen.com]
**Sent:** Friday, August 02, 2019 5:39 PM
**To:** domenico_chambers@cod.uscourts.gov
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Jennifer Bezoza <bezoza@kinggreisen.com>; Alicia Severn <Severn@bechtelsanto.com>; Michael Santo <santo@bechtelsanto.com>
**Subject:** RE: Bouricius v. Mesa County, 18-cv-01144

To the Honorable Judge Domenico:

Apologies to your Honor, we just realized that we inadvertently left opposing counsel off of our earlier communication with your chambers so are including them on this email.

Thank you,

*Laurie Mool*
Paralegal
KING & GREISEN, LLP
1670 York Street
Denver, Co 80206
Telephone: (303) 298-9878
Facsimile: (303) 298-9879
mool@kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

**From:** Jennifer Bezoza <bezoza@kinggreisen.com>
**Sent:** Friday, August 2, 2019 2:54 PM
**To:** domenico_chambers@cod.uscourts.gov
**Cc:** Paula Greisen <greisen@kinggreisen.com>; Laurie Mool <mool@kinggreisen.com>
**Subject:** Bouricius v. Mesa County, 18-cv-01144

To the Honorable Judge Domenico,

We represent the Plaintiff in *Bouricius v. Mesa County,* 18-cv-01144.  We are writing to inquire about the deadline for submission of a Daubert motion.  When this case was assigned to Judge Daniel, there was no deadline for submission of Daubert motions.

We just discovered that Your Honor's practice standards require Daubert motions to be filed within 30 days of the deadline for disclosure of rebuttal expert witnesses.  That deadline was April 5, 2019.  According to Your Honor's rules, our Daubert motion would have been due *before* the case was assigned to Your Honor and long before your practice standards were published.

In addition, the expert at issue – Frank Whidden – did not issue an expert report because he is a non-retained expert.  Thus, we only learned of the basis for a Daubert motion at his deposition in July.

Given we could not have complied with a deadline we did not know about, we respectfully ask for permission to file a Daubert motion by August 30, 2019.

Thank you,
Jennifer Weiser Bezoza
Attorney for Plaintiff


Jennifer Weiser Bezoza
Pronouns: she, her



1670 York Street │ Denver │ CO │ 80206 │ 303.298.9878 p │ 303.298.9879 f
www.kinggreisen.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.