IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

      Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following Responses to Plaintiff's 30(b)(6) Deposition Topics 7, 12-14, 21-23, 26, and 30 ("Discovery Requests").

### General Objections

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law.

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal

1

**EXHIBIT H**
**18-CV-01144-DDD-STV**

issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## INTERROGATORIES

**INTERROGATORY NO. 8: Matter 7.** A complete and detailed description of all anti-discrimination trainings provided to Defendant's managers, supervisors, administrators, and/or commissioners between August 2011 and October 2016, including for each such training the date of the training, the content included and the person{s] *[sic]* providing the training, the person who attended the training, and the materials or documents provided at the training.

2

**EXHIBIT H**
**18-CV-01144-DDD-STV**

**Response to Interrogatory No. 8.** Initially, Mesa County objects to this Interrogatory No. 8 with respect to providing any training information or materials that are protected pursuant to the attorney-client privilege and/or the attorney work product doctrine. Without waiving these objections, Mesa County provides the following information.

Mesa County conducted anti-discrimination/retaliation trainings on the following dates:

1. January 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5433. Mesa County does not have a record of which employees attended this training.

2. February 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5488. Mesa County does not have a record of which employees attended this training.

3. October 2010. Michael Santo gave the training. Associated materials are produced at DEF 5489-5525. Mesa County does not have a record of which employees attended this training.

4. May 2012. Michael Santo gave the training. Associated materials are produced at DEF 5526-5589. Mesa County does not have a record of which employees attended this training.

5. December 2013. Michael Santo gave the training. Associated materials are produced at DEF 5590-5692. Mesa County does not have a record of which employees attended this training.

**INTERROGATORY NO. 9: Matter 12.** The factual basis for the following assertion in Defendant's Answer: "In response to paragraph 11 of the Complaint, Mesa County admits that Ms. Bouricius dual-filed a Charge of Discrimination against Mesa County, in which Ms. Bouricius alleged age discrimination, with the CCRD and EEOC. Mesa County denies all other allegations set forth within paragraph 11 of the Complaint."

**Response to Interrogatory No. 9.**  Mesa County objects to this Interrogatory No. 9 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.  Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 10: Matter 13.** The factual basis for Defendant's denial of any allegation set forth in Paragraph 13 of the Complaint." *[sic]*

**Response to Interrogatory No. 10.**   Mesa County objects to this Interrogatory No. 10 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.  Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of

Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 11: Matter 14.** The factual basis for the following assertion Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 18 of the Complaint."

**Response to Interrogatory No. 11.**   Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.  Notwithstanding this objection, Mesa County states as follows.

Mesa County Commissioners John Justman, Scott McInnis, and Rose Pugliese were not involved in making the decision to terminate Ms. Bouricius's employment.

**INTERROGATORY NO. 12: Matter 21.** The factual basis for the following defense asserted in Defendant's Answer: "The claims set forth in the Complaint are frivolous, vexatious, and without substantial justification."

**Response to Interrogatory No. 12.**   Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.  Notwithstanding this objection, Mesa County states as follows.

**EXHIBIT H**
**18-CV-01144-DDD-STV**

Ms. Bouricius has failed to make any allegation that but for her age, her employment would not have been terminated. Indeed, Ms. Bouricius acknowledges that Mesa County had to implement layoffs due to a budget deficit. See Complaint, ¶ 26. Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." See DEF 36.

**INTERROGATORY NO. 13: Matter 22.** The factual basis for the following defense asserted in Defendant's Answer: "The Complaint and the claims set forth therein are barred because of the intentional acts of Ms. Bouricius and by the doctrines of wavier [sic], estoppel, and unclean hands."

<u>**Response to Interrogatory No. 13.**</u>   Mesa County objects to this Interrogatory No. 13 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Initially, Mesa County intends to address this defense as part of its deposition of Ms. Bouricius.

Further, Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." *See* DEF 36. Ms. Bouricius acknowledged that Mesa County implemented layoffs due to budget limitations. See Complaint, ¶ 26.

In addition, Ms. Bouricius is estopped from making any claim that her receipt of one month of pay was not the equivalent of 30 days' notice and with respect to ¶ 39 of the Complaint based on an email to Rick and Janine in which Bouricius says, "Janine had said something about the 1

6

**EXHIBIT H**
**18-CV-01144-DDD-STV**

month pay = 30 notice but I couldn't remember what it was. Something Chris Kadel had pointed out. Do you remember?" Bouricius 000418.

**INTERROGATORY NO. 14: Matter 23.** The factual basis for the following defense asserted in Defendant's Answer: "The claims for damages asserted in the Complaint are barred, in whole or in part, by Ms. Bouricius's failure to mitigate her damages."

<u>**Response to Interrogatory No. 14.**</u>   Mesa County objects to this Interrogatory No. 14 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Mesa County understands that Ms. Bouricius intends to identify an expert witness in economics for the purpose of establishing, perhaps among other things, a difference in the cost of living between Mesa County and Boulder County, Colorado. The issue of whether Ms. Bouricius mitigated her damages is anticipated as arising in this context as well. Mesa County has not received any expert witness disclosure as of the date of this response.

**INTERROGATORY NO. 15: Matter 26.** The factual basis for the following defense asserted in Defendant's Answer: "Any damages are barred or reduced by the actions of Ms. Bouricius" and what, if any, after-acquired evidence is in the possess *[sic]* of the Defendants that could limit Plaintiff's claims or damages.

**Response to Interrogatory 15.**   Mesa County objects to this Interrogatory No. 15 to the extent it requires the identification of information that is considered attorney work-product

information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Ms. Bouricius was not as knowledgeable in all areas needed in the IT Department as other employees.

**INTERROGATORY NO. 16: Matter 30.** The factual basis for the asserted in *[sic]* Defendant's Answer that it has a defense under the "business judgment rule. *[sic]*

<u>Response to Interrogatory No. 16.</u>   Mesa County objects to this Interrogatory No. 16 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mr. Whidden acted in a nondiscriminatory manner honestly and in good faith when he decided to layoff Ms. Bouricius.

Respectfully submitted this 1st day of February, 2019.

        BECHTEL SANTO & SEVERN

      By: *s/Alicia W. Severn*
        Alicia W. Severn, #42432
        Michael C. Santo, #24083
        205 N. 4th Street, Suite 300
        Grand Junction, Colorado 81501
        Telephone: (970) 683-5888
        Facsimile: (970) 683-5887
        Attorneys for Defendant

## VERIFICATION

STATE OF COLORADO   )
                                     ) ss:
COUNTY OF MESA       )

I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's responses to Interrogatories 8 through 16, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

Signed this **1st** day of **February**, 2019.

_____
Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this **1st** day of **February**, 2019 by Andrea Nina Atencio.

_____
Notary Public

SHERYL JACK
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924000920
My Commission Expires February 22, 2020

10

**EXHIBIT H**
**18-CV-01144-DDD-STV**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30** pleading and documents were served this 1st day of February 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT H**
**18-CV-01144-DDD-STV**

# Alicia Severn

| | |
|---|---|
| **From:** | Alicia Severn |
| **Sent:** | Friday, February 01, 2019 8:16 PM |
| **To:** | Paula Greisen; Julie Bisbee |
| **Cc:** | Michael Santo (santo@bechtelsanto.com) |
| **Subject:** | Bouricius v. Mesa County: Mesa County's interrogatory responses to deposition topics |
| **Attachments:** | Mesa County_Responses to Deposition Topics FINAL.pdf; DEF 5318-5692 Bechtel & Santo Trainings.pdf |

Paula and Julie,

Attached are Mesa County's responses to Deposition Topics 7, 12-14, 21-23, 26, and 30, presented as responses to interrogatories, as requested. Please let me know if you have any trouble opening the attached PDF files.

Thank you,
Alicia

Alicia Williams Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Telephone: 970.683.5888
Facsimile: 970.683.5887

*Our annual employment-law conference with WCHRA is scheduled for April 17, 2019.  Look for more information in future issues of the firm's* Employer's Advisory *newsletter, or check the event page of our website at [www.bechtelsanto.com](www.bechtelsanto.com).*

CONFIDENTIALITY NOTICE:  This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please call collect at 970-683-5888 and delete this transmission.  Thank you.

SECURITY NOTICE:
Bechtel Santo & Severn cannot assure that email messages are secure or will be delivered via the Internet. If you are transmitting information to Bechtel Santo & Severn that you consider urgent and are uncertain whether it has been received, or if you are expecting an email response that you have not received, please call 970.683.5888 to confirm the status. If you are uncomfortable using email to communicate with Bechtel Santo & Severn, please call and specify another method of communication.