IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS**

---

Plaintiff, by and through her counsel, Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP, respectfully submits her Reply in Support of her Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions. In support thereof, Plaintiff states as follows:

## INTRODUCTION

Mesa County attempts to defend the inherently unreliable "expert" testimony by its only witness, County Administrator Frank Whidden, by arguing: 1) the challenged testimony falls outside his expert designation; and 2) his background and experience in Information Technology ("IT") are sufficient to render his "percipient knowledge" about Plaintiff's experience and skills reliable and helpful to the jury although it is not based on any facts or direct observations. On their face, these arguments warrant exclusion of Whidden's "expert" designation and opinions.

1

As discussed in Plaintiff's Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions [Doc. 75] ("Plaintiff's Daubert Motion"), Whidden testified during his deposition that he intends to provide two closely related "expert" opinions at trial: 1) he correctly chose the employees that were laid off in October 2016; and 2) the October layoff was "legal" and not tainted by age discrimination. Plaintiff's Daubert Motion at 4.

Whidden's first "expert" opinion about the validity of his selection of employees is entirely consistent with his expert designation and must be excluded because it does not have *any* of the indicia of reliability applicable to non-retained expert testimony. "Perceptions" that are not honest, credible, or based on any facts are not sufficiently reliable or helpful to a jury. Moreover, it is the jury's role to decide whether in its "perception," based on the evidence as a whole, Whidden's selection of whom to terminate was pretextual or based on legitimate factors – and not the role of a self-designated "expert."

Whidden's second "expert" opinion regarding the legality of the October layoff exceeds the scope of his expert designation, as Defendant concedes, and must be stricken for this reason alone, as well as those provided in Plaintiff's Daubert Motion. *See* Plaintiff's Daubert Motion at 10-12 (Whidden's "legal" opinion not based on any legal or human resources expertise, standards, process, or methodology). Whidden cannot alternatively render his "legal" opinion as a lay witness, as Defendant contends, Mesa County's Response to Plaintiff's Motion Pursuant to Fed. R. Evid. 702 [Doc. 88] ("Def. Resp.") at 8-10, because he has no specialized legal knowledge, or for that matter, any legal knowledge about the laws in this case.

I. **Whidden's First "Expert" Opinion Regarding the Validity of His Selection of Employees for Layoff Is Consistent with Defendant's Expert Designation and Must Be Excluded Because It Is Not Reliable.**

   A. **Whidden's First "Expert" Opinion is Consistent with His Expert Designation.**

Mesa County argues that Whidden's deposition testimony did not precisely match the expert designation carefully drafted by their attorneys and because Plaintiff focuses her Daubert Motion on Whidden's explanation of his "expert" opinions during his deposition rather than their lawyers' summary of those opinions, he should be permitted to testify on the designated topics. Def. Resp. at 6-7. This argument is specious for two reasons.

First, Plaintiff's counsel asked Whidden several times to provide *all* the expert opinions he "intend[s] to give at trial in this matter." Ex. 9, Deposition of Frank Whidden ("Whidden Dep.") 144:17-19. *See also id.* 147:5-19, 172:17-24, 210:24-212:8. Whidden provided the two expert opinions discussed above, *see supra* at 2; *see also* Plaintiff's Daubert Motion at 4, and testified that there are *no other expert opinions* that he anticipates giving at trial. Ex. 9, Whidden Dep. 147:16-19. Plaintiff's counsel additionally asked Whidden to identify all the evidence upon which he based his expert opinion, which he did. *Id.* 148:15-149:20. Plaintiff should be able to rely in her Daubert motion on the witness's explanation of his expert opinions and the bases for those opinions as that is the purpose of an expert deposition, particularly one of a non-retained expert who has not submitted an expert report nor provided sufficiently detailed disclosures.[1] To the extent that Whidden did not address some of the topics in Defendant's expert designation

---

[1] Defendant's expert disclosures, Ex. D to Def. Resp., Defendant's Amended Expert Witness Disclosure [Doc. 88-4] at 3, identify only the subjects to be addressed in Whidden's expert testimony; they do not provide a summary of the facts and opinions to which he will testify, as required by Fed.R.Civ.P. 26(a)(2)(C)(ii).

3

during his deposition, which Plaintiff disputes for the reasons set forth below, that testimony should be precluded because Plaintiff was denied the opportunity to discover Whidden's expert opinion and the bases upon which it lies. *See Ark. River Power Auth. v. Babcock & Wilcox Co.*, No. 14-cv-00638, 2016 U.S. Dist. LEXIS 5632, at *14 (D. Colo. Jan. 15, 2016) (purpose of expert discovery is to eliminate unfair surprise and provide the court with sufficient information to perform its gatekeeper role).

Second, Whidden's deposition testimony was entirely consistent with Mesa County's expert designation. Whidden testified that he is an expert on "who should be kept and who should be terminated" because he claims he knows the positions and skills necessary to run Mesa County's IT Department based on his extensive IT credentials and experience and that he plans to give an expert opinion that he "correctly chose the people to be laid off in October 2016" based on this alleged expertise. Ex. 9, Whidden Dep. 144:24-145:9, 147:7-23, 148:6-14. Then, in response to questions regarding the evidentiary basis for this opinion, he explained why he believes, based on his IT experience, that the employees he retained had the positions and skills needed by the IT Department. *Id.* 148:15-18, 155:1-7. *See also* Def. Resp. at 11-13 (summarizing Whidden's testimony comparing Plaintiff's skills to those of her co-workers).

This testimony addresses all four of the topics listed in Defendant's expert designation: Whidden's experience running IT Departments and the positions, skills, and needs of Mesa County's IT Department. Ex. D to Def. Resp. at 3. *See also* Def. Resp. at 7 (separating Whidden's expert designation into four bullet points). Thus, there is no basis for Defendant's claim that Whidden's deposition testimony was inconsistent with his expert designation and that he should be permitted to render additional "expert" opinions not disclosed during his deposition.

4

> **B.      Whidden's Education, Training, and Experience Do Not Make His Opinion About the Validity of his Layoff Decision Factually Correct, Reliable, or Helpful to the Jury.**

Mesa County argues that because Whidden holds three degrees and has worked in IT for approximately twenty-seven years, *see* Def. Resp. at 10, the Court should cloak his factual testimony about employees' relative experience and skills as "expert testimony" despite its gross factual inaccuracies and unreliability. Plaintiff does not dispute that Whidden has certain IT experience. However, Plaintiff vehemently disputes that Whidden based his layoff decision on reliable information or data that he possesses as a result of that experience rather than on faulty perceptions and assumptions, which render his expert opinion inherently unreliable and inadmissible.

Whidden testified that many of the employees in the IT Department had superior skills and/or experience than Ms. Bouricius because they had: 1) stronger customer service skills; 2) experience with New World software; 3) experience with hardware; or 4) worked in web administration. *See* Def. Resp. at 11-13 (summarizing testimony). In making these comparisons, Whidden did not review any documents (i.e., employees' performance reviews or job descriptions); talk to the employees' direct supervisors; and/or look at any historical records to determine the relevant employees' experience before his tenure with the County. Ex. 9, Whidden Dep. 149:21-23, 156:5-10, 219:19-220:7, 253:6-12. Instead, Whidden relied exclusively on his "general knowledge" about the employees' skills and experience, although, as County Administrator, he was not involved in the daily operations of the IT Department, did not directly observe IT workers, did not assign work to the senior business system analysts, and did not work directly with Ms. Bouricius. *Id.* 149:2-20, 223:2-20; Ex. 10, Deposition of Debra Bouricius

5

("Bouricius Dep.") 168:25-169:2, 188:25-189:3; Ex. 11, Deposition of Rick Corsi ("R. Corsi Dep.") 36:11-17; Ex. 12, Deposition of Lori Marak ("Marak Dep.") 20:5-21, 22:11-18, 24:18-20. Moreover, Whidden admitted that he did not actually know Ms. Bouricius's IT experience but instead made assumptions about her skills because she was "on the software side of the house" and is "not a hardware person." Ex. 9, Whidden Dep. 235:2-8, 252:4-15.

By relying on assumptions rather than facts or data, Whidden was significantly mistaken about Ms. Bouricius's skills and experience. Most notably, he was unaware that prior to his employment with the County, Ms. Bouricius had implemented the New World system, set up the help desk, worked on hardware, and was the County's web administrator, and thus had all the experience he claimed she lacked. *Id.* 236:8-15, 247:17-20, 254:3-9, 339:19-23, 341:22-342:1, 342:9-13; Ex. 10, Bouricius Dep. 192:6-193:21. Whidden was also unaware that Ms. Bouricius's performance ratings in customer service were superior to those of her colleagues that he erroneously claimed had superior customer service skills. *Compare* Ex. 13, DEF 716 *with* Ex. 14, DEF 4721, 5041, 4916. Thus, despite Whidden's education, training, and experience in IT, he made decisions regarding who to lay off that are factually unsupportable and not worthy of credence. *See* Plaintiff's Response to Mesa County's Motion for Summary Judgment [Doc. 92] at 17-21, 23-25. He cannot now render an "expert opinion" about the validity of his layoff decision because that opinion – just like the underlying decision -- lacks all the indicia of reliability set forth in *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579 (1993), and its progeny for the reasons discussed in Plaintiff's Daubert Motion at 6-10.

The fact that Whidden was designated as a "non-retained" rather than a retained expert does not excuse *Daubert's* requirement that his expert opinion be reliable, as Defendant

6

concedes. Def. Resp. at 4 (acknowledging that courts must evaluate whether a non-retained expert's testimony is reliable); *see also United States v. Alamos-Delgado,* No. 10-cr-00327, 2015 U.S. Dist. LEXIS 165711, at *9 (D. Colo. Dec. 10, 2015) (non-retained expert witness must have "reliably applied his or her experience to derive at reliable opinions as to the facts presented."); *Guara v. City of Trinidad,* No. 10-cv-02529, 2012 U.S. Dist. LEXIS 139246, at *8-9 (D. Colo. Sept. 27, 2012) (although the *Daubert* test does not require that all factors, including the use of scientific methods, be met in every case, a non-retained expert opinion must still be "sufficiently reliable"); *James River Ins. Co. v. Rapid Funding, LLC,* No. 10-1145, 2011 U.S. App. LEXIS 21740, at *6 (10th Cir. July 29, 2011) (acknowledging that district court excluded testimony of non-retained expert under Rule 702 because it "was not the product of reliable principles and methods").

Nor does the fact that Whidden intends to testify about his "percipient knowledge" obviate *Daubert's* reliability requirement. Indeed, Defendant has cited no cases stating that a non-retained expert providing opinion testimony based on percipient observations does *not* need to meet the *Daubert* reliability standards. Instead, the cases cited by Defendant, *see* Def. Resp. at 4-6, 9-10, address other, irrelevant issues related to percipient witness testimony, such as whether the non-retained expert witness should have rendered an expert report, *see Ark. River,* 2016 U.S. Dist. LEXIS 5632, at *13-19; *United States v. Sierra Pac. Indus.*, No. S-09-2445, 2011 U.S. Dist. LEXIS 60372, at *13-18 (E.D. Cal. May 26, 2011), or whether communications with non-retained experts, who are percipient witnesses, are privileged. *See Garcia v. Patton,* No. 14-cv-01568, 2015 U.S. Dist. LEXIS 192861, at *9-11 (D. Colo. July 9, 2015); *Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372, at *18-35. And, one of the primary cases upon which

7

Defendant relies, *Alamos-Delgado*, 2015 U.S. Dist. LEXIS 165711, applied *Daubert* to percipient expert witness testimony and concluded that testimony about an investigation (i.e., what an agent saw, did, and inferred from the information presented) was "not a product of methodology or training" and was accordingly lay testimony rather than expert testimony.

Since Whidden admittedly did not employ any type of reliable principles or methodology to determine who to lay off, *see, e.g.,* Ex. 9, Whidden Dep. 116:9-17,[2] he may testify as a fact witness to the facts and observations that informed his layoff decision but may not render an "expert" opinion about the validity of that decision. Simply put, Whidden must be precluded from rendering an "expert" opinion about the ultimate issue in this case – whether he acted in a discriminatory manner when he chose to terminate Ms. Bouricius. *See Ark. River,* 2016 U.S. Dist. LEXIS 5632, at *16-17 (finding non-retained experts may not testify to ultimate conclusions or issues – i.e., whether it was reasonable for defendant to act in a certain manner – because such testimony is outside of the scope of the witness's percipient knowledge and the execution of their professional, non-litigation duties and must be disclosed in an expert report).

**II.    Whidden Cannot Provide His Second "Expert" Opinion Regarding the Legality of the Layoff as an Expert, 30(b)(6), or Lay Witness Because He Has No Expertise, Specialized Knowledge, or Factual Basis for the Opinion.**

Whidden's second "expert" opinion regarding the legality of his layoff decision was not, as Defendant concedes, disclosed in Defendant's expert designation, and should be precluded for this reason alone. *See* Def. Resp. at 8 ("[I]t is well settled that a non-retained expert witness

---

[2] Defendant's argument that Whidden's testimony is "reliable" because he "glean[ed his] expert opinion[] from performing the duties of [his] job[]" is befuddling. *See* Def. Resp. at 14 (arguing reliability without any mention or application of *Daubert* reliability standards). The alleged source of Whidden's "percipient knowledge" cannot render his "expert" opinion, which does not meet any of the *Daubert* criteria, reliable.

8

cannot provide testimony outside the scope of the witness's designation."). In addition, this opinion is completely unreliable because Whidden has no experience or expertise in investigating or evaluating claims of discrimination and neither he, nor Mesa County, conducted any independent investigation or analysis of facts or data nor utilized any standards, process, or methodology to render this opinion. *See* Plaintiff's Daubert Motion at 10-12. Moreover, even if Whidden were qualified to provide expert testimony regarding the ultimate issue to be decided by the trier of fact, he cannot – as Defendant acknowledges, *see* Def. Resp. at 5 – provide a legal conclusion, which is exactly what he seeks to do with his second "expert" opinion. *Guara,* 2012 U.S. Dist. LEXIS 139246, at *11-12 ("To the extent Defendant seeks to elicit legal conclusions from their experts, however, this testimony would not be allowed under Rule 702.") (citing *Specht v. Jensen,* 853 F.2d 805, 808 (10th Cir. 1988)).

Whidden cannot be permitted to alternatively render his opinion about the legality of the layoff as a 30(b)(6) or lay fact witness, as Defendant suggests. *See* Def. Resp. at 10. Lay witnesses cannot provide opinion testimony about legal issues, which requires specialized knowledge. *See James River,* 2011 U.S. App. LEXIS 21740, at *15-16 (Rule 701 does not permit lay witnesses to express opinions as to matters beyond common experience that require special skill and knowledge).

## CONCLUSION

In summary, any "expert" designation of Whidden, Mesa County's primary fact witness in this case, is merely an attempt to bolster his credibility at trial and must be excluded because his "expert" testimony fails to meet the minimum standards required by *Daubert*.

Respectfully submitted this 14th day of October 2019.

KING & GREISEN, LLP

*s/ Jennifer W. Bezoza*
Paula Greisen
Jennifer Weiser Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
(303) 298-9878 (voice)
(303) 298-9879 (fax)
greisen@kinggreisen.com
bezoza@kinggreisen.com

*Attorneys for Plaintiff*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October 2019, the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS** was filed electronically using the U.S. Court's CM/ECF, which caused a copy of the same to be served electronically to the following:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

*s/ Laurie A. Mool*
Laurie A. Mool, Paralegal