**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,
    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,
    Defendant.

---

**MESA COUNTY'S AMENDED MOTION FOR RECONSIDERATION OF THE ORDER UNRESTRICTING ACCESS TO EXHIBIT 5A (Doc 76)**

---

Pursuant to F.R.C.P. 72(a), Defendant Mesa County, through its undersigned counsel, respectfully request this Court reconsider its Order dated October 23, 2019 (Doc 76), unrestricting access to Exhibit 5a to Plaintiff's Motion to Strike Frank Whidden's Expert Designation and Expert Witness Opinions Pursuant to FRE 702 (Doc 75) or, in the alternative permit the filing of a redacted page 304 in Exhibit 5a. In support of its Motion, Mesa County states as follows:

1.    <u>Certificate of Compliance with D.C.COLO.LCivR 7.1(a)</u>. On October 23, 2019, counsel for Mesa County and counsel for Ms. Bouricius conferred regarding the relief requested herein, and counsel for Ms. Bouricius objects to such relief. Then, on October 24, 2019, counsel for Ms. Bouricius indicated that Ms. Bouricius did not object to Mesa County withdrawing its Motion for Reconsideration (Doc 101) and filing a redacted Exhibit 5a, page 304, in which Ms. A.'s name was redacted. But because the Court has unrestricted Exhibit 5a, Mesa County does not believe it has the authority to unilaterally determine that a redacted Exhibit 5a, page 304 is

1

acceptable to the Court. For this reason, Mesa County files this Amended Motion and provides an Amended Exhibit 5a, page 304, as an attachment hereto (Exhibit 4), for the Court's consideration.

2.  On October 4, 2019, the Court granted the parties' motion for Protective Order (Doc 27) and signed the parties' Protective Order (Doc 28).

3.  The Protective Order treats as confidential "information that is exempt from public disclosure under a Colorado Open Records Act request" and "information that is confidential under any other statute…" Protective Order (Doc 28) at 1-2.

4.  With respect to Exhibit 5a of Plaintiff's Motion to Strike Frank Whidden's Expert Designation and Expert Witness Opinions Pursuant to FRE 702 (Doc 75) at issue, on August 9, 2019, Mesa County designated as confidential under the parties' Protective Order information relating to a third party, identified as "Ms. A." Ex. 1.

5.  Thereafter, the parties to this litigation disputed whether some or all of the information Mesa County designated on August 9, 2019, was properly maintained as confidential information. To that end, Magistrate Judge Varholak held a discovery hearing on August 21, 2019, after which he entered a Minute Order stating, "With respect to the third individual discussed, that testimony should remain confidential." (Doc 72 at 2). *See also* Transcript of Aug. 21, 2019 hearing (Doc 73) at 32:12-24 (ordering information relating to Ms. A. to "remain under confidentiality").

6.  During this Aug. 21, 2019 discovery hearing, the Court addressed its ability to review documents identified as confidential in Court filings. That is, Magistrate Judge Varholak stated, "To treat that as confidential and protected by the open records would -- as plaintiff indicates, would essentially, led to its logical conclusion, is going to mean that the Court, whenever it issues any opinions down the road, such as a summary judgment opinion, is not going to be able

to explain why it either grants or denies summary judgment, because the rationale and the basis for decisions are essentially being blocked and being treated as confidential." Transcript of Aug. 21, 2019 hearing (Doc 73) at 14:16-24. Thus, the Court explained as part of its reasoning that information designated as confidential by the parties would also be confidential before the Court, thereby leading to the Court's Order.

7. After the Court's Aug. 21, 2019 Order was entered, Mesa County revised its confidentiality designations and again identified as confidential Ms. A.'s information on page 304 of Exhibit 5a at issue in this case. Ex. 5a.

8. Ms. Bouricius filed her Motion to Strike Frank Whidden's Expert Designation and Expert Witness Opinions Pursuant to FRE 702 (Doc 75) on September 4, 2019, and she indicated that Exhibit 5a was confidential (Doc 76).

9. Thereafter, the parties received another Court Order relating to Ms. A.'s information on page 304 of Exhibit 5a. That is, on September 24, 2019, Magistrate Judge Varholak entered a Minute Order stating that "the individual's name and the precise terms of any settlement related to the individual's complaint shall remain designated 'confidential' pursuant to 28 Protective Order." (Doc 87).

10. Pursuant to this Order, Mesa County identified Ms. A.'s name as confidential on page 304 of Exhibit 5a. Ex. 3. No information was designated as confidential on page 305. *Id*.

11. Accordingly, this Court previously entered two separate Orders specifically regarding the confidentiality of this individual's name.

12. That is, D.C.COLO.LCivR 7.2(a) states, "Unless restricted by statute, rule of civil procedure, or <u>court order</u>, the public shall have access to all documents filed with the court and all

3

court proceedings." (Emphasis added.) D.C.COLO.LCivR 7.2(c) does not state when or under what circumstances a motion must be made, particularly when a court order or ruling has been made relating to the confidentiality of the information at issue.

13. Instead, when information is found to be confidential under specific terms in a protective order, such a showing complies with the requirements of D.C.COLO.LCivR 7.2. For example, in *Health Grades, Inc. v. MDx Medical, Inc.*, No. 11-cv-00520-PAB-BNB, 2013 WL 154155, *2 (D.Colo., Jan. 15, 2013), the court held that information designated as "highly confidential" under the parties' protective order satisfied the requirements of D.C.COLO.LCivR 7.2 because the definition of "highly confidential" in the protective order was specific as to the types of information it covered.

14. Here, there are multiple Court Orders in place—the parties' Protective Order, plus Magistrate Judge Varholak's specific orders relating to Ms. A.'s name and reasonably understood to relate to filings with the Court—stating the direction that Ms. A.'s name on page 304 of Exhibit 5a be confidential in these settings. (Doc 28, Doc 72, Doc 73, Doc 87).

15. With respect to Exhibit 5a in this case, restricted access to Ms. A.'s name on page 304 is necessary to protect the privacy interests of Ms. A., a non-party to this action, which interests Magistrate Judge Varholak reiterated after Exhibit 5a was filed. Transcript of Aug. 21, 2019 hearing (Doc 73) at 31:24-32:24; Minute Order (Doc 87). Ms. A is not a party to this action, and her engagement in non-public matters with Mesa County is a private concern related to unsubstantiated allegations. By unrestricting Exhibit 5a, the public will learn private, potentially embarrassing information related to Ms. A., which she has a right to protect.

WHEREFORE, Mesa County requests this Court reconsider its Order unrestricting access to Exhibit 5a and implement a Level 1 Restriction to this Exhibit 5a, at least with respect to page 304. In the alternative, and as agreed upon by the Plaintiff, Mesa County requests the opportunity to redact Ms. A.'s name on unrestricted Exhibit 5a, page 304, as shown on the Exhibit 4 attached hereto.

Respectfully submitted this 25th day of October, 2019.

        BECHTEL SANTO & SEVERN

        *s/ Alicia W. Severn*
        Alicia W. Severn, #42432
        Michael C. Santo, #24083
        205 N. 4th Street, Suite 300
        Grand Junction, CO  81501
        Telephone: (970) 683-5888
        Facsimile: (970) 683-5887
        santo@bechtelsanto.com
        severn@bechtelsanto.com
        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MESA COUNTY'S AMENDED MOTION FOR RECONSIDERATION OF THE ORDER UNRESTRICTING ACCESS TO EXHIBIT 5A (Doc 76)** was served this 25th day of October 2019, via the CM/ECF electronic filing system, to the following:

Paula Greisen
Jennifer Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
Attorneys for Plaintiff

>*s/ Alicia W. Severn*
>Alicia W. Severn, attorney

6