**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,
    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,
    Defendant.

---

**MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS OR, IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES**

---

    Defendant Mesa County, by and through its counsel, Bechtel Santo & Severn, respectfully moves the Court pursuant to D.C.COLO.LCivR 7.2 and the Court's Order (Doc 105) to restrict access to the Defendants' Exhibit 14 (Doc 99), filed with Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98) or, in the alternative, to permit Mesa County to file redacted pages, in which names and performance review comments, but not performance ratings, are redacted. In support of its Motion, Mesa County states as follows.

    1.    Pursuant to D.C.COLO.LCivR 7.1, Mesa County's counsel conferred with the Plaintiff's counsel regarding the relief requested herein. Plaintiff's counsel indicated that Plaintiff opposes restricting public access to Exhibit 14, but Plaintiff is agreeable to filing a redacted Exhibit

with only names redacted. Mesa County received no response prior to the filing of this Motion to its conferral regarding whether Plaintiff is agreeable to redacting names <u>and</u> comments in employees' performance reviews other than performance ratings.

    2.    **Exhibit 14.**

        a.    Exhibit 14 contains performance reviews for three non-party, identified and named individuals.

        b.    While "performance ratings" are not confidential pursuant to the Colorado Open Records Act (*see* C.R.S. § 24-72-202(4.5) and C.R.S. § 24-72-204(3)(a)(II)(a)), the performance reviews in Exhibit 14 contain more than just ratings. Indeed, these reviews contain employee names and comments regarding: (1) the reason(s) why specific ratings were given; and (2) general comments related to employees' performances and skills. Ex. 14 to Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98). So, the performance reviews contain information protected from public disclosure under C.R.S. § 24-72-204(3)(a)(II)(a).

        c.    The parties have two Court Orders relating to this information. First, the Court signed the parties' Protective Order on October 4, 2018 (Doc 28), which provided that information protected from disclosure pursuant to the Colorado Open Records Act will be confidential. Protective Order (Doc 28) at 1-2. Second, the Court explained during the parties' discovery hearing on August 21, 2019, that if personnel file information, aside from performance ratings, was discussed, such information is properly designated as confidential. Ex. A (Transcript of Aug. 21, 2019 hearing at 14:25-15:20; 23:11-15).

d. Courts recognize that individuals have a privacy interest in their performance reviews. *Denver Post Corp. v. Univ. of Colo.*, 739 P.2d 874, 879 (Colo. App. 1987).

e. Thus, the public does not, and should not, have access to information about third parties' performance reviews when those reviews contain significant information in excess of performance ratings, due to these third parties' expectations of privacy.

f. Further, Mesa County considers complete performance reviews to be protected from public disclosure pursuant to the Colorado Open Records Act, C.R.S. § 24-72-202(4.5) and C.R.S. § 24-72-204(3)(a)(II)(a). Thus, making third-parties' complete performance reviews public would violate Mesa County's obligation to maintain the confidentiality of these records and expose Mesa County to potential liability from these individuals.

g. The third parties' privacy interests and Mesa County's obligations under the Colorado Open Records Act, as identified above, outweigh the presumption of public access to these performance reviews.

h. Without maintaining the privacy and confidentiality of the third parties' performance reviews produced in Exhibit 14, the public would learn information about the job performance of third parties who are not part of this litigation, without any indication that these individuals expected or intended that information to be made public. In addition, Mesa County's obligations to maintain the confidentiality of these third parties' performance reviews under the Colorado Open Records Act would be impeded.

i. Except for redacting employee names and comments in employees' performance reviews, leaving performance ratings public, no alternative to restricted access is

3

possible because the Plaintiff relies on Exhibit 14 for purposes of comparing individuals' skill sets. *See* Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98) at 6. Thus, Bouricius relies on the content of Exhibit 14 in making this argument.

    j. Through this Motion, Mesa County seeks a Restriction Level 1, access limited to case participants and the court, with respect to Exhibit 14 (Doc 99), filed with Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98). In the alternative, if a Restriction Level 1 is not appropriate, Mesa County requests the opportunity to file a redacted Exhibit 14, redacting employee names and comments relating to the performance reviews but leaving as public information employees' performance ratings.

    Respectfully submitted this 28th day of October 2019.

              BECHTEL SANTO & SEVERN

              *s/ Alicia W. Severn*
              Alicia W. Severn, #42432
              Michael C. Santo, #24083
              205 N. 4th Street, Suite 300
              Grand Junction, CO  81501
              Telephone:   (970) 683-5888
              Facsimile:   (970) 683-5887
              severn@bechtelsanto.com
              santo@bechtelsanto.com
              Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS OR, IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES** was served this 28th day of October 2019, via CM/ECF electronic filing, to the following:

Paula Greisen
Jennifer Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney