```
                                                                    1


 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
     Case No. 18-cv-01144-DDD-STV
 3   _____

 4   DEBRA BOURICIUS,

 5       Plaintiff,

 6   vs.

 7   MESA COUNTY,

 8       Defendant.
     _____
 9

10         Proceedings before SCOTT T. VARHOLAK, United States

11   Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 1:03 p.m., August 21,

13   2019, in the United States Courthouse, Denver, Colorado.

14   _____

15         WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                          APPEARANCES

19         PAULA GREISEN and JENNIFER BEZOZA, Attorneys at

20   Law, appearing for the Plaintiff.

21         ALICIA SEVERN, Attorney at Law, appearing

22   for the Defendant.

23   _____

24                       DISCOVERY HEARING

25
```

**EXHIBIT A**

1    Colorado, the legislative history indicates that what the

2    Colorado Legislature was trying to do was to balance the

3    public's interest in open records and access to information

4    with the privacy interests of the individuals involved and,

5    therefore, they created the exclusion for personnel files,

6    which are then further defined, as we've discussed earlier.

7             And I think that the purpose of that is to avoid

8    certain information, such as the individual's address to be

9    out there in the public.  I think that this portion of the

10   deposition does not go to that issue at all.  This is not

11   discussing any particular individual.  I can't read this

12   deposition and determine at all who any of these individuals

13   are.  Instead, this is a portion of questioning that

14   basically goes through how the County makes its hiring

15   decisions and -- and what it considers.

16            To treat that as confidential and protected by the

17   open records would -- as plaintiff indicates, would

18   essentially, led to its logical conclusion, is going to mean

19   that the Court, whenever it issues any opinions down the

20   road, such as a summary judgment opinion, is not going to be

21   able to explain why it either grants or denies summary

22   judgment, because the rationale and the basis for decisions

23   are essentially being blocked and being treated as

24   confidential.

25            Certainly, the personnel files themselves are

15

1  confidential, and if those have been disclosed, they're
2  properly marked Confidential, but that's not what this
3  portion of the testimony is.  Moreover, I think if it were a
4  personnel file, it probably falls under the exception for
5  performance ratings because it's describing the -- if it were
6  talking about an individual, which it's not, but if it were
7  talking about a particular individual, be describing whether
8  they're hitting their ratings or not hitting their ratings;
9  but again, I don't even need to get to there because I don't
10 think that that qualifies as a -- that this testimony
11 qualifies as a personnel file.
12         Now, in the future, if there's a deposition that's
13 taken where a personnel file is used and the individual is
14 providing details about that personnel file; for example, if
15 there's questioning and it says that, you know, Jim James,
16 employee number 1, in their personnel file, they provide an
17 address of 633 17th Street, clearly that deposition could be
18 marked Confidential because it is taking the information
19 directly from a personnel file and describing what is in that
20 personnel file, but that's not what this testimony is and so,
21 therefore, I'm finding that this should be de-designated
22 confidential.
23         Okay.  Should we take up the sexual
24 harassment/discrimination component?
25         MS. GREISEN:  Would you like me to --

23

1    This is rather simply an individual's recollection of an
2    incident.
3           As a result, because it's not a public record, it
4    doesn't fall within the exception set forth in
5    24-74-204(3)(a)(x)(a) for records of sexual harassment.  So,
6    therefore, it does not fit under my protective order,
7    necessarily, as set forth.
8           Now, my protective order also authorizes
9    information to be marked as confidential to the extent
10   necessary for the defendant's obligations to comply with any
11   other statutes.  This isn't really a statute, but the
12   Colorado Supreme Court has made clear, in a number of cases,
13   that individuals do have a privacy interest in certain
14   information, including information in -- that could be
15   reflected in their personnel file and allegations like this
16   could fall within that.
17          So, in order to comply in an attempt to protect the
18   individual who -- I don't know who it is because I don't have
19   page 13 or 12, but the individual who's mentioned in here, I
20   will allow the defendant to redact and maintain as
21   confidential the name of the person.  So they can -- they
22   don't -- they can maintain confidential the entire name.
23   They don't need to use initials because, in a place that only
24   has ten people, initials are going to make clear who that is.
25   They can redact the name and any other clearly identifying

**EXHIBIT A**