IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-CV-01144-DDD-STV

DEBRA BOURICIUS,
    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,
    Defendant.

---

**MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED EXHIBIT 13 AND EXHIBIT 21 (DOCS 110-1—110-4) FILED WITH MESA COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 73, FILED AUGUST 30, 2019)**

---

    Defendant Mesa County, by and through its counsel, Bechtel Santo & Severn, respectfully moves the Court to restrict access to Mesa County's Exhibits 13 and 21 (Docs 110-1—110-4), filed with Mesa County's Reply In Support of Its Motion for Summary Judgment (CM/ECF Doc 73, filed August 30, 2019) (Doc 109), pursuant to D.C.COLO.LCivR 7.2 and Court Order (Doc 105). In support of its Motion, Mesa County states as follows.

    1.    Pursuant to D.C.COLO.LCivR 7.1, Mesa County's counsel conferred with the Plaintiff's counsel regarding the relief requested herein. Plaintiff's counsel indicated that, with respect to Exhibit 13, Plaintiff agreed to the redaction employee names and identifying information. But because Mesa County relies on employees' names as set forth, *infra* at Section 2, redacting this information was not possible. Further, Plaintiff's counsel indicated that, with respect

1

to Exhibit 21, Plaintiff agreed to the redaction of: (1) Ms. A.'s name; (2) any identifying information; and (3) a temporary redaction of the settlement amount, pending resolution of the issue before the Court (*see* CM/ECF Doc 108). But Mesa County again relies on the substance contained in Exhibit 21, and other considerations require confidentiality, as set forth *infra* at Section 3. Thus, the Plaintiff opposes this Motion to the extent set forth herein.

    **2.**    **Exhibit 13.**

        a.    Exhibit 13 contains performance reviews for multiple non-party, identified and named individuals. These performance reviews are the same documents and/or type of documents (complete performance reviews) addressed in Mesa County's Motion to Restrict Public Access to Documents Filed With Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 106). As a result, Mesa County reiterates is arguments set forth therein.

        b.    While "performance ratings" are not confidential pursuant to the Colorado Open Records Act (*see* C.R.S. § 24-72-202(4.5) and C.R.S. § 24-72-204(3)(a)(II)(a)), the performance reviews in Exhibit 13 contain more than just ratings. Indeed, these reviews contain employee names and comments regarding: (1) the reason(s) why specific ratings were given; and (2) general comments related to employees' performances and skills. So, the performance reviews contain information protected from public disclosure under C.R.S. § 24-72-204(3)(a)(II)(a).

        c.    Further, pages DEF 4138, 4364, 4376, 4557, 4915, and 5040 in Exhibit 13 contain only narrative performance reviews with no ratings.

d. The parties have two Court Orders relating to this information. First, the Court signed the parties' Protective Order on October 4, 2018 (Doc 28), which provided that information protected from disclosure pursuant to the Colorado Open Records Act will be confidential. Protective Order (Doc 28) at 1-2. Second, the Court explained during the parties' discovery hearing on August 21, 2019, that if personnel file information, aside from performance ratings, was discussed, such information is properly designated as confidential. Ex. 1 (Transcript of Aug. 21, 2019 hearing at 14:25-15:20; 23:11-15).

e. Courts recognize that individuals have a privacy interest in their performance reviews. *Denver Post Corp. v. Univ. of Colo.*, 739 P.2d 874, 879 (Colo. App. 1987).

f. Thus, the public does not, and should not, have access to information about third parties' performance reviews when those reviews contain significant information in excess of performance ratings, due to these third parties' expectations of privacy.

g. Further, Mesa County considers complete performance reviews to be protected from public disclosure pursuant to the Colorado Open Records Act, C.R.S. § 24-72-202(4.5) and C.R.S. § 24-72-204(3)(a)(II)(a). Thus, making third-parties' complete performance reviews public would violate Mesa County's obligation to maintain the confidentiality of these records and expose Mesa County to potential liability from these individuals.

h. The third parties' privacy interests and Mesa County's obligations under the Colorado Open Records Act, as identified above, outweigh the presumption of public access to these performance reviews.

    i. Without maintaining the privacy and confidentiality of the third parties' performance reviews produced in Exhibit 13, the public would learn information about the job performances of third parties who are not part of this litigation, without any indication that these individuals expected or intended that information to be made public. In addition, Mesa County's obligations to maintain the confidentiality of these third parties' performance reviews under the Colorado Open Records Act would be impeded.

    j. No alternative to restricted access is possible because Mesa County relies on the employees' names and substantive comments other than performance ratings contained in Exhibit 13 for purposes of comparing specific individuals' skill sets to the Plaintiff's skill sets. *See* Mesa County's Reply In Support of Its Motion for Summary Judgment (CM/ECF Doc 73, filed August 30, 2019) (Doc 109) at Responses to P7, P32, P50, Replies to D36-D38 and D44-D45, and at p. 16. Thus, Mesa County relies on the entire content of the performance reviews, including employee names, in Exhibit 13 to make this argument.

    k. Through this Motion, Mesa County seeks a Restriction Level 1, access limited to case participants and the court, with respect to Exhibit 13 (Docs 110-1—110-3), filed with Mesa County's Reply In Support of Its Motion for Summary Judgment (CM/ECF Doc 73, filed August 30, 2019) (Doc 109).

 **3.** **Exhibit 21.**

    a. Exhibit 21 contains a settlement agreement signed by a third party, Ms. A., who is not involved in the litigation of this case.

        b.      There are multiple Court Orders relating to this information. First, the Court signed the parties' Protective Order on October 4, 2018 (Doc 28), which treats as confidential "information that is exempt from public disclosure under a Colorado Open Records Act request" and "information that is confidential under any other statute…" Protective Order (Doc 28) at 1-2.

        c.      Second, the Court held a discovery hearing with the parties on August 21, 2019, in which the confidentiality of Ms. A.'s information was addressed. That is, the Court explained during the discovery hearing:

> I reach a different answer with respect to Ms. A. Here, it arguably does fall within CORA, because there was a sexual harassment complaint, but even if it doesn't, as I indicated previously, with respect to the protective order, I think that there is a[n] interest and a need for the defendant to protect their employees' privacy interests. And while that's not made explicit in the protective order, again, to the extent I need to amend the protective order, I will do so orally to allow the protection of those employees' privacy interests. And I think with respect to the identification of this individual, I think that that should be protected and I will allow those portions to remain under confidentiality.

Ex. 1 (Transcript of Aug. 21, 2019 hearing (Doc 74) at 32:12-24).

        d.      The Court reiterated this protection in its Minute Order (Doc 72), stating, "With respect to the third individual discussed [Ms. A.], that testimony should remain confidential."

        e.      Thereafter, the Court again explained that information relating to Ms. A. was to remain confidential. That is, in response to Bouricius's challenge relating to the confidentiality of Ms. A.'s information in two deposition transcripts, the Court ordered "that the individual's name and the precise terms of any settlement related to the individual's complaint

5

shall remain designated 'confidential' pursuant to 28 Protective Order." Minute Order dated Sept. 24, 2019 (Doc 87).

    f.  This Court has recognized that Ms. A. has a privacy interest in maintaining the confidentiality of her information, particularly when she is not a participant in this litigation. *See* 3.b.-e., *supra*. Thus, the public does not, and should not, have access to information about Ms. A.'s settlement agreement when there is no indication that Ms. A. intended or expected its terms and information related to her to be made public and subject to public scrutiny.

    g.  As the Court has recognized throughout this litigation, Ms. A.'s privacy interests outweigh the presumption of public access to her private information.

    h.  Without maintaining the privacy and confidentiality of Ms. A.'s settlement information, the public would learn information about the nature of Ms. A.'s claims against Mesa County, which Mesa County disputed and did not admit, along with other private information about which Mesa County has not information that Ms. A. expected or intended that information to be made public.

    i.  No alternative to restricted access is possible because Mesa County relies on the substance of information contained in Exhibit 21 in its Reply brief. *See* Mesa County's Reply In Support of Its Motion for Summary Judgment (CM/ECF Doc 73, filed August 30, 2019) (Doc 109) at Response to P57 and at p. 13. Thus, Mesa County relies on the content of the settlement agreement in Exhibit 21 to make this argument.

    j.  Through this Motion, Mesa County seeks a Restriction Level 1, access limited to case participants and the court, with respect to Exhibit 21 (Doc 110-4), filed with Mesa

6

County's Reply In Support of Its Motion for Summary Judgment (CM/ECF Doc 73, filed August 30, 2019) (Doc 109).

Respectfully submitted this 31st day of October 2019.

                BECHTEL SANTO & SEVERN

                *s/ Alicia W. Severn*
                Alicia W. Severn, #42432
                Michael C. Santo, #24083
                205 N. 4th Street, Suite 300
                Grand Junction, CO   81501
                Telephone:   (970) 683-5888
                Facsimile:   (970) 683-5887
                severn@bechtelsanto.com
                santo@bechtelsanto.com
                Attorneys for Defendants

       I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1. This Motion contains 1,730 words.

                *s/ Alicia W. Severn*
                Alicia W. Severn, #42432
                205 N. 4th Street, Suite 300
                Grand Junction, CO 81501
                Telephone: (970) 683-5888
                Facsimile: (970) 683-5887
                severn@bechtelsanto.com
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED EXHIBIT 13 AND EXHIBIT 21 (DOCS 110-1—110-4) FILED WITH MESA COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 73, FILED AUGUST 30, 2019)** was served this 31st day of October 2019, via CM/ECF electronic filing, to the following:

Paula Greisen
Jennifer Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

8