IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS, OR IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES**

    Plaintiff Debra Bouricius, by and through her counsel Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP, for her Response to Defendant's Motion to Restrict Public Access to Documents filed with Plaintiff's Reply to Strike Frank's Whidden's Expert Designation [Doc. 106], states as follows:

    1.    Defendant Mesa County seeks to restrict public access to Exhibit 14 [Doc. 99], which contains the 2014 performance reviews of three of Plaintiff's former colleagues in the IT Department, filed with Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinion [Doc. 98], or in the alternative, to redact *all* but the numerical scores assigned to those employees in the performance reviews.

2. As set forth in Defendants' Motion to Restrict Public Access [Doc. 106], Plaintiff does *not* object to the names of the three employees and any identifying information about those employees being redacted in Exhibit 14.

3. Plaintiff does object to complete restriction of public access to Exhibit 14 or to the overbroad redaction of all performance review comments proposed by Defendant.

4. The parties' protective order protects as Confidential information that is exempt from public disclosure under a Colorado Open Records Act ("CORA") request, as set forth in C.R.S. § 24-72-200.1 *et. seq.* Protective Order [Doc. 28] at ¶ 3.

5. C.R.S. 24-72-204(3)(a)(II)A exempts from public disclosure "personnel files." "Personnel files" is defined in C.R.S. § 24-72-202(4.5) to mean "home addresses, telephone numbers, financial information, and other information maintained because of the employer-employee relationship" and specifically excludes "performance ratings."

6. "[I]nformation maintained because of the employer-employee relationship" has been interpreted narrowly to exempt from disclosure *only* personal demographic information of the same general nature as an employee's home address, telephone number, and financial information. *See Jefferson Cnty. Educ. Ass'n v. Jefferson Cnty. Sch. Dist.,* 378 P.3d 835, 838-39 (Colo. App. 2016). Documents that do not fall within this narrow definition of "personnel files" need not be kept confidential and must be disclosed. *Id.* at 839.

7. Defendant attempts to narrowly construe "performance ratings," for which there is no statutory definition, to include only the numerical ratings or grades assigned to employees in their performance evaluations and not the commentary describing the ratings.

8. As the Court acknowledged during the August 21, 2019 hearing, during which Defendant attempted to shield from public access deposition testimony discussing the format of Mesa County's performance reviews, commentary about whether an individual is "hitting their ratings or not hitting their ratings" "falls under the exception for performance ratings." 8/21/19 Tr. Hearing Transcript [Doc. 74] at 15 (explicitly rejecting Defendant's argument that "performance ratings" means only the numerical grades or ranks assigned to employee and not discussions about their goals or performance). *See* Ex. 1. Even if commentary about an individual's performance is not a "performance rating," it is clearly not demographic information and is therefore not protected from disclosure under the very narrow definition of "personnel files."

9. As the Court further explained on August 21, 2019, "[t]o treat [performance reviews] as confidential and protected by the open records would – as plaintiff indicates, would essentially, led to its logical conclusion, is going to mean that the Court, whenever it issues any opinions down the road, such as a summary judgment opinion, is not going to be able to explain why it either grants or denies summary judgment, because the rationale and the basis for the decisions are essentially being blocked and being treated as confidential." *Id.* at 14.

10. Given the performance reviews of other employees in Plaintiff's job category were submitted to the Court to demonstrate that Defendant's proffered "expert's" contention that Plaintiff's skills and performance were inferior to that of her younger colleagues is specious, shielding those reviews and discussion of the contents of those reviews from the public would constrain the Court in explaining its decisions on the pending Daubert and summary judgment motions.

11.     Under CORA, the parties' protective order, and the Court's 8/21/19 order, the only aspects of the performance reviews that must be protected as confidential are the names of the employees and any demographic information taken from the employee's personnel file, such as his/her address, which Plaintiff has agreed to redact.

12.     For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's requests for either a Restriction Level 1 for Exhibit 14 or redaction of all commentary about performance and order instead that only the employees' names and identifying information may be redacted.

Respectfully submitted this 15th day of November 2019.

            KING & GREISEN, LLP

            *s/ Jennifer Weiser Bezoza*
            Paula Greisen
            Jennifer Weiser Bezoza
            1670 York St.
            Denver, Colorado 80206
            (303) 298-9878 telephone
            (303) 298find9879 facsimile
            greisen@kinggreisen.com
            bisbee@kinggreisen.com

           *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November 2019, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS, OR IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                 *s/ Laurie A. Mool*
                 Laurie A. Mool, Paralegal