IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED EXHIBIT 13 AND EXHIBIT 21 [Docs. 110-1 to 110-4] FILED WITH MESA COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [Doc. 73]**

---

    Plaintiff Debra Bouricius, by and through her counsel Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP, for her Response to Defendant's Motion to Restrict Access to Documents filed with Defendant's Reply in Support of its Motion for Summary Judgment [Doc. 111], states as follows:

    1.    Defendant Mesa County seeks to restrict public access to Exhibit 13 [Docs. 110-1 to 110-3], which contains the performance reviews of Plaintiff's former colleagues in the IT Department, and Exhibit 21 [Doc. 110-4], which is a settlement agreement between Defendant and Ms. A, filed with Defendant's Reply in Support of its Motion for Summary Judgment [Doc. 109].

    2.    As set forth in Defendants' Motion to Restrict Access [Doc. 111], Plaintiff does *not* object to the names of the employees and any identifying information about those employees

being redacted in the performance reviews that comprise Exhibit 13. Plaintiff does object to complete restriction of public access to Exhibit 13 for the reasons set forth in prior Court hearings, pleadings, and joint discovery dispute statements and reiterated below.

3. Similarly, with respect to the settlement agreement in Exhibit 21, Plaintiff does *not* object to the redaction of Ms. A's name and any identifying information. Plaintiff does object to complete restriction of public access to Exhibit 21 for the reasons set forth in prior Court hearings, pleadings, and joint discovery dispute statements and reiterated below.

**Exhibit 13**

4. Exhibit 13 is comprised of more than 120 pages of performance reviews of Plaintiff's former colleagues. The performance reviews are the same types of documents addressed in Plaintiff's Response to Mesa County's Motion to Restrict Public Access to Documents Filed with Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions [Doc. 114]. As a result, Plaintiff reiterates the arguments set forth therein.

5. The parties' protective order protects as Confidential information that is exempt from public disclosure under a Colorado Open Records Act ("CORA") request, as set forth in C.R.S. § 24-72-200.1 *et. seq.* Protective Order [Doc. 28] at ¶ 3.

6. C.R.S. 24-72-204(3)(a)(II)A exempts from public disclosure "personnel files." "Personnel files" is defined in C.R.S. § 24-72-202(4.5) to mean "home addresses, telephone numbers, financial information, and other information maintained because of the employer-employee relationship" and specifically excludes "performance ratings."

7. "[I]nformation maintained because of the employer-employee relationship" has been interpreted narrowly to exempt from disclosure *only* personal demographic information of the same general nature as an employee's home address, telephone number, and financial information. *See Jefferson Cnty. Educ. Ass'n v. Jefferson Cnty. Sch. Dist.,* 378 P.3d 835, 838-39 (Colo. App. 2016). Documents that do not fall within this narrow definition of "personnel files" need not be kept confidential and must be disclosed. *Id.* at 839.

8. Defendant attempts to narrowly construe "performance ratings," for which there is no statutory definition, to include only the numerical ratings or grades assigned to employees in their performance evaluations and not the commentary describing the ratings.

9. As the Court acknowledged during the August 21, 2019 hearing, during which Defendant attempted to shield from public access deposition testimony discussing the format of Mesa County's performance reviews, commentary about whether an individual is "hitting their ratings or not hitting their ratings" "falls under the exception for performance ratings." Ex. A, 8/21/19 Tr. Hearing Transcript [Doc. 74] at 15 (explicitly rejecting Defendant's argument that "performance ratings" means only the numerical grades or ranks assigned to employee and not discussions about their goals or performance).  Even if commentary about an individual's performance is not a "performance rating," it is clearly not demographic information and is therefore not protected from disclosure under the very narrow definition of "personnel files."

10. As the Court further explained on August 21, 2019, "[t]o treat [performance reviews] as confidential and protected by the open records would – as plaintiff indicates, would essentially, led to its logical conclusion, is going to mean that the Court, whenever it issues any opinions down the road, such as a summary judgment opinion, is not going to be able to explain

why it either grants or denies summary judgment, because the rationale and the basis for the decisions are essentially being blocked and being treated as confidential." *Id.* at 14.

11. Given the performance reviews of Plaintiff's colleagues were submitted to the Court because the parties dispute whether Plaintiff's skills and performance were superior to that of her younger colleagues, which is a material fact in this case, shielding those reviews and discussion of the contents of those reviews from the public would constrain the Court in explaining its decisions on the pending Daubert and summary judgment motions.

12. Under CORA, the parties' protective order, and the Court's 8/21/19 order, the only aspects of the performance reviews that must be protected as confidential are the names of the employees and any demographic information taken from the employees' personnel files, such as their address, which Plaintiff has agreed to redact.

**Exhibit 21**

13. Defendant additionally seeks to restrict public access to a settlement agreement between Mesa County and Ms. A.

14. Like performance ratings, CORA's definition of "personnel file" specifically *excludes* settlement agreements, recognizing the public's interest in the amount of moneys paid or benefits provided by a public entity for the settlement of legal claims. *See* C.R.S. § 24-72-202(4.5) ("Personnel files does not include . . . any amount paid or benefit provided incident to termination of employment…."); *see also* C.R.S. § 24-72-204(3)(a)(II)(B) ("The provisions of this subparagraph [regarding personnel files] shall not be interpreted to prevent the public inspection or copying of any employment contract or any information regarding amounts paid or

4

benefits provided under any settlement agreement pursuant to the provisions of article 19 of this title.").

15. It is for this reason, as Defendant's counsel acknowledged at the August 21, 2019 hearing, that Mesa County has provided settlement agreements to Plaintiff's counsel in response to CORA requests made in connection with this case:

> THE COURT: But then why wouldn't the settlement documents be confidential?
>
> MS. SEVERN: In the settlement documents, I believe there is a particular part of CORA that requires those to be produced and so we complied with that part of CORA to produce [to Plaintiff's counsel] settlement documents.

Ex. A, 8/21/19 Tr. Hearing Transcript [Doc. 74], at 28.

16. Despite counsel's acknowledgment of the clear language in CORA, Defendant later sought to redact references in deposition testimony to the amount of the settlement between Mesa County and Ms. A, which the Court rejected. *See* 11/5/19 Minute Order [Doc. 113] ("The Court orders that the settlement amount should be de-designated as confidential.").

17. Notwithstanding the Court's clear order on the settlement amount, Defendant now moves to restrict access to the *same* settlement agreement that was the subject of the November 5th discovery hearing.

18. Defendant's motion is part of a sustained effort over the last four months to shield from the public how much taxpayer money has been spent on the settlement of discrimination claims.

19. Consistent with the presumption in CORA in favor of public access, the public has a right to information about how public moneys are being spent. *See Denver Pub. Co. v.*

5

*Univ. of Colo.,* 812 P.2d 682, (Colo. App. 1990) (ordering university to disclose its settlement agreement with chancellor to newspaper because "the public's right to know how public funds are expended is paramount considering the public policy of the Open Records Act."). The public's interest is particularly great here given the public outcry in response to media coverage regarding Mesa County's lack of transparency. Ex. B, Newspaper Articles.

20. Plaintiff appreciates the privacy interests of Ms. A recognized by the Court in prior hearings and orders. However, by agreeing to redact Ms. A's name and any identifying information in the settlement agreement, there is no way to connect the agreement to her and thus no infringement on her privacy rights.

21. For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's request for a Restriction Level 1 for Exhibits 13 and 21 and order instead that only employees' names and identifying information be redacted.

Respectfully submitted this 21st day of November 2019.

KING & GREISEN, LLP

*s/ Jennifer Weiser Bezoza*
Paula Greisen
Jennifer Weiser Bezoza
1670 York St.
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298find9879 facsimile
greisen@kinggreisen.com
bisbee@kinggreisen.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2019, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED EXHIBIT 13 AND EXHIBIT 21 [Docs. 110-1 to 110-4] FILED WITH MESA COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [Doc. 73]** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                                                *s/ Laurie A. Mool*
                                                Laurie A. Mool, Paralegal