# EXHIBIT A

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
    Case No. 18-cv-01144-DDD-STV
 3  _____

 4  DEBRA BOURICIUS,

 5      Plaintiff,

 6  vs.

 7  MESA COUNTY,

 8      Defendant.
    _____
 9

10         Proceedings before SCOTT T. VARHOLAK, United States

11  Magistrate Judge, United States District Court for the

12  District of Colorado, commencing at 1:03 p.m., August 21,

13  2019, in the United States Courthouse, Denver, Colorado.

14  _____

15         WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17  _____

18                          APPEARANCES

19         PAULA GREISEN and JENNIFER BEZOZA, Attorneys at

20  Law, appearing for the Plaintiff.

21         ALICIA SEVERN, Attorney at Law, appearing

22  for the Defendant.

23  _____

24                        DISCOVERY HEARING

25
```

1    Colorado, the legislative history indicates that what the
2    Colorado Legislature was trying to do was to balance the
3    public's interest in open records and access to information
4    with the privacy interests of the individuals involved and,
5    therefore, they created the exclusion for personnel files,
6    which are then further defined, as we've discussed earlier.
7            And I think that the purpose of that is to avoid
8    certain information, such as the individual's address to be
9    out there in the public.  I think that this portion of the
10   deposition does not go to that issue at all.  This is not
11   discussing any particular individual.  I can't read this
12   deposition and determine at all who any of these individuals
13   are.  Instead, this is a portion of questioning that
14   basically goes through how the County makes its hiring
15   decisions and -- and what it considers.
16           To treat that as confidential and protected by the
17   open records would -- as plaintiff indicates, would
18   essentially, led to its logical conclusion, is going to mean
19   that the Court, whenever it issues any opinions down the
20   road, such as a summary judgment opinion, is not going to be
21   able to explain why it either grants or denies summary
22   judgment, because the rationale and the basis for decisions
23   are essentially being blocked and being treated as
24   confidential.
25           Certainly, the personnel files themselves are

1  confidential, and if those have been disclosed, they're
2  properly marked Confidential, but that's not what this
3  portion of the testimony is.  Moreover, I think if it were a
4  personnel file, it probably falls under the exception for
5  performance ratings because it's describing the -- if it were
6  talking about an individual, which it's not, but if it were
7  talking about a particular individual, be describing whether
8  they're hitting their ratings or not hitting their ratings;
9  but again, I don't even need to get to there because I don't
10 think that that qualifies as a -- that this testimony
11 qualifies as a personnel file.
12         Now, in the future, if there's a deposition that's
13 taken where a personnel file is used and the individual is
14 providing details about that personnel file; for example, if
15 there's questioning and it says that, you know, Jim James,
16 employee number 1, in their personnel file, they provide an
17 address of 633 17th Street, clearly that deposition could be
18 marked Confidential because it is taking the information
19 directly from a personnel file and describing what is in that
20 personnel file, but that's not what this testimony is and so,
21 therefore, I'm finding that this should be de-designated
22 confidential.
23         Okay.  Should we take up the sexual
24 harassment/discrimination component?
25         MS. GREISEN:  Would you like me to --

1  particular distinction between sexual harassment and sexual
2  discrimination.  There are cases, and I -- I have them here
3  if you'd like them, Your Honor, where the same set of facts
4  support both a sexual harassment claim and a sexual
5  discrimination claim.
6      The purpose of having the exception to CORA is to
7  protect individual's privacy.  Essentially, there would be no
8  protection of that privacy if complaining parties had to use
9  magic words in order to have their complaints protected,
10 harassment versus discrimination.  They can be one and the
11 same, and we're not talking about legal claims, we're talking
12 about how folks talk about what happened.  And so because
13 these are talking about a sex-related kind of unlawful
14 workplace situation, that's why these are designated as
15 confidential.
16      THE COURT:  But then why wouldn't the settlement
17 documents be confidential?
18      MS. SEVERN:  In the settlement documents, I believe
19 there is a particular part of CORA that requires those to be
20 produced and so we complied with that part of CORA to produce
21 settlement documents.  However, because settlement documents
22 were produced does not mean that the entire charge has to be
23 produced or other writings.
24      THE COURT:  Is the charge a public document, the
25 charge with the Colorado Division of Civil Rights?

35

1          TRANSCRIBER'S CERTIFICATION

2   I certify that the foregoing is a correct transcript to the

3   best of my ability to hear and understand the audio recording

4   and based on the quality of the audio recording from the

5   above-entitled matter.

6

7   /s/ Dyann Labo                    August 29, 2019

8   Signature of Transcriber          Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25