**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,
    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,
    Defendant.

---

**DEFENDANT'S REPLY TO ITS MOTION (CM/ECF DOC 106) TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS OR, IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES**

---

    Defendant Mesa County, by and through its counsel, Bechtel Santo & Severn, respectfully submits its Reply to its Motion to restrict access to the Defendants' Exhibit 14 (Doc 99), filed with Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98).

    1.    In its Motion (Doc 106) to restrict access to the Defendants' Exhibit 14 (Doc 99), Mesa County requested the Court restrict Exhibit 14 to Restriction Level 1 or, in the alternative, permit Mesa County to redact employee names and performance review comments, leaving as public information employees' performance ratings. Mot. (Doc 106) at ¶ 2.j.

    2.    In her Response, the Plaintiff appears to assert that the entirety of the third-party employees' performance reviews are public records under the Colorado Open Records Act

1

("CORA") and erroneously claims that this Court has previously ruled on the public nature of performance review documents. Resp. at ¶¶ 5-9. But these assertions ignore relevant portions of CORA and misstate this Court's previous order.

3. Initially, both parties agree that CORA provides that "personnel files" are not public records. C.R.S. § 24-72-204(3)(a)(II)(A); C.R.S. § 24-72-202(4.5). Excepted from the definition of "personnel files" are "performance ratings." C.R.S. § 24-72-202(4.5).

4. As relevant to this Motion, the phrase "performance ratings" is not defined in CORA, nor has any court in this jurisdiction interpreted this phrase.

5. In Colorado, when courts evaluate statutory language, they "give effect to words and phrases according to their plain and ordinary meaning." *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1089 (Colo. 2011) (*citing Southern Ute Indian Tribe v. King Consolidated Ditch Co.*, 250 P.3d 1226, 1233-34 (Colo. 2011)).

6. Here, the plain and ordinary meaning of a "rating" is "an amount fixed as a rate." Dictionary.com, *Rating*, www.dictionary.com/browse/rating?s=t (last accessed Nov. 18, 2019).

7. Thus, under CORA, those amounts (or ratings) contained in employees' performance reviews are public information.

8. Furthermore, under the rule of *expressio unius est exclusio alterius*, "the inclusion of one thing implies the exclusion of another." *City of Arvada v. Colo. Intergovernmental Risk Sharing Agency*, 19 P.3d 10, fn. 6 (Colo. 2001).

9. For example, in *In re Interrogatories by the Colo. State Senate, Forty-Sixth General Assembly*, 168 Colo. 558, 561 (1969), the Colorado Supreme Court evaluated which types of

compensation could be increased during a general assembly-member's term. The court explained that one constitutional section stated that a general assembly-member's compensation consisted of "salary and traveling expenses," and another constitutional section stated that a general assembly member's "salary [and] mileage" cannot increase during a term. *Id*. From there, the court explained that while mileage amounts could not be increased, "[a]pplying the familiar rule of Expressio [sic] unius est exclusio alterius, it is clear that increases in other forms of traveling expenses are not forbidden by the constitution." *Id*.

10. Thus, in this case, if amounts (or ratings) associated with employees' performance reviews are public information, then other information that is not an amount (or rating) contained in employees' performance reviews necessarily are not public information.

11. Indeed, the definition of "personnel files" in the CORA statute support this conclusion.

12. That is, under CORA, "'personnel files' means and includes home addresses, telephone numbers, financial information, a disclosure of an intimate relationship filed in accordance with the policies of the general assembly, <u>other information maintained because of the employer-employee relationship</u>, and other documents specifically exempt from disclosure under this part 2 or any other provision of law." C.R.S. § 24-72-202(4.5) (emphasis added).

13. While the Plaintiff cites *Jefferson Cty. Educ. Ass'n v. Jefferson Cty. Sch. Dist.*, 378 P.3d 835 (Colo. App. 2016) for the proposition that the term "personnel file" only covers "personal demographic information of the same general nature as an employee's home address, telephone number, and financial information," this case actually contemplates situations in which a broader

type of document may be precluded from disclosure under the definition of "personnel files." Resp. at ¶ 6.

14. That is, in *Jefferson Cty. Educ. Ass'n*, 378 P.3d at 836-838, the court evaluated whether a teacher's request to take sick leave was a "personnel file" document that was exempt from public disclosure. The court held that a teacher's sick leave request was not exempt from public disclosure under the definition of "personnel file." *Id*. at 838-839. As part of its analysis, the court explained, "[t]he fact of a teacher's absence from the workplace is neither personal nor demographic; it is conspicuous to workers, to students, and to parents." *Id*. at 839. This explanation leaves open the possibility that if a document, subject to CORA, was of a type that contained information that could not otherwise be verified in the public sphere, and the document was contained in an employee's personnel file, the document may be exempt from public disclosure under CORA.

15. In addition, holding that CORA's definition of "personnel file" only covers "personal demographic information of the same general nature as an employee's home address, telephone number, and financial information," impermissibly renders superfluous, and effectively eliminates, the second sentence of C.R.S. § 24-72-202(4.5), which specifically addresses "performance ratings."

16. In general, "'It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."'" *Chevron Mining Inc. v. United States*, 863 F.3d 1261, 1274 (10th Cir. 2017) (*citing TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)). *See also Larson*

*v. Sinclair Transp. Co.*, 284 P.3d 42, 47 (Colo. 2012) ("We avoid constructions that would render words of the statute superfluous or yield illogical or absurd results.") (*Citing People v. Null*, 233 P.3d 670, 679 (Colo. 2010)).

17. In this case, CORA specifically provides that performance <u>ratings</u> are public information. C.R.S. § 24-72-202(4.5); C.R.S. § 24-72-204(3)(a)(II)(A). The Plaintiff, however, contends that the <u>entirety</u> of performance reviews are public because, despite the statutory language exempting from the definition of "personnel files" "performance ratings," "personnel files" can only include narrow types of information that does not include performance reviews, thus rendering such documents public. Resp. at ¶¶ 5-7.

18. The Plaintiff's reading of CORA renders the phrase "performance ratings" in the second sentence of C.R.S. § 24-72-202(4.5) meaningless because if the entirety of performance reviews are public information because they are not covered under the definition of "personnel files," then the Colorado legislature would have had no reason to specifically exempt from the definition of "personnel files" "performance ratings." However, "it is presumed that the General Assembly meant what it clearly said." *Loveland ex rel. Loveland v. St. Vrain Valley Sch. Dist. RE-1J*, 328 P.3d 228, 231 (Colo. App. 2012). As a result, the fact that only "performance ratings" are exempted from the definition of "personnel files" necessarily means that other performance-related information that is not a rating is included in the definition of "personnel files" and, thus, is exempt from public disclosure. C.R.S. § 24-72-204(3)(a)(II)(A); C.R.S. § 24-72-202(4.5).

19. This result conforms to holdings in prior cases. That is, the *Jefferson Cty. Educ. Ass'n* court left open the possibility that information that could not otherwise be publicly verified

5

could be considered a confidential "personnel file" record. And it is undisputed for purposes of this motion that Colorado courts have recognized "that individuals have a privacy interest in their performance reviews." Mot. at ¶ 2.d. Moreover, courts have recognized in dicta that performance reviews often are maintained in personnel files. *See*, *e.g.*, *Smith v. Nichols*, No. 09-cv-1139-MSK-BNB, 2011 WL 6310472, *1 (D.Colo., Dec. 16, 2011) ("…it appears that significant disclosure has occurred, including the requested policies, portions of the personnel files relating to disciplinary action against the Defendant, the Defendant's performance reviews and job assignment history…"); *Fief v. Zellerbach Paper Co.*, No. 90-M-1799, 1992 WL 464714, *3 (D.Colo., May 13, 1992) ("Later that morning, Ms. Fief obtained her personnel file from Ms. Langley to see what Mr. Dickamore had written in reply to the plaintiff's comments on his performance appraisal of her.").

20. Consequently, performance review information other than a performance "rating" (i.e., an amount) is a confidential "personnel file" record under CORA.

21. This Court's previous discovery rulings do not change this result. That is, on August 21, 2019, this Court addressed whether deposition testimony relating to unidentified individuals' performance reviews was confidential. Ex. A (Transcript of Aug. 21, 2019 hearing at 14:7-15). In other words, in August 2019, the Court did not address whether the actual performance review documents that identified specific employees were confidential under CORA.

22. While the Court noted that deposition testimony about parts of performance reviews was not confidential, the Court importantly pointed out that the deposition testimony at issue did "not discuss[] any particular individual." Ex. A (Transcript of Aug. 21, 2019 hearing at 14:10-11).

23. In contrast, the Plaintiff references third-party employees' performance review documents in Exhibit 14 in her Reply In Support of Her Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (Doc 98) at 6 for the allegation that "Whidden also was unaware that Ms. Bouricius's performance ratings in customer service were superior to those of her colleagues that he erroneously claimed had superior customer service skills. *Compare* Ex. 13, DEF 716 *with* Ex. 14, DEF 4721, 5041, 4916." Exhibit 13 contained the Plaintiff's own performance review (Doc 98-5), and Exhibit 14 contained other employees' performance reviews. Thus, the Plaintiff's reply relies on the particular employees' performance reviews. The confidentiality of these performance review documents has not been addressed by this Court.

24. Because employees' performance reviews, other than ratings, are confidential information under CORA, as set forth therein, and employees have a privacy interest in their performance reviews, Mesa County requests that Exhibit 14 be restricted to Restriction Level 1 or, in the alternative, that Mesa County be provided with the opportunity to file a redacted Exhibit 14, in which it may redact employee names and comments relating to the performance reviews but leave as public information employees' performance ratings or amounts.

Respectfully submitted this 21st day of November 2019.

BECHTEL SANTO & SEVERN

*s/ Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, CO   81501

>Telephone:   (970) 683-5888
>Facsimile:   (970) 683-5887
>severn@bechtelsanto.com
>santo@bechtelsanto.com
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S REPLY TO ITS MOTION (CM/ECF DOC 106) TO RESTRICT PUBLIC ACCESS TO DOCUMENTS FILED WITH PLAINTIFF'S REPLY IN SUPPORT OF MOTION PURSUANT TO FED. R. EVID. 702 TO STRIKE FRANK WHIDDEN'S EXPERT DESIGNATION AND EXPERT WITNESS OPINIONS OR, IN THE ALTERNATIVE, PERMIT THE FILING OF REDACTED PAGES** was served this 21st day of November 2019, via CM/ECF electronic filing, to the following:

Paula Greisen
Jennifer Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
Attorneys for Plaintiff

>*s/ Alicia W. Severn*
>Alicia W. Severn, attorney

8