**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-CV-01144-DDD-STV

DEBRA BOURICIUS,
    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,
    Defendant.

---

**MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED CM/ECF DOCS 93-2, 93-3, 93-4, AND 93-5 FILED WITH PLAINTIFF'S RESPONSE TO MESA COUNTY'S MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 92)**

---

    Defendant Mesa County, by and through its counsel, Bechtel Santo & Severn, respectfully moves the Court to restrict access to the Exhibits identified as CM/ECF Docs 93-2 (Exhibit D), 93-3 (Exhibit M), 93-4 (Exhibit O), and 93-5 (Exhibit P), filed with Ms. Bouricius's Response to Mesa County's Motion for Summary Judgment (CM/ECF Doc 92), pursuant to D.C.COLO.LCivR 7.2 and Court Order (CM/ECF Doc 119). In support of its Motion, Mesa County states as follows.

    1.    Pursuant to D.C.COLO.LCivR 7.1, Mesa County's counsel conferred with the Plaintiff's counsel regarding the relief requested herein. Plaintiff's counsel indicated that the Plaintiff does not oppose this Motion with respect to Exhibit D (CM/ECF Doc 93-2), but the Plaintiff opposes this Motion with respect to Exhibit M (CM/ECF Doc 93-3), Exhibit O (CM/ECF Doc 93-4), and Exhibit P (CM/ECF Doc 93-5).

    **2.**    **Exhibit D (CM/ECF Doc 93-2).**

1

    a. Exhibit D (CM/ECF Doc 93-2) contains performance reviews for multiple non-party, identified and named individuals. These performance reviews are the same documents and/or type of documents (complete performance reviews) addressed in Mesa County's Motion to Restrict Public Access to Documents Filed With Plaintiff's Reply In Support of Motion Pursuant to Fed. R. Evid. 702 to Strike Frank Whidden's Expert Designation and Expert Witness Opinions (CM/ECF Doc 106) (specifically with respect to Exhibit 14) and in its Motion to Restrict Access to Documents Marked Exhibit 13 and Exhibit 21 (Docs 110-1—110-4) Filed With Mesa County's Reply In Support of Its Motion For Summary Judgment (CM/ECF Doc 73, Filed August 30, 2019) (CM/ECF Doc 111) (specifically with reference to Exhibit 13).

    b. The Court ruled on the confidentiality of Exhibit 14 (CM/ECF Doc 106) and Exhibit 13 (CM/ECF Doc 111) during the Motion Hearing held on November 22, 2019. Courtroom Minutes/Minute Order, dated Nov. 22, 2019 (CM/ECF Doc 119).

    c. As part of that Order, the Court held that employee names and other identifying information was required to be redacted from the performance reviews filed as part of Exhibit 14 (CM/ECF Doc 106) and Exhibit 13 (CM/ECF Doc 111). *Id*.

    d. In conformity with that Order, Mesa County respectfully requests that Exhibit D (CM/ECF Doc 93-2) be retained under Restriction Level 1 and that Mesa County be permitted to file a redacted Exhibit D in which employee names and other identifying information is redacted.

  **3.** **Exhibit M (CM/ECF Doc 93-3) and Exhibit P (CM/ECF Doc 93-5).**

      a.      Exhibit M (CM/ECF Doc 93-3) contains Charges of Discrimination and supporting documents and Exhibit P (CM/ECF Doc 93-5) contains agency determinations related to those Charges of Discrimination (together, collectively "Charge documents") for Ms. Bouricius and also two non-party individuals, Ms. C. and Mr. C.

      b.      Under the Colorado Open Records Act, Mesa County must, among other provisions "allow any person the right of inspection of such records or any portion thereof except on one or more of the following grounds or as provided in subsection (2) or (3) of this section: (a) Such inspection would be contrary to any state statute; (b) Such inspection would be contrary to any federal statute or regulation issued thereunder having the force and effect of law." C.R.S. § 24-72-204(1).

      c.      Charge-related documents are confidential documents under federal law and under State of Colorado rules.

      d.      That is, Title VII provides, "Charges shall not be made public by the [Equal Employment Opportunity ("EEOC")] Commission." 42 U.S.C. § 2000e-5(b).

      e.      Federal regulations also prohibit the EEOC from making public information in a Charge of Discrimination, stating, "Section 706(b) of title VII provides that the Commission shall not make public charges which have been filed." 29 C.F.R. § 1610.17(e).

      f.      In addition, as relevant here, the Freedom of Information Act, 5 U.S.C. § 552(b)(7), protects from disclosure "records or information compiled for law enforcement purposes [in a civil or criminal proceeding], but only to the extent that the production of such law enforcement records or information [that] (A) could reasonably be expected to interfere with

enforcement proceedings, …[and/or] (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy."

g. In fact, the EEOC publicizes on its website, "By law, the EEOC must keep charge information confidential and will not disclose information related to a charge to the public." EEOC, *Confidentiality*, www1.eeoc.gov//employees/confidentiality.cfm?renderforprint=1 (last accessed Nov. 18, 2019).

h. The confidential nature of EEOC Charge documents was acknowledged by the Fifth Circuit in *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 879-880 (5th Cir. 1981) (holding that disclosure of third parties' Charge information to a different litigant was precluded under Title VII). Thus, this confidentiality requirement is applicable outside the purview of the Colorado Open Records Act.

i. Similarly, the Colorado fair employment practices agency, the Colorado Civil Rights Division ("CCRD"), is required to maintain the confidentiality of Charge documents. That is, 3 CCR 708-1:10.5(E), applying to the CCRD, states, "Without the written consent of all the parties, the Commission and the Division shall not disclose the filing of a charge, the information gathered during the investigation, or the efforts to eliminate such discrimination or unfair practice by mediation or conciliation unless the disclosure is made in connection with the conduct of the investigation, the filing of a petition seeking injunctive relief or at a public hearing."

j. The CCRD's website also states, "CCRD will not divulge any information we receive from the Charging Party or the Respondent to the public," although the Charging Party and the Respondent may access "some or all of the information or documentation" obtained during

the CCRD's investigation. Colorado Department of Regulatory Agencies, *Frequently Asked Civil Rights Questions*, https://www.colorado.gov/pacific/dora/civil-rights/frequently-asked-questions (last accessed Nov. 18, 2019).

      k.      Here, Ms. Bouricius, Ms. C., and Mr. C. dual filed their charges with both the EEOC and the CCRD. Ex. M (Bouricius 000009, DEF 3233, DEF 3575)

      l.      Ms. C. and Mr. C.'s Charges include bases of discrimination covered by Title VII and the Colorado Antidiscrimination Act. Ex. M at DEF 3233, 3575; 42 U.S.C. § 2000e-2(a); C.R.S. § 24-34-402(1).

      m.      As a result, neither the federal EEOC nor the state CCRD may disclose any Charge documents relating to Ms. C.'s or Mr. C.'s Charges. Correspondingly, Mesa County also cannot disclose any Charge documents relating to Ms. C.'s or Mr. C.'s Charges. C.R.S. § 24-72-204(1).

      n.      Further, neither Ms. C. nor Mr. C. is a plaintiff in this litigation.

      o.      Consequently, Ms. C.'s and Mr. C.'s Charge documents must remain confidential in this litigation.

      p.      Moreover, Mr. C.'s Charge documents include information relating to other employees' "discrimination" allegations, including Ms. A., addressed in Section 4, *infra*. Ex. M at DEF 3580. Thus, Mesa County incorporates here its arguments set forth in Section 4, *infra*, with respect to the confidentiality of this information related to other employees that is contained in Mr. C.'s Charge documents.

q. Because Ms. Bouricius is the plaintiff in this action, Mesa County does not oppose making public her Charge documents, in conformity with a Court order.

**4.     Exhibit O (CM/ECF Doc 93-4).**

a. Exhibit O (CM/ECF Doc 93-4) contains a Charge of Discrimination and supporting documents (collectively, "Charge documents") for a third party individual, Ms. A. Due to the similarity of these documents to Exhibit M (CM/ECF Doc 93-3), many of the same arguments set forth, *supra* at 3.a-q also apply to this Exhibit O, with some notable additions as set forth herein.

b. Under the Colorado Open Records Act, Mesa County must, among other provisions "allow any person the right of inspection of such records or any portion thereof except on one or more of the following grounds or as provided in subsection (2) or (3) of this section: (a) Such inspection would be contrary to any state statute; (b) Such inspection would be contrary to any federal statute or regulation issued thereunder having the force and effect of law." C.R.S. § 24-72-204(1).

c. Charge documents are confidential documents under federal law.

d. That is, Title VII provides, "Charges shall not be made public by the [Equal Employment Opportunity ("EEOC")] Commission." 42 U.S.C. § 2000e-5(b).

e. Federal regulations also prohibit the EEOC from making public information in a Charge of Discrimination, stating, ""Section 706(b) of title VII provides that the Commission shall not make public charges which have been filed." 29 C.F.R. § 1610.17(e).

f. In addition, as relevant here, the Freedom of Information Act, 5 U.S.C. § 552(b)(7), protects from disclosure "records or information compiled for law enforcement purposes [in a civil or criminal proceeding], but only to the extent that the production of such law enforcement records or information [that] (A) could reasonably be expected to interfere with enforcement proceedings, …[and/or] (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy."

g. In fact, the EEOC publicizes on its website, "By law, the EEOC must keep charge information confidential and will not disclose information related to a charge to the public." EEOC, *Confidentiality*, www1.eeoc.gov//employees/confidentiality.cfm?renderforprint=1 (last accessed Nov. 18, 2019).

h. The confidential nature of EEOC Charge documents was acknowledged by the Fifth Circuit in *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 879-880 (5th Cir. 1981) (holding that disclosure of third parties' Charge information to a different litigant was precluded under Title VII). Thus, this confidentiality requirement is applicable outside the purview of the Colorado Open Records Act.

i. Similarly, the Colorado fair employment practices agency, the Colorado Civil Rights Division ("CCRD"), is required to maintain the confidentiality of Charge documents. That is, 3 CCR 708-1:10.5(E), applying to the CCRD, states, "Without the written consent of all the parties, the Commission and the Division shall not disclose the filing of a charge, the information gathered during the investigation, or the efforts to eliminate such discrimination or

unfair practice by mediation or conciliation unless the disclosure is made in connection with the conduct of the investigation, the filing of a petition seeking injunctive relief or at a public hearing."

j. The CCRD's website also states, "CCRD will not divulge any information we receive from the Charging Party or the Respondent to the public," although the Charging Party and the Respondent may access "some or all of the information or documentation" obtained during the CCRD's investigation. Colorado Department of Regulatory Agencies, *Frequently Asked Civil Rights Questions*, https://www.colorado.gov/pacific/dora/civil-rights/frequently-asked-questions (last accessed Nov. 18, 2019).

k. Here, Ms. A. filed her Charge documents with the EEOC, based on alleged violations of Title VII, the Age Discrimination in Employment Act, and the Colorado Antidiscrimination Act. Ex. O at DEF 2168.

l. Ms. A. alleges she experienced discrimination on the basis of her gender. Ex. O at DEF 2168. This basis was discussed during the parties August 21, 2019 discovery hearing. Tr. at 2:18-20, 5:9-11, 32:12-14, Bouricius v. Mesa County (No. 18-cv-01144-DDD-STV) (Aug. 21, 2019). The EEOC acknowledges that "the terms 'gender' and 'sex' are often used interchangeably to describe the discrimination prohibited by Title VII." *Macy v. Holder*, EEOC Doc 0120120821, 2012 WL 1435995, *5 (EEOC, Apr. 20, 2012). Discrimination on the basis of gender is also prohibited under the Colorado Antidiscrimination Act. C.R.S. § 24-34-402(1).

m. As a result, neither the federal EEOC nor the state CCRD may disclose any Charge documents relating to Ms. A.'s Charge. Correspondingly, Mesa County also cannot disclose any Charge documents relating to Ms. A.'s Charge. C.R.S. § 24-72-204(1).

        n.        Further, Ms. A. is not a plaintiff in this litigation.

        o.        Consequently, Ms. A.'s Charge documents must remain confidential in this litigation.

        p.        In addition, Ms. A.'s Charge documents contain a gender hostile work environment harassment allegation. Ex. O at DEF 2168, 2276. This basis was discussed during the parties August 21, 2019 discovery hearing. Tr. at 32:12-14, Bouricius v. Mesa County (No. 18-cv-01144-DDD-STV) (Aug. 21, 2019).

        q.        The Colorado Open Records Act prevents the disclosure of "[a]ny records of sexual harassment complaints and investigations, whether or not such records are maintained as part of a personnel file." C.R.S. § 24-72-204(3)(a)(X)(A).

        r.        Thus, Ms. A.'s Charge documents also must be maintained as confidential pursuant to CORA. *See also Berniger v. Denver and Rio Grande Western R. Co.*, 139 F.R.D. 175 (D.Colo. 1981) (discussing CORA as part of its evaluation of whether records were confidential during discovery); *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 513-515 (D.Colo. 2009) (discussing CORA concepts as part of determination to impose confidentiality on certain information).

Respectfully submitted this 2nd day of December 2019.

        BECHTEL SANTO & SEVERN

        *s/ Alicia W. Severn*
        Alicia W. Severn, #42432
        Michael C. Santo, #24083
        205 N. 4th Street, Suite 300
        Grand Junction, CO   81501

Telephone:   (970) 683-5888
Facsimile:   (970) 683-5887
severn@bechtelsanto.com
santo@bechtelsanto.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED CM/ECF DOCS 93-2, 93-3, 93-4, AND 93-5 FILED WITH PLAINTIFF'S RESPONSE TO MESA COUNTY'S MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 92)** was served this 2nd day of December 2019, via CM/ECF electronic filing, to the following:

Paula Greisen
Jennifer Bezoza
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney