IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED CM/ECF DOCS 93-2, 93-3, 93-4, and 93-5 FILED WITH PLAINTIFF'S RESPONSE TO MESA COUNTY'S MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 92)**

---

    Plaintiff Debra Bouricius, by and through her counsel Paula Greisen and Jennifer Weiser Bezoza of KING & GREISEN, LLP, for her Response to Defendant's Motion to Restrict Access to Documents 93-2, 93-3, 93-4, and 93-5 filed with Plaintiff's Response to Mesa County's Motion for Summary Judgment [Doc. 120] ("Defendant's Motion to Restrict"), states as follows:

    1.    Defendant Mesa County again seeks to restrict public access to Exhibits filed with Plaintiff's Response to Mesa County's Motion for Summary Judgment [Doc. 92] – namely, Doc. 93-2 (Exhibit D), Doc. 93-3 (Exhibit M), Doc. 93-4 (Exhibit O), and Doc. 93-5 (Exhibit P).

    2.    As stated in Defendant's Motion to Restrict, Plaintiff does *not* oppose Defendant's Motion with respect to Exhibit D [Doc. 93-2], which are performance reviews of Plaintiff's former colleagues, because Defendant has proposed to redact *only* the names and identifying information of the employees – not to restrict access to the entire document – in

accordance with the Court's November 22, 2019 order regarding other performance reviews submitted as exhibits in this case [Doc. 119].

3. For the reasons set forth below, Plaintiff *does* object to Defendant's Motion to Restrict public access to Exhibit M [Doc. 93-3], which are the Charges of Discrimination filed against Defendant by Plaintiff Debra Bouricius and two of her former colleagues, Janine Corsi and Rick Corsi, with the Colorado Civil Rights Division ("CCRD") and Exhibit P (Doc. 93-5), which are the CCRD's Probable Cause Determinations regarding the Charges of Plaintiff, Janine Corsi, and Rick Corsi.

4. Plaintiff additionally objects to Defendant's Motion to Restrict public access to Exhibit O (Doc. 93-4), which is the Charge of Discrimination filed by Ms. A, a former employee of Mesa County, against Defendant with the CCRD. As stated in the attached conferral email, Plaintiff has agreed to redact Ms. A's name and any identifying information in her Charge. Ex. 1, 12/02/19 Email from Bezoza to Severn.

**Legal Standard**

5. Defendant's Motion to Restrict completely ignores the relevant legal standard.

6. Pursuant to D.C.Colo.LCivR 7.2(c), a motion to restrict must address the interest to be protected by restriction and why such interest outweighs the presumption of public access, identify a clearly defined and serious injury that would result if access were restricted, and explain why no alternative to restriction is practicable.

7. This rule exists because there is a common law right to inspect and copy judicial records and that right is "an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *United States v. Hickey,* 767 F.2d 705,

2

708 (10th Cir. 1985). The public's interest is also necessary "to keep a watchful eye on the workings of public agencies." *United States v. Walker,* No. 17-1415, 2019 U.S. App. LEXIS 2194, at * 22 (10th Cir. Jan. 23, 2019) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978)).

8. Based on these principles, "there is a *strong* presumption in favor of public access" as "the interests of the public . . . are presumptively paramount[] [when weighed] against those advanced by the parties." *United States v. Walker,* 2019 U.S. App. LEXIS 2194 at *22 (citation omitted) (emphasis in original). The strong presumption is amplified where the district court may use sealed documents to determine litigants' substantive legal rights. *Id.*

9. The party seeking to seal any part of a judicial record bears the heavy burden of showing that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at *23 (citation omitted).

10. A court may seal documents, pursuant to its supervisory power over its own records and files, *only* if the public's right of access is "heavily outweigh[ed]" by competing interests. *Id.* (citing *United States v. Pickard,* 733 F.3d 1297, 1300 (10th Cir. 2013)).

11. The decision with respect to access is left to the "sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hickey,* 767 F.2d at 708. Any denial of public access must be "narrowly tailored to serve the interest" being protected. *Press-Enter. Co. v. Superior Court of Cal.,* 478 U.S. 1, 13-14 (1986); *see also Pickard,* 733 F.3d at 1304 (noting that district court should consider whether supplying a redacted version of the record would adequately protect the interests of the party seeking the seal).

12. As discussed in Plaintiff's responses to Defendant's prior motions to restrict, *see e.g.,* Plaintiff's Response to Defendant's Motion to Restrict Access to Exhibits 13 and 14 [Doc. 117] at ¶ 19, the public has a strong interest in this case in knowing how many similar claims of age discrimination have been filed against Mesa County by former employees and that the state agency charged with investigating those complaints has determined there is probable cause to believe that Mesa County discriminated against some of these employees. Indeed, there has been a great amount of press coverage on this issue and public outcry about how Defendant is spending its taxpayer's money (i.e., to settle claims of discrimination). *Id.*; *see* Ex. 2, Newspaper Articles.

13. Defendant has not articulated *any interest* that the *County* has in restricting these documents from public access other than a mistaken belief that there are laws and/or regulations that require confidentiality of such documents and is silent regarding why such interest would outweigh the strong presumption of public access.

14. Likewise, Defendant has not identified *any injury* that would result to the *County* if access is not restricted. Nor does Defendant address why the obvious alternative to wholesale restriction – redaction of the individuals' names, which has been employed throughout this case to protect third parties' identity, is not sufficient here.

15. Instead, Defendant allowed its 14-day deadline under D.C.Colo.LCivR 7.2(e) to move to restrict these documents to elapse[1] and moved only *after* the Court asked for

---

[1] Plaintiff filed a Notice of Restricted Filing with respect to these exhibits on October 4, 2019 [Doc. 95], triggering a deadline of October 18, 2019 for Defendant to move to restrict public access to these documents.

Defendant's position on these Exhibits at the November 22, 2019 hearing and extended the deadline for Defendant to make its motion. Clearly, if Defendant had a strong interest in protecting these documents, it would have timely moved to restrict public access as it has with respect to so many of the other exhibits in this case.

16.     Defendant has therefore failed to meet its heavy burden, and its Motion to Restrict should be denied on this basis alone.

**Exhibits M and P**

17.     Defendant Mesa County states in its Motion that it does not oppose public access to Plaintiff's Charge of Discrimination and the CCRD Probable Cause Determination on Plaintiff's Charge, which are included in Exhibits M and P, respectively. Defendant's Motion to Restrict ¶ 3q.[2] Thus, Plaintiff addresses herein only the Charges and Probable Cause Determinations of Janine and Rick Corsi, which are also contained in Exhibits M and P.

18.     As discussed in Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Summary Judgment Response") [Doc. 92], the Corsis were fifty-nine year old employees in Mesa County's IT Department, who – like Plaintiff – were terminated as part of the October 2016 layoff despite their long records of successful performance with the County. Plaintiff's Summary Judgment Response at 7. Their Charges of Discrimination and CCRD Probable Cause Determinations were submitted in support of Plaintiff's Summary Judgment Response to show a pattern of age discrimination in the County, which is highly relevant

---

[2] Defendant vaguely states that it "does not oppose making public [Plaintiff's] Charge documents," which is defined earlier to include *both* her Charge of Discrimination and the CCRD's Determination related to the Charge. *See* Motion to Restrict ¶ 3a.

evidence that Defendant's proffered reasons for Plaintiff's termination is pretextual. *Id.* at 12, 25; *see also Cervantes v. Wal-Mart Stores, Inc.,* 1 Fed. Appx. 762, 765-66 (10th Cir. 2001) (CCRD probable cause finding is highly probative of ultimate discrimination issues and should be considered on summary judgment).

19. Moreover, as discussed at the August 21, 2019 hearing in this matter when Defendant attempted to restrict from public access the deposition testimony of the Corsis discussing their Charges and in the attached declarations, the Corsis want their Charges of Discrimination and the CCRD's Probable Cause Determinations to be publicly available and *not* redacted. *See* Ex. 3, 12/16/19 Declaration of Janine Corsi; Ex. 4, 12/16/19 Declaration of Rick Corsi. *See also* Ex. E to 8/16/19 Joint Statement of Issues for Discovery Hearing on 8/21/19, 8/15/19 Declaration of Janine Corsi (addressing deposition testimony); Ex. F to 8/16/19 Joint Statement of Issues for Discovery Hearing on 8/21/19, 8/16/19 Declaration of Rick Corsi (same). Thus, as recognized by the Court in August, there is *no* privacy reason to shield these documents from the public. *See* 8/21/19 Hearing Tr. at 32 (finding "all of the testimony with respect to the lawsuits or allegations made by the Corsis should be de-designated" because "they don't have any problem with this [information] being made public" and thus there is no need to "protect their privacy").

20. In all of Defendant's motions to restrict documents in this case, it has relied primarily on the standards for public disclosure in the Colorado Open Records Act ("CORA") rather than the common law and local standard for restriction set forth above. Here, Defendant relies for the first time on Title VII and the Freedom of Information Act ("FOIA"), claiming that

the Charges of Discrimination were "dual-filed" in the EEOC and CCRD, perhaps because CORA does not support Defendant's position.

21. CORA provides that all records of a civil or administrative investigation conducted by the state or an agency in furtherance of their statutory authority to protect the public health, welfare, or safety *are open to inspection* once the investigation is closed if not exempt pursuant to any other law. C.R.S. §§ 24-72-204(IX)(A), (B) (emphasis added).

22. CORA has one exception to disclosure of administrative investigation records for "sexual harassment complaints and investigations." However, that exception has two important caveats: (1) it does not apply to records of sexual harassment complaints and investigations that are included in court files and records of court proceedings; and (2) it does not preclude the disclosure of all or part of the results of an investigation of the general employment policies and procedures of an agency office, department, or division, to the extent that disclosure can be made without identifying any individual involved. C.R.S. § 24-702-204(X)(A).

23. The fact that no other types of administrative investigation records, such as complaints of age or gender discrimination, are mentioned in CORA means that they may be disclosed once the administrative investigation is closed. *See City of Arvada v. Colo. Intergovernmental Risk Sharing Agency,* 19 P.3d 10, 13 fn. 6 (Colo. 2001) (under the canon of *expressio unius est exclusion alterius,* "the inclusion of one thing implies the exclusion of another."); *Lunsford v. W. States Life Ins.,* 908 P.2d 79, 84 (Colo. 1995) ("When the legislature speaks with exactitude, we must construe the statute to mean that the inclusion or specification of a particular set of conditions necessarily excludes others").

24. Thus, under CORA, the Corsis' Charges of Discrimination and CCRD Probable Cause Determinations, which do not involve complaints of sexual harassment, may be disclosed to the public because the CCRD has concluded its investigation.

25. Mesa County seems to be arguing that disclosure of the Corsis' Charges of Discrimination would violate federal law and regulations and State rules and therefore the provisions of CORA regarding agency investigations are inapplicable.[3] However, Title VII, its implementing regulations, and the Colorado regulations prohibit the *EEOC* and *CCRD* – not the Court or charging parties – from sharing Charges of Discrimination with the public. *See* 42 U.S.C. § 2000e-5(b) ("Charges shall not be made public by *the Commission*.") (emphasis added); 29 C.F.R. § 1610.17(e) ("Section 706(b) of title VII provides that *the Commission* shall not make public charges which have been filed.") (emphasis added); 3 CCR 708-1:10.5(E) ("*[T]he Commission and the Division* shall not disclose the filing of a charge . . .").

26. In other words, the law and regulations cited by Defendant contain restrictions on the *agencies* tasked with investigating Charges of Discrimination; they do not provide general standards for restriction of public access to Court documents, which are set forth above. Nor do they preclude complainants from sharing their Charges, which they have a First Amendment right to do. *See EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 598 (1981) (recognizing that the prohibition on the EEOC's sharing of charges does not apply to the charging party, who is not considered part of the "public" to whom the statute forbids disclosure).

---

[3] Mesa County's argument focuses on the Charges of Discrimination – rather than the CCRD Determinations – but conflates the two as "Charge Documents" perhaps because the law is clear that agency determinations are probative of discrimination. *See supra* at ¶ 18.

27. Furthermore, the restrictions on disclosure by the EEOC and CCRD are designed to protect the privacy of the complainant, which is not at issue here, and to prevent the public from being exposed to unproven charges, which is also not the case here since the CCRD found probable cause to believe the Corsis were subjected to illegal discrimination. *See Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 879-80 (5th Cir. 1981).

28. Mesa County additionally argues that FOIA requires restriction of public access to the Corsis' Charges and Probable Cause Determinations because it protects from disclosure records or information compiled for law enforcement purposes, including in a civil proceeding. Defendant's Motion to Restrict at ¶ 3f (citing 5 U.S.C. § 552(b)(7)). However, FOIA's prohibition on disclosure applies *only if* disclosure would interfere with enforcement proceedings, which is not the case here because the CCRD's investigation is closed, or disclosure would constitute an unwarranted invasion of personal privacy, which is likewise inapplicable given the Corsis' interest in public disclosure.

29. Lastly, Defendant argues that Mr. Corsi's Charge of Discrimination must be shielded from the public because includes information related to other employees' discrimination allegations, including those of Ms. A. *See* Motion to Restrict at ¶ 3p (citing Ex. M [Doc. 93-3] at DEF 3580). However, Mr. Corsi's Charge does not provide any details regarding the nature of other employees' discrimination claims. In any event, as indicated during conferral on this issue, *see* Ex. 1, Plaintiff does not oppose redacting Ms. A and any other former employees' names in that section of Mr. Corsi's Charge.

**Exhibit O**

30.     Exhibit O is the Charge of Discrimination of Ms. A, a former Mesa County employee, filed with the CCRD in 2013. As discussed in Plaintiff's Summary Judgment Response [Doc. 92], Ms. A's claim of age discrimination addressed Mesa County's continuing efforts to analyze the age of its workforce and included a spreadsheet created in 2009 that identified employees over age fifty. Plaintiff's Summary Judgment Response at 11. Thus, Ms. A's Charge is relevant to show the history of age discrimination in the County. *Id.* at 11, 25.

31.     Like the Corsis, Ms. A does *not* oppose public disclosure of her Charge provided that her name and any identifying information are redacted, which Plaintiff has agreed to do. *See* Ex. 5, 12/16/19 Declaration of Ms. A[4]; Ex. 1, 12/02/19 Email from Bezoza to Severn. Thus, for all the reasons set forth above with respect to the Corsis' Charges of Discrimination, a redacted version of Ms. A's Charge of Discrimination, which conceals all identifying information, should be made publicly available.

32.     Mesa County tries to distinguish Ms. A's Charge from the Corsis' Charges, arguing that Ms. A's Charge fits within the exception for sexual harassment complaints in CORA, which is discussed *supra* at ¶ 22. However, Ms. A's Charge includes a claim of gender discrimination – not sexual harassment. In particular, she claims that she was treated differently than her male colleagues with respect to the terms and conditions of her employment and

---

[4] We are filing a redacted version of Ms. A's declaration because she does not wish to be identified by name. We will bring an unredacted version of the declaration to the December 19, 2019 hearing.

subjected to a hostile work environment based on her gender and age. Ex. O to Plaintiff's Summary Judgment Response [Doc. 93-4].

33.     State regulations treat claims of disparate treatment based on gender/sex and workplace harassment as distinct from claims of sexual harassment, as should the Court for purposes of determining whether the CORA exception applies. *See* 3 CCR 708-1:80.5 (Discriminatory Compensation, Conditions of Employment, and Job Classifications); *Id.* 708-1:80.8 (Sexual Harassment); *Id.* 708-1:85.1 (Workplace Harassment: Harassment Based Upon Protected Classes in the Workplace Prohibited). Thus, since CORA specifically excludes "sexual harassment complaints" and not other types of gender discrimination complaints, the provision cited by Defendant is irrelevant to the issue of disclosure of Ms. A's CCRD Charge.

34.     Moreover, even if Ms. A's complaint could be considered a sexual harassment complaint, it would still need to be disclosed under CORA because the statute specifically exempts records of sexual harassment complaints and investigations *included in court files and records of court proceedings*, which is the case here. C.R.S. § 24-702-204(X)(A).

35.     For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's request for a Level 1 restriction for Exhibits M, O, and P. and order only that Ms. A's name and any identifying information in the Exhibits be redacted.

36.     Plaintiff additionally requests attorneys' fees, pursuant to 28 U.S.C. § 1927, for the time spent responding to Defendant's Motion to Restrict, which has "unreasonably and vexatiously" multiplied the proceedings in this matter by completely ignoring the relevant legal

standard, disregarding the declarations of the affected individuals,[5] and rehashing arguments previously made and rejected by the Court. *See Braley v. Campbell,* 832 F.3d 1504, 1511-13 (10th Cir. 1987) (sanctions appropriate where counsel does not address required elements and repeats arguments previously rejected by the court).

Respectfully submitted this 17th day of December 2019.

                                              KING & GREISEN, LLP

                                              *s/ Jennifer Weiser Bezoza*
                                              Paula Greisen
                                              Jennifer Weiser Bezoza
                                              1670 York St.
                                              Denver, Colorado 80206
                                              (303) 298-9878 telephone
                                              (303) 298-9879 facsimile
                                              greisen@kinggreisen.com
                                              bisbee@kinggreisen.com

                                              *Attorneys for Plaintiff*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

---

[5] On December 16, 2019, Plaintiff provided the declarations of the Corsis and Ms. A to Defendant and requested that Defendant withdraw the instant motion given the affected individuals' desire for the documents to be made public, which Defendant declined to do.

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2019, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RESTRICT ACCESS TO DOCUMENTS MARKED CM/ECF DOCS 93-2, 93-3, 93-4, and 93-5 FILED WITH PLAINTIFF'S RESPONSE TO MESA COUNTY'S MOTION FOR SUMMARY JUDGMENT (CM/ECF DOC 92)** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

             *s/ Laurie A. Mool*
             Laurie A. Mool, Paralegal