# EXHIBIT 1

**Laurie Mool**

| | |
|---|---|
| **From:** | Jennifer Bezoza |
| **Sent:** | Monday, December 2, 2019 1:02 PM |
| **To:** | Alicia Severn; Paula Greisen |
| **Cc:** | Michael Santo; Laurie Mool |
| **Subject:** | RE: Bouricius v. Mesa County: conferral regarding motion |

Alicia,

We have had an opportunity to review the Exhibits Defendant seeks to restrict. Our response is as follows:

Doc 93-2 (Exhibit D) – We agree this exhibit is similar to Exhibits 13 and 14, which the Court addressed at the November 22, 2019 hearing, and should be handled in the same manner. We therefore do NOT oppose Defendant's request that the Court issue an order similar to those issued with respect to the other exhibits with performance reviews.

Docs 93(3) and 93(5) (Exhibits M and P) – We assume since you only mentioned the Corsis' CCRD charges and CCRD determinations that you are only moving with respect to their charges and determinations and not Ms. Bouricius's charge and CCRD determination, which were also contained in Exhibits M and P. We oppose the restriction of the Corsi documents. As the Court noted at the August 21 hearing, there is no basis to shield the Corsi documents/information from public view because they are not records of sexual harassment complaints and the Corsis have indicated that they don't have a problem with such information being made public. In addition, even if these were sexual harassment complaints, the determinations by the CCRD would be public pursuant to CRS 24-72-204(3)(a)(X)(A), which specifically excludes the results of an investigation of an agency. To the extent that Mr. Corsi's charge refers to Ms. Altenbern or other individuals not party to the case, we will agree to redact their names and identifying information.

Doc 93(4) (Exhibit O) – We also oppose the restriction of Ms. A's charge. For the reasons articulated at the August 21 hearing, we believe Ms. Altenbern's charge relates to age discrimination and sex discrimination – which is distinct from sexual harassment. Even if it were a sexual harassment complaint, Ms. Altenbern's privacy interests can be protected by redaction of her name and any identifying information. Lastly, CRS 24-72-204(3)(a)(X)(A) "shall not apply to records of sexual harassment complaints and investigations that are included in court files and records of court proceedings." Thus, we see no reason to restrict public access to the entire charge. We will agree to redaction of Ms. A's name and any identifying information.

We do not understand why Mesa County keeps making frivolous motions regarding issues the Court has already ruled upon. The Court made clear at the August 21 hearing how the charges by the Corsis and Ms. A should be handled. If Mesa County persists on filing frivolous motions regarding Exhibits M, O, and P, we will seek attorneys' fees.

Thanks,
Jennifer


Jennifer Weiser Bezoza
Pronouns: she, her



1670 York Street | Denver | CO | 80206 | 303.298.9878 p | 303.298.9879 f
www.kinggreisen.com

1

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

**From:** Alicia Severn <Severn@bechtelsanto.com>
**Sent:** Wednesday, November 27, 2019 5:05 PM
**To:** Paula Greisen <greisen@kinggreisen.com>; Jennifer Bezoza <bezoza@kinggreisen.com>
**Cc:** Michael Santo <santo@bechtelsanto.com>
**Subject:** Bouricius v. Mesa County: conferral regarding motion

Good afternoon, Paula and Jennifer,

I am writing this afternoon to confer regarding the motion to restrict Docs 93-2, 93-3, 93-4, and 93-5 that Magistrate Judge Varholak ordered Mesa County to file by December 2, 2019.

With respect to Doc 93-2 (Exhibit D), these are performance reviews for third parties. Mesa County intends to request that the Court issue an order on this Exhibit in conformity with the Court's Orders with respect to Exhibit 14 at issue in the motion filed at Doc 106 and Exhibit 13 at issue in the motion filed at Doc 111. That is to say, to retain Level 1 restriction with respect to the filed Doc 93-2 but permit Mesa County to file a redacted Exhibit D in which employee names and other identifying information is redacted. What is the plaintiff's position with respect to this request?

With respect to Docs 93-3 and 93-5 (Exhibits M and P), which are charge documents and charge determinations for Mr. Corsi and Mrs. Corsi, Mesa County intends to seek restriction of these documents on the following grounds: (1) charge-related documents are not public records under federal statutes and rules and under state regulation (and also that CORA prevents Mesa County from disclosing documents that are confidential under state statute or under federal statute or regulation); and (2) Mr. Corsi's charge refers to discrimination complaints filed by other individuals who are not the plaintiff, including Ms. Altenbern. Does the plaintiff object to Mesa County's request to maintain the confidentiality of these documents?

Finally, with respect to Doc 93-4 (Exhibit O), which are charge documents for Ms. Altenbern, Mesa County intends to seek restriction for these documents on the following grounds: (1) charge-related documents are not public records under federal statutes and rules and under state regulation (and also that CORA prevents Mesa County from disclosing documents that are confidential under state statute or under federal statute or regulation); and (2) CORA prevents the disclosure of records relating to sexual harassment complaints, and Ms. Altenbern's charge contains a gender harassment allegation. Does the plaintiff object to Mesa County's request to maintain the confidentiality of these documents?

Thank you for your consideration.

Regards,
Alicia

Alicia Williams Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501

Telephone: 970.683.5888
Facsimile: 970.683.5887

CONFIDENTIALITY NOTICE:  This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission was sent as indicated above.  If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please call collect at 970-683-5888 and delete this transmission.  Thank you.

SECURITY NOTICE:
Bechtel Santo & Severn cannot assure that email messages are secure or will be delivered via the Internet. If you are transmitting information to Bechtel Santo & Severn that you consider urgent and are uncertain whether it has been received, or if you are expecting an email response that you have not received, please call 970.683.5888 to confirm the status. If you are uncomfortable using email to communicate with Bechtel Santo & Severn, please call and specify another method of communication.