# EXHIBIT O

**CHARGE OF DISCRIMINATION**
The Privacy Act of 1974 affects this form.
See Privacy Act Statement before completing this form

EEOC Charge Number
E20130897

*COLORADO CIVIL RIGHTS DIVISION AND EEOC*

| Name *(Charging Party)* | | (Area Code) Telephone |
|---|---|---|
| [REDACTED] | | [REDACTED] |
| Street Address | City, State, and Zip Code | County |
| [REDACTED] | [REDACTED] | [REDACTED] |

The Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local who discriminated against me is:

| Name *(Respondent)* | Number of Employees | (Area Code) Telephone |
|---|---|---|
| *Mesa County* | Appx. 977 | (970) 244-1800 |
| Street Address | City, State, and Zip Code | County |
| 544 Rood Avenue | Grand Junction, CO 81501 | Mesa |

| Discrimination Based on: | Date Most Recent Discrimination Occurred |
|---|---|
| GENDER and AGE | 03/08/2013 |

I. **Jurisdiction**: The Colorado Civil Rights Commission has jurisdiction over the subjected matter of this charge: that each named Respondent is subject to the jurisdiction of the Colorado Civil Rights Commission and is covered by the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, et. seq.) as reenacted.

II. *Personal Harm*: That on or about 2011, and continuing through March 8, 2013, I was demoted because of my gender and/or age. That on or about 2011, and continuing through March 8, 2013, I was subjected to a hostile-work environment because of my gender and/or age. That on or about 2011, and continuing through March 8, 2013, I was subjected to different terms and conditions of my employment because of my gender. That on or about March 8, 2013, I was terminated because of my gender and/or age. That on or about March 8, 2013, I was not hired or rehired into an open position I was qualified for because of my gender and/or age.

III. *Respondent's Position:* Unknown.

IV. *Discrimination Statement:* I believe that I was unlawfully discriminated against because of my gender and/or age in violation of the Colorado Anti-Discrimination Act (CADA), Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act (ADEA). 1) I began employment with the Respondent in [REDACTED]. 2) I was qualified for my position and performed satisfactory work. 3) On or about 2011, and continuing through March 8, 2013, I was demoted from my position as Deputy Assessor to Deputy Assessor of Administration because of my gender and/or age. 4) On or about 2011, and continuing through March 8, 2013, I was subject to a hostile-work environment by my supervisor Barbara Brewer because of my gender and/or age. 5) Male co-workers not of my protected class (gender) were not subject to a hostile-work environment. 6) Younger co-workers were not subject to a hostile-work environment. 7) On or about 2011, and continuing through March 8, 2013, I was subjected to different terms and conditions in the use of accrued vacation time because of my gender. 8) On [REDACTED], I was terminated from my position as [REDACTED] [REDACTED] because of my gender and/or age. 9) On or about March 8, 2013, I was not hired or rehired into an open position I was qualified for in the appraisal department because of my gender and/or age. 10) A less-

DEF 2168

CONFIDENTIAL

REDACTED

> qualified individual not of my protected class (gender, age) was hired into the open position and began work on or about March 11, 2013. 11) It is my belief that I was discriminated against because of my gender and/or age. 12) The following statement of discrimination is hereby incorporated into this charge:

## STATEMENT OF DISCRIMINATION
## CYNTHIA ALTENBERN

### I. BACKGROUND INFORMATION

1. My date of birth is ▌▌▌▌▌▌.

2. I began working for Mesa County in ▌▌▌▌.

3. In 2011, my title was ▌▌▌▌▌▌.

4. As ▌▌▌▌▌▌, I was the second-highest ranked employee in the ▌▌▌▌▌▌ and was a direct or indirect supervisor of every employee in the ▌▌▌▌▌▌ except for the Mesa County ▌▌▌▌.

5. As ▌▌▌▌▌▌ I reported to the Mesa County Assessor.

6. In 2011, and at all relevant times, Barbara Brewer was the Mesa County Assessor.

7. In my entire career at Mesa County, I consistently received positive performance appraisals.

### II. "AGE SPREADSHEET"

8. In 2008, Mesa County created an "age spreadsheet" identifying Mesa County employees over the age of 50. The spreadsheet was updated at least once after 2008. A copy of the updated spreadsheet is attached as **Exhibit 1**.

9. The spreadsheet does not identify Mesa County employees not protected by the ADEA (under the age of 40).

10. The spreadsheet does not evaluate employees on any factor other than age. *See* **Exhibit 2**, Order by District Court Judge Martinez dated 04/05/2012, pp. 11–12. *See* **Exhibit 3**, John Gaffin Expert Report, pp. 5–6. *See* **Exhibit 4**, Affidavit of Karen Stewart.

11. After the spreadsheet was created, Mesa County created additional documents regarding the age composition of some or all departments.

12. After the spreadsheet was created, numerous Mesa County employees over the age of 50 were terminated. These employees include, but are not limited to, Diann Rice, Susan Diaz,

2

CONFIDENTIAL

DEF 2274

**REDACTED**

Kimberly Bullen, Effie Silvia, Joy Tracy, Cindy Enos-Martinez, and Mark Reitz. *See* **Exhibit 2.** *See* **Exhibit 5**, Affidavits of Susan Diaz and Mark Reitz.

13. At approximately the same time the spreadsheet was created, Mesa County was transitioning to a self-insured health insurance plan.

14. As part of this process, Mesa County's consultant assisting with the transition analyzed Mesa County's health care utilization data and informed Mesa County that its employees over age 50, on average, had a higher utilization rate and thus were a higher cost to Mesa County than employees under the age of 50.

### III. FIRST INSTANCE OF DISCRIMINATION: DEMOTION

15. Prior to and including part of 2011, I was the [REDACTED].

16. As [REDACTED], I consistently received positive performance appraisals.

17. During 2011, Barbara Brewer changed my position from [REDACTED] to [REDACTED].



18. At the same time, Barbara Brewer promoted Brent Goff (male, under the age of 50) to Deputy Assessor of Appraisals.

19. Deputy Assessor of Appraisals and [REDACTED] were positions that previously did not exist in the Assessor's Office.

20. I considered the change from [REDACTED] to [REDACTED] as a demotion.

21. Barbara Brewer did not explain to me why I was being demoted from [REDACTED] to [REDACTED].

22. Barbara Brewer did not explain why Brent Goff was being promoted.

23. Brent Goff had previously been the Chief Appraiser and was subordinate to me.

24. Brent Goff was less qualified than me to serve as Deputy Assessor or to handle some or all of the responsibilities that I had as the [REDACTED].

25. The demotion was not based on inadequate job performance or any misconduct.

26. There was not a legitimate organizational or business need to demote me from [REDACTED] to [REDACTED].

DEF 2275

CONFIDENTIAL

**REDACTED**

27. As a result of the demotion, Brent Goff was given some of the responsibilities I had as the ▉▉▉▉▉▉▉▉▉▉.

28. As a result of the demotion, I went from having supervisory capacity over approximately 25–30 employees to approximately 8–10 employees.

29. As a result of the demotion, I was no longer the sole second-highest ranked employee in the ▉▉▉▉▉▉▉▉ and was no longer the direct or indirect supervisor of the entire ▉▉▉▉▉▉ ▉▉▉▉ (excluding the Mesa County ▉▉▉▉▉).

30. As a result of the demotion, I was no longer included on certain management-level meetings and was no longer responsible for certain management initiatives that I had previously been involved in as ▉▉▉▉▉▉▉▉▉▉. For example, on at least one occasion Barbara Brewer had Brent Goff attend a county-wide department head meeting and did not invite or ask me to attend.

31. I believe that I would not have been demoted if I was male and/or under the age of 50.

32. This incident shows that I was discriminated against because of my gender. At the same time as my demotion, a male employee who was less qualified was promoted and given some of my responsibilities. There was no legitimate organizational or business need to demote me. The demotion was not due to inadequate job performance or any misconduct.

33. This incident shows that I was discriminated against because of my age (over age 50). At the same time as my demotion, a younger employee (under age 50) who was less qualified was promoted and given some of my responsibilities. There was no legitimate organizational or business need to demote me. The demotion was not due to inadequate job performance or any misconduct. Mesa County was targeting employees over the age of 50, as evidenced by the "age spreadsheet" and terminations of numerous employees over the age of 50.

34. The effects of the demotion were continuous and remained through my termination on March 8, 2013.

IV. **SECOND INSTANCE OF DISCRIMINATION: HOSTILE-WORK ENVIRONMENT**

35. After I was demoted and Brent Goff was promoted, my experience, opinions, and recommendations were not valued or were less valued by Barbara Brewer.

36. After I was demoted and Brent Goff was promoted, I was no longer included on certain management-level meetings and was no longer responsible for certain management initiatives that I had previously been involved in as ▉▉▉▉▉▉▉▉▉▉. These responsibilities were given to Brent Goff (male, under age 50).

4

CONFIDENTIAL

DEF 2276

**REDACTED**

37. After I was demoted and Brent Goff was promoted, I was subjected to negative comments and treatment by Barbara Brewer. For example, during a meeting Barbara Brewer said to me: "Tone it down, missy," after I expressed an opinion she disagreed with. This comment was made in front of other employees, including some employees that I supervised. To my knowledge, Barbara Brewer did not make similar comments to Brent Goff.

38. As a result of the actions and comments by Barbara Brewer, I considered my work environment to be hostile.

39. I believe that I would not have been subjected to this hostile-work environment if I was male and/or under the age of 50.

40. The hostile-work environment continued through my termination on ▮▮▮▮▮▮▮.

V. **THIRD INSTANCE OF DISCRIMINATION: TERMS AND CONDITIONS**

41. In 2011, Barbara Brewer told me that my vacation was "use it or lose it" and therefore I could not use any 2011 accrued vacation time in 2012.

42. In 2012, at least two male employees were permitted to use accrued vacation time from 2011.

43. I could not use any of my 2012 accrued vacation time in 2013.

44. I believe that at least some male employees were again permitted in 2013 to use accrued vacation time from 2012.

45. This incident affected the terms and conditions of my employment because it affected my use of my accrued vacation benefits, including the number of hours I could take off as vacation time.

46. This incident shows that I was discriminated against because of my gender. At least two male employees were permitted different, more favorable terms and conditions of their employment in being allowed use accrued vacation time from a previous year whereas I was not allowed to use accrued vacation time from a prior year.

47. The effects of this discrimination continued through the termination of my employment on ▮▮▮▮▮▮▮.

VI. **FOURTH INSTANCE OF DISCRIMINATION: TERMINATION**

48. After I was demoted to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, I continued to receive favorable performance appraisals.

5

DEF 2277

CONFIDENTIAL

REDACTED

49. On ███████, I was called into a meeting with Barbara Brewer.

50. Sandy Perry from the Mesa County Human Resources Department was also present.

51. During the meeting, I was told that my position was being "eliminated" due to reorganization and business needs.

52. I did not resign or voluntarily leave my employment with Mesa County.

53. I was not told, during the meeting or otherwise, that my termination of my employment with Mesa County was due to inadequate job performance or any misconduct.

54. Brent Goff was not terminated from his employment with Mesa County.

55. As a result of my termination, Brent Goff became the sole second-highest ranked employee in the ███████ Office.

56. I believe that Brent Goff was given my responsibilities as the ███████ ███████ and is either officially or unofficially the ███████, with the same or similar responsibilities that I had before I was demoted in 2011.

57. This incident shows that I was discriminated against because of my gender. Brent Goff, a male comparator employee who was less qualified than me to serve as the sole second-highest ranked employee in the ███████ Office, was not terminated. There was no legitimate organizational or business need to terminate me. The termination was not due to inadequate job performance or any misconduct.

58. This incident shows that I was discriminated against because of my age (over age 50). Brent Goff, a comparator employee under the age of 50 who was less qualified than me to serve as the sole second-highest ranked employee in the ███████ Office, was not terminated. There was no legitimate organizational or business need to terminate me. The termination was not due to inadequate job performance or any misconduct. Mesa County was targeting employees over the age of 50, as evidenced by the "age spreadsheet" and terminations of numerous employees over the age of 50.

VII. **FIFTH INSTANCE OF DISCRIMINATION: FAILURE TO HIRE OR REHIRE**

59. At the time of my termination on ███████, there was a lower-level open position in the appraisal department (supervised by Brent Goff).

60. I was qualified for the open position.

61. On or about March 8, 2013, the open position was filled with a new hire (male, under the age of 40) not of my protected class status.

CONFIDENTIAL

**REDACTED**

62. I was more qualified for the open position than the new hire.

63. The new employee began work on or about March 11, 2013.

64. At no time prior to or during my termination meeting did Barbara Brewer, Sandy Perry, or anyone else from Mesa County inform me that my position was going to be "eliminated."

65. At no time prior to or during my termination meeting did Barbara Brewer, Sandy Perry, or anyone else from Mesa County inform me that my current job was in jeopardy or that I should apply for or request a transfer to the open position because my position was going to be "eliminated."

66. Mesa County knew that it was going to "eliminate" my position and terminate me before it filled the open position.

67. Had I known prior to ▮▮▮▮▮▮▮ that my position was going to be "eliminated" and that my employment with Mesa County was going to be terminated, I would have applied for or requested a transfer to the open position.

68. I was not given an opportunity to apply for or request a transfer to the open position because I did not know, prior to the open position being filled, that my position as the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was going to be "eliminated" and that my employment with Mesa County was going to be terminated.

69. Mesa County made a new hire and "eliminated" my position instead of transferring me into the open position or giving me an opportunity to apply for the open position.

70. Since the termination, I have applied to open positions at Mesa County that I have been qualified for but I have not been rehired.

71. This incident shows that I was discriminated against because of my gender. A male employee who was less qualified than me was hired into the open position. I was qualified for the open position and would have applied for or requested a transfer to the open position had Mesa County informed me that I was going to be terminated prior to filling the position..

72. This incident shows that I was discriminated against because of my age (over age 50). A younger employee (under age 40) who was less qualified than me was hired into the open position. I was qualified for the open position and would have applied for or requested a transfer to the open position had Mesa County informed me that I was going to be terminated prior to filling the position. Mesa County was targeting employees over the age of 50, as evidenced by the "age spreadsheet" and terminations of numerous employees over the age of 50.

CONFIDENTIAL

DEF 2279

REDACTED

V. **WHEREFORE:** The Charging Party prays that the Colorado Civil Rights Commission cause said Respondent(s) to cease and desist from the unfair and discriminatory practices set forth above: to order back pay, reinstatement, reinstatement of benefits and all other benefits to which I may be entitled; to provide assurance against retaliation, and to grant such other and further relief as may exist within the Commission's power and which the Commission may deem necessary and proper, including but not limited to front pay.

I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency. If any, I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with merit procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date  6-4-13    Charging Party/Complainant (Signature) [REDACTED]

8

CONFIDENTIAL

**SUMMARY OF DETAIL**
01/30/2009

| DEPARTMENT | TOTAL # EMP OVER 50 | # OF EMP IN DEPT | % OF EMP OVER 50 | # OF EMP 50-55 | # OF EMP 56-60 | # OF EMP 61-65 | # OF EMP 66+ | % OF EMP 50-55 | % OF EMP 56-60 | % OF EMP 61-65 | % OF EMP 66+ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ANIMAL SERVICES | 2 | 14 | 14% | 1 | 1 | | | 7% | 7% | | |
| ASSESSOR | 15 | 29 | 52% | 5 | 4 | 6 | | 17% | 14% | 21% | |
| COUNTY COMMISSIONERS | 1 | 3 | 33% | | 1 | | | | 33% | | |
| COUNTY ATTORNEY | 6 | 15 | 40% | 2 | 3 | 1 | | 13% | 20% | 7% | |
| COUNTY ADMIN | 4 | 9 | 44% | 1 | 2 | 1 | | 11% | 22% | 11% | |
| CRIMINAL JUSTICE SERVICES | 35 | 62 | 24% | 7 | 6 | 2 | | 11% | 10% | 3% | |
| CLERK & RECORDER | 16 | 38 | 42% | 8 | 3 | 5 | | 21% | 8% | 13% | |
| CORONER | 1 | 2 | 50% | 1 | | | | 50% | | | |
| DISTRICT ATTORNEY | 12 | 47 | 26% | 1 | 6 | 2 | 3 | 2% | 13% | 4% | 6% |
| DHS | 72 | 215 | 33% | 16 | 29 | 22 | 5 | 7% | 13% | 10% | 2.3% |
| EMERGENCY MANAGEMENT | 1 | 2 | 50% | | 1 | | | | 50% | | |
| FACILITIES | 10 | 19 | 53% | 3 | 5 | 2 | | 16% | 26% | 11% | |
| FAIRGROUNDS | 3 | 4 | 75% | 1 | 2 | | | 25% | 50% | | |
| FINANCE | 3 | 7 | 43% | 1 | 1 | 1 | | 14% | 14% | 14% | |
| HEALTH DEPARTMENT | 47 | 89 | 47% | 18 | 21 | 8 | | 15% | 21% | 8% | |
| HUMAN RESOURCES | 3 | 6 | 50% | | 2 | | 1 | | 33% | | 17% |
| IT | 6 | 24 | 25% | 4 | 1 | | 1 | 17% | 4% | | 4% |
| PLANNING | 20 | 25 | 80% | 11 | 4 | 5 | | 44% | 16% | 20% | |
| PURCHASING | 3 | 4 | 75% | 1 | 1 | 1 | | 25% | 25% | 25% | |
| PUBLIC WORKS | 57 | 104 | 55% | 29 | 18 | 10 | | 28% | 17% | 10% | |
| RISK | 2 | 2 | 100% | 1 | 1 | | | 50% | 50% | | |
| RTPO | 2 | 5 | 40% | | 2 | | | | 40% | | |
| SHERIFF | 49 | 227 | 19% | 21 | 13 | 7 | 2 | 9% | 6% | 3% | 0.88% |
| SURVEYOR | 1 | 1 | 100% | | 1 | | | | | 100% | |
| TREASURER | 3 | 8 | 38% | | 1 | 1 | 2 | | | 13% | 25% |
| TRI RIVER | 5 | 6 | 83% | 3 | 2 | | | 50% | 33% | | |
| **TOTALS** | 353 | 977 | 36% | 135 | 129 | 75 | 14 | 14% | 13% | 8% | 1.43% |

DEF 2281

EXHIBIT 7

| SUMMARY OF DETAIL 01/30/2009 | TOTAL # EMP OVER 50 | # OF EMP IN DEPT | % OF EMP OVER 50 |
|---|---|---|---|
| ANIMAL SERVICES | 2 | 14 | 14% |
| ASSESSOR | 15 | 29 | 52% |
| COUNTY COMMISSIONERS | 1 | 3 | 33% |
| COUNTY ATTORNEY | 6 | 15 | 40% |
| COUNTY ADMIN | 4 | 9 | 44% |
| CRIMINAL JUSTICE SERVICES | 15 | 62 | 24% |
| CLERK & RECORDER | 16 | 38 | 42% |
| CORONER | 1 | 2 | 50% |
| DISTRICT ATTORNEY | 12 | 47 | 26% |
| DHS | 72 | 215 | 33% |
| EMERGENCY MANAGEMENT | 1 | 2 | 50% |
| FACILITIES | 10 | 19 | 53% |
| FAIRGROUNDS | 3 | 4 | 75% |
| FINANCE | 3 | 7 | 43% |
| HEALTH DEPARTMENT | 47 | 99 | 47% |
| HUMAN RESOURCES | 3 | 6 | 50% |
| IT | 6 | 24 | 25% |
| PLANNING | 20 | 25 | 80% |
| PURCHASING | 3 | 4 | 75% |
| PUBLIC WORKS | 57 | 104 | 55% |
| RISK | 2 | 2 | 100% |
| RTPO | 2 | 5 | 40% |
| SHERIFF | 43 | 227 | 19% |
| SURVEYOR | 1 | 1 | 100% |
| TREASURER | 3 | 8 | 38% |
| TRI RIVER | 5 | 6 | 83% |
| TOTALS | 353 | 977 | 36% |

DEF 2282
CONFIDENTIAL