**COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

| | |
|---|---|
| In the Matters of: | ) |
| | ) |
| Janine Corsi and Rick Corsi, | ) |
| | ) |
| COMPLAINANTS | ) |
| | ) CONCILIATION AGREEMENT |
| v. | ) |
| | ) |
| Mesa County, | ) |
| | ) |
| RESPONDENT | ) |

CCRD Charge Nos. FE2017171785 and FE2017188101
EEOC Charge Nos. 32A-2017-00166 and 32A-2017-00124

I. **STATEMENT OF PRINCIPLES:**

    A. Whereas the above-named Respondent and the Colorado Civil Rights Division ("CCRD") desire to assure that the hiring, employment, and dismissal practices of the Respondent fully afford equal employment opportunities in compliance with the Colorado Anti-Discrimination in Employment Law, C.R.S. 24-34-401 *et. seq.*, as re-enacted;

    B. All recruiting, processing, hiring, employment practices and dismissals shall be maintained and conducted in a manner that does not discriminate, or have the effect of discrimination, on the basis of race, creed, color, national origin, sex, ancestry, age, sexual orientation, disability, religion and marriage to a co-worker, in violation of the Colorado Anti-Discrimination in Employment Law, C.R.S., 24-34-401 *et. seq.*, as re-enacted;

    C. The signing of this Conciliation Agreement ("Agreement") is not an admission by the Respondent of any violation of said Law. It does reflect the Respondent's desire to take the affirmative action agreed upon herein below to assure that employment opportunities are made available to protected class individuals;

D. The specific affirmative actions set forth in this Agreement are appropriate to the objectives of providing equal employment opportunities;

E. CCRD certifies that the execution and implementation of this Agreement are proper under the Colorado Anti-Discrimination in Employment Law, C.R.S., 24-34-401 *et. seq.*, as re-enacted;

F. The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful, or because of the filing of a charge, giving testimony or assistance, or participation in any manner in an investigation, proceeding or hearing.

## II.  REMEDY AND RELIEF:

In consideration of the Statement of Principles set forth above, and in exchange for the promises set forth herein, the Parties agree to the following:

A. The Respondent agrees to make payment in the total amount of One Hundred and Twenty-Five Thousand Dollars and Zero Cents ($125,000.00) ("Payment") to the Complainants for their lost wages. Payment shall be made to the order of "Janine Corsi and Rick Corsi." Respondent shall mail said Payment to the Complainants' attention at 2131 Lawrence Street, Apt. 627, Denver, CO 80205 within ten (10) days after the seven-day rescission period, as set forth in the Complainants' and Respondent's separate settlement agreement, has lapsed. The Complainants agree to notify the Respondent's counsel and the CCRD immediately should their address change. The Respondent shall provide proof of said Payment to CCRD no later than ten (10) days after sending said Payment to the Complainants, including a copy of the Payment and delivery confirmation information. The Respondent shall email this Payment information to Nicole Trotta, Lead Mediator & Conciliator at CCRD (nicole.trotta@state.co.us).

B. The Respondent agrees to undergo further Employment Anti-Discrimination training within six (6) months of the effective date of this Agreement. The Respondent's managers and supervisors shall participate in this training. The approximately two-hour training session ("Employment 101") will be facilitated by staff from CCRD at the Respondent's location; the Respondent is responsible for providing a venue for the training. The Respondent is responsible for contacting CCRD's Outreach & Education Coordinator, Sam Anderson (samuel.anderson@state.co.us), to arrange said training. The Respondent shall provide a certificate and/or proof of completing said training to CCRD within ten (10) days of completing the training. The Respondent shall email this information

        to Nicole Trotta, Lead Mediator & Conciliator at CCRD (nicole.trotta@state.co.us).

    C.    The Respondent agrees to provide two additional video trainings for its managers and supervisors within six (6) months of the effective date of this Agreement. Said trainings are conducted by Think HR and are titled "Rightful Employment Termination" and "A Manager's Guide to Diversity, Inclusion, and Accommodation." The Respondent shall provide a certificate and/or proof of completing said trainings to CCRD within ten (10) days of completing the trainings. The Respondent shall email this confirmation information to Nicole Trotta, Lead Mediator & Conciliator at CCRD (nicole.trotta@state.co.us).

    D.    The Respondent agrees that the CCRD Director will review its anti-discrimination policies. The Respondent shall provide a copy of its policies to Nicole Trotta, Lead Mediator & Conciliator at CCRD (nicole.trotta@state.co.us) within sixty (60) days of the effective date of this Agreement. The Respondent agrees to make revisions as recommended by the CCRD Director, if applicable, and will provide a final version of said policies upon request.

## III. ENFORCEMENT:

    A.    The Complainants hereby waive, release and covenant not to sue the undersigned Respondent with respect to any matters that are alleged as charges filed with CCRD Charge Numbers FE2017171785 and FE2017188101 and EEOC Charge Numbers 32A-2017-00166 and 32A-2017-00124 subject to performance by the Respondent of the promises and representations contained herein. CCRD shall determine whether the Respondent has complied with the terms of this Agreement. CCRD has the authority to conduct compliance reviews of all settlement or other orders issued to resolve the discriminatory practice(s) set forth by the Complainants.

    B.    By their signatures below, the Parties to this Agreement affirm that they have read and fully understand all the terms of this Agreement. The Parties further affirm that they are entering into this Agreement voluntarily and have not been threatened, coerced, intimidated or in any way pressured into the signing of this Agreement and that they have been advised that they have the right to consult with or be advised by an attorney in good standing before signing this Agreement.

    C.    The Respondent named herein will comply with the Colorado Civil Rights Commission Rules and Regulations which specify:

GENERAL REGULATION NUMBER ONE: Every employer, employment agency, labor organization and place of public accommodation, amusement, and resort shall post and maintain at its establishment a notice furnished by the Colorado Civil Rights Commission. Said notice shall contain the substantive provisions of the Colorado Anti-discrimination Act of 1957 relating to employment practices, and the Civil Rights Anti-discrimination Act relating to services by places of public accommodation and advertising in connection therewith, and such other information as the Commission deem proper.

With respect to employers and employment agencies, such notices must be posted conspicuously in easily accessible and well-lighted places customarily frequented by employees and applicants for employment, and at or near each location where employers' services are performed.

D. The Parties hereby agree, if acceptable to CCRD, that this Agreement may be executed in counterparts, including, but not limited to, separate and distinct signature pages and will be effective when all Parties and the CCRD have executed a counterpart thereof. Each counterpart shall be considered an original and all of which shall constitute one and the same document.

E. The Parties expressly agree that in the event that any dispute or conflict arises under this or any related matter, they hereby submit to the jurisdiction of the State of Colorado. Furthermore, the Parties hereby expressly agree that in a conflict of laws situation arising herein, the laws of the State of Colorado shall govern.

F. This Agreement becomes effective on the date the CCRD Director's signature or that of her designee is affixed hereto.

I CONCUR with the above Agreement:

**On Behalf of Respondent, Mesa County:**

_____       1/29/18
Signature – Respondent Representative    Date
Name: Frank J Whidden Jr
Title: County Administrator
Respondent

Conciliation Agreement, CCRD #FE2017171785 & FE2017188101/EEOC #32A-2017-00166 & 32A-2017-00124:
Page 4 of 5

Exhibit 5                                                         DEF 3919

**Complainant, Janine Corsi:**

_____     1-24-2018
Signature – Janine Corsi              Date
Complainant

**Complainant, Rick Corsi:**

_____     1-24-2018
Signature – Rick Corsi                Date
Complainant

**On Behalf of the Colorado Civil Rights Division:**

_____     _____
Signature – Aubrey Elenis, Esq. (or Designee)   Date
Director, Colorado Civil Rights Division

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered as of January ___, 2018 by and between Janine Corsi (referred to as "Janine Corsi") and Mesa County, Colorado, a political subdivision of the State of Colorado (referred to as "Mesa County"). Janine Corsi and Mesa County may be referred to together as "the Parties." The effective date of this Agreement shall be the date on which the final of the two signatories listed above ratifies this Agreement.

WHEREAS, Janine Corsi filed a Charge of Discrimination against Mesa County with the Colorado Civil Rights Division ("CCRD") on January 23, 2017. Janine Corsi's CCRD Charge number is FE2017171785. Janine Corsi's Charge was dual filed with the EEOC. Janine Corsi's EEOC Charge number is 32A-2017-00166;

WHEREAS, in a Determination dated December 14, 2017, the CCRD made a probable cause determination with respect to Janine Corsi's Charge;

WHEREAS, the CCRD held a conciliation meeting with Janine Corsi and Mesa County, in which Rick Corsi also participated, on January 16, 2018, in Denver, Colorado;

WHEREAS, during the conciliation meeting on January 16, 2018, the Parties reached an agreement to resolve Janine Corsi's Charge;

WHEREAS, Janine Corsi and Mesa County will be entering into a separate agreement with the CCRD ("the CCRD agreement"), which CCRD agreement is separate and apart from this Agreement and which CCRD agreement will address all training program(s) that Mesa County shall undertake; and

WHEREAS, this Settlement Agreement memorializes the agreement reached between Janine Corsi and Mesa County during the conciliation meeting with the CCRD.

NOW THEREFORE, for and in consideration of the mutual releases and covenants hereinafter set forth, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows.

1. **Release of Claim(s) and Litigation.**

In consideration of Mesa County fulfilling its promises set forth in this Agreement, Janine Corsi hereby releases Mesa County, its commissioners, elected officials, agents, managers, employees, representatives, insurers, attorneys, successors and assigns, present and past, and all other individuals and entities, from liability for any and all potential claim(s) at law or in equity, including, but not limited to, those giving rise to Janine Corsi's Charge of Discrimination (Charge No. FE2017171785/32A-2017-00166), debts, demands, damages, injuries, losses, and liabilities of whatsoever kind and nature arising from or in any way arising out of Janine Corsi's employment with, separation of employment from, and relationship of any kind with Mesa County. This Agreement shall include, but is not limited to, Janine Corsi's potential claim(s) for:

Page 1 of 7

Exhibit 5                                                                 Bouricius 000385

a. Wrongful discharge in violation of public policy;
b. Violation of any fair employment practices law;
c. Unpaid wages, overtime, other compensation, benefits or remuneration; violation of the Fair Labor Standards Act or any other state wage law, including, but not limited to, the Colorado Minimum Wages of Workers Act, the Colorado Minimum Wage Order, the Colorado Minimum Wage Act, Colorado's Equal Pay Law, or the Equal Pay Act;
d. Violation of ERISA;
e. Immigration Reform and Control Act;
f. Violation of the Worker Adjustment and Retraining Notification Act;
g. Violation of the Fair Credit Reporting Act;
h. Defamation, libel, slander, invasion of privacy, outrageous conduct, intentional interference with current or prospective contract, and all other negligent or intentional torts;
i. Breach of express or implied contract;
j. Breach of covenant of good faith and fair dealing; promissory estoppel or other claims based on equity;
k. Violation of any statute, regulation, rule, ordinance, or any other policy or guidance, including but not limited to C.R.S. § 24-34-402(1)(h)(I), relating to Janine Corsi's and Rick Corsi's relationship as a married couple in which both spouses worked for Mesa County;
l. Discrimination, harassment, constructive discharge, or retaliation prohibited under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, or Colorado's Anti-Discrimination Act including but not limited to sex, gender, sexual orientation, race, color, national origin, ancestry, religion, creed, age, or disability discrimination;
m. **Discrimination, harassment, or retaliation under the Age Discrimination in Employment Act;**
n. Disability discrimination, harassment, or retaliation under the Americans with Disabilities Act and/or the Americans with Disabilities Amendments Act;
o. Violation of the National Labor Relations Act;
p. Interference with or retaliation of any rights under the Family and Medical Leave Act;
q. Retaliation in violation of any state or federal law; and/or
r. All other claims whether based on contract, tort, legal or equitable theories, or any federal, state or local law, regulation, ruling or ordinance.

This waiver and release covers all forms and types of damages including, but not limited to, compensatory and consequential damages, past and future wages, past and future employment benefits, damages for emotional distress, mental anguish, humiliation, and loss of reputation, interest, any and all attorney's fees and associated costs and expenses, and claims for punitive damages or penalties. But Janine Corsi does not release any claim for any alleged workers' compensation claim, injury, etc., NOR DOES JANINE CORSI WAIVE RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THIS AGREEMENT IS EXECUTED.

Exhibit 5                                    Bouricius 000386

## NOTICE ON ADMINISTRATIVE CHARGES AND INVESTIGATIONS

Notwithstanding any other provisions of this Agreement, Janine Corsi is <u>not prohibited from filing a charge or participating in an investigation with the Equal Employment Opportunity Commission or any Fair Employment Practices Agency, including, but not limited to, the Colorado Civil Rights Division, if such right is not waivable</u>. Janine Corsi releases any right she may have to seek rehire or receive damages or other monetary awards in any action filed by the EEOC or CCRD on Janine Corsi's behalf arising out of or in any way relating to her employment or separation from employment. Nothing in this paragraph shall be construed to limit or prohibit Janine Corsi from giving testimony pursuant to subpoena.

2. **Payment.** In consideration of Janine Corsi's resolution of Charge No. FE2017171785/32A-2017-00166, Janine Corsi's release of all claims against Mesa County, and Janine Corsi's performances of other promises stated in this Agreement, Mesa County agrees to pay Janine Corsi the total amount of sixty two thousand five hundred dollars and no cents ($62,500.00), for settlement of all claims against Mesa County that Janine Corsi sought in her Charge of Discrimination or could have sought in her Charge of Discrimination. This amount is the <u>total amount</u>, which total amount will also be reflected in and/or referred to in the CCRD agreement, that Mesa County shall pay to Janine Corsi. Mesa County shall pay this sum in the form of a check made payable to Janine Corsi no later than ten (10) calendar days after the expiration of the rescission period, as described in paragraph 3 below, assuming Janine Corsi does not rescind this Agreement. Payment shall be made to: Janine Corsi, 2131 Lawrence St., #627, Denver, CO 80205. Mesa County's payment to Janine Corsi will be subject to standard employment withholdings.

3. **Acceptance of Agreement.** Pursuant to 29 U.S.C. § 626(f)(2) and 29 C.F.R. § 1625.22(g), **JANINE CORSI HAS 21 CALENDAR DAYS FROM THE DATE THIS AGREEMENT IS OFFERED TO HER IN WHICH TO ACCEPT OR REJECT THIS AGREEMENT.** Janine Corsi's signature below evidences her knowing and voluntary acceptance of this Agreement. If Janine Corsi executes this Agreement before the expiration of the 21-day period, she has chosen to do so voluntarily, knowing she has waived her right to consider the Agreement for the full 21 days. This Agreement is forever binding upon the Parties hereto, their insurers, heirs, assigns, and successors-in-interest. No rescission, modification, or release of the Parties from the terms of this Agreement shall be made for any reasons, except **JANINE CORSI MAY RESCIND THIS AGREEMENT BY DELIVERING WRITTEN NOTICE TO MESA COUNTY <u>WITHIN SEVEN (7) CALENDAR DAYS</u> AFTER THIS AGREEMENT IS SIGNED BY JANINE CORSI.** Janine Corsi shall deliver notice of rescission to counsel for Mesa County, Michael C. Santo of Bechtel & Santo, 205 N. 4th Street, Suite 300, Grand Junction, CO 81501.

4. **Non-disclosure.** Janine Corsi agrees not to disparage or defame Mesa County, its commissioners, officers, directors, and employees to others or interfere with Mesa County's current or prospective contracts or clients, and Mesa County (meaning, for purposes of this section, its commissioners or any former supervisor of Janine Corsi) agrees not to disparage or defame Janine Corsi, her professionalism, or her job performances with Mesa County. Janine Corsi also

agrees not to disclose the terms and conditions of this Agreement to anyone other than her spouse, attorney(s), or accountant(s), or as required by Court order or law. Janine Corsi shall advise the parties with whom Janine Corsi has the right to share information about this Agreement that they, also, are obligated not to disclose the terms and conditions and that Janine Corsi and/or they, as applicable, can be held liable for any damages suffered by Mesa County as a result of their disclosure(s).

5. **Unforeseen Damages and Informed.** Janine Corsi enter into this Agreement with a full understanding that she may have sustained unknown or unforeseen damages resulting directly or indirectly over circumstances in which there exists a bona fide dispute. By executing this Agreement, Janine Corsi fully intends to release everyone and every entity from any and all liability for any and all such damages. Janine Corsi states that she is fully informed as to the nature, extent, and character of her damages, losses, and liabilities, if any, and as to the nature, extent, severity, and duration and all other known or unknown, foreseen or unforeseen consequences of such damages, losses, or liabilities, if any. Each of the Parties assumes the risk that the facts or law may be other than they believe or understand such facts and law to be at on the effective date of this Agreement.

6. **Non-Admission.** Nothing herein shall be construed as an admission by the Parties, of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

7. **Competent.** Janine Corsi warrants that no promise or inducement has been offered except as set forth in this Agreement and that Janine Corsi is legally competent to execute this Agreement. Janine Corsi assumes the risk of any mistake of fact that might be associated with entering into and the execution of this Agreement.

8. **Right to Obtain Legal Advice.** Janine Corsi acknowledges that she has carefully read this Agreement, she understands all its terms, and she has signed it voluntarily with full knowledge of its significance after opportunity for consideration and consultation with attorney(s) of her choosing, her family/families, and/or advisor(s), before signing this Agreement. Janine Corsi represents that no payments or other things of value have been promised to Janine Corsi for her signing and delivering this Agreement other than the payments, agreements, and benefits described herein, which payments, benefits, and agreements constitute adequate payment for the claims herein released and Janine Corsi's other agreements outlined in this Agreement.

9. **No assignment.** Janine Corsi represents that she has not assigned or subrogated any claims arising out of the employment relationship or separation from employment to any other person or entity and no person or entity has a claim for damages, losses, or liabilities against Mesa County arising out of Janine Corsi's employment or any associated claims. In the event the persons or entities released herein are subject to claims that Janine Corsi assigns that are released under this Agreement, Janine Corsi will hold the person(s) or entity/entities sued harmless from any such claims and indemnify the persons or entities released herein in defending any such claims.

10. **Choice of Law and Venue.** The Parties agree that this Agreement shall be

Exhibit 5                                           Bouricius 000388

governed by and construed in accordance with the laws of the State of Colorado. Appropriate venue shall be the courts of Mesa County, Colorado.

11.    **Waiver of Breach/Entire Agreement.** No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Agreement may be amended only by a written agreement executed by all the Parties at the time of the amendment. This Agreement represents the entire agreement between Janine Corsi and Mesa County regarding Janine Corsi's employment, separation from employment, releases of claims, and the subjects covered herein. A separate agreement between the Parties and CCRD (the "CCRD Agreement") exists separate and apart from this Agreement.

12.    **Binding Agreement.** This Agreement shall be for the benefit of and binding upon the Parties and their respective representatives, heirs, successors, and assigns.

13.    **Violation of Agreement.** Except as otherwise provided herein, a party who violates this Agreement causing any other party, or anyone protected by this Agreement, to incur damages and costs, including attorney's fees, regardless of whether or not litigation is commenced, shall be liable to the other for all such damages, costs, and fees.

14.    **Invalid or Void Provisions.** If any provision of this Agreement is held to be invalid or void or ineffective against any party hereto by any court of competent jurisdiction, then any such provision shall be deemed stricken and the remaining provisions shall remain in full force and effect.

15.    **Miscellaneous, Counterparts, and Signatures.** This Agreement constitutes the entire agreement between the Parties, and there are no other understandings or agreements, written or oral, among them on the subject, except for the separate CCRD agreement described herein. This Agreement may be executed in two counterparts, and the failure to have the signatures of the Parties in a single Agreement shall not affect the validity or enforceability of any part of this Agreement against any Party who executes any counterpart of the Agreement. Furthermore, electronically transmitted and faxed signatures shall be deemed as original signatures. This Agreement will not be binding on any party until signed by both Parties or their representatives.

16.    **Attorney Fees and Costs.** Each Party agrees to be responsible for the payment of its or her own attorney's fees and costs incurred in this matter, as applicable.

[THE REMAINDER OF THIS LEFT BLANK INTENTIONALLY]

I HAVE CAREFULLY READ THE ABOVE AGREEMENT. I, HEREBY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

By: _____
Janine Corsi (Signature)

Dated this 29 day of Jan, 2018


Subscribed and affirmed before me in the county of Denver, State of Colorado, this 29 day of January, 2018 by Janine Corsi.

_____
Notary's official signature

01-27-2019
(Commission Expiration)

STATE OF COLORADO  )
                   ) ss
COUNTY OF Denver   )

Notary Seal

SAMANTHA GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154003801
MY COMMISSION EXPIRES JANUARY 27, 2019

Page 6 of 7

Exhibit 5                                Bouricius 000390

I HAVE CAREFULLY READ THE ABOVE AGREEMENT. I, HEREBY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

By: _____ [signature]
(Signature)

_____, authorized representative of Mesa County, Colorado.

Dated this 29th day of January, 2018

Subscribed and affirmed before me in the county of Mesa, State of Colorado, this 29th day of Jan., 2018 by Frank J. Whidden, Jr.

_____ [signature]
Notary's official signature

DEANNA GOHN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924001670
My Commission Expires June 12, 2020

6/12/20
(Commission Expiration)

STATE OF COLORADO  )
                   ) ss:
COUNTY OF Mesa     )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered as of January ___, 2018 by and between Rick Corsi (referred to as "Rick Corsi") and Mesa County, Colorado, a political subdivision of the State of Colorado (referred to as "Mesa County"). Rick Corsi and Mesa County may be referred to together as "the Parties." The effective date of this Agreement shall be the date on which the final of the two signatories listed above ratifies this Agreement.

WHEREAS, Rick Corsi filed a Charge of Discrimination against Mesa County with the CCRD on December 27, 2016. Rick Corsi's CCRD Charge number is FE2017188101. Rick Corsi's Charge was dual filed with the EEOC. Rick Corsi's EEOC Charge number is 32A-2017-00124;

WHEREAS, in a Determination dated December 14, 2017, the CCRD made a probable cause determination with respect to Rick Corsi's Charge;

WHEREAS, the CCRD held a conciliation meeting with Rick Corsi and Mesa County, in which Janine Corsi also participated, on January 16, 2018, in Denver, Colorado;

WHEREAS, during the conciliation meeting on January 16, 2018, the Parties reached an agreement to resolve Rick Corsi's Charge;

WHEREAS, Rick Corsi and Mesa County will be entering into a separate agreement with the CCRD ("the CCRD agreement"), which CCRD agreement is separate and apart from this Agreement and which CCRD agreement will address all training program(s) that Mesa County shall undertake; and

WHEREAS, this Settlement Agreement memorializes the agreement reached between Rick Corsi and Mesa County during the conciliation meeting with the CCRD.

NOW THEREFORE, for and in consideration of the mutual releases and covenants hereinafter set forth, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows.

1. **Release of Claim(s) and Litigation.**

In consideration of Mesa County fulfilling its promises set forth in this Agreement, Rick Corsi hereby releases Mesa County, its commissioners, elected officials, agents, managers, employees, representatives, insurers, attorneys, successors and assigns, present and past, and all other individuals and entities, from liability for any and all potential claim(s) at law or in equity, including, but not limited to, those giving rise to Rick Corsi's Charge of Discrimination (Charge No. FE2017188101/32A-2017-00124), debts, demands, damages, injuries, losses, and liabilities of whatsoever kind and nature arising from or in any way arising out of Rick Corsi's employment with, separation of employment from, and relationship of any kind with Mesa County. This Agreement shall include, but is not limited to, Rick Corsi's potential claim(s) for:

Page 1 of 7

Exhibit 5                                                    Bouricius 000392

a. Wrongful discharge in violation of public policy;
b. Violation of any fair employment practices law;
c. Unpaid wages, overtime, other compensation, benefits or remuneration; violation of the Fair Labor Standards Act or any other state wage law, including, but not limited to, the Colorado Minimum Wages of Workers Act, the Colorado Minimum Wage Order, the Colorado Minimum Wage Act, Colorado's Equal Pay Law, or the Equal Pay Act;
d. Violation of ERISA;
e. Immigration Reform and Control Act;
f. Violation of the Worker Adjustment and Retraining Notification Act;
g. Violation of the Fair Credit Reporting Act;
h. Defamation, libel, slander, invasion of privacy, outrageous conduct, intentional interference with current or prospective contract, and all other negligent or intentional torts;
i. Breach of express or implied contract;
j. Breach of covenant of good faith and fair dealing; promissory estoppel or other claims based on equity;
k. Violation of any statute, regulation, rule, ordinance, or any other policy or guidance, including but not limited to C.R.S. § 24-34-402(1)(h)(I), relating to Janine Corsi's and Rick Corsi's relationship as a married couple in which both spouses worked for Mesa County;
l. Discrimination, harassment, constructive discharge, or retaliation prohibited under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, or Colorado's Anti-Discrimination Act including but not limited to sex, gender, sexual orientation, race, color, national origin, ancestry, religion, creed, age, or disability discrimination;
m. **Discrimination, harassment, or retaliation under the Age Discrimination in Employment Act;**
n. Disability discrimination, harassment, or retaliation under the Americans with Disabilities Act and/or the Americans with Disabilities Amendments Act;
o. Violation of the National Labor Relations Act;
p. Interference with or retaliation of any rights under the Family and Medical Leave Act;
q. Retaliation in violation of any state or federal law; and/or
r. All other claims whether based on contract, tort, legal or equitable theories, or any federal, state or local law, regulation, ruling or ordinance.

This waiver and release covers all forms and types of damages including, but not limited to, compensatory and consequential damages, past and future wages, past and future employment benefits, damages for emotional distress, mental anguish, humiliation, and loss of reputation, interest, any and all attorney's fees and associated costs and expenses, and claims for punitive damages or penalties. But Rick Corsi does not release any claim for any alleged workers' compensation claim, injury, etc., NOR DOES RICK CORSI WAIVE RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THIS AGREEMENT IS EXECUTED.

Page 2 of 7

Exhibit 5

Bouricius 000393

NOTICE ON ADMINISTRATIVE CHARGES AND INVESTIGATIONS

Notwithstanding any other provisions of this Agreement, Rick Corsi is <u>not prohibited from filing a charge or participating in an investigation with the Equal Employment Opportunity Commission or any Fair Employment Practices Agency, including, but not limited to, the Colorado Civil Rights Division, if such right is not waivable</u>. Rick Corsi releases any right he may have to seek rehire or receive damages or other monetary awards in any action filed by the EEOC or CCRD on Rick Corsi's behalf arising out of or in any way relating to his employment or separation from employment. Nothing in this paragraph shall be construed to limit or prohibit Rick Corsi from giving testimony pursuant to subpoena.

2. **Payment.** In consideration of Rick Corsi's resolution of Charge No. FE2017188101/32A-2017-00124, Rick Corsi's release of all claims against Mesa County, and Rick Corsi's performances of other promises stated in this Agreement, Mesa County agrees to pay Rick Corsi the total amount of sixty two thousand five hundred dollars and no cents ($62,500.00), for settlement of all claims against Mesa County that Rick Corsi sought in his Charge of Discrimination or could have sought in his Charge of Discrimination. This amount is the <u>total amount</u>, which total amount will also be reflected in and/or referred to in the CCRD agreement, that Mesa County shall pay to Rick Corsi. Mesa County shall pay this sum in the form of a check made payable to Rick Corsi no later than ten (10) calendar days after the expiration of the rescission period, as described in paragraph 3 below, assuming Rick Corsi does not rescind this Agreement. Payment shall be made to: Rick Corsi, 2131 Lawrence St., #627, Denver, CO 80205. Mesa County's payment to Rick Corsi will be subject to standard employment withholdings.

3. **Acceptance of Agreement.** Pursuant to 29 U.S.C. § 626(f)(2) and 29 C.F.R. § 1625.22(g), **RICK CORSI HAS 21 CALENDAR DAYS FROM THE DATE THIS AGREEMENT IS OFFERED TO HIM IN WHICH TO ACCEPT OR REJECT THIS AGREEMENT.** Rick Corsi's signature below evidences his knowing and voluntary acceptance of this Agreement. If Rick Corsi executes this Agreement before the expiration of the 21-day period, he has chosen to do so voluntarily, knowing he has waived his right to consider the Agreement for the full 21 days. This Agreement is forever binding upon the Parties hereto, their insurers, heirs, assigns, and successors-in-interest. No rescission, modification, or release of the Parties from the terms of this Agreement shall be made for any reasons, except **RICK CORSI MAY RESCIND THIS AGREEMENT BY DELIVERING WRITTEN NOTICE TO MESA COUNTY <u>WITHIN SEVEN (7) CALENDAR DAYS</u> AFTER THIS AGREEMENT IS SIGNED BY RICK CORSI.** Rick Corsi shall deliver notice of rescission to counsel for Mesa County, Michael C. Santo of Bechtel & Santo, 205 N. 4th Street, Suite 300, Grand Junction, CO 81501.

4. **Non-disclosure.** Rick Corsi agrees not to disparage or defame Mesa County, its commissioners, officers, directors, and employees to others or interfere with Mesa County's current or prospective contracts or clients, and Mesa County (meaning, for purposes of this section, its commissioners or any former supervisor of Rick Corsi) agrees not to disparage or defame Rick Corsi, his professionalism, or his job performances with Mesa County. Rick Corsi also agrees not to disclose the terms and conditions of this Agreement to anyone other than his spouse, attorney(s),

or accountant(s), or as required by Court order or law. Rick Corsi shall advise the parties with whom Rick Corsi has the right to share information about this Agreement that they, also, are obligated not to disclose the terms and conditions and that Rick Corsi and/or they, as applicable, can be held liable for any damages suffered by Mesa County as a result of their disclosure(s).

5. **Unforeseen Damages and Informed.** Rick Corsi enter into this Agreement with a full understanding that he may have sustained unknown or unforeseen damages resulting directly or indirectly over circumstances in which there exists a bona fide dispute. By executing this Agreement, Rick Corsi fully intends to release everyone and every entity from any and all liability for any and all such damages. Rick Corsi states that he is fully informed as to the nature, extent, and character of his damages, losses, and liabilities, if any, and as to the nature, extent, severity, and duration and all other known or unknown, foreseen or unforeseen consequences of such damages, losses, or liabilities, if any. Each of the Parties assumes the risk that the facts or law may be other than they believe or understand such facts and law to be at on the effective date of this Agreement.

6. **Non-Admission.** Nothing herein shall be construed as an admission by the Parties, of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

7. **Competent.** Rick Corsi warrants that no promise or inducement has been offered except as set forth in this Agreement and that Rick Corsi is legally competent to execute this Agreement. Rick Corsi assumes the risk of any mistake of fact that might be associated with entering into and the execution of this Agreement.

8. **Right to Obtain Legal Advice.** Rick Corsi acknowledges that he has carefully read this Agreement, he understands all its terms, and he has signed it voluntarily with full knowledge of its significance after opportunity for consideration and consultation with attorney(s) of his choosing, his family/families, and/or advisor(s), before signing this Agreement. Rick Corsi represents that no payments or other things of value have been promised to Rick Corsi for his signing and delivering this Agreement other than the payments, agreements, and benefits described herein, which payments, benefits, and agreements constitute adequate payment for the claims herein released and Rick Corsi's other agreements outlined in this Agreement.

9. **No assignment.** Rick Corsi represents that he has not assigned or subrogated any claims arising out of the employment relationship or separation from employment to any other person or entity and no person or entity has a claim for damages, losses, or liabilities against Mesa County arising out of Rick Corsi's employment or any associated claims. In the event the persons or entities released herein are subject to claims that Rick Corsi assigns that are released under this Agreement, Rick Corsi will hold the person(s) or entity/entities sued harmless from any such claims and indemnify the persons or entities released herein in defending any such claims.

10. **Choice of Law and Venue.** The Parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Colorado. Appropriate venue shall be the courts of Mesa County, Colorado.

Exhibit 5                                    Bouricius 000395

11. **Waiver of Breach/Entire Agreement.** No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Agreement may be amended only by a written agreement executed by all the Parties at the time of the amendment. This Agreement represents the entire agreement between Rick Corsi and Mesa County regarding Rick Corsi's employment, separation from employment, releases of claims, and the subjects covered herein. A separate agreement between the Parties and CCRD (the "CCRD Agreement") exists separate and apart from this Agreement.

12. **Binding Agreement.** This Agreement shall be for the benefit of and binding upon the Parties and their respective representatives, heirs, successors, and assigns.

13. **Violation of Agreement.** Except as otherwise provided herein, a party who violates this Agreement causing any other party, or anyone protected by this Agreement, to incur damages and costs, including attorney's fees, regardless of whether or not litigation is commenced, shall be liable to the other for all such damages, costs, and fees.

14. **Invalid or Void Provisions.** If any provision of this Agreement is held to be invalid or void or ineffective against any party hereto by any court of competent jurisdiction, then any such provision shall be deemed stricken and the remaining provisions shall remain in full force and effect.

15. **Miscellaneous, Counterparts, and Signatures.** This Agreement constitutes the entire agreement between the Parties, and there are no other understandings or agreements, written or oral, among them on the subject, except for the separate CCRD agreement described herein. This Agreement may be executed in two counterparts, and the failure to have the signatures of the Parties in a single Agreement shall not affect the validity or enforceability of any part of this Agreement against any Party who executes any counterpart of the Agreement. Furthermore, electronically transmitted and faxed signatures shall be deemed as original signatures. This Agreement will not be binding on any party until signed by both Parties or their representatives.

16. **Attorney Fees and Costs.** Each Party agrees to be responsible for the payment of its or his own attorney's fees and costs incurred in this matter, as applicable.

[THE REMAINDER OF THIS LEFT BLANK INTENTIONALLY]

I HAVE CAREFULLY READ THE ABOVE AGREEMENT. I, HEREBY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

By: _Rick Corsi_
Rick Corsi (Signature)

Dated this 29 day of January, 2018

Subscribed and affirmed before me in the county of Denver, State of Colorado, this 29 day of January 2018 by Rick Corsi.

_____
Notary's official signature

01-27-2019
(Commission Expiration)

STATE OF COLORADO  )
                   ) ss:
COUNTY OF Denver   )

Notary Seal

SAMANTHA GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154003801
MY COMMISSION EXPIRES JANUARY 27, 2019

Page 6 of 7

Exhibit 5

Bouricius 000397

I HAVE CAREFULLY READ THE ABOVE AGREEMENT. I, HEREBY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT.

By: _____
(Signature)

_____, authorized representative of Mesa County, Colorado.

Dated this 29th day of January, 2018

Subscribed and affirmed before me in the county of Mesa, State of Colorado, this 29th day of Jan, 2018 by Frank J. Whidden, Jr.

_____
Notary's official signature

6/12/20
(Commission Expiration)

DEANNA GOHN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924001670
My Commission Expires June 12, 2020

STATE OF COLORADO  )
                   ) ss:
COUNTY OF Mesa     )