**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-CV-01144-DDD-STV

DEBRA BOURICIUS,

     Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

     Defendant.

---

**MOTION TO RESET PLAINTIFF'S DEADLINE TO RESPOND TO DEFENDANT'S
PENDING MOTIONS IN LIMINE [Doc. 154]**

---

     Defendant Mesa County, by and through its undersigned counsel, Lambdin & Chaney, LLP, respectfully moves the Court to reset Plaintiff's deadline to respond to Defendant's pending motions in limine.   In support of this Motion, Mesa County states as follows.

     **Conferral.**   Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Defendant conferred with counsel for the Plaintiff who objects to the arbitrary setting of deadlines, but advises they are working on their responses and expect to file them in the next 60 days.

1

## I.   Introduction

On February 4, 2020, the Court entered its Order Setting Trial and Trial Preparation Order (the "Trial Preparation Order") for the present case.   *Doc. 138.*   In the Trial Preparation Order, the Court provided that motions in limine were due fourteen days before the Pretrial Conference (originally set for May 8, 2020), while responses to such motions were due seven days prior thereto.   *Id.* at ¶ 2.

In light of the COVID-19 pandemic, the parties filed a joint motion on April 24, 2020 to continue the Pretrial Conference and Trial.   *Doc. 144.*   The Court granted this motion and subsequently issued an order rescheduling the Pretrial Conference to March 18, 2021 and the Trial to April 12, 2021 (the "Rescheduling Order").   *Doc. 145*; *Doc. 153.* The Court noted in the Rescheduling Order that "[a]ll deadlines shall remain as stated in Paragraphs 1-7 of the Court's Trial Preparation Order." *Doc. 153.*

Based on discussions with opposing counsel regarding the benefit of obtaining early rulings on evidentiary issues, Defendant filed its Motions in Limine on May 19, 2020. *Doc. 154.*   A discrepancy between the parties subsequently arose concerning Plaintiff's response deadline to this motion.   On May 26, 2020, the Court advised the parties that the Rescheduling Order intended that motions in limine (and responses) be due before a certain amount of time prior to the reset Pretrial Conference in 2021.   *Email on Behalf of Domenico Chambers dated May 26, 2020.*   However, the Court also advised the parties that they may file an appropriate motion to reset these deadlines to the extent they believe there is good cause for an earlier briefing.   *Id.*

2

In light of the timing of the Motions in Limine and the possibility of having meaningful settlement discussions through early evidentiary rulings, good cause exists to reset Plaintiff's deadline to respond to Defendant's Motion in Limine.   As such, Defendant respectfully requests the Court order Plaintiff to respond to its Motion in Limine within 21 days of its order, as provided by *D.C.COLO.LCivR 7.1(d).*

## II.    Legal Standard

In general, a party is required to respond to a motion within 21 days after the date of service, or such lesser or greater time as the court may allow.   *D.C.COLO.LCivR 7.1(d).*   In regard to motions in limine, the Court has ordered motions to be filed within fourteen days of the Pretrial Conference and responses to be filed within 7 days thereof. *Doc. 138* at ¶ 2.   Although the Court confirmed that these deadlines remain in effect, it welcomed an appropriate motion to reset these deadlines for good cause.   *Doc. 153; Email on Behalf of Domenico Chambers dated May 26, 2020.*

## III.    Argument

Good cause exists to reset Plaintiff's deadline to respond to Defendant's Motion in Limine.   Prior to the COVID-19 pandemic and the subsequent Rescheduling Order, the parties had concluded discovery and were getting ready for trial.   Permitting Plaintiff to wait for 9 months until the Spring of 2021 to respond simply because the Pretrial Conference and Trial needed to be rescheduled in light of the global pandemic is not reasonable nor fair especially when the parties specifically discussed Defendant filing its Motions in Limine in order to receive early evidentiary rulings that may encourage

3

settlement.   Accordingly, good cause exists to reset Plaintiff's deadline to respond to Defendant's Motion in Limine.

WHEREFORE, Defendant respectfully requests the Court enter an order resetting Plaintiff's deadline to respond to the pending Motions in Limine [Doc. 154] within 21 days after its order, as provided by *D.C.COLO.LCivR 7.1(d).*

Respectfully submitted this 22nd day of July, 2020.

*/s/ L. Kathleen Chaney, Esq.*
L. Kathleen Chaney, #29358
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:   kchaney@lclaw.net;
*Attorneys for Defendant Mesa County*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO RESET PLAINTIFF'S DEADLINE TO RESPOND TO DEFENDANT'S PENDING MOTIONS IN LIMINE [Doc. 154]** was served this 22nd day of July, 2020, via CM/ECF electronic filing, to the following:

Paula Greisen
Jennifer Bezoza
Meredith A. Munro
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bezoza@kinggreisen.com
munro@kinggreisen.com
Attorneys for Plaintiff

*/s/ L. Kathleen Chaney, Esq.*
L. Kathleen Chaney, #29358
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:   kchaney@lclaw.net;
*Attorneys for Defendant Mesa County*

5