IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

_____

**MESA COUNTY'S <u>UNOPPOSED</u> MOTION IN LIMINE REGARDING STATISTICAL DATA**
_____

Mesa County, by and through the Mesa County Board of County Commissioners, ("Mesa County") respectfully submits its <u>Unopposed</u> Motion in Limine Regarding Statistical Data. In support thereof, Mesa County states as follows.

**Conferral.** Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the Defendant conferred with counsel for the Plaintiff regarding the relief sought in this Motion. Plaintiff's counsel does not oppose the relief requested herein.

**A. Background**

Debra Bouricius ("Bouricius") filed this lawsuit pursuant to 29 U.S.C. §§ 621, *et seq.*, (*i.e.*, the Age Discrimination in Employment Act ("ADEA")) in which Bouricius asserted one cause of action alleging Mesa County discriminated against Bouricius when it laid off Bouricius from employment. Compl. and Jury Demand (CM/ECF Doc 1) at ¶¶ 7, 42-46. So, Bouricius must prove at trial that "(1) that she is within the protected

1

age…group; (2) that she was doing satisfactory work; (3) that she was discharged despite the adequacy of her work; and (4) that there is some evidence the employer intended to discriminate against her in reaching its RIF decision." *Eke v. CaridianBCT, Inc.*, 490 Fed.Appx. 156, 162-163 (10th Cir. 2012) (citations omitted). Bouricius "must show that her age was the but-for cause of her termination." *Id.* at fn 4. *Accord Steele v. Stallion Rockies Ltd.*, 106 F.Supp.3d 1205, 1210 (D.Colo. 2015). If such showing is made, Mesa County can then come "forward with a legitimate, nondiscriminatory reason for its employment decision," after which Bouricius can prove that this reason "is a pretext for age…discrimination." *Eke*, 490 Fed.Appx. at 164.

Because certain evidence is not admissible to prove Bouricius's ADEA claim or must be precluded, the Court must prevent Bouricius from offering evidence, testimony or argument regarding these topics at trial, as set forth more fully below.

### B. Argument

*The Court must preclude Bouricius from offering evidence of or eliciting testimony regarding alleged statistical data*

Throughout this litigation Bouricius has made reference to statistical data which she believes establishes or bolsters her claim of age discrimination.

During discovery, the parties produced the arguments they presented during the CCRD investigation. In rebuttal to Defendant's position statement, Plaintiff argued that the effect of Defendant's reduction in force was a reduction in the age of the employees in the IT department by almost 10 percent. Ex. 1 (DEF 35-45 at p. 35). Plaintiff further argued that all of the employees laid off were over 40 despite the fact that that almost 30

percent of the pre-layoff IT Department was comprised of employees under the age of 40. *Id.* at DEF 43. Finally, Plaintiff argued that after the layoff, 63 percent of Mesa County's IT Department is forty or older (down from 72 percent pre-layoff). *Id.* Ultimately, Plaintiff argues that the above establishes statistically significant reduction in the average age of the IT Department and is strong evidence that older workers were disproportionality and unlawfully affected in the layoff. *Id.*

Plaintiff's alleged statistical evidence, however, is fundamentally flawed rendering it inadmissible. This is because Plaintiff's statistical data includes individuals who were not similarly situated. To obtain its allegedly persuasive data, Plaintiff includes all members of the IT Department regardless of their duties, responsibilities or roles. Many of these employees had absolutely no skill, training or experience similar to Plaintiff, who was a Sr. Business System Analyst at the time of her lay off. Ex. 2 (DEF 61-63). At the time of Plaintiff's lay-off the IT Department included twenty-seven (27) individuals. *Id.* Those twenty-seven individuals all had various job duties, responsibilities, backgrounds and experience as outlined in their individual job descriptions. Composite Ex. 3 (DEF 584-586; 1675-1676; 1661-1662; 1666-1674; 1677-1696). As Plaintiff was a Sr. Business System Analyst, lumping her in with other members of the IT Department who had dissimilar jobs, experience, and performance reviews is improper because it is not based upon a comparative analysis of similarly situated individuals.

While the Tenth Circuit has recognized that statistical data showing an employer's pattern of conduct towards a protected class can create an inference of discrimination, such statistical data must be limited to comparative data of similarly situated individuals.

*Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 532 (10th Cir. 1994). "To make a comparison demonstrating discrimination the plaintiff **must** show that the employees were similarly situated." *Id. emphasis added*. Indeed, the Tenth Circuit has held that "[a] plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between comparable individuals." *Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 746 (10th Cir. 1991).

Plaintiff's statistical data is also flawed because it is too small to provide reliable statistical data. *Id.* In *Fallis*, the Court found that the statistical data proffered by Plaintiff could not be used to establish an inference of discrimination for two reasons: 1) the group utilized was too small to provide reliable statistical data; and 2) the statistical data failed to focus on nondiscriminatory explanations for disparate treatment. *Id*. Here, Plaintiff's alleged statistical data also fails for these reasons. Plaintiff's data is based on a sample of only twenty-seven individuals. As found in *Fallis*, "such a small statistical sample carries little or no probative force to show discrimination." *Id*. Further, Plaintiff has failed to focus on nondiscriminatory explanations for alleged disparate treatment. Instead, Plaintiff merely looked at the ages of all employees of the IT Department, even though they were not similarly situated, and performed some quick, albeit unreliable math. This is exactly the type of situation which the *Fallis* Court found was improper and could not be used to establish an inference of discrimination.

In *Furr v. Seagate Technology, Inc.*, 82 F.3d 980 (10th Cir. 1996), the Tenth Circuit held that Plaintiff's alleged statistical data was flawed an unusable because it grouped all employees together regardless of specialty or skill and failed to take into account

nondiscriminatory reasons for the numerical disparities. *Id*. at 987. The circumstance in *Furr* is exactly what Plaintiff is improperly seeking to introduce in the instant case.

As the alleged statistical data proffered by Plaintiff is fatally flawed, Plaintiff should be barred from introducing same as it cannot be used to infer discriminatory intent and is, therefore, irrelevant. F.R.E. 401.

Further, there is real danger that admitting evidence and testimony relating to the flawed statistical data may confuse or mislead jurors into believing that the statistical data is sufficient to infer discrimination. F.R.E. 403

Consequently, this Court must exclude the introduction of evidence, testimony and arguments relating to statistical data rendered from the lay-offs in the IT Department.

WHEREFORE, for the reasons stated above, Mesa County moves the Court for an order in *limine* precluding Bouricius from introducing evidence, eliciting testimony or making arguments regarding alleged statistical data.

Respectfully submitted this 23rd day of September 2021.

> */s/ L. Karen B. Rogers, Esq.*
> L. Kathleen Chaney, #29358
> Karen B. Rogers, #45991
> LAMBDIN & CHANEY, LLP
> 4949 South Syracuse Street, Suite 600
> Denver, CO 80237
> (303) 799-8889
> (303) 799-3700 (facsimile)
> Email: kchaney@lclaw.net; krogers@lclaw.net
> *Attorneys for Defendant Mesa County*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1. This Motion for Summary Judgment contains 1,107 words. (MAX 4,000 WORDS)

*/s/ Karen B. Rogers, Esq.*
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  krogers@lclaw.net;
*Attorneys for Defendant Mesa County*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MESA COUNTY'S MOTION IN LIMINE REGARDING STATISTICAL DATA** was served this 23rd day of September 2021, via the CM/ECF electronic filing system, to the following:

Paula Greisen
Meredith A. Munro
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
munro@kinggreisen.com
Attorneys for Plaintiff

*/s/ Karen B. Rogers, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net;
*Attorneys for Defendant Mesa County*