

Diane S. King
Paula Greisen
Meredith A. Munro
John C. Lowrie, Of Counsel

Kimberly J. Jones
Hunter A. Swain*

*Also admitted in New York

May 22, 2017

<u>Via Email</u>: teresa.devlin@state.co.us

Teresa Devlin, Compliance Investigator
Colorado Department of Regulatory Agencies
Colorado Civil Rights Division
1560 Broadway, Suite 1050
Denver, CO 80202

    Re:   *Debra Bouricius v. Mesa County*, Charge No. FE2017481263

Dear Ms. Devlin:

    As you know, King & Greisen, LLP represents Charging Party Debra Bouricius with regard to her legal claims again her former employer, Mesa County, including her claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and the Colorado Anti-Discrimination Act ("CADA"). We now provide this rebuttal in response to Respondent's Position Statement dated March 29, 2017.

    Mesa County fired Ms. Bouricius as part of a 2016 layoff that exclusively targeted Information Technology Department ("IT Department") workers over age forty. Not a single one of those laid off was younger than forty, despite the fact that this group of younger workers comprised almost 30 percent of the department. *See* Attachment A. Furthermore, Mesa County chose to fire the oldest person in each job title affected by the layoff. *See id*. Though Mesa County's Position Statement attempts to mislead the CCRD with smoke and mirrors by manipulating data about its work force to cast the layoff in the very best possible light, the statistics speak for themselves. The effect of Mesa County's age-discriminatory layoff was that the proportion of IT Department employees age forty or older declined by almost 10 percent, while the percentage of younger workers rose by almost 10 percent. This statistically significant decline in the average age of the IT Department's employees is strong evidence that older workers were unlawfully and disproportionately impacted by the layoff.

    Moreover, Mesa County has failed to articulate any objective criteria which it used to select employees who would be laid off. Mesa County does not even attempt to do so, and in fact cites its Human Resources Department manual, which instructs directors to use subjective criteria about "performance" and "special abilities the employee may possess" to select employees for layoff. The manual provides no guidance as to what these vague terms mean, and leaves their application in the hands of one individual, who has unfettered discretion to select employees to be fired for age-discriminatory reasons. Mesa County's use of vague and subjective selection criteria to select objectively high-performing older workers for layoff is strong evidence that the layoff was motivated by unlawful age discrimination.

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f 303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 35

EXHIBIT 1

Respondent's explanation for its decision to fire Ms. Bouricius is based entirely on the vague, unsupported assertion that she was fired because her "skills were not as strong" as other employees. Ms. Bouricius's most recent performance reviews show that the opposite was true. Her performance was remarkably strong according to all objective performance metrics, and she had overall performance ratings between "Exceeds" and "Far Exceeds." Meanwhile, Mesa County has not provided any information about the performance reviews of IT Department employees who were not laid off, and has not provided the ages of any employees in other departments impacted by the layoffs. As a result, Mesa County has deprived the CCRD of the ability to evaluate the truth or falsity of its claims.

While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages. The discriminatory termination of Ms. Bouricius is part of a pattern of picking older workers to be laid off and justifying it later with vague, inconsistent, and false claims about their performance. We are aware of at least two other employees fired in the same layoff who have also filed CCRD charges of age discrimination: Janine Corsi (age 59 at the time of the layoff), and Rick Corsi (age 59 at the time of the layoff).

The CCRD must put an end to this pattern of age discrimination.

## FACTUAL BACKGROUND

Ms. Bouricius began working for Mesa County on April 2, 1990 as an Applications Analyst. Because of her consistently strong performance over her almost twenty-seven years of employment, Ms. Bouricius earned successive raises over her career at Mesa County. At the time of her unlawful termination on October 7, 2016, Ms. Bouricius held the job title of Senior Business Systems Analyst ("Sr. BSA").

There is ample evidence that Ms. Bouricius was a remarkably high performing employee. In 2014, she received a strong performance evaluation which gave her an overall rating of between "Exceeds" and "Far Exceeds." *See* Attachment 9 to Respondent's Position Statement. On that evaluation, Ms. Bouricius received .95 out of 1.0 for Customer Service, 1.0 out of 1.0 for Inner Department Relations, 1.0 out of 1.0 for Professionalism and Availability, and 1.75 out of 2.0 for Technical Knowledge. The "overall" comment about her job performance in 2014 reads:

> Deb has shown the ability to meet all the technical requirements of the job. Seems to feel most comfortable managing projects. An area to continue to develop would be technical and systems knowledge.
>
> Deb has managed several different start-up projects throughout the year and as always continues to do an excellent job managing, coordination and organizing staff and vendors.
>
> Has handles (sic) all assignments well.

1670 York Street • Denver, Colorado 80206 • p 303.298.9878 • f 303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 36

**EXHIBIT 1**

*See* Attachment 9 to Respondent's Position Statement. Given Ms. Bouricius's overall rating of between "Exceeds" and "Far Exceeds," there is no indication that Mesa County had any concerns about any aspect of her performance.

The next year, in 2015, Ms. Bouricius again received a strongly positive performance review, which read: "Throughout the year Deb has lead and been involved in a wide variety of projects. . . . She has supported countywide and core department specific applications for many years and has an extensive knowledge of their business processes and needs. Deb strives to meet customer expectations in a very challenging environment at times." *See* Attachment 8 to Respondent's Position Statement. Ms. Bouricius did not receive a performance evaluation for 2016 because she was laid off before the performance evaluation process began.

At the time of the October 2016 layoff, the Mesa County Information Technology (IT) Department had six Sr. BSAs. (Respondent's Position Statement incorrectly claims that the IT Department only had five Sr. BSAs, conveniently omitting to mention the youngest employee with that title, 33-year-old Elizabeth McDowell). The Sr. BSAs in the IT Department at the time of Ms. Bouricius's termination were:

| NAME | AGE | YEARS OF SERVICE | LAID OFF | EVIDENCE PROVIDED BY MESA COUNTY ABOUT JOB PERFORMANCE |
|---|---|---|---|---|
| Debra Bouricius | 57 | 26 | Yes | Yes, positive performance reviews throughout career |
| David Barnett | 47 | 12 | Yes | No |
| Elizabeth McDowell | 33 | 4 | No | No |
| Lori Marak | 52 | 15 | No | No |
| Terrie Hotary | 51 | 3 | No | No |
| Kelly Leuallen | 57 | 23 | No | No |

1670 York Street • Denver, Colorado 80206 • p.303 298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 37

EXHIBIT 1

Teresa Devlin, Compliance Investigator
Debra Bouricius v. Mesa County
May 22, 2017
Page 4 of 10

Five other older employees were laid off from the IT Department at the same time as Ms. Bouricius: Janine Corsi (age 59), Rick Corsi (age 59), David Barnett (age 47), Carey Stieb (49), and Crislynn Howerton (age 59). *See* Attachment A. We understand that Mesa County has made similarly vague and incorrect claims about the bases for firing Janine Corsi and Rick Corsi in response to their charges of age discrimination.

For instance, we understand that Mesa County claims Janine Corsi was selected to be fired because her job solely consisted of making network backups. That claim is untrue – she did the exact same work as all the other employees with her job title. Ms. Corsi had worked for Mesa County for 23 years at the time of her termination, and was the longest tenured employee with the Network Administrator job title. (Carey Stieb, a 49-year-old Network Administrator with 21 years of experience at Mesa County, was also laid off. We understand that Mesa County's position statement in response to Ms. Corsi's charge does not even mention Stieb.) The Network Administrators whom Mesa County chose not to fire, Bill Tarlton and Ron Sage,[1] were both 41 years old, and both had less than 10 years of experience at Mesa County. At the time of the layoff, Sage had been openly discussing moving to another city and leaving his job with Mesa County, yet was not selected to be laid off.

Further, we understand that Respondent also claims Rick Corsi, who had 21 years of experience at Mesa County, was fired because of his "skill sets," despite the fact that (like Ms. Bouricius and Janine Corsi) he had a documented history of consistently receiving strong performance reviews. Specifically, Mesa County claims Mr. Corsi had worse "customer service" skills than Lhana Jordan (age 32, with 10 years of experience), and was less knowledgeable about network processes than Troy Flick (age 46, with 12 years of experience). These claims are vague and subjective, and Mesa County has not provided any objective metrics by which their accuracy can be judged.

Taken together with the vague, inconsistent, and subjective reasons given for the termination of Rick Corsi and Janine Corsi, Ms. Bouricius's termination is part of a clear pattern of unlawful age discrimination in the selection of employees to be laid off.

### REBUTTAL

**A. Respondent's cherry-picked and misleading statistics cannot hide a clear pattern of targeting older workers for layoff.**

Respondent presents several incorrect and cherry-picked statistics about the age of its workforce and the employees who were chosen to be fired. Mesa County does so in order to mislead the CCRD and present its layoff in the best possible light. However, a close look at

---

[1] We understand that Mesa County does not compare Ms. Corsi to Ron Sage because Sage had the technical job title of "Senior" Network Administrator. Sage is a proper comparator to Ms. Corsi because he had the exact same duties of the other Network Administrators, and his pay was identical to Bill Tarlton's pay.

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303 298 9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 38

EXHIBIT 1

Teresa Devlin, Compliance Investigator
Debra Bouricius v. Mesa County
May 22, 2017
Page 5 of 10

Mesa County's IT Department layoff shows a clear, indisputable pattern of targeting older workers to be fired. Each IT Department employee laid off by Mesa County was the oldest person (or tied for oldest) with his or her job title. *See* Attachment A.

First, the IT Department had six, not five, Senior Business Systems Analysts. Respondent excluded Elizabeth McDowell (age 33), who was by far the youngest Sr. BSA from its tally. Respondent appears to have done so in order to falsely inflate the average age of the Sr. BSAs. While Respondent falsely claims that the average age of the Sr. BSAs was 53, McDowell brings the average age of employees with that job title to 49.5.

Second, while Respondent points out that 72% of the pre-layoff IT Department staff was age forty or older, Respondent's Position Statement omits several other statistics which demonstrate that older workers were specifically targeted for layoff. *Every* employee laid off was in the protected category of individuals over age forty. *None* of the IT Department employees under age forty were laid off. Mesa County also chose to fire the oldest person with each job title affected by the layoffs:

- Deb Bouricius, oldest BSA (age 59);
- Janine Corsi, oldest Network Administrator (age 59);
- Rick Corsi, oldest IT Manager (age 59);
- Crislynn Howerton, tied for oldest Help Desk employee (age 59).

*See* Attachment A. As a result of these layoffs which exclusively targeted employees age forty and up, the percentage of older workers in the IT Department declined dramatically, by almost 10%.

The most salient statistics are as follows:

|  | IT Department Employee Age Pre-Layoff | Age of Those Selected for Layoff in 10/2016 | IT Department Employee Age Post-Layoff |
|---|---|---|---|
| Age 40 or older | 72% | 100% | 63% |
| Age 39 or younger | 28% | 0% | 37% |

1670 York Street • Denver, Colorado 80206 • p 303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

B. **The sole reason articulated by Respondent for firing Ms. Bouricius is one vague, subjective, and unsupported assertion about Ms. Bouricius's "skills." In actuality, her performances reviews conclusively demonstrate that she was a remarkably strong performer.**

Respondent has failed to articulate *any* objective criteria which it consistently applied to select who would be laid off. Rather, without discussing the methodology it used to exclusively select older works to be fired, Respondent claims that Ms. Bouricius – the oldest and most experienced Sr. BSA in the department – was laid off because Mesa County evaluated the "strengths and weaknesses of her skills" and decided that her "skills were not as strong as the other Sr. SBAs (sic)." Respondent's Position Statement at 1, 3.

Respondent makes no effort to justify these assertions by comparing Ms. Bouricius's "skills" with those of other employees. Instead, Respondent passingly discusses, in one paragraph, some out-of-context comments from two of Ms. Bouricius's performance evaluations. Each of the claims in that paragraph are either false or taken out of context. For instance, Respondent claims that Ms. Bouricius "was not as proficient regarding systems Sr. BSAs support, customer service, or documentation skills." Respondent's Position Statement at 4. In her 2014 performance evaluation, Ms. Bouricius received a .95 out of 1.0 rating on her customer service skills. *See* Attachment 9 to Respondent's Position Statement. She was not rated on "documentation skills." Respondent has not provided any information about the "customer service" skills ratings or "documentation skills" of other Sr. BSAs who were not selected for layoff.

Respondent's entire argument that Ms. Bouricius was fired for job performance appears to rest on one general goal-oriented statement in Ms. Bouricius's 2015 performance review, which was not a criticism of her performance. Taken in context, this statement was made while *praising* her performance. Directly above this "goal" statement, her 2015 evaluation states: "Throughout the year Deb has lead (sic) and been involved in a wide variety of projects. . . . She has supported countywide and core department specific applications for many years and has an extensive knowledge of their business processes and needs. Deb strives to meet customer expectations in a very challenging environment at times." *See* Attachment 8 to Respondent's Position Statement. The review contains no criticism of her "skills" or any other aspect of her performance.

Ms. Bouricius's 2014 evaluation (Attachment 9 to Respondent's Position Statement) also contains similar praise of her performance. That performance review contains the following praise:

> Deb has shown the ability to meet all the technical requirements of the job. . . . Deb has managed several different start-up projects throughout the year and as always continues to do an excellent job managing, coordination and organizing staff and vendors.

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 40

EXHIBIT 1

Has handles (sic) all assignments well.

In that same 2014 evaluation, Ms. Bouricius was rated .95 out of 1.0 for Customer Service, 1.0 out of 1.0 for Inner Department Relations, 1.0 out of 1.0 for Professionalism and Availability, and 1.75 out of 2.0 for Technical Knowledge. Her overall rating was between "Exceeds" and "Far Exceeds." Respondent has provided no information whatsoever about the contemporaneous performance reviews of employees who were not selected for layoff, which likely would demonstrate that those employees received worse performance evaluations than she did.

### C. Respondent admits that it uses wholly subjective criteria to select employees for layoff, which is evidence of pretext.

Respondent's admitted use of wholly subjective selection criteria is strong evidence that the its layoff selections were motivated by unlawful age discrimination. Respondent's Position Statement quotes extensively from Section 8.03 of Mesa County's Human Resources Policies and Procedures Manual ("Section 8.03") to describe its process for selecting which employees should be selected to be included in a layoff. *See* Respondent's Position Statement at 3-4 and Attachment 7 to Respondent's Position Statement. Section 8.03 states that "the director will have the option to lay off employees as deemed necessary and appropriate." *Id.* The director is required only to consider "Performance of the employee" and "Special abilities the employee may possess." *Id.* Section 8.03 does not give the director any guidance which "performance" metrics to consider, and instead allows him to consider impossibly vague and subjective factors in making layoff decisions.

"Courts view with skepticism subjective evaluation methods" because wholly subjective methods of evaluation provide an opportunity for employers to engage in unlawful age discrimination. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1218 (10th Cir. 2002) (*citing Bauer v. Bailar*, 647 F.2d 1037, 1046 (10th Cir. 1981)). In cases where the criteria upon which employers base their layoff decisions are "entirely subjective in nature," courts infer that the stated reasons are pretextual. *See Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003). Such is the case here. Mesa County has not articulated a single objective criterion for selecting Ms. Bouricius – the oldest and most experienced employee in the IT Department, who had a documented history of strong performance – to be laid off. Furthermore, Mesa County has unsuccessfully attempted to conceal from the CCRD that it retained a 33-year-old Sr. BSA with only four years of experience. Thus, the CCRD should infer that Mesa County's proffered explanation is pretextual.

### D. Mesa County has failed to show that Ms. Bouricius's job performance or her skills were weaker than employees who were retained.

Given Ms. Bouricius's consistently strong performance evaluations, without further evidence it is impossible to credit Mesa County's claim that Ms. Bouricius's "skills" were weaker than those of other employees. By failing to provide any information about the job

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 41

EXHIBIT 1

performance of employees who were retained, Mesa County has deprived the CCRD of the tools it needs to evaluate the veracity of Respondent's claims.

The CCRD should treat this as an admission that Mesa County's layoff decisions were not genuinely based on concerns about performance deficiencies or "skills." However, at the least, the CCRD should require Respondent to provide the performance evaluations of IT Department employees who were not fired in the October 2016 layoffs in order to compare them to Ms. Bouricius's evaluations.

## LEGAL CLAIMS

### *Age Discrimination -- Disparate Treatment*

Ms. Bouricius has proven that her layoff was motivated by unlawful age discrimination in violation of the ADEA and CADA. The ADEA and CADA prohibit an employer from taking an adverse employment action against an employee over forty years old on the basis of her age. 29 U.S.C. § 623(a)(1); Colo. Rev. Stat. § 24-34-402(1)(a).

To establish a *prima facie* case of age discrimination in violation of the ADEA and CADA in the context of a reduction in force ("RIF") or layoff, Ms. Bouricius need only demonstrate that: "(1) [she] was within a protected age group; (2) [she] was doing satisfactory work; (3) [she] was discharged despite the adequacy of [her] work; and (4) there is some evidence the employer intended to discriminate against [her] in reaching its RIF decision." *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006). The fourth element of intent can be proven "through circumstantial evidence that the plaintiff was treated less favorably than younger employees during the [RIF]." *Id.* at 1193 (citations omitted); *see also Bank v. Allied Jewish Federation of Colo.*, 4 F. Supp. 3d 1238 (D. Colo. 2013) (CADA age discrimination elements).

As a fifty-seven-year-old woman who was the longest tenured employee in the IT Department, Ms. Bouricius undoubtedly falls within the protected class under CADA and the ADEA. She was doing satisfactory work throughout her tenure, as evidenced by her strong performance reviews and her long and successful career at Mesa County. The performance reviews provided by Respondent at Exhibits 8 and 9 to its Position Statement demonstrate Ms. Bouricius's strong performance at Mesa County without any doubt. Meanwhile, Mesa County has failed to provide any information which would allow the CCRD to compare Ms. Bouricius's strong performance with the performance of the younger employees who were not laid off.

Ample evidence exists to suggest that Mesa County terminated Ms. Bouricius because of her age. The statistics speak for themselves – every single one of the employees laid off was over age forty, and none of the younger employees were fired. As described above, Mesa County's asserted reasons for selecting Ms. Bouricius to be included in the layoff fall flat. Mesa County has not met its burden to articulate legitimate, objective criteria by which is made its layoff

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f 303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 42

**EXHIBIT 1**

Teresa Devlin, Compliance Investigator
Debra Bouricius v. Mesa County
May 22, 2017
Page 9 of 10

decisions. Thus, the CCRD must conclude that Mesa County intentionally discriminated against Ms. Bouricius and other older workers in making its layoff decisions.

### *Age Discrimination – Disparate Impact*

The United States Supreme Court has held that, even if an employer does not intend to engage in age discrimination, a policy or practice having a disparate adverse impact on older employees still constitutes unlawful age discrimination under the ADEA (and CADA).[2] *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1198 (10th Cir. 2006) (citing *Smith v. City of Jackson*, 544 U.S. 228 (2005)). Disparate impact claims do not require a showing of intentional discrimination. *Id.* at 1199. Rather, the entire "necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination." *Id.* Ms. Bouricius has established disparate impact discrimination by identifying an employment policy that caused significant disparate impact on older employees. *See id.* at 1200.

Here, there is evidence that Mesa County used performance based criteria that was unfairly imposed on older employees to target those older employees for layoff. As discussed above, a statistical analysis of the May 4 layoff demonstrates a clear disparate impact on Mesa County IT Department workers who were forty years of age or older.

Mesa County has a written policy which allows the Director unfettered discretion to choose who will be laid off, and does not provide any objective guidance. Application of this policy solely using subjective criteria caused older employees, including Ms. Bouricius, Janine Corsi, and Rick Corsi, to suffer a disparate impact in this layoff.

Every single IT Department employee chosen to be laid off was over forty. Despite the fact that almost 30 percent of the pre-layoff IT Department was comprised of employees under age forty, not a single employee under age 40 was laid off. After the layoff, 63 percent of Mesa County's IT Department is forty or older (down from 72 percent pre-layoff). Mesa County accomplished this significant reduction in the average age of its IT Department workforce by laying off the oldest employee with each affected job title. This statistically significant reduction in the average age of the IT Department's employee pool is strong evidence that older workers were disproportionately and unlawfully affected by the layoff, regardless whether the explicit intent was to target older workers. *See Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1139 (10th Cir. 2000) ("Statistics concerning employees terminated in a RIF are probative to the extent they suggest that [protected classes of employees] were not treated less favorably than [the privileged classes].").

Thus, Ms. Bouricius has stated a strong claim for disparate impact age discrimination.

---

[2] CADA allows disparate impact claims. When analyzing her CADA claim, the court will apply the ADEA framework. *See, e.g., St. Croix v. Univ. of Colo. Health Scis. Ctr.*, 166 P.3d 230 (Colo. App. 2007) (relying on federal Tenth Circuit law in analyzing discrimination claim brought under CADA).

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303.298.9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 43

**EXHIBIT 1**

Teresa Devlin, Compliance Investigator
Debra Bouricius v. Mesa County
May 22, 2017
Page 10 of 10

## CONCLUSION

For the reasons set forth above, we strongly urge CCRD to issue a finding of probable cause with respect to Ms. Bouricius's claims of age discrimination.

Sincerely,

KING & GREISEN, LLP

Paula Greisen
Hunter A. Swain

Attachment
HAS/PG/lam
cc:  Debra Bouricius (via email)

1670 York Street • Denver, Colorado 80206 • p 303.298.9878 • f 303 298 9879 • www.KingGreisen.com • greisen@kinggreisen.com • swain@kinggreisen.com

DEF 44

**EXHIBIT 1**

## MESA COUNTY IT DEPARTMENT LAYOFFS – OCTOBER 6, 2016

| | Approximate Age | Approximate Years of Service |
|---|---|---|
| **BUSINESS SYSTEMS ANALYST** | | |
| Lori Marak | 52 | 15 |
| Elizabeth McDowell | 33 | 4 |
| Terrie Hotary | 51 | 3 |
| Kelly Leuallen | 57 | 23 |
| Deb Bouricius (laid off – oldest BSA) | 57 | 26 |
| David Barnett (laid off) | 47 | 12 |
| **NETWORK ADMINISTRATOR** | | |
| Bill Tarlton | 41 | 5 |
| Janine Corsi (laid off – oldest Network Admin) | 59 | 23 |
| Carey Stieb (laid off) | 49 | 21 |
| Ron Sage | 41 | 9 |
| **IT MANAGER** | | |
| Troy Flick | 46 | 12 |
| Lhana Jordan | 32 (42) | 10 |
| Rick Corsi (laid off – oldest IT Manager) | 59 | 21 |
| **HELP DESK** | | |
| Paul Mitts | 59 | 6 |
| Crislynn Howerton (laid off – tied for oldest Help Desk) | 59 | 4 |
| **PC SUPPORT** | | |
| Josh Dallman | 34 | 2 |
| Dave Underwood | 37 | 15 |
| Eric Farslow | 59 | 5 |
| Derek Conlon | 37 | 4 |
| Andrew Wetzel | 31 | 2 |
| **WEB ADMIN** | | |
| Joe Keene | 48 | 12 |
| Leilani Boyles | 51 | 22 |
| **GIS** | | |
| Chris Kadel | 51 | 17 |
| Ryan Davidson | 39 | 4 |
| **COUNTY ADMINISTRATOR / IT DIRECTOR** | | |
| Frank Whidden | 55 | 5 |

Attachment A

**DEF 45**

EXHIBIT 1