**STIPULATED INSTRUCTION NO. 1**

We are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the Plaintiff. In this action, the Plaintiff is Debra Bouricius. The party being sued is called the Defendant. In this action, the Defendant is Mesa County.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at

the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the

courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Citation: § 101.01, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 2**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiff will present evidence in support of Plaintiff's claim and the Defendant's lawyer may cross-examine the witnesses. At the conclusion of the Plaintiff's case, the Defendant may introduce evidence and the Plaintiff's lawyer may cross-examine the witnesses. The Defendant is not required to introduce any evidence or to call any witnesses. If the Defendant introduces evidence, the Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Citation: § 101.02, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 3**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Citation: § 101.10, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 4**

Before the trial of this case, the Court held a conference with the lawyers for both of the parties. At this conference, the parties entered into certain stipulations of facts, which means the parties agreed that the following facts can be taken as true without further proof.

The following facts are undisputed:

a.    Plaintiff Debra Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016.

b.    Mesa County is a county; Mesa County is located in the State of Colorado; and Mesa County is a political subdivision of the State of Colorado.

c.    Mesa County was the employer of Ms. Bouricius.

d.    Mesa County has at all relevant times employed more than 20 employees.

e.    Ms. Bouricius was over the age of 40 at the time of her separation from employment.

**STIPULATED INSTRUCTION NO.5**

To ensure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

Citation: § 101.11, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 6**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.


Citation: § 101.15, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 7**

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

Citation: § 101.18, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 9**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

Citation: § 102:02, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO.10**

The following is a brief summary of the claims and defenses in this case. This summary does not represent evidence in this case.

The parties to this case are Debra Bouricius, who is the Plaintiff, and Mesa County, the Defendant.

Ms. Bouricius has brought a claim against Mesa County alleging that Mesa County discriminated against her because of her age.

Ms. Bouricius worked for Mesa County as a Senior Business Analyst in its Information Technology ("IT") Department.

On October 7, 2016, Mesa County laid off six employees in the IT Department, including Ms. Bouricius. Ms. Bouricius claims she was selected for termination because of her age.

Mesa County denies that it discriminated against Ms. Bouricius because of her age and claims that it has a legitimate non-discriminatory reason for its business decision.

These are the issues you are to decide.

**STIPULATED INSTRUCTION NO. 11**

We are about to take our first recess. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Citation: § 102:01, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 12**

MEMBERS OF THE JURY:

Now that you have heard the evidence, it is my duty to instruct you as to the law applicable to this case.  I have already given you some introductory instructions at the beginning of the case, and you have received oral instructions during the trial.  You should consider all of the instructions I have already given you together with those I am about to give you.

It is your duty as jurors to follow the law as contained in these instructions and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law – you must apply it whether you agree with it or not.

Counsel will properly refer to some of the governing rules of law in their closing arguments.  If there is a difference between the law as stated by counsel and that stated in these instructions, you are governed by these instructions.

Nothing in these instructions is to be taken as an indication of my personal opinion about the facts of the case.  It is not my function to determine facts, it is yours.

You must perform your duties as jurors without bias or prejudice or public opinion. The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Citation: § 103:30  and § 104:20 Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020) (modified and combined); and CJI-Civ.3:4, Colorado Civil Pattern Jury Instructions.

**STIPULATED INSTRUCTION NO. 13**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A governmental entity, such as Mesa County, is entitled to the same fair trial as a private individual. All persons, including governmental entities, and other organizations stand equal before the law, and are to be treated as equals. Do not let bias, prejudice, or sympathy play any part in your deliberations.

Citation: § 103:12, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 16**

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

Citation: § 102:45, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020) .

**STIPULATED INSTRUCTION NO. 19**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

NOTE:  Plaintiff is not aware of any testimony that will be submitted via deposition in lieu of in-person testimony at trial.  Plaintiff will stipulate to the inclusion of this instruction if it is agreed between the parties, or ordered by the court, that testimony is presented by deposition in lieu of in-person appearance at the trial.  Defendant believes that the instruction is appropriate and should be given if all or any portion of a deposition is used during trial.

Citation: § 105:02, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

**STIPULATED INSTRUCTION NO. 20**

Charts or summaries that are not received in evidence are known as demonstratives, while charts or summaries that are received in evidence are exhibits.

The only purpose of a demonstrative chart or summary is to help explain the evidence in the case. The demonstrative is not evidence itself and does not prove any fact.

Some charts or summaries, however, are evidence because they accurately and reliably summarize complex or voluminous evidence in a manner that may assist you in understanding that evidence. Such a summary or chart exhibit is only as valid and reliable as the underlying evidence it summarizes and is not independent evidence on its subject matter.

NOTE: The parties agree to stipulate to the inclusion of this instruction if charts and summaries are admitted into evidence during trial.

Citation: J. Kane, February 2019 Sample Instructions No. 2.0.; *United States v. Downen*, 496 F.2d 314 (10th Cir. 1974).

**STIPULATED INSTRUCTION NO. 21**

You have heard testimony from certain witnesses in this case who testified to opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the special knowledge, skill, experience training or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Citation: 2.13, Manual of Model Civil Jury Instructions for the 9th Circuit (2017) (modified).

## STIPULATED INSTRUCTION NO. 35

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly arid adversely impact the judicial process.

Citation: § 103.04, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

## STIPULATED INSTRUCTION NO. 36

Now that you have heard the evidence and the parties' arguments, it is your duty to find the facts from all the evidence in the case. And to those facts, you must apply and follow the laws contained in these instructions, whether you agree with them or not. If there is any difference between the law stated by the lawyers and the law in these instructions, you are governed by my instructions. You must follow all of these instructions and not single out some and ignore others; they are all equally important. The decision you reach by applying the law in these instructions to the facts as you find them is called a verdict.

You must not read into these instructions or into anything I say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, bias, or public opinion. All parties expect that you will carefully consider all the evidence, follow the law in these instructions, and reach a just verdict, regardless of the consequences. You have taken an oath promising to do so.

Citation: J. Kane, February 2019 Sample Instructions No. 4.0.