**INSTRUCTION NO. 8**

Reports about this trial may be appearing in the newspapers and/or on radio and television and the Internet. The person who reported the story may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence that will be received here in court.

Citation: § 102:12, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

## INSTRUCTION NO. 14

1. The Plaintiff has the burden of proving her claim by a preponderance of the evidence.

2. The Defendant has the burden of proving an affirmative defense by a preponderance of the evidence.

3. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

4. "Burden of proof" means the obligation the Plaintiff has to prove her claim and the obligation the Defendant has to prove an affirmative defense by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5. If a party fails to meet her or its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

Citation: §§ 171:60, 171:6, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020) (modified and combined).

## INSTRUCTION NO. 15

You should consider only the evidence in this case, but you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your experience. In other words, you should use your reason and common sense to make deductions and reach conclusions as to the facts.

The evidence from which you are to decide the facts consists of:

1. the sworn testimony of the witnesses;

2. the exhibits which have been received into evidence;

3. any facts to which the lawyers have agreed or stipulated; and

4. any other facts you have been instructed to treated as true.

Any finding of fact you make must be based on probabilities, not possibilities. Facts may not be based on surmise, speculation or conjecture.


Citation: § 103:30, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

# INSTRUCTION NO. 17

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Citation: 1.12, Manual of Model Civil Jury Instructions for the 9th Circuit (2017).

## INSTRUCTION NO. 18

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In evaluating the testimony of any witnesses, you may consider:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and his or her bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the

5

other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Citation: 1.14, Manual of Model Civil Jury Instructions for the 9th Circuit (2017).

## INSTRUCTION NO. 22

The Plaintiff has brought a claim of employment discrimination against the Defendant.  The Plaintiff asserts the Defendant discharged the Plaintiff because of her age.  The Defendant denies that the Plaintiff was discharged because of her age and further asserts the decision to discharge the Plaintiff was based on lawful reasons.

In order to prevail on this claim, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the Defendant discharged the Plaintiff;
2. the Plaintiff was 40 years of age or older at the time she was discharged; and
3. the Defendant would not have discharged the Plaintiff but for her age.

To meet this burden, the Plaintiff must prove that each and every reason given by Mesa County for the Plaintiff's discharge was factually baseless, and was not the actual motivation behind the decision to discharge the Plaintiff.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove any one of these elements, your verdict should be for the Defendant.

The mere fact that the Plaintiff was 40 years of age or older and was discharged is not sufficient, in and of itself, to establish a claim of age discrimination.

Citation: 11.1, Manual of Model Civil Jury Instructions for the 9th Circuit (2017); § 173:20, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020); ***Timmerman v. U.S. Bank***, 483 F.3d 1106 (10th Cir. 2007).

7

# INSTRUCTION NO. 23

In order for Plaintiff to prove that she would not have been discharged but for her age, she must prove by a preponderance of the evidence that age was a determinative factor. A "determinative factor" means the Plaintiff must prove the Defendant would not have taken the adverse employment action alleged but for Plaintiff's age.

Citation: § 173:41, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

## INSTRUCTION NO. 24

If your find Plaintiff has established each of the essential elements of her claim, then you will consider the defense alleged by Defendant that the treatment of Plaintiff was for a reasonable factor other than age.

Defendant has only the burden of articulating a legitimate, nondiscriminatory reasons for its actions. Defendant does not have to persuade you of this fact by a preponderance of the evidence. Instead, Defendant is required only to produce enough evidence in support of plaintiff's claim to create a genuine issue of fact in your mind.

Citation: § 173:66, Kevin F. O'Malley, et. al., 3 Fed Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020); **Reeves v. Sanderson Plumbing Prods.,** 530 U.S. 133, 142,120 S. Ct. 2097, 2106, 147 L.Ed. 2d 105 (2000); **Iervolino v. Delta Air Lines,** 796 F.2d 1408, 1416 (11th Cir. 1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 155 (1987)(plaintiff bears the burden of persuasion on the reasonable factor other than age defense).

## INSTRUCTION NO. 25

You have heard evidence during the course of the trial regarding certain allegedly discriminatory remarks. Age-related comments referring directly to the Plaintiff may support an inference of discrimination. However, isolated or ambiguous comments may be too abstract or remote to support a finding of discrimination.

Citation:  **Cone v. Longmont United Hosp. Ass'n**, 14 F.3d 526 (10th Cir. 1994).

**INSTRUCTION NO. 26**

Where, as here, the Plaintiff's employment position has been eliminated due to a reduction in force, you may infer age discrimination if the Plaintiff proves, by a preponderance of the evidence, that the Defendant could have retained her, but chose instead to retain a substantially younger employee in a similar position. The Plaintiff is not required to show that she is as or more qualified than the substantially younger employee who was retained.

Citation: **Branson v. Price River Coal Co.**, 853 F.2d 768 (10th Cir. 1988); **Dreyer v. ARCO Chem. Co.**, 308 F.3d 335, 338 (3d Cir. 2002) (the question becomes whether the Plaintiff was laid off from a job for which he was qualified while substantially younger employees were treated more favorably), *overruled on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993); **Anderson v. CONRAIL**, 297 F.3d 242 (3d Cir. 2002) (in a RIF case, the Plaintiff must show that a similarly situated substantially younger employee was retained).

**INSTRUCTION NO. 28**

You heard evidence during the course of the trial regarding Defendant's alleged failure to follow certain criteria when implementing its reduction in force. Minor inconsistencies in an employer's application of reduction in force criteria, however, may be too insubstantial to permit an inference of age discrimination.

Citation: ***Beaird v. Seagate Technology, Inc.,*** 154 F.3d 1159, 1168 (10th Cir. 1998)(citing ***Lucas v. Dover Corp.,*** 857 F.2d 1397, 1402 (10th Cir. 1988).

## INSTRUCTION NO. 29

In reaching your verdict, you should keep in mind that the law requires only that an employer's managerial personnel not discriminate against an employee based on age. The law does not require an employer's managerial personal to use good judgment, to make correct decisions, or even to treat its employees fairly. Therefore, in deciding the Plaintiff's age discrimination claim, it is not your function to second-guess the Defendant's business decisions or question whether the decision was wise, fair or even correct or act as a personnel manager, unless you find that the decisions were motivated, in whole or in part, by illegal discrimination.

Citation: § 171:75, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2017); **Walker v. AT&T Tech**, 995 F.2d 846, 847 (8th Cir. 1993) (reversible error not to give a business judgment instruction); **EEOC v. PVNF, LLC**, 487 F.3d 790, 805 (10th Cir. 2007) (jury may not second guess the honestly held business judgment of an employer, even if the business judgment was erroneous); **Branson v. Price River Coal Co.**, 853 F.2d 768 (10th Cir. 1988) (courts are not free to second-guess an employer's business judgment in an ADEA case).

13

## INSTRUCTION NO. 30

The Plaintiff claims that the Defendant's stated reasons for discharging her are not the true reasons, but instead are a pretext (an excuse) to cover up for age discrimination. If you find based on the facts that the Defendant's explanation for discharging the Plaintiff is not worthy of belief, then you may, but need not draw the inference that age discrimination was the true reason Plaintiff was discharged.

In determining whether Defendant's stated reason for its actions was a pretext for discrimination, you may not question Defendant's business judgment. Pretext is not established just because you disagree with the business judgment of Defendant, unless you find that Defendant's reason was a pretext for discrimination.

Citation: § 173:26, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).

# INSTRUCTION NO. 31

If you find that Defendant unlawfully discriminated against Plaintiff on the basis of her age, you must determine the Plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any loss of wages or benefits you find was caused by the discriminatory act of the Defendant. You may award the following:

Back Pay:

1. Award: Back pay includes any back wages and employee benefits the Plaintiff would have received from the date the Defendant discharged the Plaintiff to the date of trial. The Plaintiff has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

2. Mitigation of Back Pay Award: The Plaintiff has a duty to minimize her damages and the Defendant is not required to compensate the Plaintiff for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that the Plaintiff actually avoided, or could have avoided, if she had made reasonable efforts. The Defendant has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced.

Therefore:

    a. You must deduct any wages or other earnings that the Defendant proved that the Plaintiff received from other employment from the date the Defendant discharged the Plaintiff to the date of trial.

    b.    You must deduct any severance pay and pension benefits that the Defendant proved the Plaintiff received after the discharge.

    c.    If the Defendant proves by a preponderance of the evidence either:

        (i)    that the Plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to Plaintiff; or

        (ii)    that the Plaintiff failed to make reasonable efforts to find such new job;

you must subtract from the back pay award the amount of money you find that the Plaintiff could have earned from the time the Plaintiff could have obtained such new job or should have obtained such new, had she made reasonable efforts to find such new job to the date of trial.

Citation: 11.13, Manual of Model Civil Jury Instructions for the 9th Circuit (2017).

**INSTRUCTION NO. 32**

If you find that the Plaintiff has had actual damages, then you must consider whether the Defendant has proved its affirmative defense of plaintiff's failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize her damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

This affirmative defense is proved if you find both of the following have been proven by a preponderance of the evidence:

1.  The plaintiff had increased damages because she did not act as a reasonable person would have to remedy the damages she suffered.

If you find that this proposition has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.

On the other hand, if you find this proposition has been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

Citation: CJI Civ 5:2 (modified).

## INSTRUCTION NO. 33

If you find that Plaintiff was discriminated against by Defendant on the basis of age, then you must decide whether Defendant's conduct was willful. If you find that defendant's violation of the age discrimination law was willful the court will award Plaintiff money damages in addition to the backpay that you have awarded.

A violation is willful if Defendant knew its action was a violation of the law, or acted in reckless disregard of that fact. If Defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

NOTE: Defendant disputes the appropriateness of providing a willful/liquidated damages instruction in this matter. Defendant reserves the right to object to the use of this or any other willful/liquidated damages instruction. To the extent, however, the Court finds such an instruction is appropriate, Defendant states that the above instruction is more in keeping with the applicable law and should be used in lieu of the instruction proposed by Plaintiff.

Citation: § 173:72, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020); ***Trans World Airlines, Inc. v. Thurston***, 469 U.S. 111, 105 S. Ct. 613 (1985)**;** ***Hazen Paper Co. v. Biggins***, 507 U.S. 604, 617, 113 S. Ct. 1701, 1710 (1993).

## INSTRUCTION NO. 34

The fact that I have instructed you on the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Citation: § 106:02, Kevin F. O'Malley, et al., 3 Fed. Jury Prac. & Instructions: Civil (6th ed. 2011 as supp. 2020).