IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

---

**INDEX**

Plaintiff's Instruction No. 14:  Burden of Proof – Preponderance of the Evidence

Plaintiff's Instruction No. 17:  Evidence – Direct and Circumstantial – Inferences

Plaintiff's Instruction No. 3:  Reasonable Inferences

Plaintiff's Instruction No. 18:  Evidence – Credibility of Witnesses

Plaintiff's Instruction No. 5:  Interested Witness – Employee of Party

Plaintiff's Instruction No. 6:  Age Discrimination in Employment ("ADEA") – Statute

Plaintiff's Instruction No. 22:  ADEA – Elements

Plaintiff's Instruction No. 30:  Pretext

Plaintiff's Instruction No. 25:  Age-Related Comments

Plaintiff's Instruction No. 26:  ADEA – Reduction In Force

Plaintiff's Instruction No. 11:  Agency Principal

Plaintiff's Instruction No. 33: ADEA – Willful – Defined

Plaintiff's Instruction No. 34:  Damages

Plaintiff's Instruction No. 32:  Failure to Mitigate

1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14
# BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Ms. Bouricius has the burden of proving her claim by a preponderance of the evidence. Mesa County has the burden of proving its affirmative defense by a preponderance of the evidence.

To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not. To put it differently, if you were to put all of the evidence in favor of Plaintiff and all of the evidence in favor of Defendant on opposite sides of a scale, Plaintiff's evidence would have to make the scale tip to its side to meet this burden.

This does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and the exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted, stipulated, or judicially noticed.

Source**:** J. Kane, Civil 1.10 May 2021 (modified); Blackburn, Stock Civil Jury Instruction; Final Jury Instructions, *EEOC v. Jetstream Ground Svcs., Inc.*, No. 13-CV-02340-CMA-KMT, Dkt. No. 282 (D. Colo.. Apr. 28, 2016); *Pea v. Elavon, Inc., Civil Action No.* 15-cv-01339-WYD-KLM, 2017 U.S. Dist. LEXIS 143564, at *19 (D. Colo. Sep. 6, 2017*)*

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

## EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

Generally speaking, there are two types of evidence. One is direct evidence, and the other is circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what the witness saw, heard, or observed, that is direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But the combined facts about the umbrella and the raincoat make it reasonable for you to "infer" that it had begun raining.

An inference is a conclusion that reason and common sense may lead you to make based on facts which have been proved. While you must consider only the evidence in this case, you can make reasonable inferences from the testimony and exhibits, inferences you think are justified by common experience.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude you should.

When making a decision, you must consider all of the evidence, taken together.

Sources: J. Kane, February 2019 Sample Instructions No. 1.4; *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1174 (10th Cir. 1998) (court must consider the totality of such circumstantial evidence in deciding whether purposeful discrimination exists); *Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir.1994) (fact finder to consider evidence in combination with each another, using totality of evidence).

5

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
## REASONABLE INFERENCE

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

State of mind, such as what a person knew or what a person intended at a particular time, can be proved directly or it can be proved by reasonable inference from circumstantial evidence. A person's intent or knowledge may be inferred from statements made or acts done or omitted by that person, and all other facts and circumstances received in evidence that indicate the person's state of mind.

Source:  *J. Kane, February 2019 Sample Instructions No. 1.4.*

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

### EVIDENCE– CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to each witness ' testimony. An important part of your job will be making judgments about which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, 1 suggest that you consider a few factors:

1. The witness' opportunity and ability to see, hear, or know the things to which the witness testified;

2. The quality of the witness' memory;

3. The witness' manner while taking the oath and testifying;

4. Whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice;

5. Whether the witness' testimony was contradicted by anything the witness said or did another time, by the testimony of other witnesses, or by other evidence;

6. How reasonable the witness' testimony was in light of all the evidence; and

7. Any other facts that bear on believability.

If you believe a witness has willfully lied regarding any fact, you have the right to disregard all or any part of that witness' testimony.

Source: J. Christine M. Arguello (D. Colo.); Civil Final Jury Instructions (2016 rev) (modified). Daniel's Jury Instructions, *Stroup, et al. v. United Airlines, Inc.*, 15-cv-01389, (D. Colo. March 2, 2018), No. 11; J. Kane, February 2019 Sample Instructions 1.6 (modified).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

**INTERESTED WITNESS – EMPLOYEE OF PARTY**

The fact that certain witnesses called by Mesa County were and still are employed by Mesa County may be considered by you in deciding whether the testimony of one or more of these witnesses is in any way influenced by that employment relationship with Mesa County.

Source: *Majestic v. Louisville & N.R. Co.*, 147 F.2d 621, 627 (6th Cir. 1945).

8

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") – STATUTE

Plaintiff, Ms. Bouricius, has brought this lawsuit under the Age Discrimination in Employment Act, also called the ADEA. The purpose of the ADEA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals who are 40 years of age or older based on their age.

The ADEA makes it unlawful for an employer, such as Mesa County, to terminate an employee who is 40 years of age or older because of the individual's age.

To determine whether discrimination was because of age, Plaintiff is not required to show that age was the only reason or even the primary reason for her termination. Rather, you must determine whether her age made a difference in the layoff decision. Often, events have multiple causes.

Source: *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147, 120 S. Ct. 2097, 2108-2109, 147 L. Ed. 2d 105, 120 (2000); *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1739-1740 (2020)  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277-1278 (10th Cir. 2010); *O'Conner v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

## ADEA – ELEMENTS

In order for Ms. Bouricius to prove intentional age discrimination against Mesa County, she must prove by a preponderance of the evidence that:

1. She is 40 years of age or older;

2. She was doing satisfactory work;

3. Her employment was terminated by Mesa County, and;

4. There is direct or circumstantial evidence that Plaintiff was treated less favorably than younger employees in the reduction in force determinations.

If Plaintiff has shown the above factors, then there is a presumption that discrimination occurred.

Defendant can rebut this presumption by producing evidence that there was a legitimate, non-discriminatory reason for the termination.

If the Defendant articulates a legitimate non-discriminatory reason, then the burden shifts to the Plaintiff to show, by a preponderance of the evidence that reason offered by the Defendant is a pretext (or false). If Plaintiff shows that Defendant's explanation is a pretext, then the jury may, but is not required, to find that discrimination occurred. Once the employer's justification has been shown to be false, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.

Sources: *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142-143, 147, 120 S. Ct. 2097, 2106, 2108-2109, 147 L. Ed. 2d 105, 116-117, 120 (2000); *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1307 (10th Cir. 2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30

### PRETEXT

A Plaintiff can prove that an explanation is a "pretext" for discrimination by revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the reason the employer gave for its decision.

Evidence of pretext may include, but is not limited to, the following examples:

1. The stated reason for the decision is false, contradictory, or implausible;

2. That Defendant did not follow its written policies regarding layoffs when it terminated Plaintiff's employment;

3. Defendant used subjective, rather than objective, criteria in the decision to terminate Plaintiff;

4. Defendant gave conflicting explanations or changed its story about why it selected Plaintiff for layoff;

5. Younger employees were treated more favorable than the older employees during the layoff. However, Plaintiff is not required to show that she is as or more qualified than the employees who were retained, nor is she required to show that all the older employees were laid off.

These are only examples, not an exhaustive list. It is not possible to list all possible circumstances by which you, the jury, may find Defendant's alleged reasons to be pretextual. If you do not believe one or more of the reasons Defendant offered for Plaintiff's termination, then you may, but are not required to, infer that age was a factor that made a difference in Defendant's decision. Plaintiff need not disprove every reason stated by Defendant in order to prove pretext.

Sources: *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) ("it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation"); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) (evidence that employees in the non-protected category were treated differently more favorably than plaintiff under comparable circumstances is "[e]specially relevant" to whether employer's proffered explanation is pretextual); *Frappied v. Affinity*, 966 F.3d 1038, 1057-1058 (10th Cir. 2020) (age discrimination may be established by data that includes other terminated employees over the age of forty and post-hoc justification for termination may establish pretext); *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005) (rejection of the defendant's proffered legitimate reason for the adverse employment action will permit the trier of fact to infer the ultimate fact of intentional discrimination); *Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005) (use of subjective criterion); *Hewlett-Packard Company*, 305 F.3d 1210, 1218 (10th Cir. 2002) (use of subjective criteria in employment evaluations is undisputable evidence of pretext); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808, 813 (10th Cir. 2000) (if employer gives different to support decision, jury can infer pretext); *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1168 (10th Cir. 1998) (Pretext can be shown by variety or methods, including the failure to follow policies regarding reduction in force, by showing that termination decision was accomplished through manipulation of criteria used.); *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1218, 2002 (10th Cir. 2002) (Pretext can be shown by Defendant's use of subjective criteria, the employer's policy and practice regarding the protected class, and disturbing procedural irregularities such as falsifying information or manipulating criteria used for termination decision); *Minshall v. McGraw Hill Broadcasting Co., Inc*., 323 F.3d 1273, 1286 (10th Cir. 2003) (circumstances surrounding treatment of co-workers relevant to ADEA claim): *Greene v. Safeway Stores, Inc.,* 98 F.3d 554, 560-561 (10th Cir. 1996) (evidence of treatment of other older employees' termination to support ADEA case); *Mendelsohn v. Sprint/United Mgmt. Co.*, 2004 U.S. Dist. LEXIS 30629, *13-14, 2004 WL 5434682 (Evidence the decision-makers did not review RIF policy created pretext)  rev'd on other grounds in *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 380, 128 S. Ct. 1140, 1143, 170 L. Ed. 2d 1, 1 (2008).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**

**AGE-RELATED COMMENTS**

You may have heard evidence during the course of the trail regarding certain allegedly discriminatory remarks. Age-related comments by a person who did not make the alleged discriminatory decisions related to this case are not evidence of discrimination. On the other hand, age-related comments by the person who did make the decisions related to the issues at hand can be used as evidence that discrimination occurred.


Source: *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

## ADEA – REDUCTION IN FORCE

Where, as here, Defendant contends that Plaintiff's employment position was eliminated due to a reduction in force, you may infer age discrimination if Plaintiff proves, by a preponderance of the evidence, that Defendant could have retained her, but chose instead to retain a younger employee in a similar position. The fact that Defendant did not terminate all of the older workers in the relevant department is not relevant, so long as the Plaintiff was terminated because of her age.

*Sources: Greene v. Safeway Stores, Inc*., 98 F.3d 554(10th Cir. 1996)(evidence that other older workers were terminated at close to same time was sufficient to show pretext, despite the fact that Plaintiff's replacement was older than Plaintiff) citing *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433, 438 (1996); *Frappied v. Affinity*, 966 F.3d 1038, 1057 (10th Cir. 2020)(Pretext is established by showing new hires were materially younger than Plaintiff.); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1138 (10th Cir. 2000) (plaintiff need to show that "she [was] as or more qualified than employees who [were] retained").

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

## AGENCY-PRINCIPAL

Mesa County acts through its employees, agents, directors, or officers, including Frank Whidden and the Board of County Commissioners. Thus, the conduct and actions of Frank Whidden and the Board are attributed to Mesa County. That is, the acts of Frank Whidden and the Board are the acts of Mesa County.

Source: The term "employer" under the ADEA is defined to include any agent of the employer. 42 U.S.C. § 2000e(b); 29 U.S.C. §§ 630(b), 203(d). *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 763 (1998) ("Whatever the exact contours of the aided in the agency relation standard, its requirements will always be met when a supervisor takes a tangible employment action against a subordinate.")

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33**

**ADEA – WILLFUL – DEFINED**

If you find that Mesa County discriminated against Ms. Bouricius on the basis of her age, you must now determine whether Mesa County's violation was "willful." If you find that Mesa County's violation of the ADEA was "willful," the Court may award additional damages under the law.

Mesa County acted "willfully" if it either knew or showed reckless disregard for whether its conduct was prohibited by the ADEA.

Ms. Bouricius is not required to show that Mesa County acted with evil motive or bad purpose in order to establish willfulness.


Sources:  29 U.S.C. § 626(b)(7)(b); *Hazen Paper v. Biggins*, 507 U.S. 604, 616-617 (1993) ("Once a 'willful' violation has been shown, the employee need not additionally demonstrate that the employer's conduct was outrageous, or provide direct evidence of the employer's motivation, or prove that age was the predominant, rather than a determinative, factor in the employment decision."); *Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) ("There will seldom be 'eyewitness' testimony as to the employer's mental processes."); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1283 (10th Cir. 2003).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34

## DAMAGES

If you find that Defendant unlawfully discriminated against the Plaintiff because of her age, then you must award her damages for injuries she proved by a preponderance of the evidence were caused by Mesa County's wrongful conduct toward her. The goal of a damages award is to make Plaintiff "whole" by putting her in the same economic condition she would have been in if the discrimination had not occurred.

You determining any award, you may include the following:

1. Any loss pay or benefits (such as life and dental insurance, vesting or retirement benefits, and vacation accrual, for example), and

2. Any other economic losses she suffered that are related to her previous employment, such as any additional time/expense related to commuting to her new job, increased housing expenses or taxes, or loss of other benefits she enjoyed as a result of her job with Defendant.

In determining Ms. Bouricius' damages, you should begin with the date of her termination, October 2016, up to today's date.

Sources**:**  29 U.S.C. § 626(b); *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1244 (10th Cir. 2000) (purpose of the equitable remedies under the ADEA is "to make a plaintiff whole—to put the plaintiff, as nearly as possible, into the position he or she would have been in absent the discriminatory conduct." (citations omitted); *Dodoo v. Seagate Tech., Inc*., 235 F.3d 522, 527 (10th Cir. 2000). *See also EEOC v. Prudential Fed. Sav & Loan Ass'n,* 763 F.2d 1166, 1173 (10th Cir.), *cert denied,* 474 U.S. 946 (1985) (under certain circumstances, front pay "furthers the remedial purposes of the ADEA by assuring that the aggrieved party is returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct."); *Kolb v. Goldring, Inc.,* 694 F.2d 869, 872 (1st Cir. 1982) (ADEA damages are meant to put the plaintiff in the economic position he would have occupied but for the discrimination).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.32

### FAILURE TO MITIGATE

Defendant has asserted the affirmative defense that the Plaintiff has failed to mitigate her damages. To prove this defense, Defendant must prove by a preponderance of evidence that the Plaintiff failed to make reasonable efforts to minimize her damages. This defense is proven if you find by a preponderance of the evidence that:

1. There were or are substantially comparable positions which the Plaintiff could have obtained and for which she was qualified; and

2. The Plaintiff failed to use reasonable diligence to find comparable employment to mitigate, or lessen, her damages. "Reasonable diligence" does not require that Plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If Defendant has not proven this affirmative defense by a preponderance of the evidence, then you shall make no deduction from the Plaintiff's damages.

If Defendant has proven the above by a preponderance of the evidence, then you must deduct from any award to the Plaintiff the amount of compensation she could have earned with reasonable effort.

Source: *Hughes v. Regents of the Univ. of Colo.*, 967 F. Supp. 431, 434 (10th Cir. 1996)