IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through Mesa County Board of County Commissions,

    Defendant.

## PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury, being duly impaneled and sworn to try the above case, unanimously find the following answers to the questions submitted by the Court:

1.    Has Plaintiff Deb Bouricius proven by a preponderance of the evidence that Defendant Mesa County discriminated against her because of her age, in violation of the Age Discrimination in Employment Act?

Yes____ No____

If "no," answer no further questions. If "yes," proceed to next question.

2.    What damages do you find that Plaintiff Deb Bouricius should be awarded to make her whole as a result of Mesa County's discriminatory termination of her?  $_____

 Proceed to next question.

3. Do you find that Mesa County has proven by a preponderance of the evidence that Plaintiff Deb Bouricius failed to mitigate her damages?

Yes____ No____

If you answer yes, proceed to Question 4. If you answer no, proceed to Question 5.

4. What amount should be used to reduce (or offset) the amount of damages that you entered in response to Question 2?

_____

Proceed to Question 5.

5. Do you find that Plaintiff Deb Bouricius has proven by a preponderance of the evidence that Mesa County willfully violated the law by discriminating against her on the basis of her age?

Yes____ No____

PLEASE SIGN AND DATE THE FORM:

Dated:                                              Jury Foreperson: _____

**Source:** *See Stroup, et al. v. United Airlines, Inc.*, 1:15-cv-01389-WYD-STV Jury Verdict Form [Doc. 154] (modified); *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1244 (10th Cir. 2000) (purpose of the equitable remedies under the ADEA is "to make a plaintiff whole—to put the plaintiff, as nearly as possible, into the position he or she would have been in absent the discriminatory conduct." (citations omitted). *See also EEOC v. Prudential Fed. Sav & Loan Ass'n,* 763 F.2d 1166, 1173 (10th Cir.), *cert denied,* 474 U.S. 946 (1985) (under certain circumstances, front pay "furthers the remedial purposes of the ADEA by assuring that the aggrieved party is returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct."); *Kolb v. Goldring, Inc.,* 694 F.2d 869, 872 (1st Cir. 1982) (ADEA damages are meant to put the plaintiff in the economic position he would have occupied but for the discrimination).