IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S MOTION IN LIMINE TO STRIKE CERTAIN WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)**

---

Plaintiff Debra Bouricius, by and through her counsel, Paula Greisen and Meredith A. Munro of KING & GREISEN, LLP, hereby file this Motion In Limine to Strike Certain Witnesses from trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure for failure to timely disclose these witnesses under Fed. R. Civ. P. Rule 26(a) as follows:

### RELEVANT FACTS

1.    The deadline for Rule 26 Initial Disclosures in this case was July 30, 2018. On that day, Mesa County filed its Initial Disclosures listing *two* witnesses: Plaintiff Ms. Bouricius and Frank Whidden, the County's former IT Director, Human Resources Director, and County Administrator. Ex. 1.

2.    The Scheduling Order originally established a discovery deadline of April 1, 2019. Doc. 24, p. 11. The discovery deadline was later extended until July 12, 2019. *See* Doc. 63, p.1. By the close of discovery, Defendant had filed five new supplemental disclosures pursuant to Fed. R. Civ. P. 26(e). Ex. 2. None of these supplemental disclosures identified any additional individuals under Fed. R. Civ. P. 26(a)(1)(A)(i).

3.      Trial in this matter was originally set for June 15, 2020, but was postponed due to the pandemic and reset for October 18, 2021. *See* Docs. 138, 153, 172.  Discovery was not re-opened. *See* Docs. 153, 172.

4.      On January 13, 2021, Defendant supplemented its disclosures (entitled Defendant's Third [sic] Supplemental Disclosures) to add the two new Mesa County Commissioners appointed in January 2021. Ex. 3. Notably, Defendant <u>never</u> listed on any of its disclosures the Commissioners who were actually on the Board during the events in this case, Commissioners John Justman, Scott McInnis, and Rose Pugliese.

5.      In preparation for trial, undersigned counsel sent defense counsel a draft proposed Pretrial Conference Order.  In response, on September 14, 2021, counsel for Mesa County sent undersigned counsel its draft of the Order, listing eight new witnesses whom it "may call" at trial who it had never previously disclosed. Defendant did not list any witness as a "will call."  The eight new witnesses never previously disclosed are: Patrick Coleman, Kristin Cole, Terrie Smith, Troy Flick, Kelly Leuallen, Lhana Jordan, Scott McInnis, and Rose Pugliese.[1]

6.      On September 15, 2021, undersigned counsel informed Defendant that Plaintiff would object to Defendant calling these witnesses as they were not timely disclosed. The next day, Defendants served Plaintiff with Defendant's "Fourth [sic] Supplemental Disclosures" (Ex. 4) listing these eight individuals.

7.      In this new disclosure approximately one month before trial, Defendants claim that new witnesses have relevant information: 1) that two additional County Commissioners have knowledge about Frank Whidden, his "position and authority," and Mesa County policies and procedures relevant to this case, and 2) Patrick Coleman, the former Mesa County Attorney, *was*

---

[1] Defendant also listed former County Commissioner John Justman on this last disclosure.  Plaintiff does not seek to exclude this witness as Plaintiff took his deposition during discovery.

*involved in and gave direction* to Mr. Whidden concerning the layoffs and "any other necessary testimony in rebuttal to Plaintiff's case-in chief" and that other current Mesa County employees, Troy Flick, Kristin Cole, Lhana Jordan, and Terrie Smith, have knowledge about why Plaintiff was laid off, complaints about Plaintiff's performance, Plaintiff's "inability to fix issues" and all descriptions included "any other necessary testimony in rebuttal to Plaintiff's case-in-chief."  Ex. 4.

8. It is now over two years since the close of discovery and we are in the final stages of trial preparation.  This proposed testimony goes to the heart of the issues in this case and should have been disclosed during the discovery process.  Apparently, on the eve of trial, Defendant is changing its theory of the case to argue that Ms. Bouricius was terminated for poor performance and that Mr. Whidden vetted the details of his decision with the county attorney.  This is a different position than Defendant has taken throughout discovery -- that Ms. Bouricius was not terminated for poor performance but rather because of budget issues, and that Mr. Whidden was the sole decision-maker.

9. In fact, at his deposition, Frank Whidden testified that he was the sole decision-maker and that he alone decided who to lay off without vetting the details with anyone about who would be terminated.  Specifically, when he was asked whether he told anyone, including the Mesa County attorney Patrick Coleman, about the basis for his decision regarding which employees to terminate, Whidden testified that he "informally" spoke to Coleman but did not give him any details, and he did not provide any facts to the attorneys about why he terminated certain employees.  Ex. 5, Deposition of Frank Whidden, 152:4–154:14.

10. He went on to testify that he did not document his selection of employees for termination, (Ex. 5, 153:21-24), nor did he tell the Commissioners or the County's legal counsel,

Patrick Coleman, the information about who he intended to lay off. *Id.*, 129:21-24, 164:12-165:12. He did not tell the Board who he intended to layoff and that the Board did not vote on the employees selected for layoff. *Id.*, 129:18-20.

      11.     Former Commissioner John Justman testified that Whidden never submitted a written proposal to the Board of Commissioners analyzing ways to cut costs, Ex. 6, Dep. of John Justman, 83:14-84:12, 102:4-15; that the Board never discussed or approved the layoff nor instructed Whidden to lay off IT personnel, *Id.* at 101:20-102:3, 105:8-11; and the Board was not told what factors Whidden used to select employees to lay off and has no knowledge of the performance, skills, age, or seniority of the employees selected. *Id.*, 106:7-24, 112:14-113:11. Justman confirmed that the Board did not vote on the employees selected for layoff nor discuss their selection. *Id.,* 113:12-14.

      12.     In its pleadings regarding its Motion for Summary Judgment, Mesa County did not introduce any evidence by any of these new eight people. *See* Docs. 73 and 109. In fact, in its Order Denying Mesa County's Motion for Summary Judgement, this Court noted that other than the Plaintiff, Defendant had only disclosed one person, Frank Whidden, on its required disclosures. Doc. 134, at 5.

      13.     Defendants are now attempting to offer new evidence, not in an attempt to rebut the Plaintiff's case, but rather *to rebut their own witnesses*, Frank Whidden and John Justman. For whatever reason, Defendants chose not to disclose these eight individuals during discovery. Allowing them to do so now would flout the Rules of Civil Procedure, this Court's Scheduling Order, and the basic principles of fairness. This is the essence of an attempt to trial "by ambush."

# ARGUMENT

**Witnesses Not Properly Disclosed Pursuant to Rule 26(a) or (e) May Not Be Called At Trial.**

When a party fails to properly identify a witness as required by Fed. R. Civ. P. Rule 26(a) or (e), the party is not allowed to use that witness at trial, unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. The district court has broad discretion to determine if the violation is justified or harmless. *Woodworker's Supply, Inc., v. Principal. Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999). In determining whether to strike a witness not properly disclosed, the Court should consider the following factors:

(1) the prejudice or surprise to the party against whom the testimony is offered;

(2) the ability of the party to cure the prejudice;

(3) the extent to which introducing such testimony would disrupt the trial; and

(4) the moving party's bad faith or willfulness.

*Id. at* 993.

Here, the factors weigh in support of striking the new witnesses identified by Defendant.

1.  <u>There is substantial prejudice and surprise to the Plaintiff</u>.

Despite failing to identifying these individuals on any timely disclosures, Defendant have asserted that because it had a "catch-all" provision in its disclosures listing anyone that the Plaintiff disclosed, and the names of the witnesses appeared somewhere in the numerous discovery documents, there can be no "prejudice or surprise" to Plaintiff. This misapprehends the law and the spirit of the rules of discovery.

When Rule 26(a)(A) was added to the Federal Rules of Civil Procedures, the Advisory Committee specifically stated that Subparagraph (A) requires "[a]s officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Defendant's reliance on a "catch-all" category in disclosures does not comply with the mandate of Rule 26(a) that a party needs to fully identify the witnesses with the areas of information that "*that the disclosing party may use to support its claims or defenses.*" *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004). Moreover, "[t]he litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Id*. at 649 (citing the Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a); *see also First W. Capital Mgmt. Co. v. Malamed,* 2017 U.S. Dist. LEXIS 228715, *9-10 (Ex. 7) ("A strict application of this type of "catch-all" provision would make supplemental disclosures unnecessary, which is obviously not in keeping with the letter or the spirit of Rule 26."); *Faure v. Las Cruces Med. Ctr*., LLC, 2017 U.S. Dist. LEXIS 150358, *5 (Ex. 8) ("Witnesses, including rebuttal witnesses are subject to the Rule 26(a)(1) disclosure requirements.").

The mere fact that a person is listed somewhere in the discovery documents does not provide the notice required by the Rules. "[T]he knowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness." *Faure, supra at* *7, (citations omitted). *See Gallegos v. Swift & Co.*, 2007 U.S. Dist. LEXIS 5440 (D. Colo. Jan. 25, 2007) (Court rejected argument that witness were adequately disclosed as required because they appear in the discovery documents) (Ex. 9).

In *Gallegos*, the Court held that the Plaintiff's failure to identify witnesses until the summary judgement stage was akin to "trial by ambush" which the Rules are designed to preclude. *Id.* at *2-3. In *Sender,* the Court rejected a similar argument that the party did not suffer surprise because the newly disclosed witnesses appeared in discovery documents, holding that disclosures are required to be sufficiently detailed and timely so that the opposing party can make informed decisions about discovery and the depositions that are needed. *Id*. at *37. *See Sender, supra*, at 656; *see also D.L. v. Unified School Dist. No. 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002), *vacated on other grounds (citation omitted).*

Defendants produced 8375 pages of discovery in this case. Plaintiff produced 1648 pages of discovery. Upon review of discovery, undersigned counsel found the following information in discovery about these individuals:

Rose Pugliese[2]: her name appears on the County Board Minutes, none of which discuss any of the relevant facts of this case; her name appears on a news article; she is copied on emails related to the "Compensation Committee" which does not pertain to the 2016 layoff (documents not included as they are marked confidential); and she is mentioned by Whidden in his deposition. Ex. 5, 17:16-18, 37:2, 128-5-10; Ex. 10.

Scott McInnis: his name appears on news articles, in the Board Minutes none of which discuss any of the relevant facts of this case; his name appears on his Employment Agreement, and; his name is used or mentioned in emails regarding the "Compensation Committee" which

---

[2] With respect to the two named former County Commissoners who are expected to testify to the County's "financial circumstances," Plaintiff already admitted that the County anticipated a budget deficit in 2017. Plaintiffs Response to Motion for Summary Judgment [Doc. 92], Response to Defendants Statement of Facts, p. 16, "D16. Admit that Mesa County anticipated a budget deficit for 2017 but deny that the shortfall reached the anticipated magnitude." Plaintiff will stipulate to this fact at trial. In any event, this evidence would be cumulative to that which can be provided by John Justman, who is listed as a "will call" witness by Plaintiff.

does not pertain to the 2016 layoffs (documents not included as they are marked confidential). Ex. 11.

Kristin Cole:  her name appeared on two employee lists and on a signature page for minutes of a Board meeting, Ex.12 (does not include documents marked confidential).

Lhana Jordan: name appears on several charts that list all county employees and those in the IT department; name was listed as person who was not terminated in CCRD findings and in other CCRD charges as not terminated; name appears in CCRD email asking for interview; name appears on performance review, and appears in email regarding the return of a cell phone. Ex. 13 (does not include documents marked confidential).

Troy Flick:  name appears on several charts that list all county employees and the employees in the IT department; listed as a person who was not terminated in CCRD charges and Defendant's CCRD response, and on annual performance reviews. Ex. 14 (does not include documents marked confidential).

Kelly Leuallen:  name appears on several charts that list all county employees, the IT department employees, and in the list of people not terminated in CCRD charges and in Defendant's response to the CCRD regarding who was not terminated; name is on CCRD email asking to interview her, and on annual performance reviews.  Ex. 15 (does not include documents marked confidential).

None of this discovery informed Plaintiff that Defendant intended to call these people at trial.

With respect to the one other new witness, Patrick Coleman, the County Attorney, Defendant repeatedly asserted attorney-client privilege with respect to Whidden's communications with counsel.  Specifically, throughout Whidden's deposition, defense counsel

repeatedly instructed Whidden not to answer on the basis of attorney-client privilege. Ex. 5. At the time of his deposition, Whidden had also been designated as an "expert" and would opine that his decision to terminate Ms. Bouricius was "the correct decision." *See* Doc. 138, pg. 6 (citing Whidden's deposition)[3]  When asked about facts that formed the basis of his expert opinion, Whidden testified that he had an informal conversation with Pat Coleman, maybe in the hallway, in which Coleman told him that *if* the layoffs were needed for budget cuts, then Whidden was "good to go." Ex. 5, 162:4-165:3. Whidden admitted that he never told Coleman who he was going to layoff.  After this testimony, defense counsel continued to assert attorney-client privilege on any discussions with counsel after the layoff. *Id.*, 162-174. In submitting its Privilege Log to Plaintiff, Defendant repeatedly listed communications with Patrick Coleman as subject to attorney-client privileged. Ex. 16.  Apparently Defendant now wants to offer testimony by Coleman, despite asserting this privilege in all but a very narrow category of discussions.

      Based on Whidden's testimony, it was reasonable for Plaintiff to not inquire further about Coleman's knowledge.  If Defendants were aware that Coleman had <u>additional</u> information relevant to this case, it had the obligation to timely disclose him so that Plaintiff could make an informed decision about whether to depose him.  Defendant cannot shield information on the basis of attorney-client privilege, and now use selected portions of the attorney's knowledge as a sword at trial.

      This case is similar to *Jama v. City & County of Denver*, 304 F.R.D. 289 (U.S. Dist. 2014), Ex. 17, where the Plaintiffs file a supplemental disclosure after defense filed its motion for summary judgment.  In that disclosure, Plaintiffs identified new witnesses, claiming that these witnesses were "informally" disclosed because the names of the witnesses appeared in

---

[3] The Court struck this expert designation.  Doc. 138.

discovery documents. In rejecting these arguments, the Honorable Judge Krieger stated "[t]his argument misapprehends the purpose of Rule 26's disclosure requirements. Rule 26(a)(1)(A) requires each party to identify those persons who have information that the party 'may use' in support of its claim." *Id.* at 296. The *Jama* Court went on to state that the mere fact that the names of these witnesses appeared in some discovery documents was insufficient to satisfy the Rule's requirements. The Court reasoned that requiring the Defendant to sift through the documents to determine which individuals the Plaintiffs ultimately decided to use does not comport with the notice-giving principles underlying Rule 26(a). *Id.* at 298. The Court went on to strike all new witnesses in the late disclosure unless they were deposed in the case or there was a significant factual inquiry of (by name) during any deposition. *Id.* at 301. In this case, there has been no significant factual inquiry during discovery by either party of any of the newly disclosed witnesses, and none of these witnesses were deposed.

      Although some of these witnesses were listed on Plaintiff's Initial Disclosures, Ex. 18, this document was served at a time that Plaintiff had not conducted any discovery. When Plaintiff deposed Whidden and he testified that Plaintiff's termination was not related to her performance, Plaintiff made the informed decision that her performance was not at issue.

      Moreover, Plaintiff's disclosure shows that Plaintiff attempted to list every person in the IT Department at the time of her termination because at that time, she did not know specifically what information each witness possessed or would be necessary in her case. Allowing Defendant to claim that Plaintiff's disclosure somehow satisfies Defendant's burden under the Rules would be tantamount to the exact same "gamesmanship" that the Rules were designed to prohibit. Such a ruling would encourage the parties to name as few witnesses as possible and that, if a party tried in good faith to list everyone that might have knowledge, the disclosure

could then be converted to an "admission" that they could be called as a trial witness by the other party.

      2.      <u>There is Prejudice to the Plaintiff That Cannot be Cured</u>.

Prejudice is shown when the only cure is re-opening discovery and postponing trial. *Gallegos, supra* at \*6-9. This case has been pending for over three years and discovery been closed for over two years. Given the status of the proceedings, it would be highly prejudicial to Plaintiff to allow discovery to be re-opened at this late date – which would be the only means by which Plaintiff could prepare for these witnesses.

Also, "delay and mounting attorneys fees can equate to prejudice." *Sender, supra,* at 656 (D. Colo. 2004) (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)); *Zykronix, Inc. v. Conexant Sys.*, 2017 U.S. Dist. LEXIS 193453, \*5-6 (Ex. 19) (Allowing discovery to be re-opened would cause prejudice "in terms of time, money, and effort"); *Faure, supra* at \*12-15; *Jama, supra at* 300-302 (Party is prejudiced by late disclosure and court declines to reopen discovery.)

      3.      <u>Introduction of Such Testimony Would Disrupt the Scheduled Trial</u>.

The trial is scheduled to begin on October 18, 2021. Allowing Plaintiff any meaningful opportunity to conduct discovery on the new witnesses would require postponing the trial date. Given the length of time that this case has been pending and the last-minute disclosure by Defendant, it would be fundamentally unfair to Plaintiff to delay this trial to a future date. *See Faure*, *supra*, at \*14.

      4.      <u>Bad Faith or Willfulness</u>.

Serving the new disclosure the day after undersigned counsel objected to these undisclosed witnesses evinces bad faith. Undersigned counsel is mindful that Defendant

changed its counsel after the Court issued its Order regarding summary judgment. This counsel, however, entered her appearance in this case well over a year ago, and in advance of the initial trial date. Doc. 139, Entry of Appearance on March 18, 2020. New counsel also filed a Rule 26(e) supplemental disclosure. Whether the failure to timely disclose these witnesses was a strategic decision on behalf of counsel is unknown. Certainly, all counsel were fully aware of the duty to supplement initial disclosures under Rule 26(e) as there have now been over seven supplemental disclosures filed by Defendant. It is Defendant's burden to explain why it did not timely make these disclosures rather than Plaintiff's burden to guess. Regardless of whether this was purposefully strategy evincing "bad faith or willfulness, "the record supports a conclusion that [Defendant was] …. at the very least, neglectful of their obligations . . . and to the judicial process." *Jama*, *supra*, at 302.

## CONCLUSION

In conclusion, taken as a whole, the factors weigh in support of striking these eight witnesses. This late disclosure constitutes significant prejudice to the Plaintiff which cannot be cured absent postponement of the trial. There has already been significant time spent preparing for this trial, as well as significant judicial resources spent on this case. Regardless of whether the failure to make this disclosure was willful or negligent, the Defendant is responsible for this prejudice. The Defendant has not offered Plaintiff any justification for this late disclosure. If, as Defendants contend, Plaintiff already knew about the potential that these witnesses would testify, then it is perplexing why Defendant filed a new supplemental disclosure.

Thus, the only appropriate sanction at this time is to strike these new eight witnesses from testifying at trial. *See Spacecon Specialty Contractors, LLC v. Bensinger*, 2011 WL 721263, at *3 (D. Colo. Feb. 23, 2011) (Ex. 20) (striking witnesses disclosed for the first time in the pretrial

witness list); *Gallegos*, *supra,* at *3 (striking new legal theories disclosed three months before trial).

Certification:  The undersigned conferred with defense counsel and Defendant opposes this motion.

Respectfully submitted this 23rd day of September 2021.

KING & GREISEN, LLP

*s/ Paula Greisen*
Paula Greisen
Meredith A. Munro
1670 York St.
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298-9879 facsimile
munro@kinggreisen.com
greisen@kinggreisen.com

*Attorneys for Plaintiff*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September 2021, I electronically filed the foregoing **PLAINTIFF'S MOTION TO EXCLUDE WITNESSES PURSUANT TO FED. R. CIV. P. 37(c)(1)** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

L. Kathleen Chaney
Karen B. Rogers
LAMBDIN & CHANEY, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
kchaney@lclaw.net
krogers@lclaw.net

*Attorneys for Defendant Mesa County*

*s/ Laurie A. Mool*
Laurie A. Mool, Paralegal