# EXHIBIT 8


Neutral
As of: September 22, 2021 2:24 AM Z

# *Faure v. Las Cruces Med. Ctr., LLC*

United States District Court for the District of New Mexico

September 15, 2017, Filed

No. 14cv559 KG/KBM

**Reporter**
2017 U.S. Dist. LEXIS 150358 *

JOHN FAURE, as Personal Representative for the Wrongful Death Estate of GLORIA QUIMBEY, Deceased, Plaintiff, v. LAS CRUCES MEDICAL CENTER, LLC, doing business as Mountain View Regional Medical Center, ACCOUNTABLE HEALTHCARE STAFFING, INC., ACCOUNTABLE HEALTHCARE HOLDINGS CORPORATION, and RONALD LALONDE, Defendants, and LAS CRUCES MEDICAL CENTER, LLC, Cross Claimant, v. ACCOUNTABLE HEALTHCARE HOLDINGS CORPORATION, and ACCOUNTABLE HEALTHCARE STAFFING, INC., Cross Defendants.

**Prior History:** *Quimbey v. Cmty. Health Sys. Prof'l Servs. Corp., 222 F. Supp. 3d 1038, 2016 U.S. Dist. LEXIS 146266 (D.N.M., Oct. 20, 2016)*

## Core Terms

disclosure, witnesses, discovery, substantial justification, untimely, harmless, supplementation, motion to exclude, punitive damages, new witness, weighs, initial disclosure, disclose, rebuttal witness, willfulness, surprise, Disrupt, cure, defense testimony, bad faith, deposition, factors, argues, reply

**Counsel:** **[*1]** For John Faure, as Personal Representative for the Wrongful Death Estate of Gloria Quimbey, Deceased estate of, Gloria Quimbey, Plaintiff: Caela J. Baker, LEAD ATTORNEY, Harvey & Foote Law Firm, Albuquerque, NM; Dusti Harvey, LEAD ATTORNEY, Jennifer J. Foote, Harvey Law Firm, LLC, Albuquerque, NM.

For Community Health Systems Professional Services Corporation, Defendant: M. Eliza Stewart, Melissa Ann Brown, Michael J Dekleva, William C Madison, LEAD ATTORNEYS, Madison, Mroz, Steinman & Dekleva, P.A., Albuquerque, NM.

For Las Cruces Medical Center, LLC, doing business as, Mountain View Regional Medical Center, Defendant: Randall Jones, LEAD ATTORNEY, Adam Daniel Pollock, Serpe, Jones, Andrews, Callender & Bell, PLLC, Houston, TX.

For Accountable Healthcare Staffing, Inc., Accountable Healthcare Holdings Corporation, Defendants, Cross Defendants: Cristina A Adams, Rick Beitler, LEAD ATTORNEYS, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, NM; Stephanie Latimer, LEAD ATTORNEY, Rodey Dickason Sloan Akin & Robb, Albuquerque, NM.

For MedAssets Workforce Solutions, Defendant: Chance A. Barnett, Lorri Krehbiel, LEAD ATTORNEYS, Krehbiel & Barnett, PC, Albuquerque, NM.

For Ronald Lalonde, **[*2]** Defendant: Ben M. Allen, LEAD ATTORNEY, Allen, Shepherd, Lewis & Syra, P.A., Albuquerque, NM; Christopher R Reed, LEAD ATTORNEY, Allen, Shepherd, Lewis, Syra & Chapman, PA, Albuquerque, NM.

For Affilion, LLC, Joel Michael Jones, Dr., Defendants: Brianna M. Jagelski, Hari-Amrit Khalsa, Kathleen M. Wilson, LEAD

ATTORNEYS, Hinkle Shanor LLP, Albuquerque, NM.

For Las Cruces Medical Center, LLC, Cross Claimant: Randall Jones, LEAD ATTORNEY, Adam Daniel Pollock, Serpe, Jones, Andrews, Callender & Bell, PLLC, Houston, TX.

For MedAssets Workforce Solutions, Cross Defendant: Lorri Krehbiel, LEAD ATTORNEYS, Krehbiel & Barnett, PC, Albuquerque, NM.

**Judges:** Kenneth J. Gonzales, UNITED STATES DISTRICT JUDGE.

**Opinion by:** Kenneth J. Gonzales

## Opinion

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon two motions filed by Plaintiff John Faure, as Personal Representative of the Wrongful Death Estate of Gloria Quimbey ("Plaintiff"). The first is Plaintiff's Motion to Exclude Testimony of Defendants Accountable Healthcare Staffing, Inc., Accountable Healthcare Holdings Corporation and Ronald Lalonde's Untimely Disclosed Witnesses ("Motion to Exclude"), filed on May 9, 2017.[1] (Doc. 395). Defendants Accountable Healthcare [*3] Staffing, Inc., and Accountable Healthcare Holdings Corporation ("Accountable Defendants") filed a response on May 24, 2017, and Plaintiff filed a reply on June 7, 2017. (Docs. 409, 414). Defendant Ronald Lalonde ("Defendant Lalonde") filed a response on May 26, 2017, and Plaintiff filed a reply on June 9, 2017. (Docs. 410, 416).

The second is Plaintiff's Second Motion to Exclude Testimony of Defendants Accountable Healthcare Staffing, Inc., and Accountable Healthcare Holdings Corporation ("Second Motion to Exclude"), filed on July 11, 2017. (Doc. 423). Accountable Defendants filed a response on July 25, 2017, and Plaintiff filed a reply on August 15, 2017. (Doc. 424, 430). Having read the Motions to Exclude, the accompanying briefs, and exhibits, the Court grants both Motions to Exclude.

*I. Background*

This is a wrongful death lawsuit concerning the death of Gloria Quimbey. Plaintiff moves to exclude the testimony of Defendant Lalonde's and Accountable Defendants' (together ("Defendants") recently disclosed witnesses. (Docs. 395, 423).

Defendants timely filed *Fed. R. Civ. P. 26(a)(1)* initial disclosures on November 3, 2015. (Doc. 81). Discovery in this case closed on January 13, 2017. (Doc. 255). After discovery [*4] closed, Accountable Defendants supplemented their initial disclosures and identified seven new witnesses on April 28, 2017. (Doc. 385). Subsequently, on June 9, 2017, Accountable Defendants filed a third supplement to its *Rule 26(a)(1)* disclosures and identified another new witness. (Doc. 420). Defendant Lalonde supplemented his initial disclosure, identifying two new witnesses on May 1, 2017. (Doc. 386).

*II. Standard of Review*

*Rule (26)(a)(1)(A)(i)* requires parties to disclose the names of all individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." These disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," or "as ordered by the court." *Fed. R. Civ. P. 26(e)(1)(A)-(B)*.

---

[1] Plaintiff asks the Court to consider the Motion to Exclude even though the deadline for filing pretrial motions was February 27, 2017. (Doc. 255). A motion to exclude witness testimony is properly filed as a motion in limine and not a pretrial motion. Because the Court has not set the trial or its associated deadlines, the Plaintiff's Motion to Exclude is timely.

## III. Discussion

Now before the Court are Plaintiff's motions to exclude Defendants' newly disclosed witnesses. (Docs. 395, 423). Plaintiff contends the disclosures are untimely and not substantially justified or harmless. (Doc. 395) at 3.

### A. Defendant Lalonde's Disclosure

In his Second Supplemental Initial Disclosures, Defendant Lalonde identified **[*5]** two witnesses that may be called as rebuttal witnesses. (Doc. 395). Defendant Lalonde argues that he timely disclosed these rebuttal witnesses and the witnesses are not subject to the supplementation rules. (Doc. 410) at 2. Defendant Lalonde contends that the disclosure of rebuttal witnesses should be made pursuant to *Rule (26)(a)(3)*. *Id.* at 4. *Rule 26(a)(3)* governs pre-trial disclosures and requires parties to provide the names of witnesses a party "expects to present and those it may call if the need arises" thirty days before trial. *Fed. R. Civ. P. 26(a)(3)(A)(i)*, *(B)*. Further, Defendant Lalonde notes that the Scheduling Order states "that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial." *Id.* at 3-4 (citing (Doc. 85) at 3).

Defendant Lalonde's arguments are unavailing. Witnesses, including rebuttal witnesses are subject to the *Rule 26(a)(1)* disclosure requirements, unless they are offered solely for impeachment purposes.[2] See *Searles v. Van Bebber, 251 F.3d 869, 877 (10th Cir. 2001)*. *Rule 26(a)(3)* governs disclosures "in addition to" the disclosures required by *Rule 26(a)(1)*. Defendant Lalonde provides no legal authority that disclosure of rebuttal witnesses **[*6]** is governed by *Rule 26(a)(3)* rather than *26(a)(1)*. *D.N.M.LR-Civ. 7.3(a)* (response "must cite authority in support of the legal positions advanced."). Further, the Court's deadlines do not permit Defendant Lalonde a five month extension past the discovery period to identify witnesses for the first time in contravention of *Rules 26(a)(1)* and *(e)*. *Osuagwu v. Gila Reg'l Med. Ctr., No. 11CV1 MV/SMV, 2013 U.S. Dist. LEXIS 190993, 2013 WL 11336860, at *1 (D.N.M.)* (unpublished). Defendant Lalonde's disclosure was not timely.

Defendant Lalonde argues in the alternative that if disclosure of the witnesses is governed by *Rule 26(a)(1)*, Defendant Lalonde did not need to supplement his initial disclosures because Plaintiff learned the names of the witnesses during discovery. (Doc. 410) at 5. This argument similarly is unavailing. To satisfy the supplementation requirements, a supplemental disclosure, "must [be] in such a form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient." *L-3 Commc'n Corp. v. Jaxon Eng'r & Maint., Inc., 125 F.Supp. 3d 1155, 1169 (D. Colo. 2015)* (citing *Jama v. City & Cty. of Denver, 304 F.R.D. 289, 298-99 (D. Colo. 2014))*. Indeed, the "knowledge of the existence of a person is distinctly different from the knowledge that the person will be relied upon as a fact witness." *Jama, 304 F.R.D. at 294*.

The purpose of *Rule 26(e)* supplementation **[*7]** is to inform a party as to which witnesses Defendant Lalonde believes has pertinent information, what the information is, and how to contact the witness. *Id.* Disclosure of two names during a long and complex discovery process does not relieve Defendant Lalonde of his ongoing disclosure duties under the Rules. "While discovery is, by necessity, an iterative process," Defendant Lalonde's "interpretation of the 'otherwise made known phrase' has the potential to convert the *Rule 26(e)* supplementation requirement into a 'whack-a-mole' game." *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver, 311 F.R.D. 659, 667 (D. Colo. 2015)* (citing *Cohlmia, et al., v. Ardent Health Servs.,*

---

[2] Plaintiff does not object to Defendant Lalonde calling the witnesses for impeachment purposes only. (Doc. 416) at 2.

LLC, et al., 254 F.R.D. 426, 433 (N.D. Okl. 2008)). Defendant Lalonde was required to supplement his Rule 26(a)(1) disclosures with the names of these two witnesses and his failure to do so before the close of discovery violated the Rule.

Furthermore, the Court must address a violation of Rule 26(a)(1) pursuant to Rule 37(c), which states that if a party fails to provide information pursuant to Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has the broad discretion to determine if a violation is justified or harmless. Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). In the exercise of its discretion, "[a] district court need not make explicit findings [*8] concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Id. However, the Tenth Circuit has identified four factors to determine if a failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id. (citing Newman v. GHS Osteopathic Inc., 60 F.3d 153, 156 (3d Cir. 1995)).

### 1. Prejudice or Surprise to Plaintiff

Defendant Lalonde argues that Plaintiff has not suffered any prejudice or surprise because Plaintiff has known the names of the witnesses since approximately March 2016. (Doc. 410) at 7. Defendant Lalonde also argues that Plaintiff is not prejudiced because Defendant Lalonde may not call the witnesses at trial. Id.

"The type of prejudice that rises to the level of warranting the exclusion of a witness's testimony . . . is the inability of the opposing party to fully litigate the case and defend against the new testimony." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1255 (10th Cir. 2011).

As the Court articulated above, identifying individuals involved in the case during discovery does not meet a party's [*9] disclosure requirements as contemplated by Rules 26(a) and (e). Plaintiff was not put on notice that these individuals could be potential witnesses in the case. Defendant Lalonde's failure to disclose the names of these witnesses undermines Plaintiff's ability to conduct discovery related to them. For this reason, the Court finds that Plaintiff is prejudiced by the untimely disclosure of Defendant Lalonde's witnesses. Accordingly, this factor weighs in favor of finding the untimely disclosure is not substantially justified or harmless.

### 2. Ability of Plaintiff to Cure the Prejudice

Defendant Lalonde contends that since no trial date is set, Plaintiff can contact and interview the witnesses to cure any prejudice. (Doc. 410) at 8. Discovery ended on January 13, 2017, after several extensions. (Doc. 255). Plaintiff Lalonde failed to disclose these witnesses until after discovery ended, and in his argument presumes the Court will reopen discovery to allow additional time to take these depositions. Without more, this Court declines to do so. Allowing the Plaintiff to take depositions does not cure the problem that Defendant Lalonde did not follow the Court's scheduling order. The purpose of the Rules is [*10] the "elimination of unfair surprise to the opposing party and the conservation of resources." Beller ex rel. Beller v. United States, 221 F.R.D. 689, 693-94 (D.N.M. 2003) (citing Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277 (8th Cir. 1995)). The second factor, therefore, weighs in favor of finding the untimely report is not substantially justified.

### 3. The Extent to Which the Disclosure will Disrupt Trial

Defendant Lalonde maintains that the late

disclosure will not disrupt trial because trial has not been set. (Doc. 410) at 8. While that is true, discovery nevertheless closed and the parties filed their Proposed Pretrial Order on May 18, 2017. (Doc. 404). The extensive motion practice regarding untimely disclosures from both Plaintiff and Defendants in this case has disrupted the Court's case management. Consequently, the Court finds that the third factor weighs in favor of finding the untimely report is not substantially justified or harmless.

4. *Defendant Lalonde's Bad Faith or Willfulness*

Plaintiff does not contend that there was bad faith or willfulness on the part of Defendant Lalonde, but argues that there is no excuse for the delayed disclosure. (Doc. 395) at 6. The Court agrees that Defendant Lalonde unreasonably delayed disclosing these witnesses; however, the Court does not find any evidence of bad faith or willfulness. **[*11]** Accordingly, the fourth factor weighs in favor of finding the report is substantially justified or harmless.

Based on the four factors, the Court finds that the untimeliness of the disclosure is not substantially justified or harmless and grants Plaintiff's Motion to Exclude Defendant Lalonde's two untimely disclosed witnesses.

B. *Accountable Defendants' Disclosures*

Accountable Defendants disclosed eight new witnesses after discovery closed. Accountable Defendants argue that they disclosed the witnesses once it became clear that the witnesses were needed to defend against Plaintiff's claim for punitive damages. (Doc. 409) at 2. They maintain that it was not clear until Plaintiff filed a response to Accountable Defendants' Motion for Summary Judgment on Punitive Damages ("Accountable Defendants' Second MSJ") that Plaintiff would pursue a claim for punitive damages. *Id.*

Accountable Defendants' arguments are not persuasive. Plaintiff first put Accountable Defendants on notice that he was claiming punitive damages in the Complaint. (Doc. 24-1) at 26. Subsequently, on October 31, 2016, Accountable Defendants filed a Motion for Summary Judgment on all Negligence Claims, Joint Venture, and Punitive **[*12]** Damages ("Accountable Defendants' First MSJ"). (Doc. 251). In Plaintiff's response to Accountable Defendants' First MSJ, Plaintiff addressed the punitive damages claim and presented evidence regarding the claim. (Doc. 267) at 19-20. Accountable Defendants withdrew this First MSJ after Plaintiff filed his response, (Doc. 294); however, Accountable Defendants clearly were aware of the punitive damages arguments prior to filing Accountable Defendants Second MSJ that addressed only punitive damages. Because Accountable Defendants knew about the punitive damages claim prior to the close of discovery, the disclosure of these witnesses after the close of discovery is untimely. The Court will address whether the untimeliness is substantially justified or harmless.

1. *Prejudice or Surprise to Plaintiff*

Accountable Defendants claim that Plaintiff has suffered little prejudice or surprise. (Doc. 409) at 4. Similar to Defendant Lalonde, Accountable Defendants argue that Plaintiff learned the names and "potential relevance" of several of the newly disclosed witnesses from discovery, the reply to Accountable Defendants' Second MSJ, and the pretrial order. (Doc. 424) at 6-7.

A name that appears through **[*13]** discovery in Defendant Lalonde's employment file does not fulfill the requirements of *Rule 26(a)*, which requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." *Fed. R. Civ. P. 26(a)(1)(A)(i)*. As for the other documents, Accountable Defendants filed the reply to their Second MSJ on April 26, 2017, more than three months after discovery closed. This also was two days before Accountable Defendants served the

supplement to their initial disclosures. And the proposed pretrial order was filed on May 18, 2017, after the supplement to the initial disclosures was filed. (Docs. 382, 404). It is unclear to the Court how these documents would notify Plaintiff of the new witnesses in a timely manner when, like the supplement itself, they were both served after discovery closed. Plaintiff is prejudiced by the untimely disclosures of Accountable Defendants' witnesses. Therefore, this factor weighs in favor of finding the untimely disclosure is not substantially justified or harmless.

Further, Accountable Defendants admit that they disclosed the names of the new witnesses after receiving Plaintiff's response to Accountable Defendants' Second MSJ. **[*14]** (Doc. 409) at 2. "A key policy goal of requiring parties to keep their disclosures current is to avoid trial by ambush." *Jama, 280 F.R.D. at 584* (quoting *Gallegos v. Swift & Co., No. 04-cv-01295-LTB-CBS, 2007 U.S. Dist. LEXIS 5440, 2007 WL 214416, *2 (D. Colo.)* (unpublished)) (internal quotation marks omitted). The disclosure of new witnesses while Accountable Defendants' Second MSJ is pending in response to Plaintiff is "akin to trial by ambush, only on paper." *Id.* The Court finds that

### 2. Ability of Plaintiff to Cure the Prejudice

Accountable Defendants note that the discovery deadline has been extended several times in this case and they have "pledged to make any supplemental witness over which it has control available for deposition." (Doc. 409) at 4-5; (Doc. 424) at 3. This case has been pending for three years and discovery has closed at this point. The Court declines to stop this case to reopen discovery for Plaintiff to take the deposition of eight new witnesses. Further, taking a deposition does not cure the harm of frustrating the purpose of the rules. *Beller, 221 F.R.D. at 694* (citing *Sawdon, 47 F.3d at 284*). The second factor weighs in favor of finding the untimely disclosure is not substantially justified or harmless.

### 3. The Extent to Which the Disclosure will Disrupt Trial

Although trial has not been set, this third factor weighs in favor **[*15]** of finding the untimely disclosure not substantially justified due to the disruption of the Court's case management.

### 4. Accountable Defendants' Bad Faith or Willfulness

Plaintiff does not allege and the Court does not find any evidence of bath faith or willfulness on the part of Accountable Defendants. As a result, the fourth factor weighs in favor of finding the report is substantially justified or harmless. However, the fourth factor does not outweigh the other three factors and the Court finds that the untimely disclosure was not substantially justified or harmless.

### 5. Accountable Defendants' Prejudice

Accountable Defendants argue that they would be severely prejudiced if not permitted to supplement their disclosures. (Doc. 409) at 2. The *Woodworker's Supply* factors do not contemplate the prejudice to the party that violated *Rule 26(a)*, because that party was able to control its own disclosures. Here, Accountable Defendants knew they had to defend against a claim for punitive damages; therefore, any prejudice to Accountable Defendants was caused by Accountable Defendants themselves. The Court declines to delay the proceedings of this case, noting the summary judgment proceedings were enough to **[*16]** prompt Accountable Defendants to fully examine the case including a claim for punitive damages.

### IV. Conclusion

Defendants' witness disclosures were untimely. Considering the totality of the factors, the Court

finds that the disclosures are not substantially justified or harmless.

Therefore, IT IS ORDERED:

1. Plaintiff's Motion to Exclude Testimony of Defendants Accountable Healthcare Staffing, Inc., Accountable Healthcare Holdings Corporation and Ronald Lalonde's Untimely Disclosed Witness, (Doc. 395) is granted; and

2. Plaintiff's Second Motion to Exclude Testimony of Defendants Accountable Healthcare Staffing, Inc., and Accountable Healthcare Holdings Corporation, (Doc. 423), is granted.

/s/ Kenneth J. Gonzales

UNITED STATES DISTRICT JUDGE

---

**End of Document**