# EXHIBIT 9

 Caution
As of: September 22, 2021 2:19 AM Z

# Gallegos v. Swift & Co.

United States District Court for the District of Colorado

January 25, 2007, Decided ; January 25, 2007, Filed

Civil Case No. 04-cv-01295-LTB-CBS

**Reporter**
2007 U.S. Dist. LEXIS 5440 *; 2007 WL 214416

BETTY GALLEGOS, BERTHA PACHECO, LAURA REYES, MANUEL ARRAS, DAVID ZUBIA, ANTONIO MEZA, JESUS ARENIVAR, ALBA BARRIOS, GLORIA CAMPOS, REYNEL CARMONA, SYLVIA CRUZ, JESUS ESTRADA, MARIA ISABEL FLORES, JORGE MARTINEZ, MARIA MCREYNOLDS, IGNACIO RANGEL, JUANA ROSALES, MARIA TOVAR, ANTELMO ZUNUN, MARIA ALVA, PETRONA COREAS, MARIA ESTEVEZ, ALFREDO PINEDA, CARMEN LUNA, PATTY LEHMKUHL, LUIS OCHOA, Plaintiffs, v. SWIFT & COMPANY, Defendant.

**Prior History:** *Gallegos v. Swift & Co., 237 F.R.D. 633, 2006 U.S. Dist. LEXIS 63492 (D. Colo., 2006)*

## Core Terms

disclosure, discovery, positions, Interrogatory, accommodation, Motions, plaintiffs', documents, new position

**Counsel:** [*1] For Betty Gallegos, Bertha Pacheco, Laura Reyes, Manuela Arras, David Zubia, Antonio Meza, Jesus Arenivar, Alba Barrios, Gloria Campos, San Juanita Celedon, Reynel Carmona, Sylvia Cruz, Jesus Estrada, Maria Isabel Flores, Jorge Martinez, Maria McReynolds, Ignacio Rangel, Juana Rosales, Maria Tovar, Antelmo Zunun, Maria Alva, Petrona Coreas, Maria Estevez, Alfredo Pineda, Carmen Luna, Patty L. Lehmkuhl, Luis Ochoa, Plaintiffs: Britton Jess Morrell, LEAD ATTORNEY, Morrell Law Office, LLC, Greeley, CO.; Todd John McNamara, McNamara & James, LLP, Denver, CO.

For Swift & Company, Defendant: Heather Fox Vickles, Leslie Abernathy Johnson, Walter Vernon Siebert, LEAD ATTORNEYS, Sherman & Howard, L.L.C.-Denver, Denver, CO.; Stuart B. Johnston, Jr., LEAD ATTORNEY, Vinson & Elkins, LLP-Dallas Texas, Dallas, TX.

**Judges:** Lewis T. Babcock, United States District Chief Judge.

**Opinion by:** Lewis T. Babcock

## Opinion

### Order

Defendant Swift & Company ("Swift") moves to exclude evidence disclosed by plaintiffs in an amended response to an interrogatory nearly ten months after the close of discovery and less than three months before trial, pursuant to *Fed. R. Civ. P. 37(c)(1)* [*2] . A hearing on this motion was held January 24, 2007. For the reasons stated below, Swift's motion is GRANTED.

### I. BACKGROUND

Plaintiffs bring claims against Swift for violations of the Americans with Disability Act ("ADA"), *42 U.S.C. § 12101, et seq.,* and the Colorado Civil Rights Act ("CCRA"), *Colo. Rev. Stat. § 24-34-401, et. seq.,* for employment actions at several

meat packing plants owned by Swift in Greeley, Colorado. As part of an overall restructuring and a change in policy on employees with medical restrictions, Swift placed all plaintiffs on involuntary medical leave in January 2003, contending that their medical restrictions rendered them unable to perform their current positions and unable to perform any other position available at that time. The plaintiffs filed suit on June 24, 2004, alleging violations of the ADA. Plaintiffs allege, among other things, that Swift failed to reasonably accommodate their disabilities. Swift is required to make such an accommodation, unless it would impose undue hardship on Swift. *See* 42 U.S.C. § 12112(b)(5)(A).

The chronology of discovery in **[*3]** this case is central to this motion. Swift served the First Set of Interrogatories and Request for Documents on December 3, 2004, and a Second Set of Interrogatories and Request for Documents on January 7, 2005, when new plaintiffs were added to the case. Defendant's Interrogatory 7 stated:

> "Please identify each and every job you believe you could perform at Defendant's Greeley, Colorado processing facility without accommodation and identify each job you believe you could perform with accommodation, and for those jobs you believe you could perform with accommodation, please identify each and every accommodation needed to perform each job."

Swift states that information provided through this Interrogatory is necessary for its "undue hardship" defense, since it addresses the extent to which plaintiffs were qualified for other positions with or without reasonable accommodation.

Swift disclosed to plaintiffs on February 7, 2005 all LMS/Supervisory Detail reports and all Position Description Analyses ("PDAs"). These documents describe each position available at Swift at the relevant times, and the physical requirements of each position. On March 30, 2005, Swift disclosed **[*4]** to plaintiffs all employment records for each plaintiff. By April 18, 2005, the plaintiffs had provided responses to each of Swift's interrogatories and requests for documents. The deadline for discovery, extended three times, was March 23, 2006. A four week bench trial is currently set to commence March 26, 2007.

On January 2, 2007 plaintiffs provided an Amended Response to Interrogatory 7 ("Amended Response"), listing additional positions plaintiffs assert they could have performed with our without accommodation. The parties dispute the number of additional positions contained in this amended response; Swift alleges that the amended response identifies 922 additional positions, while plaintiffs assert that it identifies only 283 new positions, most of which apply to more than one plaintiff. It is undisputed that this amended response is based on materials that Swift had provided by the end of March 2005, not on any new information more recently disclosed to plaintiffs.

Swift argues that this Amended Response is not timely under Fed. R. Civ. P. 26(e)(2), and accordingly must be excluded from trial pursuant to Fed. R. Civ. P. 37(c)(1) **[*5]** .

## II. DISCUSSION

Under Fed. R. Civ. P. 26(e)(1) a party must supplement its disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect." A party similarly must "seasonably" amend its Rule 26 disclosures when it learns its earlier response was "in some material respect… incomplete or incorrect." Fed. R. Civ. P. 26(e)(2). "Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." Sender v. Mann, 225 F.R.D. 645, 654 (D. Colo. 2004). A key policy goal of requiring parties to keep their disclosures current is "to avoid trial by ambush." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003).

A party that fails to disclose in a timely manner information required under *Rule 26(e)* may not use such information as evidence at trial, "unless such failure (to disclose) is harmless." *Fed. R. Civ. P. 37(c)(1)* **[*6]** . "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Sender, 225 F.R.D. at 656*. "The determination of whether a *Rule 26(a)* violation is justified or harmless is entrusted to the broad discretion of the trial court." *Woodworker's Supply, Inc., v. Principal. Mut. Life, 170 F.3d 985, 993 (10th Cir. 1999)*. "The following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* "The non-moving party has the burden of showing that they were substantially justified in failing to comply with *Rule 26(a)(1)*." *Sender, 225 F.R.D. at 655*.

The parties here do not dispute the basic chronology of the disclosure. It is undisputed that plaintiffs provided the Amended Response nearly nine months after the end of discovery, less than three months prior to trial and ten days prior to the originally scheduled Pre-Trial Conference **[*7]** on January 12, 2007.

The parties do dispute the substance of the disclosure. Swift contends that the Amended Response contains 922 "entirely new positions" that plaintiffs state that they could have performed. Swift argues that analyzing these positions will prejudice them at trial, and that they cannot cure the prejudice except by reopening discovery and postponing trial. Plaintiffs respond that in fact the Amended Response contains 283 new positions, most of which apply to more than one plaintiff. Moreover, plaintiffs also assert that the disclosures in the Amended Response include positions also identified in the plaintiffs' Motions for Partial Summary Judgment, filed April 21, 2006.

Applying the four factors from *Woodworker's*, I find and conclude that the disclosures of entirely new positions in the Amended Response is not harmless. Revealing new positions this far after the end of discovery and this close to trial will prejudice Swift. Swift will not have time to analyze these positions, re-depose witnesses based on this new information and otherwise prepare its defense without disrupting the current trial schedule. Providing Swift the opportunity to cure this prejudice **[*8]** would mean reopening discovery and postponing the trial, options that are expensive and untenable at this stage of the proceeding. While this court has no evidence of any bad faith on the part of the plaintiffs, I conclude that three out of four of the *Woodworker's* factors favor exclusion of the Amended Response.

Additionally, plaintiffs have not met their burden to justify their late disclosure. Plaintiffs argue that all of the information in the disclosure is derived from documents disclosed by Swift, so Swift cannot claim to be surprised or prejudiced by this disclosure. However, the relevant inquiry is not whether Swift was in some abstract way aware that these positions existed. The inquiry under the ADA is whether an individual plaintiff asserts that he or she was able to perform a position, with or without accommodation. Swift's disclosure of the broad universe of potential positions to plaintiffs does not place Swift on notice of which specific positions each individual plaintiff considered him or herself able to perform. Plaintiffs argue as well that Swift claims it reviewed all of these positions itself to assess each plaintiff's eligibility. But this also does not address **[*9]** whether each individual plaintiff considered himself or herself able to perform these positions.

Finally, plaintiffs contend that the sheer volume (approximately 61,000 pages) of documents they had to review justifies the lateness of this disclosure. However, plaintiffs were aware of this volume of documents in February of 2005, nearly two years before filing the Amended Response and more than one year before the discovery cut-off.

Plaintiffs had ample opportunity to request additional time for discovery if they wished. They did not do so.

In sum, plaintiffs have not met their burden to justify the late disclosure of the Amended Response. This information must be excluded pursuant to *Fed. R. Civ. P. 37(c)(2)*.

Swift's motion necessarily raises a related, but separate issue. Plaintiffs contend, to justify their late disclosure, that much of the information contained in this late disclosure was previously provided to Swift in plaintiffs' Motions for Partial Summary Judgment, filed April 21, 2006. Swift argues that whatever information was contained in plaintiffs' Motions for Partial Summary Judgment are similarly inadmissible, because these do **[*10]** not represent disclosures or amended disclosures under *Fed. R. Civ. P. 26*, because defendant moved at the time to strike this proposed evidence as inadmissible as lacking a sworn affidavit, because plaintiffs' Motions for Partial Summary Judgment did not state explicitly that they believed they could perform these positions, and because the disclosures in the Motions for Partial Summary Judgment were filed after the end of discovery and so are untimely.

I agree with Swift for the following reasons. The information contained in plaintiffs' Motions for Partial Summary Judgment were not *Rule 26* disclosures. Plaintiffs have the burden to justify disclosures outside of the schedule of discovery, and they have pointed me to no authority supporting, the proposition that including information in a *Rule 56* motion is a substitute for compliance with *Rule 26*. *Woodworker's,* which plaintiffs cited at the hearing, analyzed the prejudice resulting from a late disclosure of an alternative theory of damages. *170 F.3d at 992-993*. *Woodworker's* did not address whether inclusion of information in a summary judgment motion constitutes a "seasonable **[*11]** amendment" under *Rule 26*.

Even if plaintiffs did consider the information in their Motions for Partial Summary Judgment to be responsive to Interrogatory 7, they could have easily notified Swift that this was their intent. Plaintiffs filed their *Rule 56* motions in April of 2006, but have not adequately justified waiting until January 2, 2007 to provide a formal *Rule 26(e)* filing containing this information, or in any other way apprising Swift that they intended to use this information at trial. Indeed, at the January 24, 2007 hearing, plaintiffs' attorneys acknowledged with admirable candor that they should have done so.

Swift is entitled to rely on the material disclosed through discovery as the basis for plaintiffs' case and its own defense. To rule now, two months before trial, that this information is admissible, would prejudice Swift's defense, disrupt the schedule of the trial, or both. Accordingly, I conclude that the information in the Amended Response, and the information contained in the Motions for Partial Summary Judgment, is not admissible at trial.

It is so Ordered that Swift's *Rule 37(c)(1)* motion to exclude (Docket # 262) is GRANTED, as follows:

1) All information **[*12]** contained in Plaintiffs' January 2, 2007 Amended Response to Interrogatory 7 not included in its response to Interrogatory 7 before the close of discovery is excluded and may not be used as evidence at trial

DONE and ORDERED, this 25<th> day of January, 2007 at Denver, Colorado.

s/Lewis T. Babcock

United States District Chief Judge

**End of Document**