# EXHIBIT 14

The Respondent denies that anyone was hired or promoted for the Complainant's position.

Comparative data shows that the IT Department consisted of 24 employees. Comparative data demonstrates that of the entire IT Department, 18 (75%) of the employees were of the same protected class as the Complainant based on age (age 40 or older).  Of the six employees that were laid off, 100% were age 40 or older. Comparative data demonstrates that all five (100%) Senior Business Systems Analysts employed by the Respondent are members of the same protected class as the Complainant. Of those five, two (40%), including the Complainant, were laid off. Both individuals that were laid off were members of a protected class based on age.

Comparative data shows that the Complainant was the longest serving individual in the entire IT Department (26.5 years), including those individuals that were laid off and those individuals that remain employed by the Respondent.  The next longest serving employee remains employed by the Respondent.

Comparative data demonstrates that the Complainant's salary ($72,894.96) was tied as the fourth highest in the entire IT Department and tied as the second highest of those that were laid off. The evidence shows that Troy Flick ("Flick")(Age 40 or older; male; not married to a coworker), IT Manager and Lhana Jordan ("Jordan")(Age 40 or older; female; Not Married to a Coworker), Customer Service Manager, are paid more than five of the six individuals that were laid off, including the Complainant.  Flick and Jordan are members of the Complainant's protected class based on age.

Reduction in Workforce/Age:

To prevail on a claim of discriminatory layoff, the evidence must show that: (1) the Complainant is a member of a protected class; (2) the Complainant was laid off; (3) the Complainant was qualified for the position from which she had been laid off; and (4) the Complainant was treated less favorably than employees outside of her class during the reduction in force.

While the Complainant may hold a personal belief that the Respondent should have utilized other criteria in its reduction-in-workforce plan, Respondent is legally entitled to establish whatever non-discriminatory criteria it desires for its employment decisions.  Civil rights statutes do not constitute a vehicle for administrative/judicial review of an employer's bona fide business decisions, however unreasonable they might appear to the Complainant. Furthermore, evidence of satisfactory work performance is not probative, because in a reduction in force case, "someone has to be let go." *Rea v. Martin Marietta Corp., 29 F.3d 1450, 1456 (10th Cir. 1994).*

7

Teresa Devlin, Compliance Investigator
Debra Bouricius v. Mesa County
May 22, 2017
Page 4 of 10

Five other older employees were laid off from the IT Department at the same time as Ms. Bouricius: Janine Corsi (age 59), Rick Corsi (age 59), David Barnett (age 47), Carey Stieb (49), and Crislynn Howerton (age 59). *See* Attachment A. We understand that Mesa County has made similarly vague and incorrect claims about the bases for firing Janine Corsi and Rick Corsi in response to their charges of age discrimination.

For instance, we understand that Mesa County claims Janine Corsi was selected to be fired because her job solely consisted of making network backups. That claim is untrue – she did the exact same work as all the other employees with her job title. Ms. Corsi had worked for Mesa County for 23 years at the time of her termination, and was the longest tenured employee with the Network Administrator job title. (Carey Stieb, a 49-year-old Network Administrator with 21 years of experience at Mesa County, was also laid off. We understand that Mesa County's position statement in response to Ms. Corsi's charge does not even mention Stieb.) The Network Administrators whom Mesa County chose not to fire, Bill Tarlton and Ron Sage,[1] were both 41 years old, and both had less than 10 years of experience at Mesa County. At the time of the layoff, Sage had been openly discussing moving to another city and leaving his job with Mesa County, yet was not selected to be laid off.

Further, we understand that Respondent also claims Rick Corsi, who had 21 years of experience at Mesa County, was fired because of his "skill sets," despite the fact that (like Ms. Bouricius and Janine Corsi) he had a documented history of consistently receiving strong performance reviews. Specifically, Mesa County claims Mr. Corsi had worse "customer service" skills than Lhana Jordan (age 32, with 10 years of experience), and was less knowledgeable about network processes than Troy Flick (age 46, with 12 years of experience). These claims are vague and subjective, and Mesa County has not provided any objective metrics by which their accuracy can be judged.

Taken together with the vague, inconsistent, and subjective reasons given for the termination of Rick Corsi and Janine Corsi, Ms. Bouricius's termination is part of a clear pattern of unlawful age discrimination in the selection of employees to be laid off.

## REBUTTAL

### A. Respondent's cherry-picked and misleading statistics cannot hide a clear pattern of targeting older workers for layoff.

Respondent presents several incorrect and cherry-picked statistics about the age of its workforce and the employees who were chosen to be fired. Mesa County does so in order to mislead the CCRD and present its layoff in the best possible light. However, a close look at

---

[1] We understand that Mesa County does not compare Ms. Corsi to Ron Sage because Sage had the technical job title of "Senior" Network Administrator. Sage is a proper comparator to Ms. Corsi because he had the exact same duties of the other Network Administrators, and his pay was identical to Bill Tarlton's pay.

1670 York Street • Denver, Colorado 80206 • p.303.298.9878 • f.303 298 9879 • www.KingGreisen com • greisen@kinggreisen com • swain@kinggreisen.com

DEF 38

## MESA COUNTY IT DEPARTMENT LAYOFFS – OCTOBER 6, 2016

| | Approximate Age | Approximate Years of Service |
|---|---|---|
| **BUSINESS SYSTEMS ANALYST** | | |
| Lori Marak | 52 | 15 |
| Elizabeth McDowell | 33 | 4 |
| Terrie Hotary | 51 | 3 |
| Kelly Leuallen | 57 | 23 |
| Deb Bouricius (laid off – oldest BSA) | 57 | 26 |
| David Barnett (laid off) | 47 | 12 |
| **NETWORK ADMINISTRATOR** | | |
| Bill Tarlton | 41 | 5 |
| Janine Corsi (laid off – oldest Network Admin) | 59 | 23 |
| Carey Stieb (laid off) | 49 | 21 |
| Ron Sage | 41 | 9 |
| **IT MANAGER** | | |
| Troy Flick | 46 | 12 |
| Lhana Jordan | '32 42 | 10 |
| Rick Corsi (laid off – oldest IT Manager) | 59 | 21 |
| **HELP DESK** | | |
| Paul Mitts | 59 | 6 |
| Crislynn Howerton (laid off – tied for oldest Help Desk) | 59 | 4 |
| **PC SUPPORT** | | |
| Josh Dallman | 34 | 2 |
| Dave Underwood | 37 | 15 |
| Eric Farslow | 59 | 5 |
| Derek Conlon | 37 | 4 |
| Andrew Wetzel | 31 | 2 |
| **WEB ADMIN** | | |
| Joe Keene | 48 | 12 |
| Leilani Boyles | 51 | 22 |
| **GIS** | | |
| Chris Kadel | 51 | 17 |
| Ryan Davidson | 39 | 4 |
| **COUNTY ADMINISTRATOR / IT DIRECTOR** | | |
| Frank Whidden | 55 | 5 |

Attachment A

DEF 45

DocuSign Envelope ID: 018D5484-25AC-4D0D-A0DE-0A2CC4FCDC3A

 **MESA COUNTY**

December 26, 2015

**Evaluation: Troy Flick**
Period reviewed: January 1, 2015 through December 31, 2015
Position: Network Manager, Resource Management/IT

**Overall Appraisal**
Troy continues to be a good leader in the technical arena. He and his team continue to evolve as the IT world changes. He has lead the team to embrace cloud technology where it makes sense and is cost efficient. As the Mesa County digital demands increase I count on him to keep the infrastructure "one step ahead" to be prepared for what our customers need to get their jobs done. Troy always has a good attitude and is well-liked and respected by his teammates. The lack of "production down" incidents is true testament to his leadership and the team's great work.

**2015 Goals**
Implement the required infrastructure (including staff training and outside vendor assistance as needed) to fully implement VDI infrastructure County wide where appropriate. This will be in conjunction with the IT Customer Service Manager who shares this goal.

Continue to seek infrastructure improvements/refreshing such that the infrastructure is prepared for the anticipated increasing data demands of voice and video.

Continue to seek professional development opportunities.

Signature of Employee

DocuSigned by:
*Troy Flick*
A2864C1D6892474                                    12/24/2015 | 09:44 MT

Signature of Department Head

DocuSigned by:
*Frank Whidden*
772C551A8AD84E1                                    12/24/2015 | 09:48 MT

P.O. Box 20000 · Grand Junction, Colorado 81502-5037   •   Telephone: (970)-683-4200 · Fax (970) 244-1756

7

DEF 75

used any of these criteria, in fact he stated both verbally and in a letter that performance was not a factor. I never received a negative performance review in all my years at the county. My supervisor, Troy Flick, did not review any of the networking group last December, as was required by county policy, so even if they had used performance, they were lacking the data in my case to do so.

Although all of the networking group are well qualified to do the job, I believe I had some special skills that others did not possess, especially in the areas of Sql database management and management of the Commvault backup software.

I believe Rick, Carey, Debra and myself had the most seniority of all of those in IT, with the exception of Leilani Boyles.

There were 4 Network Administrators in IT. Of these, I was the only woman, the oldest, and had the most seniority and experience, also the highest level of education (Master's degree in Computer Science, University of Colorado). To my knowledge, Ron Sage's highest level of formal education was a high school diploma. I believe Carey Stieb has a college degree, possibly a master's degree. Bill Tarlton finished his bachelor's degree through the University of Phoenix recently after he was hired by the county.

On numerous occasions I was excluded from social activities offered to my 3 peers by my supervisor (Troy Flick, IT Manager) during working hours. Of these were almost daily card games. While my supervisor and my 3 coworkers (Ron Sage, Bill Tarlton, and Carey Stieb), played cards sequestered in a conference room for 2 hours or more, I was left to handle any work that came in. I complained of this to the other 2 IT managers, Lhana Jordan and Rick Corsi. I did not feel I could bring my complaint to Troy Flick because he was the one encouraging the behavior. Rick Corsi in turn brought the situation to the attention of Frank Whidden, who agreed it was not acceptable, but nothing was done. Lhana stated that I was in a "challenging situation with your workgroup". I don't know if she ever discussed the problem with Frank. Troy blocked out 2 hours for lunch so that meetings wouldn't be scheduled that might infringe on lunch. Several of my coworkers in IT complained it was difficult to schedule meetings around Troy's lunch schedule.

There were other occasions where I was excluded. Shortly before Christmas one year, Troy and my 3 coworkers disappeared at lunch for several hours. I later heard from Carey Stieb that they had been tablet shopping. I believe they each received an android tablet, and I was not offered one until sometime later when they got a deal on Dell tablets for cheap at which point Troy asked if I wanted one. I complained to Lhana Jordan at that time about the tablet shopping, and she was angry about it as well. Another regular occurrence around Christmas is all the network guys got new cell phones, whether they needed them or not.

I was also excluded from new projects and work assignments. Troy stopped assigning me new projects in the last couple of years of my employment. For example, when I volunteered to install new switches, he agreed at first and then reassigned the majority of the work to my 3

DEF 3239

**CONFIDENTIAL**

Case No. 1:18-cv-01144-DDD-STV   Document 177-14   filed 09/23/21   USDC Colorado   pg 7
of 17
8/28/2018                    Mesa County Mail - Re: F2017171785 Janine Corsi v. Mesa County - witness interviews

 **Mesa County**
Google

**Nina Atencio** <nina.atencio@mesacounty.us>

## Re: F2017171785 Janine Corsi v. Mesa County - witness interviews
1 message

**L - DORA, Courtney** <courtney.longtin@state.co.us>                    Fri, Sep 29, 2017 at 4:27 PM
To: Nina Atencio <nina.atencio@mesacounty.us>

Thank you, Nina.

I really appreciate your assistance and patience throughout these investigations!

Have a nice weekend.

Courtney

On Fri, Sep 29, 2017 at 4:08 PM, Nina Atencio <nina.atencio@mesacounty.us> wrote:

Courtney,

The following is Mesa County's response to your questions dated 9/19/17 (I apologize for any formatting errors):

1. *Please clarify the number of Network Administrator's working for the Respondent at the time of the layoffs. The position statement indicated that Ms. Corsi and Mr. Tarlton were Network Administrator's and Mr. Sage is a Senior Network Administrator. The Complainant asserts that Cary Stieb was a Network Administrator. I believe Exhibit 10 lists 2 Network Administrator's as being laid off. Can you clarify this?*

   Please see the attached document titled "Mesa County IT Department Employees as of October 2016." I apologize for any error that may have been provided previously.

2. *What is the Respondent's position regarding whether the Complainant exercised supervisory, appointment, dismissal or disciplinary authority over her spouse, or audited, verified or received money handled by her spouse, or accessed confidential information regarding her spouse?*

   Mrs. Corsi did not have supervisory, appointment, dismissal or disciplinary authority over Mr. Corsi, nor did she audit, verify or receive money handled by Mr. Corsi. Mrs. Corsi, through her position, had access to all Mesa County employees' emails via Google Vaults and the authority to grant administrative rights to Mesa County's Google Vaults, allowing access to all Mesa County employees' emails. Subsequent to Mrs. Corsi's layoff, as standard practice by Mesa County for all employee separations, while disabling accounts and adjusting file security, it was learned that Mr. Corsi had been given these administrative rights. Mr. Corsi was not entitled to such administrative rights and it is believed that Mrs. Corsi granted him these rights. This would be considered a security breach and would be a terminable offense. **However**, to be clear, this was **not** a basis in the determination for Mrs. Corsi's layoff as the information was learned after the layoff occurred. I mention this as, arguably, Mrs. Corsi, by nature of her position (all Network Administrators had this access), could have access to confidential information regarding Mr. Corsi as she had access to all Mesa County employees' emails. Thus, if a personnel matter were discussed via email, Mrs. Corsi had access to such information by virtue of her position. Because both Mr. Corsi and Mrs. Corsi were long-term employees, the access by Mrs. Corsi was allowed by nature of her position as a Network Administrator. And again, this was not a basis for the layoff. The determining factors for Mr. Whidden's decision on who to layoff within the IT Department was based on needs of the department and Mesa County as a whole.

3. *The Complainant alleged that Mr. Whidden referred to the Network group as the "network guys" and would seek help, if needed, from Mr. Flick, Mr. Stieb, Mr. Sage or Mr. Tarlton and not the Complainant. What is the Respondent's position?*

   Mr. Whidden's use of the word "guys" was in a generic sense as reference to a group of people and not specifically to a group of men. As for the allegation that Mr. Whidden would seek out others and not the Complainant, Mr. Whidden sought assistance based on need. For example, when Mr. Whidden had an IT related problem related to his position (other departments would seek out its own IT help as necessary), Mr. Whidden would generally go to the relative manager and would ask who could handle the IT issue. Mrs. Corsi

**DEF 3963**
**CONFIDENTIAL**

Case No. 1:18-cv-01144-DDD-STV    Document 177-14    filed 09/23/21    USDC Colorado    pg 8
of 17
8/28/2018                           Mesa County Mail - Re: F2017 0 11 86 Janine Corsi v. Mesa County - witness interviews

had specific responsibilities for back-ups and assistance with CORA (Colorado Open Records Act) requests and responses. Mr. Whidden had little, if any, issues related to these specific services.

4. *I cannot locate exhibit 9, could you please resend it? If you could provide an un-redacted version of exhibit 9, I believe I could obtain the information requested in #5 and 6.*

   It is attached. Also, please referenced attached document provided as referenced in #1 above.

5. *I need comparative data (age; marriage to a coworker) for Mr. Flick and Mr. Whidden. Are Mr. Tarlton or Mr. Sage married to a co-worker? What is Mr. Sage's age?*

   Please see attached document provided as referenced in #1 above. Mr. Whidden is not married to a Mesa County employee. Although in a protected category for age, Mr. Whidden declines to provide his specific age.

6. *I want to confirm that the IT department consists of 24 and not 25 individuals?*

In Mesa County's Response to the RFI, I inadvertently listed 25 IT employees, relying on data provided from 2015. Such data included a position that was eliminated prior to October 2016. I apologize for my error and any inconvenience it may have created. The number of employees within the IT Department for October 2016 is **24**.

7. *Please provide copies of the performance evaluations, including numerical or quantitative ratings, for the IT Department. If you could specifically note Mr. Tartlon and Mr. Sage's evaluations, I would appreciate it.*

   Please see attached document provided as referenced in #1 above.

8. *Lastly, if there are any contemporaneous emails, notes, or documents related to the lay off decision, please provide that information.*

Aside from the general budgetary information regarding the state of Mesa County's financial deficit, which precipitated the need for layoffs in the IT Dept., there are no documents related to the decision to layoff Complainant.

9. *Regarding Mesa County's position on the request for an extension of time:*

   At the request of the CCRD, Mesa County requests an extension of time for the CCRD's jurisdiction but does not waive any other rights or defenses to which it may be entitled.

If there is additional clarification or information needed, please let me know.

Regards,
Nina

On Tue, Sep 19, 2017 at 4:33 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
   Nina,

   I apologize, I understand some of the information I'm requesting (including interviews) may seem repetitive given the other cases I am also investigating; however, I need the information in each case so that I can file it into the respective case. I appreciate your patience regarding this.

   I am requesting the following information\documentation:

   1. Please clarify the number of Network Administrator's working for the Respondent at the time of the layoffs. The position statement indicated that Ms. Corsi and Mr. Tarlton were Network Administrator's and Mr. Sage is a Senior Network Administrator. The Complainant asserts that Cary Stieb was also a Network Administrator. I believe Exhibit 10 lists 2 Network Administrator's as being laid off. Can you clarify this?
   2. What is the Respondent's position regarding whether the Complainant exercised supervisory, appointment, dismissal or disciplinary authority over her spouse, or audited, verified or received money handled by he spouse, or accessed confidential information regarding her spouse?
   3. The Complainant alleged that Mr. Whidden referred to the Network group as the "network guys" and would seek help, if needed, from Mr. Flick, Mr. Stieb, Mr. Sage or Mr. Tarlton and not the Complainant. What is the Respondent's position?

DEF 3964
CONFIDENTIAL

4. I cannot locate exhibit 9, could you please resend it? If you could provide an un-redacted version of exhibit 9, I believe I could obtain the information requested in #5 and 6.
5. I need comparative data (age; marriage to a coworker) for Mr. Flick and Mr. Whidden. Are Mr. Tarlton or Mr. Sage married to a co-worker? What is Mr. Sage's age?
6. I want to confirm that the IT department consists of 24 and not 25 individuals?
7. Please provide copies of the performance evaluations, including numerical or quantitative ratings, for the IT Department. If you could specifically note Mr. Tartlon and Mr. Sage's evaluations, I would appreciate it.
8. Lastly, if there are any contemporaneous emails, notes, or documents related to the lay off decision, please provide that information.

Please provide this information, as well as your position on the request for an extension of time, and the scheduling of employee interviews on or before **September 29th**. If you need additional time, please let me know.

Regards,

Courtney

On Fri, Sep 15, 2017 at 1:34 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Nina,

I should also process an extension on this case. Would you request a 90-day extension of time?

Thank you,

Courtney

On Fri, Sep 15, 2017 at 1:33 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Good afternoon,

I am also the investigator assigned to the above referenced case. I would like to schedule witness interviews with the following individuals:

Eric Farslow
Lhana Jordan
Troy Flick
Paul Mitts

I anticipate these interviews will take approximately 10-15 minutes each and can be done by phone. My schedule is flexible and I will work with the witnesses.

Regards,

Courtney

--
Courtney Longtin, Esq.
Investigator
Colorado Civil Rights Division



COLORADO
Department of
Regulatory Agencies
Colorado Civil Rights Division

P: 303.894.7804 | F: 303.869.0138
1560 Broadway, Suite 1050 Denver CO 80202
courtney.longtin@state.co.us | www.dora.colorado.gov/crd

--
Courtney Longtin, Esq.

**DEF 3965**



Nina Atencio <nina.atencio@mesacounty.us>

## Re: FE2017188101 Rick Corsi v. Mesa County - Witness Interviews
1 message

From: **L - DORA, Courtney** <courtney.longtin@state.co.us>
Date: Wed, Jul 12, 2017 at 12:55 PM
Subject: FE2017188101 Rick Corsi v. Mesa County - Witness Interviews
To: nina.atencio@mesacounty.us

Good afternoon,

I am the Investigator assigned to the above referenced case. I wanted to reach out to you regarding witness interviews. The Complainant listed a number of witness that I believe are current employees of the Respondent. Would you like to participate in these interviews and, if so, can you assist in facilitating the interviews? My schedule is flexible and will work with you and the witnesses in scheduling. If you do not wish to participate, please let me know and I will reach out to the witnesses directly.

The following individuals were listed as witnesses by the Complainant:

1. Carey Stieb
2. David Barnett
3. Crislynn Howerton
4. Deb Bouricious
5. Eric Farslow
6. Kelly Leuallen
7. Lori Marak
8. Lhana Jordan
9. Paul Mitts
10. Troy Flick
11. Sheila Reiner
12. Krister Ubersox

**DEF 3983**

**REDACTED**

8/28/2018                    Mesa County Mail - Re: FE2017183101 Rick Corsi v. Mesa County - Witness Interviews

Thank you,

Courtney

On Thu, Aug 24, 2017 at 4:27 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Nina,

You previously provided redacted information about employee's dates of birth, but for those employees that are
referenced in the investigation, I need to list their relevant protected class (if you do not wish to provide their
specific date of birth, please state whether they are age 40 or older or age 40 or younger). Those employees are:

Frank Whidden
David Barnett
Judy Barnett
Carey Stieb
Trock Flick
Lhana Jordan

Thank you,

Courtney

On Mon, Aug 21, 2017 at 3:46 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Thank you for your response.

Regards,

Courtney

On Mon, Aug 21, 2017 at 11:22 AM, Nina Atencio <nina.atencio@mesacounty.us> wrote:
Good Morning Courtney,

With regard to question #3 and the spreadsheet you provided, the following is our response:

The spreadsheet examines the financial impact to the County for giving both a 90 day severance payout
versus a 30 day severance payout to both Mr. and Mrs. Corsi.  While neither marriage to a co-worker, age, or
gender was a determinative factor in Mr. Whidden's consideration regarding the layoffs within the IT
Department, Mr. Whidden understood the impact to the Corsi family due to the layoff of both wage-earners.
Mr. Whidden also needed to balance fairness to the other IT employees subject to the layoff.   Thus, Mr.
Whidden looked at giving Mr. Corsi and Mrs. Corsi a 90 day severance payout versus a 30 day severance
payout.  That is the purpose of this worksheet which worksheet is a draft of calculations of the two scenarios.
It should be noted that per Mesa County policy, a severance is not required for layoffs.  Rather, 30 day
notification is required, so the 30 days severance pay was going to be provided to all employees who were
laid off within the IT Department.  Unfortunately, it was not financially feasible to give all six employees who
were laid off a 90 day payment.  However, because Mr. Corsi had a managerial position, it was determined
that his severance would be nearer to 90 days, while Mrs. Corsi, and the other non-managerial employees,
were given 30 days.  Mesa County denies that either marriage to a co-worker or age was a determining factor
in the decision to layoff Mr. and Mrs. Corsi.

Please let me know if I can provide any additional information or clarification on this.

Thank you,

Nina

**DEF 3986**

On Mon, Jul 31, 2017 at 4:56 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Nina,

I apologize, but in looking at my calendar, I have interviews scheduled in another case for Friday, August 4th from 9-9:30. Is it possible to re-schedule Ms. Reiner's time?

Thank you,

Courtney

On Mon, Jul 31, 2017 at 4:54 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Nina,

I don't know if you will be on-site with the employees during the interviews, or if you would prefer if I call you and then conference in the employee? Alternatively, you could call the employee and conference me in? My direct line is 303-894-7804. I do not have a preference as to logistics.

Thank you for your assistance in scheduling these interviews! I'll look forward to speaking with you on Thursday.

Courtney

On Mon, Jul 31, 2017 at 3:39 PM, Nina Atencio <nina.atencio@mesacounty.us> wrote:
Hi Courtney,

I wanted to update you on where I'm at for scheduling the interviews:

THURSDAY AUGUST 3RD

9:30  Brenda McKay
9:45  Lynn Zubek
10:00 Lhana Jordan
10:30 Eric Farslow
10:45 Greg Linza (tentatively)
11:00 Krista Ubersox
11:30 Lori Marak  (tentatively)
11:45 Kelly Leuallen  (tentatively)

FRIDAY AUGUST 4TH

9:00 Sheila Reiner
9:30 Paul Mitts
9:45 Troy Flick (tentatively)

I am waiting on confirmation on Troy Flick and Greg Linza.  Lori Marak and Kelly Leuallen both expressed to me that each was not sure he/she wanted to participate.  I explained to each that his/her participation is voluntary and protected from retaliation and gave them time to consider whether or not to participate.  I will confirm with you regarding the four named once I can.

If you need anything else at this time, please let me know.  Otherwise, I will be in touch as soon as I can confirm the four.

Thank you,
Nina

On Fri, Jul 21, 2017 at 10:30 AM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Hi Nina,

I think scheduling the interviews in blocks of time makes the most sense. It does not matter to me if specific employees are scheduled for a specific time slot, or if the

**DEF 3989**

1. The Complainant will not be participating in the interviews.
2. You would observe the interview and if you had brief follow up questions, I think I could accommodate that, but it would not resemble a direct\cross witness examination.
3. The interviews typically last 10-15 minutes and frequently consist of the same types of questions (did you observe\witness any discrimination based on the Complainant's various protected classes, and if so, what did you observe). If the Complainant alleged that the witness would have specific knowledge about a particular thing, I would also ask the witness about that (e.g. the Complainant indicated that Mr. Flick would have information about a meeting with Mr. Whidden at which it was decided that the Complainant should be laid off).
4. I will conduct the interviews by telephone.

I will also let you know that I advise the witnesses that their participation is voluntary and that if they experience retaliation as a result of their participation, they may file a complainant with the CCRD.

Thank you,

Courtney

On Wed, Jul 12, 2017 at 2:12 PM, Nina Atencio <nina.atencio@mesacounty.us> wrote:
Courtney,

Thank you for this information and opportunity to participate in your interviews. I have a couple of questions regarding your process, if I may, before determining my participation:

1. Will the Charging Party also be participating in the interviews?
2. What does "participating" mean? Would I be observing or would I also be able to ask questions?
3. Are there standard questions you ask of each witness, or do the questions vary, or a mixture of both?
4. Because you are located in Denver, I believe, will the interviews be by phone or will you be traveling to Grand Junction?

The first 4 witnesses on your list are no longer Mesa County employees.

Thank you in advance for your time and consideration of my questions.

Nina

On Wed, Jul 12, 2017 at 12:55 PM, L - DORA, Courtney <courtney.longtin@state.co.us> wrote:
Good afternoon,

I am the Investigator assigned to the above referenced case. I wanted to reach out to you regarding witness interviews. The Complainant listed a number of witness that I believe are current employees of the Respondent. Would you like to participate in these interviews and, if so, can you assist in facilitating the interviews? My schedule is flexible and will work with you and the witnesses in scheduling. If

**DEF 3992**

you do not wish to participate, please let me know and I will
reach out to the witnesses directly.

The following individuals were listed as witnesses by the
Complainant:

1. Carey Stieb
2. David Barnett
3. Crislynn Howerton
4. Deb Bouricious
5. Eric Farslow
6. Kelly Leuallen
7. Lori Marak
8. Lhana Jordan
9. Paul Mitts
10. Troy Flick
11. Sheila Reiner
12. Krister Ubersox
13. Lynn Zubeck
14. Brenda McKay
15. Greg Linza

Thank you,

Courtney

--
Courtney Longtin, Esq.
Investigator
Colorado Civil Rights Division



P: 303.894.7804 | F: 303.869.0138
1560 Broadway, Suite 1050 Denver CO 80202
courtney.longtin@state.co.us | www.dora.colorado.gov/crd

--
Nina Atencio
Chief Deputy County Attorney - Civil
Division
544 Rood Avenue
PO Box 20,000-5004
Grand Junction, CO 81501
970-244-1612
nina.atencio@mesacounty.us

*CONFIDENTIALITY NOTICE*: The contents of this
email message and any attachments are intended
solely for the addressee(s) and may contain

**DEF 3993**



**Nina Atencio <nina.atencio@mesacounty.us>**

## Re: FE2017188101 Rick Corsi v. Mesa County - Witness Interviews
1 message

From: **L - DORA, Courtney** <courtney.longtin@state.co.us>
Date: Wed, Jul 12, 2017 at 12:55 PM
Subject: FE2017188101 Rick Corsi v. Mesa County - Witness Interviews
To: nina.atencio@mesacounty.us

Good afternoon,

I am the Investigator assigned to the above referenced case. I wanted to reach out to you regarding witness interviews. The Complainant listed a number of witness that I believe are current employees of the Respondent. Would you like to participate in these interviews and, if so, can you assist in facilitating the interviews? My schedule is flexible and will work with you and the witnesses in scheduling. If you do not wish to participate, please let me know and I will reach out to the witnesses directly.

The following individuals were listed as witnesses by the Complainant:

1. Carey Stieb
2. David Barnett
3. Crislynn Howerton
4. Deb Bouricious
5. Eric Farslow
6. Kelly Leuallen
7. Lori Marak
8. Lhana Jordan
9. Paul Mitts
10. Troy Flick
11. Sheila Reiner
12. Krister Ubersox
13. Lynn Zubeck
14. Brenda McKay
15. Greg Linza

Thank you,

Courtney

--

**DEF 4003**

**REDACTED**

6. Kelly Leuallen
7. Lori Marak
8. Lhana Jordan
9. Paul Mitts
10. Troy Flick
11. Sheila Reiner
12. Krister Ubersox
13. Lynn Zubeck
14. Brenda McKay
15. Greg Linza


Thank you,

Courtney

--
Courtney Longtin, Esq.
Investigator
Colorado Civil Rights Division



P: 303.894.7804 | F: 303.869.0138
1560 Broadway, Suite 1050 Denver CO 80202
courtney.longtin@state.co.us | www.dora.colorado.gov/crd

--
Nina Atencio
Chief Deputy County Attorney - Civil Division
544 Rood Avenue
PO Box 20,000-5004
Grand Junction, CO 81501
970-244-1612
nina.atencio@mesacounty.us

*CONFIDENTIALITY NOTICE*: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**DEF 4006**

8/28/2018                                  Mesa County Mail - Re: Janine Corsi v. Mesa County FE2017171785



**Nina Atencio <nina.atencio@mesacounty.us>**

---

## Re: Janine Corsi v. Mesa County FE2017171785
1 message

**Courtney Longtin** <courtney.longtin@state.co.us>                          Wed, Dec 6, 2017 at 4:57 PM
To: Nina Atencio <nina.atencio@mesacounty.us>

Nina,

Thank you. I will follow up with my manager regarding written questions for Mr. Whidden.

Regards,

Courtney

On Wed, Dec 6, 2017 at 4:35 PM, Nina Atencio <nina.atencio@mesacounty.us> wrote:

Courtney,

Attached please find 2 documents.  One document provides the names, years of service, position title and salary amount of 6 IT employees who were subject to the layoff in 2016, including Ms. Corsi.  The second is a list of current (to date) employees within the IT Department, inclusive of their years of service and salary.

You are correct that Mr. Whidden made the determination as to who would be subject to the layoff, which included the decision to lay off Ms. Corsi.  At this time, he declines to do an interview and believes his position/statements are represented within Mesa County's Response to the Request for Information.  If there are specific questions or clarification of statements made within Mesa County's Response that you can submit in writing, I can submit those to Mr. Whidden.

Lastly, regarding your question of Ms. Corsi's most recent performance evaluation and who determines who receives an evaluation, although Mesa County encourages all supervisors to complete performance evaluations on at least an annual basis, the ultimate determination of whether or not an employee receives a performance evaluation is made by each employee's individual direct supervisor.  Ms. Corsi's direct supervisor was Troy Flick.  For the year 2015, Mr. Flick did not do employee evaluations for any of the employees he was direct supervisor of, which included Ms. Corsi. Attached is the most current performance evaluation for Ms. Corsi, dated 12/9/2014, which was provided in Mesa County's Response within Attachment 8.

Best Regards,

Nina

On Mon, Nov 27, 2017 at 4:48 PM, Courtney Longtin <courtney.longtin@state.co.us> wrote:

Nina,

My manager has reviewed the file and has some additional information she would like me to obtain. Some information will be relevant to a single case; however, there is some information I will be requesting all 3 cases. I will send a separate email for each case. Please provide a separate response for all 3 cases.

For all 3 cases:

- With respect to the other employees that were laid off, how long was each individual employed by the Respondent and what was their salary at the time of the layoff?
- Please provide the salaries of all remaining IT Department employees.
- I believe Mr. Whidden was responsible for the layoff decisions for all 3 individuals. I would like to schedule a brief interview with him. I plan to address all 3 cases during the interview. I am generally in the office Monday-Friday 8:00 -  5:30. I am out of the office this Friday, December 1st.

Please provide Ms. Corsi's most recent performance evaluation. I don't believe she was evaluated in 2015. How was it decided who would receive an evaluation? Who made this decision?

Please provide this information by **December 4, 2017.**

**DEF 4015**