# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

    Plaintiff Debra Bouricius, by and through her attorneys, Paula Greisen and Hunter A. Swain of KING & GREISEN, LLP, hereby submit the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1). These disclosures are based upon information reasonably available to Plaintiff at this early stage of litigation, and Plaintiff reserves the right to supplement these disclosures as further information becomes available through discovery or otherwise.

    Notwithstanding the following disclosure of witnesses and documents, Plaintiff reserves the right to object to the actual production of documents, the introduction of documents into evidence, and the testimony of any and all disclosed witnesses to the extent the production of such documents, or the testimony of such witnesses, is not discoverable, is not relevant, or is immaterial, privileged, protected in any way, or is objectionable for any other reason. Plaintiff reserves the right to raise any applicable objection or to seek a protective order regarding the testimony of any witness or the production of any document disclosed and described herein.

A. **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION WHO MAY BE USED TO SUPPORT CLAIMS, OTHER THAN FOR IMPEACHMENT PURPOSES:**

1. Debra Bouricius, c/o Paula Greisen and Hunter A. Swain, KING & GREISEN, LLP, 1670 York Street, Denver, Colorado 80206, (303) 298-9878. Ms. Bouricius, as the Plaintiff in this matter, has discoverable information related to the factual allegations and causes of actions set forth in the Complaint, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of Plaintiff Bouricius. She also has discoverable information concerning the facts surrounding her employment with Defendant, her termination, and information related to her damages.

2. Steve Bouricius, c/o Paula Greisen and Hunter A. Swain, KING & GREISEN, LLP, 1670 York Street, Denver, Colorado 80206, (303) 298-9878. Mr. Bouricius is Debra Bouricius's husband, and may have discoverable information related to the factual allegations and causes of action set forth in the Complaint, including but not necessarily limited to the emotional and/or psychological distress Plaintiff Bouricius suffered because of the events alleged in the Complaint, and the damages they have incurred.

3. David Barnett, 2288 Red Vista Court, Grand Junction, Colorado 81507-1666, phone number unknown.  Mr. Barnett is a former employee of Mesa County.  He worked in the IT Department, and may have discoverable information related to Plaintiff's work performance, as well as his own work performance.  He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

4. Leilani Boyles, 581 McMullin Drive, Grand Junction, Colorado 81504-5678 (970) 628-1956, (970) 243-0899. Ms. Boyles works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable

2

information related to Plaintiff's work performance and the work performance of other IT Department employees, including her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

5. Derek Conlon, 2226 Hawthorne Avenue, Grand Junction, Colorado 81506-4127, phone number unknown. Mr. Conlon works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

6. Janine Corsi, 2131 Lawrence St., #627, Denver, CO 80205, (970) 245-2919. Ms. Corsi is a former employee of Mesa County. She worked in the IT Department, and may have discoverable information related to Plaintiff's work performance, as well as her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

7. Rick Corsi, 2131 Lawrence St., #627, Denver, CO 80205, (970) 245-2919. Mr. Corsi is a former employee of Mesa County. He was Plaintiff's supervisor, and has discoverable information related to Plaintiff's work performance, as well as his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

8. Josh Dallman, 570 S. Asbury Court, Grand Junction, Colorado 81504-4353, (970) 856-3120. Mr. Dallman works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information

related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

9. Ryan Davidson, 664 Copper Canyon Drive, Grand Junction, Colorado 81505-2001, (970) 314-7016.  Mr. Davidson works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

10. Eric Farslow, 613 Ox Bow Road, Grand Junction, Colorado 81504-5241 (970) 263-6832.  Mr. Farslow works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

11. Troy Flick, 2657 Paradise Drive, Grand Junction, Colorado, 81506-1792, phone number unknown.  Mr. Flick works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

12. Terrie Hotary, 825 N. 4th Street, Grand Junction, Colorado 81501-2521, phone number unknown. Ms. Hotary works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

13. Crislynn Howerton, 618 Fort Uncompahgre Drive, Grand Junction, Colorado 81504-6933, (970) 628-1064, (970) 241-4932. Ms. Howerton is a former employee of Mesa County. She worked in the IT Department, and may have discoverable information related to Plaintiff's work performance, as well as her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

14. Lhana Jordan, 462 Cougar Run Court, Clifton, Colorado 81520, (970) 244-1882, (970) 314-2916. Ms. Jordan works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

15. John Justman, address and phone number unknown. Mr. Justman was a County Commissioner for Defendant Mesa County and one of the individuals who participated in the decisions relating to the Plaintiff's employment. Mr. Justman has discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's

5

treatment of the Plaintiff. He also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

16. Chris Kadel, 710 Brassie Drive, Grand Junction, Colorado 81506-3912, (970) 257-7194. Mr. Kadel works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

17. Joe Keene, 104 Glade Park Road, Grand Junction, Colorado 81507-2716, (970) 244-1794, (970) 242-3633. Mr. Keene works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

18. Kelly Luellen, 2562 Forest Hills Avenue, Grand Junction, Colorado 81505-1079, (970) 244-1786, (970) 256-1446. Ms. Luellen works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

19. Lori Marak, 2335 Knoll Circle, Grand Junction, Colorado 81506-6005, (970) 244-1530. Ms. Marak works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

20. Elizabeth McDowell, 2967 Brookside Drive, Grand Junction, Colorado 81504-7058, (970) 609-2967. Ms. McDowell works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. She may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including her own work performance. She may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

21. Scott McInnis, address and phone number unknown. Mr. McInnis was a County Commissioner for Defendant Mesa County and one of the individuals who participated in the decisions relating to the Plaintiff's employment. Mr. McInnis has discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of the Plaintiff. He also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

22. Becky McKay, address and phone number unknown. Ms. McKay is or was the HR Benefits Manager for Defendant Mesa County. Ms. McKay may have discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of the Plaintiff. She may also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

23. Paul Mitts, 113 Alcove Drive, Grand Junction, Colorado 81507-1441, (970) 244-1881. Mr. Mitts works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

24. Rose Pugliese, address and phone number unknown. Ms. Pugliese was a County Commissioner for Defendant Mesa County and one of the individuals who participated in the decisions relating to the Plaintiff's employment. Ms. Pugliese has discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of the Plaintiff. She also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select

8

employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

25. Ron Sage, last known address is believed to be 516 Blevins Road, Grand Junction, Colorado 81507-1119, phone number unknown. Mr. Sage works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

26. Carey Stieb, 568 Court Road, Grand Junction, Colorado 81501-4928, (970) 304-2170, (970) 683-4361. Mr. Steib is a former employee of Mesa County. He worked in the IT Department, and may have discoverable information related to Plaintiff's work performance, as well as his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

27. Bill Tarlton, 3026 D Road, Grand Junction, Colorado 81504-8621, phone number unknown. Mr. Tarlton works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

28. Dave Underwood, 253 Gloucester Circle W, Grand Junction, Colorado 81503-3826, (970) 242-5949. Mr. Underwood works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information

9

related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

29. Andrew Wetzel, 2946 Sandra Avenue, Unit A, Grand Junction, Colorado 81504-5014, (970) 697-1104. Mr. Wetzel works in Mesa County's IT Department, and upon information and belief was not terminated as part of the 2016 layoffs. He may have discoverable information related to Plaintiff's work performance and the work performance of other IT Department employees, including his own work performance. He may also have knowledge or information related to the circumstances surrounding the 2016 layoffs.

30. Frank Whidden, address and phone number unknown. Mr. Whidden was the County Administrator for Defendant Mesa County, and also served as Mesa County's IT Department Director and Human Resources Director. He was one of the individuals who participated in the decisions relating to the Plaintiff's employment. Mr. Whidden has discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of the Plaintiff. He also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

31. Any witness identified by Defendant.

32. Any person identified during the course of discovery.

33. Any witness necessary for rebuttal or impeachment.

34. Any person necessary to lay the foundation for the admission of documents, demonstrative exhibits, or other evidence, or to authenticate documents.

Plaintiff reserves the right to supplement these disclosures as additional individuals are identified as likely having discoverable information that Plaintiff may use to support her claims at trial.

**B.  DESCRIPTION BY CATEGORY OF DOCUMENTS IN THE POSSESSION, CUSTODY, OR CONTROL OF PLAINTIFFS THAT MAY BE USED TO SUPPORT THEIR CLAIMS OTHER THAN FOR IMPEACHMENT PURPOSES:**

1. Determination from the Colorado Civil Rights Division dated December 14, 2017, Bates Nos. Bouricius 000001-000008;

2. Charge of Discrimination dated January 24, 2017, Bates No. Bouricius 000009;

3. 12/6/2017 Email from Nina Atencio to Courtney Longtin (with attachments), Bates Nos. Bouricius 000012-000015;

4. 10/4/2017 Email from Nina Atencio to Courtney Longtin (with attachment), Bates Nos. Bouricius 000016-000017;

5. 9/29/2017 Email from Nina Atencio to Courtney Longtin (with attachments), Bates Nos. Bouricius 000018-000035;

6. 9/20/2017 Email from Nina Atencio to Courtney Longtin, Bates No. Bouricius 000036;

7. 8/23/2017 Email from Nina Atencio to Courtney Longtin (with attachment), Bates Nos. Bouricius 000037-000038;

8. Mesa County's Position Statement and Response to Request for Information dated March 29, 2017 (with attachments), Bates Nos. Bouricius 000039-000384 and 000010-000011;

9. Settlement Agreement and Release between Mesa County and Janine Corsi, Bates Nos. 000385-000391;

10. Settlement Agreement and Release between Mesa County and Rick Corsi, Bates Nos. 000392-000398; and

11. Mesa County Conciliation Agreement, Bates Nos. 000399-000405.

C. COMPUTATION OF DAMAGES

Plaintiff seeks the maximum amount of available legal and equitable relief for Defendant's violations of her rights under the ADEA. Certain categories of Plaintiff's damages are not subject to precise calculation and must be determined by a jury in its sound discretion at trial in this case. Further, Plaintiff's actual economic damages continue to accrue, cannot be determined precisely prior to discovery, and may require the assistance of an expert economist. Nevertheless, Plaintiff submits the following good faith estimate of her economic damages, with the understanding that this estimate is preliminary only and will be updated in the time and manner contemplated by the Federal Rules of Civil Procedure and this Court's orders regarding expert discovery deadlines.

Plaintiff was unemployed for approximately two months before she became re-employed. However, Plaintiff was forced to relocate to a larger job market in order to find new employment, which has a significantly higher cost of living. In addition, Plaintiff was forced to sell her family farm in Mesa County, and has been unable to afford to purchase or lease a comparable house in Boulder County. Thus, Plaintiff has suffered significant financial losses. As

12

to her economic loss, Plaintiff seeks lost wages for her period of unemployment; the differential in her earnings from those that she would have earned by continuing to work for Defendant, adjusted for the increased taxes and cost of living between Mesa County, Colorado, and Boulder County, Colorado; plaintiff's lost benefits; moving costs; and the lost value of Plaintiff's family farm incurred as a direct result of her unlawful termination. Ms. Bouricius also seeks compensatory and consequential damages and other non-economic losses to the extent allowed by applicable law, in an amount to be determined at trial.

Plaintiff also requests judgment in her favor for pre-judgment and post-judgment interest as provided by law, for costs, attorney's fees, expert witness expenses, adjustment for taxing consequences, all other relief allowed by law, and for such other and further relief as the Court deems proper.

**D.    INSURANCE**

Not applicable as to Plaintiff.

DATED this 30th day of July 2018.

>                                KING & GREISEN, LLP
>
>                                *s/ Paula Greisen*
>                                _____
>                                Paula Greisen
>                                Hunter A. Swain
>                                King & Greisen, LLP
>                                1670 York Street
>                                Denver, Colorado 80206
>                                (303) 298-9878 telephone
>                                (303) 298-9879 facsimile
>                                greisen@kinggreisen.com
>                                swain@kinggreisen.com
>
>                                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2018, I electronically mailed the foregoing **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** to the following e-mail addresses:

Michael Santo
Alicia Severn
Bechtel Santo & Severn
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
santo@bechtelsanto.com
severn@bechtelsanto.com

*Attorneys for Defendant Mesa County*

                                                *s/ Laurie A. Mool*
                                                Laurie A. Mool, Paralegal