# EXHIBIT 2

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

### BUSINESS JUDGMENT

The law does not prevent Mesa County from exercising its legitimate, good faith business judgment in making employment decisions, including layoffs.  While it is not necessary that Mesa County's decision be wise or correct, the reason for the decision must be reasonably informed and considered. When evaluating the reasons Mesa County relies on for making its decision, you must consider whether they are worthy of belief, or whether the decision was so questionable as to infer that it is evidence of pretext for illegal discrimination.

Comment:  Plaintiff submits this unstipulated instruction for submission to the jury if the court finds that at trial, Defendant has offered a good faith, legitimate business decision as the basis for Plaintiff's employment.

Sources: *Burlington v. United Airlines, Inc.,* 186 F.3d 1301, 1318 (10th Cir. 1999) (Decision need not be wise or correct, but employer must honestly believe the reasons and act in good faith); *Beaird v. Seagate Technology, Inc*., 145 F.3d 1159, 1169  (10th Cir. 1998) ("There may be circumstances in which a claimed business judgment is so idiosyncratic or questionable that a factfinder could reasonably find that it is a pretext for illegal discrimination."); *Smith v. Chrysler Corp.*, 155 F.3d 799, 807-808 (6th Cir. 1998) ("[T]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).); *Montana v. First Federal Savings and Loan Assoc*., 869 F.2d 100, 106 (2nd Cir. 1988) (Court must "look behind" the employer's claim that it merely exercised a business decision in good faith.).