IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

_____

**MESA COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE CERTAIN WITNESSES PURSUANT TO FED. R. CIV. P. 37(C)(1)**
_____

Mesa County, by and through the Mesa County Board of County Commissioners, ("Mesa County") respectfully submits its Response in Opposition to Plaintiff's Motion in Limine to Strike Certain Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1). In support thereof, Mesa County states as follows.

**A. Introduction**

Plaintiff's Motion in Limine to Strike Certain Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1) ("Plaintiff's Motion") is disingenuous at best. None of the allegedly "new" witnesses are new at all:

- Six of the eight witnesses Plaintiff seeks to exclude were listed in her initial disclosures. (Exhibit 1: Plaintiff's Initial Disclosure) (disclosing Terrie Smith f/n/a Terrie Hotary, Troy Flick, Kelly Leuallen, Lhana Jordan, Scott McInnis and Rose Pugliese in detail);

1

- Plaintiff also described Scott McInnis and Rose Pugliese in her Complaint as persons through whom Mesa County acted [Doc 1, ¶ 18] and disclosed them on her list of deponents in the Scheduling Order [Doc. 24];
- Patrick Coleman's involvement in the case was discussed not less than twenty-nine times in depositions, and Kristin Cole's involvement was discussed another three times;
- All these witnesses were disclosed throughout the discovery process, (Exhibit 2: Composite of Discovery Documents), and discussed at length during depositions. (Exhibit 3: Composite of Deposition Testimony Regarding Each Witness);
- Further, Defendant incorporated all these witnesses by reference in its Initial Disclosures. (Exhibit 4: Defendant's Initial Disclosures).

Plaintiff cannot reasonably argue that these witnesses weren't sufficiently known to her such that Defendant was required to formally disclose them in a supplemental disclosure. F.R.C.P. 26(e)(1)(a) states that supplementation of disclosures or discovery responses must be made "in a timely manner if the party learns that **in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing**…" (emphasis added). Supplementation of witnesses well known to Plaintiff was not required under the Rules. *See* 8A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2049.1 (3d ed. 2010) ("there

2

is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery").

Even if the Court finds the witnesses were not properly disclosed, there is no basis for exclusion under F.R.C.P. 37(c). Plaintiff is not surprised by any of these witnesses and there is no bad faith or willfulness in the alleged failure to disclose. Any alleged failure is clearly harmless given Plaintiff's extensive knowledge of the witnesses and the subject of their anticipated testimony.

### B. Argument

*All Witnesses Were Properly Disclosed under Fed.R.Civ.P. 26*

Supplementing disclosures to list the eight disputed witnesses was unnecessary because: (1) six of the eight witnesses Plaintiff moves to strike were disclosed by Plaintiff herself; and (2) all of the witnesses were discussed extensively throughout discovery and depositions.  Defendants had no duty to supplement under F.R.C.P. 26(e)(1)(a).

*1. Plaintiff disclosed six of the eight witnesses in her initial disclosures*

Plaintiff misapprehends and misinterprets the holding of *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004).  The *Sender* Court held that Rule 26(a)(1)(A) requires the *disclosing party* identify the subjects of information that disclosed individuals may offer and Rule 26(g) imposes a duty of "reasonable inquiry" on the disclosing party. *Id.* at 653. Here, as the *disclosing party*, **Plaintiff's** burden was to identify the information held by the six witnesses she disclosed and to make a reasonable inquiry into the facts known by them. Plaintiff disclosed the six witnesses and the basis for their knowledge in detail. (Exhibit 1).  For example, Plaintiff disclosed witness, Rose Pugliese, as follows:

> Rose Pugliese, address and phone number unknown. Ms. Pugliese was a County Commissioner for Defendant Mesa County and one of the individuals who participated in the decisions relating to the Plaintiff's employment. Ms. Pugliese has discoverable information related to the factual allegations and causes of actions set forth in the Complaint regarding the Plaintiff, the statements and defenses contained in Defendant's Answer, and Defendant's treatment of the Plaintiff. She also has discoverable information concerning the facts surrounding Plaintiff's employment with Defendant, including her termination, the termination of other select employees in the IT Department for Mesa County, as well as the settlements reached between Defendant and other older employees and the Colorado Civil Rights Commission.

(Exhibit 1, pp. 8-9).

Plaintiff disclosed five other disputed witnesses in similar detail. Plaintiff's disclosure of these witnesses establishes she was not only aware of them, but she knew and understood the basis of their testimony and recognized the importance of their testimony to this litigation.

Plaintiff now argues that she "attempted to list every person in the IT Department at the time of her termination because at that time, she did not know specifically what information each witness possessed or would be necessary in her case." [Doc 177, p. 10]. However, as the *Sender* Court held, Plaintiff's obligation under Rule 26(a)(1) is not simply to provide a "laundry list of undifferentiated witnesses." *Sender,* 225 F.R.D. at 651. By signing her disclosures as required under the Rule, Plaintiff's counsel certified to Defendant that reasonable inquiry had been made into the persons disclosed therein and that the information provided is complete and accurate. *See Gucci Am., Inc. v. Costco Wholesale Corp.,* 2003 WL 21018832, *2 (S.D. N.Y. 2003).

Defendant reasonably relied on Plaintiff's signed certification of her disclosure that "to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made." Fed.R.Civ.P. 26(g)(1). Defendant also disclosed said witnesses by reference including "[a]ny witness listed or identified by any other party to this action" and "[a]ny witness disclosed by further discovery." (Exhibit 4). Notably, Plaintiff included the identical "catch all" language in her initial disclosures. (Exhibit 1). Therefore, Plaintiff cannot argue that such catch all provisions are ineffective or prejudicial. *See Estate of Hammers v. Douglas Cty. Kan. Bd. of Comm'rs*, 2018 WL 1366265, *3 (D. Kan. Mar. 16, 2018) (holding that supplemental disclosures of witnesses identified in another party's disclosures is unnecessary when the witnesses are made known through catch all provisions and in the course of discovery.)

### 2. *All eight witnesses were properly disclosed throughout discovery and depositions*

Plaintiff admits that the witnesses were disclosed in numerous documents throughout the discovery process. (Doc 177, pp.7-8). Defendant supplemented its discovery responses three times, referencing the witnesses on multiple occasions, including but not limited to identifying Troy Flick and Lhana Jordan as persons who collected relevant documents. (Exhibit 2). Witnesses Scott McInnis, Rose Pugliese, and Patrick Coleman were also identified in Defendant's discovery responses. *Id.* All witnesses' roles were discussed frequently and in detail at depositions[1]. Thus, the

---

[1] Each disputed witness was referenced in depositions as follows: Troy Flick – 251 times; Terrie Smith/Hotary – 98 times; Kelly Leuallen – 43 times; Lhana Jordan – 143 times; Scott McInnis – 21 times; Rose Pugliese – 28 times; Patrick Coleman – 29 times; and Kristin Cole – 3 times.

witnesses Plaintiff seeks to exclude were properly disclosed, either through initial disclosures or discovery. *See U.S. ex rel. Landis v. Tailwind Sports Corp.,* 234 F. Supp. 3d 180 (D. D.C. 2017) ("A party need supplement its initial disclosure only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.") (citing Fed. R. Civ. P. 26(e)(1)(A)); *see also Elion v. Jackson*, 544 F. Supp. 2d 1, 10 n.9 (D. D.C. 2008) (finding witness's testimony admissible because the witness's name had been provided in response to an interrogatory, putting the opposing party "on notice that [she] had discoverable information"); *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y.2013) ("there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery."); *Sealy v. Gruntal, 1998 WL 698257,* *2 (S.D. N.Y. Oct. 7, 1998) (holding that because coworker witnesses had been identified in pretrial depositions the witnesses were known to plaintiff and she could not establish a violation of Rule 26.)

As set forth above, six of the eight witnesses Plaintiff seeks to exclude were listed by Plaintiff in her initial disclosures. There is no basis to exclude them under Rule 37, and Plaintiff has failed to cite a single case where witnesses so disclosed were excluded by any court.

The two remaining witnesses at issue are Patrick Coleman and Kristin Cole. Both of these witnesses were discussed and disclosed throughout the litigation. Patrick Coleman was disclosed in responses to Plaintiff's written discovery. Ex. 5. During Frank Whidden's deposition (taken on July 11, 2019), Plaintiff's counsel specifically questioned

him about his conversations with Patrick Coleman (who was the County Attorney), and the content of those conversations. *Id*. 161:7-170:13. Frank Whidden testified that he met with Patrick Coleman prior to the lay-offs to ensure he was complying with the law in his decision-making process. *Id*. This is the exact information and testimony Mr. Coleman will provide at trial. Similarly, Kristin Cole was disclosed during the deposition of Frank Whidden. *Id*. 274:7-20. Mr. Whidden testified that Ms. Cole had made complaints regarding Plaintiff and her work. *Id*. Plaintiff has maintained throughout this litigation that she had exemplary work and was better than the other employees who were retained during the reduction in force. Ms. Cole specifically rebuts this position.

Because all of the eight disputed witnesses' identity and areas of relevant testimony were known to Plaintiff, Defendant did not need to unnecessarily supplement its disclosures. To so require would put form over substance in conflict with the modern rules of procedure that are designed to ensure fairness, not gamesmanship over technicalities. *See Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.) (holding that "[n]otwithstanding Rule 37(c), the district court may be found to have abused its discretion if [its] exclusion of testimony results in fundamental unfairness in the trial of the case.") (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir.1980)).

*Even if the Court Determines the Witnesses Were Not Properly Disclosed, Exclusion of Defendant's Witnesses is Unwarranted*

Any sanction for a discovery violation "must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007) (citing

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Preclusion is an extreme remedy, which should not be employed except to prevent otherwise unavoidable unfair prejudice to a litigant. *See Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir.1988). Therefore, even should the Court determine Defendant's witnesses were not properly disclosed, the Court must consider four factors in in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness.

 1. *Plaintiff was not prejudiced or surprised by disclosure of the disputed witnesses.*

Plaintiff's disclosure of these witnesses establishes she was not only aware of them, but she knew and understood the basis of their testimony and recognized the importance of their testimony to this litigation. Therefore, there can be no prejudice or surprise. *See Auraria Student Hous. v. Campus Vill. Apartments*, 2014 WL 2933189, *4 (D. Colo. June 30, 2014) (holding "Plaintiff is not 'ambushed' by the use of witnesses at trial who Plaintiff itself properly disclosed"); *accord Gustafson v. Am. Family Mut. Ins. Co.*, 2012 WL 590048, at *3 (D. Colo. Nov. 26, 2012) (holding that Rule 37(c)(1)'s automatic sanction **should not** apply where one party fails to "list as trial witnesses a person so listed by another party"); *Equal Emp't Opportunity Comm'n v. Outback Steak House of Fla., Inc.*, 2008 WL 3992172, at *14 (D. Colo. Aug. 20, 2008) (same).

Indeed, in the case attached as Exhibit 7 to Plaintiff's Motion, the Court declined to strike the defendant's witnesses who were disclosed by plaintiff and made sufficiently

known to the plaintiff through discovery. *See First W. Cap. Mgmt. Co. v. Malamed*, 2017 WL 6628108, at *3 (D. Colo. Oct. 2, 2017).  The *Malamed* Court expressly declined to strike one witness, Thomas Gart, because he was a Board member who would be known to the plaintiff and could be informally interviewed. *Id.* The Court declined to strike witness Philip Caper "because Mr. Caper is referenced in Plaintiff's own Initial Disclosures, the Court finds that they will not be prejudiced if he is not stricken." *Id.* The *Malamed* Court further declined to strike witnesses, Jerry (Gerald F.) Norman, Joshua Pianko, Peter Backus, & Don Levy, either because they were central to the plaintiff's case and the plaintiff would not be prejudiced by them, or because during deposition they were informed for whom the witness, Mr. Backus, worked and which clients he was associated with. *Id.*  Read as a whole, the *Malamed* decision strongly supports Defendant's position that the eight disputed witnesses in the present action should **not** be stricken.

The Fed.R.Civ.P. provide examples of situations in which **sanctioning under Rule 37(c) would be inappropriate if: "the inadvertent omission from Rule 26(a)(1)(A) disclosure of the name of a potential witnesses known to all parties**; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirements to make disclosure." Fed.R.Civ.P. 37 advisory committee's notes, 1993 Amendments, Subdivision (c), *emphasis added*.  The advisory committee notes to Rule 37 make it clear that **a party will not be allowed to insist on the exclusion of a witness when that party has itself recognized the witness' importance by including him in its own Rule 26(a)(1) disclosures**. *Niemeyer v. Ford Motor Co.,* 2012 WL 845668, at * 2 (D. Nev. March 12, 2012), *emphasis added*.  All of Defendant's

witnesses have been known to Plaintiff from before the present action was even filed, as is evidenced by their reference in her Complaint and inclusion in her initial disclosures.

Notably, only eight witnesses, of whom Plaintiff is well aware, are at issue. Here, again, the *Sender* holding is inapposite to Plaintiff's argument. Indeed, the *Sender* Court itself held that the "dynamic for the evaluation of prejudice" would change if the witness lists were substantially reduced from the 322 witnesses at issue in that case. *Sender,* 225 F.R.D. at 649; *see also Ludwig v. Elk-Point Jefferson Sch. Dist. 61-7,* 2019 WL 3494425, *10 (D. S.D. Aug. 1, 2019) (distinguishing *Sender* based on the number of witnesses). Similarly, the case of *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 293 (D. Colo. 2014) cited by Plaintiff is distinguishable in that the *Jama* plaintiff demonstrated bad faith in waiting over a year to serve supplemental disclosures wherein an additional 108 witnesses were first disclosed. Here, eight witnesses well known to Plaintiff, whom Plaintiff references in her Complaint and whom she disclosed on multiple occasions, are disputed. The facts of the present action are entirely distinguishable from the "trial by ambush" tactics described in the *Sender* and *Jama* cases cited by Plaintiff. There can be no reasonable argument of surprise or prejudice under the present facts.

### 2. Defendant cured any potential prejudice by supplementing its disclosure

Defendant cured any potential prejudice through service of supplemental disclosures on September 16, 2021 – more than a month before trial and one day after Plaintiff informed Defendant that she felt prior disclosures were inadequate. (Exhibit 7: Defendant's Fourth Supplemental Disclosure at footnote 1); [Doc 177, pp. 11-12.] This

means that within twenty-four (24) hours of being notified that Plaintiff believed there was a failure to disclose, Defendant remedied same despite disputing the need for supplementation.  (Exhibit 7: Defendant's Fourth Supplemental Disclosure at footnote 1)

"Rule 26(e) requires a party to supplement its disclosure or responses if a party learns that the disclosure is 'incomplete or inaccurate' in some 'material respect'." *Carroll v. SAFECO Ins. Co, of Am.,* 2020 WL 7664731, at *2 (D. Colo. Dec. 24, 2020). "The timeliness of supplementation centers on when the disclosing-party 'reasonably should know' that its disclosures are incomplete or incorrect." *Id.* Ultimately, a party's supplementation must be made no later than the time a party's pretrial disclosures are due under Rule 26(a)(3). *Id.*; *citing U.S. v. Guidant Corp.*, 2009 WL 3103836 at *4 (M.D. Tenn. Sept. 24, 2009).  D. C. COLO.LCivR 26.1(b) requires that all Rule 26(a)(3) disclosures must be made by the filing of the Final Pretrial Order. Here, Defendant's Fourth Supplemental Disclosure was served two weeks prior to filing of the proposed Final Pretrial Order. Therefore, these witnesses were timely disclosed and Plaintiff has had more than a month's notice of Defendant's intention to call them at trial.

### 3. *There exists no potential for disruption of the scheduled trial.*

All parties are well acquainted with the eight witnesses at issue – six of whom were Plaintiff's co-employees in the IT department whom she contends were less competent than her in support of age being the reason she was laid off.  The other two are another co-employee and the County Attorney.  No potential for delay of the trial exists.  Nor is there a need to reopen discovery to depose witnesses who were referenced in Plaintiff's Complaint [Doc 1], disclosed by Plaintiff in her initial disclosures (Exhibit 1), named as

11

deponents by Plaintiff in the Scheduling Order [Doc 24], referenced throughout Defendant's discovery responses (Exhibit 2), and discussed in some cases hundreds of times in depositions. Contrary to Plaintiff's arguments, there will be no delay, mounting attorney's fees, or reopening of discovery. [Doc 177, p. 11]. The case can, and should, proceed as scheduled to trial.

### 4. Plaintiff cannot demonstrate Defendant acted in bad faith.

Finally, there exists no evidence of bad faith or willfulness on the part of Defendant. As set forth herein, Defendant relied upon Plaintiff's signed certification that counsel met its burden of reasonable inquiry in disclosing six of the eight witnesses in her initial disclosures and was aware of the information those individuals possessed. Therefore, Defendant, as did Plaintiff, disclosed those witnesses by reference in its own initial disclosures. In light of the fact that Plaintiff utilized nearly identical "catch all" language in her initial disclosures, Defendant had no reason to believe such mutual disclosures would be objected to by Plaintiff under the circumstances. Because Defendant reasonably believed the witnesses were properly disclosed, Defendant's alleged failure to disclose is substantially justified as a matter of law. *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5199597, at *5 (S.D. Fla. Oct. 22, 2012) ("'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact.'") (citations omitted).

The witnesses at issue were referenced sometimes hundreds of times throughout written discovery and depositions. These were not witnesses mentioned only in passing.

12

Nor can Defendant be accused of utilizing "hide-the-ball" tactics when the witnesses featured so prominently throughout the litigation. Therefore, the extreme sanction of preclusion is unwarranted. *See BanxCorp*, 978 F. Supp. 2d at 324 ("Because 'refusing to admit evidence that was not disclosed during discovery is a drastic remedy, courts will resort to preclusion only in those rare cases where a party's conduct represents *flagrant bad faith* and callous disregard of the Federal Rules of Civil Procedure.'") (citing *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 417 (S.D. N.Y. 2011) (quoting *Ward v. Nat'l Geographic Soc'y*, 2002 WL 27777, at *1 (S.D. N.Y. Jan. 11, 2002)). (emphasis in original)

A court may treat the failure to disclose witness information as harmless "if the other party was well aware of the identity of the undisclosed witness and the scope of their [sic] relevant knowledge well before trial." *Gustafson,* 2012 WL 590048, at *3 (D. Colo. Nov. 26, 2012); *Wilkins v. Kmart Corp.,* 487 F. Supp 2d 1216, 1224 (D. Kan. 2007) (quoting 6 James Wm. Moore et. al., Moore's Federal Practice §26.27[2][d] at 26-94(3rd ed. 2005); *Hertz v. Luzenac Am., Inc.*, 2006 WL 994431 at *7 (D. Colo. Apr. 13, 2006) ("[D]isclosures should provide the opposing party with enough useful information to make informed decisions regarding discovery and trial preparation").

All eight witnesses were sufficiently known to Plaintiff throughout this litigation. Defendant's disclosure of six of the eight witnesses is virtually identical to the language utilized by Plaintiff in her initial disclosures.  As for the other two witnesses, Plaintiff was well aware of Patrick Coleman and Kristin Cole and the scope of their relevant knowledge when she deposed Frank Whidden over two years ago.  Accordingly, unlike

13

circumstances wherein parties may know the name of a potential witness but lack information about the scope of the witness's knowledge, here the exact scope of both Mr. Coleman and Ms. Cole's knowledge and purported testimony were known. *See Ojeda-Sanchez v. Bland Farms, LLC,* 2010 WL 2382452, at *2 (S.D. Ga. June 14, 2010) (holding that courts "…generally will not strike the testimony of a witness whose role may not have been wholly revealed during the course of discovery. Rather, the focus is on whether the moving party is aware that the affiant is an individual with discoverable information.")

This is exactly the circumstance that the advisory committee contemplated when it stated that sanctioning under Rule 37 would be inappropriate where the name and knowledge of the witness was known to all parties. Assuming that Defendant was required to supplement its disclosures with witnesses sufficiently known to Plaintiff, the Court should nevertheless treat the failure to disclose witness information as substantially justified and harmless in this instance and permit all eight of Defendant's witnesses to testify at trial.

WHEREFORE, for the reasons stated above, Mesa County moves the Court to deny Plaintiff's Motion in Limine to Strike Certain Witnesses Pursuant to Fed. R. Civ. P. 37(c)(1).

Respectfully submitted this 30th day of September 2021.

/s/ L. Karen B. Rogers, Esq.
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1. This Response contains 3,680 words. (MAX 4,000 WORDS)

/s/ Karen B. Rogers, Esq.
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: krogers@lclaw.net;
*Attorneys for Defendant Mesa County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MESA COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE CERTAIN WITNESSES PURSUANT TO FED. R. CIV. P. 37(C)(1)** was served this 30th day of September 2021, via the CM/ECF electronic filing system, to the following:

Paula Greisen
Meredith A. Munro
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
munro@kinggreisen.com
Attorneys for Plaintiff

*/s/ Karen B. Rogers, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net;
*Attorneys for Defendant Mesa County*

16