**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.   18-CV-01144-WYD-STV**

**DEBRA BOURICIUS,**

Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

Defendant.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Discovery Requests").

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests.

**EXHIBIT 2**

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo.,

**EXHIBIT 2**

March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 1: Identify each person who prepared or assisted with the preparation of Defendant's responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission, including for each such person identified: that person's name and contact information; the nature of that person's association with Mesa County (*e.g.*, job title at Mesa County or other relationship to the Defendant); identification of the specific response(s) that person prepared or assisted with; and for each person, the nature of that person's assistance in preparing the response(s).**

**Response to Interrogatory 1:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 1 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with counsel regarding discovery requests propounded by the Plaintiff upon Mesa County.

**EXHIBIT 2**

Cori Armstrong, Administrative Assistant. cori.armstrong@mesacounty.us. Ms. Armstrong assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Armstrong worked on Request for Production 5.

Jean Boothe, Risk Administrator. jean.boothe@mesacounty.us. Ms. Boothe assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Boothe worked on Request for Production 5.

Deanna Gohn, Managing Paralegal. deanna.gohn@mesacounty.us. Ms. Gohn assisted with searching for and collecting documents, minutes, and emails; and preparing tables. Ms. Gohn worked on Interrogatories 1, 4, 7; and Requests for the Production of Documents 3, 4, and 6.

Troy Flick, IT Manager. troy.flick@mesacounty.us. Mr. Flick assisted with searching for collecting documents/information from Mesa County's drives and emails. Mr. Flick worked in Request for Production 3.

Lhana Jordan, Customer Service Manager. lhana.jordan@mesacounty.us. Ms. Jordan assisted with searching for and collecting financial documents/information for the IT department; and with searching for and collecting documents/information from hard drives. Ms. Jordan also searched hard drives. Ms. Jordan worked on Interrogatory 3 and Request for Production 3.

Brenda McKay, Human Resource Manager. brenda.mckay@mesacounty.us. Ms. McKay assisted with searching for and collecting documents/information from Mesa County's Human Resources Information System and from personnel files; and with searching for and collecting documents/information for persons/entities who provided services to the IT department. Ms. McKay worked on Interrogatories 2 and 3.

**EXHIBIT 2**

Pam Noonan, Finance Director. pam.noonan@mesacounty.us. Ms. Noonan assisted with searching for and collecting documents/information regarding payroll files stored in the financial system, EDEN. Ms. Noonan worked on Interrogatory 7 and Request for the Production of Documents 6.

Without revealing any attorney-client privileged information or any information that could be considered attorney work product, Mesa County states that Nina Atencio, Chief Deputy County Attorney in the Mesa County Attorney's Office, assisted with providing responses to all discovery requests. Further, without revealing any attorney-client privileged information or any information that could be considered attorney work product, counsel for Mesa County, Alicia Severn and Michael Santo, assisted in preparing responses to all discovery requests.

**INTERROGATORY NO. 2: Identify all Mesa County employees whose employment ended between January 1, 2016, and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; whether such person was laid off or otherwise terminated; and the reason(s) why such person was terminated or selected for layoff.**

**Response to Interrogatory 2:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 2 because it is vague and ambiguous. That is, this Interrogatory 2 is unclear with respect to whether it requests that Mesa County identify only those employees who were laid off, similar to the Plaintiff, or whether this Interrogatory

**EXHIBIT 2**

requests information regarding employees who resigned or were otherwise terminated, regardless whether the reason for separation related to a lay off.

If Interrogatory 2 is interpreted as seeking information about all employees whose employment with Mesa County ended for any reason, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 2 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she resigned. Rather, the Plaintiff's allegations indicate that she was "fired" due to a "layoff." *See*, *e.g.*, ¶¶ 3-6, 15, 20-21, 26-27, 29-30, 35-39, 42, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into employees who were not "fired" or "laid off" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 2 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, and because a response to this Interrogatory 2 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Interrogatory 2 upon the entry of a protective order, a copy of which is attached hereto.

**EXHIBIT 2**

**INTERROGATORY NO. 3: Identify each person who has worked in, provided services for, or been employed by Mesa County's Information Technology ("IT") Department between January 1, 2016 and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; and, if applicable, the reason(s) for his or her separation from employment.**

**Response to Interrogatory 3:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 3 because it is vague and ambiguous. That is, this Interrogatory 3 is unclear with respect to whether it requests that Mesa County identify only employees or whether this Interrogatory 3 is intended to identify vendors, customers, and/or independent contractors who may have provided some type of "service" for Mesa County's Information Technology Department.

If Interrogatory 3 is interpreted as seeking information about vendors, customers, and/or independent contractors, in addition to employees, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 3 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she performed work as an independent contractor, vendor, or customer of the Mesa County Information Technology

**EXHIBIT 2**

Department. Rather, the Plaintiff's allegations indicate that she was an "employee" of Mesa County and that her allegations relate to "employees." *See*, *e.g.*, ¶¶ 2-6, 15, 22, 26-27, 29-30, 36-38, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into individuals or entities who are/were not "employees" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 3 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, and because a response to this Interrogatory 3 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Interrogatory 3 upon the entry of a protective order, a copy of which is attached hereto.

**INTERROGATORY NO. 4: Identify all charges of age discrimination filed by current or former employees of Mesa County against Mesa County with the Colorado Civil Rights Division ("CCRD") or Equal Employment Opportunity Commission ("EEOC") between January 1, 2013 and the present, including for each charge of discrimination: the name of the current or former employee who filed such charge of discrimination, the identification number of the action (*e.g.*, the administrative charge number); the governmental agency where the charge was filed; the name, contact information, and date of birth of person who filed the charge; the current status of the charge (*e.g.* whether the charge remains under investigation, resulted in a determination of probable cause or no**

EXHIBIT 2

probable cause, or was closed by request of the charging party without issuance of a determination); and whether Mesa County entered into a settlement with the current or former employee.

**Response to Interrogatory 4:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this this Interrogatory on the bases that it requests irrelevant, confidential, and private information regarding individuals who are not a party to this lawsuit, and this Interrogatory 4 is not proportional to the needs of this case.

Notwithstanding these objections, Mesa County provides the following information:

1. Cindy Alternbern, 2997 Rood Avenue, Grand Junction, CO 81504. Further information regarding this charge will be provided upon the entry of a protective order, a copy of which is included with these responses.

2. Janine Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 2/15/1957

Charge numbers: 32A-2017-00166/FE2017171785

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

3. Rick Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 10/5/1957

Charge numbers: 32A-2017-0124/FE2017188101

Status of claim: dismissed

**EXHIBIT 2**

Determination: conciliation by the parties

Settlement: yes

4. Debra Bouricius, c/o Hunter Swain and Paula Greisen, King & Greisen, LLP, 1670 York Street, Denver, CO 80206.

DOB: 4/22/1959

Charge numbers: 32A-2017-00175C/FE2017481263

Status of claim: dismissed

Determination: unsuccessful conciliation by the parties

Settlement: no

**INTERROGATORY NO. 5: Describe all the steps which Defendant took to preserve relevant documents in anticipation of and during this litigation, including the date that the Defendant first anticipated litigation; whether Defendant has issued one or more litigation hold notices; the dates any such litigation hold notices were issued; the recipients of any such litigation hold notices; and the steps the Defendant took to implement any such litigation hold notices.**

**Response to Interrogatory 5:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 5 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding the preservation of relevant documents.

**EXHIBIT 2**

Without waiving these objections, Mesa County states that it verbally advised employees to retain documents after it received notice from the CCRD that a charge of discrimination had been filed by the Plaintiff. Mesa County implemented a litigation hold in January 2018 with respect to the Plaintiff's charge filed with the CCRD.

**INTERROGATORY NO. 6: Identify any documents, data, or other information which relate to or reference the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention policy or otherwise.**

**Response to Interrogatory 6:** *See* Mesa County's General Objections, set forth above.

In response to this Interrogatory 6, Mesa County states that there are no known documents, data, or other information related to or referencing the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten.

**INTERROGATORY NO. 7: Describe the steps which Defendant took to locate information and documents in responding to Plaintiff's Interrogatories, Requests for Production, Requests for Admission, and formal and informal requests for information and documents from the Colorado Civil Rights Division, including a description of each source of information searched (*e.g.*, which email accounts, computer hard drives, mobile devices, file cabinets, and other storage media were searched); the specific methods used to search (*e.g.*, which search terms or filters were applied to the data set and what instructions were provided to the individuals searching paper files); the identity of the persons involved in conducting the searches; the dates searches were performed; the types of files that were**

EXHIBIT 2

searched; and the steps Defendant took to gather and assemble responsive data for production.

**Response to Interrogatory 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 7 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding information and/or documents.

Without waiving these objections, Mesa County states as follows:

Interrogatory 1: No location of information or documents was required to respond to Interrogatory 1. Deanna Gohn assisted with compiling information for the response provided in Interrogatory 1.

Interrogatory 2: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files.

Interrogatory 3: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files. Lhana Jordan also searched in Mesa County's financial system, called EDEN, for all person(s)/entities that provided work for Mesa County Information Technology from January 1, 2016 through July 31, 2018. Ms. Jordan also searched for financial transactions, including credit card transactions.

**EXHIBIT 2**

Interrogatory 4: Deanna Gohn searched the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Interrogatory 5: No location of information or documents was required to respond to Interrogatory 5.

Interrogatory 6: No location of information or documents was required to respond to Interrogatory 6.

Interrogatory 7: Individuals who conducted document and/or information searches provided information in response to this Interrogatory 7 as stated herein. Deanna Gohn compiled this information.

Request for Production 1: *See* Mesa County's responses regarding Interrogatories 1 through 7 above.

Request for Production 2: Documents produced in this Request for Production 2 are those that were provided to the CCRD.

**EXHIBIT 2**

Request for Production 3: <mark>Troy Flick, Lhana Jordan, and Deanna Gohn conducted searches with respect to this Request. Searches were run continuously from August 2 or 3 through approximately August 9.</mark> Searches were done without time limits with respect to the phrases "2016 layoff" and "2017 budget deficit." Searches were done regarding the "p," "s," and "x" drives. Searches were also done without time limits with respect to the phrases "2016 layoffs" and "2017 budget deficit" on Debra Bouricius's, Janine Corsi's, Rick Corsi's, and David Barnett's hard drives. These searches were done on August 15-16.

Searches were also done between the dates of January 1, 2015 and December 31, 2016 on the "p," "s," and "x" drives for the IT, Human Resources, Finance, and Administration departments. In this search, the "p" drive search was limited to all employees in the IT Department, Frank Whidden, Gina Davis, and Mesa County's Board of County Commissioners. The searches were performed using the phrases "2016 layoff" and "2017 budget deficit."

The County Attorney's Office also asked Frank Whidden for all text messages relating to the phrases "2016 layoff" and "2017 budget deficit."

Deanna Gohn conducted a search on August 15, 2018, between April 1, 2016 and June 30, 2017, using the words "budget," "budget deficit," "deficit," and "layoff."

Request for Production 4: Deanna Gohn did a search on the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

**EXHIBIT 2**

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Request for Production 5: Cori Anderson and Jean Boothe searched through and pulled information from employees' personnel files saved on Mesa County's SIRE system.

Request for Production 6 (payroll records): Pam Noonan, Mesa County's Finance Director, searched its Employee Earnings Register for payroll data related to the Plaintiff from January 1, 2000 through December 31, 2016. The Plaintiff's personnel file and benefits information had been collected for Mesa County's response to the CCRD.

Request for Production 7: No location of information or documents was required to respond to Request for Production 7.

Request for Admission 1: No location of information or documents was required to respond to Request for Admission 1.

Request for Admission 2: No location of information or documents was required to respond to Request for Admission 2.

Request for Admission 3: No location of information or documents was required to respond to Request for Admission 3.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All Documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories.**

**Response to Request for Production 1:** *See* Mesa County's General Objections, set forth above.

All objections set forth in each Interrogatory above are incorporated herein.

Without waiving these objections, documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories are either identified in each particular Interrogatory or will be produced upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 2: All documents and communications which support the statements made by Mesa County in March 29, 2017 written Position Statement to the Colorado Civil Rights Division.**

**Response to Request for Production 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 2 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County provided to the Colorado Civil Rights Division.

**EXHIBIT 2**

Mesa County also objects to this Request for Production 2 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad). Mesa County further objects to this Request for Production 2 to the extent it requests information that is not relevant to this litigation and/or is protected by privilege.

Without waiving these objections, Mesa County identifies its position statement and the attachments it provided to the Colorado Civil Rights Division with its position statement, identified here as DEF 60-83, 85-461, 570-927, 943-1190, 1212-1214, 1284-1641.

**REQUEST FOR PRODUCTION NO. 4: All documents created by, sent by, or received by Mesa County in connection with investigations by the Colorado Civil Rights Division or Equal Employment Opportunity Commission into the charges of discrimination identified in response to Interrogatory No. 4.**

**Response to Request for Production 4:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County incorporates herein all objections made with respect to Interrogatory 4.

Further, Mesa County objections to this Request for Production 4 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand. Moreover, it is unknown what limitation the Plaintiff seeks to place on this Request for Production No. 4 by using the phrase, "in connection with investigations." For example, it is unclear if the Plaintiff intends to limit this Request for Production 4 to events up to the occurrence of a settlement or determination decision but not thereafter.

Despite the limitations in the Plaintiff's Complaint, Request for Production 4 seeks documents and communications related to other employees. As a result, this request is irrelevant,

**EXHIBIT 2**

overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 4 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Finally, Mesa County objects to this Request for Production 4 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County had regarding any document, information, or otherwise "in connection" with anything Mesa County provided to the Colorado Civil Rights Division.

Without waiving these objections, Mesa County identifies and produces the following documents: DEF 1-1214. Mesa County also identifies and produces DEF 1642-1661, which includes events occurring up until a settlement or determination was reached. Further, without waiving these objections, and because a response to this Request for Production 4 requires

**EXHIBIT 2**

providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond further to this Request for Production 4, limiting its response to events occurring up until a settlement or determination was reached, upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 5: All written job descriptions, performance evaluations, and disciplinary records for each individual identified by Defendant in response to Plaintiff's Interrogatories No. 2 & 3.**

**Response to Request for Production 5:** *See* Mesa County's General Objections, set forth above.

Mesa County incorporates herein its objections to Interrogatory 2, as set forth above, and its objections to Interrogatory 3, as set forth above.

Further, Mesa County objects to this Request for Production 5 because it is overbroad and is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was

**EXHIBIT 2**

terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 5 seeks certain documents and communications purportedly regarding any employee whose employment ended for any reason. *See* Interrogatory 2 and Mesa County's objections thereto, which are incorporated herein. Documentation regarding employees other than the Plaintiff is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees who did not work in the IT Department and who were not laid off is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Further, Mesa County objects to this Request for Production 5 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) written job descriptions; (2) performance evaluations; and (3) disciplinary records. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 5, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies DEF 70-83, 90-104, 119-121, 230-232, 248, 250-258, 263-267, 269-277, 279-283, 286-292, 295-298, 300-302, 305-307, 311-313, 316-317, 319, 323-326. 328-333, 338-340, 343-345, 349-351, 353-356, 359-361, 363-387, 395-409, 411-414, 417-419, 421-431, 437-439, 584-586, 675-677, 714, 716-724, 729-733, 735-743, 745-749, 752-758, 761-764, 766-768, 771-773, 777-779, 782-785, 789-791, 794-799, 804-806, 809-811, 815-817, 819-822, 825-827, 829-855, 857-866, 871-875, 877-886, 888-892, 894-899, 979, 981-989, 994-998, 1000-1008, 1010-1014, 1017-1023, 1026-1029, 1031-1033, 1036-1038, 1042-1044, 1047-1048, 1050, 1054-1056, 1059-1064, 1069-1071, 1074-1076, 1080-1082, 1084-1087, 1090-1092, 1094-1120, 1122-1131, 1138-1140, 1142-1151, 1153-1156, 1159-1164, 1212-1214. In addition, without waiving these objections, Mesa County produces here job descriptions for employees in the IT Department: DEF 1661-1696.

Further, without waiving these objections, and because a response to this Request for Production 5 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Request for Production 5 by providing employee evaluation forms and disciplinary records for individuals other than the Plaintiff upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 6: All documents maintained by Mesa County with respect to Plaintiff's employment at Mesa County, including Plaintiff's complete personnel file, Plaintiff's complete payroll records, and documents reflecting Plaintiff's benefits.**

**EXHIBIT 2**

**Response to Request for Production 6:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 6 because it is overbroad, unduly burdensome, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1). In particular, Mesa County retains payroll records for seven years in electronic form. Payroll records for earlier periods of time are kept in paper form, which requires having an employee search by each pay period for relevant documents. This process is unduly burdensome on Mesa County and is not proportional to the needs of this case. *See Ying-Jun Chen v. Maryland Department of Health and Mental Hygiene*, ELH-15-1796, 2017 WL 1533988, *3 (D. Md., Apr. 27, 2017).

Further, Mesa County objects to this Request for Production 6 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) Plaintiff's complete personnel file; (2) Plaintiff's complete payroll records; and (3) documents reflecting Plaintiff's benefits. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 6, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, and including payroll documents covering the last seven years, Mesa County identifies: DEF 943-1190, 1697-2021.

**EXHIBIT 2**

**REQUEST FOR PRODUCTION NO. 7: All settlement agreements, conciliation agreements, or consent decrees which Mesa County has entered into with the Colorado Civil Rights Division, the Equal Employment Opportunity Commission, Janine Corsi, and/or Rick Corsi in connection with charges of discrimination filed against Mesa County by Janine Corsi and Rick Corsi.**

**Response to Request for Production 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 7 on the basis that the Plaintiff has already received such information pursuant to a CORA request. Those documents have not been Bates labeled or produced by the Plaintiff in this case.

Further, Mesa County objects to this Request for Production 7 on the basis that it requests information related to individuals who are not parties to this case and, therefore, this Request for Production 7 is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. F.R.C.P. 26(b)(1).

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1: Admit that all of the statements in Mesa County's March 29, 2017 written Position Statement to the Colorado Civil Rights Division are true and accurate.**

**Response to Request for Admission 1:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true and accurate. Mesa County denies all other implications contained in this Request for Admission 1.

**REQUEST FOR ADMISSION NO. 2: Admit that Mesa County intended its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be an assertion.**

**Response to Request for Admission 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 2 because it is vague and ambiguous. Nowhere in the Plaintiff's Discovery Requests is there a definition of "assertion." It is not clear whether the Plaintiff intends that "assertion" be interpreted by its dictionary definition or whether the Plaintiff intends that "assertion" be interpreted as it is under the Federal Rules of Evidence. *See*, *e.g.*, F.R.E. 801.

To the extent the Plaintiff intended "assertion" to mean "a positive statement or declaration, often without support or reason" (as defined by dictionary.com), Mesa County denies this Request for Admission 2.

**REQUEST FOR ADMISSION NO. 3: Admit that Mesa County believed all the claims in its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be true at the time the Position Statement was submitted to the Colorado Civil Rights Division.**

**Response to Request for Admission 3:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County objects to this Request for Admission 3 because it is vague and ambiguous. Nowhere in this Request for Admission 3 does Mesa County inquire as to the knowledge of a particular individual. It is not possible for Mesa County, a public entity, to possess cognitive thoughts. Thus, this Request for Admission 3 is vague and ambiguous because it fails to identify who, as a representative of Mesa County, possessed certain beliefs as of the date defined in this Request for Admission 3.

Without waiving these objections, Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true. *See* Mesa County's response to Request for Admission 1 set forth above. Mesa County denies all other implications contained in this Request for Admission 3.

Respectfully submitted this 29th day of August, 2018.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
    Alicia W. Severn, #42432
    Michael C. Santo, #24083
    205 N. 4th Street, Suite 300
    Grand Junction, Colorado 81501
    Telephone: (970) 683-5888
    Facsimile: (970) 683-5887
    Attorneys for Defendant

**EXHIBIT 2**

## VERIFICATION

STATE OF COLORADO )
                  ) ss:
COUNTY OF MESA    )

    I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's Responses to the Interrogatories, dated August 29, 2018, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

    Signed this _29th_ day of _August_, 2018.

_____
Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this 29th day of August, 2018 by Andrea Nina Atencio.

_____
Notary Public

BETTY HUTCHISON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19944009..
.., Commission Expires June 2º ...

27

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** pleading was served this 29th day of August 2018, via electronic mail, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the documents associated with **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** was served this 29th day of August 2018, via U.S. Mail, postage prepaid, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.   18-CV-01144-WYD-STV**

**DEBRA BOURICIUS,**

       Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION PRIVILEGE LOG**

---

Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| Communication between counsel representing Mesa County and Mesa County regarding litigation | DEF 2022-2027 | Attorney-client privilege; attorney work product. |

Respectfully submitted this 29th day of August, 2018.

       BECHTEL SANTO & SEVERN

       By: *s/Alicia W. Severn*
         Alicia W. Severn, #42432
         Michael C. Santo, #24083
         205 N. 4th Street, Suite 300
         Grand Junction, Colorado 81501
         Telephone: (970) 683-5888
         Facsimile: (970) 683-5887
         Attorneys for Defendants

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION PRIVILEGE LOG** was served this 29th day of August 2018, via email to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

       Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's Request for Production of Documents No. 3.

### General Objections

Mesa County incorporates by reference all General Objections set forth in its Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents 1-2, 4-7, and Requests for Admission, submitted by Mesa County to the Plaintiff on August 29, 2018.

In addition, Mesa County objects to Plaintiff's Request for Production of Documents No. 3 to the extent that it asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests submitted to Mesa County on July 16, 2018.

**EXHIBIT 2**

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests submitted to Mesa County on July 16, 2018, which includes Request for Production No. 3, to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Request for Production No. 3 to the extent it seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent it seeks information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo.,

**EXHIBIT 2**

March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Request for Production No. 3 to the extent that it seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to this Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 3: All documents and communications created by, sent by, or received by Mesa County employees, commissioners, and/or elected officials related to Defendant's 2017 budget deficit and 2016 layoffs, including financial analyses, minutes of Board of County Commissioners meetings, emails, and text messages.**

**Response to Request for Production 3:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 3 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for

**EXHIBIT 2**

Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 3 seeks documents and communications from any and all employees, commissioners, and elected officials, which number more than 900. Searching more than 900 individuals' documents, emails, and other communications is disproportionate to the needs of this case and is unduly burdensome. Further, Mesa County does not have access to its employees' personal telephone records, including cell phones, or text messages. Obtaining private information from individuals is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees' personal telephone or cell phone records is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 3 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case in that it asks for all documents and communications. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for

**EXHIBIT 2**

production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Further, Mesa County objects to this Request for Production 3 because it is an impermissible compound Request, consisting of two separate and distinct Requests for Production, namely a request to produce: (1) documents related to the phrase "2017 budget deficit"; and (2) documents related to the phrase "2016 layoffs." Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 3, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, Mesa County identifies: DEF 2028-2125. Mesa County states it has no text messages that are responsive to this Request for Production 5.

Respectfully submitted this 5th day of September, 2018.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3** pleading and identified documents were served this 5th day of September 2018, via electronic mail, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

      Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

      Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION 3
PRIVILEGE LOG**

---

Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its Response to Plaintiff's Request for Production No. 3.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| File location in attorney's file | DEF 2028, 2030 | Attorney-client privilege; attorney work product. |
| Communication from or to counsel | DEF 2126-2137 | Attorney-client privilege; attorney work product. |

Respectfully submitted this 5th day of September, 2018.

      BECHTEL SANTO & SEVERN

      By: _s/Alicia W. Severn_
      Alicia W. Severn, #42432
      Michael C. Santo, #24083
      205 N. 4th Street, Suite 300
      Grand Junction, Colorado 81501
      Telephone: (970) 683-5888
      Facsimile: (970) 683-5887
      Attorneys for Defendant

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION 3 PRIVILEGE LOG** was served this 5th day of September 2018, via email to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

             Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

             Defendant.

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Discovery Requests").

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests.

**EXHIBIT 2**

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo.,

**EXHIBIT 2**

March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 1: Identify each person who prepared or assisted with the preparation of Defendant's responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission, including for each such person identified: that person's name and contact information; the nature of that person's association with Mesa County (*e.g.*, job title at Mesa County or other relationship to the Defendant); identification of the specific response(s) that person prepared or assisted with; and for each person, the nature of that person's assistance in preparing the response(s).**

**Response to Interrogatory 1:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 1 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with counsel regarding discovery requests propounded by the Plaintiff upon Mesa County.

**EXHIBIT 2**

Cori Armstrong, Administrative Assistant. cori.armstrong@mesacounty.us. Ms. Armstrong assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Armstrong worked on Request for Production 5.

Jean Boothe, Risk Administrator. jean.boothe@mesacounty.us. Ms. Boothe assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Boothe worked on Request for Production 5.

Deanna Gohn, Managing Paralegal. deanna.gohn@mesacounty.us. Ms. Gohn assisted with searching for and collecting documents, minutes, and emails; and preparing tables. Ms. Gohn worked on Interrogatories 1, 4, 7; and Requests for the Production of Documents 3, 4, and 6.

Troy Flick, IT Manager. troy.flick@mesacounty.us. Mr. Flick assisted with searching for collecting documents/information from Mesa County's drives and emails. Mr. Flick worked in Request for Production 3.

Lhana Jordan, Customer Service Manager. lhana.jordan@mesacounty.us. Ms. Jordan assisted with searching for and collecting financial documents/information for the IT department; and with searching for and collecting documents/information from hard drives. Ms. Jordan also searched hard drives. Ms. Jordan worked on Interrogatory 3 and Request for Production 3.

Brenda McKay, Human Resource Manager. brenda.mckay@mesacounty.us. Ms. McKay assisted with searching for and collecting documents/information from Mesa County's Human Resources Information System and from personnel files; and with searching for and collecting documents/information for persons/entities who provided services to the IT department. Ms. McKay worked on Interrogatories 2 and 3.

**EXHIBIT 2**

Pam Noonan, Finance Director. pam.noonan@mesacounty.us. Ms. Noonan assisted with searching for and collecting documents/information regarding payroll files stored in the financial system, EDEN. Ms. Noonan worked on Interrogatory 7 and Request for the Production of Documents 6.

Without revealing any attorney-client privileged information or any information that could be considered attorney work product, Mesa County states that Nina Atencio, Chief Deputy County Attorney in the Mesa County Attorney's Office, assisted with providing responses to all discovery requests. Further, without revealing any attorney-client privileged information or any information that could be considered attorney work product, counsel for Mesa County, Alicia Severn and Michael Santo, assisted in preparing responses to all discovery requests.

**INTERROGATORY NO. 2: Identify all Mesa County employees whose employment ended between January 1, 2016, and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; whether such person was laid off or otherwise terminated; and the reason(s) why such person was terminated or selected for layoff.**

**Response to Interrogatory 2:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 2 because it is vague and ambiguous. That is, this Interrogatory 2 is unclear with respect to whether it requests that Mesa County identify only those employees who were laid off, similar to the Plaintiff, or whether this Interrogatory

**EXHIBIT 2**

requests information regarding employees who resigned or were otherwise terminated, regardless whether the reason for separation related to a lay off.

If Interrogatory 2 is interpreted as seeking information about all employees whose employment with Mesa County ended for any reason, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 2 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she resigned. Rather, the Plaintiff's allegations indicate that she was "fired" due to a "layoff." *See*, *e.g.*, ¶¶ 3-6, 15, 20-21, 26-27, 29-30, 35-39, 42, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into employees who were not "fired" or "laid off" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 2 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, and because a response to this Interrogatory 2 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Interrogatory 2 upon the entry of a protective order, a copy of which is attached hereto.

**EXHIBIT 2**

**INTERROGATORY NO. 3: Identify each person who has worked in, provided services for, or been employed by Mesa County's Information Technology ("IT") Department between January 1, 2016 and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; and, if applicable, the reason(s) for his or her separation from employment.**

**Response to Interrogatory 3:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 3 because it is vague and ambiguous. That is, this Interrogatory 3 is unclear with respect to whether it requests that Mesa County identify only employees or whether this Interrogatory 3 is intended to identify vendors, customers, and/or independent contractors who may have provided some type of "service" for Mesa County's Information Technology Department.

If Interrogatory 3 is interpreted as seeking information about vendors, customers, and/or independent contractors, in addition to employees, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 3 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she performed work as an independent contractor, vendor, or customer of the Mesa County Information Technology

**EXHIBIT 2**

Department. Rather, the Plaintiff's allegations indicate that she was an "employee" of Mesa County and that her allegations relate to "employees." *See*, *e.g.*, ¶¶ 2-6, 15, 22, 26-27, 29-30, 36-38, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into individuals or entities who are/were not "employees" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 3 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, and because a response to this Interrogatory 3 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Interrogatory 3 upon the entry of a protective order, a copy of which is attached hereto.

**INTERROGATORY NO. 4: Identify all charges of age discrimination filed by current or former employees of Mesa County against Mesa County with the Colorado Civil Rights Division ("CCRD") or Equal Employment Opportunity Commission ("EEOC") between January 1, 2013 and the present, including for each charge of discrimination: the name of the current or former employee who filed such charge of discrimination, the identification number of the action (*e.g.*, the administrative charge number); the governmental agency where the charge was filed; the name, contact information, and date of birth of person who filed the charge; the current status of the charge (*e.g.* whether the charge remains under investigation, resulted in a determination of probable cause or no**

EXHIBIT 2

probable cause, or was closed by request of the charging party without issuance of a determination); and whether Mesa County entered into a settlement with the current or former employee.

**Response to Interrogatory 4:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this this Interrogatory on the bases that it requests irrelevant, confidential, and private information regarding individuals who are not a party to this lawsuit, and this Interrogatory 4 is not proportional to the needs of this case.

Notwithstanding these objections, Mesa County provides the following information:

1. Cindy Alternbern, 2997 Rood Avenue, Grand Junction, CO 81504. Further information regarding this charge will be provided upon the entry of a protective order, a copy of which is included with these responses.

2. Janine Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 2/15/1957

Charge numbers: 32A-2017-00166/FE2017171785

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

3. Rick Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 10/5/1957

Charge numbers: 32A-2017-0124/FE2017188101

Status of claim: dismissed

**EXHIBIT 2**

Determination: conciliation by the parties

Settlement: yes

4. Debra Bouricius, c/o Hunter Swain and Paula Greisen, King & Greisen, LLP, 1670 York Street, Denver, CO 80206.

DOB: 4/22/1959

Charge numbers: 32A-2017-00175C/FE2017481263

Status of claim: dismissed

Determination: unsuccessful conciliation by the parties

Settlement: no

**INTERROGATORY NO. 5: Describe all the steps which Defendant took to preserve relevant documents in anticipation of and during this litigation, including the date that the Defendant first anticipated litigation; whether Defendant has issued one or more litigation hold notices; the dates any such litigation hold notices were issued; the recipients of any such litigation hold notices; and the steps the Defendant took to implement any such litigation hold notices.**

**Response to Interrogatory 5:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 5 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding the preservation of relevant documents.

**EXHIBIT 2**

Without waiving these objections, Mesa County states that it verbally advised employees to retain documents after it received notice from the CCRD that a charge of discrimination had been filed by the Plaintiff. Mesa County implemented a litigation hold in January 2018 with respect to the Plaintiff's charge filed with the CCRD.

**INTERROGATORY NO. 6: Identify any documents, data, or other information which relate to or reference the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention policy or otherwise.**

**Response to Interrogatory 6:** *See* Mesa County's General Objections, set forth above.

In response to this Interrogatory 6, Mesa County states that there are no known documents, data, or other information related to or referencing the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten.

**INTERROGATORY NO. 7: Describe the steps which Defendant took to locate information and documents in responding to Plaintiff's Interrogatories, Requests for Production, Requests for Admission, and formal and informal requests for information and documents from the Colorado Civil Rights Division, including a description of each source of information searched (*e.g.*, which email accounts, computer hard drives, mobile devices, file cabinets, and other storage media were searched); the specific methods used to search (*e.g.*, which search terms or filters were applied to the data set and what instructions were provided to the individuals searching paper files); the identity of the persons involved in conducting the searches; the dates searches were performed; the types of files that were**

**EXHIBIT 2**

searched; and the steps Defendant took to gather and assemble responsive data for production.

**Response to Interrogatory 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 7 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding information and/or documents.

Without waiving these objections, Mesa County states as follows:

Interrogatory 1: No location of information or documents was required to respond to Interrogatory 1. Deanna Gohn assisted with compiling information for the response provided in Interrogatory 1.

Interrogatory 2: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files.

Interrogatory 3: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files. Lhana Jordan also searched in Mesa County's financial system, called EDEN, for all person(s)/entities that provided work for Mesa County Information Technology from January 1, 2016 through July 31, 2018. Ms. Jordan also searched for financial transactions, including credit card transactions.

**EXHIBIT 2**

Interrogatory 4: Deanna Gohn searched the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Interrogatory 5: No location of information or documents was required to respond to Interrogatory 5.

Interrogatory 6: No location of information or documents was required to respond to Interrogatory 6.

Interrogatory 7: Individuals who conducted document and/or information searches provided information in response to this Interrogatory 7 as stated herein. Deanna Gohn compiled this information.

Request for Production 1: *See* Mesa County's responses regarding Interrogatories 1 through 7 above.

Request for Production 2: Documents produced in this Request for Production 2 are those that were provided to the CCRD.

**EXHIBIT 2**

Request for Production 3: <mark>Troy Flick, Lhana Jordan, and Deanna Gohn conducted searches with respect to this Request.</mark> Searches were run continuously from August 2 or 3 through approximately August 9. Searches were done without time limits with respect to the phrases "2016 layoff" and "2017 budget deficit." Searches were done regarding the "p," "s," and "x" drives. Searches were also done without time limits with respect to the phrases "2016 layoffs" and "2017 budget deficit" on Debra Bouricius's, Janine Corsi's, Rick Corsi's, and David Barnett's hard drives. These searches were done on August 15-16.

Searches were also done between the dates of January 1, 2015 and December 31, 2016 on the "p," "s," and "x" drives for the IT, Human Resources, Finance, and Administration departments. In this search, the "p" drive search was limited to all employees in the IT Department, Frank Whidden, Gina Davis, and Mesa County's Board of County Commissioners. The searches were performed using the phrases "2016 layoff" and "2017 budget deficit."

The County Attorney's Office also asked Frank Whidden *and the Board of County Commissioners* for all text messages relating to the phrases "2016 layoff" and "2017 budget deficit."

Deanna Gohn conducted a search on August 15, 2018, between April 1, 2016 and June 30, 2017, using the words "budget," "budget deficit," "deficit," and "layoff."

Request for Production 4: Deanna Gohn did a search on the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past

**EXHIBIT 2**

employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Request for Production 5: Cori Anderson and Jean Boothe searched through and pulled information from employees' personnel files saved on Mesa County's SIRE system.

Request for Production 6 (payroll records): Pam Noonan, Mesa County's Finance Director, searched its Employee Earnings Register for payroll data related to the Plaintiff from January 1, 2000 through December 31, 2016. The Plaintiff's personnel file and benefits information had been collected for Mesa County's response to the CCRD.

Request for Production 7: No location of information or documents was required to respond to Request for Production 7.

Request for Admission 1: No location of information or documents was required to respond to Request for Admission 1.

Request for Admission 2: No location of information or documents was required to respond to Request for Admission 2.

Request for Admission 3: No location of information or documents was required to respond to Request for Admission 3.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All Documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories.**

**Response to Request for Production 1:** *See* Mesa County's General Objections, set forth above.

All objections set forth in each Interrogatory above are incorporated herein.

Without waiving these objections, documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories are either identified in each particular Interrogatory or will be produced upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 2: All documents and communications which support the statements made by Mesa County in March 29, 2017 written Position Statement to the Colorado Civil Rights Division.**

**Response to Request for Production 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 2 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County provided to the Colorado Civil Rights Division.

**EXHIBIT 2**

Mesa County also objects to this Request for Production 2 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad). Mesa County further objects to this Request for Production 2 to the extent it requests information that is not relevant to this litigation and/or is protected by privilege.

Without waiving these objections, Mesa County identifies its position statement and the attachments it provided to the Colorado Civil Rights Division with its position statement, identified here as DEF 60-83, 85-461, 570-927, 943-1190, 1212-1214, 1284-1641.

**REQUEST FOR PRODUCTION NO. 4: All documents created by, sent by, or received by Mesa County in connection with investigations by the Colorado Civil Rights Division or Equal Employment Opportunity Commission into the charges of discrimination identified in response to Interrogatory No. 4.**

**Response to Request for Production 4:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County incorporates herein all objections made with respect to Interrogatory 4.

Further, Mesa County objections to this Request for Production 4 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand. Moreover, it is unknown what limitation the Plaintiff seeks to place on this Request for Production No. 4 by using the phrase, "in connection with investigations." For example, it is unclear if the Plaintiff intends to limit this Request for Production 4 to events up to the occurrence of a settlement or determination decision but not thereafter.

Despite the limitations in the Plaintiff's Complaint, Request for Production 4 seeks documents and communications related to other employees. As a result, this request is irrelevant,

**EXHIBIT 2**

overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 4 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Finally, Mesa County objects to this Request for Production 4 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County had regarding any document, information, or otherwise "in connection" with anything Mesa County provided to the Colorado Civil Rights Division.

Without waiving these objections, Mesa County identifies and produces the following documents: DEF 1-1214. Mesa County also identifies and produces DEF 1642-1661, which includes events occurring up until a settlement or determination was reached. Further, without waiving these objections, and because a response to this Request for Production 4 requires

**EXHIBIT 2**

providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond further to this Request for Production 4, limiting its response to events occurring up until a settlement or determination was reached, upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 5: All written job descriptions, performance evaluations, and disciplinary records for each individual identified by Defendant in response to Plaintiff's Interrogatories No. 2 & 3.**

**Response to Request for Production 5:** *See* Mesa County's General Objections, set forth above.

Mesa County incorporates herein its objections to Interrogatory 2, as set forth above, and its objections to Interrogatory 3, as set forth above.

Further, Mesa County objects to this Request for Production 5 because it is overbroad and is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was

**EXHIBIT 2**

terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 5 seeks certain documents and communications purportedly regarding any employee whose employment ended for any reason. *See* Interrogatory 2 and Mesa County's objections thereto, which are incorporated herein. Documentation regarding employees other than the Plaintiff is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees who did not work in the IT Department and who were not laid off is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Further, Mesa County objects to this Request for Production 5 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) written job descriptions; (2) performance evaluations; and (3) disciplinary records. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 5, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies DEF 70-83, 90-104, 119-121, 230-232, 248, 250-258, 263-267, 269-277, 279-283, 286-292, 295-298, 300-302, 305-307, 311-313, 316-317, 319, 323-326. 328-333, 338-340, 343-345, 349-351, 353-356, 359-361, 363-387, 395-409, 411-414, 417-419, 421-431, 437-439, 584-586, 675-677, 714, 716-724, 729-733, 735-743, 745-749, 752-758, 761-764, 766-768, 771-773, 777-779, 782-785, 789-791, 794-799, 804-806, 809-811, 815-817, 819-822, 825-827, 829-855, 857-866, 871-875, 877-886, 888-892, 894-899, 979, 981-989, 994-998, 1000-1008, 1010-1014, 1017-1023, 1026-1029, 1031-1033, 1036-1038, 1042-1044, 1047-1048, 1050, 1054-1056, 1059-1064, 1069-1071, 1074-1076, 1080-1082, 1084-1087, 1090-1092, 1094-1120, 1122-1131, 1138-1140, 1142-1151, 1153-1156, 1159-1164, 1212-1214. In addition, without waiving these objections, Mesa County produces here job descriptions for employees in the IT Department: DEF 1661-1696.

Further, without waiving these objections, and because a response to this Request for Production 5 requires providing sensitive information regarding third parties who are not parties to this litigation, Mesa County will respond to this Request for Production 5 by providing employee evaluation forms and disciplinary records for individuals other than the Plaintiff upon the entry of a protective order, a copy of which is attached hereto.

**REQUEST FOR PRODUCTION NO. 6: All documents maintained by Mesa County with respect to Plaintiff's employment at Mesa County, including Plaintiff's complete personnel file, Plaintiff's complete payroll records, and documents reflecting Plaintiff's benefits.**

**EXHIBIT 2**

**Response to Request for Production 6:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 6 because it is overbroad, unduly burdensome, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1). In particular, Mesa County retains payroll records for seven years in electronic form. Payroll records for earlier periods of time are kept in paper form, which requires having an employee search by each pay period for relevant documents. This process is unduly burdensome on Mesa County and is not proportional to the needs of this case. *See Ying-Jun Chen v. Maryland Department of Health and Mental Hygiene*, ELH-15-1796, 2017 WL 1533988, *3 (D. Md., Apr. 27, 2017).

Further, Mesa County objects to this Request for Production 6 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) Plaintiff's complete personnel file; (2) Plaintiff's complete payroll records; and (3) documents reflecting Plaintiff's benefits. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 6, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, and including payroll documents covering the last seven years, Mesa County identifies: DEF 943-1190, 1697-2021.

**EXHIBIT 2**

**REQUEST FOR PRODUCTION NO. 7: All settlement agreements, conciliation agreements, or consent decrees which Mesa County has entered into with the Colorado Civil Rights Division, the Equal Employment Opportunity Commission, Janine Corsi, and/or Rick Corsi in connection with charges of discrimination filed against Mesa County by Janine Corsi and Rick Corsi.**

**Response to Request for Production 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 7 on the basis that the Plaintiff has already received such information pursuant to a CORA request. Those documents have not been Bates labeled or produced by the Plaintiff in this case.

Further, Mesa County objects to this Request for Production 7 on the basis that it requests information related to individuals who are not parties to this case and, therefore, this Request for Production 7 is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. F.R.C.P. 26(b)(1).

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1: Admit that all of the statements in Mesa County's March 29, 2017 written Position Statement to the Colorado Civil Rights Division are true and accurate.**

**Response to Request for Admission 1:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true and accurate. Mesa County denies all other implications contained in this Request for Admission 1.

**REQUEST FOR ADMISSION NO. 2: Admit that Mesa County intended its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be an assertion.**

**Response to Request for Admission 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 2 because it is vague and ambiguous. Nowhere in the Plaintiff's Discovery Requests is there a definition of "assertion." It is not clear whether the Plaintiff intends that "assertion" be interpreted by its dictionary definition or whether the Plaintiff intends that "assertion" be interpreted as it is under the Federal Rules of Evidence. *See*, *e.g.*, F.R.E. 801.

To the extent the Plaintiff intended "assertion" to mean "a positive statement or declaration, often without support or reason" (as defined by dictionary.com), Mesa County denies this Request for Admission 2.

**REQUEST FOR ADMISSION NO. 3: Admit that Mesa County believed all the claims in its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be true at the time the Position Statement was submitted to the Colorado Civil Rights Division.**

**Response to Request for Admission 3:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County objects to this Request for Admission 3 because it is vague and ambiguous. Nowhere in this Request for Admission 3 does Mesa County inquire as to the knowledge of a particular individual. It is not possible for Mesa County, a public entity, to possess cognitive thoughts. Thus, this Request for Admission 3 is vague and ambiguous because it fails to identify who, as a representative of Mesa County, possessed certain beliefs as of the date defined in this Request for Admission 3.

Without waiving these objections, Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true. *See* Mesa County's response to Request for Admission 1 set forth above. Mesa County denies all other implications contained in this Request for Admission 3.

Respectfully submitted this 5th day of September, 2018.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## VERIFICATION

STATE OF COLORADO    )
                                ) ss:
COUNTY OF MESA        )

I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's First Supplemental Response to Interrogatory 7, dated September 5, 2018, directed to Mesa County by Plaintiff Debra Bouricius, is true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

Signed this ___5th___ day of ___Sept.___, 2018.

_____
Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this 5th day of September, 2018 by Andrea Nina Atencio.

SHERYL JACK
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924000920
My Commission Expires February 22, 2020

_____
Notary Public

27

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** pleading was served this 5th day of September 2018, via electronic mail, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

      Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

      Defendant.

---

### DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following Second Supplemental responses to Plaintiff Debra Bouricius's First Set of Interrogatories, Requests for Production of Documents 1-2, 4-7, and Requests for Admission ("Discovery Requests"). Supplemental information is identified in italic and bold text.

### General Objections

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized

**EXHIBIT 2**

privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests.

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the

**EXHIBIT 2**

case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 1: Identify each person who prepared or assisted with the preparation of Defendant's responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission, including for each such person identified: that person's name and contact information; the nature of that person's association with Mesa County (*e.g.*, job title at Mesa County or other relationship to the Defendant); identification of the specific response(s) that person prepared or assisted with; and for each person, the nature of that person's assistance in preparing the response(s).**

**Response to Interrogatory 1:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 1 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks

**EXHIBIT 2**

information related to conversations Mesa County representatives had with counsel regarding discovery requests propounded by the Plaintiff upon Mesa County.

Cori Armstrong, Administrative Assistant. cori.armstrong@mesacounty.us. Ms. Armstrong assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Armstrong worked on Request for Production 5.

Jean Boothe, Risk Administrator. jean.boothe@mesacounty.us. Ms. Boothe assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Boothe worked on Request for Production 5.

Deanna Gohn, Managing Paralegal. deanna.gohn@mesacounty.us. Ms. Gohn assisted with searching for and collecting documents, minutes, and emails; and preparing tables. Ms. Gohn worked on Interrogatories 1, 4, 7; and Requests for the Production of Documents 3, 4, and 6.

Troy Flick, IT Manager. troy.flick@mesacounty.us. Mr. Flick assisted with searching for collecting documents/information from Mesa County's drives and emails. Mr. Flick worked in Request for Production 3.

Lhana Jordan, Customer Service Manager. lhana.jordan@mesacounty.us. Ms. Jordan assisted with searching for and collecting financial documents/information for the IT department; and with searching for and collecting documents/information from hard drives. Ms. Jordan also searched hard drives. Ms. Jordan worked on Interrogatory 3 and Request for Production 3.

Brenda McKay, Human Resource Manager. brenda.mckay@mesacounty.us. Ms. McKay assisted with searching for and collecting documents/information from Mesa County's Human Resources Information System and from personnel files; and with searching for and collecting

**EXHIBIT 2**

documents/information for persons/entities who provided services to the IT department. Ms. McKay worked on Interrogatories 2 and 3.

Pam Noonan, Finance Director. pam.noonan@mesacounty.us. Ms. Noonan assisted with searching for and collecting documents/information regarding payroll files stored in the financial system, EDEN. Ms. Noonan worked on Interrogatory 7 and Request for the Production of Documents 6.

Without revealing any attorney-client privileged information or any information that could be considered attorney work product, Mesa County states that Nina Atencio, Chief Deputy County Attorney in the Mesa County Attorney's Office, assisted with providing responses to all discovery requests. Further, without revealing any attorney-client privileged information or any information that could be considered attorney work product, counsel for Mesa County, Alicia Severn and Michael Santo, assisted in preparing responses to all discovery requests.

**INTERROGATORY NO. 2: Identify all Mesa County employees whose employment ended between January 1, 2016, and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; whether such person was laid off or otherwise terminated; and the reason(s) why such person was terminated or selected for layoff.**

**Response to Interrogatory 2:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County objects to this Interrogatory 2 because it is vague and ambiguous. That is, this Interrogatory 2 is unclear with respect to whether it requests that Mesa County identify only those employees who were laid off, similar to the Plaintiff, or whether this Interrogatory requests information regarding employees who resigned or were otherwise terminated, regardless whether the reason for separation related to a lay off.

If Interrogatory 2 is interpreted as seeking information about all employees whose employment with Mesa County ended for any reason, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 2 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she resigned. Rather, the Plaintiff's allegations indicate that she was "fired" due to a "layoff." *See*, *e.g.*, ¶¶ 3-6, 15, 20-21, 26-27, 29-30, 35-39, 42, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into employees who were not "fired" or "laid off" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 2 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, ***Mesa County provides documents DEF 2138-2143, pursuant to the protective order entered in this case.***

**EXHIBIT 2**

**INTERROGATORY NO. 3: Identify each person who has worked in, provided services for, or been employed by Mesa County's Information Technology ("IT") Department between January 1, 2016 and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; and, if applicable, the reason(s) for his or her separation from employment.**

**Response to Interrogatory 3:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 3 because it is vague and ambiguous. That is, this Interrogatory 3 is unclear with respect to whether it requests that Mesa County identify only employees or whether this Interrogatory 3 is intended to identify vendors, customers, and/or independent contractors who may have provided some type of "service" for Mesa County's Information Technology Department.

If Interrogatory 3 is interpreted as seeking information about vendors, customers, and/or independent contractors, in addition to employees, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 3 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she performed work as an independent contractor, vendor, or customer of the Mesa County Information Technology

**EXHIBIT 2**

Department. Rather, the Plaintiff's allegations indicate that she was an "employee" of Mesa County and that her allegations relate to "employees." *See*, *e.g.*, ¶¶ 2-6, 15, 22, 26-27, 29-30, 36-38, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into individuals or entities who are/were not "employees" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 3 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, ***Mesa County provides documents DEF 2144-2153, pursuant to the protective order entered in this case.***

**INTERROGATORY NO. 4: Identify all charges of age discrimination filed by current or former employees of Mesa County against Mesa County with the Colorado Civil Rights Division ("CCRD") or Equal Employment Opportunity Commission ("EEOC") between January 1, 2013 and the present, including for each charge of discrimination: the name of the current or former employee who filed such charge of discrimination, the identification number of the action (*e.g.*, the administrative charge number); the governmental agency where the charge was filed; the name, contact information, and date of birth of person who filed the charge; the current status of the charge (*e.g.* whether the charge remains under investigation, resulted in a determination of probable cause or no probable cause, or was closed by request of the charging party without issuance of a**

EXHIBIT 2

determination); and whether Mesa County entered into a settlement with the current or former employee.

**Response to Interrogatory 4:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this this Interrogatory on the bases that it requests irrelevant, confidential, and private information regarding individuals who are not a party to this lawsuit, and this Interrogatory 4 is not proportional to the needs of this case.

Notwithstanding these objections, Mesa County provides the following information:

1. Cindy Alternbern, 2997 Rood Avenue, Grand Junction, CO 81504.

*DOB: See confidential document DEF 2169*

*Charge number: See confidential document DEF 2168*

*Status of claim: See confidential document DEF 3132*

*Determination: See confidential documents DEF 3120-3126*

*Settlement: See confidential documents DEF 5258-5262*

2. Janine Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 2/15/1957

Charge numbers: 32A-2017-00166/FE2017171785

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

3. Rick Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 10/5/1957

**EXHIBIT 2**

Charge numbers: 32A-2017-0124/FE2017188101

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

4. Debra Bouricius, c/o Hunter Swain and Paula Greisen, King & Greisen, LLP, 1670 York Street, Denver, CO 80206.

DOB: 4/22/1959

Charge numbers: 32A-2017-00175C/FE2017481263

Status of claim: dismissed

Determination: unsuccessful conciliation by the parties

Settlement: no

**INTERROGATORY NO. 5: Describe all the steps which Defendant took to preserve relevant documents in anticipation of and during this litigation, including the date that the Defendant first anticipated litigation; whether Defendant has issued one or more litigation hold notices; the dates any such litigation hold notices were issued; the recipients of any such litigation hold notices; and the steps the Defendant took to implement any such litigation hold notices.**

**Response to Interrogatory 5:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 5 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks

**EXHIBIT 2**

information related to conversations Mesa County representatives had with their counsel regarding the preservation of relevant documents.

Without waiving these objections, Mesa County states that it verbally advised employees to retain documents after it received notice from the CCRD that a charge of discrimination had been filed by the Plaintiff. Mesa County implemented a litigation hold in January 2018 with respect to the Plaintiff's charge filed with the CCRD.

**INTERROGATORY NO. 6: Identify any documents, data, or other information which relate to or reference the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention policy or otherwise.**

**Response to Interrogatory 6:** *See* Mesa County's General Objections, set forth above.

In response to this Interrogatory 6, Mesa County states that there are no known documents, data, or other information related to or referencing the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten.

**INTERROGATORY NO. 7: Describe the steps which Defendant took to locate information and documents in responding to Plaintiff's Interrogatories, Requests for Production, Requests for Admission, and formal and informal requests for information and documents from the Colorado Civil Rights Division, including a description of each source of information searched (*e.g.*, which email accounts, computer hard drives, mobile devices, file cabinets, and other storage media were searched); the specific methods used to search (*e.g.*, which search terms or filters were applied to the data set and what instructions were**

**EXHIBIT 2**

**provided to the individuals searching paper files); the identity of the persons involved in conducting the searches; the dates searches were performed; the types of files that were searched; and the steps Defendant took to gather and assemble responsive data for production.**

**Response to Interrogatory 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 7 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding information and/or documents.

Without waiving these objections, Mesa County states as follows:

Interrogatory 1: No location of information or documents was required to respond to Interrogatory 1. Deanna Gohn assisted with compiling information for the response provided in Interrogatory 1.

Interrogatory 2: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files.

Interrogatory 3: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files. Lhana Jordan also searched in Mesa County's financial system, called EDEN, for all person(s)/entities that provided work for Mesa County Information

**EXHIBIT 2**

Technology from January 1, 2016 through July 31, 2018. Ms. Jordan also searched for financial transactions, including credit card transactions.

Interrogatory 4: Deanna Gohn searched the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Interrogatory 5: No location of information or documents was required to respond to Interrogatory 5.

Interrogatory 6: No location of information or documents was required to respond to Interrogatory 6.

Interrogatory 7: Individuals who conducted document and/or information searches provided information in response to this Interrogatory 7 as stated herein. Deanna Gohn compiled this information.

Request for Production 1: *See* Mesa County's responses regarding Interrogatories 1 through 7 above.

**EXHIBIT 2**

Request for Production 2: Documents produced in this Request for Production 2 are those that were provided to the CCRD.

Request for Production 3: <mark>Troy Flick, Lhana Jordan, and Deanna Gohn conducted searches with respect to this Request</mark>. Searches were run continuously from August 2 or 3 through approximately August 9. Searches were done without time limits with respect to the phrases "2016 layoff" and "2017 budget deficit." Searches were done regarding the "p," "s," and "x" drives. Searches were also done without time limits with respect to the phrases "2016 layoffs" and "2017 budget deficit" on Debra Bouricius's, Janine Corsi's, Rick Corsi's, and David Barnett's hard drives. These searches were done on August 15-16.

Searches were also done between the dates of January 1, 2015 and December 31, 2016 on the "p," "s," and "x" drives for the IT, Human Resources, Finance, and Administration departments. In this search, the "p" drive search was limited to all employees in the IT Department, Frank Whidden, Gina Davis, and Mesa County's Board of County Commissioners. The searches were performed using the phrases "2016 layoff" and "2017 budget deficit."

The County Attorney's Office also asked Frank Whidden ***and the Board of County Commissioners*** for all text messages relating to the phrases "2016 layoff" and "2017 budget deficit."

Deanna Gohn conducted a search on August 15, 2018, between April 1, 2016 and June 30, 2017, using the words "budget," "budget deficit," "deficit," and "layoff."

Request for Production 4: Deanna Gohn did a search on the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1,

**EXHIBIT 2**

2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Request for Production 5: Cori Anderson and Jean Boothe searched through and pulled information from employees' personnel files saved on Mesa County's SIRE system.

Request for Production 6 (payroll records): Pam Noonan, Mesa County's Finance Director, searched its Employee Earnings Register for payroll data related to the Plaintiff from January 1, 2000 through December 31, 2016. The Plaintiff's personnel file and benefits information had been collected for Mesa County's response to the CCRD.

Request for Production 7: No location of information or documents was required to respond to Request for Production 7.

Request for Admission 1: No location of information or documents was required to respond to Request for Admission 1.

Request for Admission 2: No location of information or documents was required to respond to Request for Admission 2.

Request for Admission 3: No location of information or documents was required to respond to Request for Admission 3.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All Documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories.**

**Response to Request for Production 1:** *See* Mesa County's General Objections, set forth above.

All objections set forth in each Interrogatory above are incorporated herein.

Without waiving these objections, documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories are identified in each particular Interrogatory or ***are produced herewith***.

**REQUEST FOR PRODUCTION NO. 2: All documents and communications which support the statements made by Mesa County in March 29, 2017 written Position Statement to the Colorado Civil Rights Division.**

**Response to Request for Production 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 2 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County provided to the Colorado Civil Rights Division.

**EXHIBIT 2**

Mesa County also objects to this Request for Production 2 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad). Mesa County further objects to this Request for Production 2 to the extent it requests information that is not relevant to this litigation and/or is protected by privilege.

Without waiving these objections, Mesa County identifies its position statement and the attachments it provided to the Colorado Civil Rights Division with its position statement, identified here as DEF 60-83, 85-461, 570-927, 943-1190, 1212-1214, 1284-1641.

**REQUEST FOR PRODUCTION NO. 4: All documents created by, sent by, or received by Mesa County in connection with investigations by the Colorado Civil Rights Division or Equal Employment Opportunity Commission into the charges of discrimination identified in response to Interrogatory No. 4.**

**Response to Request for Production 4:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County incorporates herein all objections made with respect to Interrogatory 4.

Further, Mesa County objections to this Request for Production 4 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand. Moreover, it is unknown what limitation the Plaintiff seeks to place on this Request for Production No. 4 by using the phrase, "in connection with investigations." For example, it is unclear if the Plaintiff intends to limit this Request for Production 4 to events up to the occurrence of a settlement or determination decision but not thereafter.

Despite the limitations in the Plaintiff's Complaint, Request for Production 4 seeks documents and communications related to other employees. As a result, this request is irrelevant,

**EXHIBIT 2**

overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 4 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Finally, Mesa County objects to this Request for Production 4 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County had regarding any document, information, or otherwise "in connection" with anything Mesa County provided to the Colorado Civil Rights Division.

Without waiving these objections, Mesa County identifies and produces the following documents: DEF 1-1214. Mesa County also identifies and produces DEF 1642-1661, which includes events occurring up until a settlement or determination was reached. Further, without waiving these objections, and limiting its response to events occurring up until a settlement or

**EXHIBIT 2**

determination was reached, ***Mesa County also provides documents DEF 2154-4042, 5258-5262, pursuant to the protective order entered in this case.***

**REQUEST FOR PRODUCTION NO. 5:** **All written job descriptions, performance evaluations, and disciplinary records for each individual identified by Defendant in response to Plaintiff's Interrogatories No. 2 & 3.**

**Response to Request for Production 5:** *See* Mesa County's General Objections, set forth above.

Mesa County incorporates herein its objections to Interrogatory 2, as set forth above, and its objections to Interrogatory 3, as set forth above.

Further, Mesa County objects to this Request for Production 5 because it is overbroad and is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that

**EXHIBIT 2**

exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 5 seeks certain documents and communications purportedly regarding any employee whose employment ended for any reason. *See* Interrogatory 2 and Mesa County's objections thereto, which are incorporated herein. Documentation regarding employees other than the Plaintiff is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees who did not work in the IT Department and who were not laid off is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Further, Mesa County objects to this Request for Production 5 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) written job descriptions; (2) performance evaluations; and (3) disciplinary records. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 5, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies DEF 70-83, 90-104, 119-121, 230-232, 248, 250-258, 263-267, 269-277, 279-283, 286-292, 295-298, 300-302, 305-307, 311-313, 316-317, 319, 323-326. 328-333, 338-340, 343-345, 349-351, 353-356, 359-361, 363-387, 395-409, 411-414, 417-419, 421-431, 437-439, 584-586, 675-677, 714, 716-724, 729-733, 735-743, 745-749, 752-758, 761-764, 766-768, 771-773, 777-779, 782-785, 789-791, 794-799, 804-806, 809-811, 815-817, 819-822, 825-827, 829-855, 857-866, 871-875, 877-886, 888-892, 894-899, 979, 981-989, 994-998, 1000-1008, 1010-1014, 1017-1023, 1026-1029, 1031-1033, 1036-1038, 1042-1044, 1047-1048, 1050, 1054-1056, 1059-1064, 1069-1071, 1074-1076, 1080-1082, 1084-1087, 1090-1092, 1094-1120, 1122-1131, 1138-1140, 1142-1151, 1153-1156, 1159-1164, 1212-1214. In addition, without waiving these objections, Mesa County produces here job descriptions for employees in the IT Department: DEF 1661-1696.

Further, without waiving these objections, ***Mesa County provides documents DEF 4043-5086, pursuant to the protective order entered in this case, which includes*** employee evaluation forms and disciplinary records for individuals other than the Plaintiff.

**REQUEST FOR PRODUCTION NO. 6: All documents maintained by Mesa County with respect to Plaintiff's employment at Mesa County, including Plaintiff's complete personnel file, Plaintiff's complete payroll records, and documents reflecting Plaintiff's benefits.**

**Response to Request for Production 6:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County objects to this Request for Production 6 because it is overbroad, unduly burdensome, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1). In particular, Mesa County retains payroll records for seven years in electronic form. Payroll records for earlier periods of time are kept in paper form, which requires having an employee search by each pay period for relevant documents. This process is unduly burdensome on Mesa County and is not proportional to the needs of this case. *See Ying-Jun Chen v. Maryland Department of Health and Mental Hygiene*, ELH-15-1796, 2017 WL 1533988, *3 (D. Md., Apr. 27, 2017).

Further, Mesa County objects to this Request for Production 6 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) Plaintiff's complete personnel file; (2) Plaintiff's complete payroll records; and (3) documents reflecting Plaintiff's benefits. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 6, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, and including payroll documents covering the last seven years, Mesa County identifies: DEF 943-1190, 1697-2021.

**REQUEST FOR PRODUCTION NO. 7: All settlement agreements, conciliation agreements, or consent decrees which Mesa County has entered into with the Colorado Civil Rights Division, the Equal Employment Opportunity Commission, Janine Corsi, and/or Rick**

**EXHIBIT 2**

Corsi in connection with charges of discrimination filed against Mesa County by Janine Corsi and Rick Corsi.

**Response to Request for Production 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 7 on the basis that the Plaintiff has already received such information pursuant to a CORA request. Those documents have not been Bates labeled or produced by the Plaintiff in this case.

Further, Mesa County objects to this Request for Production 7 on the basis that it requests information related to individuals who are not parties to this case and, therefore, this Request for Production 7 is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case. F.R.C.P. 26(b)(1).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1: Admit that all of the statements in Mesa County's March 29, 2017 written Position Statement to the Colorado Civil Rights Division are true and accurate.**

**Response to Request for Admission 1:** *See* Mesa County's General Objections, set forth above.

Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true and accurate. Mesa County denies all other implications contained in this Request for Admission 1.

**EXHIBIT 2**

**REQUEST FOR ADMISSION NO. 2: Admit that Mesa County intended its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be an assertion.**

**Response to Request for Admission 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 2 because it is vague and ambiguous. Nowhere in the Plaintiff's Discovery Requests is there a definition of "assertion." It is not clear whether the Plaintiff intends that "assertion" be interpreted by its dictionary definition or whether the Plaintiff intends that "assertion" be interpreted as it is under the Federal Rules of Evidence. *See*, *e.g.*, F.R.E. 801.

To the extent the Plaintiff intended "assertion" to mean "a positive statement or declaration, often without support or reason" (as defined by dictionary.com), Mesa County denies this Request for Admission 2.

**REQUEST FOR ADMISSION NO. 3: Admit that Mesa County believed all the claims in its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be true at the time the Position Statement was submitted to the Colorado Civil Rights Division.**

**Response to Request for Admission 3:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 3 because it is vague and ambiguous. Nowhere in this Request for Admission 3 does Mesa County inquire as to the knowledge of a particular individual. It is not possible for Mesa County, a public entity, to possess cognitive

**EXHIBIT 2**

thoughts. Thus, this Request for Admission 3 is vague and ambiguous because it fails to identify who, as a representative of Mesa County, possessed certain beliefs as of the date defined in this Request for Admission 3.

Without waiving these objections, Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true. *See* Mesa County's response to Request for Admission 1 set forth above. Mesa County denies all other implications contained in this Request for Admission 3.

Respectfully submitted this 19th day of October, 2018.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
    Alicia W. Severn, #42432
    Michael C. Santo, #24083
    205 N. 4th Street, Suite 300
    Grand Junction, Colorado 81501
    Telephone: (970) 683-5888
    Facsimile: (970) 683-5887
    Attorneys for Defendant

**EXHIBIT 2**

## **VERIFICATION**

STATE OF COLORADO )
                         ) ss:
COUNTY OF MESA )

      I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's Second Supplemental Responses to Interrogatories 2, 3, and 4, dated October 19, 2018, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

      Signed this _19th_ day of _October_, 2018.


_____
Andrea Nina Atencio


Sworn to before me, and subscribed in my presence this 19th day of October, 2018 by Andrea Nina Atencio.

BETTY HUTCHISON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19944009440
My Commission Expires June 29, 2022

_____
Notary Public


**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** pleading was served this 19th day of October 2018, via electronic mail, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the documents associated with **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** was served this 19th day of October 2018, via U.S. Mail, postage prepaid, to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff


_s/ Alicia W. Severn_____
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

       Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

---

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION PRIVILEGE LOG**

---

Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its Second Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents 1-2, 4-7, and Requests for Admission.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| Communication between counsel representing Mesa County and Mesa County regarding litigation; attorneys' work for Mesa County or on behalf of Mesa County regarding litigation matters; attorneys' communications, correspondence, and work-related documents and drafts regarding litigation matters | DEF 2022-2027, 3928-3929, 3936, 3939, 3950-3952, 3961-3962, 3983, 4003-4005, 4011, 4013, 4557, 5087-5257 | Attorney-client privilege; attorney work product. |
| Employee information | DEF 2138-2144 | Privacy, relevancy, and burden of production: non-party telephone numbers. (See, *e.g.*, *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2nd Cir. 1997); *Alaird v.* |

**EXHIBIT 2**

| | | |
|---|---|---|
| | | *MacLean Power*, LLC, 2015 WL 4162577 (D.Colo., July 10, 2015)). |
| Resume | DEF 2452-2455, 3108-3111 | Privacy, relevancy, and burden of production: non-party social security number (*See, e.g., Guan Ming Lin v. Benihana Nat. Corp.*, 755 F.Supp.2d 504, 515 (S.D.N.Y. 2010)); *Alaird v. MacLean Power*, LLC, 2015 WL 4162577 (D.Colo., July 10, 2015)). |
| Employment application | DEF 2456 | Privacy, relevancy, and burden of production: non-party social security number (*See, e.g., Guan Ming Lin v. Benihana Nat. Corp.*, 755 F.Supp.2d 504, 515 (S.D.N.Y. 2010)); *Alaird v. MacLean Power*, LLC, 2015 WL 4162577 (D.Colo., July 10, 2015)). |
| Personnel record | DEF 2666, 2672, 2678, 2681, 2685-2686, 2691, 2693, 2700, 2706, 2710, 2721, 2735, 2744, 2745-2746, 2759-2760, 2798, 2968, 2974, 2981-2983, 2990, 2993, 2997-2998, 3003, 3005, 3012, 3018, 3022, 3033, 3047, 3089, 3091-3092, 3112, 3114, 3116-3117, 3380-3381, 3418, 3419, 3426, 3428, 3431, 3433-3434, 3436, 3438, 3445, 3450, 3478, 3726-3727, 3846-3847, 3874-3876, 3878-3879 | Privacy, relevancy, and burden of production: non-party social security number (*See, e.g., Guan Ming Lin v. Benihana Nat. Corp.*, 755 F.Supp.2d 504, 515 (S.D.N.Y. 2010)); *Alaird v. MacLean Power*, LLC, 2015 WL 4162577 (D.Colo., July 10, 2015)). |
| Employment evaluations | DEF 4130, 4459, 4466, 4472, 4477 | Privacy, relevancy, and burden of production: non-party social security number (*See, e.g., Guan Ming Lin v. Benihana Nat. Corp.*, 755 F.Supp.2d 504, 515 (S.D.N.Y. 2010)); *Alaird v. MacLean Power*, LLC, 2015 WL 4162577 (D.Colo., July 10, 2015)). |

**EXHIBIT 2**

Respectfully submitted this 19th day of October, 2018.

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendants

**EXHIBIT 2**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION PRIVILEGE LOG** was served this 19th day of October 2018, via email to the following:

Hunter Swain
Paula Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

      Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

      Defendant.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following Responses to Plaintiff's 30(b)(6) Deposition Topics 7, 12-14, 21-23, 26, and 30 ("Discovery Requests").

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law.

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal

**EXHIBIT 2**

issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 8: Matter 7.** A complete and detailed description of all anti-discrimination trainings provided to Defendant's managers, supervisors, administrators, and/or commissioners between August 2011 and October 2016, including for each such training the date of the training, the content included and the person{s] *[sic]* providing the training, the person who attended the training, and the materials or documents provided at the training.

**EXHIBIT 2**

**Response to Interrogatory No. 8.** Initially, Mesa County objects to this Interrogatory No. 8 with respect to providing any training information or materials that are protected pursuant to the attorney-client privilege and/or the attorney work product doctrine. Without waiving these objections, Mesa County provides the following information.

Mesa County conducted anti-discrimination/retaliation trainings on the following dates:

1. January 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5433. Mesa County does not have a record of which employees attended this training.

2. February 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5488. Mesa County does not have a record of which employees attended this training.

3. October 2010. Michael Santo gave the training. Associated materials are produced at DEF 5489-5525. Mesa County does not have a record of which employees attended this training.

4. May 2012. Michael Santo gave the training. Associated materials are produced at DEF 5526-5589. Mesa County does not have a record of which employees attended this training.

5. December 2013. Michael Santo gave the training. Associated materials are produced at DEF 5590-5692. Mesa County does not have a record of which employees attended this training.

**INTERROGATORY NO. 9: Matter 12.** The factual basis for the following assertion in Defendant's Answer: "In response to paragraph 11 of the Complaint, Mesa County admits that Ms. Bouricius dual-filed a Charge of Discrimination against Mesa County, in which Ms. Bouricius alleged age discrimination, with the CCRD and EEOC. Mesa County denies all other allegations set forth within paragraph 11 of the Complaint."

**EXHIBIT 2**

**Response to Interrogatory No. 9.**   Mesa County objects to this Interrogatory No. 9 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 10: Matter 13.** The factual basis for Defendant's denial of any allegation set forth in Paragraph 13 of the Complaint." *[sic]*

**Response to Interrogatory No. 10.**   Mesa County objects to this Interrogatory No. 10 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of

**EXHIBIT 2**

Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 11: Matter 14.** The factual basis for the following assertion Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 18 of the Complaint."

**Response to Interrogatory No. 11.**    Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.    Notwithstanding this objection, Mesa County states as follows.

Mesa County Commissioners John Justman, Scott McInnis, and Rose Pugliese were not involved in making the decision to terminate Ms. Bouricius's employment.

**INTERROGATORY NO. 12: Matter 21.** The factual basis for the following defense asserted in Defendant's Answer: "The claims set forth in the Complaint are frivolous, vexatious, and without substantial justification."

**Response to Interrogatory No. 12.**    Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.    Notwithstanding this objection, Mesa County states as follows.

**EXHIBIT 2**

Ms. Bouricius has failed to make any allegation that but for her age, her employment would not have been terminated. Indeed, Ms. Bouricius acknowledges that Mesa County had to implement layoffs due to a budget deficit. See Complaint, ¶ 26. Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." See DEF 36.

**INTERROGATORY NO. 13: Matter 22.** The factual basis for the following defense asserted in Defendant's Answer: "The Complaint and the claims set forth therein are barred because of the intentional acts of Ms. Bouricius and by the doctrines of wavier [sic] estoppel, and unclean hands."

**Response to Interrogatory No. 13.**   Mesa County objects to this Interrogatory No. 13 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Initially, Mesa County intends to address this defense as part of its deposition of Ms. Bouricius.

Further, Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." *See* DEF 36. Ms. Bouricius acknowledged that Mesa County implemented layoffs due to budget limitations. See Complaint, ¶ 26.

In addition, Ms. Bouricius is estopped from making any claim that her receipt of one month of pay was not the equivalent of 30 days' notice and with respect to ¶ 39 of the Complaint based on an email to Rick and Janine in which Bouricius says, "Janine had said something about the 1

**EXHIBIT 2**

month pay = 30 notice but I couldn't remember what it was. Something Chris Kadel had pointed out. Do you remember?" Bouricius 000418.

**INTERROGATORY NO. 14: Matter 23.** The factual basis for the following defense asserted in Defendant's Answer: "The claims for damages asserted in the Complaint are barred, in whole or in part, by Ms. Bouricius's failure to mitigate her damages."

**Response to Interrogatory No. 14.**   Mesa County objects to this Interrogatory No. 14 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Mesa County understands that Ms. Bouricius intends to identify an expert witness in economics for the purpose of establishing, perhaps among other things, a difference in the cost of living between Mesa County and Boulder County, Colorado. The issue of whether Ms. Bouricius mitigated her damages is anticipated as arising in this context as well. Mesa County has not received any expert witness disclosure as of the date of this response.

**INTERROGATORY NO. 15: Matter 26.** The factual basis for the following defense asserted in Defendant's Answer: "Any damages are barred or reduced by the actions of Ms. Bouricius" and what, if any, after-acquired evidence is in the possess *[sic]* of the Defendants that could limit Plaintiff's claims or damages.

**Response to Interrogatory 15.**   Mesa County objects to this Interrogatory No. 15 to the extent it requires the identification of information that is considered attorney work-product

**EXHIBIT 2**

information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Ms. Bouricius was not as knowledgeable in all areas needed in the IT Department as other employees.

**INTERROGATORY NO. 16: Matter 30.** The factual basis for the asserted in *[sic]* Defendant's Answer that it has a defense under the "business judgment rule. *[sic]*

**<u>Response to Interrogatory No. 16.</u>**   Mesa County objects to this Interrogatory No. 16 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mr. Whidden acted in a nondiscriminatory manner honestly and in good faith when he decided to layoff Ms. Bouricius.

**EXHIBIT 2**

Respectfully submitted this 1st day of February, 2019.

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_____
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## <u>VERIFICATION</u>

STATE OF COLORADO )
                       ) ss:
COUNTY OF MESA )

       I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's responses to Interrogatories 8 through 16, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

       Signed this ___1st___ day of ___February___, 2019.

                                        Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this 1st day of February, 2019 by Andrea Nina Atencio.

                                        Notary Public

**SHERYL JACK**
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924000920
My Commission Expires February 22, 2020

10

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30** pleading and documents were served this 1st day of February 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

   Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

   Defendant.

**DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following Responses to Plaintiff's 30(b)(6) Deposition Topics 7, 12-14, 21-23, 26, and 30 ("Discovery Requests").

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law.

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal

**EXHIBIT 2**

issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 8: Matter 7.** A complete and detailed description of all anti-discrimination trainings provided to Defendant's managers, supervisors, administrators, and/or commissioners between August 2011 and October 2016, including for each such training the date of the training, the content included and the person{s] *[sic]* providing the training, the person who attended the training, and the materials or documents provided at the training.

**EXHIBIT 2**

**Response to Interrogatory No. 8.** Initially, Mesa County objects to this Interrogatory No. 8 with respect to providing any training information or materials that are protected pursuant to the attorney-client privilege and/or the attorney work product doctrine. Without waiving these objections, Mesa County provides the following information.

Mesa County conducted anti-discrimination/retaliation trainings on the following dates:

1.      January 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5433. Mesa County does not have a record of which employees attended this training.

2.      February 2010. Michael Santo gave the training. Associated materials are produced at DEF 5318-5488. Mesa County does not have a record of which employees attended this training.

3.      October 2010. Michael Santo gave the training. Associated materials are produced at DEF 5489-5525. Mesa County does not have a record of which employees attended this training.

4.      May 2012. Michael Santo gave the training. Associated materials are produced at DEF 5526-5589. Mesa County does not have a record of which employees attended this training.

5.      December 2013. Michael Santo gave the training. Associated materials are produced at DEF 5590-5692. Mesa County does not have a record of which employees attended this training.

**INTERROGATORY NO. 9: Matter 12.** The factual basis for the following assertion in Defendant's Answer: "In response to paragraph 11 of the Complaint, Mesa County admits that Ms. Bouricius dual-filed a Charge of Discrimination against Mesa County, in which Ms. Bouricius alleged age discrimination, with the CCRD and EEOC. Mesa County denies all other allegations set forth within paragraph 11 of the Complaint."

**EXHIBIT 2**

**Response to Interrogatory No. 9.**   Mesa County objects to this Interrogatory No. 9 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 10: Matter 13.** The factual basis for Defendant's denial of any allegation set forth in Paragraph 13 of the Complaint." *[sic]*

**Response to Interrogatory No. 10.**   Mesa County objects to this Interrogatory No. 10 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

In paragraph 25 of the Complaint, Ms. Bouricius alleges that she "did not receive a performance evaluation for 2016 because Mesa County terminated her employment before the performance evaluation process began." This allegation is not part of Ms. Bouricius's Charge of

**EXHIBIT 2**

Discrimination. See DEF 22. Further, there is no mention of the Mesa County Board of County Commissioner's involvement in Ms. Bouricius's separation from employment in her Charge of Discrimination. See id. and Complaint, ¶ 29. Ms. Bouricius's Charge of Discrimination was never amended at any time for purposes of reference Mr. or Ms. Corsi or any finding made by the CCRD or any settlement made with Mr. or Ms. Corsi. See DEF 22 and Complaint, ¶¶ 33-34.

**INTERROGATORY NO. 11: Matter 14.** The factual basis for the following assertion Defendant's Answer: "Mesa County denies the allegations set forth in paragraph 18 of the Complaint."

**Response to Interrogatory No. 11.**   Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Mesa County Commissioners John Justman, Scott McInnis, and Rose Pugliese were not involved in making the decision to terminate Ms. Bouricius's employment.

**INTERROGATORY NO. 12: Matter 21.** The factual basis for the following defense asserted in Defendant's Answer: "The claims set forth in the Complaint are frivolous, vexatious, and without substantial justification."

**Response to Interrogatory No. 12.**   Mesa County objects to this Interrogatory No. 11 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

**EXHIBIT 2**

Ms. Bouricius has failed to make any allegation that but for her age, her employment would not have been terminated. Indeed, Ms. Bouricius acknowledges that Mesa County had to implement layoffs due to a budget deficit. See Complaint, ¶ 26. Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." See DEF 36.

**INTERROGATORY NO. 13: Matter 22.** The factual basis for the following defense asserted in Defendant's Answer: "The Complaint and the claims set forth therein are barred because of the intentional acts of Ms. Bouricius and by the doctrines of wavier [sic], estoppel, and unclean hands."

**Response to Interrogatory No. 13.**   Mesa County objects to this Interrogatory No. 13 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Initially, Mesa County intends to address this defense as part of its deposition of Ms. Bouricius.

Further, Ms. Bouricius acknowledges that she was told she was fired because "her 'skills were not as strong' as other employees." *See* DEF 36. Ms. Bouricius acknowledged that Mesa County implemented layoffs due to budget limitations. See Complaint, ¶ 26.

In addition, Ms. Bouricius is estopped from making any claim that her receipt of one month of pay was not the equivalent of 30 days' notice and with respect to ¶ 39 of the Complaint based on an email to Rick and Janine in which Bouricius says, "Janine had said something about the 1

**EXHIBIT 2**

month pay = 30 notice but I couldn't remember what it was. Something Chris Kadel had pointed out. Do you remember?" Bouricius 000418.

**INTERROGATORY NO. 14: Matter 23.** The factual basis for the following defense asserted in Defendant's Answer: "The claims for damages asserted in the Complaint are barred, in whole or in part, by Ms. Bouricius's failure to mitigate her damages."

**Response to Interrogatory No. 14.**   Mesa County objects to this Interrogatory No. 14 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege.   Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Mesa County understands that Ms. Bouricius intends to identify an expert witness in economics for the purpose of establishing, perhaps among other things, a difference in the cost of living between Mesa County and Boulder County, Colorado. The issue of whether Ms. Bouricius mitigated her damages is anticipated as arising in this context as well. Mesa County has not received any expert witness disclosure as of the date of this response.

**INTERROGATORY NO. 15: Matter 26.** The factual basis for the following defense asserted in Defendant's Answer: "Any damages are barred or reduced by the actions of Ms. Bouricius" and what, if any, after-acquired evidence is in the possess *[sic]* of the Defendants that could limit Plaintiff's claims or damages.

**Response to Interrogatory 15.**   Mesa County objects to this Interrogatory No. 15 to the extent it requires the identification of information that is considered attorney work-product

**EXHIBIT 2**

information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mesa County intends to address this defense as part of its deposition of Ms. Bouricius. Further, Ms. Bouricius was not as knowledgeable in all areas needed in the IT Department as other employees.

**INTERROGATORY NO. 16: Matter 30.** The factual basis for the asserted in *[sic]* Defendant's Answer that it has a defense under the "business judgment rule. *[sic]*

**<u>Response to Interrogatory No. 16.</u>** Mesa County objects to this Interrogatory No. 16 to the extent it requires the identification of information that is considered attorney work-product information or information covered by the attorney-client privilege. Notwithstanding this objection, Mesa County states as follows.

Mr. Whidden acted in a nondiscriminatory manner honestly and in good faith when he decided to layoff Ms. Bouricius.

**EXHIBIT 2**

Respectfully submitted this 1st day of February, 2019.

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_
     Alicia W. Severn, #42432
     Michael C. Santo, #24083
     205 N. 4th Street, Suite 300
     Grand Junction, Colorado 81501
     Telephone: (970) 683-5888
     Facsimile: (970) 683-5887
     Attorneys for Defendant

**EXHIBIT 2**

## **VERIFICATION**

STATE OF COLORADO )
                    ) ss:
COUNTY OF MESA     )

I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's responses to Interrogatories 8 through 16, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

Signed this _____1st_____ day of _____February_____, 2019.

_____
Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this _1st_ day of _February_, 2019 by Andrea Nina Atencio.

_____
Notary Public

> **SHERYL JACK**
> **NOTARY PUBLIC**
> **STATE OF COLORADO**
> **NOTARY ID #19924000920**
> **My Commission Expires February 22, 2020**

10

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30** pleading was served this 4th day of February 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
swain@kinggreisen.com
greisen@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the documents associated with **DEFENDANT'S RESPONSES TO PLAINTIFF'S 30(b)(6) DEPOSITION TOPICS 7, 12-14, 21-23, 26, 30** was served this 4th day of February 2019, via U.S. Mail, postage prepaid, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

     Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

     Defendant.

---

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST
### FOR THE PRODUCTION OF DOCUMENTS

---

     Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's Second Request for the Production of Documents ("Discovery Requests").

### General Objections

     Mesa County objects to Plaintiff's Discovery Requests to the extent that she asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 1-5 of Plaintiff's Discovery Requests.

     Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 4, numbered paragraph 8, Plaintiff explains that Mesa

**EXHIBIT 2**

County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis *[sic]* for the privilege invoked" if "any evidentiary privilege is asserted." However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent she seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent she seeks such information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that she seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

8 (formerly numbered 1).[1] Any and all documents related to the 2015 wage study commissioned by Mesa County including, but not limited to: the 2015 wage study and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including documents related to County Board meetings and executive sessions, County Commissioner correspondence, notes, calendar entries, and any and all presentation materials, source materials and/or contracts related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 8:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 8 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, the amount of employees' wages, other than Ms. Bouricius's own wages, and the way in which Mesa County decided on amounts of pay are not at issue and are irrelevant. Consequently, this Request for Production 8 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 8 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 8 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to

---

[1] Mesa County renumbered the Plaintiff's Requests for the Production of Documents based on the seven (7) Requests for Production previously submitted by the Plaintiff to Mesa County on July 16, 2018.

**EXHIBIT 2**

paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10.  As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 8 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 8 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "wage

**EXHIBIT 2**

study." That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

9 (formerly numbered 2). Any and all documents related to Mesa County Clerk and Recorder Sheila Reiner's panel formed to compare county wages to other county governments including, but not limited to any and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including County Board meetings and executive sessions, notes, calendar entries, presentation materials, source materials and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION 9:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 9 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, any comparison of wages that Mesa County may or may not have undertaken with respect to other governmental entities is irrelevant. Consequently, this Request for Production 9 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 9 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 9 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told

**EXHIBIT 2**

the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination, nor any wage-related comparison that Mesa County may or may not have taken with respect to other government entities. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 9 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 9 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "comparison" of county wages. That said, and without waiving these objections, Mesa County identifies and

**EXHIBIT 2**

produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

10 (formerly numbered 3). Any and all documents related to 2018 wages increases for County Administrator Frank Whidden, Patrick Coleman and Pete Baier, including, but not limited to: County Board meeting minutes, agendas, transcripts of hearings, public comment, budget materials and analysis; any and all correspondence, including emails and text messages; any and all personnel records, reviews and/or performance evaluations related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 10:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 10 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, wage increases that occurred in 2018, which occurred after an election in 2017 in which the local sales tax was raised, are not at issue and have no bearing on Ms. Bouricius's sole claim related to her separation from employment in 2016. Consequently, this Request for Production 10 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 10 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 10 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told

**EXHIBIT 2**

the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 10 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5695-5699.

11 (formerly numbered 4). Any and all documents related to County Administrator Frank Whidden's submissions for reimbursement from Mesa County, or any other expenditures or leave requests approved for or signed by Frank Whidden for his personal benefit or his County-related expenses since January 1, 2016.

**EXHIBIT 2**

**RESPONSE TO REQUEST FOR PRODUCTION 11:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 11 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Any reimbursement that Mesa County made to Mr. Whidden since January 1, 2016, is unrelated to Ms. Bouricius's separation from employment. Thus, Mr. Whidden's reimbursements from Mesa County are not at issue and are irrelevant. Consequently, this Request for Production 11 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 11 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 11 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms.

**EXHIBIT 2**

Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 11 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with respect to the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5700-5732.

Respectfully submitted this 12th day of March 2019.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served this 12th day of March 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

              Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

              Defendant.


**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST
FOR THE PRODUCTION OF DOCUMENTS PRIVILEGE LOG**


Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its Responses to Plaintiff's Second Request for the Production of Documents.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| Spreadsheets related to unfinished wage study. | DEF 5733-5879 | Irrelevant, overbroad, and not proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This issue has been waived and the Plaintiff is estopped from raising it. Governmental/deliberative process privilege. C.R.S. § 24-72-204(3)(a)(XIII). |
| Emails related to unfinished wage study. | DEF 5880-5968 | Irrelevant, overbroad, and not proportional to the needs of the case pursuant to F.R.C.P. 26(b)(1). This issue has been waived and the Plaintiff is estopped from raising it. |

**EXHIBIT 2**

| | | Governmental/deliberative process privilege. C.R.S. § 24-72-204(3)(a)(XIII). |
|---|---|---|
| Communications involving and related to advice from an accountant. | DEF 5969-5972 | Accountant-client privilege. |

Respectfully submitted this 12th day of March 2019.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendants

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS PRIVILEGE LOG** was served this 12th day of March 2019, via email to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

      Plaintiff,

v.

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

      Defendant.

**DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following Third Supplemental responses to Plaintiff Debra Bouricius's First Set of Interrogatories, Requests for Production of Documents 1-2, 4-7, and Requests for Admission ("Discovery Requests"). Supplemental information in Request for Production 4 is identified in italic and bold text.

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized

**EXHIBIT 2**

privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests.

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the

**EXHIBIT 2**

case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 1: Identify each person who prepared or assisted with the preparation of Defendant's responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission, including for each such person identified: that person's name and contact information; the nature of that person's association with Mesa County (*e.g.*, job title at Mesa County or other relationship to the Defendant); identification of the specific response(s) that person prepared or assisted with; and for each person, the nature of that person's assistance in preparing the response(s).**

**Response to Interrogatory 1:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 1 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks

**EXHIBIT 2**

information related to conversations Mesa County representatives had with counsel regarding discovery requests propounded by the Plaintiff upon Mesa County.

Cori Armstrong, Administrative Assistant. cori.armstrong@mesacounty.us. Ms. Armstrong assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Armstrong worked on Request for Production 5.

Jean Boothe, Risk Administrator. jean.boothe@mesacounty.us. Ms. Boothe assisted with searching for and collecting information from personnel files saved in the SIRE system. Ms. Boothe worked on Request for Production 5.

Deanna Gohn, Managing Paralegal. deanna.gohn@mesacounty.us. Ms. Gohn assisted with searching for and collecting documents, minutes, and emails; and preparing tables. Ms. Gohn worked on Interrogatories 1, 4, 7; and Requests for the Production of Documents 3, 4, and 6.

Troy Flick, IT Manager. troy.flick@mesacounty.us. Mr. Flick assisted with searching for collecting documents/information from Mesa County's drives and emails. Mr. Flick worked in Request for Production 3.

Lhana Jordan, Customer Service Manager. lhana.jordan@mesacounty.us. Ms. Jordan assisted with searching for and collecting financial documents/information for the IT department; and with searching for and collecting documents/information from hard drives. Ms. Jordan also searched hard drives. Ms. Jordan worked on Interrogatory 3 and Request for Production 3.

Brenda McKay, Human Resource Manager. brenda.mckay@mesacounty.us. Ms. McKay assisted with searching for and collecting documents/information from Mesa County's Human Resources Information System and from personnel files; and with searching for and collecting

**EXHIBIT 2**

documents/information for persons/entities who provided services to the IT department. Ms. McKay worked on Interrogatories 2 and 3.

Pam Noonan, Finance Director. pam.noonan@mesacounty.us. Ms. Noonan assisted with searching for and collecting documents/information regarding payroll files stored in the financial system, EDEN. Ms. Noonan worked on Interrogatory 7 and Request for the Production of Documents 6.

Without revealing any attorney-client privileged information or any information that could be considered attorney work product, Mesa County states that Nina Atencio, Chief Deputy County Attorney in the Mesa County Attorney's Office, assisted with providing responses to all discovery requests. Further, without revealing any attorney-client privileged information or any information that could be considered attorney work product, counsel for Mesa County, Alicia Severn and Michael Santo, assisted in preparing responses to all discovery requests.

**INTERROGATORY NO. 2: Identify all Mesa County employees whose employment ended between January 1, 2016, and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; whether such person was laid off or otherwise terminated; and the reason(s) why such person was terminated or selected for layoff.**

**Response to Interrogatory 2:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County objects to this Interrogatory 2 because it is vague and ambiguous. That is, this Interrogatory 2 is unclear with respect to whether it requests that Mesa County identify only those employees who were laid off, similar to the Plaintiff, or whether this Interrogatory requests information regarding employees who resigned or were otherwise terminated, regardless whether the reason for separation related to a lay off.

If Interrogatory 2 is interpreted as seeking information about all employees whose employment with Mesa County ended for any reason, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 2 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she resigned. Rather, the Plaintiff's allegations indicate that she was "fired" due to a "layoff." *See*, *e.g.*, ¶¶ 3-6, 15, 20-21, 26-27, 29-30, 35-39, 42, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into employees who were not "fired" or "laid off" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 2 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, Mesa County provides documents DEF 2138-2143, pursuant to the protective order entered in this case.

**EXHIBIT 2**

**INTERROGATORY NO. 3: Identify each person who has worked in, provided services for, or been employed by Mesa County's Information Technology ("IT") Department between January 1, 2016 and the present, including each such person's name and contact information; date of birth; supervisor(s) during such person's employment at Mesa County; all job title(s) held by each such person throughout his or her employment; the dates of each such person's employment for Mesa County; and, if applicable, the reason(s) for his or her separation from employment.**

**Response to Interrogatory 3:** *See* Mesa County's General Objections, set forth above.

Initially, Mesa County objects to this Interrogatory 3 because it is vague and ambiguous. That is, this Interrogatory 3 is unclear with respect to whether it requests that Mesa County identify only employees or whether this Interrogatory 3 is intended to identify vendors, customers, and/or independent contractors who may have provided some type of "service" for Mesa County's Information Technology Department.

If Interrogatory 3 is interpreted as seeking information about vendors, customers, and/or independent contractors, in addition to employees, such a request exceeds the bounds of permissible discovery and, thus, this Interrogatory 3 is overbroad, seeks information that is irrelevant to this litigation, and seeks information that is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) Nowhere in the pleadings does the Plaintiff identify or assert that she performed work as an independent contractor, vendor, or customer of the Mesa County Information Technology

**EXHIBIT 2**

Department. Rather, the Plaintiff's allegations indicate that she was an "employee" of Mesa County and that her allegations relate to "employees." *See*, *e.g.*, ¶¶ 2-6, 15, 22, 26-27, 29-30, 36-38, 44 of the Plaintiff's Complaint and Jury Demand. Consequently, any inquiry into individuals or entities who are/were not "employees" is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this Interrogatory 3 is irrelevant, vague and ambiguous, overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Without waiving these objections, Mesa County provides documents DEF 2144-2153, pursuant to the protective order entered in this case.

**INTERROGATORY NO. 4: Identify all charges of age discrimination filed by current or former employees of Mesa County against Mesa County with the Colorado Civil Rights Division ("CCRD") or Equal Employment Opportunity Commission ("EEOC") between January 1, 2013 and the present, including for each charge of discrimination: the name of the current or former employee who filed such charge of discrimination, the identification number of the action (*e.g.*, the administrative charge number); the governmental agency where the charge was filed; the name, contact information, and date of birth of person who filed the charge; the current status of the charge (*e.g.* whether the charge remains under investigation, resulted in a determination of probable cause or no probable cause, or was closed by request of the charging party without issuance of a**

EXHIBIT 2

determination); and whether Mesa County entered into a settlement with the current or former employee.

**Response to Interrogatory 4:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this this Interrogatory on the bases that it requests irrelevant, confidential, and private information regarding individuals who are not a party to this lawsuit, and this Interrogatory 4 is not proportional to the needs of this case.

Notwithstanding these objections, Mesa County provides the following information:

1. Cindy Alternbern, 2997 Rood Avenue, Grand Junction, CO 81504.

DOB: See confidential document DEF 2169

Charge number: See confidential document DEF 2168

Status of claim: See confidential document DEF 3132

Determination: See confidential documents DEF 3120-3126

Settlement: See confidential documents DEF 5258-5262

2. Janine Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 2/15/1957

Charge numbers: 32A-2017-00166/FE2017171785

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

3. Rick Corsi, 2131 Lawrence Street, #627, Denver, CO 80205

DOB: 10/5/1957

**EXHIBIT 2**

Charge numbers: 32A-2017-0124/FE2017188101

Status of claim: dismissed

Determination: conciliation by the parties

Settlement: yes

4. Debra Bouricius, c/o Hunter Swain and Paula Greisen, King & Greisen, LLP, 1670 York Street,
Denver, CO 80206.

DOB: 4/22/1959

Charge numbers: 32A-2017-00175C/FE2017481263

Status of claim: dismissed

Determination: unsuccessful conciliation by the parties

Settlement: no

**INTERROGATORY NO. 5: Describe all the steps which Defendant took to preserve
relevant documents in anticipation of and during this litigation, including the date that the
Defendant first anticipated litigation; whether Defendant has issued one or more litigation
hold notices; the dates any such litigation hold notices were issued; the recipients of any such
litigation hold notices; and the steps the Defendant took to implement any such litigation
hold notices.**

**Response to Interrogatory 5:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 5 to the extent it seeks information protected by
the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks

**EXHIBIT 2**

information related to conversations Mesa County representatives had with their counsel regarding the preservation of relevant documents.

Without waiving these objections, Mesa County states that it verbally advised employees to retain documents after it received notice from the CCRD that a charge of discrimination had been filed by the Plaintiff. Mesa County implemented a litigation hold in January 2018 with respect to the Plaintiff's charge filed with the CCRD.

**INTERROGATORY NO. 6: Identify any documents, data, or other information which relate to or reference the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention policy or otherwise.**

**Response to Interrogatory 6:** *See* Mesa County's General Objections, set forth above.

In response to this Interrogatory 6, Mesa County states that there are no known documents, data, or other information related to or referencing the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged, or overwritten.

**INTERROGATORY NO. 7: Describe the steps which Defendant took to locate information and documents in responding to Plaintiff's Interrogatories, Requests for Production, Requests for Admission, and formal and informal requests for information and documents from the Colorado Civil Rights Division, including a description of each source of information searched (*e.g.*, which email accounts, computer hard drives, mobile devices, file cabinets, and other storage media were searched); the specific methods used to search (*e.g.*, which search terms or filters were applied to the data set and what instructions were**

**EXHIBIT 2**

**provided to the individuals searching paper files); the identity of the persons involved in conducting the searches; the dates searches were performed; the types of files that were searched; and the steps Defendant took to gather and assemble responsive data for production.**

**Response to Interrogatory 7:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Interrogatory 7 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding information and/or documents.

Without waiving these objections, Mesa County states as follows:

Interrogatory 1: No location of information or documents was required to respond to Interrogatory 1. Deanna Gohn assisted with compiling information for the response provided in Interrogatory 1.

Interrogatory 2: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files.

Interrogatory 3: Brenda McKay compiled information from Mesa County's HRIS system. This search started on July 25, 2018. Information that was not available in the HRIS system was found in employees' personnel files. Lhana Jordan also searched in Mesa County's financial system, called EDEN, for all person(s)/entities that provided work for Mesa County Information

**EXHIBIT 2**

==Technology from January 1, 2016 through July 31, 2018. Ms. Jordan also searched for financial transactions, including credit card transactions.==

Interrogatory 4: Deanna Gohn searched the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1, 2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Interrogatory 5: No location of information or documents was required to respond to Interrogatory 5.

Interrogatory 6: No location of information or documents was required to respond to Interrogatory 6.

Interrogatory 7: Individuals who conducted document and/or information searches provided information in response to this Interrogatory 7 as stated herein. Deanna Gohn compiled this information.

Request for Production 1: *See* Mesa County's responses regarding Interrogatories 1 through 7 above.

**EXHIBIT 2**

Request for Production 2: Documents produced in this Request for Production 2 are those that were provided to the CCRD.

Request for Production 3: <mark>Troy Flick, Lhana Jordan, and Deanna Gohn conducted searches with respect to this Request.</mark> Searches were run continuously from August 2 or 3 through approximately August 9. Searches were done without time limits with respect to the phrases "2016 layoff" and "2017 budget deficit." Searches were done regarding the "p," "s," and "x" drives. Searches were also done without time limits with respect to the phrases "2016 layoffs" and "2017 budget deficit" on Debra Bouricius's, Janine Corsi's, Rick Corsi's, and David Barnett's hard drives. These searches were done on August 15-16.

Searches were also done between the dates of January 1, 2015 and December 31, 2016 on the "p," "s," and "x" drives for the IT, Human Resources, Finance, and Administration departments. In this search, the "p" drive search was limited to all employees in the IT Department, Frank Whidden, Gina Davis, and Mesa County's Board of County Commissioners. The searches were performed using the phrases "2016 layoff" and "2017 budget deficit."

The County Attorney's Office also asked Frank Whidden and the Board of County Commissioners for all text messages relating to the phrases "2016 layoff" and "2017 budget deficit."

Deanna Gohn conducted a search on August 15, 2018, between April 1, 2016 and June 30, 2017, using the words "budget," "budget deficit," "deficit," and "layoff."

Request for Production 4: Deanna Gohn did a search on the Mesa County Attorney's "s" drive on July 25, 2018. This search was for any EEOC or CCRD claims filed between January 1,

**EXHIBIT 2**

2013 and July 25, 2018 that involved allegations of age discrimination made by present and past employees of Mesa County. Ms. Gohn used the search terms of "EEOC"; "CCRD"; "civil rights"; "equal employment"; "age discrimination"; and "discrimination."

Once Ms. Gohn determined that there were such claims that had been filed, she searched through the documents on the County Attorney's "s" drive and pulled the documents created by, sent by, or received by Mesa County in connection with investigations by the CCRD or EEOC and saved them into a folder on the County Attorney's "s" drive.

Request for Production 5: Cori Anderson and Jean Boothe searched through and pulled information from employees' personnel files saved on Mesa County's SIRE system.

Request for Production 6 (payroll records): Pam Noonan, Mesa County's Finance Director, searched its Employee Earnings Register for payroll data related to the Plaintiff from January 1, 2000 through December 31, 2016. The Plaintiff's personnel file and benefits information had been collected for Mesa County's response to the CCRD.

Request for Production 7: No location of information or documents was required to respond to Request for Production 7.

Request for Admission 1: No location of information or documents was required to respond to Request for Admission 1.

Request for Admission 2: No location of information or documents was required to respond to Request for Admission 2.

Request for Admission 3: No location of information or documents was required to respond to Request for Admission 3.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All Documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories.**

**Response to Request for Production 1:** *See* Mesa County's General Objections, set forth above.

All objections set forth in each Interrogatory above are incorporated herein.

Without waiving these objections, documents identified, referred to, referenced, or used by Mesa County in formulating its responses to the above Interrogatories are identified in each particular Interrogatory or are produced herewith.

**REQUEST FOR PRODUCTION NO. 2: All documents and communications which support the statements made by Mesa County in March 29, 2017 written Position Statement to the Colorado Civil Rights Division.**

**Response to Request for Production 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 2 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County provided to the Colorado Civil Rights Division.

**EXHIBIT 2**

Mesa County also objects to this Request for Production 2 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad). Mesa County further objects to this Request for Production 2 to the extent it requests information that is not relevant to this litigation and/or is protected by privilege.

Without waiving these objections, Mesa County identifies its position statement and the attachments it provided to the Colorado Civil Rights Division with its position statement, identified here as DEF 60-83, 85-461, 570-927, 943-1190, 1212-1214, 1284-1641.

**REQUEST FOR PRODUCTION NO. 4: All documents created by, sent by, or received by Mesa County in connection with investigations by the Colorado Civil Rights Division or Equal Employment Opportunity Commission into the charges of discrimination identified in response to Interrogatory No. 4.**

**Response to Request for Production 4:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Initially, Mesa County incorporates herein all objections made with respect to Interrogatory 4.

Further, Mesa County objections to this Request for Production 4 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand. Moreover, it is unknown what limitation the Plaintiff seeks to place on this Request for Production No. 4 by using the phrase, "in connection with investigations." For example, it is unclear if the Plaintiff intends to limit this Request for Production 4 to events up to the occurrence of a settlement or determination decision but not thereafter.

Despite the limitations in the Plaintiff's Complaint, Request for Production 4 seeks documents and communications related to other employees. As a result, this request is irrelevant,

**EXHIBIT 2**

overbroad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 4 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Finally, Mesa County objects to this Request for Production 4 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks information related to conversations Mesa County representatives had with their counsel regarding any document or communication that Mesa County had regarding any document, information, or otherwise "in connection" with anything Mesa County provided to the Colorado Civil Rights Division.

Without waiving these objections, Mesa County identifies and produces the following documents: DEF 1-1214. Mesa County also identifies and produces DEF 1642-1661, which includes events occurring up until a settlement or determination was reached. Further, without waiving these objections, and limiting its response to events occurring up until a settlement or

**EXHIBIT 2**

determination was reached, Mesa County also provides documents DEF 2154-4042, 5258-5262, pursuant to the protective order entered in this case.

*Mesa County also identifies and produces DEF 5973-5974.*

**REQUEST FOR PRODUCTION NO. 5: All written job descriptions, performance evaluations, and disciplinary records for each individual identified by Defendant in response to Plaintiff's Interrogatories No. 2 & 3.**

**Response to Request for Production 5:** *See* Mesa County's General Objections, set forth above.

Mesa County incorporates herein its objections to Interrogatory 2, as set forth above, and its objections to Interrogatory 3, as set forth above.

Further, Mesa County objects to this Request for Production 5 because it is overbroad and is not proportional to the needs of this case. That is, F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See, e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See, e.g.*, ¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that

**EXHIBIT 2**

exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 5 seeks certain documents and communications purportedly regarding any employee whose employment ended for any reason. *See* Interrogatory 2 and Mesa County's objections thereto, which are incorporated herein. Documentation regarding employees other than the Plaintiff is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees who did not work in the IT Department and who were not laid off is irrelevant to the Plaintiff's claims and, therefore, is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Further, Mesa County objects to this Request for Production 5 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) written job descriptions; (2) performance evaluations; and (3) disciplinary records. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 5, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies DEF 70-83, 90-104, 119-121, 230-232, 248, 250-258, 263-267, 269-277, 279-283, 286-292, 295-298, 300-302, 305-307, 311-313, 316-317, 319, 323-326. 328-333, 338-340, 343-345, 349-351, 353-356, 359-361, 363-387, 395-409, 411-414, 417-419, 421-431, 437-439, 584-586, 675-677, 714, 716-724, 729-733, 735-743, 745-749, 752-758, 761-764, 766-768, 771-773, 777-779, 782-785, 789-791, 794-799, 804-806, 809-811, 815-817, 819-822, 825-827, 829-855, 857-866, 871-875, 877-886, 888-892, 894-899, 979, 981-989, 994-998, 1000-1008, 1010-1014, 1017-1023, 1026-1029, 1031-1033, 1036-1038, 1042-1044, 1047-1048, 1050, 1054-1056, 1059-1064, 1069-1071, 1074-1076, 1080-1082, 1084-1087, 1090-1092, 1094-1120, 1122-1131, 1138-1140, 1142-1151, 1153-1156, 1159-1164, 1212-1214. In addition, without waiving these objections, Mesa County produces here job descriptions for employees in the IT Department: DEF 1661-1696.

Further, without waiving these objections, Mesa County provides documents DEF 4043-5086, pursuant to the protective order entered in this case, which includes employee evaluation forms and disciplinary records for individuals other than the Plaintiff.

**REQUEST FOR PRODUCTION NO. 6: All documents maintained by Mesa County with respect to Plaintiff's employment at Mesa County, including Plaintiff's complete personnel file, Plaintiff's complete payroll records, and documents reflecting Plaintiff's benefits.**

**Response to Request for Production 6:** *See* Mesa County's General Objections, set forth above.

**EXHIBIT 2**

Mesa County objects to this Request for Production 6 because it is overbroad, unduly burdensome, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1). In particular, Mesa County retains payroll records for seven years in electronic form. Payroll records for earlier periods of time are kept in paper form, which requires having an employee search by each pay period for relevant documents. This process is unduly burdensome on Mesa County and is not proportional to the needs of this case. *See Ying-Jun Chen v. Maryland Department of Health and Mental Hygiene*, ELH-15-1796, 2017 WL 1533988, *3 (D. Md., Apr. 27, 2017).

Further, Mesa County objects to this Request for Production 6 because it is an impermissible compound Request, consisting of three separate and distinct Requests for Production, namely a request to produce: (1) Plaintiff's complete personnel file; (2) Plaintiff's complete payroll records; and (3) documents reflecting Plaintiff's benefits. Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 6, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, and including payroll documents covering the last seven years, Mesa County identifies: DEF 943-1190, 1697-2021.

**REQUEST FOR PRODUCTION NO. 7: All settlement agreements, conciliation agreements, or consent decrees which Mesa County has entered into with the Colorado Civil Rights Division, the Equal Employment Opportunity Commission, Janine Corsi, and/or Rick**

**EXHIBIT 2**

Corsi in connection with charges of discrimination filed against Mesa County by Janine
Corsi and Rick Corsi.

**Response to Request for Production 7:** *See* Mesa County's General Objections, set forth
above.

Mesa County objects to this Request for Production 7 on the basis that the Plaintiff has
already received such information pursuant to a CORA request. Those documents have not been
Bates labeled or produced by the Plaintiff in this case.

Further, Mesa County objects to this Request for Production 7 on the basis that it requests
information related to individuals who are not parties to this case and, therefore, this Request for
Production 7 is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this
case. F.R.C.P. 26(b)(1).

REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1: Admit that all of the statements in Mesa
County's March 29, 2017 written Position Statement to the Colorado Civil Rights Division
are true and accurate.**

**Response to Request for Admission 1:** *See* Mesa County's General Objections, set forth
above.

Mesa County admits that as of the date and time it filed its Position Statement with the
Colorado Civil Rights Division, the information in the Position Statement was true and accurate.
Mesa County denies all other implications contained in this Request for Admission 1.

**EXHIBIT 2**

**REQUEST FOR ADMISSION NO. 2: Admit that Mesa County intended its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be an assertion.**

**Response to Request for Admission 2:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 2 because it is vague and ambiguous. Nowhere in the Plaintiff's Discovery Requests is there a definition of "assertion." It is not clear whether the Plaintiff intends that "assertion" be interpreted by its dictionary definition or whether the Plaintiff intends that "assertion" be interpreted as it is under the Federal Rules of Evidence. *See*, *e.g.*, F.R.E. 801.

To the extent the Plaintiff intended "assertion" to mean "a positive statement or declaration, often without support or reason" (as defined by dictionary.com), Mesa County denies this Request for Admission 2.

**REQUEST FOR ADMISSION NO. 3: Admit that Mesa County believed all the claims in its March 29, 2017 written Position Statement to the Colorado Civil Rights Division to be true at the time the Position Statement was submitted to the Colorado Civil Rights Division.**

**Response to Request for Admission 3:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Admission 3 because it is vague and ambiguous. Nowhere in this Request for Admission 3 does Mesa County inquire as to the knowledge of a particular individual. It is not possible for Mesa County, a public entity, to possess cognitive

**EXHIBIT 2**

thoughts. Thus, this Request for Admission 3 is vague and ambiguous because it fails to identify who, as a representative of Mesa County, possessed certain beliefs as of the date defined in this Request for Admission 3.

Without waiving these objections, Mesa County admits that as of the date and time it filed its Position Statement with the Colorado Civil Rights Division, the information in the Position Statement was true. *See* Mesa County's response to Request for Admission 1 set forth above. Mesa County denies all other implications contained in this Request for Admission 3.

Respectfully submitted this 12th day of March, 2019.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS 1-2, 4-7, AND REQUESTS FOR ADMISSION** was served this 12th day of March 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

       Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST**
**FOR PRODUCTION OF DOCUMENTS NO. 3**

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following First Supplemental Response to Plaintiff Debra Bouricius's Request for Production of Documents No. 3. Supplemental information is provided in bold, italicized text.

**General Objections**

Mesa County incorporates by reference all General Objections set forth in its Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents 1-2, 4-7, and Requests for Admission, submitted by Mesa County to the Plaintiff on August 29, 2018.

In addition, Mesa County objects to Plaintiff's Request for Production of Documents No. 3 to the extent that it asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited

**EXHIBIT 2**

to, Plaintiff's stated "definitions" contained on pages 2-6 of Plaintiff's Discovery Requests submitted to Mesa County on July 16, 2018.

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests submitted to Mesa County on July 16, 2018, which includes Request for Production No. 3, to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 6, numbered paragraph 10, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted. However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Request for Production No. 3 to the extent it seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent it seeks information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C.

**EXHIBIT 2**

1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Request for Production No. 3 to the extent that it seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to this Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 3: All documents and communications created by, sent by, or received by Mesa County employees, commissioners, and/or elected officials related to Defendant's 2017 budget deficit and 2016 layoffs, including financial analyses, minutes of Board of County Commissioners meetings, emails, and text messages.**

**Response to Request for Production 3:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 3 because it is overbroad and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Emphasis added.) The Plaintiff's allegations refer only to the following individuals, other than herself: John Justman, Scott McInnis, Rose Pugliese, Frank Whidden, Janine Corsi, Rick Corsi, David Barnett, Carey Stieb, Crislynn Howerton, *See*, *e.g.*, ¶¶ 18, 27-34, 36-37 of the Plaintiff's Complaint and Jury Demand. Further, the Plaintiff identifies in her complaint that her separation from employment occurred due to a layoff specifically in the IT Department. *See*, *e.g.*,

**EXHIBIT 2**

¶¶ 1-5, 20, 27-30, 35, 37-38, 44 of the Plaintiff's Jury Demand. In fact, in her "First Claim for Relief," the Plaintiff alleges, "Despite her qualifications, Plaintiff was terminated from her employment with Defendant because of her age as part of a layoff that exclusively targeted IT Department employees over age forty." *See* ¶ 40 of the Plaintiff's Complaint and Jury Demand.

Despite these limitations, Request for Production 3 seeks documents and communications from <u>any and all</u> employees, commissioners, and elected officials, which number more than 900. Searching more than 900 individuals' documents, emails, and other communications is disproportionate to the needs of this case and is unduly burdensome. Further, Mesa County does not have access to its employees' personal telephone records, including cell phones, or text messages. Obtaining private information from individuals is unduly burdensome and disproportionate to the needs of this case. Consequently, any inquiry into employees' personal telephone or cell phone records is not proportional to the needs of this case. F.R.C.P. 26(b). As a result, this request is irrelevant, vague and ambiguous, overly broad, unduly burdensome, and is not proportional to the needs of this case. *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 1194155 (D.Colo., Apr. 30, 2009).

Furthermore, Mesa County also objects to this Request for Production 3 because it is overbroad, unduly burdensome, and not proportionate to the needs of this case in that it asks for <u>all</u> documents and communications. F.R.C.P. 26(b); *see also Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692-693 (D. Kan. 2007) (holding that document requests asking for "any and all correspondence of any kind either to or from [employee] that is in the possession of [employer]," and "any documents bearing [employee's] name that you have in your possession or control" were overly broad and unduly burdensome on their face); *The United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 415 (D. Md. 2005) (holding that a request for

**EXHIBIT 2**

production of documents asking for "all documents that relate or refer to the allegations in this case" was too broad).

Further, Mesa County objects to this Request for Production 3 because it is an impermissible compound Request, consisting of two separate and distinct Requests for Production, namely a request to produce: (1) documents related to the phrase "2017 budget deficit"; and (2) documents related to the phrase "2016 layoffs." Because the Plaintiff has not reached or exceeded the permissible number of requests for the production of documents as set forth in the parties' scheduling order, Mesa County provides a response to the multiple parts of Request for Production 3, as set forth herein and subject to all objections identified herein. *Baldwin v. U.S.*, 2012 WL 1577501 (D.Colo., May 4, 2012); *Ulibarri v. City & County of Denver*, 2008 WL 4861925 (D.Colo., Nov. 10, 2008).

Without waiving these objections, Mesa County identifies: DEF 2028-2125. Mesa County states it has no text messages that are responsive to this Request for Production 5.

*Further, on April 5, 2019, Ms. Bouricius's counsel, Ms. Bisbee, requested the production of a PowerPoint presentation referenced in DEF 2087 and 2089, purportedly relating to the Sheriff's Office's and District Attorney's budgets and "crime, the detention population and increased need for more officers and…how Mesa County compares to other jurisdictions…[as well as] the jail, the number of felony cases, public safety and staffing concerns." DEF 2087, 2089. According to Ms. Bisbee, the Plaintiff made a request for this PowerPoint presentation was made via Mesa County's Colorado Open Records Act ("CORA") process but was not resolved to the Plaintiff's satisfaction.*

*Defendant objects to the Plaintiff's request for information purportedly relating to the Sheriff's Office's and District Attorney's budgets "crime, the detention population and*

**EXHIBIT 2**

*increased need for more officers and…how Mesa County compares to other jurisdictions…[as well as] the jail, the number of felony cases, public safety and staffing concerns" because it is irrelevant to any of the Plaintiff's claims or the Defendant's defenses in this case, is overbroad, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) (allowing only "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"). At no time during the relevant period of the Plaintiff's employment was she an employee of the Mesa County Sheriff's Office or District Attorney's Office, thereby making this request irrelevant and overbroad.*

*In addition, to the extent that Ms. Bouricius's request for information about the Sheriff's Office's and District Attorney's budgets and "crime, the detention population and increased need for more officers and…how Mesa County compares to other jurisdictions…[as well as] the jail, the number of felony cases, public safety and staffing concerns" addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this request over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." See Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. See DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was*

**EXHIBIT 2**

*entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." See Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this request is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue. See also the Defendant's portion of the Joint Statement of Issues In Preparation for Discovery Hearing on April 1, 2019, at 3, which is incorporated herein; and Defendant's Memorandum In Support of Discovery Dispute (Doc 47), at 7-9, which are incorporated herein.*

*Without waiving these objections, and pursuant to the caveat that the Defendant's responses herein are not made pursuant to a CORA request, for which Mesa County has established a different process, Defendant identifies and produces DEF 5975-6000.*

Respectfully submitted this 12th day of April, 2019.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
Alicia W. Severn, #42432

**EXHIBIT 2**

Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3** pleading and identified documents were served this 12th day of April 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

                                       *s/ Alicia W. Severn*
                                       Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 18-cv-01144-WYD-STV**

DEBRA BOURICIUS,

     Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

     Defendant.

---

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

---

     Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's Second Request for the Production of Documents ("Discovery Requests"). ***Supplemental information appears in bold, italicized text.***

**General Objections**

     Mesa County objects to Plaintiff's Discovery Requests to the extent that she asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 1-5 of Plaintiff's Discovery Requests.

     Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 4, numbered paragraph 8, Plaintiff explains that Mesa

**EXHIBIT 2**

County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis *[sic]* for the privilege invoked" if "any evidentiary privilege is asserted." However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent she seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent she seeks such information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that she seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

8 (formerly numbered 1).[1] Any and all documents related to the 2015 wage study commissioned by Mesa County including, but not limited to: the 2015 wage study and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including documents related to County Board meetings and executive sessions, County Commissioner correspondence, notes, calendar entries, and any and all presentation materials, source materials and/or contracts related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 8:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 8 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, the amount of employees' wages, other than Ms. Bouricius's own wages, and the way in which Mesa County decided on amounts of pay are not at issue and are irrelevant. Consequently, this Request for Production 8 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 8 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 8 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant.  That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to

---

[1] Mesa County renumbered the Plaintiff's Requests for the Production of Documents based on the seven (7) Requests for Production previously submitted by the Plaintiff to Mesa County on July 16, 2018.

**EXHIBIT 2**

paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10.  As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 8 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 8 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "wage

**EXHIBIT 2**

study." That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

*Pursuant to Magistrate Judge Varholak's Order dated April 25, 2019 [Doc 53], and with the following conditions and understandings, Mesa County produces DEF 5733-5879, which are marked CONFIDENTIAL pursuant to the parties' Protective Order. Mesa County notes that both parties are subject to the provisions of the parties' Protective Order dated October 4, 2018 [Doc 28]. Further, Mesa County has not made public any portion of pages DEF 5733-5879. Thus, if any of these pages are made or become public, or if any of these pages are given, distributed, or shown to individual(s) other than those identified in the parties' Protective Order, Mesa County intends to take all reasonable steps possible to enforce the Protective Order and its rights thereunder.*

9 (formerly numbered 2). Any and all documents related to Mesa County Clerk and Recorder Sheila Reiner's panel formed to compare county wages to other county governments including, but not limited to any and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including County Board meetings and executive sessions, notes, calendar entries, presentation materials, source materials and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION 9:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 9 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, any comparison of wages that Mesa County may or may not have undertaken with respect to other governmental entities is irrelevant. Consequently, this Request for Production

**EXHIBIT 2**

9 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 9 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 9 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant.  That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination, nor any wage-related comparison that Mesa County may or may not have taken with respect to other government entities. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 9 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant,

**EXHIBIT 2**

has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 9 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "comparison" of county wages.  That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694.

10 (formerly numbered 3). Any and all documents related to 2018 wages increases for County Administrator Frank Whidden, Patrick Coleman and Pete Baier, including, but not limited to: County Board meeting minutes, agendas, transcripts of hearings, public comment, budget materials and analysis; any and all correspondence, including emails and text messages; any and all personnel records, reviews and/or performance evaluations related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 10:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 10 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, wage increases that occurred in 2018, which occurred after an election in 2017 in which the local sales tax was raised, are not at issue and have no bearing on Ms. Bouricius's sole claim related to her separation from employment in 2016. Consequently, this Request for

**EXHIBIT 2**

Production 10 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 10 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 10 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant.  That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 10 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same

**EXHIBIT 2**

reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5695-5699.

11 (formerly numbered 4). Any and all documents related to County Administrator Frank Whidden's submissions for reimbursement from Mesa County, or any other expenditures or leave requests approved for or signed by Frank Whidden for his personal benefit or his County-related expenses since January 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION 11:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 11 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Any reimbursement that Mesa County made to Mr. Whidden since January 1, 2016, is unrelated to Ms. Bouricius's separation from employment. Thus, Mr. Whidden's reimbursements from Mesa County are not at issue and are irrelevant. Consequently, this Request for Production 11 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 11 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 11 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost

**EXHIBIT 2**

$1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 11 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with respect to the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5700-5732.

**EXHIBIT 2**

Respectfully submitted this 30th day of April 2019.

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_
     Alicia W. Severn, #42432
     Michael C. Santo, #24083
     205 N. 4th Street, Suite 300
     Grand Junction, Colorado 81501
     Telephone: (970) 683-5888
     Facsimile: (970) 683-5887
     Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served this 30th day of April 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

         _s/ Alicia W. Severn_
         Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01144-WYD-STV

DEBRA BOURICIUS,

     Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

     Defendant.

---

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF
DOCUMENTS**

---

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following supplemental responses to Plaintiff Debra Bouricius's Second Request for the Production of Documents ("Discovery Requests"). ***Supplemental information appears in bold, italicized text.***

**General Objections**

Mesa County objects to Plaintiff's Discovery Requests to the extent that she asks for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 1-5 of Plaintiff's Discovery Requests.

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 4, numbered paragraph 8, Plaintiff explains that Mesa

**EXHIBIT 2**

County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis *[sic]* for the privilege invoked" if "any evidentiary privilege is asserted." However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent she seeks information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent she seeks such information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo., March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that she seeks information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

**EXHIBIT 2**

## REQUESTS FOR PRODUCTION

8 (formerly numbered 1).[1] Any and all documents related to the 2015 wage study commissioned by Mesa County including, but not limited to: the 2015 wage study and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including documents related to County Board meetings and executive sessions, County Commissioner correspondence, notes, calendar entries, and any and all presentation materials, source materials and/or contracts related to same.

**RESPONSE TO REQUEST FOR PRODUCTION 8:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 8 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, the amount of employees' wages, other than Ms. Bouricius's own wages, and the way in which Mesa County decided on amounts of pay are not at issue and are irrelevant. Consequently, this Request for Production 8 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 8 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 8 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant.  That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to

---

[1] Mesa County renumbered the Plaintiff's Requests for the Production of Documents based on the seven (7) Requests for Production previously submitted by the Plaintiff to Mesa County on July 16, 2018.

**EXHIBIT 2**

paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10.  As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 8 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 8 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "wage

**EXHIBIT 2**

study." That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694. ***Mesa County also identifies and produces the following documents, which are marked CONFIDENTIAL pursuant to the parties' Protective Order, DEF 5880-6080.***

Pursuant to Magistrate Judge Varholak's Order dated April 25, 2019 [Doc 53], and with the following conditions and understandings, Mesa County produces DEF 5733-5879, which are marked CONFIDENTIAL pursuant to the parties' Protective Order. Mesa County notes that both parties are subject to the provisions of the parties' Protective Order dated October 4, 2018 [Doc 28]. Further, Mesa County has not made public any portion of pages DEF 5733-5879. Thus, if any of these pages are made or become public, or if any of these pages are given, distributed, or shown to individual(s) other than those identified in the parties' Protective Order, Mesa County intends to take all reasonable steps possible to enforce the Protective Order and its rights thereunder.

9 (formerly numbered 2). Any and all documents related to Mesa County Clerk and Recorder Sheila Reiner's panel formed to compare county wages to other county governments including, but not limited to any and all related correspondence, memoranda, emails, text messages, meeting minutes and agendas, including County Board meetings and executive sessions, notes, calendar entries, presentation materials, source materials and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION 9:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 9 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Thus, any comparison of wages that Mesa County may or may not have undertaken

**EXHIBIT 2**

with respect to other governmental entities is irrelevant. Consequently, this Request for Production 9 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 9 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 9 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant.  That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination, nor any wage-related comparison that Mesa County may or may not have taken with respect to other government entities. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement a layoff, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for

**EXHIBIT 2**

Production 9 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Finally, Mesa County objects to the production of documents in response to this Request for Production 9 because it requests information "protected under the common law governmental or 'deliberative process' privilege" pursuant to C.R.S. § 24-72-204(3)(a)(XII).

Without waiving these objections, Mesa County states that it has no completed "comparison" of county wages. That said, and without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5693-5694. *Mesa County also identifies and produces the following documents, which are marked CONFIDENTIAL pursuant to the parties' Protective Order, DEF 5880-6080.*

==10 (formerly numbered 3). Any and all documents related to 2018 wages increases for County Administrator Frank Whidden, Patrick Coleman and Pete Baier, including, but not limited to: County Board meeting minutes, agendas, transcripts of hearings, public comment, budget materials and analysis; any and all correspondence, including emails and text messages; any and all personnel records, reviews and/or performance evaluations related to same.==

**RESPONSE TO REQUEST FOR PRODUCTION 10:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 10 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See*

**EXHIBIT 2**

Complaint. Thus, wage increases that occurred in 2018, which occurred after an election in 2017 in which the local sales tax was raised, are not at issue and have no bearing on Ms. Bouricius's sole claim related to her separation from employment in 2016. Consequently, this Request for Production 10 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 10 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms. Bouricius has conceded this issue, thereby making this Request for Production 10 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms.

**EXHIBIT 2**

Bouricius is estopped from making such an argument. Therefore, this Request for Production 10 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with the EEOC and/or CCRD with respect to this issue.

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5695-5699.

11 (formerly numbered 4). Any and all documents related to County Administrator Frank Whidden's submissions for reimbursement from Mesa County, or any other expenditures or leave requests approved for or signed by Frank Whidden for his personal benefit or his County-related expenses since January 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION 11:** *See* Mesa County's General Objections, set forth above.

Mesa County objects to this Request for Production 11 because it is overbroad, irrelevant, and is not proportional to the needs of this case. F.R.C.P. 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" In this case, the only cause of action asserted is an ADEA claim related to Ms. Bouricius's separation from employment with Mesa County as part of a layoff in 2016. *See* Complaint. Any reimbursement that Mesa County made to Mr. Whidden since January 1, 2016, is unrelated to Ms. Bouricius's separation from employment. Thus, Mr. Whidden's reimbursements from Mesa County are not at issue and are irrelevant. Consequently, this Request for Production 11 is overbroad, irrelevant, and not proportional to the needs of this case.

Further, to the extent that this Request for Production 11 addresses whether Mesa County's budget constraints that led to Ms. Bouricius's separation from employment were legitimate, Ms.

**EXHIBIT 2**

Bouricius has conceded this issue, thereby making this Request for Production 11 over broad, unduly burdensome, not proportional to the needs of this case, and irrelevant. That is, in paragraph 26 of her complaint, Ms. Bouricius states, "In 2016, Mesa County faced a budget deficit of almost $1.7 million for the coming year." In turn, Mesa County admitted in its Answer, "In response to paragraph 26 of the Complaint, Mesa County admits that it faced a budget deficit of approximately $1.7 million and that layoffs were implemented." *See* Answer, ¶ 26. Moreover, Ms. Bouricius told the Colorado Civil Rights Division that she did not dispute that Mesa County faced a budget deficit, and thus CCRD did not investigate any allegation related to Mesa County's budgetary concerns as part of Ms. Bouricius's Charge of Discrimination. *See* DEF 929 ("While there is no doubt that Mesa County was facing budget deficits and that it was entitled to lay off workers to free up funds, employers are never allowed to fire only older workers because of their ages."). Similarly, Ms. Bouricius reported to the Boulder County District Attorney's Office in her employment application that she was "[l]aid off [from Mesa County] due to budget shortfalls." *See* Bouricius 000451. Ms. Bouricius further admitted during her deposition that she knew about Mesa County's budgetary limitations and believed that those budget concerns were legitimate. Bouricius Dep., 214:2—215:10. As a result, since Ms. Bouricius never raised this issue before CCRD and, in fact, has repeatedly admitted the validity of Mesa County's budget deficit that caused it to implement layoffs, Ms. Bouricius has waived any argument that such budget deficit is at issue, and Ms. Bouricius is estopped from making such an argument. Therefore, this Request for Production 11 is correspondingly overbroad since it relates to a topic that is not at issue, is irrelevant, has been waived, and to which Ms. Bouricius is estopped from arguing; unduly burdensome for the same reasons; and is also not proportional to the needs of this case for the same reasons. Ms. Bouricius has also failed to exhaust any administrative procedure with respect to the EEOC and/or CCRD with respect to this issue.

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies and produces, because these records are public records pursuant to the Colorado Open Records Act, C.R.S. § 24-72-201, et seq, DEF 5700-5732.

Respectfully submitted this 4th day of June 2019.

BECHTEL SANTO & SEVERN

By: *s/Alicia W. Severn*
  Alicia W. Severn, #42432
  Michael C. Santo, #24083
  205 N. 4th Street, Suite 300
  Grand Junction, Colorado 81501
  Telephone: (970) 683-5888
  Facsimile: (970) 683-5887
  Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served this 4th day of June 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

    *s/ Alicia W. Severn*
    Alicia W. Severn, attorney

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   18-CV-01144-WYD-STV

**DEBRA BOURICIUS,**

        Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

        Defendant.

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF
DOCUMENTS PRIVILEGE LOG**

        Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its Second Supplemental Responses to Plaintiff's Second Request for the Production of Documents.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| Emails by and with counsel related to unfinished wage study. | DEF 6061, 6077, 6081-6089. | Attorney-client privilege. |

        Respectfully submitted this 4th day of June 2019.

                         BECHTEL SANTO & SEVERN

                         By: *s/Alicia W. Severn*
                           Alicia W. Severn, #42432
                           Michael C. Santo, #24083
                           205 N. 4th Street, Suite 300
                           Grand Junction, Colorado 81501
                           Telephone: (970) 683-5888
                           Facsimile: (970) 683-5887

**EXHIBIT 2**

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS PRIVILEGE LOG** was served this 4th day of June 2019, via email to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff

*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.   18-CV-01144-DDD-STV**

**DEBRA BOURICIUS,**

      Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

      Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant Mesa County, by and through the Mesa County Board of County Commissioners ("Mesa County" or "Defendant"), by and through its attorneys, submits the following responses to Plaintiff Debra Bouricius's Second Set of Interrogatories and Third Set of Requests for Production of Documents.

### General Objections

Mesa County objects to Plaintiff's Discovery Requests to the extent that they ask for information and/or documents protected by the attorney-client privilege, the work-product doctrine, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under Federal law. This objection also includes, but is not limited to, Plaintiff's stated "definitions" contained on pages 2-4 of Plaintiff's Discovery Requests.

**EXHIBIT 2**

Mesa County also objects to the instructions contained in Plaintiff's Discovery Requests to the extent that those instructions' purpose is to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure. By way of example but not limitation, in the Instructions and Definitions, page 4, numbered paragraph 8, Plaintiff explains that Mesa County must "describe the Document withheld, identify the author and the name and address of all recipients, and specify in detail the complete material factual and legal basis for the privilege invoked" if "any evidentiary privilege is asserted." However, this instruction purportedly requires Mesa County to produce a variety of information that is not required by Fed. R. Civ. P. 26(b)(5)(A), which requires Mesa County to "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Mesa County further objects to Plaintiff's Discovery Requests to the extent they seek information and/or documents concerning Mesa County's contentions or positions regarding legal issues in this action, and to the extent they seek information and/or documents protected by any constitutional, statutory, or common law privacy interest or privilege of Mesa County, or any current or former employee, representative, or agent, as applicable. *See*, *e.g.*, Advisory Committee Notes, 1970 Amendment to Fed. R. Civ. P. 33(b) ("On the other hand, under the new language interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.") (*referring to U.S. v. Maryland & Va. Milk Producers Ass'n, Inc.*, 22 F.R.D. 300 (D.D.C. 1958)). *See also Gallegos v. Safeco Ins. Co. of America*, 2015 WL 1009247, *1-*2 (D.Colo.,

**EXHIBIT 2**

March 4, 2015) (explaining the application of privilege and work-product limitations on discovery requests, citing Fed. R. Civ. P. 26).

Mesa County also objects to Plaintiff's Discovery Requests to the extent that they seek information and/or documents that Mesa County is required to disclose in the due course of litigation under the Federal Rules of Civil Procedure or any other applicable law, rule, or Court order.

Finally, Mesa County reserves the right to supplement its answers upon the discovery of additional information that would be responsive to these discovery requests.

## **INTERROGATORIES**

**INTERROGATORY NO. 8: Identify any and all meetings, phone calls, text messages or other correspondence related to Frank Whidden's appointment as an expert witness in this matter and any of the facts or data that was provided to him in his role as an expert witness. For any such meeting or correspondence identify the date and time of the meeting or correspondence, who was in attendance of any such meeting, any and all persons listed as senders or recipients of any correspondence. Additionally, produce any and all documents related to any and all meetings and correspondence identified in this interrogatory.**

**Response to Interrogatory 8:** *See* Mesa County's General Objections, set forth above and incorporated herein.

Mesa County objects to this Interrogatory 8 to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, and/or to the extent it seeks

**EXHIBIT 2**

information related to conversations Mesa County representatives had with counsel regarding discovery requests propounded by the Plaintiff upon Mesa County.

Further, Mesa County objects to this Interrogatory 8 to the extent it combined an interrogatory and a request for the production of documents into one request. This type of combined request is improper. *Kettering v. Chaves*, case no. 07-cv-015750REB-KLM, 20018 WL 2095527, *1 (D.Colo., May 12, 2008). Thus, Mesa County addresses this request in the following manner:

Interrogatory 8: Identify any and all meetings, phone calls, text messages or other correspondence related to Frank Whidden's appointment as an expert witness in this matter and any of the facts or data that was provided to him in his role as an expert witness. For any such meeting or correspondence identify the date and time of the meeting or correspondence, who was in attendance of any such meeting.

Without waiving the objections set forth above, in response to Interrogatory 8, Mesa County states that Mesa County representative Nina Atencio and counsel Michael Santo and Alicia Severn met with Mr. Whidden on or around January 3, 2019 and on March 29, 2019. Any other meeting or phone call between Mesa County representative Nina Atencio and counsel Michael Santo and Alicia Severn, outside of Mr. Whidden's presence, is protected under the attorney-client privilege and/or work product doctrines. *See*, *e.g.*, *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015) (discussing that the attorney-client privilege is waived only with respect to communications with the designated non-retained expert witness). With respect to

**EXHIBIT 2**

communications, please see Mesa County's response to Request for the Production of Documents 12, incorporated herein.

Request for Production 12: Identify any and all persons listed as senders or recipients of any correspondence. Additionally, produce any and all documents related to any and all meetings and correspondence identified in this interrogatory.

Without waiving the objections set forth above, in response to Request for Production 12, Mesa County identifies and produces DEF 6090-6109 and Mesa County's attached Privilege Log. *See*, *e.g.*, *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015) (discussing that the attorney-client privilege is waived only with respect to communications with the designated non-retained expert witness).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 13 (misnumbered as 12): Please identify and produce all communications, correspondence, and documents which relate to the compensation for Frank Whidden's expert opinion for which he has been identified.**

**Response to Request for Production 13:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the permissible scope. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015).

**EXHIBIT 2**

Without waiving these objections, Mesa County states that it has no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 14 (misnumbered as 13): Please identify and produce all communications, correspondence, and documents which identify facts or data that Mesa County's attorney provided to Frank Whidden, and/or that Frank Whidden considered in forming the opinions for which he has been identified.**

**Response to Request for Production 14:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this Request for the Production of documents because the word "assumption" is not defined. Without providing such a definition, Mesa County cannot know to what information the Plaintiff is referring. Therefore, without such a definition, this request is vague and ambiguous.

Finally, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015).

Without waiving these objections, Mesa County states that it did not provide information to Frank Whidden to consider in forming the opinions for which he has been identified and, therefore, Mesa County has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15 (misnumbered as 14): Please identify and produce all communications, correspondence, and documents which identify assumptions**

**EXHIBIT 2**

that Mesa County's attorney provided to Frank Whidden, and/or that Frank Whidden relied on in forming the expert opinions for which he has been identified.

Response to Request for Production 15: *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015).

Without waiving these objections, Mesa County states that it has no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 16 (misnumbered as 15): Please identify and produce all communications, correspondence, and documents, including any notes, and/or any and all other form(s) of communications you have had with, provided to, and/or received from Frank Whidden as it relates to Mr. Whidden's rendition of services as an expert in this litigation. Please provide a privilege log as required by the Federal Rules of Civil Procedure.**

Response to Request for Production 16: *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015).

**EXHIBIT 2**

Without waiving these objections, Mesa County identifies and produces DEF 6110-6119 and its Privilege Log attached hereto.

**REQUEST FOR PRODUCTION NO. 17 (misnumbered as 16): Please identify and produce all communications, correspondence, and documents which relate to the compensation for Steven D. Hovland's expert study or testimony.**

**Response to Request for Production 17:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018).

Without waiving these objections, Mesa County identifies Exhibit 3, attached as part of Bouricius v. Mesa County Rebuttal of Expert's Report April 3, 2019, produced on April 5, 2019. In addition, without waiving these objections, Mesa County identifies DEF 6120-6191, 6490-6568, 6572-6582, 6584-6585, and the privilege log produced herewith.

**REQUEST FOR PRODUCTION NO. 18 (misnumbered as 17): Please identify and produce all communications, correspondence, and documents which identify facts or data that Mesa County's attorney provided to Steven D. Hovland, and/or that Steven D. Hovland considered in forming the opinions to be expressed in his expert testimony.**

**EXHIBIT 2**

**Response to Request for Production 18:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018).

Without waiving these objections, Mesa County identifies Exhibit 1, attached as part of Bouricius v. Mesa County Rebuttal of Expert's Report April 3, 2019, produced on April 5, 2019. In addition, without waiving these objections, Mesa County identifies DEF 6120, 6133-6181, 6192-6330. Mesa County also identifies and produces DEF 6432-6489 with respect to a communication with Mr. Hovland on June 21, 2019. Counsel for Mesa County sent via a secure server to Mr. Hovland documents and a message on June 21, 2019. A copy of the message was not saved by the secure server and cannot be accessed. Thus, DEF 6432-6489 is the best replication of that communication that is possible. Mesa County also identifies and produces DEF 6490-6568, 6586-6636.

**REQUEST FOR PRODUCTION NO. 19 (misnumbered as 18): Please identify and produce all communications, correspondence, and documents which identify assumptions that Mesa County's attorney provided to Steven D. Hovland, and/or that Steven D. Hovland relied on in forming the expert opinions to be expressed.**

**EXHIBIT 2**

**Response to Request for Production 19:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018).

Further, Mesa County objects to this Request for the Production of documents because the word "assumption" is not defined. Without providing such a definition, Mesa County cannot know to what information the Plaintiff is referring. Therefore, without such a definition, this request is vague and ambiguous, and Mesa County is unaware of the specific information it has in its possession that is responsive to this vague and ambiguous request.

Without waiving these objections, and disputing the assertion that any information was an "assumption" that counsel for Mesa County provided, all information provided to Mr. Hovland is set forth in response to Request for Production No. 18, above.

**REQUEST FOR PRODUCTION NO. 20 (misnumbered as 19): Please Identify and produce all communications, correspondence, and documents, including any notes, and/or any and all other form(s) of communications you have had with, provided to, and/or received from Steven D. Hovland as it relates to Mr. Hovland's rendition of services as an expert in this litigation.**

**EXHIBIT 2**

**Response to Request for Production 20:** *See* Mesa County's General Objections, set forth above.

All Mesa County's objections set forth in its Response to Interrogatory 8 and Request for Production 12 are incorporated herein.

Further, Mesa County objects to this request to the extent it seeks information beyond the scope permissible. *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018).

Further, Mesa County objects to this request to the extent it exceeds the scope of permissible inquiries into counsel's communications with specially-retained expert witnesses. That is, communications between a specially-retained expert witness and counsel are protected from disclosure "except to the extent that the communications: (i) relate to compensation for the expert's study or testimony [addressed in Request for Production No. 17]; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed [addressed in Request for Production No. 18]; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed [addressed in Request for Production No. 19]." F.R.C.P. 26(b)(4)(C). Courts in this District have held that inquiries related to a retained expert's communications with counsel that exceed the bounds of F.R.C.P. 26(b)(4)(C) are impermissible. *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). Because this Request for Production No. 20 exceeds the bounds of permissible discovery, Mesa County has no obligation to respond to it.

**EXHIBIT 2**

Respectfully submitted this 8th day of July, 2019.

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_
Alicia W. Severn, #42432
Michael C. Santo, #24083
205 N. 4th Street, Suite 300
Grand Junction, Colorado 81501
Telephone: (970) 683-5888
Facsimile: (970) 683-5887
Attorneys for Defendant

**EXHIBIT 2**

## VERIFICATION

STATE OF COLORADO    )
                         ) ss:
COUNTY OF MESA     )

I, Andrea Nina Atencio, acting in my capacity as Chief Deputy County Attorney–Civil Division[1] and as an Authorized Representative of and on behalf of Mesa County, after being duly sworn, state under oath that Mesa County's Responses to Interrogatory No. 8, dated July 8, 2019, directed to Mesa County by Plaintiff Debra Bouricius, are true and accurate to the best of my knowledge and belief. I acknowledge that I have executed this Verification on behalf of Mesa County.

Signed this ____8th____ day of _July_____, 2019.

_____
Andrea Nina Atencio

Sworn to before me, and subscribed in my presence this _8th_ day of _July_, 2019 by Andrea Nina Atencio.

DEANNA GOHN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19924001670
My Commission Expires June 12, 2020

_____
Notary Public

---

1 By signing this Verification document, I in no way intend to, nor do I, waive any attorney-client privilege applicable to my representation of Mesa County or applicable to Mesa County's representation in this case.

13

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** pleading was served this 8th day of July 2019, via electronic mail, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the documents associated with **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** was served this 8th day of July 2019, via U.S. Mail, postage prepaid, to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney


**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   18-CV-01144-DDD-STV

**DEBRA BOURICIUS,**

       Plaintiff,

**v.**

**MESA COUNTY, by and through the Mesa County Board of County Commissioners,**

       Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS PRIVILEGE LOG

Defendant Mesa County, by and through its attorneys, hereby submits the following privilege log regarding its responses to Plaintiff Debra Bouricius's Second Set of Interrogatories and Third Set of Requests for Production of Documents.

| Nature of the Document | Document Number(s) | Privilege/Reason Asserted |
|---|---|---|
| June 21, 2019 email from Alicia Severn to Nina Atencio and Michael Santo regarding, among other matters, Frank Whidden's and Steve Hovland's designations as expert witnesses. | DEF 6331-6332 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| June 10, 2019 email from Alicia Severn to Nina Atencio and Michael Santo regarding, among other matters, Frank Whidden's and Steve Hovland's | DEF 6333 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |

**EXHIBIT 2**

| designations as expert witnesses. | | |
|---|---|---|
| April 12, 2019 email from insurance carrier representative to Alicia Severn, Nina Atencio, and Michael Santo and from Alicia Severn to insurance carrier representative, Nina Atencio, and Michael Santo regarding Mesa County's rebuttal expert witnesses. | DEF 6334-6335 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| April 4, 2019 email between Alicia Severn to Nina Atencio and Michael Santo regarding draft rebuttal expert witness disclosure. | DEF 6336-6337 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| April 5, 2019 email among Alicia Severn to Nina Atencio and Michael Santo regarding Defendant's Memorandum in Support of Discovery Dispute and general expert witness strategy | DEF 6090, 6091, 6092, 6098, 6099 | Attorney-client privilege. |
| March 29, 2019 counsel's notes that are related to general discovery or case strategy and unrelated to Frank Whidden's rendition of services as a non-retained expert witness | DEF 6110, 6113, 6114, 6115, 6117, 6119 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). Work product doctrine. |
| March 29, 2019 counsel's notes that are related to attorney impressions or research | DEF 6110, 6111, 6113, 6114, 6115, 6116, 6117, 6119 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). Work product doctrine. |
| February 18, 2019 email from Steve Hovland to Alicia Severn and Michael Santo | DEF 6120, 6130 | F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, |

**EXHIBIT 2**

| | | |
|---|---|---|
| regarding Mr. Hovland's mental impressions | | 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| June 29, 2019 email from Steve Hovland to Alicia Severn regarding Mr. Hovland's mental impressions | DEF 6583 | F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| Email correspondence between Michael Santo and Alicia Severn regarding Steve Hovland's engagement letter | DEF 6338-6339 | Attorney-client privilege; attorney work product; F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| Correspondence from Steve Hovland regarding a draft rebuttal report | DEF 6241, 6245, 6249, 6340-6344, 6355-6341 | F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| Correspondence between Alicia Severn and Michael Santo regarding a draft rebuttal report | DEF 6345-6354 | Attorney-client privilege; attorney work product; F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |
| Attorney-expert communications outside the scope of F.R.C.P. 26(b)(4)(C) (expert thoughts not included in the report; general correspondence such as requests for telephone conferences, etc.; counsel's mental impressions and/or work product) | DEF 6218, 6220, 6129-6130, 6132, 6240, 6244, 6247-6248, 6251, 6329-6330, 6586, 6588, 6590 | F.R.C.P. 26(b)(4)(C); *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). Attorney-client privilege. Work product doctrine. |
| June 27, 2019 correspondence among Nina Atencio, Alicia Severn, and Michael Santo regarding Steve Hovland providing services | DEF 6569-6571 | Attorney-client privilege. *Garcia v. Patton*, 2015 WL 13613521, *4 (D.Colo., July 9, 2015). *Frappied v. Affinity Gaming Black Hawk, LLC*, case no. 17-cv-01294-RM-NYW, 2018 WL 3586393, *2 (D.Colo., July 26, 2018). |

Respectfully submitted this 8th day of July 2019.

**EXHIBIT 2**

BECHTEL SANTO & SEVERN

By: _s/Alicia W. Severn_
    Alicia W. Severn, #42432
    Michael C. Santo, #24083
    205 N. 4th Street, Suite 300
    Grand Junction, Colorado 81501
    Telephone: (970) 683-5888
    Facsimile: (970) 683-5887
    Attorneys for Defendants

**EXHIBIT 2**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS PRIVILEGE LOG** was served this 8th day of July 2019, via email to the following:

Paula Greisen
Julie Bisbee
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
bisbee@kinggreisen.com
Attorneys for Plaintiff


*s/ Alicia W. Severn*
Alicia W. Severn, attorney

**EXHIBIT 2**