**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

**FINAL PRETRIAL ORDER**

**1. DATE AND APPEARANCES**

The Court held the Final Pretrial Conference and Trial Preparation Conference on October 7, 2021 at 1:30 p.m. Those in attendance will be the following:

Counsel for Plaintiff, Debra Bouricius:

> Paula Greisen
> Meredith A. Munro
> Scott Medlock
> KING & GREISEN, LLP
> 1670 York Street
> Denver, CO  80206
> (303) 298-9878

Counsel for Defendant, Mesa County:

> L. Kathleen Chaney
> Karen B. Rogers
> LAMBDIN & CHANEY, LLP
> 4949 South Syracuse Street, Suite 600
> Denver, CO  80237
> (303) 799-8889

## 2. JURISDICTION

Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334.

## 3. CLAIMS AND DEFENSES

a. Plaintiff's Claim for Willful Discrimination in violation of the Age Discrimination in Employment Act:

Ms. Bouricius was a dedicated employee of Mesa County for twenty-six years when she was abruptly fired from her position as a Senior Business Systems Analyst at Mesa County's Information Technology Department ("IT Department") on October 7, 2016. Mesa County records show that at the time of her termination, Ms. Bouricius was fifty-eight (58) years old, was the longest serving employee of the IT Department (the oldest employee in her job category). Ms. Bouricius was one of the most skilled employees in that department. Nevertheless, she and five other employees over the age of forty were selected by Mesa County to be laid off in October 2016 while younger employees with inferior qualifications were retained.

In 2016, Mesa County faced a potential budget deficit, as was usual for Mesa County. Frank Whidden, the County Administrator, IT Director and Director of Human Resources, decided to lay off employees in what he alleges was a response to that deficit. Despite clear County policies that any layoff had to be specifically approved by public vote by the Mesa County Board of County Commissioners, the Board was not informed about the layoff and did not take any public vote about a layoff, as required. Indeed, the County admitted that Whidden was the sole decision-maker regarding whether a layoff would occur and who would be selected for termination. Further, although County policies required layoffs to be based on employee job performance and special skills of individual employees, Mesa County -- through Whidden -- failed to follow that procedure

2

and failed to consider any objective or reasonably based criteria in selecting who to terminate. Instead, Mr. Whidden selected six high-performing employees from the IT Department (out of twenty-four employees), five of whom were the oldest in their job category, all of whom were 40 years of age or older, and retaining younger employees who worked in that department.

Mesa County has a history and pattern and practice of terminating older workers. The decision to terminate Ms. Bouricius and the other older workers in the IT Department was a pretext for age discrimination. The facts and legal theories supporting her claim for age discrimination in willful violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), are detailed in Plaintiff's Response to the Motion for Summary Judgment [Doc. 92] and include previous terminations based on age

Ms. Bouricius alleges willful age discrimination and seeks back and front pay, compensation to make her economically whole including consequential damages, and liquidated damages, injunctive and/or declaratory relief, and damages on all claims as allowed by law. She also seeks attorney's fees and costs, pre- and post-judgment interest at the highest lawful rate, a gross-up for tax implications, and any and all further relief as justice allows.

b. Defendant

This is an age discrimination case. Plaintiff Debra Bouricius worked as a Senior Business Systems Analyst for Defendant Mesa County. Plaintiff claims that she was laid off on October 7, 2016, because of her age. At the time she was laid off, Plaintiff was 58 years old.

Mesa County contends that it had a legitimate nondiscriminatory reason for its business decision, which was to reduce expenditures due to financial deficits. The County was facing a dire financial situation and drastic cuts were required. Frank Whidden had an IT Background and knew

his department. Five other employees were laid off at the same time as Plaintiff, including the youngest man in her same position who was 47 years old. Mr. Whidden did not document his decisions or otherwise consult with Plaintiff's supervisor for very practical reasons, including that the very people being considered for layoffs were IT specialists who could access the information before the announcements and Plaintiff's supervisor and his wife were among those being laid off. As the County Administrator, Frank Whidden had the authority to make exceptions as deemed appropriate to the employee manual and the authority to resolve any conflicts in the manual provisions.

Frank Whidden's decisions cannot be second guessed. The sole issue is whether Plaintiff would not have been laid off but for her age. The remaining Senior Business Systems Analysts will agree that Plaintiff was the weak link in the department. There is no evidence that anyone at the County acted in any openly discriminatory way regarding Plaintiff's age. No one, including Frank Whidden, made any age-related remarks to Plaintiff during her employment. There was not a substantially younger employee retained as a Senior Business Systems Analyst. In fact, the youngest one was laid off, and neither of those positions have been refilled.

When she was laid off, Plaintiff received $18,581.67, comprising of severance pay, unused vacation pay and unused sick pay. She was re-employed in the same position less than three months later making $14,000 more than she was making at Mesa County.

Defendant Mesa County incorporates its asserted defenses and specifically contends that Plaintiff cannot meet her burden of proof, i.e., she was not laid off because of her age; in this reduction in force case, there was not a substantially younger employee retained in her position;

the County's business judgment cannot be second guessed; and Plaintiff cannot recover the vast majority of the damages being claimed as set forth in the pending motion in limine.

## 4. STIPULATIONS

The following facts are undisputed:

a. Plaintiff Debra Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016.

b. Mesa County is a county; Mesa County is located in the State of Colorado; and Mesa County is a political subdivision of the State of Colorado.

c. Mesa County was the employer of Ms. Bouricius.

d. Mesa County has at all relevant times employed more than 20 employees.

e. Ms. Bouricius was over the age of 40 at the time of her separation from employment.

## 5. PENDING MOTIONS

Plaintiff's Motion in Limine to Strike Certain Witnesses [Doc. 177] and Defendant's response thereto; Defendant's Motions in Limine [Doc. 154] and Plaintiff's response thereto; Defendant's Unopposed Motion in Limine Regarding Statistical Data [Doc. 175].

## 6. WITNESSES

(a) <u>Plaintiff's Non-Expert Witnesses</u>:

  (1) Witnesses who will be present at trial:

   (A) **Debra Bouricius.** Ms. Bouricius is expected to testify regarding all aspects of her claims and defenses presented by Mesa County, including but not

limited to: (1) the facts surrounding her employment with Mesa County; (2) her skills and abilities to perform her job and other jobs in the IT Department; (3) her discriminatory treatment by Whidden; (4) the skills and abilities of employees in the IT Department; (5) her termination from Mesa County; (6) her damages as a result of her termination from Mesa County; and (7) the defenses presented by Mesa County. She is expected to testify in person.

(B) **Rick Corsi.** 2700 Stanford Road, Apt. 25, Fort Collins, Colorado 80525. Mr. Corsi is expected to testify regarding his knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) Mesa County's decisions to terminate the six oldest employees in the IT Department; (5) the skills and abilities of the other employees in the IT Department; and (6) the defenses presented by Mesa County.

(C) **Janine Corsi.** 2700 Stanford Road, Apt. 25, Fort Collins, Colorado 80525. Ms. Corsi is expected to testify regarding her knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) Mesa County's decisions to terminate the six oldest employees in the IT Department; (5) the skills and abilities of the other employees in the IT Department, and (6) the defenses presented by Mesa County.

(D) **Frank Whidden.** 161 Winter Hawk Drive, Grand Junction, CO 71503  Mr. Whidden was the County Administrator, Head of Human Resources and Head of the Information Technology departments at all relevant time frames.  He is expected to testify to his role and responsibilities, relevant County policies and procedures, his decision to terminate the people chosen for the relevant layoff in October 2016 and the positions taken by Mesa County with respect to those terminations, and the pattern and practice of age discrimination in Mesa County.  He is expected to testify in person.

(E) **Lori Marak.**  2335 Knoll Circle, Grand Junction, Colorado 81506. Ms. Marak is expected to testify regarding her knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) the skills and abilities of employees in the IT Department; (5) Mesa County's decisions to terminate the six oldest employees in the IT Department; and (6) the defenses presented by Mesa County.

(F) **Former Mesa County Commissioner John Justman** 1954 K Road, Fruita, Colorado 91521.  Mr. Justman is expected to testify regarding his knowledge of the circumstances surrounding this matter, including but not limited to the policy, procedures, roles and rules that govern Mesa County and the Mesa County Commissioners, the duties of the County Commissioners as relevant to this case, the duties and conduct of the decision-maker of the issues relevant

                to this case, the performance of the decision-maker, the position taken by Mesa County relative to this case including the termination decisions, the pattern and practice of age discrimination in Mesa County, and all other matters covered in the deposition of this witness and related to the issues in that deposition.

       (G)   **William Kaempfer, Economist:** 86 Redwood Drive, Safety Harbor, FL 34695. Mr. Kaempfer is expected to testify regarding Ms. Bouricius' economic losses. Mr. Kaempfer is expected to testify remotely if allowed by the Court.

(2)   Witnesses who may be present at trial if the need arises: Any witnesses necessary for impeachment.

(3)   Plaintiff does not anticipate any witnesses being called by means of deposition in lieu of live testimony. If this becomes necessary, anywitnesses where testimony is expected to be presented by means of a deposition in lieu of live testimony, if not taken stenographically, will be presented either via a transcript or video recording of the pertinent portions of the deposition testimony.

Plaintiff's Expert Witnesses:

(1)   Witnesses who will be present at trial: William Kaempfer. Dr. Kaempfer will testify concerning any opinion in his report.

Defendant's Nonexpert Witnesses:

(1)   Witnesses who will be present at trial:

None.

(2) Witnesses who may be present a trial if the need arises:

a. Frank Whidden, former IT Director, HR Director and County Administration, may be called to testify regarding the County policies and departments; the County's financial circumstances; his decisions to layoff the Plaintiff; the Plaintiff's skills as compared to the remaining employees; his process in making the decision; and his communications with those involved in the process. He is expected to testify live, either in person or virtually.

b. Rose Pugliese, former Mesa County Commissioner, 9580 Lizard Rock Trail, Colorado Springs, CO 80924, may be called to testify regarding her role as a commissioner; knowledge of the County's financial circumstances; her knowledge of and participation in the process leading to Plaintiff's layoff; Frank Whidden's authority and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. She is expected to testify live, either in person or virtually.

c. John Justman, former Mesa County Commissioner, 1954 K Road, Fruita, CO 81521, may be called to testify regarding the Board's role and involvement in employment issues; the County's financial circumstances; Frank Whidden's position and authority as County administrator and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

    d.    Scott McInnis, Mesa County Commissioner, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify regarding the Board's role and involvement in employment issues; the County's financial circumstances; Frank Whidden's position and authority as County administrator and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

    e.    Patrick Coleman, former County Attorney, 895 Celestite Dr., Fruita, CO 81521, may be called to testify regarding his involvement and direction to Frank Whidden regarding the layoffs and the process; his knowledge of Frank Whidden's reasons to layoff the Plaintiff and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

    f.    Kristin Cole, Mesa County Human Resources Technician, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify as to complaints of Plaintiff's performance to Frank Whidden; Plaintiff's inability to fix issues; improvement in the IT department after Plaintiff's layoff and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. She is expected to testify live, either in person or virtually.

    g.    Lhana Jordan, Mesa County IT manager, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify about her interactions with Frank Whidden, Plaintiff and others in the IT department; his involvement and knowledge of the reasons why Plaintiff was laid off; the workings of

        the IT department and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. She is expected to testify live, either in person or virtually.

h.     Troy Flick, Mesa County IT manager, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify about his interactions with Frank Whidden, Plaintiff and others in the IT department; his involvement and knowledge of the reasons why Plaintiff was laid off; the workings of the IT department and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

i.     Kelly Leuallen, Mesa County Senior Business Systems Analyst, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify about his employment in the IT department; his experience working with Frank Whidden, Plaintiff and others in the IT department; his involvement and knowledge of the reasons why Plaintiff was laid off; the workings of the IT department and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

j.     Terrie Smith f/n/a Hotary, Mesa County Business Systems Analyst, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify about her employment in the IT department; her experience working with Frank Whidden, Plaintiff and others in the IT department; her involvement and knowledge of the reasons why Plaintiff was laid off; the workings of the IT

department and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. She is expected to testify live, either in person or virtually.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:

N/A

Defendant's Expert Witnesses:

(1) Witnesses who will be present at trial:

None.

(2) Witnesses who may be present a trial if the need arises:

a. Steve Hovland, CPA, 2536 Rimrock Avenue, Suite 400-139, Grand Junction, CO 81505, may be called to provide expert opinions in rebuttal to the opinions of Plaintiff's expert William Kaempfer, Ph.D. He is expected to testify live, either in person or virtually.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:

None.

### 7. EXHIBITS

(1) Plaintiff: Plaintiff's Exhibit List is attached as Exhibit 1.

(2) Defendant(s): Defendant's Exhibit List is attached as Exhibit 2.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no

later than October 8, 2021. The objections required by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served via email or facsimile no later than October 8, 2021, unless the exhibit produced reflect any changes other than how originally produced. If any such changes are made, then the parties have until October 13, 2001 to object to those changes.

### 8. DISCOVERY

Discovery closed on July 12, 2019.

### 9. SPECIAL ISSUES

1. The Plaintiff objects to Defendant's failure to identify its "will call" witnesses. Defendant has not asserted a claim and has no burden of proof. Accordingly, it is Defendant's position that it has no "will call" witnesses.

2. The Parties request that witnesses be allowed to appear remotely as allowed by the Court. This request is predicated on the fact that the pandemic is on-going, many of the witnesses are older individuals, many of the witnesses are not based in the Denver area, and some witnesses reside in Grand Junction where highway conditions are unpredictable.

3. Voir Dire: Plaintiff proposes that the parties be allowed one hour per side for voir dire. Defendant proposes that the parties be allowed 20 minutes per side for voir dire.

4. Opening Statement: Plaintiff proposes that the parties be allowed one hour per side for opening statements. Defendant proposes that the parties be allowed 30 minutes per side for opening statements.

    Plaintiff proposes that counsel may use exhibits in opening statement that are

      stipulated for admission at trial. Defendant proposes that the parties may use documents that are stipulated or based on a good faith believe will be admissible during trial.

5. The parties agree that records custodians are not necessary to authenticate documents pursuant to Fed. R. Evid. 803(6). All other evidentiary objections are preserved.

6. Plaintiff shall provide her Witness Order of Proof by October 11, 2021. Defendant shall provide its Witness Order of Proof by October 13, 2021. Counsel shall immediately provide notice once they learn of a change in their Order of Proof.

7. Counsel shall confirm, at the end of each trial day, the witnesses scheduled for the next trial day.

### 10. SETTLEMENT

a. Counsel for the parties participated in a settlement conference on March 23, 2020 to discuss in good faith the settlement of the case.

b. The participants in the settlement conference, included counsel and party representatives.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is little to no possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Plaintiff seeks a jury trial on all triable issues.

2. Estimated trial time is 5 days, beginning on October 18, 2021.

3. Situs of trial is the District of Colorado, Denver, The Honorable Judge Domenico.

4. No other orders pertinent to the trial proceedings at this time, however, the parties have filed pending motions in limine (*see* Section 5).

DATED this _____ day of _____, 2021.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| KING & GREISEN, LLP | LAMBDIN & CHANEY, LLP |
| | |
| By: *s/ Paula Greisen* | By: *s/L. Kathleen Chaney* |
| Paula Greisen | L. Kathleen Chaney |
| Meredith A. Munro | Karen B. Rogers |
| Scott Medlock | LAMBDIN & CHANEY, LLP |
| 1670 York Street | 4949 South Syracuse Street, Suite 600 |
| Denver, CO 80206 | Denver, CO 80237 |
| Telephone: (303) 298-9878 | Telephone: (303) 799-8889 |
| Fax: (303) 298-9879 | Fax: (303) 799-3700 |
| Email: greisen@kinggreisen.com | Email: kchaney@lclaw.net |
| Email: munro@kinggreisen.com | krogers@lclaw.net |
| Email: medlock@kinggreisen.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |