**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 18-cv-01144-DDD-STV**

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S TRIAL BRIEF**

---

Plaintiff Debra Bouricius, by and through her counsel Paula Greisen and Meredith A. Munro of KING & GREISEN, LLP, respectfully requests respectfully submits her Trial Brief.

## I.  Introduction

There is only one claim in this lawsuit: that Mesa County willfully discriminated against Ms. Bouricius on the basis of her age when it selected her for a layoff in October 2016, in violation of the ADEA.

Frank Whidden, the County's Administrator, Director of IT, and Director of Human Resources was the sole decisionmaker in determining whom to lay off, claiming this was based on the skill set of the employees.  He mainly selected older employees, including Ms. Bouricius, who was the longest serving employee in the IT Department, had helped build that department and trained many of the employees who were not terminated. Whidden terminated many older

employees and kept some younger, less-experienced employees without gathering any facts, considering any objective criteria, or questioning their supervisor. He did not document his decision, provide consistent explanations, or follow the County's written layoff policy. The Board, in turn, were not informed of the employees selected for termination and did not vote on the terminations, as required by its policy.

## II.   Substantive Issues

### A.   Prima Facie Element of Ms. Bouricius's Claim Under the ADEA.

An employer violates the ADEA if it terminates an employee because of age. 29 U.S.C. § 623(a)(1). Ms. Bouricius is not required to show that age was the only reason or even the primary reason for her termination. *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277-1278 (10th Cir. 2010). Rather, she need only show that age made a difference in the layoff decision. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000); *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1739-1740 (2020).

At trial, Ms. Bouricius will show a prima facie case of age discrimination by showing that: (1) she is within the protected age group; (2) she was doing satisfactory work; (3) she was discharged despite the adequacy of her work; and (4) there is some evidence that Mesa County intended to discriminate against her in reaching its layoff decision. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). A plaintiff who is fired pursuant to a layoff and who held a similar position to a younger retained employee – as is true in this case (indeed, the County retained three younger, less experienced employees) – satisfies the fourth element. *See Krause v. Dresser Indus., Inc.*, 910 F.2d 674, 677 (10th Cir. 1990) (prima facie case established where employer fires fifty-two-year-old pursuant to layoff, but retains one younger employee in similar

position). Ms. Bouricius is not required to show that she was as or more qualified than the employees who were retained or that all employees over the age of 40 were laid off. *Frappied v. Affinity*, 966 F.3d 1038, 1057 (10th Cir. 2020).

Mesa County must then articulate a legitimate, non-discriminatory reason for terminating Ms. Bouricius. Left unanswered by the County, the presumption of unlawful discrimination "mandates a finding of intentional discrimination" because a prima facie case eliminates the most common nondiscriminatory reasons for the layoff. *Beaird*., 145 F.3d at 1169. Mesa County has defended Mr. Whidden's decision to terminate Ms. Bouricius based on its financial needs and on Ms. Bouricius's "skill sets" as compared to her coworkers. If the jury finds Mesa County's evidence sufficient, Ms. Bouricius then has the burden of establishing that the County's explanation is a pretext for discrimination. *Id*.

### B. Broad Considerations of Pretext.

An employee may show pretext by challenging the credibility of the employer's witness or by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir. 1997). The fact-finder must consider the totality of all the circumstantial evidence of pretext. *Beaird,* 145 F.3d at 1174. A jury may reasonably infer from an employer's false explanation that the employer is dissembling to cover up a discriminatory intent. *Reeves,* 530 U.S. 133 at 147. Establishing pretext thus permits a finding of intentional discrimination. *Exum v. U.S. Olympic Comm.,* 389 F.3d 1130, 1135 (10th Cir. 2004).

3

Well-accepted evidence of pretext that Ms. Bouricius intends to demonstrate at trial are:

1.	Mesa County's termination of six high-performing employees from the IT Department, five of whom were the oldest in their job category, retaining younger employees in that department. *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1286 (10th Cir. 2003).

2.	Mesa County's failure to follow the County's written policies regarding layoff, including the requirement that an "analysis" be conducted of each employee (considering their "performance" and "special abilities" and "time employed by the county") and the requirement that Mr. Whidden make recommendations to the Board for its approval. *See Beaird*, 145 F.3d at 1168 (failure to follow policies regarding layoff can establish pretext); *Mendelsohn v. Sprint/United Mgmt. Co.*, 2004 U.S. Dist. LEXIS 30629, *13-14, 2004 WL 5434682 (evidence the decision-makers did not review layoff policy created pretext), *rev'd on other grounds (citations omitted)*.

3.	Mr. Whidden's use of subjective criteria and his failure to consider objective data, including Ms. Bouricius's level of education, degrees, seniority, and performance reviews. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1218 (10th Cir. 2002) ("evidence of inconsistent treatment of plaintiff, disturbing procedural irregularities, and the use of subjective criteria" is undisputable evidence of pretext).

4.	Mesa County's conflicting explanations for why it selected Ms. Bouricius for termination. *Plotke v. White*, 405 F.3d 1092, 1104 (10th Cir. 2005) (conflicting and changing evidence concerning reasons for termination contributes to a showing of pretext).

*Ms. Bouricius need not disprove every reason stated by Mesa County in order to prove pretext,* as the County posits in its proposed jury instructions. *E.g., Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 814 (10th Cir. 2000) (rejecting this argument, recognizing that "when the plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility").

    C.    **Admissibility of Credibility Evidence.**

Mesa County defends this case by relying on the Business Judgment rule, contending that Mr. Whidden's determination that a layoff was necessary and the selection of employees for termination was a "good faith business decision" that "cannot be second guessed." It is well-settled, however, that "this principle does not immunize all potential 'business judgments' from judicial review for illegal discrimination… . Such a doctrine would defeat the entire purpose of the ADEA." *Beaird,* 145 F.3d at 1169 (citations omitted).

Rather, to be accorded any weight, the decision must be informed and considered, not idiosyncratic. "When the employee is able to produce sufficient evidence to establish that the employer failed to make a reasonably informed and considered decision before taking its adverse employment action, thereby making its decisional process 'unworthy of credence,' then any reliance placed by the employer in such a process cannot be said to be honestly held." *Smith v. Chrysler Corp.*, 155 F.3d 799, 807-808 (6th Cir. 1998). *See Sanchez v. Philip Morris Inc.,* 992 F.2d 244, 247 (10th Cir.1993) (rejecting employer's contention that the business judgment doctrine precludes the fact finder from considering the judgement in light of the actual facts, explaining that "[*t*]*he reality of the entire situation must be examined*") (emphasis added); *Meiri*

5

*v. Dacon*, 759 F.2d 989, 995 (2d Cir.) (employee must be allowed to show that employer acted in an illegitimate or arbitrary manner), *cert. denied,* 474 U.S. 829 (1985).

Plaintiff contends that layoffs were not necessary to address budgetary concerns and if they were, Mr. Whidden and the County were required to follow County procedures.  Mesa County, on the other hand, is asserting that Mr. Whidden had authority to exercise his good faith business judgment about how to manage the County's finances, including conducting layoffs.  Thus, evidence regarding whether Mr. Whidden was actually exercising good faith business judgment regarding the County's finances, and whether the County knew or should have known that he was not, is a key issue in this case --- and directly relevant to Plaintiff's argument that Defendant's defense is pretext.

The evidence will show that in fact, Mr. Whidden was fraudulently using taxpayer dollars to take courses and get his certification as a marriage therapist and open his own side business to operate this practice.  The evidence will show that the County authorized and paid for Mr. Whidden to take such classes as "sex therapy" to obtain this license.  When asked at his deposition about the County paying for such expenditures, County Commissioner Justman claimed he did not know about it and that this would not be appropriate – although he signed the authorization forms for these payments for Whidden.  When asked why the County would pay for sex therapy classes for Mr. Whidden, Commissioner Justman claimed he thought such training was necessary for Mr. Whidden to perform his job as County Administrator.

Shortly after that deposition, Mr. Whidden was put on administrative leave and then abruptly announced his resignation.  A reasonable inference that a jury could make is that Mr. Whidden was forced to resign his position in lieu of termination.  This evidence is probative of

whether Mr. Whidden was actually exercising good business judgment about the County's finances and whether the Board of Commissioners knew or should have known that he could not be trusted to do so. Related to that question is also the fact that Mr. Whidden was paying off other employees who complained about age discrimination in the 2016 layoff, without the knowledge or input of the Commissioners on this expenditure of taxpayer money. (*See* Settlement Agreements signed by Whidden with Rick Corsi, Janine Corsi, and Ms. A). The Board also should have known that Whidden should not be trusted with the management of taxpayer dollars by the fact that in the year prior to the layoff, a judgement was entered against him for the failure to pay his own taxes. All of this evidence is probative of whether the County should have reasonably relied on him to make financial decisions for the County.[1]

Thus, Plaintiff should be given wide latitude to question Mr. Whidden's credibility at trial. The credibility of a witness can be attacked in many ways. FRE Rule 401 provides that "relevant evidence is that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE Rule 401; *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1518 (10th Cir. 1995) "The Rule's basic standard of relevance thus is a liberal one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993).

In addition, FRE 608(a) permits reputational evidence as to the witnesses' character for truthfulness, and FRE 608(b) specifically permits cross-examination on specific instances of

---

[1] Similarly, it is well-settled that evidence of how other employees were treated by the decision maker is admissible to show pretext. *Greene v. Safeway Stores, Inc.,* 98 F.3d 554, 561 (10th Cir. 1996).

prior misconduct about which the examiner has a good-faith basis to believe are probative of the witness's character for truthfulness. The rule's broad scope captures any instances where the witness lied or acted in a dishonest or deceitful way, with no explicit time or substance restrictions. *See e.g., Hampton v. Dillard Dept. Stores, Inc.,* 247 F.3d 109, 1114 (10th Cir. 2001) (allowing cross examination of witness under Rule 608(b) regarding falsifying a report twenty years prior). Plaintiff may also offer credibility evidence, including extrinsic evidence, pursuant to FRE 404(b)(2) to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[2]  In this respect, the unauthorized and unsupervised expenditure of taxpayer dollars to secretly issue payouts to other employees who were victims of age discrimination is directly relevant to Mr. Whidden's knowledge of these cases, his intent to cover up his conduct, and the unbridled authority the County was allowing him to engage in without supervision.

The evidence of Mr. Whidden's pattern of misuse of County finances and his subsequent termination as a result of his abuse is directly relevant to Defendant's assertion of the good faith business judgment defense in this case.

### D. Ms. Bouricius' Claim for Damages.

Ms. Bouricius seeks back and front pay, full compensation to make her economically whole, as well as liquidated damages, and injunctive and/or declaratory relief. She also seeks attorney's fees and costs, pre- and post-judgment interest, a gross-up for tax implications, and any and all further relief as justice allows.

---

[2] Rule 404(a)(1)'s general prohibition against character evidence only applies if the evidence is offered to prove propensity or that the person acted in accordance with that character trait on a particular date and time.

Courts have jurisdiction under the ADEA to afford victims of discrimination "such legal or equitable relief as may be appropriate to effectuate [its] purposes." 29 U.S.C. § 626(b) (incorporating the FLSA's enforcement provision, Section 216.). The courts' equitable powers, in particular, are significant: courts "have broad authority to construct appropriate equitable relief and a duty to render a decree that will eliminate the discriminatory effects of past actions and prevent future discrimination." *Villescas v. Abraham*, 285 F.Supp.2d 1248, 1255 (D. Colo. 2003). These powers are "without limitation" as long as "the relief is 'appropriate to effectuate the purposes of [the Act].'" *EEOC v. Prudential Fed. Sav & Loan Ass'n*, 763 F.2d 1166, 1173 (10th Cir.), *cert denied (citations omitted).*

Thus, equitable relief under the ADEA includes making the plaintiff "whole" by placing her "as nearly as possible, into the position he or she would have been in absent the discriminatory conduct." *Greene v. Safeway Stores, Inc.,* 210 F.3d 1237, 1244 (10th Cir. 2000) (citations omitted). *See also Anderson v. Phillips Petroleum Co*., 861 F.2d 631, 637 (10th Cir.1988) (noting that making an ADEA plaintiff "whole" means "returning him as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct").

In accordance with the above, Ms. Bouricius seeks job-related, pecuniary damages necessary to make her whole. Ms. Bouricius' expert will opine that although she was able to find another job with an increase in pay, the bulk of her economic damages are based on the difference between her working conditions after she was unlawfully terminated. To calculate her post-termination economic benefits, it is necessary to consider the additional expenses she incurred working in Boulder County (*i.e*., through higher taxes and a higher cost of living), for

9

although her current salary exceeds what she was making in Mesa County, her post-termination economic benefits are much lower than her income at Mesa County because she has significant additional costs and expenses (between $110,240 and $322,255).

These job-related, pecuniary damages fall squarely within the remedial provision of the ADEA as they are necessary to determine the value of her mitigation and, accordingly, her back pay and front pay. *See, e.g., Spulak v. K Mart Corp.,* 894 F.2d 1150, 1157-58 (10th Cir. 1990) (lost wages, fringe, and other job-related benefits must be subtracted to determine post-termination economic benefits). Moreover, failing to account for Ms. Bouricius' increased expenses from her replacement employment would frustrate the ADEA's goals of remediating victims of discrimination by making them whole and discouraging employers from discriminating against other employees based on age or other protected categories. *See e.g., Greene,* 210 F.3d at 1244 (plaintiff's unrealized stock option appreciation properly awarded as "equitable relief" under the ADEA); *Blim v. Western Elec. Co.*, 731 F.2d 1473, 1478 (10th Cir. 1984) ("fringe benefits" such as a company savings plan and eligibility for social security benefits further the purpose of the ADEA); *Kelly v. Am. Standard, Inc.,* 640 F.2d 974, 986 n.20 (9th Cir. 1981) ("pension rights and fringe benefits are proper elements of damage under the ADEA"); *see also Hayes v. SkyWest Airlines, Inc.,* No. 19-1294, 2021 U.S. App. LEXIS 27171 *41; __ F.4th __; 2021 WL 4097766 (Sept. 29, 2021 10th Cir. 2021) (approving districts court's application of "general concepts of equity to achieve an appropriate remedial objective" for calculating front pay under Title VII).

Respectfully submitted this 30th day of September 2021.

K<small>ING</small> & G<small>REISEN</small>, LLP

<u>s/ Paula Greisen</u>
Paula Greisen
Meredith A. Munro
1670 York St.
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298find9879 facsimile
greisen@kinggreisen.com
munro@kinggreisen.com

*Attorneys for Plaintiff*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Order at Doc. 138 ¶ 3.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September 2021, I electronically filed the foregoing **PLAINTIFF'S TRIAL BRIEF** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

L. Kathleen Chaney
Karen B. Rodgers
L<small>AMBDIN</small> & C<small>HANEY</small>, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
kchaney@lclaw.net
krogers@lclaw.net

*Attorneys for Defendant Mesa County*

<u>s/ Laurie A. Mool</u>
Laurie A. Mool, Paralegal

11