IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through Mesa County Board of County Commissions,

    Defendant.

---

**DEFENDANT'S OBJECTIONS TO MISSTATEMENTS OF LAW AND FACT IN PLAINTIFFS' TRIAL BRIEF**

---

Defendant Mesa County, by and through its attorneys, Lambdin & Chaney, LLP, hereby submits these Objections to Misstatements of Law and Fact in Plaintiff's Trial Brief, stating as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

At the times she was laid off in October 2016, Plaintiff worked as a Senior Business Systems Analyst ("SBSA") at Mesa County's Information Technology Department ("IT Department").  Prior to the layoffs, the IT Department consisted of a total of twenty-seven employees working in various subspecialties at that time. Seven employees were let go from the IT Department in 2016.  At the time, the IT Department employed only two SBSA's.  Only one of the two SBSAs, Kelly Leuallen, was retained by Mesa County. Mr. Leuallen is the same age as Plaintiff.  Plaintiff's former position has not been filled in the five years since the layoffs.

1

On October 1, 2021, Plaintiff filed her Trial Brief misstating the *prima facie* elements of her claim, applying the incorrect burden of proof, seeking to admit inadmissible character evidence, and arguing for damages not permitted under the law. Should Plaintiff's misstatements go unchallenged the risk of prejudice to Defendant is substantial. Plaintiff should not be permitted to unilaterally alter the elements of her claim, the standard of admissibility of evidence, or recoverable damages without legal support.

## II.   SUBSTANTIVE ISSUES

### A.   Plaintiff Must Establish "But for" Causation at Trial.

Plaintiff argues that she need not establish that age was the primary reason for her termination in order to establish her claim of age discrimination, citing *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277-1278 (10th Cir. 2010). [Doc 185, p. 2] Plaintiff further argues that she need only establish that age "made a difference" in the layoff decision. *Id.* (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000)*; Bostock v. Clayton County, Georgia,* 140 S. Ct. 1731, 1739-1740 (2020))*.* Plaintiff's arguments misstate the holdings of the cases cited and conflates the standard for surviving summary judgment with the standard of proof required at trial.

The *Jones* decision cited by Plaintiff arises from an appeal of a grant of summary judgment by the District Court. In *Jones,* the Tenth Circuit Court of Appeals held that the lower court erred in applying a "pretext-plus" standard under which a plaintiff is required to introduce additional evidence of an employer's discriminatory acts under the burden shifting summary judgment analysis. *Id.* at 1280 (holding that the 10th Circuit had "definitively rejected" the pretext-plus standard.) The Court remanded the case for further

proceedings based on its determination that the District Court erred in finding a "lack of evidence from which a reasonable jury could find discrimination" based on the erroneous pretext-plus standard. *Id.* at 1281-82.

However, at no point did the *Jones* Court determine that the plaintiff need not "show that age was the only reason or even the primary reason for her termination" as Plaintiff argues. [Doc 185, p. 2]. In fact, the *Jones* Court analyzed the then-recent *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) decision in holding that the standard of proof of causation in employment discrimination cases is "but for" causation.  The Court explained that the "but for" cause need not be the only cause, but that "an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was **the** factor that made a difference.'" *Id.* at 1277 (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir.2010))(emphasis added).  Thus, Plaintiff misstates the *Jones* standard in arguing that she need only show age "made a difference" when in fact she needs to prove that age was *the* factor that made a difference.

Similarly, Plaintiff mischaracterizes the *Reeves* and *Bostock* holdings to suit her purposes.  In *Reeves,* the Supreme Court held:

> When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). That is, the plaintiff's age must have "actually played a role in [the employer's decision making] process and had a **determinative influence on the outcome**." *Ibid.*

3

*Reeves*, 530 U.S. at 141, 120 S. Ct. at 2105 (emphasis added).

"But for" causation requires proof that age had a determinative influence on the outcome – not that it simply "made a difference." The Supreme Court reaffirmed as much in *Bostock,* holding that "a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Bostock,* 140 S. Ct. at 1739. The *Bostock* decision acknowledges that there may be more than one "but for" cause, but does not abrogate or eliminate the required proof of "but for" causation. Here, to establish causation, Plaintiff must change one thing at a time to prove that she would not have been laid off *but for* her age. Plaintiff's burden is to establish that age was "the" factor that made a difference. *Jones*, 617 F.3d at 1277.

### B. Plaintiff Cannot Establish Her Layoff Was Pretextual Based on Conjecture

Plaintiff cites *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) to establish the *prima facie* elements of her claim, but fails to acknowledge that in *Beaird* the Court found that for the four plaintiffs for whom summary judgment was reversed "at least one younger and/or nonminority employee was retained in the same job code" *Beaird,* 145 F.3d at 1168. The elements of an ADEA discrimination claim were set forth in *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 529 (10th Cir. 1994) as follows:

> [Plaintiff] must show that (1) she is "within the protected age group"; (2) she "was doing satisfactory work"; (3) she "was discharged"; and (4) her position was filled by a younger person. *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1420 (10th Cir.1991) (quoting *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir.1988)).

4

Here, Plaintiff cannot establish that her position was filled by a younger person (or at all) or that any persons younger than her were retained in her specific position of SBSA. Plaintiff argues that five of the six persons laid off were "the oldest in their job category" [Doc 185, p. 4] but fails to acknowledge that she worked in a separate job category from all but one of the persons retained and she cannot be compared against others in the IT Department. *See Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1196 (10th Cir. 2008) (holding "the fact that employees in business units affected by a RIF simply share the same pay grade does not establish, standing alone, that the employees occupy "similar positions.")

It was well within the appropriate business judgment of Mesa County to determine that in a department being reduced to twenty persons it needed only one SBSA – Kelly Leuallen – at the identical age and pay rate as Plaintiff. Plaintiff cannot establish discrimination simply because she was older than some people who worked in the IT Department, Mesa County, or the state of Colorado. Length of tenure alone is insufficient to establish pretext. *See Sanders v. Sw. Bell Tel., L.P.,* 544 F.3d 1101, 1109 (10th Cir. 2008) (holding that tenure was just "one of many ranking criteria" in finding the plaintiff failed to establish a pretext for her termination.)

Nor does the alleged use of subjective criteria or failure to follow written policies establish pretext. [Doc. 185, p. 4]. The ADEA does not require employers to base promotion decisions solely upon numerical or "objective" factors, as opposed to qualitative or "subjective" factors. *See Crockett v. Richardson*, 127 F. Supp. 2d 40, 47 (D.D.C. 2001) "It is the manager's perception of the employee's performance that is

5

relevant, not plaintiff's subjective evaluation of his own relative performance," *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 988 (10th Cir.1996) Indeed, the *Beaird* decision cited by Plaintiff expressly held that the ADEA does not require that an employer's decisions be wise – just non-discriminatory. *Beaird*, 145 F.3d at 1169; see also *Crockett*, 127 F. Supp. at 47 ("It is not this court's job to decide if defendant's proffered reasons were wise, fair, or correct, but rather, whether defendant honestly believed those reasons and acted in good faith upon those beliefs.')(citing *Fischbach v. District of Columbia Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C.Cir.1996) ("[I]t is not enough for the plaintiff to show that a reason for a job action is not just, or fair, or sensible," for "the issue is not the correctness or desirability of the reasons offered but whether the employer honestly believes in the reasons it offers.")

Far from establishing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the reasons behind Plaintiff's layoff, Plaintiff's assertions that "broad considerations of pretext" apply in the present action are unsupported in law.

### C. Plaintiff Conflates Impermissible Character Evidence With Credibility Evidence Related to the Proffered Reasons for Her Layoff

"[A]s a general rule, an employee must proffer evidence that shows each of the employer's justifications are pretextual." *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 814 (10th Cir. 2000). However, in some circumstances, establishing that *most* of the proffered reasons are unbelievable is sufficient to cast doubt upon an employer's credibility. *Id.* Plaintiffs in employment discrimination cases are permitted to cast doubt upon the *reasons* proffered by an employer for having made an employment decision, but

6

must not be permitted to attack the character of the employer or its employees themselves.

Plaintiff argues that she will show that "Mr. Whidden was fraudulently using taxpayer dollars to take courses and get his certification as a marriage therapist and open his own side business." [Doc. 185, p. 6]. Even if true, such accusations would be inadmissible as character evidence under F.R.E. 404(a)(1). However, Plaintiff's own Trial Brief establishes that the allegations are unfounded on their face. Plaintiff argues that County Commissioner Justman "signed the authorization forms for these payments for Whidden." *Id.* Fraud, by definition cannot be authorized. Based on Mr. Justman's deposition testimony, it appears that he was unaware of the county's policies regarding tuition reimbursement. (Exhibit A, *Justman Deposition Excerpts,* 164:24-165:11) (testifying that he was unaware of the county's tuition reimbursement policy and that he "assumes" the county pays for such things.) Plaintiff's leap to describe what is, at worst, a misunderstanding about the county's tuition reimbursement policies as fraud is why F.R.E. 404 prohibits introduction of evidence of character at trial.

Plaintiff argues that "all of this evidence is probative of whether the County should have reasonably relied on [Whidden] to make financial decisions for the County. [Doc 185. p. 7]. As set forth above, it is immaterial whether the decision to lay Plaintiff off was a good one, or was wise, fair, or correct. *See Beaird*, 145 F.3d at 1169; *Crockett*, 127 F. Supp. at 47; *Fischbach*, 86 F.3d at 1183. It does not matter if Mr. Whidden exercised good judgment or was reliable in making financial decisions. Plaintiff's burden is not to establish that Mr. Whidden is a bad person, or was a bad employee. Her burden is to

establish by a preponderance of the evidence that age was *the* determining factor in her being laid off. *See Jones*, 617 F.3d at 1277; *Bostock*, 140 S. Ct. at 1739. Whether the county should have reimbursed Mr. Whidden's tuition costs has no bearing on any factual or legal dispute in the present action. The undisputed facts are that Mr. Whidden submitted his tuition bills for payment and they were authorized by Mr. Justman. There is no specific instance of deceit or dishonesty at issue that would trigger the exceptions to introduction of character evidence under F.R.E. 608. Plaintiff can attempt to introduce evidence that the proffered reasons for her layoff are not believable, but there is no legal or evidentiary basis for allowing her to smear the reputation of witnesses in open court with unfounded accusations of fraud.

### D. Plaintiff Ignores the Unmistakable Order of This Court in Seeking Compensatory Damages

Plaintiff argues that "although she was able to find another job with an increase in pay, the bulk of her economic damages are based on the difference between her working conditions after she was unlawfully terminated." [Doc. 185, p. 9]. In her Trial Brief, Plaintiff argues she has incurred higher living expenses working in Boulder County – living expenses that are presumably addressed by her admittedly higher wages. *Id.* Regardless, the ADEA does not permit recovery of the compensatory damages that Plaintiff is seeking. *See Ridgell-Boltz v. Colvin*, 565 Fed. Appx. 680, 683 (10th Cir. 2014) (explaining, "the ADEA provides for legal and equitable relief, including reinstatement, back-pay, and other pecuniary benefits associated with the job, but it does not permit the recovery of compensatory damages.")

Plaintiff is well aware of the prohibition on the compensatory and consequential damages she seeks to recover because this Court has already ruled such damages are not recoverable in this action. [Doc. 134, pp. 14-15] (holding ""Ms. Bouricius would not be able to recover any damages associated with her relocation, new living conditions, or for emotional distress because these are non-job-related compensatory damages.")  The Court went as far as to state that "the parties at this point both recognize that compensatory damages are not available under the ADEA." *Id.* Despite the Court's clear ruling and Plaintiff's prior assurances that both parties recognize that compensatory damages are unavailable, Plaintiff spends nearly a quarter of her Trial Brief arguing that she should be allowed to recover such damages. Plaintiff's eleventh-hour attempt to circumvent the ADEA and inconsistent positions in this litigation should be rejected by this Court.

The complete bases for excluding such damages are set forth in Mesa County's Motions in Limine, which is incorporated herein fully by reference. [Doc. 154, pp. 10-14]. Plaintiff's inconsistent positions and flouting of the Court's prior order in continuing to seek recovery of damages that are unrecoverable as a matter of law raise genuine concerns regarding the manner in which Plaintiff and her counsel intend to conduct the upcoming trial.

### III.   CONCLUSION

Plaintiff's Trial Brief misstates governing law in an attempt to reduce her burden of proof of causation from the established "but for" standard to merely having "made a difference," which is counter to the holdings of the cases she cited.  Further, Plaintiff's

Trial Brief raises the specter of trial by innuendo and character assassination that should not be countenanced by this Court. Plaintiff makes plain that she intends to smear the reputation of Mr. Whidden, and by association Mesa County, through unsupported claims of fraud and deceit that are unsupported in the record and in direct violation of F.R.E. 404. Finally, Plaintiff persists in seeking recovery of compensatory and consequential damages despite this Court's prior ruling. It is in light of these misstatements of law and fact that Defendant objects to Plaintiff's Trial Brief and respectfully requests this Court strike the brief from consideration.

DATED this 5th day of October, 2021.

s/ L. Kathleen Chaney, Esq.
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of October, 2021, a true and correct copy of the foregoing **DEFENDANT'S OBJECTIONS TO MISSTATEMENTS OF LAW AND FACT IN PLAINTIFFS' TRIAL BRIEF** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula D. Greisen, Esq.: greisen@kinggreisen.com
Meredith A. Munro, Esq.: munro@kinggreisen.com
Scott Charles Medlock, Esq.: medlock@kinggreisen.com
*Attorneys for the Plaintiff*

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

*s/ L. Kathleen Chaney, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*