# EXHIBIT 1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34

## DAMAGES

If you find that Defendant unlawfully discriminated against the Plaintiff because of her age, then you must award her damages for injuries she proved by a preponderance of the evidence were caused by Mesa County's wrongful conduct toward her. The goal of a damages award is to make Plaintiff "whole" by putting her in the same economic condition she would have been in if the discrimination had not occurred.

In determining any award, you may include the following: Any lost pay or benefits (such as life, health, and dental insurance, vesting or retirement benefits, and vacation accrual, for example).

In determining Ms. Bouricius' damages, you should begin with the date of her termination, October 2016, up to January 2017, the date she began new employment.

Sources: 29 U.S.C. § 626(b); *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1244 (10th Cir. 2000) (purpose of the equitable remedies under the ADEA is "to make a plaintiff whole—to put the plaintiff, as nearly as possible, into the position he or she would have been in absent the discriminatory conduct." (citations omitted); *Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 527 (10th Cir. 2000). *See also EEOC v. Prudential Fed. Sav & Loan Ass'n,* 763 F.2d 1166, 1173 (10th Cir.), *cert denied,* 474 U.S. 946 (1985) (under certain circumstances, front pay "furthers the remedial purposes of the ADEA by assuring that the aggrieved party is returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's illegal conduct."); *Kolb v. Goldring, Inc.,* 694 F.2d 869, 872 (1st Cir. 1982) (ADEA damages are meant to put the plaintiff in the economic position he would have occupied but for the discrimination).