THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

Defendant.

## AMENDED FINAL PRETRIAL ORDER

The Court enters the following order, which shall govern the further resolution of this case.

### DATE AND APPEARANCES

The pretrial conference was held on October 7, 2021 at 1:30 pm in front of Judge Domenico.

Appearances of Counsel:

| | |
|---|---|
| Paula Greisen | L. Kathleen Chaney |
| Meredith A. Munro | Karen B. Rogers |
| Scott Medlock | LAMBDIN & CHANEY, LLP |
| KING & GREISEN, LLP | 4949 South Syracuse Street, Suite 600 |
| 1670 York Street | Denver, CO 80237 |
| Denver, CO 80206 | (303) 799-8889 |
| (303) 298-9878 | *Attorneys for Defendant* |
| *Attorney for Plaintiff* | |

- 1 -

## JURISDICTION

Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334.

## CLAIMS AND DEFENSES

Ms. Bouricius has brought a claim against Mesa County alleging that Mesa County discriminated against her because of her age. Ms. Bouricius worked for Mesa County as a Senior Business Analyst in its Information Technology ("IT") Department. On October 7, 2016, Mesa County laid off six employees in the IT Department, including Ms. Bouricius. Ms. Bouricius, who was fifty-seven at the time, claims she was selected for termination because of her age. Mesa County denies that it discriminated against Ms. Bouricius because of her age and claims that it has a legitimate non-discriminatory reason for its business decision.

## STIPULATIONS

The following facts are undisputed:

a. Plaintiff Debra Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016.
b. Mesa County is a county; Mesa County is located in the State of Colorado; and Mesa County is a political subdivision of the State of Colorado.
c. Mesa County was the employer of Ms. Bouricius.
d. Mesa County has at all relevant times employed more than 20 employees.
e. Ms. Bouricius was over the age of 40 at the time of her separation from employment.

## PENDING MOTIONS

None.

## WITNESSES

**Plaintiff's non-expert witnesses** who **will** be present at trial (*see* Fed. R. Civ. P. 26(a)(3)(A));

a. **Debra Bouricius.** Ms. Bouricius is expected to testify regarding all aspects of her claims and defenses presented by Mesa County, including but not limited to: (1) the facts surrounding her employment with Mesa County; (2) her skills and abilities to perform her job and other jobs in the IT Department; (3) her discriminatory treatment by Whidden; (4) the skills and abilities of employees in the IT Department; (5) her termination from Mesa County; (6) her damages as a result of her termination from Mesa County; and (7) the defenses presented by Mesa County. She is expected to testify in person.

b. **Rick Corsi.** 2700 Stanford Road, Apt. 25, Fort Collins, Colorado 80525. Mr. Corsi is expected to testify regarding his knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) Mesa County's decisions to terminate the six oldest employees in the IT Department; (5) the skills and abilities of the other employees in the IT Department; and (6) the defenses presented by Mesa County.

c. **Janine Corsi.** 2700 Stanford Road, Apt. 25, Fort Collins, Colorado 80525. Ms. Corsi is expected to testify regarding her knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa

County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) Mesa County's decisions to terminate the six oldest employees in the IT Department; (5) the skills and abilities of the other employees in the IT Department, and (6) the defenses presented by Mesa County.

d. **Frank Whidden.** 161 Winter Hawk Drive, Grand Junction, CO 71503. Mr. Whidden was the County Administrator, Head of Human Resources and Head of the Information Technology departments at all relevant time frames. He is expected to testify to his role and responsibilities, relevant County policies and procedures, his decision to terminate the people chosen for the relevant layoff in October 2016 and the positions taken by Mesa County with respect to those terminations, and the pattern and practice of age discrimination in Mesa County. He is expected to testify in person.

e. **Lori Marak.** 2335 Knoll Circle, Grand Junction, Colorado 81506. Ms. Marak is expected to testify regarding her knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) the skills and abilities of employees in the IT Department; (5) Mesa County's decisions to terminate the six oldest employees in the IT Department; and (6) the defenses presented by Mesa County.

f. **Former Mesa County Commissioner John Justman** 1954 K Road, Fruita, Colorado 91521. Mr. Justman is expected to testify regarding his knowledge of the circumstances surrounding this matter, including but not limited to the policy, procedures, roles and rules that govern Mesa County and the Mesa County Commissioners, the duties of the County Commissioners as relevant

County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) Mesa County's decisions to terminate the six oldest employees in the IT Department; (5) the skills and abilities of the other employees in the IT Department, and (6) the defenses presented by Mesa County.

d. **Frank Whidden.** 161 Winter Hawk Drive, Grand Junction, CO 71503. Mr. Whidden was the County Administrator, Head of Human Resources and Head of the Information Technology departments at all relevant time frames. He is expected to testify to his role and responsibilities, relevant County policies and procedures, his decision to terminate the people chosen for the relevant layoff in October 2016 and the positions taken by Mesa County with respect to those terminations, and the pattern and practice of age discrimination in Mesa County. He is expected to testify in person.

e. **Lori Marak.** 2335 Knoll Circle, Grand Junction, Colorado 81506. Ms. Marak is expected to testify regarding her knowledge of the circumstances surrounding this matter, including but not limited to: (1) Ms. Bouricius' employment with Mesa County; (2) Ms. Bouricius' skills and abilities in her job; (3) the discriminatory treatment by Whidden; (4) the skills and abilities of employees in the IT Department; (5) Mesa County's decisions to terminate the six oldest employees in the IT Department; and (6) the defenses presented by Mesa County.

f. **Former Mesa County Commissioner John Justman** 1954 K Road, Fruita, Colorado 91521. Mr. Justman is expected to testify regarding his knowledge of the circumstances surrounding this matter, including but not limited to the policy, procedures, roles and rules that govern Mesa County and the Mesa County Commissioners, the duties of the County Commissioners as relevant

to this case, the duties and conduct of the decision-maker of the issues relevant to this case, the performance of the decision-maker, the position taken by Mesa County relative to this case including the termination decisions, the pattern and practice of age discrimination in Mesa County, and all other matters covered in the deposition of this witness and related to the issues in that deposition.

**Plaintiff's non-expert witnesses** who **will** be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

a. **William Kaempfer, Economist:** 86 Redwood Drive, Safety Harbor, FL 34695. Mr. Kaempfer is expected to testify regarding Ms. Bouricius' economic losses. Mr. Kaempfer is expected to testify remotely if allowed by the Court.

**Defendant's non-expert witnesses** who **may** be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

a. **Frank Whidden, former IT Director, HR Director and County Administration**, may be called to testify regarding the County policies and departments; the County's financial circumstances; his decisions to layoff the Plaintiff; the Plaintiff's skills as compared to the remaining employees; his process in making the decision; and his communications with those involved in the process. He is expected to testify live, either in person or virtuall

b. **Rose Pugliese, former Mesa County Commissioner**, 9580 Lizard Rock Trail, Colorado Springs, CO 80924, may be called to testify regarding her role as a commissioner; knowledge of the County's financial circumstances; her knowledge of and

participation in the process leading to Plaintiff's layoff; Frank Whidden's authority and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. She is expected to testify live, either in person or virtually.

c. **John Justman, former Mesa County Commissioner**, 1954 K Road, Fruita, CO 81521, may be called to testify regarding the Board's role and involvement in employment issues; the County's financial circumstances; Frank Whidden's position and authority as County administrator and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

d. **Scott McInnis, Mesa County Commissioner**, 544 Rood Avenue, Grand Junction, CO 81501, may be called to testify regarding the Board's role and involvement in employment issues; the County's financial circumstances; Frank Whidden's position and authority as County administrator and any other necessary testimony in rebuttal to Plaintiff's case-in-chief. He is expected to testify live, either in person or virtually.

**Defendant's expert witnesses** who **may** be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

a. **Steve Hovland, CPA**, 2536 Rimrock Avenue, Suite 400-139, Grand Junction, CO 81505, may be called to provide expert opinions in rebuttal to the opinions of Plaintiff's expert William Kaempfer, Ph.D. He is expected to testify live, either in person or virtually

## DISCOVERY

Discovery has been completed. Other than the two depositions noted below, discovery has been completed.

## SPECIAL ISSUES

a. Plaintiff requested permission for several witnesses to testify remotely because of COVID-19, uncertain road conditions, and the distance to travel from Grand Junction. Plaintiff must file with the Court which witnesses will be called remotely and when the witnesses will be called.
b. Plaintiff may depose witnesses Scott McInnis and Rose Pugliese for a total of five hours before trial commences.
c. The parties agree that records custodians are not necessary to authenticate documents pursuant to Fed. R. Evid. 803(6). All other evidentiary objections are preserved.
d. Plaintiff shall provide her Witness Order of Proof by October 11, 2021. Defendant shall provide its Witness Order of Proof by October 13, 2021. Counsel shall immediately provide notice once they learn of a change in their Order of Proof.
e. Counsel shall confirm, at the end of each trial day, the witnesses scheduled for the next trial day.

## SETTLEMENT

a. Counsel for the parties participated in a settlement conference on March 23, 2020 to discuss in good faith the settlement of the case.
b. The participants in the settlement conference, included counsel and party representatives.
c. The parties were promptly informed of all offers of settlement.
d. Counsel for the parties do not intend to hold future settlement

      conferences.

e. It appears from the discussion by all counsel that there is little to no possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.COLO.LCiv.R.16.6.

## OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Amended Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Amended Final Pretrial Order supersedes the Scheduling Order and the Final Pretrial Order. In the event of ambiguity in any provision of this Amended Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

Dated: October 12, 2021.      BY THE COURT:

                                                          Daniel D. Domenico
                                                          United States District Judge