IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

## EMERGENCY MOTION TO COMPEL TESTIMONY FROM ROSE PUGLIESE AND SCOTT MCINNIS

Plaintiff Debra Bouricius, through her legal counsel, hereby requests this Court order Defendant Mesa County's witnesses Rose Pugliese and Scott McInnis to answer questions regarding former County Administrator Frank Whidden's job performance, the reasons he was placed on administrative leave, and the related investigation and abrupt resignation of Mr. Whidden.

### I.  SUMMARY OF THE MOTION

The Court should compel Ms. Pugliese and Mr. McInnis to testify at deposition about why Mesa County placed former County Administrator Frank Whidden on administrative leave before he abruptly resigned (as well as other personnel matters regarding Mr. Whidden) for two reasons:

First, in this Age Discrimination in Employment Act case there is no federal privilege protecting public employees' "personnel" information from disclosure. As a deponent can only refuse to answer deposition questions to assert a privilege – and here none exists – Ms. Pugliese and Mr. McInnis should be compelled to answer questions regarding Mr. Whidden's job performance and resignation.

Second, even under Colorado law, the Colorado Open Records Act only protects certain personnel matters from public disclosure – *not* from discovery in litigation. Indeed, Colorado courts have required production of exactly the type of information Ms. Pugliese refused to answer questions about here. And, in this case, the Court previously ordered that similar "personnel matters" were not confidential and could not be marked as such under the Protective Order. Doc. 72.

## II.   Factual Background

Frank Whidden was the Mesa County Administrator who decided to terminate Plaintiff Ms. Bouricius in 2016 (along with five other employees over age 40, while retaining every employee under age 40). As such, when assessing whether the County's proffered justifications for the firings are pretextual, Mr. Whidden's credibility will be an essential issue for the jury to assess. *See* Doc. 134, p. 12 (order denying summary judgment, noting the evidence is "sufficient to raise a genuine issue of material fact regarding the credibility of Defendant's proffered explanation") (citing *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000)).

Mr. Whidden was placed on administrative leave in 2019, shortly after giving his deposition in this case.

Soon after the deposition of former County Commissioner John Justman, where the commissioner answered questions about Mr. Whidden's alleged misuse of County funds, Mr. Whidden abruptly resigned. Prior to his resignation, the County had also hired an outside firm to investigate sexual harassment allegations made against Mr. Whidden.

This case is set for jury trial beginning next week, on October 18, 2021. As part of its pretrial rulings, the Court permitted Plaintiff to depose two witnesses who Mesa County designated

for the first time in its pre-trial filings – former County Commissioner Rose Pugliese and current County Commissioner Scott McInnis. The depositions were ordered to take place during the week of October 11, 2021.

Ms. Pugliese appeared for her deposition on October 12, 2021, but refused to answer questions about what she contends are "personnel matters" involving Mr. Whidden, including why Mr. Whidden was placed on administrative leave, any reasons she knew for his resignation (though she testified she was "not surprised" that he resigned), and any action the Commissioners took to investigate misconduct by Mr. Whidden.[1] Despite Plaintiff's counsel's concession that these portions of the deposition could be marked as "confidential" pursuant to the Court's protective order entered in this case (Doc. 28), Ms. Pugliese still refused to answer questions about this topic.

Ms. Pugliese did testify that Mr. Whidden's administrative leave and resignation were unrelated to any medical issue.

Mr. McInnis' deposition is scheduled for the afternoon of October 13, 2021, beginning at 1:00 pm. It is believed he will also refuse to answer similar questions.

### III. ARGUMENT AND AUTHORITIES

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action. … Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. PROC. 26(b)(1). "For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to

---

[1] See C. Ashby and J. Vaccarelli, *Mesa County hired outside investigator for allegation*, GRAND JUNCTION DAILY SENTINEL, Feb. 6, 2020 (available at: https://www.gjsentinel.com/news/western_colorado/mesa-county-hired-outside-investigator-for-allegation/article_c2f6336a-cc7d-11e9-9f82-20677ce85d90.html).

every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996). Exceptions to this general rule are strongly disfavored. *Id*.

Information regarding the sexual harassment and misuse of funds allegations made against Mr. Whidden – or any other as-yet-unknown reason for his administrative leave and abrupt resignation – are discoverable under federal law. In a federal question case – like this ADEA litigation – federal law regarding privileges and confidentiality controls. FED. R. EVID. 501. *See also Fox v. Gates Corp.*, 179 F.R.D. 303, 305 (D. Colo. 1998) (declining to apply a physician/patient privilege in federal employment discrimination litigation). And there is no federal privilege protecting employers from disclosing information about personnel matters. Instead, the County relies on *state* law precluding members of the public from requesting certain portions of public employees' personnel files. *See* C.R.S. § 24-72-200.1, *et seq*. There simply is no federal privilege that protects Ms. Pugliese (or Mr. McInnis) from answering questions about Mr. Whidden's administrative leave and abrupt resignation, especially when the information can be placed under the Protective Order. As such, Ms. Pugliese's refusal to answer questions about these matters is improper and she must be compelled to testify about what she knows.

The Colorado Open Records Act (CORA) does not support Ms. Pugliese's refusal to testify. CORA defines what documents state and local government must provide to citizens interested in government transparency – *not* litigants in state or federal courts. Simply, "the [Colorado] legislature did not intend that the open records law would supplant discovery practice in civil litigation." *Martinelli v. District Ct. of Denver*, 612 F.2d 1083, 1093 (Colo. 1980) (compelling production of police officers' personnel files). Thus, the source of law Ms. Pugliese

4

relies on does not shield her from civil discovery (not even in Colorado state courts). Thus, this Court did not even consider similar matters previously litigated in this case to be worthy of the "confidential" designation under the protective order. Doc. 72.

As there is no basis for Ms. Pugliese refusing to answer questions regarding "personnel matters" implicating Mr. Whidden, the Court should enter an order re-convening the deposition and requiring Ms. Pugliese to answer these questions and caution Mr. McInnis regarding his obligations as well.

## Certificate of Conferral

Counsel for Mesa County instructed Ms. Pugliese she was permitted to refuse to answer these questions at the deposition, and thus is opposed to the relief requested in this motion.

Counsel for the Plaintiff are available at noon or any other time before the deposition of Mr. McInnis, which is scheduled to begin at 1:00 pm on October 13, 2021. Counsel for both parties are expected to be available when Mr. McInnis' deposition would otherwise begin.

Respectfully submitted this 12th day of October 2021.

KING & GREISEN, LLP

*s/ Paula Greisen*
Paula Greisen
Meredith A. Munro
Scott Medlock
1670 York St.
Denver, Colorado 80206
(303) 298-9878 telephone
(303) 298find9879 facsimile
greisen@kinggreisen.com
munro@kinggreisen.com
medlock@kinggreisen.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2021, I electronically filed the foregoing **EMERGENCY MOTION TO COMPEL TESTIMONY FROM ROSE PUGLIESE AND SCOTT McINNIS** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

L. Kathleen Chaney
Karen B. Rodgers
LAMBDIN & CHANEY, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
kchaney@lclaw.net
krogers@lclaw.net

*Attorneys for Defendant Mesa County*

                                            *s/ Laurie A. Mool*
                                            Laurie A. Mool, Paralegal