IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-01144-DDD-STV

DEBRA BOURICIUS,

Plaintiff,

v.

MESA COUNTY, by and through Mesa County Board of County Commissions,

Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY FROM ROSE PUGLIESE AND SCOTT MCINNIS**

---

Defendant Mesa County, by and through its attorneys, Lambdin & Chaney, LLP, hereby submits this Response to Plaintiff's Emergency Motion to Compel Testimony from Rose Pugliese and Scott McInnis, stating as follows:

## I. INTRODUCTION

In the late-night hours of October 12, 2021, Plaintiff filed her purported "emergency" motion seeking to compel testimony from Rose Pugliese and Scott McInnis. The disclosures Plaintiff seeks are not only irrelevant to the present action, but such disclosure would violate the requirements of Colorado's Open Records Act ("CORA"), C.R.S. § 24-72-201, *et seq.*; and impinge on the fundamental rights of privacy and confidentiality of witness Frank Whidden under the United States Constitution. Indeed, this Court previously held that "Evidence regarding Mr. Whidden's counseling business **and resignation** is inadmissible without a showing that the evidence in-volves specific

false statements or acts of dishonesty." (emphasis added) [Doc 198, p. 8]. Now Plaintiff moves the Court under the guise of a supposed "emergency" to compel witness testimony regarding the very information the Court barred from introduction at trial. Therefore, the Court should deny Plaintiff's "emergency" motion and grant Defendant's reasonable fees and costs incurred in responding to said motion.

## II.     ARGUMENT

### A.     The Testimony Plaintiff Seeks to Compel is Not Relevant

In general, the party seeking to compel discovery bears the burden of showing that the request satisfies relevance requirements of Rules of Civil Procedure. *See Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal. 1995); F.R.C.P. 26(b)(1). Here, the Court permitted Plaintiff to take the depositions of witnesses Rose Pugliese and Scott McInnis to cure the alleged defects in their disclosure as witnesses by Defendant. [Doc 198, p. 19]. Thus, the sole purpose of the limited depositions is to provide Plaintiff with an opportunity to discover information held by the witnesses for the purposes disclosed by Defendant – not to go on a fishing expedition to uncover character evidence related to Mr. Whidden and his resignation from employment by Mesa County.

As set forth above, this Court has previously held that evidence regarding Mr. Whidden's resignation will not be admitted at trial. Therefore, Plaintiff's attempts to question witnesses regarding confidential and protected information is not reasonably calculated to lead to admissible evidence at trial. In fact, Plaintiff's own "emergency" brief states that "the County had also hired an outside firm to investigate sexual harassment allegations made against Mr. Whidden." [Doc 209, p. 2]. Therefore, Plaintiff is well aware

that the reasons for Mr. Whidden's resignation are unrelated to any specific false statements or acts of dishonesty. Plaintiff fails to proffer any legitimate basis for inquiry into the witnesses' speculative understanding of the reasons Mr. Whidden decided to resign beyond the inference that Mr. Whidden is a person of bad character, which testimony violates Fed. R. Evid 404 and this Court's prior order. [Doc 198]. Therefore, Plaintiff fails to meet her burden of showing that her request meets the relevance standards of F.R.C.P. 26(a)(1) and should be denied.

**B. The Testimony Plaintiff Seeks to Elicit is Protected by the Colorado Open Records Act and the United States Constitution.**

The Colorado Open Records Act. Section 24–72–204(3)(a)(X)(A) provides:

> (3) (a) The custodian shall deny the right of inspection of the following records, unless otherwise provided by law; except that any of the following records, other than letters of reference concerning employment, licensing, or issuance of permits, shall be available to the person in interest under this subsection (3);

…

> (II)(A) Personnel files; but such files shall be available to the person in interest and to the duly elected and appointed public officials who supervise such person's work.

…

> (X)(A) Any records of sexual harassment complaints and investigations, whether or not such records are maintained as part of a personnel file; except that, an administrative agency investigating the complaint may, upon a showing of necessity to the custodian of records, gain access to information necessary to the investigation of such a complaint. This sub-subparagraph (A) shall not apply to records of sexual harassment complaints and investigations that are included in court files and records of court proceedings. Disclosure of all or a part of any records of sexual harassment complaints and investigations to the person in interest is permissible to the

> extent that the disclosure can be made without permitting the identification, as a result of the disclosure, of any individual involved. This sub-subparagraph (A) shall not preclude disclosure of all or part of the results of an investigation of the general employment policies and procedures of an agency, office, department, or division, to the extent that the disclosure can be made without permitting the identification, as a result of the disclosure, of any individual involved.

This statutory provision is part "of a comprehensive statutory framework for inspection and copying, by members of the public, of records maintained by state and local governments and governmental agencies." *Martinelli v. District Court for the City and County of Denver*, 612 P.2d 1083, 1093 (Colo.1980). CORA protects from disclosure personnel records and records of sexual harassment complaints and investigations, whether or not kept as part of the employee's personnel file. Those protections encompass everything Plaintiff seeks to compel as testimony from Rose Pugliese and Scott McInnis.

Plaintiff argues that the protections of CORA do not apply in federal court, but fails to recognize that CORA's protections create a reasonable expectation of privacy for Mr. Whidden under federal constitutional law that must be protected. "The Supreme Court has recognized that the constitutional right to privacy protects an individual's interest in preventing disclosure by the government of personal matters." *Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989)(citing *Whalen v. Roe*, 429 U.S. 589, 599 & n. 24, 97 S.Ct. 869, 876 & n. 24, 51 L.Ed.2d 64 (1977)). The *Flanagan* Court set forth the test for disclosure, holding:

> In *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432 (10th Cir.1981), we adopted the Colorado test for determining whether information contained in personnel files

> is of such a highly personal or sensitive nature that it falls within the zone of confidentiality. "In applying this test the court must consider, (1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." *Id*. at 435; *see Martinelli v. District Court in and for the City and County of Denver*, 199 Colo. 163, 612 P.2d 1083, 1091 (1980).

Indeed, *Lichtenstein* Court directed federal courts to give full faith and credit to Colorado statutory law, including CORA:

> In the interest of comity, we shall defer to the Colorado State Supreme Court's interpretation of Colorado statutory law. Federal courts are directed to give full faith and credit to state court proceedings to the same extent they are afforded full faith and credit in the courts of that state. 28 U.S.C.A. s 1738 (1976). *See also: Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed. 2d 308 (1980).

Therefore, the three-prong test established in *Martinelli* and adopted in *Lichtenstein* controls the determination of Plaintiff's Motion.

Regarding the first prong of the test, Mr. Whidden has a legitimate expectation of privacy regarding information that is exempt from disclosure under CORA, is deemed confidential by Section 6.27(C) "Harassment" in the Mesa County Human Resources Manual, was an investigation conducted by an attorney and subject to attorney-client privilege, and involves unproven allegations of moral turpitude that has no relevance to the present action – to which Mr. Whidden is not a party. Plaintiff's interest in rumors and innuendo does not outweigh Mr. Whidden's fundamental right to privacy or Mesa County's duty to preserve and protect the same.

As to the second prong, no compelling state, or other, interest would be served by compelling third-party testimony regarding Mr. Whidden's private decisions. Plaintiff is

seeking a wholesale invasion of Mr. Whidden's constitutional right to privacy without justification. As set forth above, there is no possibility that the testimony Plaintiff seeks to compel will lead to the discovery of admissible evidence. Plaintiff cites *Fox v. Gates Corp*., 179 F.R.D. 303 (D. Colo. 1998), but that decision has no application to the present matter. First, in *Fox* information was withheld pursuant to the psychotherapist/patient privilege that is not recognized by either the 10th Circuit or the Supreme Court. *Id.* at 305. By contrast, as set forth above, the 10th Circuit has adopted the Colorado test for determining whether information contained in personnel files falls within the zone of confidentiality. *See Flanagan*, 890 F.2d at 1570. Second, even had the information in *Fox* been subject to a recognized privilege, the Court held that such privilege would have been waived because the plaintiff placed her mental condition at issue in the litigation. Here, there can be no argument that Ms. Pugliese or Mr. McInnis have, or could, waive Mr. Whidden's constitutional right to privacy.

Regarding the third prong, and perhaps most obviously, there is a much less intrusive way for Plaintiff to have obtained the information she seeks, i.e. she could have asked Mr. Whidden. Plaintiff argues that "Mr. Whidden was placed on administrative leave in 2019, shortly after giving his deposition in this case." [Doc 209, p. 2]. Plaintiff has had more than two years to reopen Mr. Whidden's deposition, where Mr. Whidden could be represented by the counsel of his own choice in an effort to protect his own fundamental rights. Plaintiff cannot reasonably argue that actions that took place in 2019 are suddenly an "emergency" and that third parties must be compelled to disclose Mr. Whidden's private information that is protected under Colorado and federal law.

Plaintiff seeks to compel the government to disclose Mr. Whidden's personal matters without need or justification contrary to federal law. Plaintiff has not and cannot cite any state or federal authority wherein a state actor has been compelled to disclose a non-party witnesses' personal information that is otherwise protected by law. No such authority exists. Mr. Whidden has rights and Mesa County is legally compelled to preserve and protect those rights. Therefore, Plaintiff's Motion should be denied.

## III. CONCLUSION

Plaintiff fails to meet her initial burden of establishing the information sought to be compelled is relevant to the present action. Further, Plaintiff seeks to dispose of a third-party's privacy rights as protected under CORA, the United States Constitution, the attorney-client privilege, and contractually to go on a fishing expedition seeking to uncover inadmissible character evidence that this Court has already excluded at trial. Plaintiff could have sought this information through discovery at any point in the two years since Mr. Whidden was placed on leave and failed to do so. There is no justification "emergency" or otherwise that would require Ms. Pugliese or Mr. McInnis to disregard their obligations under Colorado and federal law to disclose Mr. Whidden's personal and confidential information at deposition. Therefore, Plaintiff's Motion should be denied.

DATED this 13th day of October, 2021.

*s/ L. Kathleen Chaney, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2021, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL TESTIMONY FROM ROSE PUGLIESE AND SCOTT MCINNIS** was filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Paula D. Greisen, Esq.: greisen@kinggreisen.com
Meredith A. Munro, Esq.: munro@kinggreisen.com
Scott Charles Medlock, Esq.: medlock@kinggreisen.com
*Attorneys for the Plaintiff*

*Printed copy with original signature on file at the office of Lambdin & Chaney, LLP*

*s/ L. Kathleen Chaney, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*