IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS 177-225 FOR VIOLATING THE COURT'S ORDER SETTING TRIAL AND TRIAL PREPARATION ORDER AND FED. R. CIV. P. 26(a)(3)(B)**

---

Plaintiff Debra Bouricius, by and through her counsel Paula Greisen, Meredith A. Munro, and Scott Medlock, of KING & GREISEN, LLP, respectfully submits her Motion to Strike Defendant's newly-disclosed Exhibits 177-225. As grounds therefore, Plaintiff states as follows:

**I. SUMMARY OF THE MOTION**

Again, Mesa County has surprised Plaintiff with trial-related disclosures well past mandatory deadlines set by the Court. The Court should preclude Defendant Mesa County from offering Exhibits 177-225 at trial because the disclosures violate the Court's Order Setting Trial and Trial Preparation Order and Rule 26(a)(3)(B). This late disclosure of voluminous documents prejudices Ms. Bouricius, cannot realistically be cured, and evinces bad faith on the part of Mesa County. The County should not be rewarded for this gamesmanship, and these exhibits should be excluded.

**II.     RELEVANT FACTS – MESA COUNTY DISCLOSES TRIAL EXHIBITS AFTER THE DEADLINES HAVE PAST**

1.      After significant delays due to the COVID-19 pandemic, this case was originally set for trial to begin on October 18, 2021.

2.      As part of the pre-trial deadlines, the parties had agreed to exchange copies of exhibits no later than October 8, 2021. [Doc. 184 at 12-13.]

3.      Pursuant to the Order Setting Trial and Trial Preparation Order [Doc. 138, ¶ 6] the parties were required to "file their proposed exhibit lists via CM/ECF seven days before the Conference. The parties filed the Proposed Pre-Trial Order on September 30, 2021, and separately listed their proposed exhibits. [Doc 184]. *Mesa County did not list any of the exhibits it now seeks to add.* [Doc. 184-2.]  The Final Pretrial Conference was held on October 7, 2021.

4.      Also pursuant to the Order Setting Trial and Trial Preparation Order [Doc. 138, ¶ 6] the parties were required to "exchange, whether electronically or in hard copy, the exhibits listed on their trial exhibit list seven days before trial." Thus, the original exchange of exhibits (based on the trial date of October 18) was to be completed no later than October 11, 2021. The parties exchanged exhibits, *and Mesa County did not include any of the exhibits it now seeks to add.*

5.      Objections to trial exhibits were required to be made no later than October 13, 2021. [Doc. 184, p. 13.] Both parties timely made their objections. [Docs. 197 & 200.]

6.      On October 13, 2021, the trial was continued, and re-set for November 1, 2021. [Docs. 214 & 216.]

7.      The newly-extended date to exchange exhibits (which exhibits the parties had been required to disclose on or before September 30) was October 25, 2021.

8.      However, on Wednesday, October 27, 2021, Defendant provided Plaintiff's counsel with 49 additional exhibits, totaling 372 new pages – twenty-seven days after the original

2

deadline (which Plaintiff complied with), six days after the trial was originally supposed to conclude, and two days after the deadline set in the Trial Preparation Order (based on the new trial date). Ex. 1.

9. The new exhibits Mesa County now seeks to admit at trial after the expiration of all disclosure deadlines are summarized as follows:

   a. What appears to be Plaintiff's entire personnel file (257 pages), going back decades (Ex. 180);

   b. Certain performance reviews for IT department employees, including many from 2010 to present (including Plaintiff) (Exs. 177-179, 181-182, 185-223);

   c. An improvement plan and reprimand for employee David "Barney" Barnett (Exs. 183-184); and

   d. Newly-created, organizational charts for the IT department (Exs. 224-225).

10. Mesa County offered no justification for its last-minute disclosure of these exhibits. Nor could it, as the documents it seeks to now add as trial exhibits were known to it for years.

11. Previously, Mesa County sought to add eight new witnesses after the close of discovery. The Court struck six of those witnesses, due to the untimely disclosure. *See* Doc. 198. The Court ordered Mesa County to present the other two witnesses for deposition. *Id*. During the first of these witnesses' depositions, the deponent baselessly refused to answer questions, requiring the magistrate judge to grant emergency orders compelling both witnesses to answer questions. Doc. 213.

12. Mesa County also filed its Defendant's Objections to Plaintiff's Trial Brief [Doc. 191] on October 5, 2021, five days past the deadline imposed by the Court in its Order [Doc. 138]

**III.  ARGUMENT AND AUTHORITIES**

The Court should strike Exhibits 177-225.

3

### A.  Standard of Review

"A party must provide to the other parties … an identification of each document or other exhibit" pursuant to deadlines set by the Court. FED. R. CIV. PROC. 26(a)(3)(A)(iii) & (B). The objective of Rule 26(a) is to "afford[] a reasonable time for final preparation for trial." Rule 26, Adv. Comm. (1993 amds.). "If a party fails to provide information … as required by Rule 26(a) … , the party is not allowed to use that information … at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. PROC. 37(c)(1). The non-moving party – here, Defendant Mesa County – has the burden of showing that its failure to comply with the rules and the Court's orders were substantially justified or that its failure was harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). The trial court has "broad discretion" in determining if a violation of Rule 26(a) is "justified or harmless." *Id*.

The Tenth Circuit has stated that courts should consider the following factors pursuant to Rule 37(c)(1):

(1)  the prejudice or surprise to the party against whom the testimony is offered;
(2)  the ability of the party to cure the prejudice;
(3)  the extent to which introducing such testimony would disrupt the trial; and
(4)  the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Management of discovery and scheduling is reviewed only for abuse of discretion. *Dr. John's v. G. Black Wahlen*, 542 F.3d 787, 790 (10th Cir. 2008) (affirming decision striking late-disclosed exhibits).

### B.  Each Factor Favors Plaintiff and Striking Mesa County's Untimely Disclosure of Exhibits.

As each of the above factors strongly favors the Plaintiff, the Court should grant this motion and prohibit Mesa County's use of these exhibits.

4

### 1. There is Substantial Prejudice and Surprise to Plaintiff.

In the final days of preparation for trial, Mesa County disclosed its intention to use an additional 372 pages of evidence, comprising 49 new exhibits. There is no justification for this disclosure past the eleventh hour. "The litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (citing the Advisory Committee Notes to 1993 Amendments to FED. R. CIV. PROC. 26(a)). As stated by The Honorable Judge Babcock, "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Gallegos v. Swift Co.*, No. 04-cv-01295-LTB-CBS, 2007 U.S. Dist. LEXIS 5440, 2007 WL 214416, at *2 (D. Colo. Jan. 25, 2007) (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)).

But that is exactly what Mesa County is doing here – waiting until the very last minute to disclose its intent to use over 370 pages of additional exhibits. Plaintiff's counsel must now use precious hours in the four days remaining before trial in reviewing these additional documents, discussing them with witnesses, determining what objections (if any) to raise, and otherwise accounting for this voluminous additional evidence. Of course, this further threatens to disrupt and delay the trial as Plaintiff will be required to object untimely to any exhibits she believes should be excluded.

Mesa County's gamesmanship is especially evident because it objected to Plaintiff offering a more limited list of personnel records (which Plaintiff had timely disclosed on September 30, 2021). When Plaintiff announced her intention to use this targeted set of employee performance evaluations the County objected that Plaintiff's exhibits were "irrelevant," lacked "foundation," were "hearsay," and should otherwise be excluded under Federal Rules of Evidence 401 and 403. *Cf.* Doc. 197, Mesa County's Objections to Plaintiff's Exhibits (objecting as "Irrelevant.

5

Foundation. Hearsay. Cumulative" to Plaintiff's performance evaluations (Exs. 17 & 18), and "Irrelevant. Foundation. Hearsay. Cumulative. F.R.E. 401 and F.R.E. 403" to evaluations of other IT department employees (Exs. 34, 127-149)) *with Defendant's new exhibits (see Para 9.b., supra)* (listing 44 different employee performance evaluations).

This factor strongly favors Plaintiff because Mesa County's conduct is a prejudicial surprise.

### 2. The Prejudice Cannot Reasonably be Cured.

Prejudice is shown when the only cure is postponing trial. *Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 U.S. Dist. LEXIS 5440, *6-9, 2007 WL 214416 (D. Colo. Jan. 25, 2007). This case has been set for trial multiple times, and – even with multiple settings – all the pre-trial deadlines have now passed. "[D]elay and mounting attorneys' fees can equate to prejudice." *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). *Zykronix, Inc. v. Conexant Sys.*, 2017 U.S. Dist. LEXIS 193453, *5-6 (D. Colo. Nov. 22, 2017) ("[A party] is indeed prejudiced, in terms of time, money, and effort, by the delayed issuance of [an opponent]'s disclosures."); *Faure v. Las Cruces Med. Ctr., LLC*, No. 14cv559, 2017 U.S. Dist. LEXIS 150358, *12-15 (D. N.M. Sept. 15, 2017); *Jama v. City & County of Denver*, 304 F.R.D. 289, 300-302, 2014 U.S. Dist. LEXIS 81255, *33-41, 2014 WL 2610015 (D. Colo. June 6, 2014).

Continuing the trial date will not cure this prejudice. "[S]cheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring at some point that the claims and evidence are fixed so that parties may proceed to trial. They are not, though [Defendant] may otherwise wish, optional deadlines that can be simply ignored or amended on a whim." *Dedmon v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYW, 2015 U.S. Dist. LEXIS 103340,

6

\*12 (D. Colo. Aug. 5, 2015). A party should not "be permitted to essentially unilaterally amend the court's Scheduling Order and Final Pretrial Orders to accommodate [its] eleventh hour disclosure of additional documents." *Id*. at \*13 (striking late disclosure of trial exhibits). But that is exactly what Mesa County is attempting here, by flouting the exhibit disclosure deadlines and trying to introduce an additional 49 exhibits, totaling hundreds of pages, long after the original deadlines had passed. "[A] continuance does not … deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Hudgins v. Vermeer Mfg. Co.*, 240 F.R.D. 682, 685 (E.D. Okla. Feb. 27, 2007) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 382 (5th Cir. 1996) & excluding plaintiffs' damages evidence as untimely disclosed).

### 3. Allowing the Introduction of the Additional Exhibits Would Disrupt the Trial.

The trial is now scheduled to begin on November 1, 2021. Allowing Plaintiff any meaningful opportunity to assess the voluminous additional exhibits without otherwise disrupting trial preparation would require yet another postponement of the trial date. Given the length of time that this case has been pending and the repeated last-minute disclosures by Mesa County, it would be fundamentally unfair to Ms. Bouricius to delay this trial to a future date. *See Faure v. Las Cruces Med. Ctr., LLC*, No. 14cv559, 2017 U.S. Dist. LEXIS 150358, \*14 (D. N.M. Sept. 15, 2017).

### 4. Mesa County's Repeated Late Disclosures and Objections Evidence Bad Faith.

Mesa County's bad faith is apparent for two reasons. First, this is a repeated pattern of behavior. Previously, the County attempted to call eight witnesses it had never previously disclosed. The Court struck six of these witnesses, and allowed last-minute depositions to be taken of the other two. During the first witness' deposition, however, she repeatedly refused to answer

7

questions, forcing Plaintiff to seek the Court's intervention to make the depositions meaningful. Second, there cannot be more obvious bad faith than Mesa County insisting on admitting previously undesignated exhibits *while objecting to a more limited and targeted set of exhibits offered by Plaintiff*.

This factor strongly favors excluding Mesa County's post eleventh hour exhibits.

### IV. CONCLUSION

Mesa County's late disclosures are again causing significant prejudice to Ms. Bouricius, which cannot be cured absent postponement of the trial. There has already been significant time spent preparing for this trial, as well as significant judicial resources spent on this case. Mesa County is responsible for this prejudice (which, given its past behavior, appears willful). Thus, the only appropriate sanction at this time is to strike these forty-nine new exhibits, and preclude Mesa County from offering them at trial. *See Dedmon v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYW, 2015 U.S. Dist. LEXIS 103340, *12 (D. Colo. Aug. 5, 2015) (striking late designated trial exhibits).

### V. CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1A

The undersigned certifies that she conferred with Defendant's counsel by emails on October 27, 2021. Defendant opposes the Motion.

Respectfully submitted this 27th day of October 2021.

                                          KING & GREISEN, LLP

                                          *s/ Paula Greisen*
                                          Paula Greisen
                                          Meredith A. Munro
                                          Scott Medlock
                                          1670 York St.
                                          Denver, Colorado 80206
                                          (303) 298-9878 telephone
                                          (303) 298-9879 facsimile
                                          greisen@kinggreisen.com
                                          munro@kinggreisen.com
                                          medlock@kinggreisen.com

                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October 2021, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS 177-225 FOR VIOLATING THE COURT'S ORDER SETTING TRIAL AND TRIAL PREPARATION ORDER AND FED. R. CIV. P. 26(a)(3)(B)** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

L. Kathleen Chaney
Karen B. Rodgers
LAMBDIN & CHANEY, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
kchaney@lclaw.net
krogers@lclaw.net

*Attorneys for Defendant Mesa County*

                                          *s/ Laurie A. Mool*
                                          Laurie A. Mool, Paralegal