IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

_____

**MESA COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS 177-225**
_____

Mesa County, by and through the Mesa County Board of County Commissioners, ("Mesa County") respectfully submits its Response in Opposition to Plaintiff's Motion to Strike Defendant's Exhibits 177-225 For Violating the Court's Order Setting Trial and Trial Preparation Order and Fed. R. Civ. P. 26(a)(3)(B). In support thereof, Mesa County states as follows.

### A. Introduction

Plaintiff's Motion to Strike Defendant's Exhibits 177-225 For Violating the Court's Order Setting Trial and Trial Preparation Order and Fed. R. Civ. P. 26(a)(3)(B) ("Plaintiff's Motion") misstates Court orders and fails to acknowledge the ongoing nature of trial preparation. It is standard trial practice for exhibit lists to be amended up to and often times throughout trial. There is no unfair prejudice or surprise as the exhibits are all documents which were properly disclosed throughout this litigation. Moreover, the

1

exhibits will be used to complete the inaccurate and misleading exhibits being used by Plaintiff.  Finally, the last two exhibits are solely demonstrative exhibits and will not be introduced into evidence.

Throughout her motion, Plaintiff argues an alleged violation of the Pretrial Order. Plaintiff's Motion at 2.  This argument is misplaced.  Plaintiff continually references alleged deadlines in Doc. 184 which was **never** entered or adopted by the Court.  The alleged deadlines in Doc. 184, therefore, are inapposite.

Next, Plaintiff relies on the Court's Order Setting Trial and Trial Preparation Order [Doc. 138] which requires exchange of **proposed** exhibit lists seven days before the Final Pretrial Conference.  Plaintiff's Motion at 2.  Nothing in the Court's Order Setting Trial and Trial Preparation Order precludes amendment to the proposed exhibit lists.

More importantly, the controlling Pretrial Order entered by the Court makes **no** reference to the exhibit lists or to any deadline to exchange or amend exhibit lists. [Doc. 199].  The Final Pretrial Order states in pertinent part "Hereafter, this Final Pretrial Order will control the subsequent course of action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice." [Doc. 199 at p. 8].  The Final Pretrial Order, therefore, abrogates the exhibit deadlines in the prior Order Setting Trial and Trial Preparation Order and does not limit a party's ability to amend its exhibit lists.

At the Final Pretrial Conference, the Court ordered the parties to amend their exhibit lists and provide one comprehensive exhibit list for trial.  On Tuesday, October 26, 2021, while working with Plaintiff on the final joint exhibit list, Defendant's counsel notified

Plaintiff's counsel of the intent to add additional exhibits and the fact that those exhibits would be produced on October 27, 2021. See Ex. 1: October 26, 2021 e-mail exchange. Plaintiff indicated no objection to the addition of new exhibits or the production of same on October 27, 2021. At 10:20 a.m. on October 27, 2021, Defendant sent Plaintiff the joint exhibit list with the newly referenced exhibits, including all bates labelling. See Ex. 2: October 27, 2021 e-mail exchange at 10:20 a.m. Again, Defendant received no objection. At 11:35 a.m. Defendant sent a link to the newly marked exhibits. It was not until 4:42 p.m. that Plaintiff first stated an objection to the amended exhibit list. See. Ex. 3: October 27, 2021 e-mail at 4:42 p.m. Plaintiff's failure to object to the additional exhibits when they were notified of same on Tuesday, October 26, 2021 should constitute a waiver of their belated objection.

Plaintiff cannot reasonably argue that the amendment of an exhibit list substantially prejudices Plaintiff. As outlined by Plaintiff the newly disclosed exhibits are: 1) Plaintiff's complete personnel file; 2) Performance reviews of Plaintiff and other employees from the IT department from 2010 to 2013; 3) an Improvement Plan and Reprimand for David Barnett; and 4) two demonstrative exhibits. All of these documents, with exception of the demonstratives, were produced throughout this litigation. Moreover, all of these documents are being offered to respond to the incomplete performance reviews and evaluations listed by Plaintiff. Specifically, Plaintiff lists only two years of employment reviews for the personnel in the IT Department and for herself. See Ex. 4: Plaintiff's Exhibit List. The additional documents are to simply complete the picture of each employee.

Additionally, on October 25, 2021, Plaintiff produced four alleged demonstrative exhibits. See Ex. 5: e-mail with Plaintiff's proposed demonstrative exhibits. Plaintiff's proposed demonstrative exhibits[1]. One of the demonstrative exhibits references Plaintiff's decades of experience and the work she allegedly performed. Within one day of receiving this demonstrative exhibit, Defendant notified Plaintiff of its intent to add additional exhibits. See Ex. 1. In less than forty-eight hours of receiving this demonstrative exhibit, Defendant produced its additional exhibits to rebut same. See. Ex. 2. There is no prejudice to Plaintiff in permitting introduction of the new exhibits as they directly respond to exhibits and demonstratives listed by Plaintiff.

Assuming *arguendo*, Plaintiff is correct regarding the deadline to provide exhibits on October 25, 2021 – Defendant's disclosure was less than forty-eight hours late. Plaintiff's argument that a delay in disclosure of less than forty-eight hours substantially prejudices Plaintiff and leads to disruption of the trial is unsupportable.

Even if the Court finds the exhibits were not timely disclosed, there is no basis for exclusion under F.R.C.P. 37(c). Plaintiff is not surprised by any of these exhibits, the use of these exhibits will not disrupt the trial and there is no bad faith or willfulness in the alleged untimely disclosure. Any alleged failure is clearly harmless given Plaintiff's extensive knowledge of the exhibits.

---

[1] Defendant objects to the use of the demonstrative exhibits as misleading, inaccurate and inadmissible. Moreover, it is Defendant's position that if its demonstrative exhibits are stricken, Plaintiff's demonstrative exhibits should likewise be stricken.

### B. Argument

*Defendant's amended exhibit list is not untimely*

Plaintiff's entire argument relies on two Court Orders, one of which was never entered, and one of which was abrogated.

Fed. R. Civ. P. 26(a)(3)(B) provides a deadline for parties to exchange witness lists and exhibits unless otherwise ordered by the Court.  Here, the deadlines provided in Fed. R. Civ. P. 26(a)(3)(B) are inapplicable because other deadlines were entered and then abrogated by the Court.

Plaintiff relies heavily on the Court's Order Setting Trial and Trial Preparation Order [Doc. 138] which required exchange of **proposed** exhibit lists seven days before the Final Pretrial Conference.  Plaintiff's Motion at 2.  Defendant timely provided a proposed exhibit list.  Nothing in the Court's Order Setting Trial and Trial Preparation Order precluded amendment to the proposed exhibit lists.  Accordingly, Defendant's amendment to add new exhibits was never precluded.

Plaintiff also relies heavily on an alleged violation of the Pretrial Order.  Plaintiff's Motion at 2.  This argument is without merit as the Pretrial Order refenced by Plaintiff [Doc. 184] was **never** entered or adopted by the Court.  The alleged deadlines in Doc. 184, therefore, are inapposite.

The controlling Pretrial Order entered by the Court makes **no** reference to the exhibit lists or to any deadline to exchange or amend exhibit lists. *see generally* [Doc. 199].  The Final Pretrial Order states in pertinent part "Hereafter, this Final Pretrial Order

5

will control the subsequent course of action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice." [Doc. 199 at p. 8]. The Final Pretrial Order, therefore, abrogates the exhibit deadlines in the prior Order Setting Trial and Trial Preparation Order and does not limit a party's ability to amend its exhibit lists. Accordingly, Defendant's amendments to its exhibit list are not untimely and there is no basis for Plaintiff's Motion to Strike.

<u>*Even if the Court determines the amendment to the exhibit list is untimely, exclusion is unwarranted.*</u>

Any sanction for a discovery violation "must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Preclusion is an extreme remedy, which should not be employed except to prevent otherwise unavoidable unfair prejudice to a litigant. *See Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir.1988). Therefore, even should the Court determine Defendant's amendments to the exhibit list are not timely, the Court must consider four factors in in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness.

1. *Plaintiff is not prejudiced or surprised by the amendment to the exhibit list.*

Plaintiff argues there is improper gamesmanship in Defendant's alleged untimely amendment of exhibit. Plaintiff's Motion at 5. In alleged support of this position, Plaintiff states the "gamesmanship is especially evidence because it objected to Plaintiff offering a more limited list of personnel records…" *Id.*

This position misapprehends the meaning of prejudice. Defendant objected to similar documents in Plaintiff's exhibit list to preserve the necessary objections. The objections, however, do not waive Defendant's right to seek admission of those documents or other similar documents. Moreover, Defendant's objections in no way establish prejudice to Plaintiff.

The 10th Circuit Court of Appeals has consistently held that the timing of the amendment of pretrial disclosures is an important element in analyzing whether the amendment would cause prejudice or surprise. *Davey v. Lockheed Martin Corp.*, 301 F. 3d 1204, 1210-1211 (10th Cir. 2002). In *Davey,* an amendment to the Final Pretrial Order, permitting additional evidence at trial, was filed the Friday before trial commenced on Monday. *Id.* The Davey Court, held that the timing of the amendment weighed against the argument of undue surprise or prejudice. *Id.*

Similarly, in *Moss v. Feldmeyer,* 979 F. 2d, 1454 (10th Cir. 1992), the *Moss* Court expressly permitted amendment of the Final Pretrial Order to include additional expert opinions on the first day of trial. *Id.* The Moss Court held there was no prejudice or surprise to the opposing party as the expert opinions, which were not originally included

in the Final Pretrial Order, had been previously disclosed during discovery. *Id.* The Court further found that because the amendment occurred prior to the start of trial, undue prejudice or surprise did not exist. *Id.*

Here, there is no undue surprise or prejudice. Defendant provided its additional exhibits six days before trial and less than forty-eight hours after receiving Plaintiff's demonstrative exhibits. All of the newly added exhibits are being offered to respond to the incomplete performance reviews and evaluations listed by Plaintiff, or to respond to Plaintiff's inaccurate and misleading demonstrative exhibits.

### 2. *There exists no potential for disruption of the scheduled trial.*

The newly added exhibits were provided to Plaintiff six days before trial. This is more than sufficient time to review 1) Plaintiff's complete personnel file; 2) Performance reviews of Plaintiff and other employees from the IT department from 2010 to 2013; 3) an Improvement Plan and Reprimand for David Barnett; and 4) two demonstrative exhibits.

The 10th Circuit Court of Appeals has repeatedly held, if amendment is made *prior* to trial no disruption of an ongoing trial is threatened. *Moss*, 979 F.2d at 1459 (stated no disruption of trial threatened because additional expert witnesses and their respective reports were made available to plaintiff prior to their testimony).

Here the amended exhibit list and exhibits were provided six days in advance of the commencement of trial. Accordingly, there is no potential for disruption of trial.

3. *Plaintiff cannot demonstrate Defendant acted in bad faith.*

Finally, there exists no evidence of bad faith or willfulness on the part of Defendant. As set forth herein, Defendant relied upon the language in the Court's Final Pretrial Order [Doc. 199 at p. 8]. It was the Defendant's understanding that this Final Pretrial Order abrogated any prior order regarding the deadline to exchange exhibits.

Defendant amended its exhibit list less than twenty-four hours after receiving Plaintiff's proposed demonstrative exhibits. As Defendant reasonably believed the amendment was timely, Defendant's alleged failure to disclose is substantially justified as a matter of law. *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5199597, at *5 (S.D. Fla. Oct. 22, 2012) ("'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact.'") (citations omitted).

The documents referenced in the amended exhibit list specifically respond to or complete Plaintiff's proposed demonstratives and exhibits. Therefore, the extreme sanction of preclusion is unwarranted. *See BanxCorp*, 978 F. Supp. 2d at 324 ("Because 'refusing to admit evidence that was not disclosed during discovery is a drastic remedy, courts will resort to preclusion only in those rare cases where a party's conduct represents *flagrant bad faith* and callous disregard of the Federal Rules of Civil Procedure.'") (citing *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 417 (S.D. N.Y. 2011) (quoting

9

*Ward v. Nat'l Geographic Soc'y*, 2002 WL 27777, at *1 (S.D. N.Y. Jan. 11, 2002)). (emphasis in original)

The Court should treat the untimely amendment as substantially justified and harmless in this instance and permit use of the exhibits at trial.

WHEREFORE, for the reasons stated above, Mesa County moves the Court to deny Plaintiff's Motion to Strike Defendant's Exhibits 177-225 For Violating the Court's Order Setting Trial and Trial Preparation Order and Fed. R. Civ. P. 26(a)(3)(B).

Respectfully submitted this 28th day of October 2021.

/s/ L. Karen B. Rogers, Esq.
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: kchaney@lclaw.net; krogers@lclaw.net
*Attorneys for Defendant Mesa County*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1. This Response contains 2,240 words. (MAX 4,000 WORDS)

/s/ Karen B. Rogers, Esq.
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email: krogers@lclaw.net;
*Attorneys for Defendant Mesa County*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MESA COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBITS 177-225** was served this 28th day of October 2021, via the CM/ECF electronic filing system, to the following:

Paula Greisen
Meredith A. Munro
King & Greisen, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
Fax: (303) 298-9879
greisen@kinggreisen.com
munro@kinggreisen.com
Attorneys for Plaintiff

*/s/ Karen B. Rogers, Esq.*
L. Kathleen Chaney, #29358
Karen B. Rogers, #45991
LAMBDIN & CHANEY, LLP
4949 South Syracuse Street, Suite 600
Denver, CO 80237
(303) 799-8889
(303) 799-3700 (facsimile)
Email:  kchaney@lclaw.net;
*Attorneys for Defendant Mesa County*