# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Civil Action No. 1:18-cv-01144-DDD-STV

DEBRA BOURICIUS,

      Plaintiff,

v.

MESA COUNTY,

      Defendant.

---

## FINAL JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1
### Introduction to Final Instructions

Members of the jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first I will give you some general instructions that apply in every civil case—for example, instructions about the burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2
### Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts— you must follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

The lawyers may have referred to some of the governing rules of law throughout the course of the trial, and some of the witnesses testified to their understanding of the law. The lawyers also may properly refer to the governing rules of law in their closing arguments. If there is any difference between the law as stated by the lawyers or witnesses and my instructions to you on the law, you must follow my instructions.

It is also your duty to base your verdict solely upon the evidence, without bias or prejudice. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

**INSTRUCTION NO. 3**
**Equality of Parties**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A governmental entity, such as Mesa County, is entitled to the same fair trial as a private individual. All persons, including governmental entities and other organizations, stand equal before the law, and are to be treated as equals. Do not let bias, prejudice, or sympathy play any part in your deliberations.

**INSTRUCTION NO. 4**
**Burden of Proof – Preponderance of the Evidence**

The plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If Ms. Bouricius should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for Mesa County as to that claim.

The defendant has the burden of establishing the essential elements of an affirmative defense by a preponderance of the evidence.

"Establish by a preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**INSTRUCTION NO. 5**
**Evidence – Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you must not let them influence your decision in any way.

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

### INSTRUCTION NO. 6
### Evidence – Direct and Circumstantial – Inferences

As I instructed you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is circumstantial evidence, that is, the proof of a fact or chain of facts that points to the existence or non-existence of certain other facts.

The law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts based on all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits that you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts that have been established by the evidence.

**INSTRUCTION NO. 7**
**Credibility of Witnesses – Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a single or small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**INSTRUCTION NO. 8**
**Remote Testimony**

In this trial, you heard testimony by video teleconference from witnesses in a remote location. You should give this testimony the same consideration you would give it had the witness appeared and testified here in the courtroom.

**INSTRUCTION NO. 9**
**Demonstratives – Charts or Summaries**

Charts or summaries that are not received in evidence are known as demonstratives. Charts or summaries that are received in evidence are exhibits.

The only purpose of a demonstrative chart or summary is to help explain the evidence in the case. A demonstrative is not itself evidence and does not prove any fact. Demonstratives that were presented by the parties during the course of the trial will not be available to you during your deliberations.

Charts or summaries received as exhibits, however, are evidence. Such a chart or summary exhibit is only as valid and reliable as the underlying evidence it summarizes, and is not independent evidence on its subject matter. Charts or summaries received as exhibits will be available to you during your deliberations along with all the other exhibits that were received in evidence during the course of the trial.

**INSTRUCTION NO. 10**
**Stipulations**

The parties have stipulated to the following facts, and agree that these facts can be taken as true without further proof:

1. Plaintiff Debra Bouricius was an employee of Mesa County between April 2, 1990 and October 7, 2016.

2. Ms. Bouricius was over the age of forty at the time of her separation from employment.

3. In Exhibit 52, pages DEF 61-62 list current employees of the Mesa County IT department as of December 6, 2017, and page DEF 63 lists the Mesa County employees who were terminated on October 7, 2016.

4. When Ms. Bouricius was terminated, she received one month of severance pay and a payout of her unused vacation and sick leave, which together totaled $18,581.67.

## INSTRUCTION NO. 11
### Agency-Principal

Mesa County acts through its employees, agents, directors, or officers, including Frank Whidden and the Board of County Commissioners. Thus, the conduct of Mesa County's employees and its Board is attributed to the County, that is, the acts of its employees and the Board are the acts of the County.

**INSTRUCTION NO. 12**
**Age Discrimination in Employment Act**

The law to be applied in this case is a federal law called the Age Discrimination in Employment Act, which prohibits age discrimination against an employee who is forty years of age or older.

Ms. Bouricius claims that Mesa County terminated her because of her age, and that Mesa County willfully violated the law when it terminated her.

Mesa County denies that it terminated Ms. Bouricius because of her age, and asserts that it terminated her for non-discriminatory reasons.

## INSTRUCTION NO. 13
### Elements of Plaintiff's Claim

To prove her claim of age discrimination against Mesa County, Ms. Bouricius must establish each of the following elements by a preponderance of the evidence:

1. Mesa County terminated Ms. Bouricius's employment;

2. Ms. Bouricius was forty years of age or older when Mesa County terminated her employment; and

3. Mesa County terminated Ms. Bouricius because of her age, that is, Mesa County would not have terminated her but for her age.

## INSTRUCTION NO. 14
### Because of Age – Defined

To determine that Mesa County terminated Ms. Bouricius because of her age—that is, that Mesa County would not have terminated her but for her age—you must decide that Mesa County would not have terminated Ms. Bouricius if she had been younger but everything else had been the same. This standard does not require Ms. Bouricius to show that age was the sole motivating factor in the decision to terminate her. You may determine that Mesa County terminated Ms. Bouricius because of her age even if other factors contributed to Mesa County's decision, so long as age was the factor that made a difference.

To decide whether Mesa County terminated Ms. Bouricius because of her age, you may consider the circumstances of Mesa County's decision to terminate her. Where, as here, the defendant contends that the plaintiff's employment position was eliminated due to a reduction in force, you may, but are not required to, infer that the defendant terminated the plaintiff because of her age if the plaintiff shows that the defendant fired qualified older employees but retained not insignificantly younger ones in similar positions. Ms. Bouricius is not required to show that she was as or more qualified than the employees who were retained.

Mesa County contends that it terminated Ms. Bouricius for reasons other than her age. Ms. Bouricius contends that Mesa County's stated reasons for terminating her were a pretext, or excuse, for age discrimination or unworthy of belief.

If you believe Mesa County's stated reasons for terminating Ms. Bouricius and find that Mesa County would have terminated Ms. Bouricius for those reasons regardless of her age, then you must find

for Mesa County. If you do not believe Mesa County's stated reasons for terminating Ms. Bouricius, then you may, but are not required to, infer that the true reason Mesa County terminated Ms. Bouricius was because of her age.

## INSTRUCTION NO. 15
## Business Judgment

If you believe Mesa County acted for the reasons it stated for terminating Ms. Bouricius and find that Mesa County's decision to terminate her was not because of her age, then you must not second-guess that decision or substitute your own judgment for Mesa County's business judgment, even if you do not agree with it. An employer may not discriminate against an employee because of age, but an employer may terminate an employee for any other reason—good or bad, fair or unfair.

**INSTRUCTION NO. 16**
**Age-Related Remarks**

You have heard evidence during the course of the trial regarding certain allegedly discriminatory remarks. Age-related remarks made by a person who was not involved in the decision to terminate Ms. Bouricius are not evidence of age discrimination by Mesa County. On the other hand, you may draw an inference of age discrimination from evidence of age-related remarks made a person who was involved in the decision to terminate Ms. Bouricius. When evaluating whether a decision-maker's age-related remarks support an inference of age discrimination, you should consider whether there is any connection between the allegedly discriminatory remarks and the decision to terminate Ms. Bouricius, or whether the remarks were isolated comments unrelated to that decision.

**INSTRUCTION NO. 17**
**Effect of Instruction as to Damages**

If you find that Ms. Bouricius has proved each element of her claim by a preponderance of the evidence so that Mesa County is liable, then you must determine Ms. Bouricius's damages, if any.

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you find that Ms. Bouricius has proved liability by a preponderance of the evidence in accordance with the other instructions I have given you.

**INSTRUCTION NO. 18**
**Damages – Back Pay – Failure to Mitigate**

Damages means the amount of money that will reasonably and fairly compensate Ms. Bouricius for any loss of wages and benefits you find she would have earned in her employment with Mesa County if she had not been terminated.

You should consider the following elements of damages and no others:

1. Back Pay Award: Back pay is the amount of any wages and employee benefits that Ms. Bouricius proved by a preponderance of the evidence she would have received from October 7, 2016 when she was terminated to January 3, 2017 when she began employment with the Boulder County District Attorney's Office, minus the amount of any wages and employee benefits that Mesa County proved by a preponderance of the evidence she did receive during that time period that she would not otherwise have received if she had not been terminated.

2. Mitigation of Back Pay Award: Ms. Bouricius had a duty to mitigate, or minimize, her damages, and Mesa County claims that she failed to do so. To prove this affirmative defense, Mesa County must must establish by a preponderance of the evidence that Ms. Bouricius failed to make a reasonable good faith effort to obtain available substantially equivalent jobs, that is, jobs of like kind, status, and pay as the job from which she was terminated. If you find that Ms. Bouricius failed to mitigate her damages, you must determine the amount of money, if any, that Mesa County proved by a preponderance of the evidence Ms. Bouricius would have earned from the time she reasonably could have obtained a

substantially equivalent new job to January 3, 2017, and you must deduct that amount from the back pay award.

Damages may not be based on prejudice or sympathy. Nor may they be based on speculation or guesswork. They must be based on the evidence presented at trial and only that evidence. But the law does not require that the amount of damages be proved with mathematical precision. Damages must be proved only with as much definiteness and accuracy as the circumstances permit. Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**INSTRUCTION NO. 19**
**Willfulness**

If you find that Mesa County discriminated against Ms. Bouricius because of her age, then you must decide whether Mesa County's conduct was a willful violation of the law.

To establish willfulness, Ms. Bouricius must prove by a preponderance of the evidence that when Mesa County terminated her, it either (a) knew that its conduct violated the Age Discrimination in Employment Act, or (b) acted with reckless disregard for whether its conduct violated the Act.

## INSTRUCTION NO. 20
## Procedures for Deliberations

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court. You should also review the instructions. Your deliberations will be more productive if you understand the legal principles upon which your verdict must be based, and you are bound by your oath to follow the law stated in these instructions throughout your deliberations. Once you begin deliberations, you may only discuss the case if all jurors are present.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision or surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. You should not tell anyone—including me—details of your deliberations or how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence you have seen and heard in the courtroom and on the law I have given to you in these instructions.

Fifth, the verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

Finally, the verdict form is the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

## INSTRUCTION NO. 21
## Communication During Deliberations

During your deliberations, you must not communicate with, provide any information to, or receive any information from anyone else by any means about this case. You may not use any electronic device or media, such as a phone, computer, tablet, or the internet, or any application or website such as Facebook, Instagram, Twitter, Snapchat, TikTok, or WhatsApp to communicate to anyone any information about this case, or to conduct any research about this case. Until I accept your verdict, you can only discuss the case in the jury room with your fellow jurors. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. You will never have to explain your verdict to anyone. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties to the case. This would unfairly impact the judicial process.