# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

---



*Photo of the Great Seal of the United States*

*by Denver sculptor William Joseph, courtesy of the U.S. General Services Administration*

---

# *HEARING OFFICER'S GUIDE TO BILLS OF COSTS*

**Disclaimer**: *The contents of this guide are provided for informational purposes only and do not constitute legal advice.*

*The hearing officer's guidelines set forth below "do not purport to be an authoritative exposition of the costs allowable under applicable law and they are not binding on the district court." In re Williams Sec. Litig.-WCG Subclass, 558 F.3d 1144, 1149 (10th Cir. 2009).*



*This handbook is intended as a guide to counsel and any unrepresented party seeking costs pursuant to D.C.COLO.LCivR 54.1.  It does not express the viewpoints or policies of any judicial officer of the U.S. District Court.  The final award of costs rests within the discretion of the presiding judicial officer.*

## Table of Contents

*PREFACE: Cutting to the Chase…Top 25 Tips re: Costs Awarded/Not Awarded by Clerk*.....................4

*I.    Introduction – "A Venerable Presumption"*.................................................6

- **28 U.S. Code § 1920 - Taxation of costs – Text of the Act**....................6
- *The Development of Costs Awards Law – and Why It's Relevant*.............7

*II.   Federal Rule of Civil Procedure 54(d)(1) – Text of the Rule*......................10

- *District of Colorado Local Rule 54.1, and the Clerk's Procedures*...........11
- *Some Additional Important Facts Regarding Bills of Costs*......................15
- *NEW Procedures Effective July 1, 2020*..................................................16
- *Quick Summary of Clerk's Procedures*....................................................17
- *Who is the Prevailing Party under Fed. R. Civ. P.  54(d)(1)?*..................18
- *Degrees of "Prevailing" - Are Set-Offs Permitted, or Apportionment Between Parties?*........19
- *A Further Word on Apportionment*...........................................................19
- *Financial Status of a Party*......................................................................20
  - ➤ *Employee / Corporate Representative*..............................................20
  - ➤ *Indigency*.........................................................................................21
  - ➤ *Nature of Suit or Party*....................................................................21

*III.  28 U.S.C. § 1920 Categories*...............................................................22

**"(1) Fees of clerk and Marshal"**..............................................................22

- ➤ **Filing Fees.**....................................................................................22
- ❖ **PACER Charges (Public Access to Court Electronic Records).**..........23
- ❖ **Bar Admission / Bar Renewal Fees.**...............................................23
- ➤ **U.S. Marshal Fees / Fees for Service**............................................24
- ❖ **Private Process Server**..................................................................25
- ❖ **Attempts.**......................................................................................25

**"(2) Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case"**......26

- ➤ **U.S. District Court Courtroom Transcripts**.......................................26
- ❖ **Realtime transcripts**.......................................................................27
- ➤ **Deposition Transcripts**....................................................................27

&#10070;   **Video Depositions** ................................................................................................. 30

&#10070;   **Other Deposition Issues** ...................................................................................... 31

*"(3) Fees and disbursements for printing and witnesses"* ............................. 33

&#10148;   **Printing Fees** ........................................................................................................ 33

&#10148;   **Witness Fees** ........................................................................................................ 34

&#10148;   **What is Not Awardable as a Witness Fee** ......................................................... 35

*"(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"* .................................................... 37

&#10148;   **Exemplification** ..................................................................................................... 37

&#10148;   **Copies – Paper or Other** ...................................................................................... 37

&#10070;   **Trial Exhibits** ........................................................................................................ 38

&#10148;   **Exhibits for Dispositive or Other Motions** ...................................................... 38

&#10148;   **Demonstrative Exhibits** ....................................................................................... 38

&#10070;   **Responses to Discovery** ..................................................................................... 39

&#10070;   **Electronically-Stored Information (ESI) / "E-Discovery"** ................................ 39

&#10148;   **Costs of a PowerPoint Presentation** .................................................................. 40

&#10148;   **Pleadings, Motions, Documents Filed in a Case** .............................................. 40

*"(5) Docket Fees under section 1923 of this title"* ......................................... 40

*"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title"* .............. 41

&#10148;   **Court-appointed Experts** ..................................................................................... 41

&#10148;   **Interpreters** ........................................................................................................... 42

&#10148;   **Special Interpretation Services** .......................................................................... 43

*"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."* ............................................................................................................ 43

IV.    *Miscellaneous Costs and Other Considerations* ........................................... 43

&#10148;   *Offers of Judgment Under Fed. R. Civ. P. 68* .................................................. 43

&#10148;   *Legal Research* ..................................................................................................... 44

&#10148;   *Postage, Mailing, Courier Fees, etc.* ................................................................. 44

&#10148;   *Mediation Costs* ................................................................................................... 44

&#10148;   *Trial Technology* ................................................................................................... 44

&#10148;   *Trial / Jury Consulting Services* ......................................................................... 45

&#10148;   *Appellate Costs* ................................................................................................... 45

V.    *Awards Under Diversity Jurisdiction* ............................................................. 45

**Conclusion** ........................................................................................................... 46

*INDEX* ..................................................................................................................... 47

## *PREFACE: Cutting to the Chase…Top 25 Tips re: Costs Awarded/Not Awarded by Clerk*

❖ **Is a separate affidavit necessary to accompany the bill of costs, pursuant to 28 U.S.C. § 1924?** No, the Bill of Costs form contains a declaration that adequately suffices as the affidavit required by § 1924**.**

❖ **Do I need to attach supporting documentation, invoices, copying charge lists, receipts, etc.?** Yes.

❖ **Do I need to attach an itemized list, chart, or simple spreadsheet, to assist the clerk and the parties to keep track of requested categories and items during the bill of costs hearing?** Yes.

❖ **Do I or my assistant need to call the clerk to reserve a spot on the clerk's calendar, before I file the bill of costs?** No, the clerk will e-mail (or telephone, if it's a pro se party and no e-mail address is given) to reset the date if there's a conflict.

❖ **As the non-prevailing party, do I need to file an objection to the bill of costs, and if so, when?** No, there is no requirement to file an objection, but you may do so if you wish. *[Use Docket Event: CM-ECF Civil Events / Other Filings / Documents / "Objection(s)."]* There is no response/reply schedule with a bill of costs under Local Civil Rule 7.1(d), as a bill of costs is not a motion.

❖ **My client was sued by an inmate in a correctional or detention facility - do I need to contact the inmate when setting the bill of costs hearing, and confer with the inmate about a possible stipulation to all or part of the costs, since Local rule 7.1(b) says I don't have to confer with an inmate before filing a motion?** <u>Yes</u>, you do have to confer with the inmate by mail or through the case manager about the hearing date, phone number the clerk is to call, <u>and</u> whether the inmate will agree to all or part of the costs. Local Civil Rule 7.1(b)(1) pertains to *motions*, and a bill of costs is not a motion and LCivR 54.1 has its own conferral requirement.

❖ **Partial Awards – If the prevailing party won only on one claim, or won only nominal damages, is the cost award reduced**? No.

❖ **Are costs awarded against an indigent party?** Yes. The Court retains discretion to award or not award – not the clerk.

❖ **Are filing fees awarded?** Yes, including related Colo. Judicial Branch fees for a removed case.

❖ **Are bar admission fees awarded? <u>No</u>**. Admission fees are attorney expenses, i.e., attorney fees. The clerk will **<u>never</u>** award admission fees.

❖ **Service of Process/Subpoena Fees?**  Yes.  The clerk awards private process server fees as well, not limited to the fees of the Marshal – as long as they are reasonable and a reason is given.

❖ **Court Hearing Transcripts?**  Maybe.  Used in a hearing, for a substantive purpose? Yes. Counsel's Convenience?  No.

❖ **Deposition Transcripts?**  Yes.  As long as not used strictly for discovery; and if reasonably necessary at time obtained.

❖ **Deposition Videos?**  Generally, yes – but the party must have a valid reason.

❖ **Witness Fees?**  Yes.  Follow 28 USC § 1821 fee guidelines; witness must have testified, or been deposed and the deposition awarded.  Rates established by the GSA determine lodging and meals & incidental expenses. Includes airfare (reasonable), taxi, car rental, tolls, parking.

❖ **Fed. R. Civ. P. 30(b)(6) Witness, or Corporate Representative?**  Yes.  As long as he/she is not the "Real Party in Interest" named as a party or directing the litigation.

❖ **Expert Witness?  No.**  Expert witnesses are awarded the same costs as any other witness.

❖ **Fees for Copies?**  Depends**.**  Pleadings and Filings? No.  Client copies? No. Acquiring records from repositories for use in the case? Yes.  Used for initial disclosures? No.  Incurred as part of discovery response? Yes.  Used for deposition or dispositive motion exhibits? Yes. Used for trial? Yes.  Demonstrative exhibit? Yes, if used and admitted.  Electronically Stored Information (ESI)(also called "e-discovery")? Yes, but only what is the equivalent of "copying."

❖ **Docket Fees under § 1923?**  Yes.

❖ _Court_-**appointed Experts, Interpreters, Special Interpretation Services, Special Masters?** Yes. Translators?  No.

❖ **Fed. R. Civ. P. 68 Offer of Judgment costs?**  Yes, if  the circumstances of the offer and eventual outcome fit the rule's parameters.

❖ **Postage/Mailing/Courier delivery fees?**  No.

❖ **Award of Costs under Colorado Statutes in Diversity Cases?**  No, despite previous practices, the clerk will no longer award such costs.  See _Stender v. Archstone-Smith Operating Tr.,_ No. 18-1432, 2020 WL 2109208 (10th Cir. May 4, 2020_)._ Parties may file motions to the court for the application of state costs statutes in diversity cases; the clerk will only award costs pursuant to the Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 costs framework.

## I. *Introduction – "A Venerable Presumption"*

The first enactment of a uniform, nation-wide federal costs law provided a simple test, items assessable as costs, and identified who would be responsible for making costs determinations:

> The bill of fees of clerk, marshal, and attorneys, and the amount paid printers, and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trial in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party.  Such taxed bills shall be filed with the papers in the cause.

**Act of Feb. 26, 1853**, 10 Stat. 168 – "The Fee Act of 1853"

Compare the 19th Century law's similarity to its 20th century successor, the current federal costs statute:

- **28 U.S. Code § 1920 - Taxation of costs – Text of the Act**

  **A judge or clerk of any court of the United States may tax as costs the following:**

  **(1) Fees of the clerk and marshal;**
  **(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;**
  **(3) Fees and disbursements for printing and witnesses;**
  **(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;**
  **(5) Docket fees under section 1923 of this title;**
  **(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.**

  **A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.**

The awarding of costs in the American legal system is a unique and often misunderstood or forgotten feature of civil litigation.  A court can award costs as part of a sanction or penalty for misconduct during a case;[1] as an operation of a specific statute's

---

[1] Fed. R. Civ. P. 26(g); Fed. R. Civ. P 37(a)-(d), (f).

authority to "fee-shift" or reward a type of costs to a successful party in a case;[2] or, as discussed in this Guide, as part of a legal tradition followed since the origins of the United States (and codified by Congress in the Fee Act of 1853, above) which holds that a successful litigant in any civil case - no matter the subject matter - should have some of their expenses reimbursed by the losing party at the conclusion of the civil case.

The term "costs" is a legal *term of art* (i.e., has a special legal definition) that covers some of the overall expenses a party in a case can incur and then be compensated by the opposing party at the conclusion of a case. This has been recognized by the federal courts, including the U.S. Supreme Court, as "a venerable presumption" that a prevailing party is entitled to costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). **It is not, however, an insurance policy that makes a successful party in a case whole through recovery and reimbursement of <u>all</u> expenses.** As explained throughout this Guide, the awarding of costs has been specifically designed by Congress, through a series of interrelated rules of procedure and statutes, to be a limited and narrowly applied mechanism to *partially* compensate a successful party for the party's his time and inconvenience. As opposed to the English common law tradition requiring the losing side to pay the opponent's attorney fees, the legal tradition of the United States – the American Rule – does not penalize a losing party by forcing the party to pay its opponent's legal fees.[3] A statutorily-based, limited award of *costs* is not meant to conflict with this tradition.

> *COSTS, (pl.): The expenses of litigation, prosecution, or other legal transaction, esp. those allowed in favor of one party against the other.*
>
> *Black's Law Dictionary (11th ed. 2019)*

 ***Why the History Lesson? It explains why the clerk, following legal tradition will not be awarding very many costs.***

- ***The Development of Costs Awards Law – and Why It's Relevant***

While the new nation of the United States was still maturing, the U.S. Congress established a law in 1793 that directed "taxable costs" in most federal court cases be determined according to the practice of courts of the State in which each federal court sat. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 439–40, (1987). For the first half of the 1800s, federal courts continued to follow state laws and costs rules, resulting in a hodgepodge of practices and results; by 1853 there was a "great diversity

---

[2] *See, e.g.,* 42 U.S.C. § 1988 - <u>Proceedings in vindication of civil rights</u> (permitting prevailing parties in certain civil rights actions to be awarded "a reasonable attorney's fee as part of the costs); *also*, 20 U.S.C. § 1415 - <u>Individuals with Disabilities Education Act</u> (IDEA).

[3] **American Rule** (1868): The general policy that all litigants, even the prevailing one, must bear their own attorney's fees. The rule is subject to bad-faith and other statutory and contractual exceptions. ***Black's Law Dictionary*** (11th ed. 2019)

in practice among the courts" and "losing litigants were being unfairly saddled with exorbitant fees." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 251 (1975). **With the goal of creating a uniform system for awarding costs in the federal courts, Congress passed the 1853 Fee Act – a comprehensive scheme regulating when and how both attorney fees and costs are awarded at the conclusion of cases.** The resulting 1853 Fee Act "was a far-reaching Act specifying in detail the nature and amount of the taxable items of cost in the federal courts." *Id.*, at 251–252.



The 1853 Fee Act provided "That in lieu of the compensation now allowed by law to attorneys, solicitors, ... and ... witnesses ... in the several States, ***the following and no other compensation shall be taxed and allowed***' – listing the types of charges a party could recover [see snapshot of the statute at the introduction to this Guide]. The establishment in 1853 of a uniform system to award costs has been carried forward to the present, in a succession of statutory re-formulations, eventually renaming the Fee Act into **Title 28, United States Code, Section (§) 1920 in 1948**. Under § 1920, a court may tax as costs the various items specified in sections (1) through (5). *Alyeska Pipeline,* 421 U.S. at 255–56. Section 6 was added by enactment of the Court Interpreters Act of 1978. *Taniguchi v. Kan Pacific Saipan Ltd.*, 566 US. 560, 566 (2012)).

PRESIDENT MILLARD FILLMORE ENACTED THE FEE ACT OF 1853
(PHOTO COURTESY OF THE WHITE HOUSE HISTORICAL ASSOCIATION)

**28 U.S.C. § 1920 (and other important associated fees and costs laws in Title 28) operates as the historic roadmap for the award of costs at the conclusion of a civil case**.[4] While there are exceptions and special circumstances – addressed further in this Guide – where case expenses can be awarded that go beyond the scope of the six categories of costs in § 1920, the costs statute generally provides limitations as to what can be awarded as costs. Though the statute sets the parameters as to what costs are taxable, the authority and direction to award costs comes from the Federal Rules of Civil Procedure – specifically, **Fed. R. Civ. P. 54(d)(1)**, which provides in part, "**Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.**"

The default rule is that costs (other than attorney's fees) should be awarded, with that function performed by the clerk of the court or the clerk's his designee(s)[5] on the filing of bill of costs (required under § 1920). Rule 54(d)(1) provides courts the discretion,

---

[4] The awarding of costs is not limited to civil actions - see **28 U.S.C. § 1918**: "Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution."

[5] **28 U.S. Code § 956 - Powers and Duties of clerks and Deputies**:
The clerk of each court and his deputies and assistants shall exercise the powers and perform the duties assigned to them by the court.

authority and overall presumption that costs will be taxed in favor of – and when requested by – the prevailing party in a case; § 1920 and its cousins (28 U.S.C. §§ 1821, 1914, 1919, 1921, 1923 and 1924) provide the instructions on what to award and define the term 'costs' as Justice Rehnquist explained in *Crawford Fitting*, an opinion of the U.S. Supreme Court critically important in its defining of the scope and limits of § 1920:

> We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

> *Crawford Fitting,* 482 at 441–42.

With Rule 54 providing the green light to award costs, and § 1920 and its companions providing the definition of costs and its subsets, the **U.S. Supreme Court has repeatedly recognized that taxable costs are limited to relatively minor, incidental expenses** – clerk fees, court reporter fees, printing and witness fees (with specific daily dollar amount limits), etc. *Taniguchi*, 566 US. at 573 (2013)("In fact, taxable costs are a fraction of the non-taxable expenses borne by litigants for attorneys, experts, consultants and investigators. **It should come as little surprise, therefore, that 'costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.**"); *Rimini Street, Inc. v Oracle USA, Inc.*, 139 S.Ct. 873, 878 (2019)(**"Our cases, in sum, establish a clear rule: A statute awarding "costs" will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect."**); *see also Kansas v. Colorado*, 556 U.S. 98, 102–03 (2009)(Expert witness attendance fees in cases brought under Supreme Court's original jurisdiction are the same as the expert witness attendance fees that would be available [i.e., not available] in a district court under § 1821(b)). That is why the determination and decision on costs is merely a clerical matter best delegated to the clerk or the clerk's staff. *Taniguchi*, 566 US. at 573.

**Why is the history of the costs statute and its interplay with the federal rule relevant?** It highlights the tradition that the "American Rule", prohibiting a losing party in a federal court from having to absorb the winner's attorney's fees, is a companion principle to the Fee Act of 1853 and its current embodiment, 28 U.S.C. § 1920. **The awarding of costs is a ministerial act, performed by a clerk (limited and defined by 6 approximate areas or subjects) that is not meant to restore a person or organization to a pre-litigation state; but instead, burdens even a prevailing party to bear a portion of the costs of expensive litigation.**[6]

---

[6] See the remarks of Senator Bradbury, Cong.Globe App., 32d Cong., 2d Sess., 207 (1853): 'It is to correct the evils and remedy the defects of the present system, that the bill has been prepared and passed by the House of Representatives. **It attempts to simplify the taxation of fees, by prescribing a limited number of definite items to be allowed**. . . .' *Alyeska Pipeline*, 421 U.S. at, 252 [FN24].

## II.   *Federal Rule of Civil Procedure 54(d)(1)* – Text of the Rule

Federal Civil Rule 54 – titled **"Judgment, Costs"** establishes several procedures regarding the entry of a judgment in a civil case and the ensuing procedural steps, including the rule for submission of an attorney's fees motion.  It also authorizes the award of costs by a court in a judgment, to be executed by a clerk:

> **(d) Costs; Attorney's Fees.**
> **(1)     Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Costs, therefore, should be allowed to a prevailing, or "winning" party, who has a presumptive right to recover costs.  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000).  It is the Court – the presiding judge in the case who directs that judgment be entered – who makes that determination in the final order, or the jury's verdict, and corresponding final judgment in a case.  A court need not actually award any costs under Fed. R. Civ. P. 54(d)(1).  *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).  The "should be allowed" provision of the rule establishes a presumption in favor of awarding of costs, so a court must state its reasoning if it decides to *deny* costs to a prevailing party.  *Furr v. AT & T Technologies., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987).  A court has discretionary authority to deny costs to a party, but must provide a reason for doing so to provide the appellate court a basis to judge whether the trial court acted within its discretion.  *Serna v. Manzano*, 616 F.2d 1165, 1167–68 (10th Cir. 1980).

As the rule recognizes, a statute may bar or explicitly limit an imposition of costs for a reason recognized by Congress, and costs against the United States generally must follow the rules set forth in 28 U.S.C. § 2412.  After the indication in a final decree by the court that costs will be awarded, the clerk then conducts the administrative act of "taxation" of costs "on 14 days' notice" – meaning, after the filing of the "bill" or costs request.  The clerk can make the determination no sooner than 14 days (until a uniform time-computation revision to all the federal rules language occurred in 2009, costs could be taxed on only one day's notice).

A prevailing party bears the burden of establishing the amount of costs to which it is entitled, based on the presumption ["venerable", per *Marx v. Gen. Rev. Corp.*] that such costs will be awarded, and "once a prevailing party establishes its right to recover allowable costs, the burden shifts to the non-prevailing party to overcome the presumption." *In re Williams Securities Litig. – WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).  While the burden-shifting established by Rule 54(d)(1) directs the parties to *eventually* engage in their briefing or arguments before the court if the parties are

dissatisfied with the clerk's decision, that same burden-shifting and presentation of evidence takes place before the clerk first, as described below.

- ### *District of Colorado Local Rule 54.1, and the Clerk's Procedures*

The local rule on costs gives further direction about what to submit, when, and how a decision on a bill of costs is made:

### D.C.COLO.LCivR[7] 54.1 TAXATION OF COSTS

Each judgment or final order shall indicate any party entitled to costs. Unless otherwise ordered, the clerk shall tax costs in favor of a prevailing party or parties. A bill of costs shall be filed on the form provided by the court HERE no later than 14 days after entry of the judgment or final order. After filing a bill of costs and prior to appearing before the clerk, counsel and any unrepresented party seeking costs shall file a written statement that they have conferred as to disputes regarding costs. If all disputes are resolved, a stipulation specifying costs shall be filed with the court.

The "HERE" link takes the reader to the court's internet website page, specifically to the "Forms" subpage where the "Bill of Costs (AO 133) and Instructions" form can be downloaded.



The local rule makes several important clarifications to Rule 54(d)(1) and 28 U.S.C. § 1920. First, it informs the court and the parties that all final orders or judgments in civil cases must make mention of costs – which party is awarded costs or whether the parties shall bear their own fees and costs. Since many judgments fail to make such a specific instruction, the next sentence instructs the clerk to award costs to the prevailing party or parties in a case. If a judgment makes no mention of costs, and the prevailing party files a bill of costs, the clerk ***will*** conduct the taxation of costs hearing and award costs. Ideally the final order[8] or final judgment in a case will declare whether costs are awarded, who the prevailing party is, or whether fees and costs are to be borne by the parties. Counsel are not required to file a motion for clarification with the court seeking amendment to the judgment to specify a cost award,

**A BLANK BILL OF COSTS FORM**

---

[7] All references to specific local rules in this guide follow the abbreviated designation of "LCivR," "LAttyR," etc., rather than the more formal "D.C.COLO.LCivR."

[8] For those cases that do not require a final judgment – a remand to state court, for example.

since the clerk will proceed with the bill of costs hearing despite the absence of an award of costs in the final judgment.  <u>Be aware that if a bill of costs is filed in a case without a final judgment, the bill will be denied without prejudice as having been filed prematurely until final judgment is entered at the final conclusion of a case.</u>[9]

   **Local Civil Rule 54.1** provides an additional deadline, supplementing Federal Rule 54 – the bill of costs itself must be filed no later than 14 days after entry of judgment in a case.  An untimely filed bill of costs will be summarily denied, with prejudice. **The opposing and prevailing parties are permitted to file an objection and response, respectively. However, the local rule does not require nor set a deadline regarding either filing.** Since a "Proposed Bill of Costs" is not a motion, the standard motion response/reply briefing schedule is not in effect.  The prevailing party filing a bill of costs must use the correct form – if not, the party will be contacted and directed to do so.  The form is the District of Colorado version of the federal judiciary's national form, **AO133**.  The local version of the form, and a one-page set of instructions, are available through the HERE link in the rule, directing the reader to the court's Forms page on the website.   The District of Colorado form is distinguished from the national AO 133 document, as it contains a space for "**DATE and TIME I will appear before the clerk who will tax said costs**" – repeating the third sentence of the local rule's directive to "appear[ing] before the clerk" (after conferring attempting an agreement on any or all of the requested costs).  Once a bill of costs is filed in a timely manner, there is no set limit on scheduling the bill of costs hearing – it can be heard the following week, month or year.

  The parties and the clerk have the discretion and freedom to set the hearing at the parties' convenience, and no motion is required to set the hearing date.[10]  If a notice of appeal has been filed in a case by the opposing party, the parties together may wish to stay the hearing and decision on costs.  The clerk will generally permit such a stay, as long as the initial bill of costs is timely filed, and the parties file a stipulation recording the agreement to stay the hearing.  Please note, however, that if an appeal or post-judgment motion is filed and the non-prevailing party wishes to delay the bill of costs over the objection of the prevailing party, the clerk will proceed with the hearing since the clerk has the authority to do so under the rules. *Procedure for the Taxation of Costs by the Clerk and Judicial Review Thereof*, 10 Fed. Prac. & Proc. Civ. § 2679 ("Since decisions as to costs are separate and do not involve reconsideration of the decision on the merits, a motion for costs is not properly one to alter or amend the judgment under Rule 59(e) and thus does not render ineffective a notice of appeal filed prior to the disposition of the costs motion.").

---

[9] There are two exceptions – if a Rule 54(b) judgment is entered expressly determining that there is no just reason for delay of judgment in favor of a party or parties; or a default judgment as to a party or parties, and bills of costs are filed.  Also, if it appears a final judgment is due in a case but is missing because of a judicial delay or clerical error, the clerk will attempt to determine the cause first and correct the error before denying the bill of costs.

[10] On occasion both sides submit briefing in advance of a hearing, with sufficient information and positions taken obviating the need for a hearing. Since the Bill of Costs is fully briefed, the clerk may need no further argument from counsel, and will enter the Taxation of Costs.  D.C.COLO.LCivR 7.1(d)("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

Documentation of incurred costs <u>must</u> be submitted in addition to the bill of costs. If items such as **invoices, vendor communications, receipts, copying bills, etc., are not provided,** the clerk will decline an award of costs. *See English v. Colorado Dept. of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001).



ALFRED A. ARRAJ COURTHOUSE, DENVER

"Appearing before the clerk" means the clerk will be conducting a **hearing** in either a conference room or courtroom in the **Arraj Courthouse** in **Denver**. **Effective July 1, 2020 all hearings will be conducted in person, with the required presence in the courthouse of lead (argument) counsel for each side;** co-counsel may appear by phone. **The exception to this policy will be prisoner/detainee cases; those hearings are held by phone,** with the assistance of the prisoner/detainee's case manager (a phone number for the clerk to directly phone the prisoner is necessary). Hearings are informal and no court reporter or record is made; if the parties do wish a record to be made, they are allowed to furnish a private reporter at a party's own, or shared, expense.

**The hearing is a back-and-forth discussion of the parties and the clerk, with the prevailing party stating why each category of costs – and if necessary, each item – should be awarded as a taxable cost under the appropriate law. Similarly, the non-prevailing party makes its objection following the same guidelines.** At the conclusion of the hearing, the clerk makes a final determination, calculates the final award, and informs the parties. The clerk will then file the Bill of Costs as the Taxation of Costs, attaching the itemization chart and any disputed invoices. The clerk annotates the documents with the bases for the decisions, then signs and e-files the document and, if necessary, sends the Taxation of Costs by U.S. Mail with certificate of service to any unrepresented, non e-filing party. Neither the clerk nor the Court will amend the judgment to reflect the awarded costs amount, and no rule requires amendment of a judgment to include the precise dollar amount of costs awarded. *See Massachusetts Bonding & Ins. Co. v. Clymer Mfg. Co.*, 48 F.2d 513, 514 (10th Cir. 1931)("A judgment or decree in the trial court includes the costs in that court. Such costs are merged in the judgment."). *See also* Fed. R. Civ. P. 58(e).[11]

Under Rule 54(d)(1), the parties are afforded an opportunity to "seek review" of (i.e., appeal) the clerk's decision for seven calendar days beginning <u>the day after</u> (Fed. R. Civ. P. 6(a)(1)(A) the filing of the Taxation of Costs: "On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Please note

---

[11] **Fed. R. Civ. P. 58(e) - Cost or Fee Awards.** Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. [The need for the finality of a judgment, for purposes of establishing the commencement of an appeal deadline, means final judgment is entered before attorney fees and costs determinations are made – and those can be appealed separately.]

that the appeal is classified as a motion, requiring the parties to confer again under local civil rule 7.1(a). There is no time limit on the Court to decide the motion, nor any rule requiring an additional hearing before the Court. The final award of costs rests within the discretion of the court, as does the determination of "reasonable necessity" of costs. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474-1476 (10th Cir. 1997).

The conferral between the parties to resolve any individual items or the costs as a whole must be documented by a written statement describing the conferral, filed before the date of the hearing. Finally, if a global agreement is reached, the parties are directed to file a **stipulation** if a specific amount is to be awarded, and the clerk will enter on the record the bill – now taxation – of costs for the stipulated amount. If the prevailing party chooses to **withdraw** its costs, a stipulated amount will <u>not</u> be entered, but counsel is asked to file a notice in the case, stating that it is withdrawing its bill of costs (it does not need to be a motion). Please note that Local Rule LCivR 54.1 does not provide explicit instructions on the finality of filing or the relation back of subsequent filings, waiver, etc.- the local rule sets forth an initial filing deadline and other administrative instructions. Therefore, the clerk retains much discretion. The clerk accepts the arguments, filings, correspondence, and other materials presented on the date of the hearing, and even after that date, if the clerk instructs the parties to provide more information.



A COMPLETED TAXATION OF COSTS

Note that the District of Colorado's local costs rule gives basic directions as to the timing and procedure of submission of a bill of costs, directs the clerk to conduct a hearing, and requires the parties to confer with the goal of reaching agreements as to costs. Contrary to a number of local rules in other U.S. District Courts, there are no substantive instructions to the parties, the clerk, or the court as to what is taxable or not. *See, e.g., Local Civil Rules, U.S. District Court, Central District of California, Costs §§ 54.1–54.8 [pp. 64-71].*

- ***Timeline of Procedural Steps for the Filing of a Bill of Costs:***



- ***Some Additional Important Facts Regarding Bills of Costs***

  - The clerk conducts the **bill of costs hearings on Tuesdays, Wednesdays, or Thursdays at 8:30, 9:00 or 9:30 a.m.** Counsel for the prevailing party is to confer with the opposing counsel/party regarding a mutually agreeable date and time. Hearings will be held in a courtroom in the Arraj or Rogers courthouse.  Please report to the Clerk's Office front desk before the hearing, and you will be escorted to the conference room or courtroom.
  - **Please do not call ahead to reserve a date and time** – instead, select a date and time and expect to hear from the clerk only if there is a scheduling conflict.
  - Please submit your bill according to the procedures laid out in the court's **Case Management/Electronic Filing Procedures (Civil).**  Specifically, Section 4.15 of the CM/ECF procedures provides: "The proposed bills of costs shall be filed electronically in CM/ECF using the docket event '**Proposed Bill of Costs**." Both unrepresented non-prisoner pro se parties without ECF privileges and unrepresented prisoners may file a Bill of Costs in paper format.
  - If there are multiple prevailing parties in a case, the clerk will request that all parties schedule the hearing on the same date and time. Common issues can be addressed and decided by the clerk for a more efficient process.

- A separate affidavit as required by 28 U.S.C. § 1924 is <u>not</u> necessary to be attached to, or filed in conjunction with, the bill of costs.  **The Bill of Costs [AO 133 form](#) contains a declaration [permissible under 28 U.S.C. § 1746] that adequately suffices for the affidavit required by § 1924.**[12]

- **You <u>must</u> attach supporting documentation** – paid bills, invoices, copying charge lists, receipts, etc.

- **Please attach an itemized list, chart, or simple spreadsheet** to assist the clerk and the parties to keep track of requested categories and items during the bill of costs hearing.

- **The non-prevailing party does not need to file an objection to the bill of costs**, but they are not discouraged from doing so. [Use Docket Event: CM-ECF Civil Events / Other Filings / Documents / "Objection(s)."]  There is no response/reply schedule with a bill of costs under local civil rule 7.1(d), as a bill of costs is not a motion.

- Despite common confusion about conferral requirements in cases involving **prisoners/inmates**, local civil rule 7.1(b)(1) does <u>not</u> apply, meaning ==opposing counsel <u>must</u> confer with an inmate when setting the bill of costs hearing, and confer with the inmate about possible stipulation to all or part of the costs==.  *LCivR 7.1(b)(1) pertains to motions, and a bill of costs is not a motion and, per LCivR 54.1, has its own conferral requirement.*  Counsel are directed to confer with an inmate regarding proposed dates for the hearing and the inmate's availability, the appropriate phone number at which the inmate will be available for the hearing (usually the inmate's case manager), and whether the inmate has objections to all or any of the costs as part of the conferral required under LCivR 54.1.

- With respect to parties in default, LCivR 54.1 again provides no exception to the conferral requirement.  The prevailing party must attempt to confer with a defaulting party – by e-mail, phone call, etc. – and document that attempt in the statement of conferral.

- *NEW Procedures Effective July 1, 2020*

  - ==For ALL Taxation of Costs hearings the parties are directed to have **lead counsel asserting the Proposed Bill of Costs and opposing counsel presenting objections appear in person** for the hearing.  Co-counsel for each party can appear by telephone.==

  - A prevailing party who files a **Proposed Bill of Costs of 50 pages or more** must **send by mail or delivery service to the clerk a binder with a printed bill of**

---

[12] **28 U.S.C. § 1924 – Verification of Bill of Costs:**
Before any bill of cost is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

**costs**, accompanying itemization chart and invoices, and other documentation. Delivery to the clerk must occur no later than one week prior to the hearing date.

▪ **All prevailing parties filing a Proposed Bill of Costs must include a simple, readable 12-point font itemized chart or spreadsheet**, separated by each category of costs with subtotals, listing the category (e.g., service of summons, deposition transcript, etc.), date the cost was incurred, where the related invoice appears in the Bill's attachment, and on what legal grounds the item should be awarded.  For example:

**EXHIBIT A TO BILL OF COSTS OF [Prevailing Party]**

**Case No. 20-cv-0000-YYY-ZZZ**

Itemization of Costs Requested Pursuant to 28 U.S.C. § 1920

|  | <u>**Fees of the court reporter for all or any part of the transcript necessarily obtained for** use in the case</u>: | |
|---|---|---|
| 1. | Certified copy of the deposition transcript and exhibits of Rule 30(b)(6) witness, <u>Xxxxx Xxxxxx</u>, taken on 00/00/20 (testimony cited in and attached to *Defendant's Motion for Summary Judgment* (Dkt # ___) and *Response* (Dkt # ___)), (*see* Invoice dated 00/00/20, attached as **Exhibit A-1.**)<br><br>*See (Supporting Caselaw)*., 115 F.3d 1471, 1476-78 (10th Cir. 1997). | $xxx.xx |

- ***Quick Summary of Clerk's Procedures***

❖ **The clerk's procedures derive from District of Colorado local civil rule LCivR 54.1 TAXATION OF COSTS.**
❖ **The clerk taxes costs in favor of a prevailing party or parties, even if a judgment does not mention costs, but a bill of costs is filed.**
❖ **The parties must use the <u>local</u> Bill of Costs form, available on the U.S District Court's website / Forms page / Civil forms / "Bill of Costs and Instructions" available HERE.  DO NOT USE the uscourts.gov "national" AO-133 form.**
❖ **An untimely filed Bill of Costs will be denied (must be filed no later than 14 days after entry of the judgment or final order).**
❖ **Prior to the hearing before the clerk, the parties must confer and file a written statement that they have conferred as to disputes regarding costs.**
❖ **Once a bill of costs is filed on a timely basis, there is no set requirement as to when to schedule the bill of costs hearing – it can be heard the following week, month, two months – whichever date is best suitable for the parties.**

❖ **If all disputes are resolved, a <u>stipulation</u> specifying which costs are to be awarded shall be filed with the court (or a <u>notice</u> of withdrawal of costs, if prevailing party is withdrawing its costs).**

❖ **If there are multiple prevailing parties in a case, the clerk will request that all parties schedule the hearing on the same date and time.**

❖ **The clerk conducts the hearings on Tuesdays, Wednesdays, or Thursdays at 8:30, 9:00 or 9:30 a.m. You are to confer with the opposing counsel/party regarding a mutually agreeable date and time.**

❖ **Hearings will be held in a courtroom, and you will be notified as to which one will be used. Do not call ahead to reserve a date and time – instead, select one and expect to hear from the clerk only if there is a scheduling conflict.**

❖ **Submit your bill using the docket event "Proposed Bill of Costs." Provide supporting documentation of the costs incurred by attaching invoice, vendor communications, receipts, copying charge lists, etc.**

❖ **The final decision is reflected in the clerk's <u>Taxation of Costs</u>. The Final Judgment is not amended to reflect the taxed costs.**

❖ **Finally, please be aware of the following NEW procedures effective July 1, 2020:**

➢ **For ALL Taxation of Costs hearings, the parties are directed to have lead counsel asserting the Proposed Bill of Costs and the opposing counsel presenting objections _appear in person_ for the hearing.**

➢ **A prevailing party who files a Proposed Bill of Costs of 50 pages or more must send by mail or delivery service to the clerk a binder with a printed bill of costs and accompanying itemization chard and invoices and other documentation. Delivery to the clerk must occur no later than one week prior to the hearing date.**

➢ **All prevailing parties filing a Proposed Bill of Costs must include a simple, readable 12-point font itemized chart or spreadsheet.**

- _**Who is the Prevailing Party under Fed. R. Civ. P. 54(d)(1)?**_

Generally, determining the prevailing party is quite simple – the clerk looks to see for whom judgment was entered in the final judgment. Multiple parties may prevail on multiple claims, resulting in multiple bills of costs filed and treated accordingly; but in the majority of civil cases, a single "winner" is declared. This includes a plaintiff or counterclaim defendant who prevails with a nominal damages award. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001)("Under this standard, Mr. Barber was the prevailing party, having been awarded nominal damages."). *See also* Fed. R. Civ. P. 54(d)(1) (using "<u>the</u> prevailing party," not "prevailing parties") (emphasis added).

On the other hand, the spectrum of claims on which a party has prevailed in comparison to another can be taken into account. For example, a party who has prevailed on the majority of claims can be declared the prevailing party ("[W]e conclude that the district court's decision to award costs to the party that prevailed on the vast majority of

issues and on the issues truly contested at trial was not an abuse of discretion." *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990)).

**For purposes of the costs hearing, the clerk will make a decision as to which party is the prevailing party based on what is most readily apparent from the final judgment, record, and argument of the parties.  The presiding judicial officer, however, retains the final discretion after its own review if the parties bring the issue before the court after the clerk's hearing and decision.**

- *Degrees of "Prevailing" - Are Set-Offs Permitted, or Apportionment Between Parties?*

It is of course possible for a case to have different outcomes for different defendants – a split jury verdict on both claims and counterclaims, for example – or one party prevailing on a majority of claims but losing on one or two others.  For the latter, the key factor for the clerk is who the court designated as the prevailing party in the judgment – so essentially, there are no "degrees of prevailing" for the clerk.  The balancing of factors, claims, and awarded damages is reserved for the discretion of the court.  *Roberts v. Madigan,* 921 F.2d at 1058.  For the former example (a split jury verdict resulting in the filing of two bills of costs) it is perfectly sound for both parties to file their bill of costs after final judgment, schedule the hearing for the same date and time, and **the clerk will enter competing taxations of costs which may in the end resemble a setoff**.  When a single party is declared the prevailing party and files a bill of costs, it does not affect the clerk's decision if during the course of litigation the prevailing party had several claims dismissed or only a percentage of its overall demand was awarded by a jury – **the clerk will not issue an award on a reduced scale or on a pro rata basis to achieve a set-off based on the degree of success the prevailing party achieved**.  *See Arkansas River Power Auth. v. Babcock & Wilco Co.*, 2017 WL 3116286 at *6 (D.Colo. July 21, 2017)(Costs awarded to party declared by a jury as prevailing, though successful on only 3 of 14 claims).

> *Setoff n. 1. A defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim.*
>
> *Black's Law Dictionary (11th ed. 2019)*

- *A Further Word on Apportionment*

Different from setoff, **the clerk *may* apportion a percentage of awarded costs between co-parties**.  For example, if a case began with three defendants and all the parties engaged in pretrial, discovery, and dispositive motion litigation, but then two defendants reach stipulations with the plaintiff who then prevails, the clerk is authorized to apportion the remaining costs between the defendants as non-prevailing parties.  Therefore, the sole litigating defendant would be taxed 1/3 of the costs for such items as court transcripts, depositions and related expenses, and printing / exemplification / copying expenses because they were incurred in litigation by all 3 defendants. See, e.g.,

*Nat. Union Fire Ins. Co. v. Fed. Ins. Co.*, No. 13–cv–00079–PAB–KMT, 2017 WL 4163352 at *4 (D.Colo. Sept. 9, 2017).

Apportionment, then, may be applied by the clerk in order to fairly account for what transpires in a case and divide costs among the non-prevailing parties if one or more are justified in paying less than others. See *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000) ("General rule is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit, **and this power to apportion between the parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants and plaintiffs**.").

*Joint Liability.* Liability shared by two or more parties.

*Black's Law Dictionary* (11th ed. 2019)

The clerk's default rule on apportionment, however, is to impose **joint** or **shared liability** among all the parties against whom judgment has been entered pursuant to the Court's directives in the final judgment.

- ***Financial Status of a Party***

  - ➢ ***Employee / Corporate / Organizational Representative***

    An employee or representative of a commercial, government, or organizational entity, named as a party, can have costs awarded in the employee's favor. The employee is not required to demonstrate personal financial contributions and liability for the clerk to award costs; nor does a fund advancement or indemnification agreement bar an award. **A government agency, for example, may be providing a defense and indemnification for a correctional officer; the officer does not have to prove to the clerk that the officer suffered personal financial liability during the litigation before being awarded costs (i.e., the agency's).** *See Williams v. Genesis Fin. Techs., Inc.*, No. 14-CV-03353-MSK-STV, 2018 WL 5118635, at *3 (D. Colo. Oct. 22, 2018)("[I]t is not unusual for a third-party to pay a named defendant's litigation costs, particularly in the employment and civil rights contexts (e.g. a municipality paying the costs of litigation against a named police officer or other official); to hold that such defendants would not be entitled to costs simply because someone else paid those costs on the defendants' behalf would diminish the compensatory purposes of Rule 54(d).").

> ### *Indigency*

A party without the financial resources to pay a recovery of the costs of litigation to the prevailing party may view an award of costs as being a punitive measure.  The <u>court</u> does have has at its disposal the discretion to bar an award of costs to an indigent party, among other factors.[13]  *Debord v. Mercy Health System of Kansas, Inc.,* 737 F.3d 642, 659–60 (10th Cir. 2013). **Without that discretionary authority, the clerk declines to make such a judicial determination,** as there is also a statutory basis for the award of costs against a party who has been declared indigent by the court – 28 U.S.C. § 1915 – which does not preclude the assessment costs at the conclusion of a suit.  "Judgment may be rendered for costs at the conclusion of a suit or action as in other proceedings"  28 U.S.C. § 1915(f)(1).  *See also Olson v. Coleman,* 997 F.2d 726, 728 (10th Cir. 1993).  The courts have recognized that the indigent status of a non-prevailing party and the presentation of issues that are close and difficult are both "circumstances in which a ***district court*** may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)(emphasis added).[14]

*§1915. Proceedings in forma pauperis*
*… any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit … that the person is unable to pay such fees.*

> ### *Nature of Suit or Party*

Like indigency arguments, a common position taken by non-prevailing parties is that the party initiated a case to seek injunctive relief, right a public wrong or public policy violation, or take a stand to achieve a public interest outcome.  **It is not the position for the clerk to "take sides" or issue anything but an impartial ruling.** A civil rights plaintiff engages in litigation with the awareness that the outcome may not be favorable and is not entitled to heightened protection from taxation of costs

---

[13] Those other factors include: "Circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is 'only partially successful,' (2) the prevailing party was 'obstructive and acted in bad faith during the course of the litigation,' (3) damages are 'only nominal,' (**4) the nonprevailing party is indigent**, (5) costs are 'unreasonably high or unnecessary,' or (6) the issues are 'close and difficult.'" *Debord v. Mercy Health System of Kansas, Inc.,* 737 F.3d 642, 659–60 (10th Cir. 2013) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995)).

[14] There are several examples of when the court in this district has applied its discretionary authority and declined to award costs against an indigent party.  *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 780 (D. Colo. 2017)(Inmate case where jury determined that constitutional violation occurred against inmate but no individual violator identified; representation by appointed pro bono counsel and law school student clinic lawyers added additional factor to decline costs.); *Broadus v. Corr. Health Partners, Inc.,* No. 15-CV-0182-WJM-KLM, 2019 WL 859702, at *3 (D. Colo. Feb. 22, 2019)(Close and difficult issues, coupled with plaintiff's limited financial means and appointment of pro bono counsel).

pursuant to § 1920. *English v. Dept. of Corr., 248 F.3d at 1013* (quoting *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1204 (10th Cir. 2000), [U]pholding the "traditional presumption in favor of awarding costs, regardless of whether the prevailing party is a defendant in a civil rights case."). In a case originating from the District of Colorado, the U.S. Supreme Court rejected a closely-related argument that the plaintiff in a Fair Debt Collection Practices Act should not have costs imposed against her for fairness reasons because a debtor asserting rights against a collection agency merits the award of costs only when the lawsuit is grounded on a claim entered in bad faith. Instead, the Supreme Court held that § 1920's cost scheme applies as the default rule, and the FDCPA's fees and costs provisions are not contrary to Rule 54(d)(1) nor do they displace a district court's discretion to award costs under the Rule. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387–88 (2013).

## III.  28 U.S.C. § 1920 Categories[15]

### "(1) Fees of clerk and Marshal"

➢ **Filing Fees.**

28 U.S.C. § 1914 provides the basis for the cost of filing a complaint or notice of removal.[16] It lists the filing fee amount (last revised in 2006) and provides the authority for the federal judiciary to impose various other court fees – including the additional $50 for a complaint as an administrative fee. The clerk routinely awards the filing fee or notice of removal fee of a complaint, as the clearest example of an authorized, statutory basis for an award. [Also, the "substantiating documentation"

---

[15] A reminder that § 1920 is not the only costs statute in Title 28; § 1919 also awards costs for cases resulting in dismissals for lack of jurisdiction:

Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of *just costs*. **28 U.S. Code § 1919.Dismissal for lack of jurisdiction.**

"Just costs" is a slightly broader standard that requires a more equitable approach from a court. See, e.g., *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1342 (10th Cir. 1998)(Trial court's costs generally followed § 1920 but provided a full and fair "just" assessment in light of jurisdictional issue under § 1919)."

[16] **28 U.S. Code § 1914 - District court; filing and miscellaneous fees; rules of court**

(a)The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to **pay a filing fee of $350**, except that on application for a writ of habeas corpus the filing fee shall be $5.
(b)The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

the clerk requires (*English v. Dept. of Corr., 248 F.3d at 1013*) is the receipt number that is provided on the docket of the case in the CM/ECF system – see below.]

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2019 | 1 | COMPLAINT against All Defendants (Filing fee $ 400,Receipt Number 1082–6775192)Attorney ████████████████ added to party |

This includes the cost of Colorado Judicial Branch-imposed court costs such as its own removal fees for removed cases if the defendant prevails, since the case could not have been brought to this court without those charges being incurred.

There are **two exceptions** to "Fees of the clerk" where the clerk will **not** award fees listed on the court's "Schedule of Fees":

❖ **PACER Charges (Public Access to Court Electronic Records).**

These are incurred from use of the e-filing system (CM/ECF).  After receipt of a "Notice of Electronic Filing" from a court order, opposing party's filing, or an attorney's own filing, an ECF user has an opportunity to download the document at no charge = "one free look."[17]  The clerk will not award PACER charges because of this opportunity for free downloading, nor will the clerk award costs for searches of previous filings or other cases – such searches are a form of Computer-Assisted Legal Research (CALR) not permissible under 28 U.S.C. § 1920.  *Sorbo v. U.P.S.,* 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.,* 54 F.3d 624, 633 (10th Cir. 1995).

❖ **Bar Admission / Bar Renewal Fees.**

Admission fees to the U.S. District Court, as well as attorney-based fees such as Reinstatement / Readmission application fees, Certificates of Good Standing, and the biannual Bar Renewal Fee (all funds of which are resourced to the Colorado Bar Association's Federal Pro Se Clinic) admittedly **are** listed on the court's Schedule of Fees document.  **The clerk, however, will not award such costs.**

---

[17] **District Of Colorado ECF User Manual Version 6.1**
   "After a document is electronically filed, the ECF system sends a Notice of Electronic Filing to the designated attorneys and parties who have supplied their e-mail addresses to the court.
   Individuals who receive electronic notification of the filing are permitted "one free look" at the document by clicking on the associated hyperlinked document number embedded in the Notice of Electronic Filing. The filer is permitted "one free look" at the document and the docket sheet to verify that the document was properly docketed."

**Attorney admission fees are a form of attorney expenses, and therefore more appropriate to be included in a *motion* for attorney fees *and expenses*, not a 28 U.S.C. § 1920 bill.** They are a professional fee, a cost of doing business as an attorney. It is important to also note that admission to the District of Colorado bar is permanent, lasting the duration of one's career, so one's bar membership is not exclusively tied to one case or one client. See *Golan v. Holder*, No. CIV. 01-CV-01854LTB, 2009 WL 2475138, at *1 (D. Colo. Aug. 11, 2009)("The express language of Rule 54 indicates attorney fees should not be considered as "costs" for purposes of Section 1920. See Fed. R. Civ. P. 54(d)(1) ("costs—*other than attorneys' fees*—should be allowed to the prevailing party") (emphasis added)."). Similarly, expenses incident to the hiring of out-of-state counsel are generally considered attorney fees. *Karsian v. Inter–Regional Financial Group, Inc.*, 13 F.Supp.2d 1085, 1088 (D.Colo.1998).

If anything, a bar admission fee may be appropriate as part of an attorney fee motion to the court in the form of an attorney expense. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998)("Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate.").

➢ **U.S. Marshal Fees / Fees for Service**

The cost of service of process or a subpoena is permitted under § 1920, paragraph (1), "Fees of the clerk and marshal." **Service of a lawsuit, deposition subpoena, or a trial subpoena may be performed by either the U.S. Marshals Service (USMS), a sheriff, or a private process server company pursuant to 28 USC § 1921(a)(1)[18] and corresponding regulations.**[19] The costs of service

---

[18] **28 U.S. Code § 1921(a) - United States marshal's fees**

(1)The United States marshals or deputy marshals shall routinely collect**, and a court may tax as costs**, fees for the following:

    (A)**Serving** a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or **process in any case or proceeding**.
    (B)Serving a **subpoena or summons for a witness** or appraiser.

    ***
    (G)**Necessary travel** in serving or endeavoring to serve any process, writ, or order, except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service or endeavor.
    (H)**Overtime expenses incurred by deputy marshals in the course of serving or executing civil process**.

[19] **U.S. Marshals Service fees - 28 C.F.R. § 0.114 - Fees for Service**

of process or service of a subpoena are reasonable and awardable if performed by the Marshals Service, which the clerk finds to be the baseline for reasonableness, as it is set by statute and rule (the standard charge of the USMS is $65.00 per hour).

The award of costs of service of process or subpoena is dependent on successful service on the non-prevailing party against whom judgment has been entered, or deponent / trial witness who the clerk has awarded witness fees.

❖ **Private Process Server**

**Service of process or subpoena by a private process server is awardable**. With the common time constraints of litigation, the burden on the Marshals Service, and the opportunity for more direct supervision and specification as to methods of service, it is entirely reasonable and expected that a private process server be used. The baseline rule in the District of Colorado is that a private process server's charges may be awardable if they are in accord with the USMS. The trend, however, is to allow costs for private process servers up to the amount a party would have paid to the United States Marshal. *TCR Sports Broad. Holding, LLP v. Cable Audit Assocs., Inc.*, No. 13-CV-01803-CMA-CBS, 2016 WL 1274032, at *3 (D. Colo. Mar. 31, 2016), aff'd, 674 F. App'x 805 (10th Cir. 2017). **The clerk does award private process server fees that go beyond the charges set by the USMS – again, for the same reasons that the court authorizes such service – if the prevailing party meets its burden, provides a sufficient basis for use of the service, and requests a reasonable cost.** *TCR Sports*, 2016 WL 1274032 at *3 ("More importantly, Defendant failed to provide the Court with any information regarding what the United States Marshal charges for service, such that the Court could adjudicate a reasonable private rate.").

❖ **Attempts**

**Finally, the clerk will also award attempts at service** if they are reasonable in number and cost – with the goal that the attempts eventually resulted in successful service on a taxable witness.

---

(a)  The United States Marshals Service shall routinely collect fees according to the following schedule:

(1) For process forwarded for service from one U.S. Marshals Service Office or suboffice to another—$8 per item forwarded;
(2) For process served by mail—$8 per item mailed;
(3) For **process served or executed personally—$65 per hour** (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses. For each additional U.S. Marshals Service employee, agent, or contractor who is needed to serve process—$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.

**"(2) Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case"**

Paragraph 2 of § 1920 recognizes the need of counsel to incur costs for both court hearing transcripts and deposition transcripts.   Differences in taxable costs are explained below.

➢ **U.S. District Court Courtroom Transcripts[20]**

The clerk is less inclined to award the costs of hearing, conference, or trial transcripts than he is regarding deposition transcripts.  Court hearing transcripts are often taken to assist practitioners with keeping track of a myriad of court rulings on pending motions, discovery matters, trial practices, or jury instructions.  If a transcript is ordered to assist counsel in understanding what the court has ordered, counsel can take notes themselves or assign staff to do so – but a printed court transcript is not "necessarily obtained" in the sense of § 1920.  **Use of a transcript for those purposes is a matter of "convenience of counsel" and the clerk exercises discretion and declines awards on this basis.**

**A hearing transcript that is "actually used" in a case, as part of the record, is far more likely to be awarded** – "the most direct evidence of necessity is the actual use of materials obtained by counsel or by the court."  *Nero v. Amer. Fam. Mutual Ins. Co.*, No. 11-CV-02717-PAB-MJW,     2013 WL 5323262, at 5 (D.Colo. Sept. 23, 2013).    Not all "cited" or referenced hearing materials will be awarded however – a transcript

| Maximum Per Page Transcript Rates* | |
|---|---|
| TRANSCRIPTS | ORIGINAL |
| Ordinary Transcript (30 day)<br>A transcript to be delivered within thirty (30) calendar days after receipt of an order. | $3.65 |

EXCERPT FROM U.S. DISTRICT COURT'S COURT PLAN ON COURT REPORTER AND ELECTRONIC COURT RECORDER FEES

that is used as a means to summarize a court's rulings, that seems to duplicate information available elsewhere, or one not used by the court in reaching a decision have been grounds for a *court's* denial of costs for court transcripts.  *Crandall v. City & Cty. of Denver, Colo.*, 594 F. Supp. 2d 1245, 1248 (D. Colo. 2009).  The clerk, however, will be less exacting by not examining what seems unnecessarily repetitive or by scrutinizing the record to gauge what the Court did or did not use for its important decisions.  **The clerk will be satisfied that pretrial transcripts are cited in motions or other court documents (not necessarily dispositive) and the end result was successful as to the motion.**  *Nero*,  2013 WL 5323262, at *5 (use of transcripts in

---

[20] See U.S. District Court's *Court Plan on Court Reporter and Electronic Court Recorder Fees* (the fees of which also provide a suitable model for a standard rate per page for any transcript, including deposition transcripts [$3.65/page for an Ordinary Transcript (30 day) order].
http://www.cod.uscourts.gov/Portals/0/Documents/Orders/Max_Transcript_Rates_2019.pdf.

litigating discovery disputes and responding to post-judgment motion requiring re-examining of discovery issues).  See also *Karsian v. Inter-Regional Finance Group, Inc.*, 13 F.Supp.2d 1085, 1091 (D. Colo. 1998)(award of pretrial transcripts).

❖ **Realtime transcripts**

Judge Wiley Daniel provided oft-cited direction regarding the award of realtime or "daily" transcripts: "**As a general rule, taxation of costs for daily copy is not allowed absent prior court approval** ... a showing of necessity for daily copy has not been made … I find unpersuasive Plaintiffs' argument that daily transcripts were essential for the preparation of closing arguments and their response to Defendants' post-trial motions."   *Karsian,* 13 F.Supp.2d at 1091.  Following Judge Daniel's guidelines, the court often looks for a showing of necessity for daily copy – a short trial with relatively few witnesses per side makes it unlikely daily copy will be awarded. *Cribari v. Allstate Fire & Cas. Ins. Co.*, No. 16-CV-02450-NRN, 2019 WL 8375939, at *5 (D. Colo. Sept. 23, 2019)("The parties had multiple lawyers/paralegals present to take notes and keep track of what was said by whom.").  Realtime transcripts, while very likely a wise tactical decision to order, especially in complex and lengthy litigation, are very rarely awarded in light of the history of the costs statute (see introduction, above) and the U.S. Supreme Court's pronouncements about the limited application of the statute.   "**Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators**."  *Taniguchi*, 566 U.S. at 573.

> ➤ **Deposition Transcripts**

The awarding of depositions has many nuances and topical areas, but the 10th Circuit Court of Appeals has broadened the scope of awardable costs considerably.  In the case *In re Williams*, the court provided the following guidance:

> **The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court.**  *Touche Ross*, 854 F.2d at 1245 [*U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223 (10th Cir. 1988)]. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir.2000). Materials produced "solely for discovery" do not meet this threshold. *Furr*, 824 F.2d at 1550 [*Furr v. AT & T Techs., Inc.,* 824 F.2d 1537 (10th Cir. 1987)]. **At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case**." *Id.* The "realities of litigation occasionally dispense with the need of much of the

*Realtime Transcript A draft unedited transcript produced by a certified realtime reporter as a byproduct of realtime to be delivered electronically during proceedings or immediately following receipt of the order.*

*- U.S. District Court's Court Plan on Court Reporter and Electronic Court Recorder Fees*

discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court."

***

Plaintiffs espouse an exceedingly narrow view of the deposition expenses authorized under 28 U.S.C. § 1920. Indeed, they argue that a district court may only award costs for depositions the district court actually used in deciding summary judgment, or for depositions that were, at the very least, designated for trial. **But all § 1920 requires is that the generation of taxable materials be "reasonably necessary for use in" the case "at the time the expenses were incurred."** *Callicrate*, 139 F.3d at 1340 [*Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336 (10th Cir. 1998).]. As we explained in *Merrick v. Northern Natural Gas Company*, 911 F.2d 426, 434 (10th Cir.1990), **any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than [S]ection 1920**." Plaintiffs' understanding of the costs statute is thus surely flawed.

*In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148-1149 (10th Cir. 2009)

The court addressed the contrasting issues that deposition transcript decisions commonly present – at what point do depositions serve as exploratory "fishing expeditions," not awardable as mere discovery, in contrast to reasonably necessary depositions needed for use in the case? The previous standard method of awarding costs for depositions was based on their presence and use (by means of citation) in successful dispositive motions, or use as impeachment material or being read into the record for an unavailable witness. That "actual use" standard contained



COURTESY CHIEF JUDGE BRIMMER & MAGISTRATE JUDGE NEUREITER - ""EFFECTIVE TRIAL PRESENTATIONS"

gaps – most notable when a case proceeds through all of pretrial discovery, the filing of summary judgment motions, and the game ends at halftime with a court ruling on purely a matter of law in an early motion to dismiss.[21]  **In**

---

[21] "[T]he realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court on purely jurisdictional grounds or on grounds other than the merits. ... We will not, therefore, attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case." *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1340 (10th Cir. 1998).

contrast, depositions under *In re Williams*, taken in legitimate need for shepherding a case towards trial, should not be discounted solely because of the absence of their inclusion in the record of the case. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (**"This standard recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial."**)(internal citations omitted).  Will the clerk engage in an item-by-item, line-by-line review regarding what level of contribution did a deposition make the prevailing party the successful one in the end?  No – while *In re Williams* requires a degree of analysis about counsel's assessment of which depositions were reasonably necessary in the context of what was occurring at the time of the deposition, ***the clerk*** will not apply an in-depth review of each deposition's necessity as is sometimes undertaken in judicial review of the clerk's award.  See, e.g., *Crandall v. City & Cty. of Denver, Colo.*, 594 F. Supp. 2d 1245, 1249 (D. Colo. 2009); c.f. *Shabazz v. Pinnacle Credit Servs. LLC*, No. 15-CV-0687-WJM-NYW, 2016 WL 6892948, at *2 (D. Colo. Nov. 23, 2016)("The Court is aware that other judges in this district have followed a more restrictive approach requiring the party requesting deposition costs to proffer a specific justification for incurring the cost of transcription. … The Court respectfully declines to follow those decisions.").

In conjunction with the 10th Circuit's definitive recognition that the subjective need of counsel to prepare the case should be taken into account, Judge Daniel of this court established in 1998 a formula for awarding costs that supplements *In re Williams* well.

I adopt the following test to determine which deposition costs are taxable: (1) costs for depositions taken solely for discovery purposes or for counsel's convenience are not taxable; (2) **costs of both the stenographic transcription and the videotaping of the deposition of individuals who later testified at trial are taxable**; (3) **costs for depositions cited in summary judgment briefs are taxable;** (4) costs of depositions where depositions excerpts were exchanged for use at trial are taxable; (5) for categories 3 and 4 above, only the cost of the stenographic transcript is taxable, unless the witness also testified at trial; (6) costs for depositions of individuals who did not testify at trial or appear on the parties' pretrial order and one of the parties' final witness lists are not taxable, unless these depositions fall into category 3 or 4 above; and (7) **costs of the stenographic transcripts of individuals who did not testify at trial but whose names appeared on the pretrial order as well as one of the parties' final witness list are taxable**.
*Karsian v. Inter-Reg'l Fin. Grp., Inc.,* 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998).

Deposition transcript awards therefore now fall squarely on three main areas:

> 1) use in successful dispositive motion briefing (which can include citation in a response to the non-prevailing party's unsuccessful dispositive motion)[22];

> 2) deponents who then testified at trial (potential use for impeachment or response); and

> 3) appearance on a final pretrial order / final witness list (will call or may call) – for effective and necessary preparation for trial.

Judge Daniel's recognition of awardable costs for effective preparation for trial in the last category is further supported by *In re Williams*.

### ❖ Video Depositions

Judge Daniel's *Karsian* formula included a common point of contention in costs hearings – video depositions.  A frequent argument is that a video deposition is necessary and reasonable only when a witness is unavailable for trial, or in an uncertain medical condition and preservation is necessary.  While it is true some judicial officers in this district require a valid and reasonable justification for assessing a video deposition cost along with a traditional stenographic transcript charge, since 1997 – and probably long before that – caselaw in this circuit has acknowledged the need to assess costs for video depositions simultaneously with a stenographic transcript award.  There is a presumption that the costs of video-taping deposition transcripts will be awarded, dependent on a need to preserve, retain, perpetuate, etc.  See *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997); *TCR Sports Broad. Holding, LLP v. Cable Audit Assocs., Inc.,* 674 F. App'x 805, 809 (10th Cir. 2017)("[Defendant] contends that obtaining videotaped depositions and transcripts was duplicative and unnecessary, that the videotaped depositions had no independent use, and that they were not relied on by the district court in granting summary judgment. We have previously rejected such a narrow reading of the deposition expenses authorized under § 1920."); see also *Maiteki v. Marten Transp. Ltd.*, No. 12-CV-2021-WJM-CBS, 2016 WL 3878502, at *7 (D. Colo. July 18, 2016), aff'd, 682 F. App'x 695 (10th Cir. 2017) ("**[T]he better practice is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so.**").

As with any cost request, there is an underlying standard of reasonableness that the clerk must consider.  A video recording <u>and</u> stenographic transcript of every witness in a case, including the opposing party's initial disclosure witness list resulting in the deposition of every employee of a company,

---

[22] Generally speaking, an unsuccessful motion for summary judgment does not meaningfully advance the case in any way (though a summary judgment motion that results in findings of undisputed facts under Fed. R. Civ. P. 56(d)(1) would contribute to the advancement of the case to eventual successful resolution).  *Crandall v. City & Cty. of Denver, Colo.*, 594 F. Supp. 2d 1245, 1249, FN4 (D. Colo. 2009).

the injured party's relatives, etc., will obviously not pass muster.  Use as an impeachment tool, however, is a valid reason for incurring the video deposition charges.  *Foster v. Mountain Coal Co., LLC,* No. 12-CV-03341-LTB-MJW, 2015 WL 4484364, at *2 (D. Colo. July 23, 2015).

The prevailing party must present a legitimate reason as to why both video and steno deposition costs were incurred **- the costs of both a stenographic transcript and a videotape of the same deposition are recoverable if each iteration has "a legitimate use independent from or in addition to the [other] which would justify its inclusion in an award of costs."**  *Medina v. Catholic Health Initiatives*, No. 13-01249-REB-KLM, 2017 WL 219314, at *4 (D. Colo. Jan. 17, 2017) (referencing *Tilton).*  In addition to the actual video-recording charges of the appearance fee of the technician, there are usually associated charges necessary to make the video deposition understandable with a caption that is synchronized, edited and dubbed.  Such charges are awardable, if reasonable. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 174 F.R.D. 479, 483 (D. Colo. 1997).

❖ **Other Deposition Issues**

▪ **Arguments against the unnecessary length of depositions.**  While rarely made, the clerk will take into account the reason(s) why deposition lengths may be excessive (though the Scheduling Order and Fed. R. Civ. P. 30(d)(1) governs the standard length, which may include the non-prevailing party's conduct as a basis for the length.  *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 174 F.R.D. 479, 483 (D. Colo. 1997).

▪ **Expert fee for depositions.** As a standard practice the clerk declines to award expert's charges to both sides in order to take the expert's deposition – see expert witness fee discussion below, <u>and</u>, if the cost is assessed under <u>Fed. R. Civ. P. 26(b)(4)(E),</u> such costs are borne by both sides under the operation of Rule 26, and has no effect on a § 1920 costs assessment.

▪ **Transcription costs for depositions referred to in summary judgment responses, but not used at trial, or not cited in the court's order on dispositive motion.**  The clerk does not presume to know which depositions the court referred to or not, and *<u>an absence of references in the order is not a sufficient basis to decline to award costs</u>*.  See *James v. Coors Brewing Co., et al.*, 73 F.Supp.2d 1250 (D. Colo. 1999)("My practice, as a federal judge, is to specifically consider each and every deposition relied upon or attached to summary judgment pleadings, whether or not I cite to them in my Order. Because the contested depositions were used by Mr. James in his summary judgment response and, most were also used by Defendants, I find that these are appropriate costs "necessarily obtained for

use in the case," and utilized by me in considering the summary judgment motion.").

- **Sharing of depositions between parties.** It is not required, expected, or a valid argument that parties should exchange a copy of a deposition transcript and expect them to be shared or copied, so as to reduce the price. To expect otherwise and require parties to share one set of transcripts is most likely an interference with the contract between the noticing party and the stenographer, as well as a violation of the federal rule on depositions. Parties do have a right and duty to order their own copy of a deposition and not use the opposing party's copy. Fed. R. Civ. P. 30(f)(3) ("When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.").

- **Deposition from other proceedings in this court or state court, administrative tribunal, arbitration proceeding.** A cost from a previous proceeding – a medical or income tax record later used in the case, testimony from a witness, or use of an interpreter for assistance with a deposition – is awardable if it was incurred <u>for use in the instant case</u> per § 1920. A deposition from another proceeding is awardable **if it is purchased in the instant case (*i.e., a cost incurred per § 1924)* and** is also introduced and used in the instant proceeding. The clerk will make an inquiry and not award a deposition if it appears there is a potential for double recovery of a deposition (including those that may be used in the future in a state court proceeding when supplemental jurisdiction claims are remanded). The clerk will also verify that the item was not purchased in a previous proceeding and then the costs "carried over" into the current one. See *Stender v. Archstone-Smith Operating Tr.,* No. 07-CV-2503-WJM-MJW, 2018 WL 4635984, at *2 (D. Colo. Sept. 27, 2018)(rev'd on other grounds, No. 18-1432, 2020 WL 2109208 (10th Cir. May 4, 2020)) (Related arbitration deposition and hearing transcript costs were intertwined with district court litigation and used in the case to avoid duplicative discovery on the remaining claims).

- **Objections to the purchase of an entire transcript, rather than a narrow selection on a particular topic or session.** If a reporting service allows counsel or unrepresented party to purchase a select number of pages or a particular timeframe within a deposition, than the buyer's organizational and notetaking ability should be commended; but that cannot be an expectation on all parties in all cases. The noticing of a deposition of a witness and the accompanying preparation time, effort, travel expense, etc. make it reasonable, logical, and expected that the entire transcript be purchased –

and court reporter rules may require it, depending on the reporting service. See *Maiteki*, 2016 WL 3878502, at *7 (Court had never heard of a court reporting firm willing to reproduce only part of a deposition at a discount, nor how the court might simulate such a discount for purposes of taxing costs.); see also *Stender* 2018 WL 4635984, at *5.

- **Typical prohibited costs.** The clerk limits the total award of all deposition transcripts by **eliminating expedited, realtime, and rough draft charges, as such charges tend to be for counsel's convenience**, unless there is a demonstrated need – such as the scheduling of related deponent witness, such as husband and wife, "back to back", when deponents are within the same city and separate trips would be expensive and inefficient, or if realtime reporting can be used as an alternative to travel, etc. *Stender*, 2018 WL 4635984, at *2.

- **Many items on a typical stenographer's invoice <u>are</u> awardable.** Such standard costs include the original and copy per Fed. R. Civ. P. 30(f) where the party noticed the deposition, and the reporter's appearance fee, mileage, exhibit copying and attachment charges. Also standard and included are various electronic storage products, such as the "ASCII disk," and its subsequent evolution – and often disputed item – the "**Litigation Support Package**" ("an electronically searchable transcript, now ubiquitous and a relatively inexpensive service that saves parties time and money – and electronic transcripts are no longer merely a matter of inconvenience."). *Nero v. Am. Family Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2013 WL 5323262, at *3 (D. Colo. Sept. 23, 2013).

*"(3) Fees and disbursements for printing and witnesses"*

➤ **Printing Fees**

Often confused with the "exemplification and copies" of § 1920(4), the printing fees referenced in § 1920(3) apply to the assembly and packaging required by the federal and local appellate rules to transmit the briefing and record of a case on appeal. These costs can be assessed as part of the



mandate of an appellate court that directs the *district court* clerk to award costs. See **Fed. R. App. P. Rule 39. Costs**.  Examples of printing requirements in the appellate courts:

The Tenth Circuit's local rule on briefs:

**10th Cir. R. 31 31.5 - Number of copies. "**Counseled parties, including amicus curiae, must provide the court with **7 hard copies** of all briefs filed electronically."

See also the U.S. Court of Appeals for the Federal Circuit local rule, which may be applicable in certain specialized cases arising from the District of Colorado, such as those involving patent laws:

**Federal Circuit Rule 25**(c)(1)(A) - **Briefs**. In cases to be heard by a three-judge panel, **six paper copies** are required to be provided to the court within five business days of the court's issuance of a notice requesting paper copies.

➢ **Witness Fees**

   Witness fees are <u>exclusively</u> governed by the witness fee statute, <u>28 U.S.C. § 1821 - Per Diem And Mileage Generally; Subsistence</u> (because of its length, it is provided as an endnote to this Guide).[i]  The statute specifically allows the following for witnesses providing testimony in U.S. Courts – which includes deponents.  The major provisions, followed by the clerk, include:

- **An attendance fee of $40 per day for each day's attendance, as well as an attendance fee for travel time to and from the place of testimony.**  The clerk reads "each day's attendance" to mean the actual deposition, hearing (patent *Markman* hearing, for example), or trial <u>*testimony*</u> day.  For example, for an appearance by an employee as a corporate representative of a Colorado company located in the Front Range at a five-day jury trial where the employee testified only on the 3rd day of the jury trial, the clerk will award $40 for one day of trial testimony.

- **"Common carrier" travel expenses**, by a means of transportation reasonably utilized, using the shortest practical route.  The statute notably requires the witness to use a common carrier "at the most economical rate reasonably available" and to provide a receipt.  **The clerk reads the statute to mean economy class on a non-luxury airline, train, or bus service.**[23]  Change fees, upgrades, pillows, etc., will not be awarded, but

---

[23] While still true that Fed. R. Civ. P. 45 compels out-of-state witnesses to provide testimony only within 100 miles of their residence, place of business, etc., and more than likely cannot be compelled to travel to this district, **practical realities of modern litigation convince the clerk to award reasonable**

meals will, with a receipt, in light of the rule providing a "subsistence allowance" within the per diem limits for federal employees.

- **If an overnight stay is required** (witness lives in Grand Junction, appears at a Denver deposition) **a lodging and subsistence allowance is awarded**.  The statute applies the lodging and subsistence rates set by the U.S. General Services Administration (GSA) (see http://www.gsa.gov/portal/category/100120); see also the Clerk's Bill of Costs (AO 133) and Instructions on the court's website for a summary of current rates and allowances.

- A **mileage allowance** is available to a witness who is driving, at a rate also set by the GSA (https://www.gsa.gov/travel/planbook/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursementrates).

- **"Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses."**  This includes Uber and Lyft fares *if reasonable*, and the clerk reminds counsel that the Regional Transportation District currently charges $10.50 each way on the airport commuter rail line.

  Auto rentals are not awarded because they are not mentioned in the statute.

- Though rare, it is important to note that prison inmates cannot claim compensation if testifying as a witness, as a result of swift reaction by Congress to a Supreme Court decision originating from the District of Colorado.  See *Demarest v. Manspeaker*, 498 U.S. 184 (1991).

➢ **What is <u>Not</u> Awardable as a Witness Fee**

  ❖ **Attorney Travel Expenses**

---

**"common carrier" (i.e., airfare) expenses**.  See Rule 45 Committee Note on Rules – 2013 Amendment for another perspective on compelling witness appearance:

> **Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena. Under Rule 37(d)(1)(A)(i), failure of such a witness whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions** (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena. These amendments do not change that existing law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b).

> **Fed. R. Civ. P. 45**

28 U.S.C. § 1920 does not mention, acknowledge, make an allowance for, or name attorneys in any way (though § 1927 permits recovery of fees and costs *from* an attorney for unreasonable and vexatious conduct).[24]  Recovery of attorney travel expenses may be an item for an attorney's fee *and expenses* motion, but they will not be awarded under § 1920.  *Sorbo v. U.P.S.*, 435 F.3d 1169, 1180 (10th Cir. 2005).

❖ **Expert Witness Fees – EVER**[25]

**The U.S. Supreme Court has spoken** – repeatedly.  Congress has legislated – in § 1821 – the fees and expenses awardable to all witnesses, "lay" or expert, and since no explicit recognition of experts is made, other than a court-appointed expert, all witnesses are to be paid according to the structure and fees authorized under § 1821.

> We think that it is clear that in §§ 1920 and 1821, **Congress comprehensively addressed the taxation of fees for litigants' witnesses**. This conclusion is all the more compelling when we consider that § 1920(6) allows the taxation, as a cost, of the compensation of court-appointed expert witnesses. There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a limit for litigants' witnesses. It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so. **We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30–per–day limit set out in § 1821(b) only when the witness is court-appointed.** The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.
>
> *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987).

---

[24] **28 U.S. Code § 1927. Counsel's liability for excessive costs.**
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[25] Unless court-appointed.  See discussion re: 28 U.S.C. § 1920(6), below.

❖ **Real Party in Interest**

*Real Party In Interest:*
*A person entitled under the substantive law to enforce the right sued on and who generally, but not necessarily, benefits from the action's final outcome.*

*Black's Law Dictionary (11th ed. 2019)*

**A "real party in interest" – i.e., a named party in a case – cannot recover a witness fee for providing testimony.** *Modick v. Carvel Stores of New York, Inc.,* 209 F. Supp. 361, 365 (S.D.N.Y. 1962) "It is true that witnesses who are real parties in interest are not entitled to reimbursement or allowance for their testimony." 6 Moore, Federal Practice § 54.77(5).

**That does <u>not</u> apply to a Fed. R. Civ. P. 30(b)(6) witness or Corporate Representative, as long as they are not a party, either named or "directing the litigation."** A corporate representative appearing at trial or a taxable deposition is not a real party in interest, if they are not directing the litigation for the party. See *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.,* 78 F.Supp.3d 1307, 1322 (D.Colo. 2014)("Whether a witness should be construed to be a real party in interest turns upon whether the witness attended primarily to testify or to direct the course of proceedings")(citing Moore's Federal Practice Sec. 54.103[3][c], 3d ed. 1999).

*"(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"*

➢ **Exemplification**

Exemplification fees, particularly from government offices, are always awarded – for example, <u>U.S. Patent and Trademark Office Fees</u>, for searches or Patent Office records requiring official authentication.

➢ **Copies – Paper or Other**

The Tenth Circuit has issued two opinions in the past 25 years that represent a more tolerant approach to awarding copying charges:

"We do not require that a civil rights attorney justify each copy he or she makes, and we do not think that the burden to justify copies is a high one. For instance, **the "use [of materials] at trial by counsel or the court** readily demonstrates necessity."

*Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.,* 157 F.3d 1243, 1259 (10th Cir. 1998)

and

"**A prevailing party need not "justify each copy" it makes**. Id.  All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, **under the particular circumstances**, the copies were "reasonably necessary for use in the case."

*In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009).

Again, it is important to stress that the court has a high degree of discretion in determining what copying costs can be awarded and what cannot.  **Generally, costs of photocopies, records, or scanning are awardable as follows**:

❖ **Trial Exhibits**

As *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.,* 157 F.3d at 1259 ruled, trial exhibits – including binders, tabs, Bate-stamping, multiple copies per the trial court's Judicial Practice Standards – are the best examples of an awardable copying cost.

➢ **Exhibits for Dispositive or Other Motions**

Obtaining records for use in a successful dispositive motion or response, exhibits used for an awarded deposition, or substantive, successful pretrial motions which led to the defining of claims, defenses, or the framing of trial issues (702 motions, materials submitted for a *Markman* hearing) are all grounds for an award of copies.  One tool the clerk commonly uses is to award costs in a specific time-range, such as the month(s) when discovery responses are due or the entirety of a dispositive motion briefing period.  A common award is for costs for copies of exhibits of a response to a summary judgment motion and trial exhibits.  *James v. Coors Brewing Co.,* 73 F.Supp.2d 1250 (D. Colo. 1999).

➢ **Demonstrative Exhibits**

§ 1920(4) is ordinarily construed to allow awards of the "reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials." 6 Moore's Fed. Pra. ¶ 54.77(6) (2d ed.) at p. 1739. **The phrase "for use in the case" refers to materials actually prepared for use in presenting evidence to the court**.  *United Int'l Holdings, Inc. v.*



*Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997); *Mikel v. Kerr*, 499 F.2d 1178, 1182 (10th Cir. 1974)(aerial photographs, used in the case as key exhibit); *In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo.,* on Nov. 15, 1987, 88-cv-00664-SGF, 1989 WL 259995 (D.Colo. July 24, 1989)(computer-generated graphic simulation of airplane crash, admitted at trial and reviewed by the court).

Demonstrative exhibit costs may not be awarded, however, if they appear unnecessary or redundant of other materials used in a case. *Crandall v. City and County*, 594 F. Supp. 2d 1245, 1251 (D. Colo. 2009).

❖ **Responses to Discovery**

Document reproduction costs (discovery responses) are reasonable as a taxable cost, in that they are provided as a response to a Fed. R. Civ. P. 34 request. *Crandall v. City and County*, 594 F. Supp. 2d 1245 (D. Colo. 2009).

Materials produced "solely for discovery" do not meet the threshold of "reasonably necessary to the litigation of the case." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). **The clerk applies this general principle by refraining from awarding copying charges as initial and supplemental disclosures.**

❖ **Electronically-Stored Information (ESI) / "E-Discovery"**

A recent pronouncement by the U.S. Supreme Court correctly declared that e-discovery is not authorized under 28 U.S.C. § 1920 – which is correct. *Rimini St., Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 878, 203 L. Ed. 2d 180 (2019). What the statute <u>expressly</u> authorizes is the allowance for "costs of making copies of any materials." The statute, as amended in 2008, **covers "the costs of making copies of <u>any</u> materials."** 28 U.S.C. § 1920(4) (emphasis added) (see Judicial Administration and Technical Amendments Act of 2008, Pub.L. No. 110–406, 122 Stat. 4291 (2008). Courts have recognized that this language "plainly signifies that § 1920(4)'s allowance for copying costs is not limited to paper copying." *Nero v. Am. Family Mut. Ins. Co.,* No. 11-CV-02717-PAB-MJW, 2013 WL 5323262, at *2 (D. Colo. Sept. 23, 2013).

**Accordingly, the clerk follows the guidelines established as persuasive authority by U.S. District Judge Philip Brimmer in *Nero,* 2013 WL 5323262, at 3 (citing *Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 166 (3rd Cir. 2012), i.e., the scanning, conversion, and transfer/copying of data that conforms**

with 28 U.S.C. § 1920(4)'s "costs of making copies of any materials." See also *Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, No. 11-CV-03417-CMA-MJW, 2015 WL 638198, at *2 (D. Colo. Feb. 13, 2015)(award of electronic materials costs were further justified when non-prevailing party was aware that prevailing party required the services of an outside consultant in order to produce the information requested, was kept apprised of the difficulties encountered by the vendor, and at no time did the party initiate discussion aimed at limiting the scope of their request).

The clerk stresses that costs awards for the recovery of electronic material are for extraction of data, not storage. Extraction equates to loading and converting data; the electronic equivalent of § 1920(4)'s allowance of costs recovery for copying of materials.

➢ **Costs of a PowerPoint Presentation**

**Disallowed** – Graphic presentations are powerful tools but essentially are mere visual aids. "One of the slides in the PowerPoint presentation showed a side-by-side comparison of the floor plans at issue in the case. While this information was helpful to the jury, it was not necessary to show the information in an expensive PowerPoint presentation. A side by side comparison of paper copies of the floor plans would have conveyed the same information to the jury." *Home Design Services, Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 6440517 (D. Colo. Dec. 22, 2011).

➢ **Pleadings, Motions, Documents Filed in a Case**

**Disallowed** - There is no authority for the recovery of costs related to the copying of "pleadings" and motions. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997). **This includes the costs of providing unrepresented parties, including inmates, copies of all filings by the opposing party.** Contrary to the ruling in *Custard v. Allred*, No. 13-cv-2296-REB-CBS, Docket no. 426, Sept. 12, 2017, the clerk no longer awards photocopying costs of case materials provided to unrepresented parties – the fact that all filings must be served on all parties under Fed. R. Civ. P 5(b)(2)(C) *does not equate with the awarding of costs* for all filings served on unrepresented parties.

*"(5) Docket Fees under section 1923 of this title"*

An archaic statute – its current configuration is from 1948 and seems frozen in time, perhaps similar to § 1821's witness attendance fees (which at least had an upgrade

from $30 to $40 in 1990).  This paragraph of § 1923 requires no further explanation, other than the fact that the clerk will award costs, when requested in a bill of costs, on examination of the docket and what transpired in the case, with no receipts required. This statute's award of costs could apply to default judgments, if requested by the prevailing party.

**28 U.S.C. § 1923 - Docket fees and costs of briefs**

(a) Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:

$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases, except that in cases of admiralty and maritime jurisdiction where the libellant recovers less than $50 the proctor's docket fee shall be $10;

$20 in admiralty appeals involving not over $1,000;

$50 in admiralty appeals involving not over $5,000;

$100 in admiralty appeals involving more than $5,000;

$5 on discontinuance of a civil action;

$5 on motion for judgment and other proceedings on recognizances;

$2.50 for each deposition admitted in evidence.

(b) The docket fees of United States attorneys and United States trustees shall be paid to the clerk of court and by him paid into the Treasury.

(c) In admiralty appeals the court may allow as costs for printing the briefs of the successful party not more than:

$25 where the amount involved is not over $1,000;

$50 where the amount involved is not over $5,000;

$75 where the amount involved is over $5,000.

*"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title"*

➢ **Court-appointed Experts**

As the name suggests, the court has the authority to appoint, usually with input from the parties, an expert such as a special master. See also Fed. R. Civ. P. 53.  Unless a prior stipulation of the parties or other arrangement (contractual, perhaps), or court order exists on sharing or division of costs by a party or between the parties, the clerk will award the actual costs and fees of **a court-appointed** expert to the prevailing party.

Regarding **special masters**, generally special master fees may be awarded under the principles of 28 U.S.C. Sec. 1920(6) as a taxable cost – see, e.g., *Saum v. Widnall*, 959 F.Supp. 1310, 1311 (D.Colo. 1997).  A court may direct otherwise, however, and the clerk will defer to the court's direction if, for example, the court's order appointing the special master specifically directs that the parties shall share equally the cost of the services of the master.  See Taxation of Costs, *Sterisil Inc v. ProEdge Dental Products Inc et al.,* No. 13-cv-01210-REB-MJW, Docket No. 149, July 19, 2018, *rev'd. on other grounds.*

➢ **Interpreters**

The U.S. Supreme Court in 2012 definitively clarified what is categorized and can be awarded as an interpreter cost and what cannot.  **The use of oral or sign language translating from one language to another is awardable under the statute, but written translation from one language to another is not.**  See *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012)("The costs that may be awarded to prevailing parties in lawsuits brought in federal court are set forth in 28 U.S.C. § 1920. The Court Interpreters Act amended that statute to include "compensation of interpreters." § 1920(6) … The question presented in this case is whether "compensation of interpreters" covers the cost of translating documents. **Because the ordinary meaning of the word "interpreter" is a person who translates orally from one language to another, we hold that "compensation of interpreters" is limited to the cost of oral translation and does not include the cost of document translation.**").  See *Alcohol Monitoring Sys., Inc. v. ActSoft, Inc.,* No. 07-CV-02261-PAB-MJW, 2012 WL 4356210, at *3 (D. Colo. Sept. 24, 2012); see also clerk's Memorandum Regarding Costs, *C5 Medical Werks, LLC, et al. v. CeramTec GmbH*, 14-cv-00643-RBJ-CBS, Docket No. 305, April 5, 2017, *rev'd. on other grounds.*

In U.S. District Court practice, the clerk will award interpreter fees if the underlying basis that provided the need for an interpreter has been awarded – for example, a taxable deposition.

Please note that various policies and position of the U.S. District Court interpretation services do not make court interpreters available in civil cases on either a paid or volunteer basis.  The hearing officer recommends private interpretation services, and a helpful resource to locate available interpreters is found on the Colorado Judicial Branch website HERE.

➢ **Special Interpretation Services**

See endnote with text of **28 U.S. Code § 1828 - Special interpretation services**. [ii]   The clerk will award costs when requested and if the special interpretation services meet the statutory requirements.  Note that the statute distinguishes actions initiated by the United States from all others, and that in both circumstances the presiding judicial officer may determine that special interpretation services should be apportioned between the parties <u>or</u> taxed as costs.  For more information on special interpretation services available in District of Colorado courthouses, please visit the U.S. District Court website <u>HERE</u>.

*"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."*

The Taxation of Costs by the clerk under Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1919 or § 1920, or any other applicable statutes, is an ancillary matter to the substantive proceedings of the case, and therefore the hearing and determination of costs takes place by operation of Rule 54(d)(1) and local civil rule LCivR 54.1.  See also Fed. R. Civ. P. 58(e)("Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees.").  Therefore, a court hearing is not delayed until other post-judgment matters are resolved.

**No amendment to the final judgment is made to include the costs award by the clerk, as it is considered automatically merged into the final judgment**, since "upon allowance [the award by the clerk is], included in the judgment or decree."  See *Massachusetts Bonding & Ins. Co. v. Clymer Mfg. Co.*, 48 F.2d 513, 514 (10th Cir. 1931)("A judgment or decree in the trial court includes the costs in that court. Such costs are merged in the judgment.").

## IV.   <u>*Miscellaneous Costs and Other Considerations*</u>

➢ *Offers of Judgment Under Fed. R. Civ. P. 68*

The clerk will award costs under *<u>Fed. R. Civ. P. 68(d)</u>* if the rule's requirements are met.   Plaintiff must have obtained a judgment.  Under the rule, if a defendant makes a formal offer of settlement, and the plaintiff rejects it but later obtains a judgment less favorable than the one offered, the plaintiff-offeree "must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d). Note that ***Rule 68 applies only where the district court enters judgment in favor of a plaintiff*** for an amount less than the defendant's settlement offer. "[Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff" and is "simply inapplicable" when the defendant obtains the judgment."

*Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011), aff'd, 568 U.S. 371, (2013).

➢ *Legal Research*

Computer-Assisted Legal Research (CALR) – fee-paid services through Westlaw, Lexis/Nexis, Bloomberg, Casemaker, Colorado Courts E-Filing, and PACER – **are not awardable under 28 U.S.C. § 1920**. *Sorbo v. U.P.S.,* 435 F.3d 1169, 1180 (10th Cir. 2005); *Jones v. Unisys Corp.,* 54 F.3d 624, 633 (10th Cir. 1995).

➢ *Postage, Mailing, Courier Fees, etc.*

**Postage, courier, and costs are declined, as they are not awardable under 28 U.S.C. § 1920** because they are not enumerated in the statute. See *10 Fed. Prac. & Proc. Civ. § 2677*, Particular Items of Cost—Transcripts, Papers, and Other Expenses Connected with Trial, (3d ed.) ("Finally, **costs that merely are incidental to the trial or are incurred in preparation for it will not be considered "necessarily" incurred** "for use in the case" for purposes of Section 1920 and will not be allowed under local rule, custom and usage, or the court's inherent power. As a result, taxation usually is denied for expenses such as **long-distance telephone calls, cables, taxi fares, messengers, travel by attorneys, costs, other than marshal's fees, involved in serving a summons, postage, investigation charges, notarial certification in connection with the taking of a deposition, models in the absence of special circumstances or prior judicial approval, accountant's fees connected with trial preparation, and tests**."). See also *Hicks v. Astrue*, 2013 WL 5609345 at *2 (D.Colo. 2013), citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)(Applying § 1920 costs standards in Equal Access to Justice Act attorney fee matter and thereby denying postage costs).

➢ *Mediation Costs*

**Not awardable under 28 U.S.C. § 1920**. See *Bagher v. Auto-Owners Ins. Co.*, 2015 WL 1510774, at *2 (D.Colo., 2015).  Any costs for mediation services and related charges are not awardable. Such costs are borne by the parties, and the U.S. District Court's local rules contain no cost-shifting provisions for a non-prevailing party to bear such costs.  D.C.COLO.LCivR 16.6 - Alternative Dispute Resolution.

➢ *Trial Technology*

**Trial presentation expenses are not awardable under Sec. 1920.** Electronic trial presentation costs are a strategic utility incurred for the convenience of counsel and not compensable as a standard cost. This is especially true in light of the District of Colorado's exceptional and comprehensive  courtroom technology features, available and operable by counsel or their assistants.  Training for use of

courtroom technology equipment is available from the Clerk's Office. See the U.S. District Court's current <u>Courtroom Technology Manual</u> on the district court website, available <u>HERE</u>.

➢ *Trial / Jury Consulting Services*

    **The clerk does not award such services, as there is no statutory basis** to authorize such an award. See *Rimini St., Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 878, 203 L. Ed. 2d 180 (2019); See also *Spokas v. Amer. Fam. Mut. Ins. Co.*, No. 12-cv-00380-WYD-KLM, 2015 WL 6662908 at *3 (D.Colo. 2015).

➢ *Appellate/Bankruptcy Appeal Costs*

    These costs can be assessed as part of the mandate of an appellate court, directing the district court clerk to award costs. **<u>Fed. R. App. P. Rule 39. Costs</u>**. The clerk recommends that the provisions of Fed. R. App. 39(d)(1) be followed precisely. When the circuit clerk – then district clerk – include the itemized statement of costs in the mandate, the prevailing party must file a bill of costs under the "Proposed Bill of Costs" docket event in the CM/ECF system to notify the district court clerk of the mandate to award costs.

    If a bankruptcy court case comes under review by the district court as an appeal (Federal Rules of Bankruptcy Procedure 8001-8020), and the prevailing party seeks an award of costs, under <u>Bankruptcy Rule 8021</u> the prevailing party's proposed bill of costs should be filed with the bankruptcy clerk in the underlying case, using the appropriate <u>bankruptcy bill of costs form</u>.

## V.  <u>Awards Under Diversity Jurisdiction</u>



    **See <u>Stender v. Archstone-Smith Operating Tr.</u>, No. 18-1432, 2020 WL 2109208, at *6 (10th Cir. May 4, 2020) for an interesting development in diversity jurisdiction cases that likely affects the discussion below.**

    In an effort to share at least some small part of the judiciary's ever-growing workload, the Hearing Officer clerk in the past several years had been applying both the federal and Colorado costs statutes together when confronted with a case stemming from diversity jurisdiction.[26] As a result of *Stender v. Archstone-Smith*

---

[26] "Awarding costs under the state statute was not part of the clerk's function." *Johns Manville Corp. v. Knauf Insulation, LLC*, No. 15-CV-00531-RBJ-KLM, 2018 WL 2388556, at *5 [FN3] (D. Colo. May 25, 2018). It may have been debatable whether the clerk should have stepped into the diversity jurisdiction waters, but based on the almost automated reaction of parties to seek such costs by motion to the court after the clerk makes a § 1920 determination, the clerk's actions were taken in the spirit of Federal Civil Rule One's "inexpensive determination" mandate, by decreasing motions and corresponding attorney fee time.

and the Tenth Circuit's May 4, 2020 holding that "Because Rule 54(d) answers the same question as the Colorado statute . . . there was no role left for the Colorado law," *Stender v. Archstone-Smith Operating Tr.,* No. 18-1432, 2020 WL 2109208, at *1 (10th Cir. May 4, 2020)[27], **the clerk now refrains from the awarding of any costs originating from state law – including offers of judgment** – and will leave the awarding of such costs to the district court judicial officers' discretion. Accordingly, counsel seeking the awards of such costs beyond the limited scope of § 1920 should do so by motion to the Court.

## Conclusion

The clerk (hearing officer) appreciates all attorneys' understanding and zealous advocacy in best representing their clients in bill of costs hearings, and the same applies to unrepresented parties in this process. This Guide is a first step towards providing greater understanding about the process of Taxations of Costs and the underlying reasons why the clerk makes generally uniform decisions.

With greater understanding of the process, the clerk sincerely hopes that parties use the information in this Guide to reach agreements about a mutually acceptable costs award in the interest of averting the need for a hearing and avoiding further expense in attorney fee time billed to clients.

---

[27] "[W]e hold that a federal court exercising diversity jurisdiction has no power to award costs under [Colorado Revised Statutes] §§ 13-16-104 or -105."

*Stender v. Archstone-Smith Operating Tr.*, No. 18-1432, 2020 WL 2109208, at *6 (10th Cir. May 4, 2020).

# *INDEX*

## 2

**28 U.S. Code § 1920**
Text of the Act ...............................................................6
**28 U.S.C. § 1821**
Witness Fee Statute ...........See Fees and Disbursements for Printing and Witnesses
**28 U.S.C. §§ 1821, 1914, 1919, 1921, 1923 and 1924**
Related Costs and Fees Statutes ............................................9

## A

**American rule**
Relation to Costs Law .. See Costs - History of the Law and Relevancy
**Appeal to the Court Procedures** ............................ 13
**Appear in person.... See** New Procedures Effective July 1, 2020
*Appellate Costs - Fed. R. App. P. 39 / Bankruptcy Appeal Costs - Fed. R. Bankr. P. 8021*
Miscellaneous Costs and Other Considerations................ 45
**Appellate Printing Fees**
Fees and disbursements for printing and witnesses ........ 33
*Apportionment*
Of Costs Between Parties....................................................... 19
**Attempts**
Fees of clerk and Marshal ..................................................... 25
**Attendance Fee**
Fees and Disbursements for Printing and Witnesses........ 34
**Attorney Travel Expenses**
Fees and Disbursements for Printing and Witnesses........ 35
*Awards Under Diversity Jurisdiction*....................45

## B

**Bar Admission Fees, Exception**
Fees of Clerk and Marshal .................................................... 23
**Bill of Costs (AO 133) Form and Instructions**...... 11

## C

*Categories of 28 U.S.C. § 1920*..............................22
**Clerk's Procedures - *Additional Important Facts*** 15
**Common carrier" Travel Expenses**
Fees and Disbursements for Printing and Witnesses........ 34
*Compensation of court appointed experts, compensation of interpreters, and salaries,*
*fees, expenses, and costs of special interpretation services*......................................... 41
**Copies – Paper or Other**
Fees for Exemplification and Costs of Making Copies .. 37
**Costs**
Available in Criminal Proceedings......................................... 8
definition ...................................................................................7
History of the Law and Relevancy .........................................7
*Costs Procedure*
Inclusion in the Final Judgment ......................................... 43
No Amendment to the Final Judgment ............................. 43
*Court Plan on Court Reporter and Electronic Court Recorder Fees......* ***See*** Fees for Printed or Electronically Recorded Transcripts
**Court-appointed Experts**
Compensation of Court Appointed Experts, Compensation of Interpreters, and Salaries, Fees, Expenses, and Costs of Special Interpretation Services...................... 41
**Courtroom Transcripts**
Fees for Printed or Electronically Recorded Transcripts 26

## D

*Degrees of "Prevailing"*........................................ 19
**Demonstrative Exhibits**
Fees for Exemplification and Costs of Making Copies .. 38
**Deposition Transcripts**
Fees for Printed or Electronically Recorded Transcripts 27
**Discretionary Authority to Deny Costs** ............... 10
**Dismissals for Lack of jurisdiction**
28 U.S.C. sec. 1919 ............................................................... 22
*District of Colorado Local Rule 54.1.*
Text of the Rule ...................................................................... 11
*Docket Fees Under Section 1923*.........................40
**Documentation**
Required............................................................................... 13

## E

**Electronically-Stored Information (ESI) / "E-Discovery"**
Fees for Exemplification and Costs of Making Copies .. 39
*Employee / Corporate Representative*
Financial Status of a Party.................................................... 20
**Exemplification**
Fees for Exemplification and Costs of Making Copies .. 37
**Exhibits for Dispositive or Other Motions**
Fees for Exemplification and Costs of Making Copies .. 38
**Expert Witness Fees**
Fees and Disbursements for Printing and Witnesses ...... 36

**F**

Fed. R. Civ. P. 45 and Awards of Costs.... *See* Fees and Disbursements for Printing and Witnesses
*Federal Rule of Civil Procedure 54(d)(1)*
Text of the Rule.......................................................... *10*
*Fees and disbursements for printing and witnesses*...................................................**33**
*Fees for exemplification and the costs of making copies*.................................................................**37**
**Fees for Printed or Electronically Recorded Transcripts**...........................................**26**
Fees for Service
Fees of Clerk and Marshal ................................ 24
**Fees of clerk and Marshal** ......................................**22**
**Filing Fees**
Fees of Clerk and Marshal ................................. 22

**H**

**Hearing**
Appearance Before the Clerk............................... *13*

**I**

*Indigency*
Financial Status of a Party.................................... *21*
**Interpreters**
Compensation of Court Appointed Experts, Compensation of Interpreters, and Salaries, Fees, Expenses, and Costs of Special Interpretation Services...................... *42*
**Itemized Chart or Spreadsheet** ................... *See* New Procedures Effective July 1, 2020

**J**

**Joint or Shared Liability**
Among Parties.......................................................... *20*

**L**

*Legal Research*
Miscellaneous Costs and Other Considerations................. *44*
**Local Civil Rule 54.1**
Procedures .............................................................. *12*

**M**

*Mediation Costs*
Miscellaneous Costs and Other Considerations................. *44*
**Mileage**

Fees and Disbursements for Printing and Witnesses ...... *35*
*Miscellaneous Costs and Other Considerations*.**43**

**N**

*Nature of Suit or Party*
Financial Status of a Party..................................... *21*
*NEW Procedures Effective July 1, 2020* .............. *16*

**O**

*Offers of Judgment Under Fed. R. Civ. P. 68*
Miscellaneous Costs and Other Considerations ............... *43*
**Other Deposition Issues**
Fees for Printed or Electronically Recorded Transcripts *31*
**Overnight Stay**
Fees and Disbursements for Printing and Witnesses ...... *35*

**P**

**PACER Charges, Exception**
Fees of Clerk and Marshal ..................................... 23
**Pleadings, Motions, Documents Filed in a Case**
Fees for Exemplification and Costs of Making Copies .. 40
*Postage, Mailing, Courier Fees, etc.*
Miscellaneous Costs and Other Considerations ............... 44
**PowerPoint Presentation**
Fees for Exemplification and Costs of Making Copies .. 40
**Presumptive right of the Court** ............................. *10*
*Prevailing Party*
Under Rule 54(d)(1) ............................................... *18*
**Prevailing party bears the burden** ....................... *10*
**Prisoner/Inmate**
Bill of Costs Filing/Hearing Procedures............................ *16*
**Private Process Server**
Fees of Clerk and Marshal .................................... *25*

**R**

**Real Party in Interest**
Fees and Disbursements for Printing and Witnesses ...... *37*
**Realtime transcripts**
Fees for Printed or Electronically Recorded Transcripts *27*
**Responses to Discovery**
Fees for Exemplification and Costs of Making Copies .. *39*

**S**

**Serve Clerk With binder**......... *See* New Procedures Effective July 1, 2020
**Service of Process /Subpoena Attempts**
Fees of clerk and Marshal ..................................... *25*

Setoffs....................................................... 19
Special Interpretation Services
   Compensation of Court Appointed Experts, Compensation
   of Interpreters, and Salaries, Fees, Expenses, and
   Costs of Special Interpretation Services........................ 43
Special Masters
   Compensation of Court Appointed Experts, Compensation
   of Interpreters, and Salaries, Fees, Expenses, and
   Costs of Special Interpretation Services........................ 42
Stipulation to Costs
   Procedures to Document ......................................... 14

---

## T

_Timeline of Procedural Steps_
   To Filing a Bill of Costs......................................... 15
**Toll charges, Taxicab Fares, Parking, etc.**
   Fees and Disbursements for Printing and Witnesses........ 35
_Trial / Jury Consulting Services_
   Miscellaneous Costs and Other Considerations................ 45
**Trial Exhibits**
   Fees for Exemplification and Costs of Making Copies... 38
_Trial Technology_

   Miscellaneous Costs and Other Considerations ............... 44

---

## U

**U.S. Supreme Court**
   Limitations on Awards of Costs ............................... 9

---

## V

**Verification of Bill of Costs**
   28 U.S.C. § 1924 .....See Bill of Costs Form and Instructions
**Video Depositions**
   Fees for Printed or Electronically Recorded Transcripts 30

---

## W

**Withdrawal of Costs**
   Procedures to Document ...................................... 14
**Witness Fees**
   Fees and Disbursements for Printing and Witnesses ...... 34

---

## Endnotes:

**$^{1}$28 U.S. Code § 1821 - Per diem and mileage generally; subsistence**

(a)

   (1)Except as otherwise provided by law, **a witness in attendance at any court of the United States**, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, **shall be paid the fees and allowances** provided by this section.

   (2)As used in this section, the term "court of the United States" includes, in addition to the courts listed in section 451 of this title, any court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States.

(b) **A witness shall be paid an attendance fee of $40 per day for each day's attendance.** A witness **shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end** of such attendance or at any time during such attendance.

(c)

   (1) **A witness who travels by common carrier shall be paid for the actual expenses of travel** on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. **Such a witness shall utilize a common carrier at the most economical rate reasonably available.** A **receipt** or other evidence of actual cost shall be furnished.

(2) **A travel allowance equal to the mileage** allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government **shall be paid to each witness who travels by privately owned vehicle**. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

(3) **Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.**

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)

(1) **A subsistence allowance shall be paid to a witness when an overnight stay is required** at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) **A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services**, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

(3) A subsistence allowance for a witness attending in an area designated by the Administrator of General Services as a high-cost area shall be paid in an amount not to exceed the maximum actual subsistence allowance prescribed by the Administrator, pursuant to section 5702(c)(B) [1] of title 5, for official travel in such area by employees of the Federal Government.

(4) When a witness is detained pursuant to section 3144 of title 18 for want of security for his appearance, he shall be entitled for each day of detention when not in attendance at court, in addition to his subsistence, to the daily attendance fee provided by subsection (b) of this section.

(e) An alien who has been paroled into the United States for prosecution, pursuant to section 212(d)(5) of the Immigration and Nationality Act (8 U.S.C. 1182(d)(5)), or an alien who either has admitted belonging to a class of aliens who are deportable or has been determined pursuant to section 240 of such Act (8 U.S.C. 1252(b)) 1 to be deportable, shall be ineligible to receive the fees or allowances provided by this section.

(f) Any witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of section 3144 of title 18 apply) may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section.

[ii] **28 U.S. Code § 1828 - Special interpretation services**

(a) The Director of the Administrative Office of the United States Courts shall establish a program for the provision of special interpretation <u>services in criminal actions and in civil actions initiated by the United States</u> (including petitions for writs of habeas corpus initiated in the name of the United States by relators) in a United States district court. The program shall provide a capacity for simultaneous interpretation services in multidefendant criminal actions and multidefendant civil actions.

(b) Upon the request of any person in any action for which special interpretation services established pursuant to subsection (a) are not otherwise provided, the Director, with the approval of the presiding judicial officer, may make such services available to the person requesting the

services on a reimbursable basis at rates established in conformity with section 9701 of title 31, but the Director may require the prepayment of the estimated expenses of providing the services by the person requesting them.

(c) Except as otherwise provided in this subsection, the expenses incident to providing services **under subsection (a)** of this section shall be paid by the Director from sums appropriated to the Federal judiciary. **A presiding judicial officer, in such officer's discretion, may order that all or part of the expenses shall be apportioned between or among the parties or shall be taxed as costs in a civil action, and any moneys collected as a result of such order may be used to reimburse the appropriations obligated and disbursed in payment for such services.**

(d) Appropriations available to the Director shall be available to provide services in accordance with **subsection (b)** of this section, and moneys collected by the Director under that subsection may be used to reimburse the appropriations charged for such services. **A presiding judicial officer, in such officer's discretion, may order that all or part of the expenses shall be apportioned between or among the parties or shall be taxed as costs in the action.**