IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01144-DDD-STV

DEBRA BOURICIUS,

    Plaintiff,

v.

MESA COUNTY, by and through the Mesa County Board of County Commissioners,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT MESA COUNTY'S MOTION FOR AWARD OF COSTS**

---

The vast majority of the expenses Defendant Mesa County seeks to impose on Plaintiff Debra Bouricius are not taxable costs, and should not be awarded.

**I.    STANDARD OF REVIEW**

A prevailing party is only entitled to recover the costs enumerated in 28 U.S.C. § 1920:

1) Fees of the clerk and marshal;

2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees under [28 U.S.C. § 1923];

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services

It is Mesa County's "burden [to] establish[] that the requested costs are taxable and [it] is obligated to provide clear documentation that allows the court to determine whether the costs were reasonable and necessary to the litigation." *Std. Comm'ns Inc. v. U.S.*, 106 Fed. Cl. 165, 174 (Ct. Fed. Cl. 2012).

The vast majority of Mesa County's requested costs are, in reality, non-taxable litigation expenses, which the Court cannot award.

After a thorough review of Mesa County's requested cost award, only $6,122.83 are actually taxable costs.

| Vendor | Date | Description | Taxable Amount |
|---|---|---|---|
| Bechtel, Santo, Severn | 5/22/19 | Deposition of D. Bouricius | $1,768.31 |
| Bechtel, Santo, Severn | 5/22/19 | Deposition of L. Marak | $209.25 |
| Bechtel, Santo, Severn | 6/28/19 | Deposition of J. Justman | $509.30 |
| Michelle Ditmer | 10/12/21 | Deposition of R. Pugliese, v. 1 | $182.40 |
| Michelle Ditmer | 10/20/21 | Deposition of R. Pugliese, v. 2 | $119.00 |
| Michelle Ditmer | 10/13/21 | Deposition of S. McInnis | $350.40 |
| Hansen & Co. | 10/7/21 | Deposition of J. Corsi | $306.80 |
| Hansen & Co. | 10/7/21 | Deposition of J. Corsi (exhibits) | $3.15 |
| Hansen & Co. | 10/7/21 | Deposition of R. Corsi | $577.20 |
| Hansen & Co. | 10/7/21 | Deposition of R. Corsi (exhibits) | $11.55 |
| Litigation Solutions | 10/15/21 | Printing – Plaintiff's Exhibits | $292.44 |
| Litigation Solutions | 10/15/21 | Printing – Plaintiff's Exhibits | $367.00 |
| Bechtel, Santo, Severn | 7/24/19 | Deposition of F. Whidden | $925.20 |
| Hampton Inn | 10/31/21 | Hotel (F. Whidden) | $311.95 |
| Hampton Inn | 11/2/21 | Hotel (L. Marak) | $144.06 |
| Brown Palace Hotel | 11/1/21 | Food (F. Whidden) | $34.32 |
| Lyft[1] | 10/31/21 | F. Whidden passenger | $10.50 |
| **Total** | | | **$6,122.83** |

---

[1] Discounted to cost of light rail, per the clerk's procedures. Taxation of Costs Guide, pp. 35.

2

The Court should decline to award the requested balance.

## II. ARGUMENT AND AUTHORITIES: COSTS MESA COUNTY SEEKS ARE NOT TAXABLE

The vast majority of litigation expenses Mesa County requests are not taxable.

### A. Unnecessary Printing and Copying

The costs statute only allows a prevailing party to recover "the costs of making copies … where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, Mesa County has not provided the Court with sufficient information to determine if these extravagant copying costs – over $10,000 – were all "necessary." "In order to tax [a party's] photocopying costs … the Court must determine whether these expenses were both reasonable and necessary to the litigation." *Std. Comm'ns Inc.*, 106 Fed. Cl. 165, 175 (Ct. Fed. Cl. 2012) (denying request for copying costs as "the contents and use of the photocopies … are unknown because [the prevailing party] failed to provide adequate documentation to demonstrate the nature and purpose of the copies"). For copying costs to be awarded, the copies must have been "prepared for the court's consideration or for the opposing party." *Std. Comm'ns Inc.*, 106 Fed. Cl. at 175 (citing cases).[2] Copies that are merely "made for the convenience of the attorneys, such as multiple copies of documents, are not taxable." *Id*.

Here, it is impossible for the Court to determine the purpose of the vast majority of the copying charges. As such, the Court should decline to award these expenses to Mesa County. "The absence of entries describing what documents were photocopied, and for what purpose, prohibits the Court from weighing in on the necessity of the photocopying and exemplification charges."

---

[2] As noted above, Ms. Bouricius concedes that the costs of copying the Plaintiff's exhibits for trial are taxable. None of the other copying expenses, however, are taxable under 20 U.S.C. § 1920.

*Std. Comm'ns Inc.*, 106 Fed. Cl. at 176 (citing *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, No. 03-C-6508, 2008 U.S. Dist. LEXIS 78262, 2008 WL 4534162, at *1 (N.D. Ill. Oct. 3, 2008)).

Numerous copying charges Mesa County seeks to recover were not "prepared for the court's consideration," or were merely "for the convenience of the attorneys" – and thus are not recoverable costs.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Litigation Solutions | 10/15/21 | Paper Discovery – Supplies Index Tabs | $71.10 |
| Litigation Solutions | 10/15/21 | Printing – Binders | $64.00 |
| Bechtel, Santo, & Severn | 6/26/18 | CCRD – Cost Advanced for 451 photo copies | $107.75 |
| Copy Kat Services | 4/16/20 | B&W Printing (3 hole punch and bind) – 14,989 pages | $1,798.68 |
| Copy Kat Services | 4/16/20 | Color Printing (3 hole punch and bind) – 42 pages | $18.90 |
| Copy Kat Services | 10/29/21 | B&W printing (3 hole punch and bind) – 3,717 pages | $446.40 |
| Copy Kat Services | 10/29/21 | Color Printing (3 hole punch and bind) – 11,696 pages | $4,678.40 |
| **Total Non-Taxable** | | | **$7,185.23** |

B.   Electronic Research

Likewise, Mesa County seeks to charge Ms. Bouricius for electronic research costs. But "the court cannot tax costs associated with … electronic research." *Std. Comm'ns Inc.*, 106 Fed. Cl. at176 (citing *Huntsville Golf Dev., Inc. v. Brindley Constr. Co.*, No. 1-08-00006, 2011 U.S. Dist. LEXIS 128395, 2011 WL 4960421, at *4 (M.D. Tenn. Oct. 18, 2011)).

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Jury Verdict Reporter | 3/24/20 | Attorney Paula D. Greisen | $95.00 |
| Jury Verdict Reporter | 2/11/21 | Attorney Meredith Munro | $95.00 |
| Lexis Nexis Risk Solutions | 4/10/20 | "combo search" | $28.00 |
| **Total Non-Taxable** | | | **$218.00** |

4

### C. Travel for Counsel and Witnesses

Most of the travel expenses claimed by Mesa County are also non-taxable.

First, there is no authority that travel by counsel is a taxable cost – as it is clearly not an expense contemplated by the statute. *See* 28 U.S.C. § 1920.

Some travel expenses of witnesses are taxable, but Mesa County seeks to recover expenses far beyond what the statute allows. Mesa County seeks to recover air travel for witness Frank Whidden from Grand Junction to Denver on two occasions – October 28 (four days before the trial began), and October 31 (the day before trial). There is no authority justifying the October 28 travel as a taxable cost. And even for the October 31 travel, the clerk in this court explicitly will not tax "change fees" or "upgrades," such as the "preferred zone assignment" expense Mesa County would require Ms. Bouricius to pay.  D. Colo., Taxation of Costs Guide, pp. 34-35. Moreover, even for the legitimate travel required to bring Mr. Whidden to trial, Mesa County seeks to compensate him twice. As part of her subpoena to secure his attendance, Ms. Bouricius paid Mr. Whidden the required mileage from Grand Junction to Denver[3] – she should not be required to also pay over $1,800 for his air travel (a far less economical manner of travel from Grand Junction to Denver). *See* Ex. 1, Proof of Service of Trial Subpoena, F. Whidden (with check).[4]

The ride sharing expenses Mesa County also seeks to tax to Ms. Bouricius are not reasonable – as the clerk notes, transportation between Denver International Airport and downtown

---

[3] 243 miles each way, at $.56/mile, or $272.16. *See* Internal Revenue Service, Standard Mileage Rates, Nov. 26, 2021 (available at: https://www.irs.gov/tax-professionals/standard-mileage-rates) & Google Maps, Directions: Grand Junction to Denver. *See also Pahls v. Thomas*, 718 F.3d 1210, 1216 n. 1 (10th Cir. 2013) (taking judicial notice of Google Maps data).

[4] Mr. Whidden has cashed the check for his mileage. Ex. 1, Wells Fargo Check Details.

via light rail is only $10.50, while Mesa County would require Ms. Bouricius to pay several times that expense for Mr. Whidden to travel by Lyft (including on occasions when Mr. Whidden was not appearing in Denver to testify). D. Colo., Taxation of Costs Guide, p. 35. *See also Std. Comm'ns Inc.*, 106 Fed. Cl. at 176 (citing *Merigan v. Liberty Life Assurance Co. of Bos.*, 839 F.Supp.2d 445 (D. Mass. 2012)) ("taxi fares" are not taxable).

Parking expenses – other than for witnesses during their testimony – are also not taxable. Though Mesa County's documentation does not reveal who was doing the parking, we can safely conclude that it was not Mr. Whidden (as he used a ride sharing service and not his personal vehicle), and the County also seeks parking costs from many dates when witnesses were not testifying. *See also Merigan,* 839 F.Supp.2d at 445 (parking expenses not taxable). Without documentation demonstrating that a witness incurred the parking fee, these costs are not taxable to Ms. Bouricius.

Similarly, food – other than meals consumed by witnesses – is not taxable. Though Mesa County's documentation largely does not reveal which meals were consumed by witnesses – and thus is non-taxable on that basis alone as the County fails to carry its burden – the dates on many of the receipts reveal that witnesses were not testifying on those occasions, and thus the meals are not taxable costs.

Thus, all of counsel's travel expenses – and the bulk of Mr. Whidden's expenses – are not taxable to Ms. Bouricius.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| United Airlines | 10/31/21 | Air fare (F. Whidden)[5] | $908.80 |
| United Airlines | 10/31/21 | Air fare (F. Whidden) – preferred zone assignment | $19.00 |
| United Airlines | 10/31/21 | Air fare (F. Whidden) – preferred zone assignment | $23.00 |
| United Airlines | 11/2/21 | Air fare (F. Whidden) | $908.80 |
| United Airlines | 11/2/21 | Air fare (F. Whidden) – preferred zone assignment | $19.00 |
| United Airlines | 11/2/21 | Air fare (F. Whidden) – preferred zone assignment | $23.00 |
| Lyft | 10/31/21 | F. Whidden passenger | $86.75 |
| Lyft | 10/28/21 | F. Whidden passenger | $36.54 |
| Lyft | 10/28/21 | F. Whidden passenger | $44.52 |
| Parking | 11/1/21 | Parking | $10.00 |
| Parking | 11/2/21 | Parking | $10.00 |
| Parking | 11/3/21 | Parking | $10.00 |
| Denver Palace Garage | 11/4/21 | Parking | $26.00 |
| Denver Palace Garage | 11/5/21 | Parking | $26.00 |
| Denver Palace Garage | 10/7/21 | Parking | $26.00 |
| Denver Palace Garage | 11/2/21 | Parking | $26.00 |
| Denver Palace Garage | 11/3/21 | Parking | $26.00 |
| Denver Palace Garage | 11/4/21 | Parking | $26.00 |
| Denver Palace Garage | 11/5/21 | Parking | $26.00 |
| Springhill Suites | 10/15/21 | Hotel (Grand Junction) | $396.85 |
| Springhill Suites | 10/15/21 | Hotel (Grand Junction) | $558.11 |
| Stinker | 11/3/21 | Gas | $22.04 |
| Subway | 11/2/21 | Food | $10.77 |
| Grand Junction Regional Airport | 11/3/21 | Parking | $36.00 |
| Grand Junction Regional Airport | 10/28/21 | Parking | $10.00 |

---

[5] At worst, Ms. Bouricius should only be required to pay the difference between Mr. Whidden's airfare and the mileage expenses she already paid him – or $1,545.44.

| Cantina Grill | 10/28/21 | Food | $6.43 |
|---|---|---|---|
| Butler | 10/31/21 | Food (F. Whidden) | $30.92 |
| C&F Food | 10/15/21 | Gas | $75.00 |
| Elway's Bar – the Ritz Carlton | 11/5/21 | Food | $73.32 |
| Bin Foodbar | 10/12/21 | Food | $66.11 |
| Bin Foodbar | 10/13/21 | Food | $110.19 |
| Bin Foodbar | 10/14/21 | Food | $302.87 |
| Las Marias | 10/14/21 | Food | $29.00 |
| Pablo's Pizza | 10/13/21 | Food | $25.18 |
| Unknown | 10/28/21 | Food | $66.82 |
| Starbucks | 11/1/21 | Food | $19.44 |
| Starbucks | 11/3/21 | Food | $29.48 |
| Starbucks | 11/4/21 | Food | $10.96 |
| **Total Non-Taxable** | | | **$4,160.90** |

### D.     Certain Deposition Expenses

Though the deposition transcripts are largely taxable costs, expenses such as "expedited," "rough draft," and other charges are "for counsel's convenience" and thus non-taxable. D. Colo., Taxation of Costs Guide, p. 33. Mesa County should not be awarded these costs.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| 2 Rivers Media | 4/3/20 | Sync video to transcript (F. Whidden deposition) | $302.10 |
| Michelle Dittmer, Inc. | 10/12/21 | Pugliese vol. 1 – rough draft | $114.00 |
| Michelle Dittmer, Inc. | 10/20/21 | Pugliese vol. 2 – expedited | $119.00 |
| Michelle Dittmer, Inc. | 10/13/21 | McInnis – rough draft | $219.00 |
| Hansen & Co. | 10/7/21 | J. Corsi – digital litigation package | $50.00 |
| Hansen & Co. | 10/7/21 | R. Corsi – digital litigation package | $50.00 |
| **Total Non-Taxable** | | | **$854.10** |

E. **Expert Witnesses**

There is no authority that fees paid to expert witnesses are taxable costs. In order for expert fees to be recoverable, they must be explicitly enumerated in the fee shifting statute. *Compare* 42 U.S.C. § 1988 *with* 42 U.S.C. § 2005e-5(k); *Casias v. N.M. Dep't of Corr.*, **16-17 (D. N.M. July 3, 2019) (award of expert fees requires "explicit statutory authority") (citing *Rimini St., Inc. v. Oracle, USA, Inc.*, 139 S.Ct. 873, 878 (2019)). Thus, none of Mesa County's expert witness expenses are taxable costs.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Bechtel, Santo, Severn | 3/25/19 | Expert retainer (Hovland) | $1,000.00 |
| Bechtel, Santo, Severn | 7/1/19 | Hovland Forensic & Financial | $1,000.00 |
| Bechtel, Santo, Severn | 7/24/19 | Hovland Forensic & Financial | $1,355.00 |
| Bechtel, Santo, Severn | 4/19/20 | Hovland report advance | $4,641.00 |
| Hovland Forensic & Financial | 11/10/21 | Investigation and litigation support | $549.99 |
| **Total Non-Taxable** | | | **$8,545.99** |

F. **Investigators**

Likewise, there is no authority stating that investigator fess are taxable. *See* 28 U.S.C. § 1920. These expenses are not taxable to Ms. Bouricius.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Braddy Investigation Group | 4/23/20 | Investigation Fee – F. Whidden | $180.00 |
| Braddy Investigation Group | 4/23/20 | Report preparation | $17.50 |
| Braddy Investigation Group | 4/23/20 | Miscellaneous expenses (database search, court search) | $120.75 |
| Insight Investigative Services | 9/13/21 | "rush travel" F. Whidden | $300.00 |

| Insight Investigative Services | 9/13/21 | "locate efforts/surveillance/service" F. Whidden | $120.00 |
|---|---|---|---|
| Insight Investigative Services | 9/13/21 | "rush travel" F. Whidden | $300.00 |
| Insight Investigative Services | 9/17/21 | "administrative processing" F. Whidden | $20.00 |
| Insight Investigative Services | 9/13/21 | Mileage | $173.40 |
| Insight Investigative Services | 9/13/21 | Per diem | $60.00 |
| Insight Investigative Services | 9/13/21 | Lodging | $184.75 |
| Insight Investigative Services | 9/14/21 | Mileage | $162.00 |
| **Total Non-Taxable** | | | **$1,638.40** |

### G. Service of Process

Mesa County seeks to recover service of process expenses for two witnesses – Rose Pugliese and Patrick Coleman – who were under its control, and ultimately did not testify at trial. These are not expenses that were "necessarily" incurred in this litigation.

During Rose Pugliese's deposition, Mesa County's counsel claimed she represented Ms. Pugliese (to assert privilege objections), and that Ms. Pugliese was a party to the lawsuit. Ex. 2, Deposition of R. Pugliese, vol. 1, 83:24-84:5 (Counsel: Ms. Pugliese is "a county commissioner for the purposes of this lawsuit and is a defendant [in] the litigation"). As such, serving Ms. Pugliese to secure her appearance was unnecessary (all the more so because she did not actually testify).

Furthermore, Patrick Coleman was not called to testify, and was actually struck from the County's final witness list by the Court (as a sanction because he had never been properly disclosed as a witness). Doc. 198, p. 19. The County should not be able to recover the cost of serving a witness who was struck as a sanction for failure to disclose that he would give testimony.

10

Thus, service of process costs for these witnesses are not taxable.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Watchpoint | 9/28/21 | Service of process – P. Coleman | $55.00 |
| Watchpoint | 9/28/21 | Service of process – R. Pugliese | $55.00 |
| **Total Non-Taxable** | | | **$110.00** |

### H. Miscellaneous Expenses

Finally, Mesa County seeks to recover expenses that are plainly outside the costs recoverable under 20 U.S.C. § 1920. These items include software licenses, a "sex therapy" textbook, fees for converting data files, and even counsel's monthly Zoom subscription fee. As there is no statutory basis for requiring Ms. Bouricius to pay these expenses, the clerk should not award them.

| Vendor | Date | Description | Claimed Expense |
|---|---|---|---|
| Litigation Solutions | 10/15/21 | Data upload | $10.00 |
| Litigation Solutions | 10/15/21 | Sales tax | $76.16 |
| Zoom Video Communications | 5/20/20 | "standard pro monthly" | $16.23 |
| Copy Kat Services | 10/29/21 | Electronic work for native file conversion and organization | $581.25 |
| Copy Kat Services | 10/29/21 | Sales tax | $451.46 |
| LawTool Box | 3/23/20 | Unknown | $138.00 |
| SmartDraw Software | 10/26/21 | Software license | $119.40 |
| Routledge | Unknown | Book: "A Clinician's Guide to Systemic Sex Therapy" | $54.34 |
| **Total Non-Taxable** | | | **$1,446.84** |

### III. CONCLUSION

For the foregoing reasons, the Court should award only $6,122.83, and decline to award any other expenses Mesa County contends are taxable costs.

11

Respectfully submitted this 20th day of December 2021.

        KING & GREISEN, LLP

        *s/ Scott Medlock*
        Paula Greisen
        Meredith A. Munro
        Scott Medlock
        1670 York St.
        Denver, Colorado 80206
        (303) 298-9878 telephone
        (303) 298-9879 facsimile
        greisen@kinggreisen.com
        munro@kinggreisen.com
        medlock@kinggreisen.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2021, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT MESA COUNTY'S MOTION FOR AWARD OF COSTS** with the Clerk of the Court using the CM/ECF system, and a copy was sent via electronic mail to the following:

L. Kathleen Chaney
Karen B. Rodgers
LAMBDIN & CHANEY, LLP
4949 S. Syracuse Street, Suite 600
Denver, CO  80237
kchaney@lclaw.net
krogers@lclaw.net

*Attorneys for Defendant Mesa County*

        *s/ Laurie A. Mool*
        Laurie A. Mool, Paralegal